AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
Edan Lisovicz
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel to the Official Committee of Unsecured
Creditors of Purdue Pharma L.P.,* et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (SHL) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**SUMMARY COVER SHEET TO THE TENTH INTERIM FEE APPLICATION OF
AKIN GUMP STRAUSS HAUER & FELD LLP AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF PURDUE PHARMA L.P., *ET AL.*,
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF
SEPTEMBER 1, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022**

In accordance with the Local Bankruptcy Rules for the Southern District of New York,

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), counsel to the Official Committee of

Unsecured Creditors of Purdue Pharma L.P. and its affiliated debtors and debtors in possession

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

submits this summary (the "Summary") of fees and expenses sought as actual, reasonable and necessary in the fee application to which the Summary is attached (the "Application")[2] for the period from September 1, 2022 through and including December 31, 2022 (the "Compensation Period").

Akin Gump submits the Application as its tenth interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [ECF No. 529] (the "Interim Compensation Order").

| General Information | |
|---|---|
| Name of Applicant: | Akin Gump |
| Authorized to Provide Services to: | The Official Committee of Unsecured Creditors of Purdue Pharma L.P., *et al.* |
| Petition Date: | September 15, 2019 |
| Retention Date: | November 21, 2019, *nunc pro tunc* to September 26, 2019 |
| Prior Applications: | 9 |

| Summary of Fees and Expenses Sought in this Application | |
|---|---|
| Time Period Covered by this Application: | September 1, 2022 through and including December 31, 2022 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary for the Compensation Period: | $1,182,225.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for the Compensation Period: | $19,108.16 |
| Total Compensation and Expenses Requested for the Compensation Period: | $1,201,333.66 |

---

[2] Capitalized terms used but not defined in the Summary shall have the meanings ascribed to such terms in the Application.

| *Summary of Past Requests for Compensation and Prior Payments* | |
| --- | --- |
| Total Compensation Approved by Interim Order to Date: | $97,981,797.46[3] |
| Total Expenses Approved by Interim Order to Date: | $4,262,750.56 |
| Total Allowed Compensation Paid to Date: | $97,981,797.46 |
| Total Allowed Expenses Paid to Date: | $4,262,750.56 |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed (80% of Fees for the period from September 1, 2022 through and including December 31, 2022):[4] | $945,780.40 |

---

[3] On May 15, 2020, the Court entered an order [ECF No. 1159] allowing the fees and expenses requested by Akin Gump in the First Interim Fee Application, but deferring payment of all unpaid amounts pending review by the Fee Examiner of the First through Fourth Monthly Fee Statements. Following such review, Akin Gump agreed to certain reductions proposed by the Fee Examiner, and on June 26, 2020, the Court entered an order [ECF No. 1306] authorizing and directing payment of $1,841,909.25 of the $1,967,649.00 held back amount, which amount was received on July 6, 2020. On September 2, 2020, the Court entered an order [ECF No. 1649] allowing the fees and expenses requested by Akin Gump in the Second Interim Fee Application in the total amount of $17,644,573.70, reflecting a fee reduction of $154,951.00 proposed by the Fee Examiner and agreed to by Akin Gump. On December 16, 2020, the Court entered an order [ECF No. 2144] allowing the fees and expenses requested by Akin Gump in the Third Interim Fee Application in the total amount of $23,354,168.98, reflecting a fee reduction of $104,373.25 and an expense reduction of $12,528.06 proposed by the Fee Examiner and agreed to by Akin Gump. On April 22, 2021, the Court entered an order [ECF No. 2698] allowing the fees and expenses requested by Akin Gump in the Fourth Interim Fee Application in the total amount of $17,613,290.00, reflecting a fee reduction of $69,671.00 and an expense reduction of $447.98 proposed by the Fee Examiner and agreed to by Akin Gump. On August 18, 2021, the Court entered an order [ECF No. 3603] allowing the fees and expenses requested by Akin Gump in the Fifth Interim Fee Application in the total amount of $8,809,645.85, reflecting a fee reduction of $25,000.00 and an expense reduction of $487.42 proposed by the Fee Examiner and agreed to by Akin Gump. On December 21, 2021, the Court entered an order [ECF No. 4240] allowing the fees and expenses requested by Akin Gump in the Sixth Interim Fee Application in the total amount of $6,879,230.65, reflecting a fee reduction of $36,011.00 and an expense reduction of $146.06 proposed by the Fee Examiner and agreed to by Akin Gump. On April 29, 2022, the Court entered an order [ECF No. 4716] allowing the fees and expenses requested by Akin Gump in the Seventh Interim Fee Application in the total amount of $7,636,179.69, reflecting a fee reduction of $39,591.58 and an expense reduction of $1,148.12 proposed by the Fee Examiner and agreed to by Akin Gump. On June 27, 2022, the Court entered an order [ECF No. 4927] allowing the fees and expenses requested by Akin Gump in the Eighth Interim Fee Application in the total amount of $6,671,082.71, reflecting a fee reduction of $25,000.00 and an expense reduction of $461.66 proposed by the Fee Examiner and agreed to by Akin Gump. On November 23, 2022, the Court entered an order [ECF No. 5256] allowing the fees and expenses requested by Akin Gump in the Ninth Interim Fee Application in the total amount of $2,141,552.64, reflecting a fee reduction of $25,000.00 and an expense reduction of $1,077.00 proposed by the Fee Examiner and agreed to by Akin Gump. The "Total Compensation Approved by Interim Order to Date" ($97,981,797.46) reflects the aforementioned reductions.

[4] As of the date of this Application, Akin Gump has filed monthly fee statements for each month comprising the Compensation Period. Pursuant to the Interim Compensation Order, Akin Gump has not yet received compensation for any fees or reimbursement of any expenses for the Thirty-Ninth Monthly Fee Statement. Akin Gump anticipates that it will receive 80% of the fees requested and 100% of the expenses requested in its Thirty-Ninth Monthly Fee Statement before the hearing on this Application. If such fees and expenses are paid as anticipated, as of the date of

| | |
|---|---|
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed (100% of Expenses for the period from September 1, 2022 through and including December 31, 2022): | $19,108.16 |
| Total Compensation and Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $964,888.56 |
| Total Compensation and Expenses Sought in this Application Not Yet Paid: | $236,445.10 |
| Voluntary Fee Waiver and Expense Reduction in this Compensation Period: | $129,615.65[5] |

---

the hearing on this Application: (i) the total compensation sought in this Application already paid pursuant to the Interim Compensation Order but not yet allowed will be $945,780.40; (ii) the total expenses sought in this Application already paid pursuant to the Interim Compensation Order but not yet allowed will be $19,108.16; (iii) the total compensation and expenses sought in this Application already paid pursuant to the Interim Compensation Order but not yet allowed will be $964,888.56; and (iv) the total compensation and expenses sought in this Application not yet paid will be $236,445.10.

[5] Prior to filing its Monthly Fee Statements for the Compensation Period, Akin Gump voluntarily reduced its fees by the aggregate amount of $129,583.50 and reduced its expenses by $32.15 to comply with section F of the *General Order M-447, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013. In the Chapter 11 Cases to date, Akin Gump has reduced its fees by the aggregate amount of $9,984,034.22, which amount includes, in addition to the above voluntary amount for the Compensation Period: (i) $362,267.00 of voluntary fee reductions applied prior to the filing of each Monthly Fee Statement for the First Interim Fee Period; (ii) a $123,722.43 fee reduction for the First Interim Fee Period pursuant to an agreement with the Fee Examiner; (iii) $866,524.00 of voluntary fee reductions applied prior to the filing of each Monthly Fee Statement for the Second Interim Fee Period; (iv) a $154,951.00 fee reduction for the Second Interim Fee Period pursuant to an agreement with the Fee Examiner; (v) $4,059,658.00 of voluntary fee reductions applied prior to the filing of each Monthly Fee Statement for the Third Interim Fee Period; (vi) a $104,373.25 fee reduction for the Third Interim Fee Period pursuant to an agreement with the Fee Examiner; (vii) $1,688,788.00 of voluntary fee reductions applied prior to the filing of each Monthly Fee Statement for the Fourth Interim Fee Period; (viii) a $69,671.00 fee reduction for the Fourth Interim Fee Period pursuant to an agreement with the Fee Examiner; (vii) $654,520.50 of voluntary fee reductions applied prior to the filing of each Monthly Fee Statement for the Fifth Interim Fee Period; (viii) a $58,043.46 fee reduction for the Fifth Interim Fee Period pursuant to an agreement with the Fee Examiner; (ix) $644,886.50 of voluntary fee reductions applied prior to the filing of each Monthly Fee Statement for the Sixth Interim Fee Period; (x) a $36,011.00 fee reduction for the Sixth Interim Fee Period pursuant to an agreement with the Fee Examiner; (xi) $465,824.50 of voluntary fee reductions applied prior to the filing of each Monthly Fee Statement for the Seventh Interim Fee Period; (xii) a $39,591.58 fee reduction for the Seventh Interim Fee Period pursuant to an agreement with the Fee Examiner; (xiii) $288,650.50 of voluntary fee reductions applied prior to the filing of each Monthly Fee Statement for the Eighth Interim Fee Period; (xiv) a $25,000.00 fee reduction for the Eighth Interim Fee Period pursuant to an agreement with the Fee Examiner; (xv) $186,968.00 of voluntary fee reductions applied prior to the filing of each Monthly Fee Statement for the Ninth Interim Fee Period; and (xiv) a $25,000.00 fee reduction for the Ninth Interim Fee Period pursuant to an agreement with the Fee Examiner. Akin Gump does not and will not seek payment of the foregoing fees and expenses in this Application or any other application. For the avoidance of doubt, the foregoing voluntary reductions are not based on any determination that such fees are not appropriate or compensable.

| Summary of Rates and Other Related Information for the Compensation Period | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $1,075.27 |
| Blended Rate in this Application for All Timekeepers: | $1,015.57 |
| Number of Timekeepers Included in this Application: | 25 (22 attorneys; 3 paraprofessionals and other non-legal staff) |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Compensation Period: | 8 |
| Increase in Rates Since Date of Retention: | 4[6] |
| Interim or Final Application: | Interim |

---

[6] Akin Gump increased its rates on January 1, 2020, January 1, 2021, January 1, 2022 and January 1, 2023 consistent with its customary practice and as disclosed in the Akin Retention Application, the *Fourth Supplemental Declaration of Arik Preis In Support of the Application of the Official Committee of Unsecured Creditors of Purdue Pharma, L.P.,* et al. *to Retain and Employ Akin Gump Strauss Hauer & Feld LLP,* Nunc Pro Tunc, *to September 26, 2019,* dated December 17, 2020 [ECF No. 2151], the *Seventh Supplemental Declaration of Arik Preis In Support of the Application of the Official Committee of Unsecured Creditors of Purdue Pharma, L.P.,* et al. *to Retain and Employ Akin Gump Strauss Hauer & Feld LLP,* Nunc Pro Tunc, *to September 26, 2019,* dated December 21, 2021 [ECF No. 4245] and the *Eighth Supplemental Declaration of Arik Preis In Support of the Application of the Official Committee of Unsecured Creditors of Purdue Pharma, L.P.,* et al. *to Retain and Employ Akin Gump Strauss Hauer & Feld LLP,* Nunc Pro Tunc, *to September 26, 2019,* dated December 15, 2022 [ECF No. 5302].

## SUMMARY OF MONTHLY FEE STATEMENTS IN THE COMPENSATION PERIOD

| Docket Number | Period Covered | Fees Requested | Expenses Requested | Fees Paid | Expenses Paid | Total Unpaid |
|---|---|---|---|---|---|---|
| 5271 | 9/1/22 – 9/30/22 | $296,383.00 | $2,789.56 | $237,106.40 | $2,789.56 | $59,276.60 |
| 5288 | 10/1/22 – 10/31/22 | $253,455.00 | $4,089.43 | $202,764.00 | $4,089.43 | $50,691.00 |
| 5348 | 11/1/22 – 11/30/22 | $368,953.50 | $5,533.51 | $295,162.80 | $5,533.51 | $73,790.70 |
| 5406 | 12/1/22 – 12/31/22 | $263,434.00 | $6,695.66 | $0.00 | $0.00 | $270,129.66 |
| **Totals:** | | **$1,182,225.50** | **$19,108.16** | **$735,033.20** | **$12,412.50** | **$453,887.96** |

Summary of Any Objections to Monthly Fee Statements: None

Compensation and Expenses Sought in This Application Not Yet Paid: **$453,887.96**

## COMPENSATION BY PROFESSIONAL
## SEPTEMBER 1, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022

| Partners | Department | Office | Year of Admission | Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Sara Brauner | Financial Restructuring | NY | 2011 | $1,400.00 | 17.5 | $24,500.00 |
| Ashley Vinson Crawford | Litigation | SF | 2003 | $1,265.00 | 56.9 | $71,978.50 |
| Mitchell Hurley | Litigation | NY | 1997 | $1,775.00 | 6.9 | $12,247.50 |
| Howard Jacobson | Tax | DC | 1979 | $1,415.00 | 8.1 | $11,461.50 |
| Eli Miller | Corporate | NY | 2009 | $1,245.00 | 6.6 | $8,217.00 |
| Arik Preis | Financial Restructuring | NY | 2001 | $1,775.00 | 41.5 | $73,662.50 |
| Joseph Sorkin | Litigation | NY | 2001 | $1,565.00 | 4.0 | $6,260.00 |
| David Vondle | Intellectual Property | DC | 2002 | $1,265.00 | 94.0 | $118,910.00 |
| Scott Welkis | Corporate | NY | 1997 | $1,565.00 | 7.3 | $11,424.50 |
| **Partner Total:** | | | | | **242.8** | **$338,661.50** |
| **Senior Counsel & Counsel** | **Department** | **Office** | **Year of Admission** | **Rate** | **Total Hours** | **Total Compensation** |
| Danielle Crockett Ginty | Litigation | NY | 2008 | $1,085.00 | 83.6 | $90,706.00 |
| Edan Lisovicz | Financial Restructuring | NY | 2014 | $1,190.00 | 46.0 | $54,740.00 |
| Shanna Miles | Litigation | NY | 2017 | $1,055.00 | 17.7 | $18,673.50 |
| Erin Parlar | Litigation | NY | 2015 | $1,190.00 | 6.0 | $7,140.00 |
| Katherine Porter | Litigation | NY | 2011 | $1,240.00 | 1.2 | $1,488.00 |
| James Salwen | Financial Restructuring | NY | 2017 | $1,095.00 | 5.4 | $5,913.00 |
| Dennis Windscheffel | Litigation | SA | 2004 | $1,105.00 | 89.6 | $99,008.00 |
| **Senior Counsel & Counsel Total:** | | | | | **249.5** | **$277,668.50** |
| **Associates** | **Department** | **Office** | **Year of Admission** | **Rate** | **Total Hours** | **Total Compensation** |
| Braden Allman | Litigation | DA | 2018 | $940.00 | 91.9 | $86,386.00 |
| Brooks Barker | Financial Restructuring | NY | 2018 | $1,045.00 | 179.7 | $187,786.50 |
| Alan Carrillo | Financial Restructuring | DA | 2018 | $880.00 | 27.5 | $24,200.00 |
| Richard Cochrane | Litigation | DA | 2019 | $775.00 | 32.5 | $25,187.50 |

| William  Foster | Litigation | SF | 2017 | $940.00 | 125.2 | $117,688.00 |
| Kaila Zaharis | Financial Restructuring | NY | 2022 | $710.00 | 101.4 | $71,994.00 |
| **Associate Total:** | | | | | **558.2** | **$513,242.00** |
| **Paraprofessionals** | **Department** | **Office** | **Year of Admission** | **Rate** | **Total Hours** | **Total Compensation** |
| Daniel Chau | EDiscovery | NY | N/A | $420.00 | 16.8 | $7,056.00 |
| Dagmara Krasa | Paralegal, Financial Restructuring | NY | N/A | $475.00 | 5.1 | $2,040.00 |
| Melanie Langford | Paralegal, Intellectual Property | SA | N/A | $300.00 | 91.7 | $43,557.50 |
| **Paraprofessional Total:** | | | | | **113.6** | **$52,653.50** |
| **Total Hours / Fees Incurred:** | | | | | **1,164.1** | **$1,182,225.50** |

## COMPENSATION BY PROJECT CATEGORY
## SEPTEMBER 1, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022

| Task Code | Matter | Total Hours Billed | Total Value ($) |
|---|---|---|---|
| 2 | Case Administration | 17.3 | $9,306.50 |
| 3 | Akin Gump Fee Application/Monthly Billing Reports | 110.4 | $111,228.50 |
| 4 | Analysis of Other Professional Fee Applications/Reports | 22.4 | $18,517.50 |
| 6 | Retention of Professionals | 10.5 | $10,879.00 |
| 7 | Creditor Committee Matters/Meetings (including 341 meetings) | 138.7 | $147,428.00 |
| 8 | Hearings and Court Matters/Court Preparation | 34.8 | $31,285.00 |
| 12 | Claims Analysis/Claims Objections (incl. Motions for Class Proofs of Claim) | 13.1 | $12,651.00 |
| 13 | Prepetition Transactions (incl. all Sackler transactions/ distributions) | 9.2 | $12,129.00 |
| 14 | Insurance Issues | 484.8 | $492,182.50 |
| 17 | Adversary Proceedings (including Preliminary Injunction Motion) | 33.9 | $39,931.00 |
| 18 | Tax Issues | 7.9 | $11,178.50 |
| 20 | Interaction with/Review of Other Opioid Companies and Cases | 157.5 | $119,707.50 |
| 22 | Disclosure Statement/ Solicitation/ Plan/ Confirmation | 26.0 | $40,501.50 |
| 23 | Asset Dispositions/363 Asset Sales/ Bidding Procedures | 1.5 | $2,662.50 |
| 29 | Intercompany Claims/Intercompany Transactions/Cash Management | 1.5 | $2,662.50 |
| 32 | Intellectual Property | 94.6 | $119,975.00 |
| **Total Hours / Fees Incurred:** | | **1,164.1** | **$1,182,225.50** |

**EXPENSE SUMMARY**
**SEPTEMBER 1, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022**

| Disbursement Activity | Amount ($) |
|---|---|
| Computerized Legal Research - Lexis - In Contract 30% Discount | $2,612.09 |
| Computerized Legal Research - Westlaw - In Contract 30% Discount | $8,651.80 |
| Computerized Legal Research - Courtlink - In Contract 50% Discount | $500.28 |
| Computerized Legal Research - Other | $846.40 |
| Computer Software - Expensed | $5,775.00 |
| Duplication - In House | $89.30 |
| Meals - Overtime | $127.43 |
| Meals - In House Catered | $359.61 |
| Postage | $39.13 |
| Transcripts | $56.40 |
| Local Transportation - Overtime | $50.72 |
| **Total Expenses Incurred:** | **$19,108.16** |

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
Edan Lisovicz
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel to the Official Committee of Unsecured
Creditors of Purdue Pharma L.P.,* et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (SHL) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |

_____

**TENTH INTERIM FEE APPLICATION OF AKIN GUMP STRAUSS
HAUER & FELD LLP AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF PURDUE PHARMA L.P., *ET AL.*, FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF
SEPTEMBER 1, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022**

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), counsel to the Official Committee

of Unsecured Creditors (the "Committee") of Purdue Pharma, L.P. and its affiliated debtors and

debtors in possession (collectively, the "Debtors"), hereby submits its ninth application (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

"Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), requesting interim allowance of compensation for services rendered to the Committee for the period of September 1, 2022 through and including December 31, 2022 (the "Compensation Period") and for reimbursement of expenses incurred in connection therewith.[2]  In support of this Application, Akin Gump submits the declaration of Arik Preis, a partner at Akin Gump, which is attached hereto as **Exhibit A** and incorporated by reference into this Application.  In further support of this Application, Akin Gump respectfully states as follows.

## **INTRODUCTION**

1.      By this Application, Akin Gump seeks: (i) interim allowance of compensation for the professional services rendered by Akin Gump during the Compensation Period in the amount of $1,182,225.50, representing 1,050.5 hours of professional services and 113.6 hours of paraprofessional and other non-legal services; and (ii) reimbursement of actual and necessary expenses incurred by Akin Gump during the Compensation Period in the amount of $19,108.16.

2.      This Application has been prepared in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [ECF No. 529] (the "Interim Compensation Order"), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York (June 17, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the "Local

---

[2] Capitalized terms used but not otherwise defined in this Application shall have the meanings ascribed to such terms in the *Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors*, dated September 2, 2021 [ECF No. 3726] (the "Plan").

Guidelines") and the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, 78 Fed. Reg. 36248, effective as of November 1, 2013 (the "U.S. Trustee Guidelines" and, together with the Local Guidelines, the "Fee Guidelines").

3.      The Committee has been given the opportunity to review this Application and the Chair (as defined below) has approved the compensation and reimbursement of expenses requested herein.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Approval of this Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

## BACKGROUND

**A.      The Debtors' Chapter 11 Cases**

7.      On September 15, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Debtors' chapter 11 cases (the "Chapter 11 Cases") are jointly administered for procedural purposes only. No trustee or examiner has been appointed in the Chapter 11 Cases.

8.      On September 26, 2019 (the "Formation Date"), the Office of the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102(a). *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated

September 27, 2019 [ECF No. 131]. The Committee currently comprises eight members and three *ex officio* members.[3]

## B.    Retention of Akin Gump

9.    On the Formation Date, the Committee selected Akin Gump as its legal counsel. On November 5, 2019, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Purdue Pharma L.P. to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel,* Nunc Pro Tunc *to September 26, 2019* [ECF No. 421] (the "Akin Retention Application"), which was granted by an order of this Court dated November 21, 2019 [ECF No. 522] (the "Akin Retention Order").[4]

10.    The Akin Retention Order authorizes the Committee to retain and employ Akin Gump as its counsel in the Chapter 11 Cases in accordance with Akin Gump's normal hourly rates and disbursement policies, *nunc pro tunc* to September 26, 2019, all as contemplated by the Akin Retention Application.    The Akin Retention Order further authorizes Akin Gump to be

---

[3] The Committee currently comprises the following members: (i) The Blue Cross and Blue Shield Association (the "Chair"); (ii) CVS Caremark Part D Services L.L.C. and CaremarkPCS Health L.L.C.; (iii) Cheryl Juaire; (iv) Kara Trainor; (v) LTS Lohmann Therapy Systems Corporation; (vi) Pension Benefit Guaranty Corporation; (vii) Walter Lee Salmons; and (viii) West Boca Medical Center, plus three *ex officio* members, Cameron County, Texas on behalf of the Multi-State Governmental Entities Group (the "MSGE Group"), the Cheyenne and Arapaho Tribes, on behalf of certain Native American Tribes and Native American-affiliated creditors, and Thornton Township High School District 205, on behalf of certain public school districts.

[4] The Committee selected Bayard, P.A ("Bayard") to serve as its "efficiency" counsel, Province, Inc. ("Province") to serve as its financial advisor, Jefferies LLC ("Jefferies") to serve as its investment banker, Kurtzman Carson Consultants LLC ("KCC") to serve as its information agent, KPMG LLP ("KPMG") to serve as joint tax consultant to the Committee and the Debtors and Bedell Cristin Jersey Partnership ("Bedell Cristin") to serve as special foreign counsel on September 29, 2019, October 1, 2019 and October 4, 2019, November 1, 2019, December 23, 2019, and February 27, 2020, respectively. Orders authorizing the retention of Bayard [ECF No. 523], Province [ECF No. 524], Jefferies [ECF No. 526], KCC [ECF No. 527] were entered on November 21, 2019, and orders authorizing the retention of KPMG and Bedell Cristin were entered on February 24, 2020 [ECF No. 867] and June 26, 2020 [ECF No. 1310], respectively. As disclosed in the *Notice of Change of Firm and Substitution of Counsel*, dated March 6, 2020 [ECF No. 900], Justin Alberto, who was serving as the primary attorney for the Committee at Bayard, resigned as a director at Bayard and became a member of the law firm of Cole Schotz P.C. ("Cole Schotz"). The Court entered an order authorizing the Committee's retention of Cole Schotz [ECF No. 1084] on April 24, 2020.

compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## C.   Appointment of Fee Examiner

11.    On April 8, 2020, the Court entered the *Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327*, dated April 8, 2020 [ECF No. 1023] appointing David M. Klauder, Esq. as fee examiner (the "Fee Examiner"). On May 26, 2020, the Court authorized the retention of Bielli & Klauder, LLC as counsel to the Fee Examiner. *See Order Authorizing the Retention and Employment of Bielli & Klauder, LLC as Counsel to the Fee Examiner,* Nunc Pro Tunc *to the Appointment Date*, dated May 26, 2020 [ECF No. 1182].

## D.   Monthly Fee Statements

12.    On January 10, 2020, Akin Gump filed and served the *First Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of September 26, 2019 Through October 31, 2019*, dated January 10, 2020 [ECF No. 736] (the "First Monthly Fee Statement"),[5] pursuant to which Akin Gump sought payment of (i) $2,139,642.40 (80% of $2,674,553.00) as compensation for professional services rendered and (ii) $44,481.58 for reimbursement of expenses. Akin Gump did not receive any objections to its First Monthly Fee Statement and received payment in respect thereof on February 10, 2020.

13.    On February 7, 2020, Akin Gump filed and served the *Second Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and*

---

[5] A copy of the First Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MzIzMjY4&id2=-1.

*Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of November 1, 2019 Through November 30, 2019*, dated February 7, 2020 [ECF No. 812] (the "Second Monthly Fee Statement"),[6] pursuant to which Akin Gump sought payment of (i) 1,758,302.40 (80% of $2,197,878.00) as compensation for professional services rendered and (ii) $28,963.85 for reimbursement of expenses. Akin Gump did not receive any objections to the Second Monthly Fee Statement and received payment in respect thereof on March 2, 2020.

14.    On March 10, 2020, Akin Gump filed and served the *Third Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of December 1, 2019 Through December 31, 2019* [ECF No. 904] (the "Third Monthly Fee Statement"),[7] pursuant to which Akin Gump sought payment of (i) $1,491,816.00 (80% of $1,864,770.00) as compensation for professional services rendered and (ii) $23,812.68 for reimbursement of expenses. Akin Gump did not receive any objections to the Third Monthly Fee Statement and received payment in respect thereof on March 30, 2020.

15.    On March 13, 2020, Akin Gump filed and served the *Fourth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of January 1, 2019 Through January 31, 2019* [ECF No. 926] (the "Fourth Monthly Fee Statement"),[8] pursuant to which Akin Gump sought payment of (i) $2,480,835.20 (80% of $3,101,044.00) as compensation for professional services rendered and (ii) $68,475.18 for reimbursement of

---

[6] A copy of the Second Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MzI4MTk2&id2=-1.

[7] A copy of the Third Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MzM2OTgz&id2=-1.

[8] A copy of the Fourth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MzM4MzE3&id2=-1.

expenses. Akin Gump did not receive any objections to the Fourth Monthly Fee Statement and received payment in respect thereof on April 2, 2020.

16.    On March 16, 2020, Akin Gump filed and served the *First Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al*., for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of September 26, 2019 Through and Including January 31, 2020* [ECF No. 947] (the "First Interim Fee Application"),[9] pursuant to which Akin Gump sought allowance of (i) $9,838,245.00 as compensation for professional services rendered and (ii) $165,733.29 for reimbursement of expenses. On May 15, 2020, the Court entered an order [ECF No. 1159] allowing the fees and expenses requested by Akin Gump in the First Interim Fee Application, but deferring payment of all unpaid amounts[10] pending review by the Fee Examiner of the First through Fourth Monthly Fee Statements. Following such review, Akin Gump agreed to certain reductions proposed by the Fee Examiner and on June 26, 2020, the Court entered an order [ECF No. 1306] authorizing and directing payment of $1,841,909.25 of the $1,967,649.00 held back amount, which amount was received on July 6, 2020.

17.    On April 29, 2020, Akin Gump filed and served the *Fifth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of February 1, 2020 Through February 29, 2020* [ECF No. 1105] (the "Fifth Monthly Fee Statement"),[11]

---

[9] A copy of the First Interim Fee Application can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MzM4Nzk0&id2=-1.

[10] Pursuant to Paragraph 2(vi) of the Interim Compensation Order, the payment received by Akin Gump for compensation allowed in connection with the First through Fourth Monthly Fee Statements was subject to a 20% holdback.

[11] A copy of the Fifth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MzcyNzgx&id2=-1.

pursuant to which Akin Gump sought payment of (i) $2,612,236.40 (80% of $3,265,295.50) as compensation for professional services rendered and (ii) $51,460.31 for reimbursement of expenses. Akin Gump did not receive any objections to the Fifth Monthly Fee Statement and received payment in respect thereof on May 18, 2020.

18.     On May 18, 2020, Akin Gump filed and served the *Sixth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of March 1, 2020 Through March 31, 2020* [ECF No. 1165] (the "Sixth Monthly Fee Statement"),[12] pursuant to which Akin Gump sought payment of (i) $3,918,530.40 (80% of $4,898,163.00) as compensation for professional services rendered and (ii) $52,477.20 for reimbursement of expenses. Akin Gump did not receive any objections to the Sixth Monthly Fee Statement and received payment in respect thereof on June 8, 2020.

19.     On June 15, 2020, Akin Gump filed and served the *Seventh Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of April 1, 2020 Through April 30, 2020* [ECF No. 1276 ] (the "Seventh Monthly Fee Statement"),[13] pursuant to which Akin Gump sought payment of (i) $4,270,396.80 (80% of $5,337,996.00) as compensation for professional services rendered and (ii) $65,548.73 for reimbursement of expenses. Akin Gump did not receive any objections to the Seventh Monthly Fee Statement and received payment in respect thereof on July 6, 2020.

---

[12] A copy of the Sixth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=Mzk4MjYx&id2=-1.

[13] A copy of the Seventh Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=NDIzNTky&id2=-1.

20.    On July 14, 2020, Akin Gump filed and served the *Eighth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of May 1, 2020 Through May 31, 2020* [ECF No. 1382] (the "Eighth Monthly Fee Statement"),[14] pursuant to which Akin Gump sought payment of (i) $3,249,619.60 (80% of $4,062,024.50) as compensation for professional services rendered and (ii) $66,559.50 for reimbursement of expenses. Akin Gump did not receive any objections to the Eighth Monthly Fee Statement and received payment in respect thereof on July 28, 2020.

21.    On July 17, 2020, Akin Gump filed and served the *Second Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al*., for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of February 1, 2020 Through and Including May 31, 2020* [ECF No. 1441] (the "Second Interim Fee Application"),[15] pursuant to which Akin Gump sought allowance of (i) $17,563,479.00 as compensation for professional services rendered and (ii) $236,045.74 for reimbursement of expenses. Following discussions with the Fee Examiner, Akin Gump agreed to a voluntary reduction of $154,951.00 in the fees requested pursuant to the Second Interim Fee Application, and the Court entered an order granting the Second Interim Fee Application, including the agreed reduction, on September 2, 2020. *See Omnibus Order Granting Second Interim Fee Applications of Professionals for Allowance and Payment of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses* [ECF No. 1649].

---

[14] A copy of the Eighth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=NDc1OTk3&id2=-1.

[15] A copy of the Second Interim Fee Application can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=NDgyNTY1&id2=-1.

22.     On August 11, 2020, Akin Gump filed and served the *Ninth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of June 1, 2020 Through June 30, 2020* [ECF No. 1559] (the "Ninth Monthly Fee Statement"),[16] pursuant to which Akin Gump sought payment of (i) $3,599,723.20 (80% of $4,499,654.00) as compensation for professional services rendered and (ii) $128,348.37 for reimbursement of expenses. Akin Gump did not receive any objections to the Ninth Monthly Fee Statement and received payment in respect thereof on August 31, 2020.

23.     On September 16, 2020, Akin Gump filed and served the *Tenth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of July 1, 2020 Through July 31, 2020* [ECF No. 1696] (the "Tenth Monthly Fee Statement),[17] pursuant to which Akin Gump sought payment of (i) $3,926,677.60 (80% of $4,908,347.00) as compensation for professional services rendered and (ii) $124,849.29 for reimbursement of expenses. Akin Gump did not receive any objections to the Tenth Monthly Fee Statement and received payment in respect thereof on October 8, 2020.

24.     On October 29, 2020, Akin Gump filed and served the *Eleventh Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of August 1, 2020 Through August 31, 2020* [ECF No. 1870] (the "Eleventh Monthly Fee

---

[16] A copy of the Ninth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=NTc0MDc1&id2=-1.

[17] A copy of the Tenth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTA3MTAwNQ==&id2=-1.

Statement),[18] pursuant to which Akin Gump sought payment of (i) $4,599,810.80 (80% of $5,749,763.50) as compensation for professional services rendered and (ii) $646,665.40 for reimbursement of expenses. Akin Gump did not receive any objections to the Eleventh Monthly Fee Statement and received payment in respect thereof on November 19, 2020.

25.    On November 11, 2020, Akin Gump filed and served the *Twelfth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of September 1, 2020 Through September 30, 2020* [ECF No. 1696] (the "Twelfth Monthly Fee Statement),[19] pursuant to which Akin Gump sought payment of (i) $5,564,074.40 (80% of $6,955,093.00) as compensation for professional services rendered and (ii) $458,349.73 for reimbursement of expenses. Akin Gump did not receive any objections to the Twelfth Monthly Fee Statement and received payment in respect thereof on December 7, 2020.

26.    On November 16, 2020, Akin Gump filed and served the *Third Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al.*, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of June 1, 2020 Through and Including September 30, 2020* [ECF No. 1983] (the "Third Interim Fee Application"),[20] pursuant to which Akin Gump sought allowance of (i) $22,112,857.50 as compensation for professional services rendered and (ii) $1,358,212.79 for reimbursement of expenses. Following discussions with the Fee Examiner, Akin Gump agreed to a voluntary reduction of $104,373.25 in the fees and

---

[18] A copy of the Eleventh Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTExMTUyNA==&id2=-1.

[19] A copy of the Twelfth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTExNDU0Mg==&id2=-1.

[20] A copy of the Third Interim Fee Application can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTExNjM5OA==&id2=-1.

$12,528.06 in the expenses requested pursuant to the Third Interim Fee Application, and the Court entered an order granting the Third Interim Fee Application, including the agreed reductions, on December 16, 2020. *See Omnibus Order Granting Third Interim Fee Applications of Professionals for Allowance and Payment of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses* [ECF No. 2144].

27.     On January 11, 2021, Akin Gump filed and served the *Thirteenth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of October 1, 2020 Through October 31, 2020* [ECF No. 2245] (the "Thirteenth Monthly Fee Statement")[21] pursuant to which Akin Gump sought payment of (i) 5,402,867.60 (80% of $6,753,584.50) as compensation for professional services rendered and (ii) $475,392.29 for reimbursement of expenses. Akin Gump did not receive any objections to the Thirteenth Monthly Fee Statement and received payment in respect thereof on January 28, 2021.

28.     On January 28, 2021, Akin Gump filed and served the *Fourteenth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of November 1, 2020 Through November 30, 2020* [ECF No. 2330] (the "Fourteenth Monthly Fee Statement")[22] pursuant to which Akin Gump sought payment of (i) $3,610,640.80 (80% of $4,513,301.00) as compensation for professional services rendered and (ii) $441,183.42 for reimbursement of expenses. Akin Gump did not receive any objections to the Fourteenth Monthly Fee Statement and received payment in respect thereof on February 18, 2021.

---

[21] A copy of the Thirteenth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTEzNzU4MA==&id2=-1.

[22] A copy of the Fourteenth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTE0MDQzOA==&id2=-1.

29.    On February 22, 2021, Akin Gump filed and served the *Fifteenth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of December 1, 2020 Through December 31, 2020* [ECF No. 2407] (the "Fifteenth Monthly Fee Statement")[23] pursuant to which Akin Gump sought payment of (i) $2,320,454.40 (80% of $2,900,568.00) as compensation for professional services rendered and (ii) $350,047.89 for reimbursement of expenses. Akin Gump did not receive any objections to the Fifteenth Monthly Fee Statement and received payment in respect thereof on March 11, 2021.

30.    On March 12, 2021, Akin Gump filed and served the *Sixteenth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of January 1, 2021 Through January 31, 2021* [ECF No. 2473] (the "Sixteenth Monthly Fee Statement")[24] pursuant to which Akin Gump sought payment of (i) $2,812,406.00 (80% of $3,515,507.50) as compensation for professional services rendered and (ii) $390,403.14 for reimbursement of expenses. Akin Gump did not receive any objections to the Sixteenth Monthly Fee Statement and received payment in respect thereof on April 1, 2021.

31.    On March 17, 2021, Akin Gump filed and served the *Fourth Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al., for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of October 1, 2020 Through and*

---

[23] A copy of the Fifteenth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTE3MjQ4Mw==&id2=-1.

[24] A copy of the Sixteenth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTE5NTgyNw==&id2=-1.

*Including January 31, 2021* [ECF No. 2516] (the "Fourth Interim Fee Application"),[25] pursuant to which Akin Gump sought allowance of (i) $17,682,961.00 as compensation for professional services rendered and (ii) $1,657,026.74 for reimbursement of expenses. Following discussions with the Fee Examiner, Akin Gump agreed to a voluntary reduction of $69,671.00 in the fees and $447.98 in the expenses requested pursuant to the Fourth Interim Fee Application, and the Court entered an order granting the Fourth Interim Fee Application, including the agreed reductions, on April 22, 2021. *See Omnibus Order Granting Fourth Interim Fee Applications of Professionals for Allowance and Payment of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses* [ECF No. 2698].

32.    On May 3, 2021, Akin Gump filed and served the *Seventeenth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of February 1, 2021 Through February 28, 2021* [ECF No. 2796] (the "Seventeenth Monthly Fee Statement"),[26] pursuant to which Akin Gump sought payment of (i) $1,981,484.80 (80% of $2,476,856.00) as compensation for professional services rendered and (ii) $286,755.59 for reimbursement of expenses. Akin Gump did not receive any objections to the Seventeenth Monthly Fee Statement and received payment in respect thereof on May 27, 2021.

33.    On June 4, 2021, Akin Gump filed and served the Eighteenth Monthly Fee Statement of *Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of March 1, 2021 Through March 31, 2021* [ECF No. 2994] (the "Eighteenth Monthly Fee

---

[25] A copy of the Fourth Interim Fee Application can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTE5NzI5OQ==&id2=-1.

[26] A copy of the Seventeenth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTIxMjE5NA==&id2=-1.

Statement")[27] pursuant to which Akin Gump sought payment of (i) $1,895,239.60 (80% of $2,369,049.50) as compensation for professional services rendered and (ii) $10,426.23 for reimbursement of expenses. Akin Gump did not receive any objections to the Eighteenth Monthly Fee Statement and received payment in respect thereof on June 24, 2021.

34.    On June 29, 2021, Akin Gump filed and served the *Nineteenth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of April 1, 2021 Through April 30, 2021* [ECF No. 3081] (the "Nineteenth Monthly Fee Statement")[28] pursuant to which Akin Gump sought payment of (i) $1,534,428.00 (80% of $1,918,035.00) as compensation for professional services rendered and (ii) $121,982.54 for reimbursement of expenses. Akin Gump did not receive any objections to the Nineteenth Monthly Fee Statement and received payment in respect thereof on August 5, 2021.

35.    On July 14, 2021, Akin Gump filed and served the *Twentieth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of May 1, 2021 Through May 31, 2021* [ECF No. 3174] (the "Twentieth Monthly Fee Statement")[29] pursuant to which Akin Gump sought payment of (i) $1,300,513.60 (80% of $1,625,642.00) as compensation for professional services rendered and (ii) $59,429.87 for reimbursement of expenses. Akin Gump did not receive any objections to the Twentieth Monthly Fee Statement and received payment in respect thereof on August 23, 2021.

---

[27] A copy of the Eighteenth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTIyMzA5OQ==&id2=-1.

[28] A copy of the Nineteenth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTI0MTEyNg==&id2=-1.

[29] A copy of the Twentieth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTI2MDU4Mg==&id2=-1.

36.     On July 15, 2021, Akin Gump filed and served the *Fifth Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al*., for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of February 1, 2021 Through and Including June May 31, 2021* [ECF No. 3212] (the "Fifth Interim Fee Application"),[30] pursuant to which Akin Gump sought allowance of (i) $8,389,582.50 as compensation for professional services rendered and (ii) $478,594.23 for reimbursement of expenses. Following discussions with the Fee Examiner, Akin Gump agreed to a voluntary reduction of $58,043.46 in the fees and $487.42 in the expenses requested pursuant to the Fifth Interim Fee Application, and the Court entered an order granting the Fifth Interim Fee Application, including the agreed reductions, on August 18, 2021. *See Omnibus Order Granting Fifth Interim Fee Applications of Professionals for Allowance and Payment of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses* [ECF No. 3603].

37.     On September 24, 2021, Akin Gump filed and served the *Twenty-First Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of June 1, 2021 Through June 30, 2021* [ECF No. 3820] (the "Twenty-First Monthly Fee Statement"),[31] pursuant to which Akin Gump sought payment of (i) $1,319,258.00 (80% of $1,649,072.50) as compensation for professional services rendered and (ii) $60,631.55 for reimbursement of expenses. Akin Gump did not receive any objections to the Twenty-First Monthly Fee Statement and received payment in respect thereof on October 14, 2021.

---

[30] A copy of the Fifth Interim Fee Application can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTI2MjExNw==&id2=-1.

[31] A copy of the Twenty-First Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTI5MzI1Ng==&id2=-1.

38.     On October 18, 2021, Akin Gump filed and served the *Twenty-Second Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of July 1, 2021 Through July 31, 2021* [ECF No. 3976] (the "Twenty-Second Monthly Fee Statement"),[32] pursuant to which Akin Gump sought payment of (i) $1,730,807.20 (80% of $2,163,509.00) as compensation for professional services rendered and (ii) $64,503.00 for reimbursement of expenses. Akin Gump did not receive any objections to the Twenty-Second Monthly Fee Statement and received payment in respect thereof on November 22, 2021.

39.     On November 8, 2021, Akin Gump filed and served the *Twenty-Third Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of August 1, 2021 Through August 31, 2021* [ECF No. 4076] (the "Twenty-Third Monthly Fee Statement"),[33] pursuant to which Akin Gump sought payment of (i) $1,311,753.20 (80% of $1,639,691.50) as compensation for professional services rendered and (ii) $26,086.22 for reimbursement of expenses. Akin Gump did not receive any objections to the Twenty-Third Monthly Fee Statement and received payment in respect thereof on November 26, 2021.

40.     On November 12, 2021, Akin Gump filed and served the *Twenty-Fourth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of September 1, 2021 Through September 30, 2021* [ECF No. 4106] (the "Twenty-Fourth

---

[32] A copy of the Twenty-Second Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTMwMDIwNw==&id2=-1.

[33] A copy of the Twenty-Third Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTMwNTU1MA==&id2=-1.

Monthly Fee Statement"),[34] pursuant to which Akin Gump sought payment of (i) $1,033,670.80 (80% of $1,292,088.50) as compensation for professional services rendered and (ii) $19,805.44 for reimbursement of expenses. Akin Gump did not receive any objections to the Twenty-Fourth Monthly Fee Statement and received payment in respect thereof on December 2, 2021.

41.    On November 15, 2021, Akin Gump filed and served the *Sixth Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al*, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of June 1, 2021 Through and Including September 30, 2021* [ECF No. 4133] (the "Sixth Interim Fee Application"),[35] pursuant to which Akin Gump sought allowance of (i) $6,744,361.50 as compensation for professional services rendered and (ii) $171,026.21 for reimbursement of expenses. Following discussions with the Fee Examiner, Akin Gump agreed to a voluntary reduction of $36,011.00 in the fees and $146.06 in the expenses requested pursuant to the Sixth Interim Fee Application, and the Court entered an order granting the Sixth Interim Fee Application, including the agreed reductions, on December 21, 2021. *See Omnibus Order Granting Sixth Interim Fee Applications of Professionals for Allowance and Payment of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses* [ECF No. 4240].

42.    On February 1, 2022, Akin Gump filed and served the *Twenty-Fifth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of October 1, 2021 Through October 31, 2021* [ECF No. 4325] (the "Twenty-Fifth Monthly

---

[34] A copy of the Twenty-Fourth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTMwNjkzMg==&id2=-1.

[35] A copy of the Sixth Interim Fee Application can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTMwODA1OA==&id2=-1.

Fee Statement"),[36] pursuant to which Akin Gump sought payment of (i) $1,295,690.00 (80% of $1,619,612.50) as compensation for professional services rendered and (ii) $53,628.69 for reimbursement of expenses. Akin Gump did not receive any objections to the Twenty-Fifth Monthly Fee Statement and received payment in respect thereof on March 17, 2022.

43.    On February 22, 2022, Akin Gump filed and served the *Twenty-Sixth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of November 1, 2021 Through November 30, 2021* [ECF No. 4381] (the "Twenty-Sixth Monthly Fee Statement"),[37] pursuant to which Akin Gump sought payment of (i) $1,326,559.20 (80% of $1,658,199.00) as compensation for professional services rendered and (ii) $26,673.59 for reimbursement of expenses. Akin Gump did not receive any objections to the Twenty-Sixth Monthly Fee Statement and received payment in respect thereof on March 17, 2022.

44.    On March 4, 2022, Akin Gump filed and served the *Twenty-Seventh Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of December 1, 2021 Through December 31, 2021* [ECF No. 4421] (the "Twenty-Seventh Monthly Fee Statement"),[38] pursuant to which Akin Gump sought payment of (i) $1,110,492.00 (80% of $1,388,115.00) as compensation for professional services rendered and (ii) $28,970.78 for reimbursement of expenses. Akin Gump did not receive any objections to the Twenty-Seventh Monthly Fee Statement and received payment in respect thereof on April 4, 2022.

---

[36] A copy of the Twenty-Fifth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTMxODI0Nw==&id2=-1.

[37] A copy of the Twenty-Sixth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTMyMTYwOQ==&id2=-1.

[38] A copy of the Twenty-Seventh Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTMyMzM3Nw==&id2=-1.

45.    On March 16, 2022, Akin Gump filed and served the *Twenty-Eighth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of January 1, 2022 Through January 31, 2022* [ECF No. 4533] (the "Twenty-Eighth Monthly Fee Statement"),[39] pursuant to which Akin Gump sought payment of (i) $2,270,185.60 (80% of $2,837,732.00) as compensation for professional services rendered and (ii) $63,987.83 for reimbursement of expenses. Akin Gump did not receive any objections to the Twenty-Eighth Monthly Fee Statement and received payment in respect thereof on April 11, 2022.

46.    On March 17, 2022, Akin Gump filed and served the *Seventh Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al*, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of October 1, 2021 Through and Including January 31, 2022* [ECF No. 4560] (the "Seventh Interim Fee Application"),[40] pursuant to which Akin Gump sought allowance of (i) $7,503,658.50 as compensation for professional services rendered and (ii) $173,260.89 for reimbursement of expenses. Following discussions with the Fee Examiner, Akin Gump agreed to a voluntary reduction of $39,591.58 in the fees and $1,148.12 in the expenses requested pursuant to the Seventh Interim Fee Application, and the Court entered an order granting the Seventh Interim Fee Application, including the agreed reductions, on April 29, 2022. *See Omnibus Order Granting Seventh Interim Fee Applications of Professionals for Allowance and Payment of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses* [ECF No. 4716].

---

[39] A copy of the Twenty-Eighth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTMyNDU2Nw==&id2=-1.

[40] A copy of the Seventh Interim Fee Application can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTMyNDY3Nw==&id2=-1.

47.     On May 9, 2022, Akin Gump filed and served the *Twenty-Ninth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of February 1, 2022 Through February 28, 2022* [ECF No. 4752] (the "Twenty-Ninth Monthly Fee Statement"),[41] pursuant to which Akin Gump sought payment of (i) $2,364,781.20 (80% of $2,955,976.50) as compensation for professional services rendered and (ii) $38,709.71 for reimbursement of expenses. Akin Gump did not receive any objections to the Twenty-Ninth Monthly Fee Statement and received payment in respect thereof on May 31, 2022.

48.     On May 13, 2022, Akin Gump filed and served the *Thirtieth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of March 1, 2022 Through March 31, 2022* [ECF No. 4785] (the "Thirtieth Monthly Fee Statement"),[42] pursuant to which Akin Gump sought payment of (i) $1,788,377.60 (80% of $2,235,472.00) as compensation for professional services rendered and (ii) $6,974.76 for reimbursement of expenses. Akin Gump did not receive any objections to the Thirtieth Monthly Fee Statement and received payment in respect thereof on June 6, 2022.

49.     On May 16, 2022, Akin Gump filed and served the *Thirty-First Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of January 1, 2022 Through January 31, 2022* [ECF No. 4806] (the "Thirty-First Monthly

---

[41] A copy of the Twenty-Ninth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTMzMjc2Mw==&id2=-1.

[42] A copy of the Thirtieth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTMzMzIxNQ==&id2=-1.

Fee Statement")),[43] pursuant to which Akin Gump sought payment of (i) $1,156,442.00 (80% of $1,445,552.50) as compensation for professional services rendered and (ii) $13,858.90 for reimbursement of expenses. Akin Gump did not receive any objections to the Thirty-First Monthly Fee Statement and received payment in respect thereof on June 6, 2022.

50.    On May 16, 2022, Akin Gump filed and served the *Eighth Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al*., for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of February 1, 2022 Through and Including April 30, 2022* [ECF No. 4816] (the "Eighth Interim Fee Application"),[44] pursuant to which Akin Gump sought allowance of (i) $6,637,001.00 as compensation for professional services rendered and (ii) $59,543.37 for reimbursement of expenses. Following discussions with the Fee Examiner, Akin Gump agreed to a voluntary reduction of $25,000.00 in the fees and $461.66 in the expenses requested pursuant to the Eighth Interim Fee Application, and the Court entered an order granting the Eighth Interim Fee Application, including the agreed reductions, on June 27, 2022. *See Omnibus Order Granting Eighth Interim Fee Applications of Professionals for Allowance and Payment of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses* [ECF No. 4927].

51.    On August 31, 2022, Akin Gump filed and served the *Thirty-Second Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of May 1, 2022 Through May 31, 2022* [ECF No. 5053] (the "Thirty-Second Monthly Fee

---

[43] A copy of the Thirty-First Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTMzMzM1Nw==&id2=-1.

[44] A copy of the Eighth Interim Fee Application can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTMzMzQyNA==&id2=-1.

Statement")[45] pursuant to which Akin Gump sought payment of (i) $642,042.80 (80% of $802,553.50) as compensation for professional services rendered and (ii) $1,743.29 for reimbursement of expenses. Akin Gump did not receive any objections to the Thirty-Second Monthly Fee Statement and received payment in respect thereof on September 22, 2022.

52.    On September 23, 2022, Akin Gump filed and served the *Thirty-Third Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of June 1, 2022 Through June 30, 2022* [ECF No. 5086] (the "Thirty-Third Monthly Fee Statement")[46] pursuant to which Akin Gump sought payment of (i) $351,350.40 (80% of $439,188.00) as compensation for professional services rendered and (ii) $2,758.74 for reimbursement of expenses. Akin Gump did not receive any objections to the Thirty-Third Monthly Fee Statement and received payment in respect thereof on October 13, 2022.

53.    On October 14, 2022, Akin Gump filed and served the *Thirty-Fourth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of July 1, 2022 Through July 31, 2022* [ECF No. 5140] (the "Thirty-Fourth Monthly Fee Statement")[47] pursuant to which Akin Gump sought payment of (i) 294,540.40 (80% of $368,175.50) as compensation for professional services rendered and (ii) $8,594.93 for reimbursement of expenses. Akin Gump did not receive any objections to the Thirty-Fourth Monthly Fee Statement and received payment in respect thereof on November 7, 2022.

---

[45] A copy of the Thirty-Second Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTM0NDM0MA==&id2=-1.

[46] A copy of the Thirty-Third Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTM0NjkyOQ==&id2=-1.

[47] A copy of the Thirty-Fourth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTM0OTA0MA==&id2=-1.

54.    On October 17, 2022, Akin Gump filed and served the *Thirty-Fifth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of August 1, 2022 Through August 31, 2022* [ECF No. 5165] (the "Thirty-Fifth Monthly Fee Statement," and, together with the First through Thirty-Fourth Monthly Fee Statements, the "Monthly Fee Statements"),[48] pursuant to which Akin Gump sought payment of (i) $430,492.40 (80% of $538,115.50) as compensation for professional services rendered and (ii) $6,500.18 for reimbursement of expenses. Akin Gump did not receive any objections to the Thirty-Fifth Monthly Fee Statement received payment in respect thereof on November 7, 2022.

55.    On October 17, 2022, Akin Gump filed and served the *Ninth Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al., for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of May 1, 2022 Through and Including August 31, 2022* [ECF No. 5174] (the "Ninth Interim Fee Application"),[49] pursuant to which Akin Gump sought allowance of (i) $2,148,032.50 as compensation for professional services rendered and (ii) $19,597.14 for reimbursement of expenses. Following discussions with the Fee Examiner, Akin Gump agreed to a voluntary reduction of $25,000.00 in the fees and $1,077.00 in the expenses requested pursuant to the Ninth Interim Fee Application, and the Court entered an order granting the Ninth Interim Fee Application, including the agreed reductions, on November 23, 2022. *See Omnibus Order Granting Ninth Interim Fee Applications of Professionals for Allowance and*

---

[48] A copy of the Thirty-Fifth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTM0OTEzNg==&id2=-1.

[49] A copy of the Ninth Interim Fee Application can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTM0OTE1Nw==&id2=-1.

*Payment of Compensation for Professional Services Rendered and for Reimbursement of Actual
and Necessary Expenses* [ECF No. 5256].

56.     On December 2, 2022, Akin Gump filed and served the *Thirty-Sixth Monthly Fee
Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and
Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the
Period of September 1, 2022 Through September 30, 2022* [ECF No. 5271] (the "Thirty-Sixth
Monthly Fee Statement"),[50] pursuant to which Akin Gump sought payment of (i) $237,106.40
(80% of $296,383.00) as compensation for professional services rendered and (ii) $2,789.56 for
reimbursement of expenses. Akin Gump did not receive any objections to the Thirty-Sixth
Monthly Fee Statement and received payment in respect thereof on December 22, 2022.

57.     On December 9, 2022, Akin Gump filed and served the *Thirty-Seventh Monthly Fee
Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and
Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the
Period of October 1, 2022 Through October 31, 2022* [ECF No. 5288] (the "Thirty-Seventh
Monthly Fee Statement"),[51] pursuant to which Akin Gump sought payment of (i) 202,764.00 (80%
of $253,455.00) as compensation for professional services rendered and (ii) $4,089.43 for
reimbursement of expenses. Akin Gump did not receive any objections to the Thirty-Seventh
Monthly Fee Statement and received payment in respect thereof on January 9, 2023.

58.     On January 18, 2023, Akin Gump filed and served the *Thirty-Eighth Monthly Fee
Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and
Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the*

---

[50] A copy of the Thirty-Sixth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website
at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTM1NDA3MQ==&id2=-1.

[51] A copy of the Thirty-Seventh Monthly Fee Statement can be accessed on the docket or on the Debtors' case website
at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTM1NDgzMw==&id2=-1.

*Period of November 1, 2022 Through November 30, 2022* [ECF No. 5348] (the "Thirty-Eighth Monthly Fee Statement"),[52] pursuant to which Akin Gump sought payment of (i) $295,162.80 (80% of $368,953.50) as compensation for professional services rendered and (ii) $5,533.51 for reimbursement of expenses. Akin Gump did not receive any objections to the Thirty-Eighth Monthly Fee Statement and received payment in respect thereof on February 9, 2023.

59.    On February 8, 2023, Akin Gump filed and served the *Thirty-Ninth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of December 1, 2022 Through December 31, 2022* [ECF No. 5046] (the "Thirty-Ninth Monthly Fee Statement," and, together with the First through Thirty-Eighth Monthly Fee Statements, the "Monthly Fee Statements"),[53] pursuant to which Akin Gump sought payment of (i) $210,747.20 (80% of $263,434.00) as compensation for professional services rendered and (ii) $6,695.66 for reimbursement of expenses. As of the date hereof, Akin Gump has not received any objections to the Thirty-Ninth Monthly Fee Statement or any payments in respect thereof.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

60.    By this Application, Akin Gump requests allowance of interim compensation for professional services rendered to the Committee during the Compensation Period in the amount of $1,182,225.50 and expense reimbursements of $19,108.16. During the Compensation Period, Akin Gump professionals and paraprofessionals expended a total of 1,164.1 hours for which compensation is sought.

---

[52] A copy of the Thirty-Eighth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTQzODg3NQ==&id2=-1.

[53] A copy of the Thirty-Ninth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-DownloadPDF?id1=MTQ0MjcyNw==&id2=-1.

61.    The fees charged by Akin Gump in the Chapter 11 Cases are billed in accordance with Akin Gump's existing billing rates and procedures in effect during the Compensation Period. The rates Akin Gump charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates Akin Gump charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market. The disclosures required by the U.S. Trustee Guidelines regarding the customary and comparable compensation are annexed hereto as **Exhibit B**.

62.    Akin Gump maintains computerized records of the time spent by all Akin Gump professionals and paraprofessionals in connection with its representation of the Committee in the Chapter 11 Cases. A summary of compensation by timekeeper is attached hereto in **Exhibit C**, and a summary of fees by task code against budgeted fees and hours is attached hereto in **Exhibit D**. The itemized time records for Akin Gump professionals and paraprofessionals performing services for the Committee during the Compensation Period have been filed and served with the Monthly Fee Statements in accordance with the Interim Compensation Order.

63.    Akin Gump also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services. A summary of the categories of expenses and amounts for which reimbursement is requested by this Application is attached hereto as **Exhibit E**.

64.    Akin Gump's staffing plan for the Compensation Period is attached hereto as **Exhibit F**.

## SUMMARY OF SERVICES PERFORMED BY
## AKIN GUMP DURING THE COMPENSATION PERIOD

65.     The services provided by Akin Gump during the Compensation Period were actual and necessary for the administration of the Chapter 11 Cases, performed at the request of the Committee and commensurate with the complexity and significance of the matter. Moreover, the nature of the issues in the Chapter 11 Cases and the need to act or respond to such issues on an expedited basis in furtherance of the Committee's objectives and the interests of the Debtors' unsecured creditors required the expenditure of significant time by Akin Gump professionals and paraprofessionals from numerous legal disciplines during the Compensation Period.

66.     The following is a summary of the professional services rendered by Akin Gump during the Compensation Period. This summary is organized in accordance with Akin Gump's internal system of task codes established at the outset of the Chapter 11 Cases based on the Fee Guidelines.  In classifying services into task codes, Akin Gump attempted to place the services performed in the category that most closely related to the services provided.  The below does not include summaries for certain task codes for which a *de minimis* amount of time was billed during the Compensation Period.

67.     Moreover, the following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed.  Rather, it merely is an attempt to highlight certain of those areas in which services were rendered to the Committee, as well as to identify some of the matters and issues that Akin Gump was required to address during the Compensation Period.

A.     **General Case Administration (Task Code 2)**

| Total Hours | Fees |
|---|---|
| 17.3 | $9,306.50 |

68.    This category includes time spent by Akin Gump professionals and paraprofessionals performing various general administrative tasks necessary to the Committee's involvement in the Chapter 11 Cases, including among other things: (i) maintaining distribution lists; (ii) monitoring the docket for the Chapter 11 Cases and related proceedings and appeals to track filings and to remain apprised of critical dates; (iii) ensuring that the appropriate parties and professionals are notified of filed documents, relevant objection and response deadlines, hearing dates and other critical dates; (iv) updating internal case calendars with key dates and deadlines; (v) communicating with the members of the Committee, the Debtors' advisors and other parties in interest regarding general case administration and related matters; and (vi) performing other necessary general administrative tasks.

69.    During the Compensation Period, Akin Gump was in close contact with counsel to the Debtors and other relevant parties in interest on a regular basis to discuss when various motions and applications would be filed and the information the Committee would require to analyze each motion or application properly and in a timely manner.    Akin Gump also consulted with the Committee's other professionals on a regular basis with respect to documents and other information received from the Debtors, their representatives and other parties in interest.    In addition, Akin Gump professionals and paraprofessionals monitored the docket for the Chapter 11 Cases and related proceedings and appeals to remain apprised of all critical matters.    For each significant filing, Akin Gump professionals and paraprofessionals worked to ensure that the appropriate parties were notified of its contents, relevant response deadlines, hearing dates and any other critical matters related thereto.    Due to Akin Gump's experience counseling official committees of unsecured creditors, Akin Gump believes it was able to address all issues relating

to case administration that have arisen during the pendency of the Chapter 11 Cases in an effective and efficient manner.

**B.     Akin Gump Fee Application/Monthly Billing Reports (Task Code 3)**

| Total Hours | Fees |
|:---:|:---:|
| 110.4 | $111,228.50 |

70.     This category includes time spent by Akin Gump professionals and paraprofessionals in connection with the preparation of Akin Gump's monthly fee statements and fee applications.    During the Compensation Period, these efforts included ensuring that the schedules attached to the Thirty-Third, Thirty-Fourth, Thirty-Fifth, Thirty-Sixth and Thirty-Seventh Monthly Fee Statements complied with the Fee Guidelines, and that such schedules did not contain information that was privileged, confidential or subject to attorney work product protection.    Akin Gump professionals and paraprofessionals also prepared, filed and served the Thirty-Third, Thirty-Fourth, Thirty-Fifth, Thirty-Sixth and Thirty-Seventh Monthly Fee Statements, as well as the Ninth Interim Fee Application.    To minimize costs in connection with this time-intensive process, Akin Gump relied on paraprofessionals to prepare the initial drafts of the Monthly Fee Statements and schedules for the Ninth Interim Fee Application, thereby limiting the time spent by professionals on the review of fees, where reasonably practicable.

**C.     Analysis of Other Professionals' Fee Applications/Reports (Task Code 4)**

| Total Hours | Fees |
|:---:|:---:|
| 22.4 | $18,517.50 |

71.     This category includes time spent by Akin Gump professionals and paraprofessionals reviewing monthly fee statements submitted to the Court by other estate-compensated professionals.    Akin Gump reviewed such fee statements to ensure that such professionals operated in accordance with their individual mandates and sought reasonable

compensation and reimbursement of expenses in connection with their roles in the Chapter 11
Cases. This category also includes time spent assisting the Committee's other professionals in
reviewing, finalizing and filing their respective monthly fee statements and interim fee
applications.

### D.    Creditor Committee Matters/Meetings (Task Code 7)

| Total Hours | Fees |
|:---:|:---:|
| 138.7 | $147,428.00 |

72.    This category includes time spent by Akin Gump professionals and
paraprofessionals: (i) preparing for and participating in meetings and conference calls with the
Committee as a whole or with individual members of the Committee; (ii) communicating with the
Committee's other advisors on regarding pending matters and case strategy; (iii) participating in
meetings and calls with various parties in interest on the Committee's behalf; (iv) responding to
numerous daily inquiries from individual creditors regarding various issues arising in connection
with Chapter 11 Cases, including reviewing and responding to numerous letters from incarcerated
claimants, and coordinating with counsel to the Debtors in connection therewith as appropriate;
(v) providing Committee members with summaries and updates regarding Court filings and
relevant response deadlines, hearing dates and any other critical matters related thereto; and
(vi) attending to other general Committee matters.

73.    The Committee continued to play an active[54] role in the Chapter 11 Cases during
the Compensation Period. Akin Gump, together with the Committee's other advisors, held no
fewer than six telephonic meetings with the full Committee, in addition to numerous telephonic

---

[54] *See, e.g.,* Transcript of June 3, 2020 Hearing 95:3–5 (THE COURT: "You have an ***active***, well-informed and diligent
official creditors committee that represents everyone.") (emphasis added); Transcript of September 30, 2020 Hearing
83:12–13 (THE COURT: "We have had an extremely active and well represented and thoughtful official Creditors'
Committee.").

conferences with individual Committee members. Prior to each telephonic meeting with the full Committee, Akin Gump professionals reviewed pending matters, prepared an agenda describing issues requiring the Committee's attention and coordinated with the Committee's other advisors regarding such matters. In addition, Akin Gump professionals prepared and/or assisted the Committee's other advisors in preparing detailed memoranda and presentations for the Committee addressing pertinent matters in the Chapter 11 Cases. During such meetings, Akin Gump assisted the Committee in fulfilling its statutory duty to exercise informed judgment regarding the various issues arising in the Chapter 11 Cases and formulating positions with respect to significant matters. Akin Gump also sent regular email updates to the Committee to ensure the Committee remained apprised of relevant matters.

74.    Akin Gump professionals and paraprofessionals devoted time to these tasks during the Compensation Period to ensure that the Committee was prepared to make informed decisions with respect to significant case issues. Although such tasks do not necessarily relate to specific legal issues, they nevertheless were essential because they facilitated the Committee's participation in the Chapter 11 Cases and supported Akin Gump's performance of other substantive tasks.

75.    Importantly, this category also includes time spent by Akin Gump professionals, on behalf of the Committee, responding to inquiries from unsecured creditors to fulfill the Committee's responsibility under Bankruptcy Code section 1102(b)(3) to "provide access to information for creditors . . . not appointed to the [C]ommittee." At the beginning of the Chapter 11 Cases, the Court entered the *Order Clarifying the Official Committee's Requirement to Provide Access to Confidential or Privileged Information and Approving a Protocol Regarding Creditor Requests for Information*, dated December 23, 2019 [ECF No. 699], which authorized the

Committee to establish a website at which creditors can receive information regarding the status of the Chapter 11 Cases (among other things). The Committee's website, which is maintained by KCC, makes general information about the Chapter 11 Cases available to creditors, including information regarding case developments, key contact information and a detailed case calendar addressing upcoming hearings and other critical events. Akin Gump professionals, in coordination with KCC, posted relevant updates and materials on the Committee's website, including detailed case calendars, information regarding significant case developments and key contact information.

76.    Throughout the pendency of the Chapter 11 Cases, Akin Gump professionals have fielded a very high volume of inquiries from creditors, including frequent inquiries from many of the more than 130,000 personal injury victims that filed claims against the Debtors. Akin Gump professionals spent a significant amount of time during the Compensation Period reviewing claimant inquiries and communicating with such claimants, including corresponding with incarcerated claimants, to inform them of developments in the Chapter 11 Cases and the status of their claims. Since the beginning of the Chapter 11 Cases, Akin Gump professionals have communicated, often on multiple occasions, with more than 800 personal injury claimants.

### E.    Hearings and Court Matters/Meetings (Task Code 8)

| Total Hours | Fees |
|---|---|
| 34.8 | $31,285.00 |

77.    This category includes time spent by Akin Gump professionals and paraprofessionals in connection with court hearings and status conferences. During the Compensation Period, Akin Gump professionals and paraprofessionals prepared for and participated in three hearings before this Court. Prior to each hearing, Akin Gump professionals, together with the Committee's other advisors, reviewed and analyzed all relevant issues, motions and applications filed with the Court, including any objections and responses thereto, discussed

with the relief requested with the advisors to the Debtors and other parties in interest and, as necessary, asserted the Committee's positions at such hearings. In addition, following each hearing, Akin Gump professionals provided the Committee with summaries and analyses of the results thereof, either in written form or telephonically during the next Committee meeting.

F.   **General Claims Analysis/Claims Objections (Task Code 12)**

| Total Hours | Fees |
|:---:|:---:|
| 13.1 | $12,651.00 |

78.     This category includes time spent by Akin Gump professionals in connection with the vast universe of claims against the Debtors, including without limitation contingent litigation claims by personal injury victims, hospitals, insurance ratepayers, third-party payors, health plans, states, municipalities, the United States, Native American tribes and children born with neonatal abstinence syndrome.

79.     In particular, Akin Gump professionals spent time during the Compensation Period reviewing and addressing various pleadings filed by *pro se* personal injury claimants with respect to their claims, including a motion seeking leave to have a proof of claim that was filed after the claims bar date deemed timely.[55]   Akin Gump professionals analyzed the Late Claim Motion, investigated the basis for the relief requested therein and communicated with the advisors to the Debtors and the Ad Hoc Group of Individual Victims regarding the appropriate response to such motion. In connection therewith, Akin Gump professionals coordinated with the advisors to the Debtors and the Ad Hoc Group of Individual Victims to prepare and file a response setting forth the Committee's position in respect of the Late Claim Motion, which requested that the Late Claim Motion be held in abeyance until after a final order is entered approving a plan of reorganization

---

[55] *See Motion to File Proof of Claim after Claims Bar Date*, filed by Edward Whitman and dated September 26, 2022 [ECF No. 5095] (the "Late Claim Motion").

to allow the Court to make an informed decision on the motion based in part on the number of similarly-situated late claim movants seeking to assert late claims.[56]  On October 27, 2022, the Court entered an order postponing decision on the Late Claim Motion until the first omnibus hearing held at least 21 days after entry by the Court of a final order approving, as requested by the Debtors and the Committee.[57]  Akin Gump professionals also spent time during the Compensation Period reviewing and analyzing the *Letter Motion Seeking to Participate in Plan Funding Decisions*, filed by *Pro Se* Claimant Carrie McGaha and dated August 3, 2022 [ECF No. 4996] and the pleadings filed in response thereto.

## G.    Insurance Issues (Task Code 14)

| Total Hours | Fees |
|---|---|
| 484.8 | $492,182.50 |

80.    This category includes time spent by Akin Gump professionals and paraprofessionals in connection with the Committee's ongoing investigation into the scope, value and limitations of the Debtors' various insurance policies.  During the Compensation Period, Akin Gump professionals continued performing analyses regarding the potential availability of insurance coverage for opioid-related claims against the Debtors, including monitoring, reviewing, and analyzing recent decisions on relevant insurance-related issues.

81.    In particular, Akin Gump professionals spent significant time addressing various issues arising in connection with the adversary proceeding against the Debtors' insurers commenced by the Debtors, the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "Ad Hoc Committee") and the Committee on January 29, 2021,

---

[56] *See Debtors' and the Official Committee of Unsecured Creditors' Joint Response to Motion to File Proof of Claims After Claims Bar Date*, dated October 18, 2022  [ECF No. 5183].

[57] *Order Postponing Decision on Late Claim Motions*, dated December 27, 2022 [ECF No. 5199].

captioned *Purdue Pharma L.P. v. AIG Specialty Insurance Company (f/k/a American International Specialty Lines Insurance Company)*, Adv. Pro. No. 21-7005 (Bankr. S.D.N.Y. 2021) (the "Insurance Adversary Proceeding").  Among other things, Akin Gump professionals worked with the advisors to the Debtors and the Ad Hoc Committee on the identification, exchange, review and coordination of discovery related to the Insurance Adversary Proceeding and participated in numerous meet and confer conferences with counsel to the Debtors' insurers, including with respect to scheduling, discovery and depositions.  Akin Gump professionals also spent significant time conducting extensive research and preparing analyses regarding various legal arising issues in connection with the Insurance Adversary Proceeding.

82.     In addition, Akin Gump professionals coordinated closely with the advisors to the Debtors and the Ad Hoc Committee to analyze and refine the parties' strategy with respect to key matters in connection with the Insurance Adversary Proceeding, including discovery issues, potential court filings and deposition preparation, and prepared for and attended depositions of six witnesses during the Compensation Period.  Akin Gump professionals provided the Committee with relevant updates, summaries and analyses in connection with the foregoing as appropriate.

H.    **Adversary Proceedings (Task Code 17)**

| Total Hours | Fees |
| --- | --- |
| 33.9 | $39,931.00 |

83.     This category includes time spent by Akin Gump professionals during the Compensation Period in connection with the adversary proceeding filed by personal injury plaintiffs Stacey Bridges and Creighton Bloyd (the "PI Plaintiffs") against the Debtors and the United States, captioned *Stacey Bridges and Creighton Bloyd v. Purdue Pharma L.P. and the*

*United States of America*, Adv. Pro. No. 21-07088 (Bankr. S.D.N.Y. 2021),[58] by which the PI Plaintiffs seek to equitably subordinate certain claims of the United States against the Debtors, as set forth in that certain criminal plea agreement and civil settlement between the Debtors and the United States (together, the "DOJ Resolution"),[59] to the claims of personal injury claimants.

84. Among other things, Akin Gump Professionals spent time reviewing and analyzing the Equitable Subordination Complaint and the various pleadings filed in response thereto,[60] discussing the issues presented thereby with the advisors of the Debtors and other parties in interest, reviewing drafts of the Debtors' Motion to Dismiss and advising the Committee with regard to the foregoing. After discussing the appropriate position to take regarding the Equitable Subordination Complaint with the Committee, Akin Gump professionals prepared and filed a joinder[61] to the Debtors' Motion to Dismiss, by which the Committee stated that, although sympathetic to the PI Plaintiffs' position, it joined in the Debtors' request for dismissal of the Equitable Subordination Complaint due to the potentially harmful impact of the relief requested therein on the Plan and the broadly supported settlements embodied therein, which are currently

---

[58] *See Complaint and Motion to Subordinate the Claims and Liens of the United States*, dated August 30, 2021 [Adv. Pro. No. 21-07088, ECF No. 1] (the "Equitable Subordination Complaint").

[59] The DOJ Resolution was approved by the Court on November 18, 2020, together with a separate agreement between the United States Department of Justice and the Sackler Families. *See Order Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving Settlements Between the Debtors and the United States* [ECF No. 2004]. The DOJ Resolution permits the Debtors to satisfy up to $1.775 billion of the $2 billion "Forfeiture Judgment" (as defined therein) through distributions to State, Tribal and local governments, so long as the Court confirms a plan pursuant to which the Debtors reorganize as a public benefit company (or entity with a similar mission). If the Court does not confirm a plan satisfying this requirement, the DOJ Resolution does not authorize the Debtors to apply this credit against the Forfeiture Judgment.

[60] *Notice of the United States of America's Motion to Dismiss the Adversary Proceeding*, dated November 10, 2022 [Adv. Pro. No. 21-07088, ECF No. 24] (together with the *Memorandum of Law In Support of the United States of America's Motion to Dismiss the Adversary Complaint*, dated November 10, 2022 [Adv. Pro. No. 21-07088, ECF No. 25], the "United States' Motion to Dismiss"); *Debtor-Defendant's Motion to Dismiss Adversary Proceeding Complaint*, dated November 11, 2022 [Adv. Pro. No. 21-07088, ECF No. 27] (together with the *Memorandum of Law In Support of Debtor-Defendant's Motion to Dismiss Adversary Complaint*, dated November 11, 2022 [Adv. Pro. No. 21-07088, ECF No. 28], the "Debtors' Motion to Dismiss").

[61] *The Official Committee of Unsecured Creditors' Joinder to Debtors' Memorandum of Law In Support of Motion to Dismiss Adversary Complaint*, dated November 11, 2022 [Adv. Pro. No. 21-07088, ECF No. 29].

being considered on appeal by the United States Court of Appeals for the Second Circuit (the "Second Circuit" and such appeals, the "Second Circuit Appeals"). Thereafter, Akin Gump professionals reviewed analyzed the United States' Motion to Dismiss and the reply to both motions to dismiss filed by the PI Plaintiffs,[62] and prepared summaries of such pleadings for the Committee. The Equitable Subordination Complaint remained pending as of the end of the Compensation Period and the parties continued to submit additional briefing after the conclusion of the Compensation Period.

## I.   Interaction/Review of Other Opioid Companies and Cases (Task Code 20)

| Total Hours | Fees |
|:---:|:---:|
| 157.5 | $119,707.50 |

85.   This category includes time spent by Akin Gump professionals reviewing and analyzing developments in various opioid litigations pending throughout the country, including reports in news articles and academic publications, to assess the potential impact of such matters on the Chapter 11 Cases. Given the wide-ranging nature of the opioid crisis and the numerous repeat players involved in litigation and/or settlement discussions with multiple defendants in numerous jurisdictions and throughout the nation, tracking and ensuring that the Committee remains informed with respect to significant opioid-related developments has been critical to the Committee's advisors' ability to assess issues of vital importance to these cases, including assessment of the various litigation claims against the Debtors and the Sacklers, and issues related to intercreditor allocation disputes and potential alternative settlement and plan structures.

## J.   Disclosure Statement/Solicitation/Plan/Confirmation (Task Code 22)

| Total Hours | Fees |
|:---:|:---:|
| 26.0 | $40,501.50 |

---

[62] *See Claimants' Combined Response to Motions to Dismiss Filed by the United States of America and the Debtors* [Adv. Pro. No. 21-07088, ECF No. 35]

86.     This category includes time spent by Akin Gump professionals and paraprofessionals researching, analyzing, negotiating and performing diligence in respect of numerous complex issues relating to the Plan, the settlement agreement with the Sackler family and certain related entities incorporated therein (the "Shareholder Settlement Agreement") and ancillary agreements, the Supplemental Shareholder Settlement[63] and related documents and potential alternatives to the Plan.

87.     In particular, Akin Gump professionals spent time during the Compensation Period analyzing and engaging in discussions with the Debtors and their key stakeholders regarding various potential outcomes of the Second Circuit Appeals. In light of the significant uncertainty created by the District Court Decision, Akin Gump professionals engaged in extensive analysis and discussions related to identifying and evaluating potential paths forward under different scenarios, including: (i) engaging in discussions with the Supporting Claimants and other parties regarding their positions in respect of the Plan and the numerous interdependent settlements contained therein during the pendency of the Second Circuit Appeals; (ii) analyzing the viability and desirability of potential alternative plans of reorganization containing structures consistent with the District Court Decision, including conducting research and preparing analyses regarding the confirmability of various proposed Plan and settlement structure alternatives that would not require the consent of all claimants; (iii) assessing options for monetizing the Estate Claims in connection with such potential alternatives; (iv) analyzing the value likely to be available to claimants under various proposed alternative plan and settlement structures; (v) formulating,

---

[63] The "Supplemental Shareholder Settlement" refers to the settlement reached in the early 2022 mediation among the District of Columbia and the eight states that appealed the Court's order confirming the Plan and the Sacklers. *See Debtors' Motion for Entry of an Order Authorizing and Approving Settlement Term Sheet*, dated March 3, 2022 [ECF No. 4410] (the "Settlement Motion"). Ultimately, the Court entered an order approving the Settlement Motion following a hearing on March 9, 2022. *See Order Pursuant to 11 U.S.C. §§ 105 and 363(b) Authorizing and Approving Settlement Term Sheet*, dated March 10, 2022 [ECF No. 4503].

proposing and negotiating potential Plan and settlement structure alternatives based on the foregoing analyses and assessments; and (vi) engaging in discussions with the Debtors and their key creditor constituencies regarding the viability of numerous Plan and settlement structure alternatives, as well as the circumstances that may exist under various potential outcomes of the Second Circuit Appeals.

88.     In connection with the above efforts, Akin Gump professionals continued to progress the documentation necessary to implement the Shareholder Settlement Agreement in the event the District Court Decision is overturned on appeal. Among other things, Akin Gump professionals continued to analyze and address issues arising in connection with the Supplemental Shareholder Settlement, including negotiating changes to the Shareholder Settlement Agreement documentation previously negotiated with the Sacklers in light of the Supplemental Shareholder Settlement, and related agreements governing how the Supplemental Shareholder Settlement and the Shareholder Settlement Agreement will interact in the event the Plan becomes effective. Akin Gump professionals also continued to engage with various stakeholders regarding collateral documentation necessary to implement certain security arrangements contemplated by the Shareholder Settlement Agreement and the Supplemental Shareholder Settlement. In connection therewith, Akin Gump professionals continued to analyze certain restructurings proposed by the advisors to the Sacklers regarding certain entities and trusts indirectly holding IAC interests intended to constitute collateral to secure the payment obligations under the Shareholder Settlement Agreement and the Supplemental Shareholder Settlement.

## N.    Intellectual Property (Task Code 32)

| Total Hours | Fees |
|:---:|:---:|
| 94.6 | $119,975.00 |

89.    This task code includes time spent by Akin Gump professionals in connection with reviewing and analyzing the Debtors' intercompany intellectual property arrangements, including supporting work streams in other categories involving intellectual property issues.  During the Compensation Period, Akin Gump professionals performed diligence and analyzed numerous issues involving the Debtors' intellectual property, including, among other things, reviewing and conducting research with regard to the Debtors' patents and intellectual property licenses and ancillary agreements covering the Debtors' past and current product offerings, as well as pending patent litigation.  As the Plan contemplates ongoing operations based on future expected revenues derived from the Debtors' current and pipeline products, the Committee's intellectual property analysis has encompassed ongoing discussions with the Debtors and their advisors regarding the Debtors' business lines, operations and future plans regarding those products.

## ACTUAL AND NECESSARY DISBURSEMENTS

90.    Akin Gump seeks allowance of reimbursement in the amount of $19,108.16 for expenses incurred during the Compensation Period in the course of providing professional services to the Committee.  Akin Gump's disbursement policies pass through all out of pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, as it relates to computerized research, Akin Gump believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain.  Other reimbursable expenses (whether the service is performed by Akin Gump in-house or through a third party vendor) include, but are not limited to, long-distance calls, overtime meals, deliveries, court costs, transcript fees, discovery and temporary legal staffing services, travel and clerk fees.

## FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

91.     Bankruptcy Code section 330 provides, in relevant part, that the Court may award

to a professional person "reasonable compensation for actual, necessary services rendered[.]" *See*

11 U.S.C. § 330(a)(1).  In turn, Bankruptcy Code section 330 provides as follows:

> In determining the amount of reasonable compensation to be awarded, the
> court shall consider the nature, the extent, and the value of such services,
> taking into account all relevant factors, including –
>
> > (A) the time spent on such services;
> >
> > (B) the rates charged for such services;
> >
> > (C) whether the services were necessary to the administration of,
> > or beneficial at the time at which the service was rendered
> > toward the completion of, a case under this title;
> >
> > (D) whether the services were performed within a reasonable
> > amount of time commensurate with the complexity,
> > importance, and nature of the problem, issue, or task
> > addressed; and
> >
> > (E) with respect to a professional person, whether the person is
> > board certified or otherwise has demonstrated skill and
> > experience in the bankruptcy field; and
> >
> > (F) whether the compensation is reasonably based on the
> > customary compensation charged by comparably skilled
> > practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

92.     The clear congressional intent and policy expressed in Bankruptcy Code section

330 is to provide for adequate compensation to continue to attract qualified and competent

bankruptcy practitioners to bankruptcy cases.  *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R.

13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court,

establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal

specialists."); *see also In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d. Cir. 1994)

("Congress rather clearly intended to provide sufficient economic incentive to lure competent

bankruptcy specialists to practice in the bankruptcy courts.") (citations and internal quotation

marks omitted).

93.    In assessing the "reasonableness" of the fees requested, the Second Circuit has

stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*,

while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood*

*Ass'n v. County of Albany and Albany County Bd. of Elections,* 522 F.3d 182, 190 (2d Cir. 2007)

(citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), *abrogated on other*

*grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92–93, 96 (1989)).   The "lodestar method" of

calculating the reasonable fee contemplates "the number of hours reasonably expended . . .

multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart,* et al., 461 U.S. 424, 433 (1983);

*Gisbrecht v. Barnhart,* 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.,* 130 S.Ct. 1662, 1672 (2010);

*In re Drexel Burnham Lambert Grp., Inc.* 133 B.R. 13 (Bankr. S.D. N.Y. 1991).   The factors set

forth in *Johnson* and *In re First Colonial Corp. of Am.,* 544 F.2d 1291, 1298–99 (5th Cir. 1977)

have been adopted by most courts.[64]   *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y.

1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.,* 61 B.R. 210, 212–

13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York,* 403 Fed. Appx. 626, 629 (2d Cir.

2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King

ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases to be considered

in determining a reasonable allowance of compensation").

94.    Akin Gump respectfully submits that a consideration of these factors should result

in the Court's allowance of the full compensation sought in this Application.

a.    <u>Time and Labor Required</u>.   Akin Gump billed a total of 1050.5 hours of
professional services and 113.6 hours of paraprofessional and other non-legal
services during the Compensation Period.   As evidenced by this Application,
Akin Gump professionals and paraprofessionals worked diligently and

---

[64] The factors articulated by the Fifth Circuit in *First Colonial* were first articulated by the Fifth Circuit in *Johnson*, with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress. *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.),* 127 F.3d 1398, 1403 (11th Cir. 1997).

efficiently without unnecessary duplication of efforts throughout the Compensation Period. This is especially clear when considering the nature and complexity of the issues that arose in the Chapter 11 Cases during the Compensation Period. In particular, the Compensation Period involved many material matters and issues that require a favorable resolution for the Debtors' estates and unsecured creditors, including, among other things, matters and issues arising in connection with the Insurance Adversary Proceeding, the Equitable Subordination Complaint, the Shareholder Settlement Agreement and the Supplemental Shareholder Settlement. Akin Gump's representation of the Committee has required it to balance the need to provide quality services with the need to act quickly and represent the Committee in an effective, efficient and timely manner. Akin Gump submits that the hours spent were reasonable given the size and complexity of the Chapter 11 Cases, the significant—and often urgent—legal and business issues raised and the numerous pleadings filed in the Chapter 11 Cases.

b. <u>Novelty and Difficulty of the Questions</u>. Akin Gump tasked knowledgeable attorneys to research, analyze and provide advice on difficult and complex bankruptcy, litigation, corporate, tax, trusts and estates, insurance and other issues. As further described herein, Akin Gump's teams of skilled practitioners assisted the Committee in analyzing, among other things, novel and/or difficult questions in connection with, among other things, the Second Circuit Appeals, the Shareholder Settlement Agreement, Supplemental Shareholder Settlement, the Insurance Adversary Proceeding and the Equitable Subordination Complaint.

c. <u>Skill Requisite to Perform the Legal Services Properly</u>. Akin Gump believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Akin Gump's practice and its creative approach to the resolution of complex issues has contributed to the administration of the Chapter 11 Cases and benefited the Debtors' estates and unsecured creditors. Due to the nature and complexity of the legal issues presented by the Chapter 11 Cases, Akin Gump was required to exhibit a high degree of legal skill in areas related to, *inter alia*, bankruptcy, litigation, tax and corporate transaction matters. Additionally, Akin Gump's strong working relationship with the legal and financial advisors to other parties in interest enabled Akin Gump to work with such advisors towards a swift, consensual resolution of many of the salient issues in the Chapter 11 Cases.

d. <u>Preclusion of Other Employment by Applicant Due to Acceptance of the Case</u>. Due to the size of Akin Gump's financial restructuring and litigation departments, Akin Gump's representation of the Committee did not preclude its acceptance of new clients, but the demands for immediate and substantive action in the Chapter 11 Cases imposed significant burdens on Akin Gump professionals and paraprofessionals working concurrently on other matters.

e. <u>Customary Fee</u>. The rates Akin Gump charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates Akin Gump charges for professional and paraprofessional services rendered in comparable non-bankruptcy matters. Akin Gump's fee structure also is equivalent to the fee structure used by Akin Gump for restructuring, workout, bankruptcy, insolvency and comparable matters, as well as similar complex corporate and litigation matters, whether in-court or otherwise, regardless of whether a fee application is required. The firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise and severe time pressures, as is the case here. Akin Gump's rate structure is similar to the rate structure used by other, similar law firms that work on other, similar matters.

f. <u>Whether the Fee Is Fixed or Contingent</u>. Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by the Court, and are subject to adjustment depending upon the services rendered and the results obtained. The contingency of full and actual compensation to Akin Gump increased the risk Akin Gump was assuming by representing the Committee in the Chapter 11 Cases.

g. <u>Time Limitations Imposed by the Client or Other Circumstances</u>. As previously set forth herein, Akin Gump was required to attend to certain issues arising in the Chapter 11 Cases under compressed timelines. For example, Akin Gump and the Committee's other advisors were faced with limited time in which to formulate an approach to numerous key matters, including various critical issues arising in connection with the Insurance Adversary Proceeding, the Equitable Subordination Complaint, the Shareholder Settlement Agreement and the Supplemental Shareholder Settlement, often while simultaneously pursuing consensual resolutions of such matters. The tremendous efforts of Akin Gump professionals and paraprofessionals in completing this work under compressed timelines permitted the Committee to address effectively various issues for the benefit of the Debtors' unsecured creditors.

h. <u>Amount Involved and Results Obtained</u>. Akin Gump professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors. During the Compensation Period, and as described in the summary of services herein, Akin Gump was instrumental in preserving potential sources of recovery for the benefit of unsecured creditors. In particular, Akin Gump's efforts in connection with, among other things, the Insurance Adversary Proceeding, the PI Modification Motions, the Shareholder Settlement Agreement, the Supplemental Shareholder Settlement and the Committee's investigation and analysis of potential estate claims have been instrumental in preserving value for the benefit of all creditor constituencies. Akin Gump submits that the fees requested in this Application are reasonable

and appropriate when considering the results obtained on behalf of unsecured creditors as more fully described in the summary of services.

i.  <u>Experience, Reputation and Ability of Attorneys</u>.   Akin Gump is an international law firm that consistently is recognized as a top tier law firm in the field of creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code.   During the Compensation Period, Akin Gump solicited the skill and expertise of its professionals and paraprofessionals, a number of which have practiced law for over 20 years in a number of jurisdictions and legal disciplines.   Akin Gump professionals have actively represented creditors and creditors' committees, as well as other parties in interest, in a number of the nation's largest chapter 11 cases, including  *In re Mallinckrodt plc*, *In re Sears Holdings Corp.*, *In re Insys Therapeutics, Inc.*, *In re PG&E Corp.*, *In re Nine West Holdings, Inc.*, *In re iHeartMedia, Inc.*, *In re Cumulus Media Inc.*, *In re Avaya Inc.*, *In re Chassix Holdings, Inc.*, *In re Energy Future Holdings Corp.*, *In re Dynegy Holdings, LLC*, *In re Nortel Networks Inc.*, *In re Lightsquared Inc.*, *In re Longview Power, LLC*, *In re Eastman Kodak Company*, *In re Cal Dive International, Inc.*, *In re Washington Mutual Inc.*, *In re NII Holdings, Inc.*, *In re MPM Silicones, LLC*, *In re Overseas Shipholding Group, Inc.*, *In re QCE Finance LLC*, *In re Residential Capital, LLC*, *In re Solutia, Inc.*, *In re WorldCom, Inc.*, *In re XO Communications, Inc.*, *In re Tower Automotive LLC*, *In re VeraSun Energy Corp.* and many others. Akin Gump's extensive experience enables it to perform the services described herein competently and expeditiously.   In addition to its expertise in the area of corporate reorganization, Akin Gump has called upon the expertise of its partners and associates in other practice areas to perform the wide-ranging scope of the legal work necessitated by the Chapter 11 Cases, as described above.

j.  <u>"Undesirability" of the Cases</u>. This factor is not applicable to the Chapter 11 Cases.

k.  <u>Nature and Length of Professional Relationship</u>.   Akin Gump has been rendering professional services to the Committee since it was selected as counsel to the Committee on September 26, 2019.

95.    For the reasons set forth above, the services rendered by Akin Gump were necessary and beneficial to the Committee and consistently performed in a timely manner.   The compensation sought in this Application is reasonable in light of the value of such services to the Committee and all unsecured creditors, Akin Gump's demonstrated skill and expertise in the bankruptcy field (as well as other areas of expertise relevant to the Chapter 11 Cases) and the customary compensation

charged by comparably skilled practitioners at Akin Gump. Accordingly, Akin Gump respectfully submits that the Court should approve the compensation for professional services and reimbursement of expenses sought herein.

96.     No agreement or understanding exists between Akin Gump and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with the Chapter 11 Cases. No prior application has been made in this Court or in any other court for the relief requested herein as it relates to the Compensation Period.

## ATTORNEY STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES

97.     The following is provided in response to the request for additional information set forth in ¶ C.5 of the U.S. Trustee Guidelines.

**Question**:    Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

Response:    No.

**Question**:    If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:    Not applicable.

**Question**:    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:    No.

**Question**:    Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

Response:    Yes. During the Compensation Period, 42.6 hours and $47,064.50 in fees were spent reviewing time records for compliance with the Fee Guidelines.

**Question**:    Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

Response:    See above.

**Question**:    If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:    Akin Gump disclosed to the Committee the hourly rates charged at the time of its retention and the hourly rates to be charged beginning in January 2020 in the Akin Retention Application, to which the Committee agreed.  On December 17, 2020 and December 21, 2021 Akin Gump filed notices disclosing to the Committee and other parties in interest that its hourly rates would be adjusted, in accordance with its customary practice, effective as of January 1, 2021 and January 1, 2022.  *See Fourth Supplemental Declaration of Arik Preis In Support of the Application of the Official Committee of Unsecured Creditors of Purdue Pharma, L.P.,* et al. *to Retain and Employ Akin Gump Strauss Hauer & Feld LLP,* Nunc Pro Tunc*, to September 26, 2019*, dated December 17, 2020 [ECF No. 2151];  *Seventh Supplemental Declaration of Arik Preis In Support of the Application of the Official Committee of Unsecured Creditors of Purdue Pharma, L.P.,* et al. *to Retain and Employ Akin Gump Strauss Hauer & Feld LLP,* Nunc Pro Tunc*, to September 26, 2019*, dated December 21, 2021 [ECF No. 4245];  *Eighth Supplemental Declaration of Arik Preis In Support of the Application of the Official Committee of Unsecured Creditors of Purdue Pharma, L.P.,* et al. *to Retain and Employ Akin Gump Hauer & Feld LLP,* Nunc Pro Tunc*, to September 26, 2019*, dated December 15, 2022 [ECF No. 5302].

## **RESERVATION OF RIGHTS**

To the extent that there are services rendered or expenses incurred that relate to the Compensation Period but were not processed prior to the preparation of the Application, Akin Gump reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

*[The remainder of this page has been left blank intentionally.]*

## **CONCLUSION**

WHEREFORE, Akin Gump respectfully requests: (i) an interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $1,182,225.50 and expense reimbursement in the amount of $19,108.16; (ii) the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Akin Gump's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of the Application; and (iii) such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
February 14, 2022

AKIN GUMP STRAUSS HAUER & FELD LLP

By: */s/ Arik Preis*
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
Edan Lisovicz
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
apreis@akingump.com
mhurley@akingump.com
sbrauner@akingump.com
elisovicz@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma, L.P.,* et al.

**<u>EXHIBIT A</u>**

**CERTIFICATION OF ARIK PREIS**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------

|                          |   |                         |
|--------------------------|---|-------------------------|
| In re:                   | : | Chapter 11              |
|                          | : |                         |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (SHL) |
|                          | : |                         |
|                Debtors.[1] | : | (Jointly Administered)  |
|                          | : |                         |

----------------------------------------------------------------

**CERTIFICATION UNDER THE FEE GUIDELINES IN RESPECT OF THE TENTH
INTERIM FEE APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
PURDUE PHARMA L.P., *ET AL.*, FOR ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE
PERIOD OF SEPTEMBER 1, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022**

I, Arik Preis, hereby certify that:

1.       I am a partner with Akin Gump,[2] with responsibility for the Chapter 11 Cases of

the above captioned Debtors.  Akin Gump is counsel to the Official Committee of Unsecured

Creditors of Purdue Pharma, L.P. and its affiliated debtors and debtors in possession (collectively,

the "Debtors").

2.       In accordance with the Fee Guidelines, this certification is made with respect to the

Application for interim allowance of compensation and reimbursement of expenses incurred

during the Compensation Period.

3.       In respect of section B.1 of the Local Guidelines, I certify that:

----

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable
jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal
Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium
Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp.
(4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue
Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805),
Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes
Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC
Pharma Inc. (4014).

[2] Capitalized terms used herein but otherwise not defined shall have the meanings ascribed to such terms in the
Application.

a.    I have read the Application;

b.    to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Fee Guidelines;

c.    the fees and disbursements sought are billed at rates in accordance with those customarily charged by Akin Gump and generally accepted by Akin Gump's clients; and

d.    in providing a reimbursable service, Akin Gump does not make a profit on that service, whether the service is performed by Akin Gump in-house or through a third party.

4.    In accordance with section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Akin Gump has complied with those provisions requiring it to provide the Debtors and the Committee with a statement of Akin Gump's fees and disbursements accrued during the previous month, although, due to administrative limitations, such statements were not always provided within the timeframe set forth in the Local Guidelines or the Interim Compensation Order.

5.    In respect of section B.3 of the Local Guidelines, I certify that the Debtors, the U.S. Trustee and the members of the Committee are each being provided with a copy of the Application.

Dated: New York, New York                    By: */s/ Arik Preis*_____
    February 14, 2022                                Arik Preis

## EXHIBIT B

### CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURE

| Blended Hourly Rates | | |
|---|---|---|
| Category of Timekeeper | Billed by Non-FR Timekeepers for Preceding Year[1] | Billed in this Application |
| Partner | $1,281.86 | $1,394.82 |
| Senior Counsel & Counsel | $983.32 | $1,112.90 |
| Associate | $699.51 | $919.46 |
| Paraprofessional & Others | $346.83 | $463.50 |
| **All Timekeepers Aggregated** | **$962.60** | **$1,015.57** |

---

[1] Consistent with U.S. Trustee Guidelines, this column discloses the blended hourly rate for the aggregate of all timekeepers in the domestic offices of Akin Gump in which timekeepers collectively billed more than 10% of the hours to these cases during the Compensation Period (*i.e.*, Dallas, New York and San Francisco), segregated by category, and excluding all data from timekeepers practicing primarily in the financial restructuring group. This data is based on information from a rolling 12-month period ending December 31, 2022.

## EXHIBIT C

**SUMMARY OF COMPENSATION BY TIMEKEEPER**

| Partners | Department | Office | Year of Admission | Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Sara Brauner | Financial Restructuring | NY | 2011 | $1,400.00 | 17.5 | $24,500.00 |
| Ashley Vinson Crawford | Litigation | SF | 2003 | $1,265.00 | 56.9 | $71,978.50 |
| Mitchell Hurley | Litigation | NY | 1997 | $1,775.00 | 6.9 | $12,247.50 |
| Howard Jacobson | Tax | DC | 1979 | $1,415.00 | 8.1 | $11,461.50 |
| Eli Miller | Corporate | NY | 2009 | $1,245.00 | 6.6 | $8,217.00 |
| Arik Preis | Financial Restructuring | NY | 2001 | $1,775.00 | 41.5 | $73,662.50 |
| Joseph Sorkin | Litigation | NY | 2001 | $1,565.00 | 4.0 | $6,260.00 |
| David Vondle | Intellectual Property | DC | 2002 | $1,265.00 | 94.0 | $118,910.00 |
| Scott Welkis | Corporate | NY | 1997 | $1,565.00 | 7.3 | $11,424.50 |
| **Partner Total:** | | | | | **242.8** | **$338,661.50** |
| **Senior Counsel & Counsel** | Department | Office | Year of Admission | Rate | Total Hours | Total Compensation |
| Danielle Crockett Ginty | Litigation | NY | 2008 | $1,085.00 | 83.6 | $90,706.00 |
| Edan Lisovicz | Financial Restructuring | NY | 2014 | $1,190.00 | 46.0 | $54,740.00 |
| Shanna Miles | Litigation | NY | 2017 | $1,055.00 | 17.7 | $18,673.50 |
| Erin Parlar | Litigation | NY | 2015 | $1,190.00 | 6.0 | $7,140.00 |
| Katherine Porter | Litigation | NY | 2011 | $1,240.00 | 1.2 | $1,488.00 |
| James Salwen | Financial Restructuring | NY | 2017 | $1,095.00 | 5.4 | $5,913.00 |
| Dennis Windscheffel | Litigation | SA | 2004 | $1,105.00 | 89.6 | $99,008.00 |
| **Senior Counsel & Counsel Total:** | | | | | **249.5** | **$277,668.50** |
| **Associates** | Department | Office | Year of Admission | Rate | Total Hours | Total Compensation |
| Braden Allman | Litigation | DA | 2018 | $940.00 | 91.9 | $86,386.00 |
| Brooks Barker | Financial Restructuring | NY | 2018 | $1,045.00 | 179.7 | $187,786.50 |
| Alan Carrillo | Financial Restructuring | DA | 2018 | $880.00 | 27.5 | $24,200.00 |
| Richard Cochrane | Litigation | DA | 2019 | $775.00 | 32.5 | $25,187.50 |
| William Foster | Litigation | SF | 2017 | $940.00 | 125.2 | $117,688.00 |
| Kaila Zaharis | Financial Restructuring | NY | 2022 | $710.00 | 101.4 | $71,994.00 |
| **Associate Total:** | | | | | **558.2** | **$513,242.00** |

| Paraprofessionals | Department | Office | Year of Admission | Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Daniel Chau | EDiscovery | NY | N/A | $420.00 | 16.8 | $7,056.00 |
| Dagmara Krasa | Paralegal, Financial Restructuring | NY | N/A | $475.00 | 5.1 | $2,040.00 |
| Melanie Langford | Paralegal, Intellectual Property | SA | N/A | $300.00 | 91.7 | $43,557.50 |
| **Paraprofessional Total:** | | | | | **113.6** | **$52,653.50** |
| **Total Hours / Fees Incurred:** | | | | | **1,164.1** | **$1,182,225.50** |

## **EXHIBIT D**

**SUMMARY OF COMPENSATION BY TASK CODE AGAINST BUDGETED HOURS
AND FEES**

| Task Code | Task Code Category | Hours Budgeted (Low – High) | Amount Budgeted (Low – High) | Actual Hours | Actual Amount |
|---|---|---|---|---|---|
| 2 | Case Administration | 0–50 | $0–$27,500 | 17.3 | $9,306.50 |
| 3 | Akin Gump Fee Application/Monthly Billing Reports | 100–200 | $100,000–$200,000 | 110.4 | $111,228.50 |
| 4 | Analysis of Other Professional Fee Applications/Reports | 20–40 | $17,000–$34,000 | 22.4 | $18,517.50 |
| 6 | Retention of Professionals | 0–25 | $0–$26,250 | 10.5 | $10,879.00 |
| 7 | Creditor Committee Matters/Meetings (including 341 meetings) | 100–200 | $107,500–$215,000 | 138.7 | $147,428.00 |
| 8 | Hearings and Court Matters/Court Preparation | 25–75 | $22,500–67,500 | 34.8 | $31,285.00 |
| 12 | Claims Analysis/Claims Objections (incl. Motions for Class Proofs of Claim) | 0–50 | $0–$48,750 | 13.1 | $12,651.00 |
| 13 | Prepetition Transactions (incl. all Sackler transactions/ distributions) | 10–50 | $13,250–$66,250 | 9.2 | $12,129.00 |
| 14 | Insurance Issues | 350–700 | $358,750–$717,500 | 484.8 | $492,182.50 |
| 17 | Adversary Proceedings (including Preliminary Injunction Motion) | 10–50 | $11,750–$58,750 | 33.9 | $39,931.00 |
| 18 | Tax Issues | 5–25 | $7,125–$35,625 | 7.9 | $11,178.50 |
| 20 | Interaction with/Review of Other Opioid Companies and Cases | 100–200 | $77,500–$155,000 | 157.5 | $119,707.50 |
| 22 | Disclosure Statement/ Solicitation/ Plan/ Confirmation | 25–250 | $39,375–$393,750 | 26 | $40,501.50 |
| 23 | Asset Dispositions/363 Asset Sales/ Bidding Procedures | 0–15 | $0–$24,000 | 1.5 | $2,662.50 |
| 29 | Intercompany Claims/Intercompany | 0–15 | $0–$24,000 | 1.5 | $2,662.50 |
| 32 | Intellectual Property | 75–125 | $93,750–$156,250 | 94.6 | $119,975.00 |
| **TOTAL** | | **845–2,130** | **$881,000–$2,326,625** | **1,164.1** | **$1,182,225.50** |

# EXHIBIT E

## SUMMARY OF EXPENSES BY CATEGORY

| Disbursement Activity | Amount ($) |
|---|---|
| Computerized Legal Research - Lexis - In Contract 30% Discount | $2,612.09 |
| Computerized Legal Research - Westlaw - In Contract 30% Discount | $8,651.80 |
| Computerized Legal Research - Courtlink - In Contract 50% Discount | $500.28 |
| Computerized Legal Research - Other | $846.40 |
| Computer Software - Expensed | $5,775.00 |
| Duplication - In House | $89.30 |
| Meals - Overtime | $127.43 |
| Meals - In House Catered | $359.61 |
| Postage | $39.13 |
| Transcripts | $56.40 |
| Local Transportation - Overtime | $50.72 |
| **Total Expenses Incurred:** | **$19,108.16** |

## **EXHIBIT F**

## **STAFFING PLAN**

| Category of Timekeeper | Number of Timekeepers Expected to Work on Matter During the Compensation Period | Average Hourly Rate |
|---|---|---|
| Partner | 9 | $1475 |
| Senior Counsel and Counsel | 7 | $1,150 |
| Associate | 6 | $900 |
| Paraprofessionals | 3 | $450 |