**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, New York 10036
Tel:  (212) 872-1000
Fax:  (212) 872-1002
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner

*Counsel to the Official Committee of*
*Unsecured Creditors of Purdue Pharma L.P., et al*

**COLE SCHOTZ P.C.**
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Tel: (302) 652-3131
Fax: (302) 652-3117
Justin R. Alberto (admitted *pro hac vice*)

*Efficiency Counsel to the Official Committee of*
*Unsecured Creditors of Purdue Pharma L.P., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (SHL) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |

**SUMMARY COVER SHEET TO THE NINTH INTERIM FEE APPLICATION OF
COLE SCHOTZ P.C. AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF PURDUE PHARMA L.P., ET AL., FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc.  (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp.  (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc.  (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc.  (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc.  (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF
SEPTEMBER 1, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022**

In accordance with the Local Bankruptcy Rules for the Southern District of New York, Cole Schotz P.C. ("Cole Schotz"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Purdue Pharma L.P. and its affiliated debtors and debtors in possession (collectively, the "Debtors") submits this summary (the "Summary") of fees and expenses sought as actual, reasonable and necessary in the fee application to which the Summary is attached (the "Application")[2] for the period from September 1, 2022 through and including December 31, 2022 (the "Compensation Period").

Cole Schotz submits the Application as its ninth interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [ECF No. 529] (the "Interim Compensation Order").

| *General Information* | |
|---|---|
| Name of Applicant: | Cole Schotz P.C. |
| Authorized to Provide Services to: | The Official Committee of Unsecured Creditors of Purdue Pharma L.P., *et al.* |
| Petition Date: | September 15, 2019 |
| Retention Date: | April 22, 2020, *nunc pro tunc* to February 24, 2020 |
| Prior Applications: | 8 |

---

[2] Capitalized terms used but not defined in the Summary shall have the meanings ascribed to such terms in the Application.

| **Summary of Fees and Expenses Sought in this Application** | |
|---|---|
| Time Period Covered by this Application: | September 1, 2022 through and including December 31, 2022 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary for the Compensation Period: | $272,464.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for the Compensation Period: | $553.80 |
| Voluntary Fee Waiver in this Compensation Period: | $27,246.40 |
| Total Compensation and Expenses Requested for the Compensation Period: | $245,771.40 |

| **Summary of Past Requests for Compensation and Prior Payments** | |
|---|---|
| Total Compensation Approved by Interim Order to Date: | $21,817,962.07 |
| Total Expenses Approved by Interim Order to Date: | $4,745.60 |
| Total Compensation Paid to Date: | $21,894,063.19 |
| Total Expenses Paid to Date: | $4,747.70 |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed (80% of Fees for the period from September 1, 2022 through and including December 31, 2022): | $76,101.12 |
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed (100% of Expenses for the period from September 1, 2022 through and including December 31, 2022): | $2.10 |

| | |
|---|---|
| Total Compensation and Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $76,103.22 |
| Total Compensation and Expenses Sought in this Application Not Yet Paid: | $169,668.18 |

### *Summary of Timekeepers and Rates in this Application*

| | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $598.86 |
| Blended Rate in this Application for All Timekeepers: | $582.19 |
| Number of Timekeepers Included in this Application: | 12 (10 attorneys; and 2 paraprofessionals) |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Compensation Period: | 5 |
| Increase in Rates Since Date of Retention: | Yes[3] |
| Interim or Final Application: | Interim |

---

[3] Cole Schotz increased its rates on September 1, 2022, consistent with its customary practice and as disclosed in Cole Schotz's retention application.  *See* ECF No. 1013.  Cole Schotz filed a notice of such rate increase on August 29, 2022.  *See* ECF No. 5043.

## SUMMARY OF MONTHLY FEE STATEMENTS

| ECF Number | Period Covered | Fees Requested | Expenses Requested | Fees Paid | Expenses Paid | Total Unpaid |
|---|---|---|---|---|---|---|
| 5272 | 9/1/22 – 9/30/22 | $95,126.40 | $2.10 | $76,101.12 | $2.10 | $19,025.28 |
| 5289 | 10/1/22 – 10/31/22 | $55,703.25 | $7.00 | $0.00 | $0.00 | $55,710.25 |
| 5349 | 11/1/22 – 11/30/22 | $59,771.25 | $541.80 | $0.00 | $0.00 | $60,313.05 |
| 5407 | 12/1/22 – 12/31/22 | $34,616.70 | $2.90 | $0.00 | $0.00 | $34,619.60 |
| **Totals** | | **$245,217.60** | **$553.80** | **$76,101.12** | **$2.10** | **$169,668.18** |

Summary of Any Objections to Monthly Fee Statements: None
Compensation and Expenses Sought in This Application Not Yet Paid: $169,668.18

## COMPENSATION BY PROFESSIONAL
## SEPTEMBER 1, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Justin R. Alberto | 2008 | Member (Bankruptcy) (since 2020) | $740.00 | 35 | $25,900.00 |
| Patrick J. Reilley | 2003 | Member (Bankruptcy) (since 2011) | $730.00 | 2.9 | $2,117.00 |
| Warren Usatine | 1995 | Member (Bankruptcy) (since 2004) | $950.00 | 0.3 | $285.00 |
| Anthony De Leo | 2013 | Associate (Bankruptcy) (since 2020) | $685.00 | 248.3 | $170,085.50 |
| Ian R. Phillips | 2015 | Associate (Litigation) (since 2016) | $480.00 | 49.9 | $23,952.00 |
| Peter Strom | 2021 | Associate (Bankruptcy) (since 2020) | $375.00 | 1.1 | $412.50 |
| Jack Dougherty | 2021 | Associate (Bankruptcy) (since 2020) | $400.00 | 17.3 | $6,920.00 |
| Michael Fitzpatrick | 2022 | Associate (Bankruptcy) (since 2020) | $400.00 | 36.4 | $14,560.00 |
| Conor D. McMullan | 2019 | Associate (Bankruptcy) (since 2022) | $375.00 | 30.6 | $11,475.00 |
| Allison E. Wrynn | 2020 | Associate (Litigation) (since 2020) | $380.00 | 14.2 | $5,396.00 |
| Larry Morton | N/A | Paralegal (Bankruptcy) (since 2020) | $355.00 | 31.8 | $11,289.00 |
| Pauline Z. Ratkowiak | N/A | Paralegal (Bankruptcy) (since 2008) | $360.00 | 0.2 | $72.00 |
| **TOTAL** | | | | **468** | **$272,464.00** |

| Less Voluntary Reduction (10%)[4] | | ($27,246.40) |
|---|---|---|
| Total Requested | | $245,217.60 |

---

[4] Effective January 1, 2022, Cole Schotz agreed to reduce its monthly fees incurred in this matter by ten-percent (10%).

## TOTAL FEES FOR THE COMPENSATION PERIOD

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners | $740.89 | 38.2 | $28,302.00 |
| Senior Counsel & Counsel | N/A | 0.0 | $0.00 |
| Associates | $585.22 | 397.8 | $232,801.00 |
| Paraprofessionals | $355.03 | 32 | $11,361.00 |
| **Blended Attorney Rate** | **$598.86** | | |
| **Blended Rate for All Timekeepers** | **$582.19** | | |
| **Total Hours / Fees Requested:** | | **468** | **$272,464.00** |
| **Less Voluntary Reduction (10%):** | | | **($27,246.40)** |
| **Total Requested:** | | | **$245,217.60** |

**COMPENSATION BY PROJECT CATEGORY**
**SEPTEMBER 1, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022**

| Matter | Total Hours Billed | Total Value ($) |
|---|---|---|
| Case Administration | 1.5 | $532.50 |
| Committee Matters and Creditor Meetings | 11 | $7,822.50 |
| Creditor Inquiries | 2.1 | $1,537.50 |
| Fee Application Matters/Objections | 54.7 | $22,686.00 |
| Litigation/Gen. (Except Automatic Stay Relief) | 389.2 | $232,855.50 |
| Prepare for and Conduct Interview and Depositions | 9.5 | $7,030.00 |
| **TOTAL:** | **468** | **$272,464.00** |
| **Less Voluntary Reduction (10%):** | | **($27,246.40)** |
| **Total Requested:** | | **$245,217.60** |

**EXPENSE SUMMARY**
**SEPTEMBER 1, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022**

| Disbursement Activity | Amount ($) |
|---|---|
| Online Research | $21.40 |
| Photocopying/Printing/Scanning | $13.20 |
| Out of Town Travel | $519.20 |
| **Total Expenses Requested:** | **$553.80** |

**TRAVEL EXPENSE SUMMARY**

| Date of Charge | Amount | Expense Description | Timekeeper |
|---|---|---|---|
| 10/15/2022 | $233.60 | Outbound flight to deposition of Navigators Specialty Insurance Company | Anthony De Leo |
| 10/15/2022 | $77.00 | Baggage fee for outbound flight to deposition of Navigators Specialty Insurance Company | Anthony De Leo |
| 10/15/2022 | $208.60 | Inbound flight from deposition of Navigators Specialty Insurance Company | Anthony De Leo |
| **Total: $519.20** | | | |

x

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel:  (212) 872-1000
Fax:  (212) 872-1002
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
Edan Lisovicz

*Counsel to the Official Committee of Unsecured
Creditors of Purdue Pharma L.P., et al.*

COLE SCHOTZ P.C.
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Tel: (302) 652-3131
Fax: (302) 652-3117
Justin R. Alberto (admitted *pro hac vice*)

*Efficiency Counsel to the Official Committee of
Unsecured Creditors of Purdue Pharma L.P., et al.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (SHL) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**NINTH INTERIM FEE APPLICATION OF COLE SCHOTZ P.C. AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PURDUE PHARMA L.P., ET AL., FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF SEPTEMBER 1, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022**

Cole Schotz P.C. ("Cole Schotz"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Purdue Pharma, L.P. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby submits its ninth interim application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), requesting interim allowance of compensation for services rendered to the Committee for the period of September 1, 2022 through and including December 31, 2022 (the "Compensation Period") and for reimbursement of expenses incurred in connection therewith. In support of this Application, Cole Schotz submits the declaration of Justin R. Alberto, a member of Cole Schotz (the "Alberto Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference into this Application. In further support of this Application, Cole Schotz respectfully states as follows.

## **INTRODUCTION**

1.      By this Application, Cole Schotz seeks: (i) interim allowance of compensation for the professional services rendered by Cole Schotz during the Compensation Period in the amount of $245,217.60[2] representing 436 hours of professional services and 32 hours of paraprofessional

---

[2] Effective January 1, 2022, Cole Schotz agreed to reduce its monthly fees incurred in this matter by ten-percent (10%).

2

and other non-legal services; and (ii) reimbursement of actual and necessary expenses incurred by Cole Schotz during the Compensation Period in the amount of $553.80.

2.        This Application has been prepared in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [ECF No. 529] (the "Interim Compensation Order"), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York (June 17, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the "Local Guidelines") and the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, 78 Fed. Reg. 36248, effective as of November 1, 2013 (the "U.S. Trustee Guidelines" and, together with the Local Guidelines, the "Fee Guidelines").

3.        The Chair (as defined below) of the Committee has been given the opportunity to review this Application and has approved the compensation and reimbursement of expenses requested herein.

## JURISDICTION AND VENUE

4.        This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Approval of this Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.        Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.        The statutory bases for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

## BACKGROUND

### A.    The Debtors' Chapter 11 Cases

7.    On September 15, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Debtors' chapter 11 cases (the "Chapter 11 Cases") are jointly administered for procedural purposes only.  No trustee or examiner has been appointed in the Chapter 11 Cases.

8.    On September 26, 2019 (the "Formation Date"), the Office of the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102(a).  *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated September 27, 2019 [ECF No. 131]; and *Second Amended Verified Statement of the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al. *Pursuant to Bankruptcy Rule 2019 to Disclosure Addition of Third* Ex Officio Member [ECF No. 1294].  The Committee currently comprises nine members and three *ex officio* members.[3]  Blue Cross and Blue Shield Association and Ryan Hampton serve as co-chairs of the Committee (the "Co-Chairs").

### B.    Retention of Cole Schotz

9.    On April 3, 2020, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Purdue Pharma L.P. to Retain and Employ Cole Schotz P.C. as Co-Counsel, Nunc Pro Tunc to February 24, 2020* [ECF No. 1013] (the "Cole Schotz Retention

---

[3] The Committee currently comprises the following members: (i) Blue Cross and Blue Shield Association (the "Chair"); (ii) CVS Caremark Part D Services L.L.C. and CaremarkPCS Health L.L.C.; (iii) Cheryl Juaire; (iv) Kara Trainor; (v) LTS Lohmann Therapy Systems Corporation; (vi) Pension Benefit Guaranty Corporation; (vii) Walter Lee Salmons; and (viii) West Boca Medical Center, plus two *ex officio* members, Cameron County, Texas on behalf of the Multi-State Governmental Entities Group, the Cheyenne and Arapaho Tribes, on behalf of certain Native American Tribes and Native American-affiliated creditors and Thornton Township High School District 205 on behalf of certain public school districts.

Application"), which was granted by an order of this Court dated April 24, 2020 [ECF No. 1084]
(the "Cole Schotz Retention Order").[4]

10.    The Cole Schotz Retention Order authorizes the Committee to retain and employ
Cole Schotz as its co-counsel in the Chapter 11 Cases in accordance with Cole Schotz's normal
hourly rates and disbursement policies, *nunc pro tunc* to February 24, 2020, all as contemplated
by the Cole Schotz Retention Application.  The Cole Schotz Retention Order further authorizes
Cole Schotz to be compensated on an hourly basis and to be reimbursed for actual and necessary
out-of-pocket expenses.

## C.    Monthly Fee Statements

11.    On December 2, 2022, Cole Schotz filed and served the *Thirty-First Monthly Fee
Statement of Cole Schotz P.C. for Compensation for Services Rendered and Reimbursement of
Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the Period from
September 1, 2022 Through September 30, 2022* [ECF No. 5272] (the "Thirty-First Monthly Fee
Statement"),[5] pursuant to which Cole Schotz sought payment of (i) $95,126.40 as compensation
for professional services rendered and (ii) $2.10 for reimbursement of expenses.  The objection
deadline for the Thirty-First Monthly Fee Statement expired on December 16, 2022.

---

[4] The Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as its lead counsel, Bayard,
P.A ("Bayard") to serve as its "efficiency" counsel, Province, Inc. ("Province") to serve as its financial advisor,
Jefferies LLC ("Jefferies") to serve as its investment banker, Kurtzman Carson Consultants LLC ("KCC") to serve as
its information agent, and KPMG LLP ("KPMG") to serve as joint tax consultant to the Committee and the Debtors
on September 29, 2019, October 1, 2019 and October 4, 2019, November 1, 2019, and December 23, 2019,
respectively.  Orders authorizing the retention of Bayard [ECF No. 523], Province [ECF No. 524], Jefferies [ECF No.
526] and KCC [ECF No. 527] were entered on November 21, 2019, and an order authorizing the retention of KPMG
was entered on February 24, 2020 [ECF No. 867].  As disclosed in the *Notice of Change of Firm and Substitution of
Counsel*, dated March 6, 2020 [ECF No. 900], on February 24, 2020, the Committee engaged Cole Schotz as substitute
efficiency counsel.

[5] A copy of the Thirty-First Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at:
https://restructuring.ra.kroll.com/purduepharma/Home-Index.

12.     On December 9, 2022, Cole Schotz filed and served the *Thirty-Second Monthly Fee Statement of Cole Schotz P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the Period from October 1, 2022 Through October 31, 2022* [ECF No. 5289] (the "Thirty-Second Monthly Fee Statement"),[6] pursuant to which Cole Schotz sought payment of (i) $55,703.25 as compensation for professional services rendered and (ii) $7.00 for reimbursement of expenses.  The objection deadline for the Thirty-Second Monthly Fee Statement expired on December 23, 2022.

13.     On January 18, 2023, Cole Schotz filed and served the *Thirty-Third Monthly Fee Statement of Cole Schotz P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the Period from November 1, 2022 Through November 30, 2022* [ECF No. 5349] (the "Thirty-Third Monthly Fee Statement"),[7] pursuant to which Cole Schotz sought payment of (i) $59,771.25 as compensation for professional services rendered and (ii) $541.80 for reimbursement of expenses.  The objection deadline for the Thirty-Third Monthly Fee Statement expired on February 1, 2023.

14.     On February 8, 2023, Cole Schotz filed and served the *Thirty-Fourth Monthly Fee Statement of Cole Schotz P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the Period from December 1, 2022 Through December 31, 2022* [ECF No. 5407] (the "Thirty-Fourth Monthly Fee Statement"),[8] pursuant to which Cole Schotz sought payment of (i) $34,616.70 as compensation

---

[6] A copy of the Thirty-Second Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-Index.

[7] A copy of the Thirty-Third Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-Index.

[8] A copy of the Thirty-Fourth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.ra.kroll.com/purduepharma/Home-Index.

for professional services rendered and (ii) $2.90 for reimbursement of expenses.  The objection

deadline for the Thirty-Fourth Monthly Fee Statement expires on February 22, 2023.

**SUMMARY OF PROFESSIONAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES REQUESTED**

15.     By this Application, Cole Schotz requests allowance of interim compensation for

professional services rendered to the Committee during the Compensation Period in the amount of

$245,217.60 and expense reimbursements of $553.80. During the Compensation Period, Cole

Schotz professionals and paraprofessionals expended a total of 468 hours for which compensation

is sought.

16.     The fees charged by Cole Schotz in the Chapter 11 Cases are billed in accordance

with Cole Schotz's existing billing rates and procedures in effect during the Compensation Period.

The rates Cole Schotz charges for the services rendered by its professionals and paraprofessionals

in the Chapter 11 Cases are the same rates Cole Schotz charges for professional and

paraprofessional services rendered in comparable non-bankruptcy related matters.  Such fees are

reasonable based on the customary compensation charged by comparably skilled practitioners in

comparable non-bankruptcy cases in a competitive national legal market.  The disclosures required

by the U.S. Trustee Guidelines regarding the customary and comparable compensation are annexed

hereto as **Exhibit B**.

17.     Cole Schotz maintains computerized records of the time spent by all Cole Schotz

professionals and paraprofessionals in connection with its representation of the Committee in the

Chapter 11 Cases.  A summary of compensation by timekeeper is attached hereto in **Exhibit C**,

and a summary of fees by task code against budgeted fees and hours is attached hereto in

**Exhibit D**.  The itemized time records for Cole Schotz professionals and paraprofessionals

performing services for the Committee during the Compensation Period have been filed and served with the Monthly Fee Statements in accordance with the Interim Compensation Order.

18.    Cole Schotz also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services.  A summary of the categories of expenses and amounts for which reimbursement is requested by this Application is attached hereto as **Exhibit E**.

19.    Cole Schotz's staffing plan for the Compensation Period is attached hereto as **Exhibit F**.

## SUMMARY OF SERVICES PERFORMED BY COLE SCHOTZ DURING THE COMPENSATION PERIOD

20.    The services provided by Cole Schotz during the Compensation Period were actual and necessary for the administration of the Chapter 11 Cases, performed at the request of Akin Gump and the Committee, and commensurate with the complexity and significance of the matter. Moreover, the variety and complexity of the issues in the Chapter 11 Cases and the need to act or respond to such issues on an expedited basis in furtherance of the Committee's needs and the interests of the Debtors' unsecured creditors required the expenditure of significant time by Cole Schotz professionals and paraprofessionals from numerous legal disciplines during the Compensation Period.

21.    The following is a summary of the professional services rendered by Cole Schotz during the Compensation Period.  This summary is organized in accordance with Cole Schotz's internal system of task codes established at the outset of the Chapter 11 Cases based on the Fee Guidelines.  In classifying services into task codes, Cole Schotz attempted to place the services performed in the category that most closely related to the services provided.  The below does not

include summaries for certain task codes for which a *de minimis* amount of time was billed during the Compensation Period.

22.     Moreover, the following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed and does not include certain categories for which minimal time was spent.  Rather, it merely is an attempt to highlight certain of those areas in which services were rendered to the Committee, as well as to identify some of the matters and issues that Cole Schotz was required to address during the Compensation Period.

### A.     Cole Schotz Fee Application Matters/Objections

| Total Hours | Fees |
|:---:|:---:|
| 54.7 | $22,686.00 |

23.     This category includes time spent by Cole Schotz professionals and paraprofessionals in connection with the preparation of Cole Schotz's monthly and interim fee statements and fee applications.  During the compensation period, these efforts included ensuring that the schedules attached to the monthly fee statements complied with the Fee Guidelines, and that such schedules did not contain information that was privileged, confidential or subject to attorney work product protection.  To minimize costs in connection with this time-intensive process, Cole Schotz relied on paraprofessionals to prepare the initial drafts of the monthly fee statements, thereby limiting the time spent by professionals on the review of fees, where reasonably practicable.

**B.      Committee Matters and Creditor Meetings**

| Total Hours | Fees |
|---|---|
| 11 | $7,822.50 |

24.      This category includes time spent by Cole Schotz professionals and paraprofessionals: (i) preparing for and participating in meetings and conference calls with the Committee as a whole or with individual members of the Committee, including bi-weekly conference calls with the full Committee; and (ii) communicating with the Committee's other advisors on a day-to-day basis regarding pending matters and case strategy (relative to the tasks for which Cole Schotz has been or is responsible).

**C.      Litigation/Gen. (Except Automatic Stay Relief)**

| Total Hours | Fees |
|---|---|
| 389.2 | $232,855.50 |

25.      This category includes time spent by Cole Schotz professionals and paraprofessionals in connection with certain litigation matters, most notably conducting discovery and otherwise investigating and preparing draft analyses regarding potential estate claims against certain third-party litigation targets, as well as time spent participating in litigation with certain of the Debtors' insurers regarding coverage disputes.

**D.      Preparation for and Conduct Interview and Deposition**

| Total Hours | Fees |
|---|---|
| 9.5 | $7,030.00 |

26.      This category includes time spent by Cole Schotz professionals and paraprofessionals in connection with depositions held during the Compensation Period in connection with the aforementioned coverage litigation. Cole Schotz professionals participated in certain depositions during the Compensation Period that related to tasks performed by Cole Schotz during the Compensation Period .  In an effort to limit the fees incurred, Cole Schotz did not

participate in depositions during the Compensation Period unless Cole Schotz was assigned to participate in such deposition by the Committee.

## ACTUAL AND NECESSARY DISBURSEMENTS

27.    Cole Schotz seeks allowance of reimbursement in the amount of $553.80 for expenses incurred during the Compensation Period in the course of providing professional services to the Committee.  Cole Schotz's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, as it relates to computerized research, Cole Schotz believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain.  Other reimbursable expenses (whether the service is performed by Cole Schotz in-house or through a third-party vendor) include, but are not limited to, long-distance calls, overtime meals, deliveries, court costs, transcript fees, discovery and temporary legal staffing services, travel and clerk fees.

## FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

28.    Bankruptcy Code section 330 provides, in relevant part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered[.]" *See* 11 U.S.C. § 330(a)(1).  In turn, Bankruptcy Code section 330 provides as follows:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

11

      (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

      (F) whether the compensation is reasonably based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

29.     The clear congressional intent and policy expressed in Bankruptcy Code section 330 is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases. *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *see also In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d. Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citations and internal quotation marks omitted).

30.     In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections,* 522 F.3d 182, 190 (2d Cir. 2007) (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92–93, 96 (1989)). The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart et al.*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A*., 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.* 133 B.R. 13 (Bankr. S.D. N.Y. 1991). The factors set

12

forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977)

have been adopted by most courts.[9]  *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987)

(adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13

(Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 Fed. Appx. 626, 629 (2d Cir. 2010)

(summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th

ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases to be considered in

determining a reasonable allowance of compensation").

   31. Cole Schotz respectfully submits that a consideration of these factors should result

in the Court's allowance of the full compensation sought in this Application.

   a. <u>Time and Labor Required</u>.  Cole Schotz billed a total of 436 hours of professional services and 32 hours of paraprofessional and other non-legal services during the Compensation Period.  As evidenced by this Application, Cole Schotz professionals and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the Compensation Period.  Cole Schotz's representation of the Committee has required it to balance the need to provide quality services with the need to act quickly and represent the Committee in an effective, efficient and timely manner.  Cole Schotz submits that the hours spent were reasonable given the size and complexity of the Chapter 11 Cases, the significant—and often urgent—legal and business issues raised in the Chapter 11 Cases.

   b. <u>Novelty and Difficulty of the Questions</u>.  Cole Schotz tasked knowledgeable attorneys to research, analyze and provide advice on difficult and complex bankruptcy, litigation, tax, trusts and estates, insurance and other issues, most notably of which is the Committee's investigation into potential estate claims and causes of action against certain third-party litigation targets.

   c. <u>Skill Requisite to Perform the Legal Services Properly</u>.  Cole Schotz believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Cole Schotz's practice and its creative approach to the resolution of issues has contributed to

---

[9] The factors articulated by the Fifth Circuit in *First Colonial* were first articulated by the Fifth Circuit in *Johnson,* with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress. *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

the administration of the Chapter 11 Cases and benefited the Debtors and the Committee.  Due to the nature and complexity of the legal issues presented by the Chapter 11 Cases, Cole Schotz was required to exhibit a high degree of legal skill in areas related to, *inter alia*, bankruptcy, litigation, trusts, and tax. Additionally, Cole Schotz's strong working relationship with the legal and financial advisors to other parties in interest enabled Cole Schotz to work with such advisors towards a swift, consensual resolution of many of the salient issues in the Chapter 11 Cases.

d.  <u>Preclusion of Other Employment by Applicant Due to Acceptance of the Case</u>. Due to the size of Cole Schotz's financial restructuring and litigation departments, Cole Schotz's representation of the Committee did not preclude its acceptance of new clients, but the demands for immediate and substantive action in the Chapter 11 Cases imposed significant burdens on Cole Schotz professionals and paraprofessionals working concurrently on other matters.

e.  <u>Customary Fee</u>.  The rates Cole Schotz charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates Cole Schotz charges for professional and paraprofessional services rendered in comparable non-bankruptcy matters.   Cole Schotz's fee structure also is equivalent to the fee structure used by Cole Schotz for restructuring, workout, bankruptcy, insolvency and comparable matters, as well as similar complex corporate and litigation matters, whether in-court or otherwise, regardless of whether a fee application is required.  The firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise and severe time pressures, as is the case here.  Cole Schotz's rate structure is similar to the rate structure used by other, similar law firms that work on other, similar matters.

f.  <u>Whether the Fee Is Fixed or Contingent</u>.  Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by the Court and are subject to adjustment depending upon the services rendered and the results obtained. The contingency of full and actual compensation to Cole Schotz increased the risk Cole Schotz was assuming by representing the Committee in the Chapter 11 Cases.

g.  <u>Time Limitations Imposed by the Client or Other Circumstances</u>.  As previously set forth herein, Cole Schotz was required to attend to certain issues arising in the Chapter 11 Cases under compressed timelines.  For example, Cole Schotz and the Committee's other advisors were faced with limited time in which to evaluate the Debtors' approach to these unprecedented Chapter 11 Cases, including the need to evaluate potentially valuable claims and causes of action. The tremendous efforts of Cole Schotz professionals and paraprofessionals in

14

completing this work permitted the Committee to address effectively various issues for the benefit of the Debtors' unsecured creditors.

h.  <u>Amount Involved and Results Obtained</u>.   Cole Schotz professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors.   During the Compensation Period, and as described in the summary of services herein, Cole Schotz was instrumental in analyzing potential sources of recovery for the benefit of unsecured creditors.   In particular, Cole Schotz's efforts in connection with, among other things, the Committee's investigation into the Sackler family, has been instrumental in ultimately preserving value for the benefit of all creditor constituencies.   Cole Schotz submits that the fees requested in this Application are reasonable and appropriate.

i.  <u>Experience, Reputation and Ability of Attorneys</u>.   Cole Schotz is a law firm that consistently is recognized as a top tier law firm in the field of creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code.   During the Compensation Period, Cole Schotz solicited the skill and expertise of its professionals and paraprofessionals.   Cole Schotz professionals have actively represented creditors and creditors' committees, as well as other parties in interest, in a number of the nation's largest chapter 11 cases.   Cole Schotz's extensive experience enables it to perform the services described herein competently and expeditiously.   In addition to its expertise in the area of corporate reorganization, Cole Schotz has called upon the expertise of its partners and associates in other practice areas to perform the wide-ranging scope of the legal work necessitated by the Chapter 11 Cases, as described above.

j.  <u>"Undesirability" of the Cases</u>.   This factor is not applicable to the Chapter 11 Cases.

k.  <u>Nature and Length of Professional Relationship</u>.   Cole Schotz has been rendering professional services to the Committee since it was selected as counsel to the Committee on February 24, 2020.

32.     For the reasons set forth above, the services rendered by Cole Schotz were necessary and beneficial to the Committee and consistently performed in a timely manner.  The compensation sought in this Application is reasonable in light of the value of such services to the Committee and all unsecured creditors, Cole Schotz's demonstrated skill and expertise in the bankruptcy field (as well as other areas of expertise relevant to the Chapter 11 Cases) and the

customary compensation charged by comparably skilled practitioners at Cole Schotz. Accordingly, Cole Schotz respectfully submits that the Court should approve the compensation for professional services and reimbursement of expenses sought herein.

33.     No agreement or understanding exists between Cole Schotz and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with the Chapter 11 Cases.  No prior application has been made in this Court or in any other court for the relief requested herein as it relates to the Compensation Period.

## **ATTORNEY STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES**

34.     The following is provided in response to the request for additional information set forth in ¶ C.5 of the U.S. Trustee Guidelines.

**Question**:    Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

Response:    Yes.  Upon its selection as substitute efficiency counsel on February 24, 2020, Cole Schotz agreed to write off all fees related to the initial retention of Cole Schotz. Further, effective January 1, 2022, Cole Schotz agreed to reduce its monthly fees incurred in this matter by ten-percent (10%).

**Question**:    If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:    Not applicable.

**Question**:    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:    No.

**Question**:    Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

16

Response:    No.

**Question**:    Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:    See above.

**Question**:    If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:    Yes, Cole Schotz's rates were adjusted on September 1, 2022, per Cole Schotz's standard business practice. The Committee was informed at the outset of Cole Schotz's engagement that rates are adjusted annually on September 1 and the Committee approved the adjustment that took effect during the Compensation Period. Cole Schotz filed a notice of these fee increases on August 29, 2022. *See* ECF No. 5043.

## **RESERVATION OF RIGHTS**

To the extent that there are services rendered or expenses incurred that relate to the Compensation Period but were not processed prior to the preparation of the Application, Cole Schotz reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

*[Remainder of Page Left Blank Intentionally]*

## CONCLUSION

**WHEREFORE**, Cole Schotz respectfully requests: (i) an interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $245,217.60 and expense reimbursement in the amount of $553.80; (ii) the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Cole Schotz's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of the Application; and (iii) such other and further relief as the Court deems just, proper and equitable.

Dated: February 14, 2023        **AKIN GUMP STRAUSS HAUER & FELD LLP**
New York, New York

/s/    *Arik Preis*
Ira Dizengoff
Arik Preis
Mitchell Hurley
Sara Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*- and –*

**COLE SCHOTZ P.C.**
Justin R. Alberto (No. 5126)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
jalberto@coleschotz.com

*Co-Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al.*

18

**EXHIBIT A**

**CERTIFICATION OF JUSTIN R. ALBERTO**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (SHL) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |

**CERTIFICATION UNDER THE FEE GUIDELINES IN RESPECT OF THE
NINTH INTERIM FEE APPLICATION OF COLE SCHOTZ AS CO-COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE
OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES FOR THE PERIOD OF SEPTEMBER 1, 2022
THROUGH AND INCLUDING DECEMBER 31, 2022**

I, Justin R. Alberto, hereby certify that:

1.      I am a partner with Cole Schotz,[2] with responsibility for the Chapter 11 Cases of the above captioned Debtors.  Cole Schotz is co-counsel to Official Committee of Unsecured Creditors of Purdue Pharma, L.P. and its affiliated debtors and debtors in possession (collectively, the "Debtors").

2.      In accordance with the Fee Guidelines, this certification is made with respect to the Application for interim allowance of compensation and reimbursement of expenses incurred during the Compensation Period.

3.      In respect of section B.1 of the Local Guidelines, I certify that:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc.  (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used herein but otherwise not defined shall have the meanings ascribed to such terms in the Application.

    a.     I have read the Application;

    b.     to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Fee Guidelines;

    c.     the fees and disbursements sought are billed at rates in accordance with those customarily charged by Cole Schotz and generally accepted by Cole Schotz's clients; and

    d.     in providing a reimbursable service, Cole Schotz does not make a profit on that service, whether the service is performed by Cole Schotz in-house or through a third party.

4.     In accordance with section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Cole Schotz has complied with those provisions requiring it to provide the Debtors and the Committee with a statement of Cole Schotz's fees and disbursements accrued during the previous month, although, due to administrative limitations, such statements were not always provided within the timeframe set forth in the Local Guidelines or the Interim Compensation Order.

5.     In respect of section B.3 of the Local Guidelines, I certify that the Debtors, the U.S. Trustee and the members of the Committee are each being provided with a copy of the Application.

Dated: Wilmington, Delaware
      February 14, 2023

By: */s/ Justin R. Alberto*      
     Justin R. Alberto

## EXHIBIT B

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURE**

The aggregate hourly rate for all Cole Schotz Delaware and New York non-bankruptcy timekeepers (including both attorneys and paralegals) (the "Non-Bankruptcy Blended Rate") for the year ending December 31, 2021 (the "Comparable Period") was $487.80 per hour, and the aggregate hourly rate for all Cole Schotz Delaware and New York bankruptcy timekeepers (including both attorneys and paralegals) (the "Bankruptcy Blended Rate") for the Comparable Period was $503.35 per hour.

The blended hourly rate for all Cole Schotz timekeepers (including both attorneys and paralegals) who provided services to the Debtors during the Fee Period was approximately $526.66 per hour.

| Category of Timekeeper | 2021 Bankruptcy Blended Rate | 2021 Non-Bankruptcy Blended Rate | Application Period Blended Rate |
|---|---|---|---|
| Member | $639.62 | $597.72 | $740.89 |
| Special Counsel | $498.63 | $554.62 | N/A |
| Associate | $431.30 | $371.48 | $585.22 |
| Paralegal | $314.53 | $284.00 | $355.03 |
| **Aggregate** | **$503.35** | **$487.80** | **$582.19** |

## EXHIBIT C

## SUMMARY OF COMPENSATION BY TIMEKEEPER

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Justin R. Alberto | 2008 | Member (Bankruptcy) (since 2020) | $740.00 | 35 | $25,900.00 |
| Patrick J. Reilley | 2003 | Member (Bankruptcy) (since 2011) | $730.00 | 2.9 | $2,117.00 |
| Warren Usatine | 1995 | Member (Bankruptcy) (since 2004) | $950.00 | 0.3 | $285.00 |
| Anthony De Leo | 2013 | Associate (Bankruptcy) (since 2020) | $685.00 | 248.3 | $ 170,085.50 |
| Ian R. Phillips | 2015 | Associate (Litigation) (since 2016) | $480.00 | 49.9 | $23,952.00 |
| Peter Strom | 2021 | Associate (Bankruptcy) (since 2020) | $375.00 | 1.1 | $412.50 |
| Jack Dougherty | 2021 | Associate (Bankruptcy) (since 2020) | $400.00 | 17.3 | $6,920.00 |
| Michael Fitzpatrick | 2022 | Associate (Bankruptcy) (since 2020) | $400.00 | 36.4 | $14,560.00 |
| Conor D. McMullan | 2019 | Associate (Bankruptcy) (since 2022) | $375.00 | 30.6 | $11,475.00 |
| Allison E. Wrynn | 2020 | Associate (Litigation) (since 2020) | $380.00 | 14.2 | $5,396.00 |
| Larry Morton | N/A | Paralegal (Bankruptcy) (since 2020) | $355.00 | 31.8 | $11,289.00 |
| Pauline Z. Ratkowiak | N/A | Paralegal (Bankruptcy) (since 2008) | $360.00 | 0.2 | $72.00 |
| **TOTAL** | | | | **468** | **$272,464.00** |

| | | |
|---|---|---|
| **Less Voluntary Reduction (10%)**[16] | | **($27,246.40)** |
| **Total Requested** | | **$245,217.60** |

---

[16] Effective January 1, 2022, Cole Schotz agreed to reduce its monthly fees incurred in this matter by ten-percent (10%).

## EXHIBIT D

## SUMMARY OF COMPENSATION BY TASK CODE AGAINST BUDGETED HOURS AND FEES

| Matter | Budgeted Hours | Budgeted Fees | Total Hours | Total Fees |
|---|---|---|---|---|
| Business Administration | 0 | $0.00 | 0 | $0.00 |
| Case Administration | 10 | $5,000.00 | 1.5 | $532.50 |
| Committee Matters and Creditor Meetings | 20 | $10,000.00 | 11 | $7,822.50 |
| Creditor Inquiries | 10 | $5,000.00 | 2.1 | $1,537.50 |
| Fee Application Matters/Objections | 60 | $30,000.00 | 54.7 | $22,686.00 |
| Litigation/Gen. (Except Automatic Stay Relief) | 500 | $250,000.00 | 389.2 | $232,855.50 |
| Preparation for and Attendance at Hearings | 10 | $5,000.00 | 0 | $0.00 |
| Prepare for and Conduct Interview and Depositions | 20 | $10,000.00 | 9.5 | $7,030.00 |
| Document Review/Committee Investigation | 0 | $0.00 | 0 | $0.00 |
| **TOTAL BUDGETED:** | **630** | **$315,000.00** | **468** | **$272,464.00** |
| **Less Voluntary Reduction (10%):** | **N/A** | **N/A** | | **($27,246.40)** |
| **Total Requested:** | **N/A** | **N/A** | | **$245,217.60** |

**EXHIBIT E**

**SUMMARY OF EXPENSES BY CATEGORY**

| Disbursement Activity | Amount ($) |
|---|---|
| Online Research | $21.40 |
| Photocopying/Printing/Scanning | $13.20 |
| Out of Town Travel | $519.20 |
| **Total Expenses Requested:** | **$553.80** |

**TRAVEL EXPENSE SUMMARY**

| Date of Charge | Amount | Expense Description | Timekeeper |
|---|---|---|---|
| 10/15/2022 | $233.60 | Outbound flight to deposition of Navigators Specialty Insurance Company | Anthony De Leo |
| 10/15/2022 | $77.00 | Baggage fee for outbound flight to deposition of Navigators Specialty Insurance Company | Anthony De Leo |
| 10/15/2022 | $208.60 | Inbound flight from deposition of Navigators Specialty Insurance Company | Anthony De Leo |
| **Total: $519.20** | | | |

# EXHIBIT F

## STAFFING PLAN

| Category of Timekeeper | Number of Timekeepers Expected to Work on Matter During the Compensation Period | Average Hourly Rate |
|---|---|---|
| Partner | 6 | $440.00 to $990.00 |
| Senior Counsel and Counsel | 0 | $440.00 to $990.00 |
| Associate | 10 | $285.00 to $535.00 |
| Staff Attorneys and Paraprofessionals | 0 | $210.00 to $330.00 |