Marshall S. Huebner                          Albert Togut
Benjamin S. Kaminetzky                       Frank A. Oswald
James I. McClammy                            Kyle J. Ortiz
Marc J. Tobak                                Brian F. Moore
**DAVIS POLK & WARDWELL LLP**                **TOGUT, SEGAL & SEGAL LLP**
450 Lexington Avenue                         One Penn Plaza, Suite 3335
New York, New York 10017                     New York, New York 10119
Telephone:    (212) 450-4000                 Telephone:    (212) 594-5000
Facsimile:    (212) 701-5800                 Facsimile:    (212) 967-4258

*Counsel to Purdue Pharma L.P. and its*      *Co-Counsel for Endo International plc and*
*affiliated debtors and debtors in possession*  *its affiliated debtors and debtors in*
                                             *possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:                                       **Chapter 11**

PURDUE PHARMA L.P., *et al.*,                **Case No. 19-23649 (SHL)**

Debtors.[1]                                  **(Jointly Administered)**

### STIPULATION AND AGREED ORDER AUTHORIZING KROLL RESTRUCTURING ADMINISTRATION LLC TO UTILIZE CONFIDENTIAL CLAIMANT NOTICING INFORMATION IN CONNECTION WITH ENDO INTERNATIONAL PLC'S CHAPTER 11 CASES

This Stipulation and Agreed Order (the "Stipulation and Order") is entered into by and

among: Purdue Pharma L.P. and its affiliated debtors and debtors in possession in the above-

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

captioned chapter 11 cases (collectively, the "Purdue Debtors" and such chapter 11 cases, the "Purdue Chapter 11 Cases") and Endo International plc and its affiliated debtors and debtors in possession (collectively, "Endo") in the jointly-administered Case No. 22-22549 (JLG) (the "Endo Chapter 11 Cases," and Endo together with the Purdue Debtors, the "Parties" and each a "Party").

**WHEREAS**, on September 15, 2019, the Purdue Debtors each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code");

**WHEREAS**, on September 20, 2019, the Court appointed Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC) ("Kroll") as the Purdue Debtors' claims and noticing agent. *See* [Purdue Dkt. No. 6];

**WHEREAS**, on September 24, 2019, the Court entered that certain *Amended Order (I) Waiving Requirement to File List of Creditors, (II) Authorizing the Debtors and the Claims and Noticing Agent to Suppress Personally Identifiable Information for Individuals, (III) Authorizing the Debtors' Claims and Noticing Agent to Withhold Publication of Claims Filed by Individuals until Further Order of the Court and (IV) Establishing Procedures for Notifying Creditors of the Commencement of the Debtors' Chapter 11 Cases* [Purdue Dkt. No. 102] *(the "Purdue PII Order")*;

**WHEREAS**, on August 16, 2022, Endo and its affiliated debtors and debtors in possession each commenced with the Court a voluntary case under the Bankruptcy Code;

**WHEREAS**, on September 6, 2022, the Court appointed Kroll as Endo's claims and noticing agent. See [Endo Dkt. No. 190];

**WHEREAS**, on November 2, 2022, the Court entered that certain *Memorandum Decision and Order Granting in Part the Motion of the Debtors for an Order (I) Waiving the Requirement*

2

*that Each Debtor Files a Separate List of its 20 Largest Unsecured Creditors; (II) Authorizing the*

*Debtors to File a Single Consolidated List of Their 50 Largest Unsecured, Non-Insider Creditors;*

*(III) Authorizing the Debtors and the Claims and Noticing Agent to Redact Personally Identifiable*

*Information for Individuals; (IV) Authorizing the Claims and Noticing Agent to Withhold*

*Publication of Claims Filed by Individuals Until Further Order of the Court; (V) Establishing*

*Procedures for Notifying Creditors of the Commencement of the Debtors' Chapter 11 Cases; and*

*(VI) Granting Related Relief* [Endo Dkt. No. 567] (including any amendments pursuant to the

related *Errata Order* signed on November 11, 2022 [Endo Dkt. No. 676] the "Endo PII Order");

**WHEREAS**, certain Endo entities have been named in over 3,500 lawsuits stemming from

the nationwide opioid epidemic. *See* Declaration of Mark Bradley in Support of Chapter 11

Petitions and First Day Papers at ¶ 49 [Endo Dkt. No. 38];

**WHEREAS**, given the potential overlap in opioid claimants in both the Purdue Chapter

11 Cases and the Endo Chapter 11 Cases, Endo is attempting to notice all opioid claimants in the

Purdue Chapter 11 Cases in connection with (a) the potential sale of substantially all of Endo's

assets under section 363 of the Bankruptcy Code and (b) the establishment of a bar date and

deadline to file proofs of claims in the Endo Chapter 11 Cases to ensure the broadest possible

notice to potential claimants in the Endo Chapter 11 Cases;

**WHEREAS**, Kroll, in its capacity as one Party's noticing and claims agent, does not share

non-public information with Kroll, in its capacity as the other Party's noticing and claims agent,

without the consent of the Party that originated the non-public information or a court order;

**WHEREAS**, contact information for many of the claimants in the Purdue Chapter 11

Cases that are not individual persons is publicly available through the Purdue Debtors' claims

register and, as to those claimants, Endo intends to utilize (or has already utilized) the available

3

addresses in the Endo Chapter 11 Cases to send a notice outlining (i) how a party may file a proof

of claim in the Endo Chapter 11 Cases and (ii) details regarding the potential sale transaction under

section 363 of the Bankruptcy Code;

**WHEREAS**, the Purdue PII Order protects "personally identifiable information of any

individuals listed on or appearing in any document filed with the court." *See* Purdue PII Order at

¶ 9. As a result, Endo is unable to review the Purdue Debtors' claims register to obtain information

necessary to provide notice in connection with the Endo Chapter 11 Cases to the Purdue Debtors'

opioid claimants who are individuals;

**WHEREAS**, Endo seeks an exception to the Purdue PII Order to allow the respective Kroll

teams working in the Purdue Chapter 11 Cases and in the Endo Chapter 11 Cases to share and

utilize in connection with the Endo Chapter 11 Cases the personally identifiable information of

creditors with opioid related claims in the Purdue Chapter 11 Cases, solely to the extent necessary

to allow Endo to send direct notice to such individuals or their counsel;

**WHEREAS**, the Court previously approved a substantially similar order to allow

Mallinckrodt plc to provide notice to holders of opioid related claims in its chapter 11 cases

[Purdue Dkt No. 3704];

**NOW**, **THEREFORE**, the following is hereby stipulated and agreed to by the Parties,

subject to approval of the Court:

1.      Kroll, in its capacity as the Purdue Debtors' noticing and claims agent, is authorized

to share with Kroll in its capacity as Endo's noticing and claims agent: (a) (i) if a creditor with an

opioid related claim is represented by counsel, such counsel's information, and (ii) if a creditor

with an opioid related claim is not represented by counsel, personally identifiable information of

such creditor, and (b) other information publicly available (and information not otherwise publicly

available) on the Purdue Debtors' claims register, in each case, solely as necessary to allow Endo

to provide notice to such individuals or their counsel in connection with the Endo Chapter 11

Cases, including for purposes of (a) providing notice of the potential sale of substantially all of

Endo's assets under section 363 of the Bankruptcy Code and (b) the establishment of a bar date

and deadline to file proofs of claims in the Endo Chapter 11 Cases, and Kroll, in its capacity as

Endo's noticing and claims agent, may utilize such information for such limited purposes and no

other purposes (the "Noticing Information"); provided, that Kroll, in either of its capacities as

Endo's or Purdue's noticing and claims agent, shall not utilize any such Noticing Information in

such a manner that would result in Kroll being required by the Court to disclose such information

publicly; provided, further, that to the extent any Noticing Information shared pursuant to this

Stipulation and Order is considered confidential information, Kroll in its capacity as the Purdue

Debtors' noticing and claims agent shall not share any such confidential information with any

other persons, and any such confidential information shared with the Parties hereto shall not be

further shared with any additional persons, other than as expressly permitted herein; and provided,

further, that no other information or work product of the Purdue Debtors or Endo shall be shared

with any other Party pursuant to this Stipulation and Order.

2.      Kroll, in its capacity as Endo's noticing and claims agent, shall be the only recipient

of the Noticing Information and is authorized to use the Noticing Information for the purposes

stated herein.

3.      All Noticing Information shared pursuant to this Stipulation and Order shall be

subject to the Purdue PII Order and the Endo PII Order.

4.      Notwithstanding and in addition to any prior agreements by the Purdue Debtors or

Endo to indemnify the Indemnified Parties (as defined below), the Purdue Debtors and Endo,

jointly and severally, shall indemnify, defend and hold Kroll and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents (collectively, the "Indemnified Parties") from and against any and all losses, claims, damages, judgments, liabilities, and expenses, whether direct or indirect (including, without limitation, counsel fees and expenses) (collectively, "Losses") resulting from, arising out of or related to the sharing and utilization of the Noticing Information (including any opioid claimant personally identifiable information) in accordance with the terms of this Stipulation and Order; provided, however, that in no event shall Kroll be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct related thereto. Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third parties against any Indemnified Party.

5.      Nothing in this stipulation creates an obligation or any liability on either Party to the other Party, including as to the adequacy or sufficiency of the other Party's noticing program.

6.      The terms and conditions of this Stipulation and Order are immediately effective and enforceable upon its entry.

7.      The Purdue Debtors, Endo, and Kroll (as noticing and claims agent in both cases) are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Stipulation and Order.

8.      The Court shall retain jurisdiction with respect to all matters arising from or related to the information shared pursuant to this Stipulation and Order.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation and Order as of the

date set forth below.

Dated: April 3, 2023
    New York, New York

_/s/ Kyle J. Ortiz_                                      _/s/ James I. McClammy_
Albert Togut                                              Marshall S. Huebner
Frank A. Oswald                                        Benjamin S. Kaminetzky
Kyle J. Ortiz                                              James I. McClammy
Brian F. Moore                                          Marc J. Tobak
**TOGUT, SEGAL & SEGAL LLP**            **DAVIS POLK & WARDWELL LLP**
One Penn Plaza, Suite 3335                    450 Lexington Avenue
New York, New York 10119                     New York, NY 10017
Telephone: (212) 594-5000                      Telephone: (212) 450-4000
Facsimile: (212) 967-4258                        Facsimile: (212) 701-5800

_Co-Counsel for Endo International plc and its_    _Counsel for Purdue Pharma L.P. and its_
_affiliated debtors and debtors in possession_      _affiliated debtors and debtors in possession_

**No Objection**

_/s/ Arik Preis_
Arik Preis
Mitchell P. Hurley
Theodore James Salwen
**AKIN GUMP STRAUSS HAUER &
FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
_Special Counsel for the Endo OCC_

**SO ORDERED.**

White Plains, New York
Dated: April ___, 2023

                                        _____
                                        THE HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

7