UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (SHL)<br><br>Jointly Administered |

**ELEVENTH SUPPLEMENTAL DECLARATION OF MARSHALL S. HUEBNER IN SUPPORT OF THE APPLICATION OF DEBTORS FOR AUTHORITY TO EMPLOY AND RETAIN DAVIS POLK & WARDWELL LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Marshall S. Huebner, hereby declare pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") as follows:

1. I am a partner of Davis Polk & Wardwell LLP ("**Davis Polk**"), a law firm with its principal office at 450 Lexington Avenue, New York, New York 10017 and other offices in Washington, D.C., Northern California, London, Madrid, São Paulo, Tokyo, Beijing and Hong Kong.

2. I submit this supplemental declaration (the "**Eleventh Supplemental Declaration**") in connection with the *Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

[ECF No. 419] (the "**Application**"),[2] filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") on November 5, 2019; the initial declaration in support of the Application (the "**Initial Declaration**") filed therewith; the *Supplemental Declaration of Marshall S. Huebner in Support of the Application of Debtors for Entry of an Order Authorizing the Debtors to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [ECF No. 703] (the "**First Supplemental Declaration**") filed by the Debtors on December 26, 2019; the *Second Supplemental Declaration of Marshall S. Huebner in Support of the Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [ECF No. 1190] (the "**Second Supplemental Declaration**") filed by the Debtors on May 28, 2020; the *Third Supplemental Declaration of Marshall S. Huebner in Support of the Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [ECF No. 2011] (the "**Third Supplemental Declaration**") filed by the Debtors on November 18, 2020; and the *Fourth Supplemental Declaration of Marshall S. Huebner in Support of the Application of Debtors for Entry of an Order Authorizing the Debtors to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [ECF No. 2219] (the "**Fourth Supplemental Declaration**") filed by the Debtors on January 5, 2021; the *Fifth Supplemental Declaration of Marshall S. Huebner in Support of the Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [ECF No. 3013] (the "**Fifth Supplemental Declaration**") filed by the Debtors on June 9, 2021; the *Sixth Supplemental Declaration of Marshall S. Huebner in Support of the Application*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

*of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [ECF No. 4159] (the "**Sixth Supplemental Declaration**") filed by the Debtors on November 18, 2021, the *Seventh Supplemental Declaration of Marshall S. Huebner in Support of the Application of Debtors for Entry of an Order Authorizing the Debtors to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [ECF No. 4259] (the "**Seventh Supplemental Declaration**") filed by the Debtors on December 31, 2021, the *Eighth Supplemental Declaration of Marshall S. Huebner in Support of the Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [ECF No. 4882] (the "**Eighth Supplemental Declaration**") filed by the Debtors on June 6, 2022, the *Ninth Supplemental Declaration of Marshall S. Huebner in Support of the Application of Debtors for Entry of an Order Authorizing the Debtors to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [ECF No. 5317] (the "**Ninth Supplemental Declaration**") filed by the Debtors on December 23, 2022, and the *Tenth Supplemental Declaration of Marshall S. Huebner in Support of the Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [ECF No. 5321] (the "**Tenth Supplemental Declaration**") filed by the Debtors on December 30, 2022. On November 25, 2019, the Court entered the *Order Granting Debtors' Application for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [ECF No. 542] (the "**Retention Order**").

3. In the Initial Declaration, I disclosed that Davis Polk initially compared each of the parties on the list of potential parties in interest in the Chapter 11 Cases (as set forth on

**Schedule 1** to the Initial Declaration, the "**Initial Potential Parties In Interest List**") to the Records Database from its conflict clearance and billing records, by searching all clients and former clients going back two years for any matters that have been opened or closed. It is Davis Polk's policy that no new matter may be accepted or opened without completing and submitting to those charged with maintaining the Records Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and other relevant parties. Accordingly, the Records Database is regularly updated for every new client retaining Davis Polk and significant matters undertaken for each such client.

4. As set forth in the Initial Declaration, Davis Polk committed that, if any new facts that Davis Polk believes should be disclosed to the Court and the parties in interest in the Chapter 11 Cases are discovered, Davis Polk would file a supplemental disclosure with the Court and serve such supplemental disclosure on the U.S. Trustee.

5. As set forth in the *Motion of Debtors for Entry of Orders (I)(a) Approving Bidding Procedures for Sale of Debtors' Avrio Assets, (b) Approving the Designation of Atlantis Consumer Healthcare Inc., a Wholly-Owned Subsidiary of Arcadia Consumer Healthcare Inc., as the Stalking Horse Bidder for the Avrio Assets, (c) Authorizing and Approving Entry into the Stalking Horse Asset Purchase Agreement, (d) Approving Bid Protections, (e) Scheduling Auction for, and Hearing To Approve, Sale of Debtors' Avrio Assets, (f) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (g) Approving Assumption and Assignment Procedures, and (h) Granting Related Relief and (II)(a) Approving Sale of Debtors' Avrio Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (b) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (c) Granting Related Relief* (the "**Avrio Sale Motion**") [ECF No. 5533], Atlantis Consumer Healthcare Inc.

4

has agreed to act as the "stalking horse" bidder in a Court-supervised auction for substantially all of the assets primarily used by Debtor Avrio Health, L.P. in the operation of its consumer health business. Atlantis Consumer Healthcare Inc. is a wholly-owned subsidiary of Arcadia Consumer Healthcare Inc. ("**Arcadia Healthcare**"). Davis Polk does not currently represent and has not in the last two years represented Arcadia Healthcare.

6. Arcadia Healthcare is a portfolio company of Bansk Group ("**Bansk**"). Bansk is a current client of Davis Polk. Bansk did not comprise greater than 1% of Davis Polk's revenues during the 12 months ended March 31, 2023. Additionally, Davis Polk did not, and does not, represent Bansk in matters related to the Debtors or the Chapter 11 Cases.

7. Based upon its internal review, Davis Polk believes that it is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither holds nor represents any interest adverse to the Debtors or their estates, in that Davis Polk, its partners, counsel and associates:

(a) are not creditors, equity security holders or insiders of the Debtors;

(b) are not and were not, within two years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer or employee of the Debtors; and

(c) do not hold or represent any interest that is materially adverse to the interests of the Debtors' estates, any class of creditors or equity security holders of the Debtors, by reason of Davis Polk's direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason, other than as set forth herein.

8. Pursuant to the Initial Declaration, Davis Polk will soon conduct a biannual review of its files to ensure that no disqualifying circumstances have arisen. If any new facts that

Davis Polk believes should be disclosed to the Court and the parties in interest in the Chapter 11 Cases are discovered, Davis Polk will file a supplemental disclosure with the Court and serve such supplemental disclosure on the U.S. Trustee. If any new material and relevant facts are discovered between the aforementioned review periods, Davis Polk will promptly file a supplemental disclosure with the Court and serve such supplemental disclosure on the U.S. Trustee.

9. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

[*Signature Page Follows*]

Dated: April 14, 2023

                By:  */s/ Marshall S. Huebner*
                      Marshall S. Huebner
                      Partner
                      Davis Polk & Wardwell LLP