| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: May 23, 2023<br>Hearing Time: 11:00 am |

```
---------------------------------------------------------  x
                                                           :
In re                                                      :    Chapter 11
                                                           :
PURDUE PHARMA L.P., et al.,                                :    Case No. 19-23649 (SHL)
                                                           :
                                        Debtors.           :    Jointly Administered
                                                           :
---------------------------------------------------------  x
```

**RESPONSE OF THE UNITED STATES TRUSTEE TO MOTION OF DEBTORS FOR ORDER AUTHORIZING IMPLEMENTATION OF 2023 KEY EMPLOYEE INCENTIVE PLAN AND 2032 KEY EMPLOYEE RETENTION PLAN**

TO:   **THE HONORABLE SEAN H. LANE,**
       **UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this Response in response to the Debtors' Motion for Entry of an Order Authorizing Implementation of 2023 Key Employee Incentive Plan and 2023 Key Employee Retention Plan (the "2023 Compensation Motion").  ECF Doc. No. 5579.  In support thereof, the United States Trustee respectfully states as follows:

## BACKGROUND

A.   <u>General Background</u>

1. The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code on September 15, 2019 (the "Petition Date").

2. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.  ECF

Doc. No. 59.

4. The Debtors are pharmaceutical companies that manufacture, sell or distribute, among other products, extended-release, long-acting opioid pain medications. See Debtors' Information Brief ECF Doc. No. 17 at 1.

5. The Debtors commenced these cases because OxyContin® Extended-Release Tablets CII, the Debtors' most prominent pain medication, has made them the target of over 2,600 civil actions pending across the United States and its territories. Id. at 16. The lawsuits have proved unmanageable for the Debtors. Id.

B. Prior Key Employee Incentive and Retention Programs

*The 2019 Benefits Motion*

6. On the Petition Date, the Debtors filed a Motion for Entry of an Order Authorizing (I) Debtors to (A) Pay Pre-Petition Wages, Salaries, Employee Benefits and Other Compensation, and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations (II) Employees and Retirees to Proceed with Outstanding Workers' Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers (the "2019 Benefits Motion"). ECF Doc. No. 6.

7. Pursuant to the 2019 Benefits Motion, the Debtors sought approval of, among other things, their: (i) 2019 Annual Incentive Plan; (ii) Long-Term Results Plan; and (iii) Non-Executive Retention Plan. Id.

8. The United States Trustee objected to the 2019 Benefits Motion. See ECF Doc. No. 134.

9. At three separate hearings, the United States Trustee argued *inter alia* that because the metrics for the payment of bonuses were not difficult to reach and purported

incentive payments were primarily for retentive purposes, the 2019 Benefits Motion violated Bankruptcy Code Section 503(c)(1).

10. Additionally, the United States Trustee asserted that because retention bonuses were to be paid to officers who were "insiders" (as that term is defined in the Bankruptcy Code), retention payments to those individuals violated Section 503(c)(1).

11. The Court overruled the objections of the United States Trustee and granted the Debtors' requests. ECF Doc. Nos. 309 and 783.

*The 2020 Compensation Motion*

12. On September 9, 2020, the Debtors filed a motion seeking approval of a key employee incentive plan and a key employee retention plan (the "2020 Compensation Motion"). ECF Doc. No. 1674. The plans set forth in the 2020 Compensation Motion were modeled on the plans set forth in the 2019 Benefits Motion. Id. at ¶ 18.

12. The United States Trustee objected to the 2020 Compensation Motion because the Debtors did not demonstrate the metrics for the bonuses associated with the incentive awards presented difficult targets and that the retention awards were in excess of market averages. ECF Doc. No. 1708.

13. The Court overruled the objections of the United States Trustee and granted the Debtors' requests. ECF Doc. Nos. 1762, 1861 and 2002.

*The 2021 Compensation Motion*

14. On June 28, 2021, the Debtors filed a Motion for Entry of an Order Authorizing Implementation of 2021 Key Employee Incentive Plan and 2021 Key Employee Retention Plan (the "2021 Compensation Motion"). ECF Doc. No. 3077. Pursuant to the 2021 Compensation

Motion, the Debtors sought to renew the programs set forth in the 2020 Compensation Motion. Id. at ¶ 20.

15. The United States Trustee objected to the 2021 Compensation Motion because the Debtors did not demonstrate the metrics for the bonuses associated with the incentive awards presented difficult targets and the retention awards were too costly.  ECF Doc. No. 3137.

16. The Court overruled the objections of the United States Trustee and granted the Debtors' requests.  ECF Doc. Nos. 3571 and 3770.

*The 2022 Compensation Motion*

17. On April 27, 2022, the Debtors filed (the "2022 Compensation Motion").  ECF Doc. No. 4707.

18. The plans set forth in the 2022 Compensation Motion were substantially similar with those in the 2019 Benefit Motion, 2020 Compensation Motion and the 2021 Compensation Motion.

19. On May 6, 2022, the United States Trustee filed a statement (the "Statement") in connection with the 2022 Compensation Motion.  ECF Doc. No. 4742.  In his Statement the United States Trustee advised the Court that he maintained the same concerns regarding the 2022 Compensation Motion that he asserted in his prior objections to the 2019 Benefits Motion, 2020 Compensation Motion and 2021 Compensation Motion.  Id. at 4.

20. On May 20, 2022, and June 16, 2022, the Court entered orders granting 2022 Compensation Motion.  ECF Nos. 4862 and 4924.

C. The 2023 Key Employ Incentive and Retention Programs

21. On May 2, 2023, the Debtors filed the 2023 Compensation Motion.

22. The plans set forth in the 2023 Compensation Motion are essentially identical to the 2019 Benefit Motion, 2020 Compensation Motion, 2021 Compensation Motion and the 2022 Compensation Motion. 2023 Compensation motion at ¶ 78.

## RESPONSE

As the Debtors themselves acknowledge, the plans set forth in the 2023 Compensation Motion are essentially identical to the plans contained in the previous motions filed by the Debtors. The United States Trustee objected to those motions but was overruled by the Court. Similarly, the United States Trustee has the same concerns with respect to the plans set forth in the 2023 Compensation Motion that were set forth in his objections to the 2019 Benefit Motion, 2020 Compensation Motion, 2021 Compensation Motion and Statement to the 2022 Compensation Motion. See ECF Nos. 134, 1708, 3137 and 4742. However, being cognizant of the Court's prior rulings on those motions, the United States Trustee will not repeat those objections herein and reserves all rights with respect to the instant motion.

WHEREFORE, the U.S. Trustee respectfully requests that the Court grant such relief as the Court deems fair and just.

Dated: New York, New York
May 15, 2023

        Respectfully submitted,

        WILLIAM K. HARRINGTON
        UNITED STATES TRUSTEE, Region 2

        By: */s/ Paul K. Schwartzberg*
        Paul K. Schwartzberg
        Trial Attorney

        Office of the United States Trustee – NY Office
        Alexander Hamilton Custom House
        One Bowling Green, Room 534
        New York, NY 10004-1408
        Telephone: (212) 510-0500