Amish R. Doshi, Esq.
**DOSHI LEGAL GROUP, P.C.**
1979 Marcus Avenue, Suite 210E
Lake Success, New York 11042
Telephone: (516) 622-2335

And

Shawn M. Christianson, Esq.
Valerie Banter Peo, Esq.
**BUCHALTER, A Professional Corporation**
425 Market Street, Suite 2900
San Francisco, California 94105-2126
Telephone: (415) 227-0900

Hearing Date: May 23, 2023
Hearing Time: 11:00 AM
Objection Date: May 19, 2023

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P., et. al.,**<br><br>Debtors. | **Chapter 11**<br><br>**Case No.   19-12649 (SHL)**<br><br>**Jointly Administered** |

**ORACLE'S RESERVATION OF RIGHTS REGARDING DEBTORS' SALE MOTION ("RIGHTS RESERVATION")**

Oracle America, Inc. ("Oracle"), a creditor and contract counter-party in the above-captioned jointly administered Chapter 11 cases, submits this Rights Reservation in response to the *Motion of Debtors For Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Avrio Assets, (B) Approving the Designation of Atlantis Consumer Healthcare Inc., a Wholly Owned Subsidiary of Arcadia Consumer Healthcare Inc., as the Stalking Horse Bidder for the Avrio Assets, (C) Authorizing and Approving Entry Into the Stalking Horse Asset Purchase Agreement, (D) Approving Bid Protections, (E) Scheduling Auction for, and Hearing to Approve Sale of Debtors' Avrio Assets, (F) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (G) Approving the Assumption and Assignment Procedures, and (H) Granting Related Relief and (II)(A) Approving Sale of Debtors' Avrio Assets Free and Clear of Liens,*

*Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Dkt. No. 5532] ("Sale Motion"), filed by Purdue Pharma L.P., *et al.* ("Debtors").

## I.    INTRODUCTION

1. Oracle's agreements are, or pertain to, licenses of intellectual property that are not assignable or transferable absent Oracle's consent, pursuant to both the underlying license agreements and applicable law.

2. The Asset Purchase Agreement between the Debtors and the successful bidder contemplates the provision of transitional services, but the Debtors have not filed a copy of that agreement and Oracle cannot ascertain whether it implicates the unauthorized shared use of Oracle's licenses.

3. Accordingly, Oracle respectfully requests that the Court condition the proposed sale and the parties' rights under any asset purchase agreement to preclude simultaneous use and access that is inconsistent with Oracle's terms of use.

## II.   FACTUAL BACKGROUND

4. The above captioned case commenced on September 15, 2019 ("Petition Date") and an order directing joint administration was entered shortly thereafter. The Debtors continue to operate as debtors in possession.

5. Oracle is a licensor of computer software and provides software related products, technical support, maintenance, educational materials and programs, as well as cloud-based and point of sale services, which often are designed for the customer's specific needs.

6. Prior to the Petition Date, the Debtors entered into various agreements with Oracle for the license of Oracle products and related support services.

7. On April 4, 2023, the Debtors filed the Sale Motion, which seeks Court authority to sell the Debtors Avrio assets.

8. The Debtors have identified Atlantis Consumer Healthcare, Inc. ("Atlantis") as the stalking horse bidder. On May 16, 2023, the Debtors filed the *Notice of Cancellation of Auction and Identification of Successful Bidder* [Dkt. No. 5603] which indicates that Atlantis is deemed to be the successful bidder for the Avrio assets.

9. The proposed Asset Purchase Agreement between the Debtors and Atlantis ("APA") is attached to the Sale Motion as Exhibit C.

10. The APA contemplates that the Debtors and Atlantis will enter into a Transitional Services Agreement ("TSA"), as follows:

> **Transition Services Agreement**. As soon as reasonably practicable following the date hereof and until the earlier of the Closing Date or the valid termination of this Agreement pursuant to **Article VIII**, the Purchaser and the Seller shall work together in good faith to agree upon the terms and conditions of the Transition Services Agreement, which shall be in customary form and substance and consistent with the terms and conditions set forth in **Exhibit D** attached hereto.

APA § 6.22.

11. Exhibit D is not attached to the APA nor has the TSA been filed with the Court. Thus, the specific services to be provided between the Debtors and Atlantis during the post-closing period are not known.

12. On April 28, 2023, the Debtors filed the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Dkt. No. 5572] ("Assumption Notice").

13. The Assumption Notice does not identify any Oracle contract for assumption and assignment in connection with the Sale Motion.

### III. ARGUMENT

**A. Debtors May Not Assume And Assign Any Oracle Agreement Absent Oracle's Consent Because The Oracle Agreements May Pertain To One Or More Licenses Of Intellectual Property.**

14. Section 365(c) of the Bankruptcy Code provides, in relevant part:

    The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

15. Federal law makes non-exclusive patent licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *In re: West Elec., Inc.) 852 F. 2d 79 (3d Cir. 1988)* (holding that the "provision limiting assumption of contracts is applicable to any contract subject to a legal prohibition against assignment."),. *See, In re Patient Educ. Media 210 B.R. 237, 243 (Bankr. S.D.N.Y 1997); See, In re Adelphia Communications Corp, et al., 359 B.R. 65 (Bankr. S.D.N.Y. 2007).*

16. If the Debtors wish to transfer Oracle agreements, or rights under them, the Debtors first must obtain Oracle's consent.

17. At this time, for the reasons discussed below, Oracle does not consent to any such transfer or shared use.

4

### B. Simultaneous Use Of Any Oracle Agreement By The Debtors and Atlantis Is Not Authorized.

18. The APA contemplates that certain services will be provided between the Debtors and Atlantis via the TSA. Precise information about the nature of the proposed services has not been provided, nor has the TSA been filed with the Court.

19. This omission precludes Oracle from evaluating whether, and if so, how, its contracts are affected.

20. Simultaneous use of, and access to, Oracle's licensed software would potentially result in an unauthorized "splitting" of the licenses between the Debtors and Atlantis.

21. Oracle objects to the extent that any transitional or shared use arrangement purports to grant to both the Debtors and Atlantis the right to shared use of the Oracle licenses beyond the licenses' terms.

22. Oracle accordingly reserves all rights regarding the APA and TSA, to the extent that either authorizes the shared use of Oracle's licensed software and/or services, pending Oracle's further review of the same.

## IV. CONCLUSION

23. For the reasons set forth above, Oracle respectfully requests that the Court condition the proposed sale and the parties' rights under any asset purchase agreement to preclude simultaneous use and access that is inconsistent with Oracle's terms of use

Dated: May 19, 2023  
      Lake Success, New York

Respectfully submitted,

By: /s/ Amish R. Doshi  
Amish R. Doshi, Esq.  
**DOSHI LEGAL GROUP, P.C.**  
1979 Marcus Avenue, Suite 210E  
Lake Success, NY 11042  
Tel: (516) 622-2335  
E-Mail: amish@doshilegal.com

Shawn M. Christianson, Esq.  
Valerie Bantner Peo, Esq.  
**BUCHALTER, A Professional Corporation**  
425 Market Street, Suite 2900  
San Francisco, California 94105-2130  
Telephone: (415) 227-0900  
E-Mail: vbantnerpeo@buchalter.com

Peggy Bruggman, Esq.  
Benjamin Wheeler, Esq.  
**ORACLE AMERICA, INC.**  
500 Oracle Parkway  
Redwood City, California 94065

**Attorneys for Oracle America, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, I served a copy of *Oracle's Reservation Of Rights Regarding Debtors' Sale Motion* on the parties listed on the attached service list via email containing a pdf of the document. In addition, the parties entitled to receive notice by the Court's CM-ECF system were sent an email notification of such filing by the Court's CM-ECF System.

    /s/ Amish R. Doshi

## SERVICE LIST

**By Email Only**

> Marshall Huebner, Esq. – Marshall.huebner@davispolk.com
> Eli Vonnegut, Esq. – eli.vonnegut@davispolk.com
> Christopher Robertson – Christopher.robertson@davispolk.com
> Dylan A. Consla, Esq. – Dylan.consla@davispolk.com
> Marie L. Gibson, Esq. – marie.gibson@skadden.com
> Caroline M. Frizzo, Esq. – caroline.frizzo@skadden.com
> Arik Preis, Esq. – apreis@akingump.com
> Sara L. Brauner, Esq. – sbrauner@akingump.com
> Kenneth Eckstein, Esq. – keckstein@kramerlevin.com
> Kevin Maclay, Esq. – kmaclay@capdale.com
> Christopher Marcus, Esq. – Christopher.marcus@kirkland.com
> Constantine N. Skarvelis, Esq. – constantine.skarvelis@kirkland.com
> Jordan E. Elkin, Esq. – jordan.elkin@kirkland.com

**By Regular Mail**

Paul Schwartzberg, Esq.
Office of US Trustee
US Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014