DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649** |
| **Debtors.**[1] | **(Jointly Administered)** |

## NOTICE OF PRESENTMENT OF APPLICATION OF DEBTORS FOR AUTHORITY TO SUPPLEMENT RETENTION AND EMPLOYMENT OF LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS EFFECTIVE AS OF APRIL 14, 2023

**PLEASE TAKE NOTICE** that on May 19, 2023, Purdue Pharma L.P. and certain of its

affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

(collectively, the "**Debtors**") filed the *Application of Debtors for Authority to Supplement Retention and Employment of Latham & Watkins LLP as Special Counsel to the Debtors Effective as of April 14, 2023* (the "**Supplemental Application**") attached hereto as <u>**Exhibit A**</u>.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will present the Supplemental Application to the Honorable Sean H. Lane, United States Bankruptcy Judge, for approval and signature on **June 2, 2023 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Supplemental Application is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned, to the chambers of the Honorable Sean H. Lane and to Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: Thomas Fafara), so as to be received by **May 30, 2023 at 4:00 p.m. (prevailing Eastern Time)**, there will not be a hearing to consider such Application, and such Application may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Supplemental Application, a hearing (the "**Hearing**") will be held to consider such Supplemental Application before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Supplemental Application may be obtained free of charge by visiting the website of Kroll Restructuring Administration LLC at

https://restructuring.ra.kroll.com/purduepharma.  You may also obtain copies of any pleadings by

visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov  in accordance with the

procedures and fees set forth therein.

Dated:   May 19, 2023
         New York, New York

                              DAVIS POLK & WARDWELL LLP

                              By: */s/ Eli J. Vonnegut*
                              Marshall S. Huebner
                              Benjamin S. Kaminetzky
                              Timothy Graulich
                              Eli J. Vonnegut
                              450 Lexington Avenue
                              New York, New York 10017
                              Telephone: (212) 450-4000
                              Facsimile: (212) 701-5800

                              *Counsel to the Debtors and*
                              *Debtors in Possession*

**Exhibit A**

**Application**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P., *et al.*,** | **Case No. 19-23649** |
| **Debtors.**[1] | **(Jointly Administered)** |

### APPLICATION OF DEBTORS FOR AUTHORITY TO SUPPLEMENT RETENTION AND EMPLOYMENT OF LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS EFFECTIVE AS OF APRIL 14, 2023

Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these

proceedings (collectively, the "**Debtors**") hereby represent in support of this application

(this "**Supplemental Application**"):

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

## Jurisdiction and Venue

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Supplemental Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 27, 2019, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors.  No trustee has been appointed.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules [D.I. 59].  Information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [D.I. 17].

4.      On April 1, 2022, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Latham & Watkins LLP as Special Counsel to the Debtors Effective as of January 13, 2022* [D.I. 4627] (the "**Initial Retention Application**").  In support of the Initial Retention Application, the Debtors submitted the *Declaration of Gregory G. Garre in Support of Application of Debtors for Authority to Retain and Employ Latham & Watkins LLP as Special Counsel to the Debtors Effective as of January 13, 2022* (the "**Garre Declaration**"). On April 18, 2022, the Court entered its *Order Authorizing the Retention and Employment of Latham & Watkins LLP as Special Counsel for the Debtors Effective as of January 13, 2022* [D.I. 4670] (the "**Initial Retention Order**")*.*

5.      On December 15, 2022, Latham & Watkins LLP ("**L&W**") filed the *Supplemental Declaration of Gregory G. Garre in Support of Application of Debtors for Authority to Retain and Employ Latham & Watkins LLP as Special Counsel to the Debtors Effective as of January 13, 2022* [D.I. 5299] (the "**First Supplemental Garre Declaration**").

**Relief Requested**

6.      By this Supplemental Application, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of an order supplementing the retention and employment of L&W to include the additional services described herein, effective as of April 14, 2023.

7.      A proposed form of order granting the relief requested in this Supplemental Application is attached hereto as **Exhibit A** (the "**Proposed Order**").

8.      In support of the relief requested herein, the Debtors submit the *Declaration of Gregory G. Garre in Support of Application of Debtors for Authority to Supplement Retention and Employment of Latham & Watkins LLP as Special Counsel to the Debtors Effective as of April 14, 2023* (the "**Second Supplemental Garre Declaration**," and with the Garre Declaration and the First Supplemental Garre Declaration, the "**Garre Declarations**"), attached hereto as **Exhibit B**.

### Scope of L&W's Services

9.      As set forth in the Initial Retention Application, the Debtors retained L&W to represent them effective as of January 13, 2022 in connection with the Debtors' appeal (the "**Bankruptcy Appeal**") of the *Decision and Order on Appeal* of the United States District Court for the Southern District of New York entered in *In re: Purdue Pharma L.P.*, SDNY No. 21 cv 7532 (CM), including prosecuting the Bankruptcy Appeal on behalf of the Debtors and advising the Debtors and their restructuring advisors in connection with the Bankruptcy Appeal (collectively, the "**Initial L&W Services**").

10.     The Debtors seek to expand the scope of L&W's employment and retention to allow L&W to represent them, effective as of April 14, 2023, in connection with the Debtors' appeal of the *Trial Opinion* entered by the United States District Court for the District of Delaware in *Purdue Pharma L.P., et al. v. Accord Healthcare Inc.*, D. Del. Civil Action No. 20-1362 (RGA) (the "**Patent Appeal**").  This includes, among other things, prosecuting the Patent Appeal on behalf of the Debtors, advising the Debtors and their restructuring advisors in connection with the Patent Appeal (as applicable), and coordinating with Jones Day, which represented the Debtors in the underlying case (the "**Supplemental L&W Services**," and with

2

the Initial L&W Services, collectively, the "**L&W Services**"). As with the Initial L&W Services, the Supplemental L&W Services are being provided pursuant to the engagement letter executed on January 24, 2022 (the "**Engagement Letter**"), which was attached as **Exhibit 1** to the Garre Declaration.

11. The Debtors wish to retain L&W to provide the Supplemental L&W Services because L&W's leading appellate litigation practice and experienced practitioners will enable the firm to effectively represent the Debtors in connection with the Patent Appeal. Moreover, given L&W's work in connection with the Initial L&W Services relating to the Bankruptcy Appeal and its familiarity with the Debtors, Debtors' counsel, and Debtors' management, it is efficient for L&W to assist the Debtors in connection with the Patent Appeal.

12. Subject to approval of this Supplemental Application, L&W has informed the Debtors that it is able and willing to serve as the Debtors' special counsel and to perform the Supplemental L&W Services during these chapter 11 cases. For the avoidance of doubt, L&W will not serve as the Debtors' general or special bankruptcy counsel and will not advise the Debtors or their estates with respect to their duties under the Bankruptcy Code.

## L&W's Qualifications

13. L&W has extensive experience in appellate litigation, including in the area of intellectual property and patent law. L&W's appellate litigation team has broad experience handling a wide variety of cases before federal courts of appeal and the Supreme Court of the United States, including the United States Court of Appeals for the Federal Circuit, and the firm's appellate experience includes cases to which the federal government, state governments, corporations, and individuals have been parties, as well as numerous cases raising challenging

questions of law.  With respect to the specific subject matter of the Patent Appeal, Daniel Brown has focused his career on litigating pharmaceutical cases governed by the Hatch-Waxman statutory regime for nearly thirty (30) years.  Over that time, Mr. Brown has litigated more than sixty (60) Hatch-Waxman cases, and has handled and/or argued more than twenty (20) appeals to the United States Court of Appeals for the Federal Circuit.  In addition, Gregory Garre has briefed and argued numerous appeals involving pharmaceuticals subject to Hatch-Waxman, and has served as lead counsel in numerous appeals in the Federal Circuit on patent and related matters.  In addition L&W's intellectual property and appellate litigation practices include more than fifteen (15) former clerks from the Federal Circuit, and numerous clerks from other Federal Courts of Appeals, and from the United States Supreme Court.  L&W's appellate litigation practice has substantial experience advising clients in connection with and arguing cases before federal courts of appeal, including the United States Court of Appeals for the Federal Circuit, and the Supreme Court of the United States.  The L&W attorneys in this practice frequently handle a broad array of complex litigation, including on constitutional, statutory, regulatory and related matters, intellectual property law matters (including patent litigation), and pharmaceutical and life sciences litigation, trials and appeals.

14.     Due to L&W's experience and knowledge in the areas for which the Supplemental L&W Services will be provided, as well as L&W's relationship with the Debtors, the Debtors believe that L&W is well qualified and able to represent the Debtors in connection with the Supplemental L&W Services, and that expansion of L&W's retention is in the best interest of the Debtors' estates, creditors, and other parties in interest.

### L&W's Disinterestedness

15.     To the best of the Debtors' knowledge, information, and belief, L&W has represented that it neither holds nor represents any interest that is materially adverse to the Debtors' estates in connection with any of the L&W Services. Accordingly, retention of L&W meets the requirements set forth in section 327(e) of the Bankruptcy Code.

16.     The Debtors have been informed that L&W will supplement the Garre Declarations if any facts or circumstances are discovered that require additional disclosure.

### L&W's Compensation

17.     As set forth in the First Supplemental Garre Declaration, L&W's billing rates for the L&W professionals and paraprofessionals who may provide services to the Debtors will range as follows:

| Billing Category | Range |
|---|---|
| Partners | $1,360 to $2,230 |
| Counsel | $1,300 to $1,690 |
| Associates | $705 to $1,400 |
| Professional Staff | $210 to $1,050 |
| Paralegals | $300 to $660 |

18.     As disclosed in the Garre Declarations, L&W has agreed to a 10% discount on its standard hourly rates and will apply such discount to the rates listed above.

19.     In addition to the hourly billing rates set forth herein, L&W customarily charges its clients for all reimbursable expenses incurred, including photocopying charges, print jobs, travel and related expenses, transcripts, computer research, and similar items. The Debtors respectfully submit that L&W's rates and policies, as stated in the Garre Declarations, are reasonable and customary.

20.     The Debtors understand that L&W will apply to the Court for allowance of compensation and reimbursement of expenses for all professional services performed and expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and fee and expense guidelines and orders of the Court, including the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 529] and the Initial Retention Order.  The Debtors also understand that L&W will seek compensation for all time and expenses associated with its retention as a professional under section 327(e) of the Bankruptcy Code, including the preparation of this Supplemental Application, the Second Supplemental Garre Declaration and related documents, as well as any monthly fee statements and/or interim and final fee applications.

21.     To the best of the Debtors' knowledge, no partner or associate of L&W, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with these chapter 11 cases, other than as permitted by the Bankruptcy Code.  L&W has agreed not to share compensation received in connection with the chapter 11 cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of sharing of compensation among L&W's partners.

## No Duplication of Services

22.     Due to L&W's limited role in advising the Debtors with respect to the L&W Services, the Debtors believe and intend that the L&W Services will complement, and not be duplicative of, the services being rendered by any other professional retained in these chapter

11 cases.  For the avoidance of doubt, this includes working cooperatively with Jones Day,

which represented the Debtors in the underlying action, to effectively and efficiently prosecute

the Patent Appeal.  L&W understands that the Debtors have retained and may retain additional

professionals during the term of their engagement and agrees to work cooperatively with such

professionals to avoid any duplication of services.

## The Relief Requested Should Be Granted

23.     Section 327(e) of the Bankruptcy Code provides that a debtor, subject to Court

approval:

> [M]ay employ, for a specified special purpose, other than to represent the
> [debtor in possession] in conducting the case, an attorney that has represented
> the debtor, if in the best interest of the estate, and if such attorney does not
> represent or hold any interest adverse to the debtor or to the estate with respect
> to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  Bankruptcy Rule 2014 requires that applications for retention of

professionals include, among other things:

> [S]pecific facts showing the necessity for the employment, the name of the
> [firm] to be employed, the reasons for the selection, the professional services to
> be rendered, any proposed arrangement for compensation, and, to the best of
> the applicant's knowledge, all of the [firm]'s connections with the debtor,
> creditors, any other party in interest, their respective attorneys and accountants,
> the United States trustee, or any person employed in the office of the United
> States trustee.

Fed. R. Bankr. P. 2014(a).

24.     In light of L&W's extensive experience handling appellate litigation matters

and its relationship with the Debtors, the Debtors respectfully submit that retaining and

employing L&W for the Supplemental L&W Services described herein and pursuant to the

terms of this Supplemental Application is necessary and in the best interests of the Debtors' estates and all parties in interest in these chapter 11 cases.

25.    The Supplemental L&W Services will not overlap with the services to be provided by the Debtors' other professionals.  Rather, the L&W Services will complement the services to be provided by the Debtors' general bankruptcy counsel, Davis Polk & Wardwell LLP, and counsel to the Debtors in the underlying patent action, Jones Day.

26.    L&W has also represented to the Debtors that it neither holds nor represents any interest that is materially adverse to the Debtors' estates in connection with any matter for which it will be employed.

## Retention Effective as of April 14, 2023 Is Warranted

27.    The Debtors requested that L&W begin providing the Supplemental L&W Services in April 2023 in light of the anticipated timing of the Patent Appeal.  The Debtors therefore believe that the employment of L&W effective as of April 14, 2023 is warranted under the circumstances so that L&W may be compensated for its services prior to entry of an order approving L&W's supplemental retention.  Further, the Debtors believe that no party in interest will be prejudiced by the granting of L&W's employment effective as of April 14, 2023 because L&W has provided, and will continue to provide, valuable services to the Debtors' estates in the interim period.

## Notice

28.    Notice of this Supplemental Application will be provided to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.ra.kroll.com/purduepharma) and (b) any party

that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

29.     A copy of this Supplemental Application and any order approving it will also be made available on the Debtors' Case Information Website located at https://restructuring.ra.kroll.com/purduepharma.  Based on the circumstances surrounding this Supplemental Application and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

30.     The Debtors have not previously sought the relief requested herein from the Court or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order and such other and further relief as is just and proper.

Dated: May 19, 2023

**PURDUE PHARMA L.P.**
(for itself and on behalf of its affiliates that are
debtors and debtors in possession)

*/s/ Marc L. Kesselman*
Marc L. Kesselman
Executive Vice President, General Counsel &
Corporate Secretary
Purdue Pharma L.P.

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 |
| Debtors.[1] | (Jointly Administered) |

## ORDER AUTHORIZING DEBTORS TO SUPPLEMENT RETENTION AND EMPLOYMENT OF LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS EFFECTIVE AS OF APRIL 14, 2023

Upon the supplemental application, dated May 19, 2023 (D.I. [ ]) (the "**Supplemental Application**"),[2] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to supplement the retention of Latham & Watkins LLP ("**L&W**") as special counsel to the Debtors with respect to the Supplemental L&W

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2]    Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Supplemental Application.

Services, effective as of April 14, 2023, all as more fully set forth in the Supplemental Application; and upon the *Declaration of Gregory G. Garre in Support of Application of Debtors for Authority to Supplement Retention and Employment of Latham & Watkins LLP as Special Counsel to the Debtors Effective as of April 14, 2023*, attached to the Supplemental Application as **Exhibit B** (the "**Second Supplemental Garre Declaration**"); and this Court having entered the *Order Authorizing the Retention and Employment of Latham & Watkins LLP as Special Counsel for the Debtors Effective as of January 13, 2022* [D.I. 4670] (the "**Initial Retention Order**"); and this Court having jurisdiction to consider the Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Supplemental Application having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having considered the Second Supplemental Garre Declaration, filed contemporaneously with the Supplemental Application, and the Court having determined that the relief sought in the Supplemental Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that L&W does not hold or represent any interest adverse to the Debtors or to their estates with respect to the matters on which L&W is being employed, and that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

2

**IT IS HEREBY ORDERED THAT**:

1.      The Supplemental Application is granted as set forth herein.

2.      The Debtors are authorized under section 327 of the Bankruptcy Code to supplement the retention and employment of L&W as special counsel to the Debtors with respect to the Supplemental L&W Services, effective as of April 14, 2023, and L&W is authorized to perform the Supplemental L&W Services described in the Supplemental Application.

3.      L&W shall be compensated and reimbursed in accordance with, and shall file interim and final fee applications for allowance of its compensation and expenses and shall be subject to, sections 330 and 331 of the Bankruptcy Code, as well as the applicable Bankruptcy Rules, Local Rules, and fee and expenses guidelines and orders of the Court, including the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 529] and the Initial Retention Order.

4.      L&W shall provide at least ten (10) business days' notice to the Debtors, the U.S. Trustee and any statutory committee appointed in these chapter 11 cases before implementing any increases in the rates set forth in the Supplemental Application for professionals providing the L&W Services, and such notice shall be filed with the Court.

5.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of the chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the chapter 11 cases to cases under chapter 7.

6.      The L&W Services will be provided to the Debtors in accordance with the engagement letter executed on January 24, 2022 (the "**Engagement Letter**"), a copy of which was attached to the Garre Declaration as **<u>Exhibit 1</u>**.

7.      Notwithstanding the entry of this Order, the Initial Retention Order and all related agreements approved thereunder shall remain in full force and effect and shall apply to the Supplemental L&W Services except as otherwise set forth herein.

8.      Notice of the Supplemental Application as provided therein is good and sufficient notice of such Supplemental Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

9.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable immediately upon its entry.

10.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Supplemental Application.

11.     In the event of any inconsistency between the Supplemental Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____ , 2023
         White Plains, New York

         _____
         THE HONORABLE SEAN H. LANE
         UNITED STATES BANKRUPTCY JUDGE

# **Exhibit B**

**Second Supplemental Garre Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF GREGORY G. GARRE IN SUPPORT OF APPLICATION OF DEBTORS FOR AUTHORITY TO SUPPLEMENT RETENTION AND EMPLOYMENT OF LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS <u>EFFECTIVE AS OF APRIL 14, 2023</u>

I, Gregory G. Garre, hereby declare that the following statements are true and correct to the best of my knowledge after due inquiry as described herein:

1.    I am a partner in the law firm of Latham & Watkins LLP ("**L&W**"), special counsel to the above-captioned debtors (the "**Debtors**") in the above-captioned bankruptcy cases. L&W is an international law firm with offices across the United States, Europe, and Asia. I am admitted in, practicing in, and a member in good standing of the bar of the District of Columbia, and there are no disciplinary proceedings pending against me. I am over the age of eighteen, am authorized to submit this Declaration, and am competent to testify on the matters contained herein.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

2.      I submit this Declaration in support of the *Application of Debtors for Authority to Supplement Retention and Employment of Latham & Watkins LLP as Special Counsel to the Debtors Effective as of April 14, 2023* (the "**Supplemental Application**").[2]  The facts set forth below are based upon my personal knowledge, information supplied to me by other L&W professionals or paraprofessionals, or my review of relevant documents.

3.      Both the Garre Declaration and the First Supplemental Garre Declaration are incorporated herein by reference.   To the extent any information disclosed in the Garre Declarations requires amendment or modification as additional party-in-interest information becomes available to L&W, a supplemental declaration will be submitted to this Court reflecting such amended or modified information.

### Scope of L&W's Services

4.      As set forth in the Initial Retention Application, the Debtors retained L&W to represent them effective as of January 13, 2022 in connection with the Debtors' appeal (the "**Bankruptcy Appeal**") of the *Decision and Order on Appeal* of the United States District Court for the Southern District of New York entered in In re: Purdue Pharma L.P., SDNY No. 21 cv 7532 (CM), including prosecuting the Bankruptcy Appeal on behalf of the Debtors and advising the Debtors and their restructuring advisors in connection with the Bankruptcy Appeal (collectively, the "**Initial L&W Services**").

5.      The Debtors seek to expand the scope of L&W's employment and retention to allow L&W to represent them, effective as of April 14, 2023, in connection with the Debtors' appeal of

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Supplemental Application.

the *Trial Opinion* entered by the United States District Court for the District of Delaware in *Purdue Pharma L.P., et al. v. Accord Healthcare Inc.*, D. Del. Civil Action No. 20-1362 (RGA) (the "**Patent Appeal**").  This includes, among other things, prosecuting the Patent Appeal on behalf of the Debtors, advising the Debtors and their restructuring advisors in connection with the Patent Appeal (as applicable), and coordinating with Jones Day, which represented the Debtors in the underlying case (the "**Supplemental L&W Services**," and with the Initial L&W Services, collectively, the "**L&W Services**").  As with the Initial L&W Services, the Supplemental L&W Services are being provided pursuant to the engagement letter executed on January 24, 2022 (the "**Engagement Letter**"), which was attached as **Exhibit 1** to the Garre Declaration.

6.    L&W's leading appellate litigation practice and experienced practitioners will enable the firm to effectively represent the Debtors in connection with the Patent Appeal.  Moreover, given L&W's work in connection with the Initial L&W Services relating to the Bankruptcy Appeal and its familiarity with the Debtors, Debtors' counsel, and Debtors' management, it is efficient for L&W to assist the Debtors in connection with the Patent Appeal.

7.    I believe that L&W is well-positioned to provide the Supplemental L&W Services to the Debtors.  Accordingly, subject to this Court's approval of the Supplemental Application, L&W is willing and able to perform the Supplemental L&W Services as requested by the Debtors and as set forth in the Supplemental Application.  For the avoidance of doubt, L&W will not serve as the Debtors' general or special bankruptcy counsel and will not advise the Debtors or their estates with respect to their duties under the Bankruptcy Code.

## **L&W's Qualifications**

8.      L&W has extensive experience in appellate litigation, including in the area of intellectual property and patent law.  L&W's appellate litigation team has broad experience handling a wide variety of cases before federal courts of appeal and the Supreme Court of the United States, including the United States Court of Appeals for the Federal Circuit, and the firm's appellate experience includes cases to which the federal government, state governments, corporations, and individuals have been parties, as well as numerous cases raising challenging questions of law.  With respect to the specific subject matter of the Patent Appeal, Daniel Brown has focused his career on litigating pharmaceutical cases governed by the Hatch-Waxman statutory regime for nearly thirty (30) years.  Over that time, Mr. Brown has litigated more than sixty (60) Hatch-Waxman cases, and has handled and/or argued more than twenty (20) appeals to the United States Court of Appeals for the Federal Circuit.  In addition, Gregory Garre has briefed and argued numerous appeals involving pharmaceuticals subject to Hatch-Waxman, and has served as lead counsel in numerous appeals in the Federal Circuit on patent and related matters.  In addition L&W's intellectual property and appellate litigation practices include more than fifteen (15) former clerks from the Federal Circuit, and numerous clerks from other Federal Courts of Appeals, and from the United States Supreme Court.  L&W's appellate litigation practice has substantial experience advising clients in connection with and arguing cases before federal courts of appeal, including the United States Court of Appeals for the Federal Circuit, and the Supreme Court of the United States.  The L&W attorneys in this practice frequently handle a broad array of complex litigation, including on constitutional, statutory, regulatory and related matters, intellectual

property law matters (including patent litigation), and pharmaceutical and life sciences litigation, trials and appeals.

9.      Due to L&W's experience and knowledge in the areas for which the Supplemental L&W Services will be provided, as well as L&W's relationship with the Debtors, I believe that L&W is well qualified and able to represent the Debtors in connection with the Supplemental L&W Services, and that expansion of L&W's retention would be in the best interest of the Debtors' estates, creditors, and other parties in interest.

### L&W's Disinterestedness

10.     To the best of my knowledge, as set forth below, L&W does not represent or hold any interest that is materially adverse to the Debtors' estates in connection with any of the L&W Services.  Accordingly, retention of L&W meets the requirements set forth in section 327(e) of the Bankruptcy Code.

11.     L&W has in the past represented, currently represents, and likely in the future will represent certain parties in interest in these chapter 11 cases (or their affiliates).  L&W has made various disclosures regarding L&W's representations of certain parties in interest in the Garre Declaration.

12.     Additionally, since the Initial Retention Application was filed, L&W has continued to review its connections to parties in interest in the chapter 11 cases using the disclosure procedures described in paragraphs 12 and 13 of the Garre Declaration.  Specifically, L&W searched its Client Database (as defined in the Garre Declaration) for connections to the parties listed on **Appendix 1** hereto (collectively, the "**Supplemental Parties in Interest**").  In addition, L&W re-ran searches in its Client Database for entities that were previously searched in connection

with the Initial Retention Application.  These inquiries revealed that certain of the parties in interest are current or former clients of L&W, or were clients of L&W attorneys while such attorneys were at a prior firm.  Such parties in interest, and their relationship to L&W, are listed on **Appendix 2** to this Declaration.  Through the information generated by this computer inquiry, and through follow-up inquiries with L&W attorneys as necessary, it was determined that the representation of the parties in interest disclosed on **Appendix 2** hereto concerned matters in which such clients were not adverse to the Debtors or the Debtors' estates with respect to the L&W Services.  Under section 327(e) of the Bankruptcy Code, L&W is not disqualified from acting as the Debtors' special counsel merely because it represents parties in interest in matters unrelated to the L&W Services.

13.      To the best of my knowledge, after due inquiry, the proposed engagement of L&W is not prohibited by or improper under Bankruptcy Rule 5002(a).  Further, to the best of my knowledge and based on the information available to me, L&W neither represents nor holds an interest adverse to the interests of the Debtors or their estates with respect to the matters on which L&W is to be employed.

14.      L&W will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, L&W will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).  In that regard, L&W intends to disclose clients in the capacity that they first appear in a conflicts search.  For example, if a client has already been disclosed in this Declaration in one capacity, and the client appears in a subsequent conflicts search in a different

capacity, then L&W does not intend to disclose the same client again in supplemental declarations,

unless the circumstances are such in the latter capacity that additional disclosure is required.

### Professional Compensation

15.     As set forth in the First Supplemental Garre Declaration, L&W's billing rates for

L&W professionals and paraprofessionals who may provide services to the Debtors will range as

follows:

| Billing Category | Range |
|---|---|
| Partners | $1,360 to $2,230 |
| Counsel | $1,300 to $1,690 |
| Associates | $705 to $1,400 |
| Professional Staff | $210 to $1,050 |
| Paralegals | $300 to $660 |

16.     As disclosed in the Garre Declarations, L&W has agreed to a 10% discount on its

standard hourly rates and will apply such discount to the rates listed above.

17.     These hourly rates are subject to periodic adjustments to reflect economic and other

conditions (which adjustments will be reflected in the first L&W fee application following such

adjustments) and are consistent with the rates charged elsewhere.[3]

18.     In addition to the hourly billing rates set forth herein, L&W customarily charges its

clients for all reimbursable expenses incurred, including photocopying charges, print jobs, travel

and related expenses, transcripts, computer research, and similar items.  I believe that L&W's rates

and policies, as stated in the Garre Declarations, are reasonable and customary.

---

[3]     Like many of its peer law firms, L&W periodically increases the hourly billing rate of attorneys and paraprofessionals in the form of (a) step increases historically awarded in the ordinary course of business on the basis of advancing seniority and promotion and (b) periodic increases within each attorney's and paraprofessional's current level of seniority.

19.     L&W will apply to the Court for allowance of compensation and reimbursement of expenses for all professional services performed and expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and fee and expense guidelines and orders of the Court, including the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 529] and the Initial Retention Order.  L&W will seek compensation for all time and expenses associated with its retention as a professional under section 327(e) of the Bankruptcy Code, including the preparation of the Supplemental Application, this Declaration and related documents, as well as any monthly fee statements and/or interim and final fee applications.

20.     I believe that the compensation structure and other terms and conditions set forth herein are reasonable terms and conditions of employment and should be approved.

21.     Other than as set forth above, no arrangement has been proposed between the Debtors and L&W for compensation to be paid in these cases.

22.     L&W will use its best efforts to avoid duplicating services rendered by the Debtors' other retained professionals.

23.     L&W understands the provisions of sections 327, 328, 330 and 331 of the Bankruptcy Code which require, among other things, Court approval of the Debtors' supplementing the employment of L&W as special counsel with respect to the Supplemental L&W Services, and all of the legal fees and reimbursement of expenses that L&W will receive from the Debtors and the Debtors' estates.

## Retention Effective as of April 14, 2023 Is Warranted

24.     The Debtors requested that L&W begin providing the Supplemental L&W Services

in April 2023 in light of the anticipated timing of the Patent Appeal.  Accordingly, I believe that

the employment of L&W effective as of April 14, 2023 is warranted under the circumstances so

that L&W may be compensated for its services prior to entry of an order approving L&W's

supplemental retention.  Further, because L&W has provided, and will continue to provide,

valuable services to the Debtors' estates in the interim period, no party in interest will be prejudiced

by the granting of L&W's employment effective as of April 14, 2023.

## Statement Regarding U.S. Trustee Guidelines

25.     The following information is provided in accordance with paragraph D.1 of the

U.S. Trustee Guidelines:

**Question**:  Did you agree to any variations from, or alternatives to, your standard or
customary billing arrangements for this engagement?

**Response**:  L&W has agreed to a 10% discount on its standard hourly rates.

**Question**:  Do any of the professionals included in this engagement vary their rate based
on the geographic location of the bankruptcy case?

**Response**:  No.

**Question**:  If you represented the client in the 12 months prepetition, disclose your billing
rates and material financial terms for the prepetition engagement, including
any adjustments during the 12 months prepetition. If your billing rates and
material financial terms have changed postpetition, explain the difference and
the reasons for the difference.

**Response**:  L&W did not represent the Debtors in the 12 months prepetition.  As disclosed
in the First Supplemental Garre Declaration, L&W's billing rates increased
effective January 1, 2023 to reflect regular, annual rate increases.

**Question**:  Has your client approved your prospective budget and staffing plan, and, if so,
for what budget period?

**Response**:  If deemed necessary, the Debtors and L&W will develop a prospective budget and staffing plan for L&W's engagement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, to the best of my knowledge, information, and belief, and after reasonable inquiry.

Executed on this 19th day of May, 2023.

 */s/ Gregory G. Garre*
Gregory G. Garre

**Appendix 1**

**Supplemental Parties in Interest List**

**<u>Current Directors and Officers</u>**

BRIANNE WEINGARTEN
CRAIG LANDAU, M.D.
DONOGH MCGUIRE
DR. SAJJAN DANIEL
F. MARK GERACI
HUSSEIN GHNAIMEH
JOSEPH NORTHINGTON
JULIE DUCHARME
KAREN LAUREL
MARC L. KESSELMAN
MARGARET FELTZ
MICHAEL RONNING
MONICA KWARCINSKI
RICHARD W. SILBERT
ROXANA ALEALI
SAILAJA BHASKAR, PH.D.
SARAH ROBERTSON
TERRENCE RONAN

**<u>Former Directors and Officers</u>**

AARON GRAHAM
ALAN BUTCHER
ANTHONY C. SANTOPOLO, M.D.
BENJAMIN OSHLACK
BERT WEINSTEIN
BEVERLY SACKLER
BURT ROSEN
CARL GRAF
CAROLINE CHOMIAK
CHRISTIAN MAZZI
DANIELLE NELSON
DAVID E. LONG
DAVID LONG
DAVID S. FOGEL
DAVID VOLOSIN
DENNIS A. MERLO
ECKHARD MUHLHAUSER
EDWARD ALBRIGHT
EDWARD MURRAY

FRED SCHAEFER
FREDERICK A. SEXTON
GARY STILES, M.D.
GLENN VAN BUSKIRK
HANS PETER KIRCHGAESSNER
HOLBROOK BUGBEE
HOWARD R. UDELL
JAMES DOLAN
JAMES DOYLE
JEAN-JACQUES CHARHON
JOHN H. STEWART
JONATHAN G. WHITE
JUDY LEWENT
KATHLEEN M. SCHADY
LARRY A. PICKETT, JR.
LOUIS J. DEBONE
MAHMOUD MAHMOUDIAN
MARK ALFONSO
MARK CHASIN
MARK FLETCHER
MARK TIMNEY
MARTIN GREENE
MARY E. OGLE
MICHAEL COLLINS
MICHAEL FRIEDMAN
PAUL D. GOLDENHEIM, M.D.
PHILIP J. PALERMO, PH.D.
RANDY SHAMBLEN
RAUL DAMAS
RICH FANELLI
ROBERT F. KAIKO
ROBERT J. KUPPER
ROBERT REDER
ROBERT SHAPIRO
ROBERT THEBEAU
ROBIN ABRAMS
ROGER W. CROSWELL, PH.D.
RONALD BURCH
RUSS GASDIA
SAEED MOTAHARI
SUSIE ROBINSON
THOMAS L. ANDERSON
TODD BAUMGARTNER, M.D.
VINCENT F. MANCINELLI II
WILLIAM F. HERLIHY
WILLIAM LOOMIS

#96902910v2

WILLIAM MALLIN

**Vendors**

A&A PV CONSULTING LIMITED
ADEN PHARMACOVIGILANCE
ANJU SOFTWARE INC
ASCEND PACKAGING SYSTEMS LLC
AZELIS PHARMA & HEALTHCARE US
BASF CORPORATION
BATTELLE MEMORIAL INSTITUTE
CBTS LLC
CHPA EDUCATIONAL FOUNDATION
CMK SELECT
CORY PAETH
COVENTRY TAX COLLECTOR
DOVETAIL CONSULTING GROUP LLC
EMISAR PHARMA SERVICES LLC
EVALUATE LIMITED
FIDELIO HEALTHCARE LIMBURG GMBH
FLETCHER KNIGHT INC
FREEDOM INDUSTRIES INC
FREEH SPORKIN AND SULLIVAN LLP
GERICARE PHARMACEUTICALS
ICON CLINICAL RESEARCH LIMITED
IHEALTH DATA SCIENCES LLC
INDUSTRIAL PHARMACEUTICAL
IPD ANALYTICS LLC
KANBAN INDUSTRIES INC
KIRKLAND & ELLIS LLP
KP PHARMACEUTICAL TECHNOLOGY INC
KYMANOX CORPORATION
LANDAU C ML
LATHAM & WATKINS LLP
LINGUIS TECHS INC
LONZA GREENWOOD LLC
LYNX GROUP LLC
MARSH MANAGEMENT SERVICES
MAZIKGLOBAL TRADEMARK
MERATIVE US LP
NJM PACKAGING INC
OPTEL GROUP USA
OPTUMINSIGHT LIFE SCIENCES INC
PEARL MANAGEMENT CONSULTING LLC
PEOPLE 2.0 NORTH AMERICA LLC
PHARMA NOBIS LLC

#96902910v2

PHARMARON MAF SERVICES (US) LLC
PULLMAN & COMLEY LLC
SHOPKICK INC
SKURKA CONSTRUCTION INC
SST CORPORATION
STAGEBIO
STAPLES BUSINESS ADVANTAGE
STONHARD DIV OF STONCOR GROUP INC
TECH PAINTING CO INC AND
THE TOPSPIN GROUP
TREASURER STATE OF MAINE BOP
TRIANGLE EAST STORAGE INC
TRIRX HUNTSVILLE PHARMA SVCS LLC
VIWIT PHARMACEUTICAL CO LTD
WALKER PAINT COMPANY INC
WILSON IRON WORKS INC
ZYCUS INC

**Other Professionals**

JUDGE COLLEEN MCMAHON
STEVE BULLOCK (COURT APPOINTED MONITOR)
SULLIVAN & WORCESTER LLP
KLEINBERG KAPLAN (COUNSEL TO THE STATE OF WASHINGTON)

**Judges of the United States Court of Appeals for the Second Circuit**

RICHARD C. WESLEY
EUNICE C. LEE
JON O. NEWMAN

**Employee Indemnity Legal Counsel**

ORRICK HERRINGTON & SUTCLIFFE

**Adv. Proc. Case No. 21-07005**

AIG SPECIALTY INSURANCE COMPANY (F/K/A AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE COMPANY)
ALLIED WORLD ASSURANCE COMPANY, LTD.
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY
AMERICAN INTERNATIONAL REINSURANCE COMPANY (F/K/A STARR EXCESS
LIABILITY INSURANCE INTERNATIONAL LIMITED)
ARCH REINSURANCE LTD.
ASPEN AMERICAN INSURANCE COMPANY
CERTAIN MEMBER COMPANIES OF THE INTERNATIONAL UNDERWRITING

#96902910v2

ASSOCIATION OF LONDON SUBSCRIBING TO POLICY NO. 823/KE0002108
CHUBB BERMUDA INSURANCE LTD. (F/K/A ACE BERMUDA INSURANCE LTD.)
EVANSTON INSURANCE COMPANY
GULF UNDERWRITERS INSURANCE COMPANY
HDI GLOBAL SE (F/K/A GERLING-KONZERN GENERAL INSURANCE COMPANY)
IRONSHORE SPECIALTY INSURANCE COMPANY (F/K/A TIG SPECIALTY
INSURANCE
COMPANY)
LIBERTY INSURANCE CORPORATION
LIBERTY MUTUAL FIRE INSURANCE COMPANY
LIBERTY MUTUAL INSURANCE COMPANY
LIBERTY MUTUAL INSURANCE EUROPE SE (F/K/A LIBERTY INTERNATIONAL
INSURANCE COMPANY)
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA
NAVIGATORS SPECIALTY INSURANCE COMPANY
NORTH AMERICAN ELITE INSURANCE COMPANY
ST. PAUL FIRE AND MARINE INSURANCE COMPANY
STEADFAST INSURANCE COMPANY
SWISS RE INTERNATIONAL S.E. (F/K/A SR INTERNATIONAL BUSINESS INSURANCE
COMPANY
ALSO F/K/A ZURICH REINSURANCE (LONDON) LIMITED)
TENECOM LIMITED (F/K/A WINTERTHUR SWISS INSURANCE COMPANY)
XL BERMUDA LTD. (F/K/A XL INSURANCE COMPANY, LTD.)
XL INSURANCE AMERICA, INC.

**Adv. Proc. Case No. 19-23649**

STACEY BRIDGES
CREIGHTON BLOYD

**Other**

ARCADIA CONSUMER HEALTHCARE INC.
ATLANTIS CONSUMER HEALTHCARE INC.
BANSK GROUP
TRIGILD, INC

## Appendix 2

### Client Match List

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| APC WORKFORCE SOLUTIONS LLC | 50 Largest Unsecured Creditors | Prior Client |
| COGNIZANT TECH SOLUTIONS US CORP | 50 Largest Unsecured Creditors | Current Client, Prior Client |
| PURPLE STRATEGIES LLC | 50 Largest Unsecured Creditors | Current Client |
| AIG SPECIALTY INSURANCE COMPANY (F/K/A AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY) | Adv. Proc. Case No. 21-07005 | Current Client, Prior Client |
| ALLIED WORLD ASSURANCE COMPANY, LTD. | Adv. Proc. Case No. 21-07005 | Prior Client |
| ARCH REINSURANCE LTD. | Adv. Proc. Case No. 21-07005 | Current Client, Prior Client |
| ASPEN AMERICAN INSURANCE COMPANY | Adv. Proc. Case No. 21-07005 | Current Client, Prior Client |
| CHUBB BERMUDA INSURANCE LTD. (F/K/A ACE BERMUDA INSURANCE LTD.) | Adv. Proc. Case No. 21-07005 | Prior Client |
| GULF UNDERWRITERS INSURANCE COMPANY | Adv. Proc. Case No. 21-07005 | Prior Client |
| HDI GLOBAL SE (F/K/A GERLING-KONZERN GENERAL INSURANCE COMPANY) | Adv. Proc. Case No. 21-07005 | Current Client, Prior Client |
| IRONSHORE SPECIALTY INSURANCE COMPANY (F/K/A TIG SPECIALTY INSURANCE COMPANY) | Adv. Proc. Case No. 21-07005 | Current Client, Prior Client |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | Adv. Proc. Case No. 21-07005 | Prior Client |
| LIBERTY MUTUAL INSURANCE COMPANY | Adv. Proc. Case No. 21-07005 | Prior Client |
| LIBERTY MUTUAL INSURANCE EUROPE SE (F/K/A LIBERTY INTERNATIONAL INSURANCE COMPANY) | Adv. Proc. Case No. 21-07005 | Prior Client |
| NAVIGATORS SPECIALTY INSURANCE COMPANY | Adv. Proc. Case No. 21-07005 | Current Client, Prior Client |

---

[1] The term "**Current Client**" refers to an entity listed as a client in L&W's Client Database for whom time has been recorded in the past three years and L&W has at least one open matter. The term "**Former Client**" refers to an entity listed as a client in L&W's Client Database for whom time has been recorded in the past three years but all matters for such client have since been closed. The term "**Prior Client**" refers to an entity listed as a client of an L&W attorney while such attorney was at a prior firm.

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| SWISS RE INTERNATIONAL S.E. (F/K/A SR INTERNATIONAL BUSINESS INSURANCE COMPANY ALSO F/K/A ZURICH REINSURANCE (LONDON) LIMITED) | Adv. Proc. Case No. 21-07005 | Current Client, Prior Client |
| XL BERMUDA LTD. (F/K/A XL INSURANCE COMPANY, LTD.) | Adv. Proc. Case No. 21-07005 | Prior Client |
| XL INSURANCE AMERICA, INC. | Adv. Proc. Case No. 21-07005 | Prior Client |
| BANK OF OKLAHOMA | Banks | Prior Client |
| EISAI | Business Development | Prior Client |
| GRUNENTHAL | Business Development | Current Client, Prior Client |
| UNIVERSITY OF TEXAS | Business Development | Current Client, Prior Client |
| GILBERT LLP | Creditor Committee Professionals | Prior Client |
| FISHER SCIENTIFIC | Customers | Former Client, Prior Client |
| GIANT EAGLE | Customers | Prior Client |
| KPH HEALTHCARE SERVICES INC | Customers | Prior Client |
| KROGER | Customers | Prior Client |
| WINCO FOODS LLC | Customers | Prior Client |
| WINN DIXIE | Customers | Prior Client |
| LOWENSTEIN SANDLER LLP | Debtor Legal Counsel | Current Client |
| REED SMITH, LLP | Debtor Legal Counsel | Prior Client |
| MCDERMOTT WILL & EMERY | Director and Officer Legal Counsel | Current Client, Prior Client |
| PENSION BENEFIT GUARANTY CORPORATION | Government Authorities | Prior Client |
| WHITE & CASE LLP | Individual Victims Group | Prior Client |
| FACTORY MUTUAL INSURANCE COMPANY | Insurers | Prior Client |
| FM GLOBAL TRANSIT | Insurers | Prior Client |
| IRONSHORE SPECIALTY INSURANCE COMPANY | Insurers | Prior Client |
| GRÜNENTHAL GMBH | Licensing Agreements | Current Client, Prior Client |
| UNIVERSITY OF TEXAS | Licensing Agreements | Current Client, Prior Client |
| ASSERTIO THERAPEUTICS, INC. | Major Co-Defendants | Current Client, Prior Client |
| DEPOMED, INC. | Major Co-Defendants | Current Client, Prior Client |
| RITE AID CORPORATION | Major Co-Defendants | Current Client, Prior Client |
| RITE AID CORPORATION OF NEW YORK, INC. | Major Co-Defendants | Current Client, Prior Client |
| RITE AID HEADQUARTERS CORPORATION | Major Co-Defendants | Current Client, Prior Client |
| RITE AID OF GEORGIA, INC. | Major Co-Defendants | Current Client, Prior Client |
| RITE AID OF MARYLAND, INC. | Major Co-Defendants | Current Client, Prior Client |

#96902910v2

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| RITE AID OF MASSACHUSETTS INC. | Major Co-Defendants | Current Client, Prior Client |
| RITE AID OF MICHIGAN, INC. | Major Co-Defendants | Current Client, Prior Client |
| RITE AID OF NEW YORK, INC. | Major Co-Defendants | Current Client, Prior Client |
| RITE AID OF NORTH CAROLINA, INC. | Major Co-Defendants | Current Client, Prior Client |
| RITE AID OF OHIO, INC. | Major Co-Defendants | Current Client, Prior Client |
| RITE AID OF WEST VIRGINIA, INC. | Major Co-Defendants | Current Client, Prior Client |
| BANSK GROUP | Other | Prior Client |
| MCKINSEY & CO INC | Other Consultants & Advisors | Current Client, Prior Client |
| ZS ASSOCIATES INC | Other Consultants & Advisors | Prior Client |
| RAFA LABORATORIES LIMITED | Other Related Entities | Prior Client |
| AUTAUGA COUNTY, ALABAMA | Plaintiffs | Prior Client |
| BON SECOURS HEALTH SYSTEM, INC. | Plaintiffs | Current Client, Prior Client |
| CITY OF ROCHESTER | Plaintiffs | Prior Client |
| COUNTY OF SAN BERNARDINO | Plaintiffs | Former Client, Prior Client |
| COUNTY OF SANTA BARBARA | Plaintiffs | Prior Client |
| COUNTY OF SUFFOLK | Plaintiffs | Prior Client |
| MONTGOMERY COUNTY | Plaintiffs | Prior Client |
| MSP RECOVERY CLAIMS SERIES LLC | Plaintiffs | Current Client |
| ONEIDA NATION | Plaintiffs | Current Client, Prior Client |
| PALA BAND OF MISSION INDIANS | Plaintiffs | Prior Client |
| SHEET METAL WORKERS LOCAL NO. 25 HEALTH AND WELFARE FUND | Plaintiffs | Prior Client |
| THE NAVAJO NATION | Plaintiffs | Current Client |
| YUROK TRIBE | Plaintiffs | Prior Client |
| CITY OF ROCHESTER | Plaintiffs' Attorneys | Prior Client |
| GILBERT LLP | Plaintiffs' Attorneys | Prior Client |
| PRINCE GLOVER & HAYES | Plaintiffs' Attorneys | Prior Client |
| STEVENS LEE | Private Insurance Class | Prior Client |
| UNITED HEALTHCARE SERVICES INC. | Private Insurance Class | Current Client, Prior Client |
| TENEO STRATEGY LLC | Restructuring Professionals | Current Client, Prior Client |
| CALIFORNIA AG'S OFFICE | State AG | Prior Client |
| MASSACHUSETTS AG'S OFFICE | State AG | Prior Client |
| PENSION BENEFIT GUARANTY CORPORATION | UCC Members | Prior Client |
| CABLEVISION LIGHTPATH INC | Utilities | Prior Client |
| CON EDISON | Utilities | Current Client, Prior Client |

3

#96902910v2

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| DOMINION ENERGY | Utilities | Current Client, Prior Client |
| PSNC ENERGY | Utilities | Prior Client |
| SPECTRUM BUSINESS | Utilities | Prior Client |
| STERICYCLE INC | Utilities | Current Client, Prior Client |
| WASTE INDUSTRIES LLC | Utilities | Former Client |
| AZELIS PHARMA & HEALTHCARE US | Vendors | Current Client, Prior Client |
| BASF CORPORATION | Vendors | Prior Client |
| CBTS LLC | Vendors | Current Client, Prior Client |
| CHPA EDUCATIONAL FOUNDATION | Vendors | Prior Client |
| COGNIZANT TECH SOLUTIONS US CORP | Vendors | Current Client, Prior Client |
| COGNIZANT WORLDWIDE LIMITED | Vendors | Current Client, Prior Client |
| COMDATA INC | Vendors | Current Client, Prior Client |
| DEPOMED INC | Vendors | Current Client, Prior Client |
| EDWARDS INC | Vendors | Current Client, Prior Client |
| EMISAR PHARMA SERVICES LLC | Vendors | Current Client |
| EPLUS TECHNOLOGY INC | Vendors | Prior Client |
| EVALUATE LIMITED | Vendors | Prior Client |
| FEDERAL TRADE COMMISSION | Vendors | Prior Client |
| GARTNER INC | Vendors | Prior Client |
| GEODIS USA INC | Vendors | Prior Client |
| GRUNENTHAL GMBH (EUR) | Vendors | Current Client, Prior Client |
| HARMONY FOODS CORPORATION | Vendors | Prior Client |
| ICON CLINICAL RESEARCH LIMITED | Vendors | Prior Client |
| IHEALTH DATA SCIENCES LLC | Vendors | Prior Client |
| INFORMA BUSINESS INTELLIGENCE INC | Vendors | Prior Client |
| INFORMA UK LIMITED | Vendors | Prior Client |
| INFORMATION RESOURCES INC | Vendors | Prior Client |
| INTEGRATED BEHAVIORAL HEALTH INC | Vendors | Current Client |
| INTERCHEM TRADING CORPORATION | Vendors | Prior Client |
| JOHNSON CONTROLS INC | Vendors | Prior Client |
| KIRKLAND & ELLIS LLP | Vendors | Prior Client |
| KYMANOX CORPORATION | Vendors | Current Client |
| LONZA GREENWOOD LLC | Vendors | Prior Client |
| LOWENSTEIN SANDLER PC | Vendors | Current Client |
| MARSH MANAGEMENT SERVICES | Vendors | Prior Client |
| MARSH USA INC | Vendors | Prior Client |

4

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| MEDLINE INDUSTRIES INC | Vendors | Current Client, Prior Client |
| MERCER HEALTH & BENEFITS LLC | Vendors | Prior Client |
| NEWS AMERICA MARKETING FSI LLC | Vendors | Current Client |
| OPTUMHEALTH AMINISTERED PLAN | Vendors | Current Client |
| OPTUMINSIGHT LIFE SCIENCES INC | Vendors | Current Client, Prior Client |
| ORACLE AMERICA INC | Vendors | Current Client, Prior Client |
| PEOPLE 2.0 NORTH AMERICA LLC | Vendors | Current Client |
| PENSION BENEFIT GUARANTY CORP | Vendors | Prior Client |
| PHARMA NOBIS LLC | Vendors | Prior Client |
| PI TRUST | Vendors | Prior Client |
| PRAXIS PRECISION MEDICINES INC | Vendors | Current Client, Prior Client |
| PRESIDIO NETWORKED SOLUTIONS INC | Vendors | Current Client, Prior Client |
| PURPLE STRATEGIES LLC | Vendors | Current Client |
| REED SMITH LLP | Vendors | Prior Client |
| SIEMENS INDUSTRY INC | Vendors | Current Client, Prior Client |
| SHOPKICK INC | Vendors | Prior Client |
| SPARTA SYSTEMS INC | Vendors | Prior Client |
| STAPLES BUSINESS ADVANTAGE | Vendors | Prior Client |
| UNIVAR USA INC | Vendors | Prior Client |
| VEOLIA ES TECHNICAL SOLUTIONS | Vendors | Prior Client |
| WATERS CORPORATION | Vendors | Prior Client |
| WAYNE STATE UNIVERSITY | Vendors | Prior Client |
| WHEELS INC | Vendors | Prior Client |
| WILLIS TOWERS WATSON US LLC | Vendors | Current Client, Prior Client |

#96902910v2