REED SMITH LLP
599 Lexington Avenue
New York, New York, 10022
(212) 521-5400
Facsimile: (202) 637-2201
Ann V. Kramer

*Special Insurance Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## COVER SHEET TO THE THIRD INTERIM APPLICATION OF REED SMITH LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL INSURANCE COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JANUARY 1, 2023 THROUGH APRIL 30, 2023

In accordance with Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Reed Smith LLP ("**Reed Smith**"), special insurance counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901

US_ACTIVE-168987755.6

summary (this "**Summary**") of fees and expenses sought as actual and necessary in the fee
application to which this Summary is attached (the "**Application**") for the period of January 1,
2023 through April 30, 2023 (the "**Fee Period**").

| General Information | |
|---|---|
| **Name of Applicant:** | Reed Smith LLP |
| **Role of Applicant:** | Special Insurance Counsel to the Debtors and Debtors in Possession |
| **Authorized to Provide Services to:** | Purdue Pharma L.P., *et al.* |
| **Petition Date:** | September 15, 2019 |
| **Retention Date:**[2] | May 18, 2022, effective as of March 1, 2022 |
| **Date of Order Approving Retention:** | May 18, 2022 [ECF No. 4850] |

| Summary of Fees and Expenses Requested for the Compensation Period | |
|---|---|
| **Time Period Covered by This** | January 1, 2023 through April 30, 2023 Application: |
| **Total Compensation Requested:** | $1,293,243.33 [3] |
| **Total Expenses Requested:** | $5,194.12 |
| **Total Compensation and Expenses Requested for this Interim Fee Period:** | $1,298,437.45 |

| Summary of Past Requests for Compensation and Prior Payments[4] |
|---|

---

[2] Reed Smith was previously employed by the Debtors as an Ordinary Course Professional from the Petition Date through February 28, 2022.

[3] As part of this engagement, Reed Smith has agreed the following discounts apply upon reaching the following thresholds based on gross fees billed: in Tier 1, from $0 to $750,000, 5.0%; in Tier 2, from $750,001 - $1,500,000, 10.0%; in Tier 3, from $1,500,001 - $2,000,000, 15.0%; in Tier 4, above $2,000,000, 18.0%.  Actual fees worked totaled $1,393,086.00.  Reed Smith applied a discount totaling $99,842.67 and is requesting compensation in the amount of $1,293,243.33.

[4] Pursuant to the Interim Compensation Order, objections to the Thirteenth Monthly Fee Statement of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses Incurred as Special Insurance Counsel to the Debtors for the period from April 1, 2023 through April 30, 2023 [ECF No. 5647] are to be filed no later than June 13, 2023.  No objections to the Tenth, Eleventh, Twelfth and Thirteenth Monthly Fee Statements of Reed Smith LLP

US_ACTIVE-168987755.6

| | |
|---|---|
| Compensation Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed: | $860,047.97 [5] |
| Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed: | $2,987.02 [6] |
| Total Compensation and Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed: | $863,034.99 |

### Summary of Rates and Other Related Information for the Compensation Period

| | |
|---|---|
| **Blended Rate in This Application for All Partners, of Counsel, and Associates:** | $1,029.43 |
| **Blended Rate in This Application for All Timekeepers:** | $962.94 |
| **Number of Professionals Included in This Application:** | 25 |
| **Difference Between Fees Budgeted and Compensation Sought for This Period:** | Amount Budgeted: $1,030,000 -$2,500,000 Amount Sought: $1,293,243.33 |
| **Number of Professionals Billing Fewer Than 15 Hours During This Period:** | 11 |
| **Increase in Rates Since Date of Retention:** | None |

This is a(n):             ___ monthly             _x_ interim             ___ final application

---

for Compensation for Services and Reimbursement of Expenses Incurred as Special Insurance Counsel to the Debtors for the Period from January 1, 2023 through April 30, 2023 [ECF Nos. 5465, 5500, 5565 and 5647] have been filed. If no objection or other responsive pleading to such monthly fee statements are (a) filed with the Court on the docket of the above-captioned chapter 11 cases or (b) served on the Debtors or Reed Smith, Reed Smith anticipates that, prior to the hearing with respect to this Application, it will receive compensation in the amount of $1,034,594.67, which is equal to 80% of the total amount of reasonable compensation for actual, necessary legal services that Reed Smith incurred in connection with such services during the Fee Period, and payment of $5,194.12 for the actual, necessary expenses Reed Smith incurred in connection with such services during the Fee Period.

[5] $218,183.40 in fees for April, 2023 have not been paid to date but may be paid prior to the hearing date on this application.

[6] $2,207.10 in expenses for April, 2023 have not been paid to date but may be paid prior to the hearing date on this application.

US_ACTIVE-168987755.6

**<u>Summary of Prior Monthly Fee Statements of Reed Smith LLP</u>**

| Application | Total Compensation and Expenses Incurred for Period Covered | | | Total Amount Requested in Fee Statements | | Total Unpaid |
|---|---|---|---|---|---|---|
| Date Filed/ ECF No. | Period Covered | Total Fees | Total Expenses | Fees (80%) | Expenses (100%) | Fees and Expenses |
| 2/24/23, ECF No. 5465 | 1/1/2023 – 1/31/2023 | $333,477.06 | $2,133.69 | $266,781.65 | $2,133.69 | $66,695.40 |
| 3/17/2023, ECF No. 5500 | 2/1/2023 – 2/28/2023 | $402,018.61 | $248.47 | $321,614.89 | $248.47 | $80,403.71 |
| 4/26/2023, ECF No. 5565 | 3/1/2023 – 3/31/2023 | $339,564.26 | $604.86 | $271,651.41 | $604.86 | $67,912.85 |
| 5/30/2023, ECF No. 5647 | 4/1/2023 – 4/30/2023 | $218,183.40 | $2,207.10 | $174,546.72 | $2,207.10 | $220,390.50 |
| **Totals** | | $1,293,243.33 | $5,194.12 | $1,034,594.67 | $5,194.12 | $435,402.46 |

US_ACTIVE-168987755.6

REED SMITH LLP
599 Lexington Avenue
New York, New York, 10022
(212) 521-5400
Ann V. Kramer

*Special Insurance Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.[1]** | **(Jointly Administered)** |

## THIRD INTERIM APPLICATION OF REED SMITH LLP
## FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
## OF EXPENSES INCURRED AS SPECIAL INSURANCE COUNSEL TO THE DEBTORS
## AND DEBTORS IN POSSESSION FOR THE PERIOD FROM
## JANUARY 1, 2023 THROUGH APRIL 30, 2023

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code

(the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating

the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of*

*New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local**

**Guidelines**"), the United States Trustee's Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

US_ACTIVE-168987755.6

Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Reed Smith LLP ("**Reed Smith**"), special insurance counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this *Second Interim Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from January 1, 2023 through April 30, 2023* (this "**Application**"). By this Application, Reed Smith seeks allowance of compensation for actual and necessary professional services rendered for the Debtors in the total amount of $1,293,243.33,[2] and for reimbursement of actual, necessary disbursements that Reed Smith incurred in connection with such services in the total amount of $5,194.12, for an aggregate total of $1,298,437.45 during the period of January 1, 2023 through April 30, 2023 (the "**Fee Period**").

## Jurisdiction

1.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.      On September 15, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their

---

[2] As part of this engagement, Reed Smith has agreed the following discounts apply upon reaching the following thresholds based on gross fees billed: in Tier 1, from $0 to $750,000, 5.0%; in Tier 2, from $750,001 - $1,500,000, 10.0%; in Tier 3, from $1,500,001 - $2,000,000, 15.0%; in Tier 4, above $2,000,000, 18.0%. Actual fees worked totaled $1,393,086.00. Reed Smith applied a discount totaling $99,842.67 and is requesting compensation in the amount of $1,293,243.33.

US_ACTIVE-168987755.6

businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 18, 2019, the Court entered an order [ECF No. 59] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b). On September 27, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].

4.      A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to facilitate effective administration of these chapter 11 cases are set forth in the *Debtors' Informational Brief* [ECF No. 17].

5.      On November 21, 2019, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.      On April 8, 2020, the Court entered the *Order Authorizing the Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [ECF No. 1023], appointing David M. Klauder as the fee examiner in these cases.

### The Debtors' Retention of Reed Smith LLP

7.      On May 18, 2022, the Court entered the *Order Pursuant to Bankruptcy Code Sections 327(e) and 328(a) Authorizing Retention and Employment of Reed Smith LLP as Special Insurance Counsel, Effective March 1, 2022* [ECF No. 4850] (the "**Retention Order**"), authorizing Reed Smith's retention by the Debtors to represent them as special insurance counsel. The Retention Order allows the Debtors to compensate and reimburse Reed Smith in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Guidelines, and the Interim Compensation Order.

US_ACTIVE-168987755.6

8.      The Retention Order also authorizes the Debtors to compensate Reed Smith at its hourly rates charged for services of this type and for the firm's actual, necessary expenses incurred in connection with such services rendered during the Fee Period.  Among other things, it permits Reed Smith to render the following services:

a.  Advice and counseling with regard to insurance matters involving the Debtors, including both claims and insurance placement;

b.  Representation of the Debtors in connection with litigation and/or arbitrations with its insurance companies regarding coverage for claims under insurance policies under which the Debtors may be insured; and

c.  Advising the Debtors on insurance matters in connection with plan confirmation and confirmation appeals.

**Compensation Paid and Its Sources**

9.      All services during the Fee Period for which compensation is requested by Reed Smith were performed for or on behalf of the Debtors (except as otherwise provided in this paragraph) and are for matters within the scope of Reed Smith's retention as special insurance counsel pursuant to the Retention Order.  Additionally, except for Reed Smith's retention by the Debtors pursuant to the Retention Order, Reed Smith has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Fee Application.  A certification confirming Reed Smith's compliance with the Fee Guidelines is annexed hereto as **Exhibit A**.

10.     To the extent that billable time or disbursement charges for services rendered or expenses incurred relate to the Fee Period, but were not processed prior to the preparation of this Fee Application, Reed Smith reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

US_ACTIVE-168987755.6

## Summary of Professional Compensation and Reimbursement of Expenses Requested

11.     During the Fee Period, Reed Smith's professionals and paraprofessionals expended a total of 1,446.70 hours in connection with providing necessary services.  Reed Smith has been able to efficiently provide services by utilizing the expertise of professionals and paraprofessionals within relevant practice groups to effectively advise and represent the Debtors and ensuring that the level of seniority is commensurate with the assignment.  Reed Smith, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of $1,293,243.33 and reimbursement of actual and necessary expenses incurred in the amount of $5,194.12, for an aggregate total of $1,298,437.45 for the Fee Period.   Annexed hereto as **Exhibit B** is a list of Reed Smith professionals and paraprofessionals, their position with the firm, the department in which the individual practices, the hourly rate charged for their services, the number of hours worked on this matter, and other pertinent information.  **Exhibit C** annexed hereto is a list of the various categories and the total fees and total hours expended by subject matter category.  Reed Smith maintains computerized, detailed time records of services rendered by its professionals and paraprofessionals.  The detailed records for this Fee Period were appended to Reed Smith's Monthly Fee Statements [ECF Nos. 5465, 5500, 5565 and 5647].

12.     A budget for this Fee Period is attached hereto as **Exhibit F**, which includes a comparison to actual amounts.

## Case Status

13.     On January 29, 2021, certain Debtors, represented by Reed Smith, commenced an adversary proceeding jointly with the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") and the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "**Ad Hoc Committee**" and together with the Creditors' Committee, the

US_ACTIVE-168987755.6

"**Committees**") against 26 insurance companies that had issued policies providing coverage for opioid-related liabilities captioned, Purdue Pharma L.P., et al. v. AIG Specialty Insurance Company, et al., Adv. Pro. No. 21-07005-rdd (collectively, the "Insurance Adversary Proceeding").  By order of the court entered on July 2, 2021, the claims against certain insurers with policies containing arbitration provisions were stayed in favor of arbitration, leaving 12 insurance companies as defendants in the Insurance Adversary Proceeding (the "July Order").  The July Order also lifted the automatic stay as to the sole arbitration that had been commenced prior to the Petition Date by Ironshore Specialty Insurance Company (formerly known as TIG Specialty Insurance Company) (the "TIG Arbitration").  The Insurance Adversary Proceeding and the TIG Arbitration are collectively referred to herein as the "**Coverage Litigation.**"

14.     A key component of the Debtors' proposed reorganization is the monetization and distribution of insurance coverage to creditors.  In support of that effort, Reed Smith's attorneys provided critical assistance to the Debtors and their bankruptcy estates during the Fee Period in three areas: (1) the discovery and pre-trial pleading phases of the prosecution of the Coverage Litigation against the Debtors' insurers; (2) issues relating to maintaining insurance coverage for the Debtors; and (3) issues relating to post-emergence insurance planning.

15.     Reed Smith devoted substantial time and effort to the prosecution of the Insurance Adversary Proceeding.  During the Fee Period, Reed Smith prepared extensively for numerous depositions.  The Reed Smith team engaged in ongoing document production activities, including reviewing, analyzing and requesting production of additional documents, in connection with such depositions.  The review, analysis and production of numerous documents required substantial effort on the part of Reed Smith attorneys and staff.  The TIG Arbitration, which is confidential

US_ACTIVE-168987755.6

pursuant to English arbitration rules, was in the pleading phase during the period of this application.

## Summary of Services Rendered

16.     Reed Smith provided complex and critical professional advice and other services in connection with the Coverage Litigation, including on an urgent basis and within a limited time frame necessitated by the schedule of the Coverage Litigation.  Summaries of the services are detailed below in accordance with Reed Smith's internal system of project categories:

Discovery/ Case Assessment
Fees: $1,280,385.50, Total Hours: 1,309.60

- Under this project category, Reed Smith assisted the Debtors with issues related to the Insurance Adversary Proceeding, among other things.  Specifically, Reed Smith:

    o   Assisted the Debtors with the collection, review, analysis and production of documents;

    o   Analyzed, responded to and contested various discovery requests made by defendant insurers;

    o   Prepared for and conducted various depositions; and

    o   Prepared memos relating to the rights of the claimants; and

    o   Participated in calls and meetings with the Debtors, their advisors, and other parties in interest in connection with the same.

Pre-Trial Pleadings/ Trial Preparation
Fees: $41,034.50, Total Hours: 45.10

- Under this project category, Reed Smith assisted the Debtors with issues related to the Coverage Litigation, among other things.  Specifically, Reed Smith:

    o   Researched and prepared pleadings in the TIG Arbitration;

    o   Analyzed issues related to trial preparation and strategy

    o   Participated in calls and meetings with the Debtors, their advisors, and other parties in interest in connection with the same.

US_ACTIVE-168987755.6

<u>Reed Smith Retention and Fee Application</u>
Fees: $62,000.50, Total Hours: 78.10

- Under this project category, Reed Smith assisted the Debtors with issues related to Reed Smith's retention and compensation.  Specifically, Reed Smith:

  o Drafted and prepared Reed Smith's tenth, eleventh, twelfth and thirteenth monthly fee statements for the months of January, February, March, and April 2023; and

  o Internally coordinated and reviewed time entries for privilege and confidentiality.

<u>Case Administration</u>
Fees: $9,665.50, Total Hours: 13.90

- Under this project category, Reed Smith assisted the Debtors with issues related to the administration of the Coverage Litigation.  Specifically, Reed Smith:

  o Organized internal meetings and meetings among professionals, monitored calendars for critical dates, prepared materials for internal distribution, coordinated conferences and meetings with the Debtors' professionals, obtained filed pleadings, transcripts of hearings and maintained case folders and routine communications and correspondences.

## **Actual and Necessary Expenses**

17.     As set forth in **Exhibit D** hereto, Reed Smith has incurred or disbursed $5,194.12 in total of expenses in providing professional services to the Debtors during the Fee Period, of which Reed Smith is requesting a reimbursement of $2,207.10 for expenses which have not previously been reimbursed.  These expense amounts are intended to cover Reed Smith's direct operating costs, which costs are not incorporated into the Reed Smith hourly billing rates.  Only clients for whom the services are actually used are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would unfairly impose additional costs upon clients who do not require extensive photocopying, delivery, and other services.

18.     Reed Smith has made every effort to minimize its expenses in the chapter 11 cases. The actual expenses incurred in providing professional services to the Debtors were necessary,

US_ACTIVE-168987755.6

reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and other parties in interest.

### Reed Smith's Requested Compensation and Reimbursement Should Be Allowed

19.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including –
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

20.     The foregoing professional services were performed by Reed Smith in an efficient manner, were necessary and appropriate to the administration of the chapter 11 cases, and were in the best interests of the Debtors, their estates, and other parties in interest.  Compensation for the

US_ACTIVE-168987755.6

foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  As required by the U.S. Trustee guidelines, annexed hereto as **Exhibit E** is a chart setting forth the comparative blended rates of the professionals and paraprofessionals who rendered services with a corresponding comparison of rates for professionals and paraprofessionals not involved in these chapter 11 cases.

### Notice

21.     The Debtors will provide notice of this Application in accordance with the Interim Compensation Order.  The Debtors submit that no other or further notice be given.

[*Remainder of Page Left Blank Intentionally*]

US_ACTIVE-168987755.6

WHEREFORE, Reed Smith, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of $1,293,243.33 and reimbursement of actual and necessary expenses incurred in the amount of $5,194.12, for an aggregate total of $1,298,437.45 for the Fee Period.

Dated:    June 13, 2023
          New York, New York

                                    /s/ Ann V. Kramer
                                    Ann V. Kramer
                                    Reed Smith LLP

US_ACTIVE-168987755.6

## Exhibit A

**Certification of Compliance with Fee Guidelines**

A-1

US_ACTIVE-168987755.6

REED SMITH LLP
599 Lexington Avenue
New York, New York, 10022
(212) 521-5400
Ann V. Kramer

*Special Insurance Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (SHL)** |
| Debtors.[1] | **(Jointly Administered)** |

**CERTIFICATION OF ANN V. KRAMER IN SUPPORT OF
THIRD INTERIM APPLICATION OF REED SMITH LLP
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES INCURRED AS SPECIAL INSURANCE COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION FOR THE PERIOD
FROM JANUARY 1, 2023 THROUGH APRIL 30, 2023**

I, Ann V. Kramer, hereby certify that:

1.    I am a Partner at Reed Smith LLP ("**Reed Smith**"), which maintains offices in 18

U.S. cities and 13 international cities, including the office at 599 Lexington Avenue, New York,

New York, 10022.  I am familiar with the work performed on behalf of the above-captioned debtors

and debtors in possession ("**Debtors**") by Reed Smith.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

US_ACTIVE-168987755.6

2.        I have reviewed *the Third Interim Application of Reed Smith LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Special Insurance Counsel to the Debtors and Debtors in Possession for the Period from January 1, 2023 through April 30, 2023* (the "**Application**") to certify to certain matters addressed in the (i) *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered on November 21, 2019 [ECF No. 529] (the "**Interim Compensation Order**"), (ii) Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447] (the "**Local Guidelines**"), and (iii) the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with Local Guidelines, the "**Fee Guidelines**").[2] The Application covers the period January 1, 2023 through April 30, 2023 (the "**Fee Period**").

3.        To the best of my knowledge, information and belief, the statements contained in the foregoing Application are true and accurate in all material respects and comply with the Fee Guidelines in material part.  Reed Smith responds to the questions identified in the U.S. Trustee Guidelines as follows:

**Question 1**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

Response:        Yes, Reed Smith has provided the Debtors with a tiered discount that increases upon reaching an agreed threshold level for fees billed during the calendar year.  For calendar year 2023, the following discounts apply upon reaching the following thresholds based on gross fees billed:

Tier 1 – 5.0%          $0 to $750,000

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

US_ACTIVE-168987755.6

| | |
|---|---|
| Tier 2 – 10.0% | $750,001 - $1,500,000 |
| Tier 3 – 15.0% | $1,500,001 - $2,000,000 |
| Tier 4 – 18.0% | Above $2,000,000. |

Reed Smith and the Debtors have agreed similar tiered discounting arrangements during the course of Reed Smith's engagement by the Debtors during these chapter 11 cases.

**Question 2**: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:    The fees sought by Reed Smith in this interim fee application for the Fee Period are not more than 10% higher than the fees budgeted pursuant to the budget provided by Reed Smith to the Debtors.

**Question 3**: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

Response:    No.

**Question 4**: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

Response:    The Application includes time and fees related to reviewing or revising time records or preparing, reviewing, or revising invoices in connection with the preparation of Reed Smith's monthly fee statements relating to the Fee Period covered by the Application. Reed Smith is seeking compensation for approximately 10.4 hours and $6,645.00 in fees related to reviewing and revising time records with respect to both the preparation of such fee applications, and reviewing time records for redactions as queried in question 5.

**Question 5**: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify hours and fees.

Response:    The Application includes time and fees related to reviewing time records to redact any privileged or other confidential information. Such charges are included in the time charges set forth in the response to question 4 and are not separately calculated.

**Question 6**: Did the Application include any rate increases since retention in these cases?

Response:    No.

US_ACTIVE-168987755.6

**Question 7**: Did the client agree when retaining Reed Smith to accept all future rate increases?  If not, did Reed Smith inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**: The client was informed regarding Reed Smith's rates and future rate increases as part of its approval of Reed Smith's retention application.

Dated:   June 13, 2023
New York, New York

*/s/ Ann V. Kramer*
Ann V. Kramer
Reed Smith LLP

A-5

US_ACTIVE-168987755.6

**Exhibit B**

**Professional and Paraprofessional Fees for Fee Period**

| Name of Professional Individual | Position; Year Assumed Position; Year of Obtaining Relevant License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Ann Kramer | Partner; joined firm in 2008; admitted in New York 1985 | $1,390.00 | 187.7 | $260,903.00 |
| John Ellison | Partner; joined firm in 2008; admitted in New York 1996 | $1,365.00 | 31.5 | $42,997.50 |
| Richard Lewis | Partner; joined firm in 2008; admitted in New York 1996 | $1,285.00 | 53.8 | $69,133.00 |
| Aaron Javian | Partner; joined firm in 2018; admitted in New York 2006 | $1,215.00 | 9.2 | $11,178.00 |
| Peter Hardy | Partner; joined firm in 2007; admitted in England and Wales 1983 | $1,180.00 | 84.8 | $96,170.00 |
| Lisa Szymanski | Partner; joined firm in 2010; admitted in New Jersey and Pennsylvania 2009 | $905.00 | 218.9 | $198,104.50 |
| Anthony Crawford | Partner; joined firm in 2012; admitted in New York 2017 | $785.00 | 154.2 | $121,047.00 |
| Paul Breene | Counsel; joined firm in 2008; admitted in New York 1984 | $1,390.00 | 176.0 | 239,427.50 |
| John Berringer | Counsel; joined firm in 2016; admitted in New York 1981 | $1,285.00 | 30.8 | $39,578.00 |
| Shaun Lee | Associate; joined firm in 2021; admitted in New York 2017 | $780.00 | 51.1 | $39,858.00 |
| Margaret McDonald | Associate; joined firm in 2019; admitted in California 2015 | $740.00 | 32.9 | $24,346.00 |
| Adrienne Kitchen | Associate; joined firm in 2017; admitted in Illinois 2015 | $770.00 | 150.8 | $116,116.00 |
| Elizabeth Vieyra | Associate, joined firm in 2019; admitted in New York, 2013 and Pennsylvania 2012 | $675.00 | 103.4 | $69,795.00 |

US_ACTIVE-168987755.6

| Name of Professional Individual | Position; Year Assumed Position; Year of Obtaining Relevant License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Thomas Morgan | Associate, joined firm in 2019; admitted in England and Wales, 2019 | $675.00 | 4.2 | $2,835.00 |
| India Peterson | Associate, joined firm in 2022; admitted in Illinois, 2020 | $625.00 | 4.3 | $2,687.50 |
| Katherine Varney | Associate; joined firm in 2020; admitted in England and Wales, 2019 | $565.00 | 5.4 | $3,051.00 |
| Hassan Siddique | Trainee; joined firm in 2022; N/A | $485.00 | 1.3 | $630.50 |
| Christopher Whitehead | Trainee; joined firm in 2021; N/A | $485.00 | 3.3 | $1,600.50 |
| Anthony Avitia | Analyst; joined firm in 2007; N/A | $405.00 | 0.6 | $243.00 |
| Scott DeMaris | Analyst; joined firm in 2006; N/A | $405.00 | 3.9 | $1,579.50 |
| Kyle McCloskey | Senior Paralegal; joined firm in 2005; N/A | $385.00 | 112.0 | $43,120.00 |
| Shikendra Rhea | Senior Paralegal; joined firm in 2019; N/A | $335.00 | 4.2 | $1,407.00 |
| Lianna Simmonds | Paralegal; joined firm in 2019; N/A | $330.00 | 21.2 | $6,996.00 |
| Rebecca Stanley | Specialist; joined firm in 2018; N/A | $250.00 | 0.7 | $175.00 |
| Teresa Ingram | Specialist; joined firm in 2017; N/A | $215.00 | 0.5 | $107.50 |
| **TOTAL** | | | | **$1,393,086.00** |
| **(Less Discount)** | | | | **($99,842.67)** |
| **GRAND TOTAL** | | | **1,446.70** | **$1,293,243.33** |

US_ACTIVE-168987755.6

**Exhibit C**

**Fees by Project Category for Fee Period**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 13.90 | $9,665.50 |
| Case Assessment, Development & Strategy | 995.90 | $1,010,301.00 |
| Pre-Trial Pleadings & Motion Practice | 45.10 | $41,034.50 |
| Discovery | 313.70 | $270,084.50 |
| Retention and Fee Application | 78.10 | $62,000.50 |
| **TOTAL** | | **$1,393,086.00** |
| **(Less Discount)** | | **($99,842.67)** |
| **GRAND TOTAL** | **1,446.70** | **$1,293,243.33** |

US_ACTIVE-168987755.6

**Exhibit D**

**Expense Summary**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Courier Service – Outside | FEDEX | $48.07 |
| Deposition Expense | VERITEXT | $1,815.99 |
| Duplicating/Printing/Scanning | | $343.10 |
| General Expense | Administrative Office of the Courts | $230.00 |
| Meal Expense | FLIK International | $195.60 |
| Pacer | PACER | $0.00 |
| Parking/Tolls/Other Transportation | | $44.28 |
| Rail Travel Expense | | $293.00 |
| Taxi Expense | Uber | $96.98 |
| Transcript Expense | VERITEXT | $2,152.10 |
| Reversal of Expense Charge from March 5, 2023 | | ($25.00) |
| **TOTAL** | | **$5,194.12** |
| **Total Paid** | | **$2,987.02** |
| **Total Unpaid** | | **$2,207.10** |

US_ACTIVE-168987755.6

**Exhibit E**

**Customary and Comparable Compensation Disclosures for the Fee Period**

| Category of Timekeeper | Blended Hourly Rate | |
|---|---|---|
| | Billed Firm-Wide for Preceding Year (2022)[1] | Billed January 1, 2023 through April 30, 2023 |
| Partner | $833.78 | $854.44 |
| Counsel | $692.14 | $704.97 |
| Senior Associate (7 years or more since first admission) | $520.52 | $533.99 |
| Mid-Level Associate (4-6 years since first admission) | $522.14 | $559.56 |
| Junior Associate (0-3 years since first admission) | $506.65 | $540.31 |
| Paraprofessionals | $298.21 | $320.97 |
| **All Timekeepers Aggregated** | $605.21 | $631.00 |

---

[1] The billable rates for Reed Smith attorneys are adjusted on January 1 of each year.

E-1

US_ACTIVE-168987755.6

**Exhibit F**

**Budget**

| Project Category | Fees Budgeted | | Actual Fees Sought |
|---|---|---|---|
| | **Low** | **High** | |
| General/Bankruptcy Matters | $80,000 | $200,000 | $58,478.26 |
| Directors & Officers Policies | $65,000 | $130,000 | $0 |
| Insurance Placement and Renewal | $65,000 | $130,000 | $7,958.54 |
| Tower Settlement | $20,000 | $40,000 | $361,699.89 |
| Insurance Adversary Proceeding | $800,000 | $2,000,000 | $865,106.64 |
| **Total** | **$1,030,000** | **$2,500,000** | **$1,293,243.33** |

F-1