**BROWN RUDNICK LLP**
David J. Molton, Esq.
Steven D. Pohl, Esq. (admitted *pro hac vice*)
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
                                   :

In re:                                    :    Chapter 11
                                     :

PURDUE PHARMA L.P., *et al.*,           :    Case No. 19-23649 (RDD)
                                     :

                     Debtors[1].       :    (Jointly Administered)
                                     :

---------------------------------------------------------------- X

**SUMMARY COVER SHEET FOR ELEVENTH INTERIM APPLICATION OF BROWN RUDNICK LLP, AS CO-COUNSEL TO THE AD HOC COMMITTEE OF GOVERNMENTAL AND OTHER CONTINGENT LITIGATION CLAIMANTS FOR SERVICES AND REIMBURSEMENT OF EXPENSES INCURRED <u>FOR THE PERIOD OF JANUARY 1, 2023 THROUGH APRIL 30, 2023</u>**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584) Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

| Name of Applicant: | Brown Rudnick LLP |
|---|---|
| **Authorized to Provide Professional Services to:** | The Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants |
| **Date of Order Approving Debtors' Payment of Fees and Expenses of Applicant:** | December 2, 2019 [Docket No. 553] |
| **Period for which compensation and reimbursement are sought:** | January 1, 2023 through April 30, 2023 |
| **Petition Date:** | September 15, 2019 |
| **Amount of Compensation sought as actual, reasonable, and necessary:** | $36,784.50 |
| **Current Fee Request:** | $7,356.90 |
| **Amount of Compensation previously Awarded:** | $13,258,451.73 |
| **Amount of Expense Reimbursement sought as actual, reasonable, and necessary:** | $553.90 |
| **Amount of Expense Reimbursement previously awarded:** | $76,792.58 |
| **Amount of Prior Holdbacks:** | $7,356.90 |
| **Total Fees and Expenses Inclusive of Holdback:** | $37,338.40 |
| **This is a(n):**    ___ Monthly Application    _X_ Interim Application    ___Final Application | |

**BROWN RUDNICK LLP**
David J. Molton, Esq.
Steven D. Pohl, Esq. (admitted *pro hac vice*)
7 Times Square
New York, NY  10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
                                                          :
In re:                                                    :    Chapter 11
                                                          :
PURDUE PHARMA L.P., *et al.*,                             :    Case No. 19-23649 (RDD)
                                                          :
                         Debtors[1].                      :    (Jointly Administered)
                                                          :
------------------------------------------------------------- X

**ELEVENTH INTERIM FEE APPLICATION OF BROWN RUDNICK LLP**
**AS CO-COUNSEL TO THE AD HOC COMMITTEE OF**
**GOVERNMENTAL AND OTHER CONTINGENT LITIGATION CLAIMANTS**
**FOR SERVICES AND REIMBURSEMENT OF EXPENSES INCURRED**
**<u>FOR THE PERIOD OF JANUARY 1, 2023 THROUGH APRIL 30, 2023</u>**

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584) Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

19-23649-shl    Doc 5700    Filed 06/14/23    Entered 06/14/23 13:12:58    Main Document
Pg 4 of 30

Pursuant to the *Order Authorizing the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* [Docket No. 553] (the "Fee Assumption Order"), the *Second Supplemental Order Authorizing the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* [Docket No. 2190] (the "Allocation Fee Assumption Order") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [Docket No. 529] (the "Interim Compensation Order"), Brown Rudnick LLP ("Brown Rudnick") Co-Counsel to the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "Ad Hoc Committee") in the above-captioned case, hereby submits this Tenth Interim Fee Application (the "Application") for the period of January 1, 2023 through and including April 30, 2023 (the "Application Period").

## Summary of Application

1.    Brown Rudnick seeks allowance of interim compensation for professional services rendered to the Ad Hoc Committee during the Application Period in the aggregate amount of $36,784.50, and for reimbursement of expenses incurred and recorded in connection with the rendition of such services in the aggregate amount of $553.90.  During the Application Period, Brown Rudnick attorneys and paraprofessionals expended a total of 42.6 hours for which compensation is requested.  A schedule setting forth the number of hours expended by each of the partners, associates and paraprofessionals of Brown Rudnick who rendered services to the Ad Hoc Committee, their respective hourly rates, and the year of the bar admissions for each Brown Rudnick attorney during the Application Period is attached hereto as Exhibit A. A summary of

time records on a project category basis is attached hereto as <u>Exhibit B</u>.[2]  A narrative description

of each project category and a schedule setting forth a description of the project category utilized

in these cases with the total number of hours expended by the attorneys and paraprofessionals of

Brown Rudnick by project category, and the aggregate fees associated with each project

category, is attached hereto as <u>Exhibit C</u>.  Detailed descriptions of the expenses for which Brown

Rudnick is seeking reimbursement are attached hereto as <u>Exhibit D</u>.

2.       In preparing this Application, Brown Rudnick seeks interim allowance of

compensation and reimbursement of expenses pursuant to the Fee Assumption Order, Rule 2016

of the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>"), Rule 2016-1 of the

Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>"),

the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of

New York Bankruptcy Cases (February 5, 2013) promulgated pursuant to Local Bankruptcy

Rule 2016-1(a) (the "<u>Local Guidelines</u>"), and the United States Trustee's Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. §330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the

"<u>U.S. Trustee Guidelines</u>" and together with the Local Guidelines, the "<u>Fee Guidelines</u>"), the

Interim Compensation Order and the Fee Assumption Order, together with the Fee Guidelines,

the "<u>Guidelines</u>").  A certification regarding compliance with the Guidelines is annexed hereto.

3.       Brown Rudnick believes that all applicable time and disbursement charges for the

Application Period have been included herein.  However, to the extent that time or disbursement

charges for services rendered or disbursements incurred relate to the Application Period, but

were not processed prior to the preparation of this Application, Brown Rudnick reserves the right

---

[2]    Copies of Brown Rudnick's invoices for the period January 1, 2023 through April 30, 2023 were previously
filed with the Court.

to request additional compensation for such services and reimbursement of such expenses in a future application.

## Jurisdiction and Venue

4.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1134, and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting CJ.). Consideration of this Application is a core proceeding pursuant to 28 U.S.C. §§ 157.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5.      On September 15, 2019 (the "Petition Date"), Purdue Pharma L.P. ("PPLP") and its affiliates that are debtors and debtors in possession (collectively, the "Debtors") each commended with the Court a voluntary case under chapter 11 of the title 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   The Debtors' chapter 11 cases are being jointly administered for procedural purposed only pursuant to Bankruptcy Rule 1015(b).

6.      The Ad Hoc Committee formed prior to the Debtors' bankruptcy filings to facilitate the negotiation of a settlement structure for a comprehensive resolution of litigation concerning the Debtors' opioid businesses. Prior to the Debtors' bankruptcy filings, the Ad Hoc Committee and the Debtors and their shareholders agreed to (the "Settlement Structure"), which was reduced to writing in a Term Sheet filed on October 8, 2019 (the "Term Sheet"), and entered into a reimbursement agreement (the "Prepetition Reimbursement Agreement").

7.       On October 29, 2019, the Debtors' filed the *Motion to Assume the Prepetition Reimbursement Agreement with the Ad Hoc Committee, and to Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* (the "Fee Assumption Motion") [Docket No. 394].

8.       On December 2, 2019, the Court granted the Fee Assumption Motion by entering the Fee Assumption Order.

9.       On November 24, 2020, the Debtors filed the *Motion to Supplement the Order Authorizing the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* [Docket No. 2030] (the "Allocation Fee Assumption Motion").

10.      On November 24, 2020, Brown Rudnick provided the Court with the Notice of Filing of the Ad Hoc Committee's Allocation Fees [Docket No. 2031] seeking fees of $1,190,824.50 for the period from the Petition Date through September 30, 2020 (the "Allocation Fee Statement").  As of the date of this Application, no notice party has objected to Brown Rudnick's Allocation Fee Statement.

11.      On December 22, 2020, the Court granted the Allocation Fee Assumption Motion by entering the Allocation Fee Assumption Order.

12.      This is Brown Rudnick's eleventh application for allowance of interim compensation for services rendered and for reimbursement of expenses.  Brown Rudnick has previously provided monthly fee statements covering the period from January 1, 2023 through April 30, 2023, to the Debtors, the U.S. Trustee, and other notices parties in accordance with the provisions of the Interim Compensation Order and the Fee Assumption Order and has received payment with respect thereto, as set forth below:

| Monthly Statement | Total Fees | Fees Paid | Total Expenses | Expenses Paid | 20% Holdback | Total Balance Remaining to be Paid[3] |
|---|---|---|---|---|---|---|
| 1/1/23 – 1/31/23 | $13,031.50 | $10,425.20 | $553.90 | $553.90 | $2,606.30 | $2,606.30 |
| 2/1/23 – 2/28/23 | $7,762.00 | $6,209.60 | $0.00 | $0.00 | $1,552.40 | $1,552.40 |
| 3/1/23 – 3/31/23 | $11,753.00 | $9,402.40 | $0.00 | $0.00 | $2,350.60 | $2,350.60 |
| 4/1/23 – 4/30/23 | $4,238.00 | $3,390.40 | $0.00 | $0.00 | $847.60 | $847.60 |
| **Total** | **$36,784.50** | **$29,427.60** | **$553.90** | **$553.90** | **$7,356.90** | **$7,356.90** |

## **Services Rendered by Brown Rudnick During the Application Period**

13.    Brown Rudnick has recorded time charges in these chapter 11 cases separately for each matter as to which it has given attention during the Application Period.  For purposes of this Application, the services rendered have been segregated into twelve (12) categories, as follows:[4]

      a.    Assets Analysis and Recovery

      b.    Assumption and Rejection of Leases

      c.    Business Operations

      d.    Case Administration

      e.    Claims Analysis

      f.    Employment and Fee Applications

      g.    Emergency Financing

      h.    Litigation – Contested Matters, Adversary Proceedings and Automatic Stay

      i.    Meetings and Communications with Ad Hoc Committee & Creditors

      j.    Non-Working Travel

---

[3]    The $7,356.90 total balance remaining to be paid for all the Monthly Statements through April 30, 2023 reflects (a) the 20% holdbacks for the period January 1, 2023 through April 30, 2023.

[4]    In accordance with the Fee Assumption Order, Brown Rudnick has separately recorded work performed related to allocation of value among the Debtors' creditors, and, to the best of its knowledge, Brown Rudnick has not included time relating to such allocation in the Application Period.

k.    Plan and Disclosure Statement

l.    Intercreditor Allocation

14.    Attached hereto as <u>Exhibit C</u> is a narrative description of each project category and a schedule setting forth a description of the project category utilized in these chapter 11 cases, which the total number of hours expended by the attorneys and paraprofessionals of Brown Rudnick by project category and aggregate fees associated with each category referenced above in paragraph 11.

## **Disbursements**

15.    Brown Rudnick has disbursed $553.90 as expenses incurred and recorded in providing professional services during the Application Period. None of these expensed exceeds the maximum rate set by the Guidelines. These charges are intended to cover Brown Rudnick's direct costs, which costs are not incorporated into Brown Rudnick's hourly fees. Only clients who actually use services of the types for which reimbursement is sought are separately charged for such service.

16.    Brown Rudnick respectfully submits that the actual expenses incurred in providing professional services for which reimbursement is sought in this Application were reasonable and justified under the circumstances to serve the needs of the Ad Hoc Committee in accordance with the Fee Assumption Order.

## **The Requested Compensation Should be Allowed**

17.    The Fee Assumption Order and Allocation Fee Assumption Order provides that Brown Rudnick's reasonable and documented fees and expenses shall be subject *mutatis mutandis*, to the procedures with respect to the authorization of payment of the fees and expenses of the professionals of the Debtors and the UCC as set forth in the Interim Compensation Order.

Therefore, while this Application is not strictly subject to sections 331 and 330 of the Bankruptcy Code, we are guided by such provisions in making this Application. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 to govern a court's award of such compensation. *See* 11 U.S.C. §§ 330, 331.

18.    Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factor, including:
>
> a.    the time spent on such services,
>
> b.    the fees charged for such services,
>
> c.    whether the services were necessary to the administration of or beneficial at the time at which the service was rendered toward the completion of a case under this title;
>
> d.    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and
>
> e.    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U. S. C. § 330(a)(3).

19.    As set forth in greater detail below, Brown Rudnick respectfully submits that it has satisfied the requirements of the Fee Assumption Order and section 330 of the Bankruptcy Code as they may be applied to the Application through the Fee Assumption Order. The services for which it seeks compensation in this Application were necessary for the adequate representation of the Ad Hoc Committee, and in all respects consistent with the Reimbursement Agreement, the Fee Assumption Motion and in furtherance of the Ad Hoc Committee's duties

under the Settlement Structure and Term Sheet.  Brown Rudnick's request for compensation is reflective of a reasonable and appropriate amount of time expended in performing such services commensurate with the complexity, importance and nature of the problem, issue, or task involved.  As described in the Fee Assumption Motion and in supportive filings made therewith, Brown Rudnick was and continues to be committed to performing these services without unnecessary duplication of effort by: (1) professionals employed by Brown Rudnick; or (2) other professionals employed by the Ad Hoc Committee.  The compensation sought by Brown Rudnick is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.  Indeed, Brown Rudnick's monthly fees are comparable with other similarly qualified legal advisors appearing in this and other chapter 11 cases.  For all of the foregoing reasons, Brown Rudnick respectfully requests that the Court grant this Application.

### Supplemental Disclosures Required by UST Guidelines

20.    Pursuant to Section C.3 of the UST Guidelines, Brown Rudnick's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys.  In addition, Brown Rudnick's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  By way of example, Brown Rudnick's blended hourly rates for attorneys and paraprofessionals for all sections of the firm, excluding the Restructuring section, for the prior calendar year were set forth on the attached Exhibit E.

21.    The following statements address the information required pursuant to Section C.5 of the UST Guidelines:

   a.    During the Application Period, Brown Rudnick did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for service pertaining to this engagement, except as described herein.

   b.    The fees sought in this Application are not more than 10% higher as compared to the budget provided to the Debtors.  The budget with respect to the Application Period is discussed more fully below.

   c.    None of the professionals included in this Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.

   d.    This Application does not include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices.

   e.    This Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

22.    Additionally, on March 15, 2023 Brown Rudnick filed its *Fortieth Monthly Fee Statement*, wherein it disclosed that it had increased it hourly rates charged by its professionals pursuant to its ordinary annual review process.

23.    With respect to the use of a budget and staffing plan as suggested in Section C.6 of the UST Guidelines, Brown Rudnick has, contemporaneous herewith, provided a general budget to the Debtors and identified the core team of professionals that worked on various projects with the assistance of other professionals as the case needs dictated.  A copy of the budget and staffing plan that provided to the Debtors is attached hereto as Exhibit F.  Prior to the circulation of this general budget, Brown Rudnick provided a non-itemized budget to the Debtors regarding the period covered by this Application.  Brown Rudnick confirms that the fees sought in this Application are not more than 10% higher as compared to the non-itemized budget.  A prospective estimate budget for the next interim fee period shall be provided to the Debtors.

24.     Brown Rudnick has not previously applied for payment of fees or reimbursement of any disbursement during these cases, except for the monthly fee statements it has submitted and filed with the Court and those pursuant to the Allocation Fee Assumption Order.  Brown Rudnick does not hold a retainer in respect of its services as co-counsel to the Ad Hoc Committee.

25.     In accordance with Section 504 of the Bankruptcy Code and Fed. R. Bankr. P. 2016(a), no agreement or understanding exists between Brown Rudnick and any other persons for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

26.     No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Brown Rudnick.

27.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certified that this Application complies with that Local Rule.

28.     Notice of this Application has been provided in accordance with the Interim Compensation Order.  Brown Rudnick submits that no other or further notice need be provided.

29.     Brown Rudnick reserves all rights and claims.  Without limiting the generality of the foregoing, Brown Rudnick reserves its rights to submit future monthly fee applications, interim fee applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein and in respect of any amounts held back pursuant to the Interim Compensation Order or otherwise.

WHEREFORE, Brown Rudnick respectfully requests (i) interim allowance of compensation for professional services rendered as counsel for the Ad Hoc Committee in the amount of $36,784.50 in fees for the period of January 1, 2023 through April 30, 2023; (ii) an interim allowance of reimbursement of actual and necessary disbursements incurred and recorded by Brown Rudnick in the amount of $553.90.

Dated:  June 14, 2023                            Respectfully submitted,

                                                 BROWN RUDNICK LLP

                                                 /s/ *David J. Molton*
                                                 David J. Molton
                                                 Steven D. Pohl (admitted *pro hac vice*)
                                                 Seven Times Square
                                                 New York, New York 10019
                                                 Telephone:    (212) 209-4800
                                                 Facsimile:    (212) 209-4801
                                                 E-mail: dmolton@brownrudnick.com
                                                         spohl@brownrudnick.com

                                                 *Co-Counsel to the Ad Hoc Committee of*
                                                 *Governmental and Other Contingent Litigation*
                                                 *Claimants*

# EXHIBIT A

**EXHIBIT A**

**SERVICES RENDERED BY**

**BROWN RUDNICK LLP**

**COMMENCING JANUARY 1, 2023 THROUGH APRIL 30, 2023**

**Summary of Hours and Fees by Professional**

| Name of Professional | Position/Year Admitted to Practice/Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| David J. Molton | Partner 1983<br>Bankruptcy & Corporate Restructuring | $1,950.00 | 2.4 | $4,350.00 |
| Steven D. Pohl | Partner 1989<br>Bankruptcy & Corporate Restructuring | $1,550.00 | 9.3 | $13,865.00 |
| Adam M. Schoen | Partner 2006<br>Bankruptcy & Corporate Restructuring | $1,085.00 | 1.4 | $1,519.00 |
| Gerard T. Cicero | Partner 2015<br>Bankruptcy & Corporate Restructuring | $1,000.00 | 6.6 | $6,600.00 |
| Alexandra M. Deering | Paralegal<br>Bankruptcy & Corporate Restructuring | $470.00 | 17.9 | $8,136.50 |
| Madelyn A. Soliman | Paralegal<br>Bankruptcy & Corporate Restructuring | $470.00 | 5.0 | $2,314.00 |
| **Total Fees Requested** | | | 42.6 | $36,784.50 |

# **<u>EXHIBIT B</u>**

**EXHIBIT B**

**Summary of Detailed Time Records for January 1, 2023 through April 30, 2023**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| 002 Asset Analysis and Recovery | 0.0 | $0.00 |
| 003 Assumption and Rejection of Leases and Contracts | 0.0 | $0.00 |
| 004 Business Operations | 0.0 | $0.00 |
| 005 Case Administration | 2.7 | $1,251.50 |
| 007 Claims Analysis | 0.0 | $0.00 |
| 008 Employment and Fee Applications | 22.9 | $12,394.00 |
| 009 Emergency Financing | 0.0 | $0.00 |
| 010 Litigation – Contested Matters, Adversary Proceedings and Automatic Stay | 4.6 | $6,800.00 |
| 011 Meetings and Communication with Ad Hoc Committee & Creditors | 10.8 | $13,859.00 |
| 012 Non-Working Travel (billed @50%) | 0.0 | $0.00 |
| 014 Plan and Disclosure Statement | 1.6 | $2,480.00 |
| **Total:** | **42.6** | **$36,784.50** |

# EXHIBIT C

## EXHIBIT C

**Summary of Hours Billed by Professional by**
**Project Category and Narrative Description of Each Project Category**

### Overview

During the period from January 1, 2023 through April 30, 2023 (the "Application Period"), as more fully set forth below, Brown Rudnick provided legal advice, representation and services to the Ad Hoc Committee within the mandate of the Ad Hoc Committee as defined in the Reimbursement Agreement (the "Scope"). The Ad Hoc Committee's Scope is "to negotiate and support the terms and definitive documents associated with the Settlement and to take such other actions as may be necessary or appropriate to facilitate the Settlement, and not to take positions adverse to the Settlement, engage in litigation activities, review or investigate other matters, or engage in matters in which the respective members of the Ad Hoc Committee may be in conflict." Additionally, Brown Rudnick was focused on coordinating the advice and efforts of the Ad Hoc Committee's non-state members.

A.      **Case Administration**

The fees captured in this category include fees for all services rendered by Brown Rudnick that address the general administration of the case on behalf of the Ad Hoc Committee including specific matters that are not readily classifiable into other more specific matters. This category includes time incurred organizing Ad Hoc Committee meetings, monitoring the case docket, complying with local rules and service requirements, preparing for, and attending court-hearings, including omnibus hearings, and reviewing and preparing task lists and strategy for the Ad Hoc Committee.

**Summary of Hours Billed**

| Timekeeper | Position | Rate | Hours | Amount |
|---|---|---|---|---|
| Alexandra M. Deering | Paralegal | $470.00 | 1.9 | $875.50 |
| Madelyn A. Soliman | Paralegal | $470.00 | .8 | $376.00 |
| **Total Hours and Fees Billed** | | | **2.7** | **$1,251.50** |

**B.      Employment and Fee Applications**

During the Application Period, Brown Rudnick prepared and drafted Brown Rudnick's seventh interim fee application as well as monthly fee applications (Nos. 36, 37, 38 and 39) in accordance with the Interim Compensation Order. Additionally, this category includes time for preparing for and attending court hearings related to Brown Rudnick's interim fee applications.

**Summary of Hours Billed**

| Timekeeper | Position | Rate | Hours | Amount |
|---|---|---|---|---|
| Steven Pohl | Partner | $1,550.00 | .9 | $1,395.00 |
| Gerard T. Cicero | Partner | $1,000.00 | 1.8 | $1,800.00 |
| Alexandra M. Deering | Paralegal | $470.00 | 16.0 | $7,261.00 |
| Madelyn A. Soliman | Paralegal | $470.00 | 4.2 | $1,938.00 |
| **Total Hours and Fees Billed** | | | **22.9** | **$12,394.00** |

**C.      Litigation – Contested Matters, Adversary Proceedings and Automatic Stay**

During the Application Period, Brown Rudnick worked with its co-counsel to provide an update of the Debtors' ongoing litigation related to its intellectual property rights.

**Summary of Hours Billed**

| Timekeeper | Position | Rate | Hours | Amount |
|---|---|---|---|---|
| Steven Pohl | Partner | $1,550.00 | 4.6 | $6,800.00 |

2

| | | | | |
|---|---|---|---|---|
| **Total Hours and Fees Billed** | | | **4.6** | **$6,800.00** |

**D.      Meetings and Communication with Ad Hoc Committee & Creditors**

During the Application Period, Brown Rudnick prepared written communications articulating advice on plan timeline to members of the Ad Hoc Committee as well as the with the non-state governmental representatives in order to keep constituents informed on case progress. Additionally, Brown Rudnick monitored and contributed to periodic updates to the Ad Hoc Committee.

**Summary of Hours Billed**

| Timekeeper | Position | Rate | Hours | Amount |
|---|---|---|---|---|
| David J. Molton | Partner | $1,950.00 | 2.4 | $3,190.00 |
| Steven Pohl | Partner | $1,550.00 | 2.2 | $4,350.00 |
| Adam M. Schoen | Partner | $1,085.00 | 1.4 | $1,519.00 |
| Gerard Cicero | Associate | $1,000.00 | 4.8 | $4,800.00 |
| **Total Hours and Fees Billed** | | | **10.8** | **$13,859.00** |

**E.      Plan and Disclosure Statement**

During the Application Period, Brown Rudnick continued to be particularly invested in negotiating, strategizing, and developing the restructuring transaction documents related to the shareholders' IAC s and credit support and collateral documents including providing significant tax structuring advice in connection therewith. Brown Rudnick assisted in the continued negotiation of the Collateral Trust Agreement which is anticipated to support distributions from non-debtors under the plan of reorganization that is subject to appeal. Additionally, Brown Rudnick devoted time to monitoring the Debtor's trial in respect of certain patents, as well as the Debtor's updated business plan, in order to keep the Ad Hoc Committee apprised of

developments related thereto. Finally, Brown Rudnick continued to devote attention to management of the advance funding accounts in respect of pre-effective date trust work.

### Summary of Hours Billed

| Timekeeper | Position | Rate | Hours | Amount |
|---|---|---|---|---|
| Steven Pohl | Partner | $1,550.00 | 1.6 | $2,480.00 |
| **Total Hours and Fees Billed** | | | **1.6** | **$2,480.00** |

4

# EXHIBIT D

## EXHIBIT D

**ACTUAL AND NECESSARY COSTS INCURRED BY
BROWN RUDNICK LLP**

## COMMENCING JANUARY 1, 2023 THROUGH APRIL 30, 2023

| EXPENSE | AMOUNT |
|---|---|
| Copies (Color & B&W @ 10 cents per page) | $0.00 |
| eDiscovery Hosting | $553.90 |
| Name Reservation | $0.00 |
| Westlaw | $0.00 |
| **Total Expenses** | **$553.90** |

# EXHIBIT E

## EXHIBIT E

**Customary and Comparable Compensation Disclosures**

| Category of Timekeeper | Blended Hourly Rates | |
|---|---|---|
| | **Billed**<br><br>Firm-wide for preceding calendar year[1] | **Billed**<br><br>This Application |
| Partner | **$1,049.27** | **$1,336.75** |
| Associate | **$654.25** | **$0.00** |
| Paraprofessional | **$385.73** | **$456.35** |
| Aggregated: | **$823.94** | **$863.49** |

---

[1] Excluding blended hourly rates for the Restructuring section of the Brown Rudnick.

**<u>EXHIBIT F</u>**

**Budget and Staffing Plan for the
<u>Period January 1, 2023 through April 30, 2023</u>**



| Project Category | Budgeted | | Actual | | Budgeted | | Actual | | Budgeted | | Actual | | Budgeted | | Actual | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Hours Estimate (Jan. 2023) | Time Value Estimate (Jan. 2023) | Hours (Jan. 2023) | Time Value (Jan. 2023) | Hours Estimate (Feb. 2023) | Time Value Estimate (Feb. 2023) | Hours (Feb. 2023) | Time Value (Feb. 2023) | Hours Estimate (Mar. 2023) | Time Value Estimate (Mar. 2023) | Hours (Mar. 2023) | Time Value (Mar. 2023) | Hours Estimate (Apr. 2023) | Time Value Estimate (Apr. 2023) | Hours (Apr. 2023) | Time Value (Apr. 2023) |
| Asset Analysis and Recovery | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - |
| Assumption and Rejection of Leases and Contracts | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - |
| Business Operations | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - |
| Case Administration | 5.0 | $ 2,500.00 | 0.5 | $ 217.50 | 10.0 | $ 10,000.00 | 1.4 | $ 658.00 | 0.0 | $ - | 0.0 | $ - | 5.0 | $2,500.00 | 0.8 | $376.00 |
| Claims Analysis | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $0.00 | 0.0 | $ - |
| Employment and Fee Applications | 10.0 | $ 5,000.00 | 7.4 | $ 3,219.00 | 15.0 | $ 7,500.00 | 9.4 | $ 5,804.00 | 5.0 | $2,500.00 | 2.5 | $1,679.00 | 5.0 | $2,500.00 | 3.6 | $1,692.00 |
| Emergency Financing | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $0.00 | 0.0 | $ - |
| Litigation - Contested Matters, Adversary Proceedings, and Automatic Stay | 5.0 | $ 7,200.00 | 3.3 | $ 4,785.00 | 0.0 | $ - | 0.0 | $ - | 5.0 | $7,200.00 | 0.2 | $310.00 | 5.0 | $7,200.00 | 1.1 | $1,705.00 |
| Meetings and Communications with Ad Hoc Committee 7 Creditors | 5.0 | $ 7,500.00 | 3.2 | $ 4,810.00 | 5.0 | $ 5,000.00 | 1.3 | $ 1,300.00 | 10.0 | $10,000.00 | 6.3 | $7,749.00 | 0.0 | $0.00 | 0.0 | $ - |
| Non-Working Travel | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $0.00 | 0.0 | $ - |
| Plan and Disclosure Statement | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 5.0 | $2,500.00 | 1.3 | $2,015.00 | 5.0 | $2,500.00 | 0.3 | $465.00 |
| | | | | | | | | | | | | | | | | |
| Totals | 25.00 | $22,200.00 | 14.4 | $13,031.50 | 30.0 | $22,500.00 | 12.1 | $7,762.00 | 25.0 | $22,200.00 | 10.3 | $11,753.00 | 20.0 | $14,700.00 | 5.8 | $4,238.00 |

| Staffing Plan | | |
|---|---|---|
| Category of Timekeeper | Blended Hourly Rate | Number of timekeepers expected to work on the matter during the budget period |
| Partner | $1,247.01 | 4 |
| Associate | $631.39 | 2 |
| Paraprofessional | $435.00 | 1 |

| Budgeted Hours Jan. 2023 - Apr. 2023 | Budgeted Time Value Jan. 2023 - Apr. 2023 | Actual Hours Jan. 2023 - Apr. 2023 | Actual Time Value Jan. 2023 - Apr. 2023 |
|---|---|---|---|
| 100.0 | $81,600.00 | 42.6 | $36,784.50 |

## <u>CERTIFICATION</u>

I, Steven D. Pohl, declare under penalties of perjury that:

a)      I am a partner with the applicant Firm, Brown Rudnick LLP, and am admitted to appear before this Court.

b)      I am familiar with the work performed by Brown Rudnick LLP on behalf of the Ad Hoc Committee.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information, and belief.  Moreover, I have reviewed Rule 2016-1 of the Local Bankruptcy Rules and the Guidelines and submit that the Application substantially complies with such Guidelines.


*/s/ Steven D. Pohl*
Steven D. Pohl