**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                            :
In re:                                                      :       Chapter 11
                                                            :
PURDUE PHARMA L.P., *et al.*,[1]                            :       Case No.  19-23649 (SHL)
                                                            :
              Debtors.                                      :       (Jointly Administered)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COVER SHEET TO THE ELEVENTH INTERIM APPLICATION OF**
**PROVINCE, LLC, FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS OF PURDUE PHARMA L.P., *ET AL.*, FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM**
**PERIOD OF JANUARY 1, 2023 THROUGH APRIL 30, 2023**

| Basic Information | |
|---|---:|
| Name of Applicant | Province, LLC |
| Name of Client | Official Committee of Unsecured Creditors |
| Petition Date | September 15, 2019 |
| Retention Date | *nunc pro tunc* to October 1, 2019 |
| Date of Order Approving Employment | November 21, 2019 |
| **Eleventh Interim Period** | |
| Time Period Covered | January 1, 2023 through April 30, 2023 |
| Total Hours Billed | 1,211.3 |
| Total Fees Requested | $892,393.90[2] |
| 80% of Fees Requested | $713,915.12 |
| 20% of Fees Requested | $178,478.78 |
| Total Expenses Requested | $1,838.00 |
| Blended Rate (All Timekeepers) | $775.50 |
| Blended Rate (All Professionals) | $778.20 |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] The total fees billed for the period from January 1, 2023 through April 30, 2023 reflects a voluntary discount of $46,968.10.

| | |
|---|---:|
| Fees Requested over Budgeted Amount (if any) | $0.00 |
| Total Professionals | 12 |
| Rate Increases Not Previously Approved/Disclosed? | No |
| **Historical Information** | |
| Allowed Fees paid to date | $34,392,870.82 |
| Allowed Expenses paid to date | $49,168.99 |
| Fees approved to date by interim order | $34,392,870.82 |
| Expenses approved to date by interim order | $49,168.99 |

This is Province, LLC's eleventh interim application in these cases.

## PRIOR MONTHLY FEE STATEMENTS SUBJECT TO INTERIM PERIOD

| Date Filed | Period | Requested | | Paid | | Unpaid | |
|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 3/30/2023 Doc. 5523 | 1/1/23 - 1/31/23 | $180,010.75 | $592.00 | $144,008.60 | $592.00 | $36,002.15 | $0.00 |
| 5/8/2023 Doc. 5587 | 2/1/23 - 2/28/23 | $161,609.25 | $520.00 | $129,287.40 | $520.00 | $32,321.85 | $0.00 |
| 6/1/2023 Doc. 5657 | 3/1/23 - 3/31/23 | $180,420.20 | $369.00 | $0.00 | $0.00 | $180,420.20 | $369.00 |
| 6/14/2023 Doc. 5719 | 4/1/23 - 4/30/23 | $370,353.70 | $357.00 | $0.00 | $0.00 | $370,353.70 | $357.00 |
| | **TOTAL** | **$892,393.90** | **$1,838.00** | **$273,296.00** | **$1,112.00** | **$619,097.90** | **$726.00** |

### COMPENSATION BY TIMEKEEPER DURING INTERIM PERIOD
### JANUARY 1, 2023 THROUGH APRIL 30, 2023

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Michael Atkinson, MBA, CPA, CIRA, ABV, CVA, CFE, CFF | Principal – Financial consulting, bankruptcy consulting, and litigation analysis since 1991. | $1,320 | 164.9 | $217,668.00 |
| | | $1,150 | 41.1 | $47,265.00 |
| Jason Crockett, MBA, CIRA | Principal – Financial consulting, corporate restructuring, and litigation analysis since 2002. | $1,030 | 68.3 | $70,349.00 |
| | | $910 | 2.1 | $1,911.00 |
| Stilian Morrison, MFin | Principal – Corporate restructuring. Investment banking and restructuring employment since 2005. | $980 | 23.4 | $22,932.00 |
| | | $900 | 9.0 | $8,100.00 |
| Eunice Min | Senior Director – Corporate restructuring and business valuations since 2012. | $820 | 144.9 | $118,818.00 |
| | | $760 | 15.0 | $11,400.00 |
| James Bland | Director – Financial analysis and management consulting since 2016. | $780 | 7.4 | $5,772.00 |
| Christian Klawunder, CFA | Director – Investment banking. | $740 | 163.4 | $120,916.00 |
| Raul Busto | Vice President – Data analytics. | $680 | 61.3 | $41,684.00 |
| | | $600 | 3.1 | $1,860.00 |
| Joshua Williams | Vice President – Investment banking. | $640 | 12.0 | $7,680.00 |
| Mitchell Boal, CFA | Senior Associate – Financial and data analytics. | $570 | 198.4 | $113,088.00 |
| | | $530 | 16.5 | $8,745.00 |
| Byron Groth | Senior Associate – Corporate restructuring. Data analytics since 2006. | $560 | 27.1 | $15,176.00 |
| Timothy Strickler | Senior Associate – Corporate restructuring, litigation and financial investigation. | $560 | 159.6 | $89,376.00 |
| | | $530 | 36.6 | $19,398.00 |
| Leonardo Kim | Analyst | $320 | 16.4 | $5,248.00 |
| | | $300 | 34.5 | $10,350.00 |
| **Subtotal** | | | **1,205.0** | **$937,736.00** |
| **Blended Rate for Professionals** | | **$778.20** | | |
| **Para Professionals** | | | | |
| Eric Mattson | | $270 | 4.8 | $1,296.00 |
| | | $220 | 1.5 | $330.00 |
| **Subtotal** | | | **6.3** | **$1,626.00** |
| | | | | |
| **Subtotal** | | | **1,211.3** | **$939,362.00** |
| **Blended Rate for all Timekeepers** | | **$775.50** | | |
| **Voluntary Discount** | | | | **($46,968.10)** |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| | **Grand Total** | | **1,211.3** | **$892,393.90** |

**SUMMARY OF COMPENSATION BY PROJECT CATEGORY**
**DURING INTERIM PERIOD**
**JANUARY 1, 2023 THROUGH APRIL 30, 2023**

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Business Analysis / Operations | 729.3 | $579,024.00 |
| Claims Analysis and Objections | 186.0 | $107,570.00 |
| Committee Activities | 76.2 | $71,520.00 |
| Court Filings | 5.8 | $4,932.00 |
| Court Hearings | 2.3 | $2,467.00 |
| Fee/Employment Applications | 13.5 | $7,476.00 |
| Litigation | 172.9 | $139,915.00 |
| Plan and Disclosure Statement | 8.6 | $9,241.00 |
| Sale Process | 16.7 | $17,217.00 |
| **Subtotal** | **1,211.3** | **$939,362.00** |
| **Voluntary Discount** | | **($46,968.10)** |
| **Grand Total** | **1,211.3** | **$892,393.90** |

**EXPENSE SUMMARY**
**DURING INTERIM PERIOD**
**JANUARY 1, 2023 THROUGH APRIL 30, 2023**

| Expense Category | Description | Total Expenses |
|---|---|---|
| Miscellaneous | Research fees. | $1,838.00 |
| **Total Expenses** | | **$1,838.00** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                                   :
In re:                                                             :     Chapter 11
                                                                   :
PURDUE PHARMA L.P., *et al.*,[1]                                   :     Case No.  19-23649 (SHL)
                                                                   :
                    Debtors.                                             (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### ELEVENTH INTERIM APPLICATION OF PROVINCE, LLC, FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PURDUE PHARMA L.P., *ET AL.*, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR <u>THE INTERIM PERIOD OF JANUARY 1, 2023 THROUGH APRIL 30, 2023</u>

Province, LLC ("**Applicant**"), financial advisor to the Official Committee of Unsecured

Creditors (the "**Committee**") of Purdue Pharma L.P., *et al*. (collectively, the "**Debtors**"), in the

above-captioned chapter 11 cases, respectfully represents:

### <u>INTRODUCTION</u>

1.     This is Applicant's eleventh interim fee application (the "**Application**") for

compensation and reimbursement of expenses pursuant to § 330 and 331 of chapter 11 of title 11

of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the Southern District of New

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

York (the "**Local Rules**"), the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "**U.S. Trustee Guidelines**"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals (the "**Interim Compensation Order**") [D.I. 529].

2.      Pursuant to the Interim Compensation Order, Applicant may file monthly fee statements with this Court.  As described in the summary sheets to this Application, Applicant has previously filed monthly fee statements requesting allowance of fees and expenses for the periods of (i) January 1, 2023 through January 31, 2023, (ii) February 1, 2023 through February 28, 2023, (iii) March 1, 2023 through March 31, 2023, and (iv) April 1, 2023 through April 30, 2023 (collectively, the "**Monthly Fee Statements**").  These statements included, among other things, contemporaneously maintained time entries for each professional who provided services during the Interim Period, maintained in increments of tenths (1/10) of an hour, and an itemization and description of the costs and expenses incurred by Applicant.  The Monthly Fee Statements are hereby incorporated by reference.

3.      This Application seeks interim approval of compensation for services rendered by Applicant in the amount of **$892,393.90** and reimbursement of certain expenses incurred by the Applicant in the amount of **$1,838.00** for the period of January 1, 2023 through April 30, 2023 (the "**Interim Period**").  This Application complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, and the U.S. Trustee Guidelines.

4.      In support of this Application, Province submits the Certification of Michael Atkinson, which is annexed hereto as **Exhibit A** and incorporated by reference into this Application.  In support of this Application, Province respectfully represents as follows:

## BACKGROUND

5.      On September 15, 2019 and September 16, 2019, (the "**Petition Date**"), the Debtors

each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

The Debtors are operating their businesses and managing their properties as debtors-in-possession

pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  On September 18, 2019, the Court

entered an order authorizing the joint administration of the Debtors' chapter 11 cases [D.I. 59].

6.      On September 26, 2019, the Office of the United States Trustee (the "**U.S.**

**Trustee**") for Region 2 (New York) appointed the Committee. *See Notice of Appointment of*

*Official Committee of Unsecured Creditors*, dated September 27, 2019 [D.I. 131].[2]

7.      On October 1, 2019, the Committee selected Province, LLC ("Province") as its

proposed financial advisor.

8.      On November 5, 2019, the Committee filed the *Application of the Official*

*Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and*

*Retention of Province, Inc., as Financial Advisor Nunc Pro Tunc to October 1, 2019* [D.I. 423].

On November 21, 2019, this Court approved the Committee's employment and retention of

Applicant pursuant to the *Order Authorizing the Employment and Retention of Province, Inc., as*

*Financial Advisor for the Official Committee of Unsecured Creditors Nunc Pro Tunc to October*

*1, 2019* [D.I. 524].

---

[2] The Committee currently comprises the following members: (i) The Blue Cross and Blue Shield Association (the
"Chair"); (ii) CVS Caremark Part D Services L.L.C. and CaremarkPCS Health L.L.C.; (iii) Cheryl Juaire; (iv) Kara
Trainor; (v) LTS Lohmann Therapy Systems Corporation; (vi) Pension Benefit Guaranty Corporation; (vii) Walter
Lee Salmons; and (viii) West Boca Medical Center, plus three *ex officio* members, Cameron County, Texas on behalf
of the MSGE Group, the Cheyenne and Arapaho Tribes, on behalf of certain Native American Tribes and Native
American-affiliated creditors, and Thornton Township High School District 205, on behalf of certain public school
districts.

## JURISDICTION

9.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §
1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this
Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested
herein are §§ 105(a), 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

## SERVICES RENDERED DURING THE INTERIM PERIOD

10.     During the Interim Period, Applicant's services to the Committee included
professional advice and representation in connection with discrete categories in these chapter 11
proceedings.  The aggregate hours and amount for each category are set forth on the cover page to
this Application.

11.     To apprise this Court of the services provided during the Interim Period, Applicant
sets forth the following summary of services rendered.  The summary is intended only to highlight
the general categories of services performed by Applicant on behalf of the Committee; it is not
intended to set forth each and every item of professional services which Applicant performed.

### Business Analysis / Operations

10.     Incorporated within this category is time spent by Applicant's personnel in
connection with the evaluation and analysis of certain aspects of the Debtors' business and
financial performance.  The work performed in this task code was necessary for the Committee to
be informed on the Debtors' cash position and liquidity during these chapter 11 cases.

11.     Specific services provided by Province during the Interim Period include, but are
not limited to:

        a.      analyzing the Debtors' cash budgets, assets and liabilities, and overall
            financial condition;

    b.       reviewing financial and operational information furnished by the Debtors to the Committee including but not limited to prescription data, monthly flash reports, and product sales data;

    c.       reviewing and analyzing the Debtors' pre-petition and post-petition financial performance by segment;

    d.       analyzing the Debtors' proposed 2023 Key Employee Incentive Plan and Key Employee Retention Plan and negotiating consensual resolutions to any issues related to same;

    e.       analyzing the latest version of the Debtors' proposed business plan and developing alternative scenarios;

    f.       analyzing the economics of various strategic options for the future of the company;

    g.       analyzing the available value to the estate and creditors and the timing of cash flows under multiple scenarios and potential allocations to creditors;

    h.       discussing budget and other business and financial results with the advisors to the Debtors and other case parties, as well as with committee counsel, committee professionals and within internal team.

12.      Applicant expended 729.3 hours of time for a charge of $579,024.00 for services rendered with respect to matters relating to this category.[3]

**Claims Analysis and Objections**

13.      Incorporated within this task code is time incurred by Applicant's personnel while performing various functions directly related to the analysis of scheduled, potential, and filed claims filed against the Debtors, including, among others: (i) personal injury claims, (ii) Neonatal Abstinence Syndrome children claims, (iii) state claims, (iv) municipality claims, (v) Native

---

[3] The amounts in this section reflecting fees for each category of service do not include the $46,968.10 total voluntary discount that was applied to total fees billed for the period from January 1, 2023 through April 30, 2023.

American tribe claims, (vi) the Department of Justice's claims, (vii) insurance carriers' claims, (viii) hospital claims, and (ix) trade claims.

14.     Applicant expended 186.0 hours of time for a total charge of $107,570.00 for services rendered in connection with this category.

**Committee Activities**

15.     Incorporated within this category is time incurred by Applicant's personnel while performing various functions directly related to preparing for, meeting with, and corresponding with the Committee and its professionals with regards to the Committee's position and next steps.

16.     Specific services provided by Province during the Interim Period include, but are not limited to:

   a.   preparing for and participating in calls with the Committee and its counsel as well as various other creditors on issues related to the bankruptcy proceeding;

   b.   preparing summaries of various analyses (including periodic financial update and other analyses) into presentation materials to be shared with the Committee and its counsel;

   c.   conferring with other Province professionals regarding various analyses and issues directly related to questions and concerns of the Committee.

17.     Applicant expended 76.2 hours of time for a charge of $71,520.00 for services rendered in connection with committee activities.

**Court Filings**

18.     Incorporated within this category is time incurred by Applicant's personnel while performing various functions directly related to evaluating and commenting on motions, orders, and other relevant filings on the docket.

19.     Applicant expended 5.8 hours of time for a charge of $4,932.00 for services rendered in connection with this category.

**Court Hearings**

20.     Incorporated within this category is time incurred by Applicant's personnel while attending the various hearings in these cases.

21.     Applicant expended 2.3 hours of time for a charge of $2,467.00 for services rendered in connection with this category.

**Fee/Employment Applications**

22.     Incorporated within this task code is time incurred by Applicant's personnel while performing various functions directly related to the fee applications of Province for these chapter 11 cases including the *Thirty-Ninth Monthly Fee and Expense Statement of Province, LLC, Financial Advisor to the Official Committee of Unsecured Creditors, for the Period from December 1, 2022 through December 31, 2022* [D.I. 5410]; the *Tenth Interim Application of Province, LLC, Financial Advisor to the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al., for Compensation and Reimbursement of Expenses for the Interim Period of September 1, 2022 through December 31, 2022* [D.I. 5440]; the *Fortieth Monthly Fee and Expense Statement of Province, LLC, Financial Advisor to the Official Committee of Unsecured Creditors, for the Period from January 1, 2023 through January 31, 2023* [D.I. 5523]; the *Forty-First Monthly Fee and Expense Statement of Province, LLC, Financial Advisor to the Official*

*Committee of Unsecured Creditors, for the Period from February 1, 2023 through February 28, 2023* [D.I. 5587].

23.    Applicant expended 13.5 hours of time for a charge of $7,476.00 for services rendered in connection with this category.

**<u>Litigation</u>**

24.    Incorporated within this category is time incurred by Province personnel analyzing, corresponding, and discussing possible causes of action and investigating and requesting the relevant data and documentation.

25.    Specific services provided by Province during the Interim Period include, but are not limited to:

    a.    analyzing the Debtors' pre-petition cash and non-cash distributions and transfers to their shareholders, including tracing the flow of distributions and preparing exhibits and materials related to same;

    b.    reviewing and analyzing production materials related to the shareholders and other insiders, the Debtors' affiliated entities, transferees of the Debtors' property, and other matters;

    c.    analyzing the shareholders' assets and financial information produced; and

    d.    preparing analyses in support of potential causes of action including against excluded parties.

26.    Applicant expended 172.9 hours of time for a charge of $139,915.00 for services rendered in connection with this category.

**Plan and Disclosure Statement**

27.     Incorporated within this category is time incurred by Applicant's personnel while performing various functions directly related to the review and analysis of issues impacting the Debtors' proposed plan and disclosure statement and the shareholder settlement thereunder, as well potential plan alternative structures.

28.     Applicant expended 8.6 hours of time for a charge of $9,241.00 for services rendered in connection with this category.

**Sale Process**

29.     Incorporated within this category is time incurred by Applicant's personnel while considering the sale of the Debtors' Avrio business.

30.     Applicant expended 16.7 hours of time for a charge of $17,217.00 for services rendered in connection with this category.

## MATTERS PERTAINING TO APPLICANT DURING THE INTERIM PERIOD

31.     Applicant has maintained contemporaneous time records which indicate the time that each professional has spent working on a particular matter and the nature of the work performed.  Copies of these time records are included in the Monthly Fee Statements and are hereby incorporated by reference. The total number of hours expended by Applicant's professionals and para-professionals during the Interim Period in connection with these cases is **1,211.3**.  All of the services have been rendered by the individuals at Applicant's firm.

32.     The professionals who have expended time on this matter during the Interim Period are as follows:  Michael Atkinson, Jason Crockett, Stilian Morrison, Eunice Min, James Bland, Christian Klawunder, Joshua Williams, Raul Busto, Mitchell Boal, Timothy Strickler, Byron Groth, and Leonardo Kim.

33.    Applicant has extensive experience representing official creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases, including, as financial advisor to the official committee of opioid related claimants in Mallinckrodt and Endo International as well as the official committees of unsecured creditors in Revlon, Insys Therapeutics, Achaogen, Aegerion Pharmaceuticals, Brookstone, J&M Stores (Fallas), Heritage Home Group, The Rockport Company, Claire's Stores, Inc., The Walking Company, Patriot National, Shiekh Shoes, Velocity Holding Company (MAG), Aerogroup International, Inc. (Aerosoles), Mac Acquisition LLC (Romano's Macaroni Grill), Cornerstone Apparel, Inc. (Papaya), True Religion Apparel, Inc., Payless ShoeSource, Inc., Gordmans Stores, Inc., hhgregg Inc., Eastern Outfitters LLC, Inc., Prestige Industries LLC, Gulf Chemical & Metallurgical Corporation, Performance Sports Group, Fresh-G Restaurant Intermediate Holding, LLC (Garden Fresh Restaurants), Golfsmith International Holdings, Inc., Aéropostale, Inc., Pacific Sunwear, Inc., Fresh & Easy, LLC, The Wet Seal, LLC, National Air Cargo, Inc., Magnetation, LLC, and KSL Media Inc. matters, the debtors in Woodbridge Group of Companies, LLC, Penthouse Global Media Inc., Focus Property Group, Superior Linen, Argosy Casino (Penn National) and American West Homes, and the trustee in Maxus Energy, Avaya, Inc., La Paloma Generating Company LLC, RadioShack Corporation, Coldwater Creek, Inc., Loehmann's Inc., and Eddie Bauer.  Accordingly, the Committee believes that Province is well-qualified to render the services described below.

34.    During the Interim Period, the professionals and para-professionals of Applicant devoted **1,211.3** hours in rendering professional services to the Committee, all of which time was reasonable and necessary.

35.     Applicant rendered all the professional services for which compensation is requested herein in connection with the Debtors' chapter 11 cases in furtherance of Applicant's professional responsibilities as financial advisor to the Committee.

36.     Province has used its reasonable efforts to avoid duplication of services provided to any of the Committee's other retained professionals in these chapter 11 cases.

## EXPENSES INCURRED DURING THE INTERIM PERIOD

37.     Annexed as part of the cover sheet is a list of the necessary and actual disbursements incurred during the Interim Period in connection with the above-described work.  The list is derived from the information in the Monthly Fee Statements and are hereby incorporated by reference. These records indicate that Applicant has advanced the sum of **$1,838.00** in necessary and actual out-of-pocket expenses during the Interim Period.

## DISCLOSURES PURSUANT TO THE REVISED U.S. TRUSTEE GUIDELINES

38.     The Committee reviewed all of Applicant's Monthly Fee Statements in advance of each Monthly Fee Statement being filed and served.  Applicant asserts that the fees sought for the Interim Period are reasonable and necessary and that the services provided value to the Committee.

39.     Twelve professionals and one para-professional are included in this Application.

40.     The following is provided in response to the request for additional information set forth in Paragraph C.5 of the Revised UST Guidelines:

**Question:**     Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response**:     Province agreed to a 5% discount on fees for the Interim Period.

**Question:**     If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response**:    Province prepared a budget and staffing plan for the period from January 1, 2022 through April 30, 2023.  For the Compensation Period, Province is not seeking fees that exceed amounts budgeted for a period by 10% or more.  See **Exhibit B** which contains: (i) a summary of compensation by task code against the budgeted hours and fees as well as (ii) the staffing plan for the Interim Period.

**Question:**    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**:    No.

**Question:**    Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

**Response:**    Yes.  This Application includes approximately $1,312.00 in fees relating to reviewing or revising time records, as well as preparing, reviewing, or revising invoices during the Compensation Period.  These fees are reflected within the Fee/Employment Applications task code.

**Question:**    Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?

**Response:**    Yes, in preparation for the filing of this Application, Province reviews its monthly invoices at the time that they are filed for privilege and confidentiality.

**Question:**    Does this fee application include rate increases since retention?

**Response:**    Yes.

## <u>ALLOWANCE OF INTERIM COMPENSATION</u>

41.    With respect to the level of compensation, section 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered."  Section 330(a)(3), in turn, provides that:

In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

42.     The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. *See In Re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citation and internal quotation marks omitted); *In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, 18 (Bankr. S.D.N.Y. 1991) ("Congress' objective on requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists.").

43.     Applicant asserts that in accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. It is respectfully

submitted that, had professionals with less experience in these types of matters been retained, the cost to the estate would have been much greater.

44.    No agreement or understanding exists between Applicant and any other entity for the sharing of compensation to be received for services rendered in or in connection with this chapter 11 case.  The fees charged by Applicant in these cases are billed in accordance with the existing billing rates and procedures in effect during the Interim Period.  The services rendered by Applicant were necessary and beneficial to the Committee, consistently performed in a timely manner, and reasonable in light of the value of such services to the Committee, Applicant's demonstrated skill and expertise in the bankruptcy field, and the customary compensation charged by comparably skilled practitioners.  Applicant, by experience, training, and ability, is fully qualified to perform the services for which compensation is sought here.  Applicant represents or holds no interest adverse to the Committee with respect to the matters upon which it is engaged. Accordingly, Applicant submits that approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## NOTICE, PRIOR APPLICATION AND CERTIFICATION

45.    Notice of this Application has been provided in accordance with the Interim Compensation Order.  Applicant submits that the foregoing constitutes good and sufficient notice and that no other or further notice need be provided.

46.    No previous application for the relief sought herein has been made to this or any other court.

47.    Applicant has reviewed the requirements of the Local Rules and certifies that this Application complies with the Interim Compensation Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**WHEREFORE**, Applicant respectfully requests interim allowance of compensation for Applicant's duly authorized, necessary and valuable service to the Committee during the Interim Period in the aggregate amount of **$892,393.90** and reimbursement of actual and necessary expenses incurred by the Applicant in the amount of **$1,838.00** for the period from January 1, 2023 through April 30, 2023, and awarding Applicant such other and further relief that this Court deems just and proper.

Dated:    June 14, 2023

/s/ Michael Atkinson
Michael Atkinson, Principal
**PROVINCE, LLC**
2360 Corporate Circle, Suite 340
Henderson, NV 89074
Telephone: (702) 685-5555
Facsimile: (702) 685-5556
Email: matkinson@provincefirm.com

*Financial Advisor to the Official Committee of Unsecured Creditors*

## EXHIBIT A

**Certification**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                                    :
In re:                                                              :    Chapter 11
                                                                    :
PURDUE PHARMA L.P., *et al.*,[1]                                    :    Case No.  19-23649 (SHL)
                                                                    :
            Debtors.                                                :    (Jointly Administered)
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## CERTIFICATION OF MICHAEL ATKINSON

Michael Atkinson, a principal with the firm Province, LLC, after being duly sworn according to law, deposes and says:

1.      I am a Principal of the applicant firm Province, LLC ("Province"), with offices located in the Baltimore-Washington D.C., Las Vegas, Los Angeles, Greenwich, New York, Houston, Miami-Fort Lauderdale metro areas.  I am duly authorized to make this verification on behalf of Province.  Province was retained as financial advisor to the Official Committee of Unsecured Creditors (the "Committee") on October 1, 2019, and Province's employment application was approved by the Court on November 21, 2019.

2.      I have personally performed many of the services rendered by Province as financial advisor to the Committee and am familiar with the other work performed on behalf of the Committee by the other professionals in the firm.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

3.      The *Eleventh Interim Application for Compensation and Reimbursement of Expenses of Province, LLC, as Financial Advisor to the Official Committee of Unsecured Creditors, for the Period of January 1, 2023 through April 30, 2023* (the "Application") was prepared at my direction.  The facts set forth in the foregoing Application are true to the best of my knowledge, information and belief.

4.      Pursuant to the Guidelines, I certify that:

   a.      I have read the Application;

   b.      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines, except as specifically set forth herein;

   c.      The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Province and generally accepted by Province's clients; and

   d.      In providing a reimbursable service, Province does not make a profit on that service, whether the service is performed by Province in-house or through a third party.

5.      I certify that the Committee was provided a statement of fees and disbursements accrued each month during the Interim Period, containing the items listed in section B.2 of the Administrative Order.

6.      In respect of section B.3 of the Local Guidelines, I certify that the Debtors, the U.S. Trustee, and the members of the Committee are each being provided with a copy of the Application.

Executed under penalty of perjury of the laws of the United States on this 14th day of June

2023.

/s/ Michael Atkinson
Michael Atkinson, Principal
Province, LLC

## **EXHIBIT B**

**Summary of Compensation by Task Code Against Budgeted Hours and Fees and Staffing Plan**

| Task Code Category | Hours Budgeted[1] (Low – High) | Amount Budgeted[1] (Low – High) | Actual Hours | Actual Amount |
|---|---|---|---|---|
| Business Analysis / Operations | 620 - 690 | $516,000 - $571,000 | 729.3 | $579,024.00 |
| Claims Analysis and Objections | 140 - 155 | $87,000 - $96,000 | 186.0 | 107,570.00 |
| Committee Activities | 35 - 40 | $31,000 - $35,000 | 76.2 | 71,520.00 |
| Court Filings | 20 - 20 | $17,000 - $18,000 | 5.8 | 4,932.00 |
| Court Hearings | 5 - 5 | $4,000 - $4,000 | 2.3 | 2,467.00 |
| Fee/Employment Applications | 20 - 25 | $13,000 - $15,000 | 13.5 | 7,476.00 |
| Litigation | 375 - 415 | $290,000 - $321,000 | 172.9 | 139,915.00 |
| Plan and Disclosure Statement | 45 - 50 | $43,000 - $47,000 | 8.6 | 9,241.00 |
| Sale Process | 20 - 20 | $15,000 - $17,000 | 16.7 | 17,217.00 |
| Total | 1,280 – 1,410 | $1,106,000 - $1,123,000 | 1,211.3 | $939,362.00 |
| | | | Voluntary Discount | ($46,968.10) |
| | | | Grand Total | $892,393.90 |

| Timekeeper Category | No. Expected Timekeepers | Range of Hourly Rates | No. Actual Timekeepers |
|---|---|---|---|
| Principal | 1-3 | $900 - $1,050 | 3 |
| Managing Director | 1-2 | $740 - $850 | 0 |
| Senior Director and Director | 2-3 | $590 - $740 | 3 |
| Vice President | 3-4 | $520 - $590 | 2 |
| Senior Associate and Associate | 3-4 | $380 - $520 | 4 |
| Paralegal/Other Support Staff | 1-2 | $185 - $225 | 1 |

---

[1] Budgeted amount is based on an estimate of hours and an assumed blended rate for each project category.