Kevin C. Maclay, Esq. (admitted *pro hac vice*)
Todd E. Phillips, Esq.
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Tel: (202) 862-5000
Fax: (202) 429-3301

*Counsel for the Multi-State
Governmental Entities Group*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**SUMMARY COVER SHEET FOR SIXTH INTERIM APPLICATION OF CAPLIN &
DRYSDALE, CHARTERED, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES WITH RESPECT TO SERVICES RENDERED AS
COUNSEL TO THE MULTI-STATE GOVERNMENTAL ENTITIES GROUP FOR THE
PERIOD COMMENCING OCTOBER 1, 2022, THROUGH JANUARY 31, 2023**

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters are located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

| | |
|---|---|
| **Name of Applicant:** | Caplin & Drysdale, Chartered |
| **Authorized to provide professional services to:** | Multi-State Governmental Entities Group |
| **Date of Order Approving Debtors' Payment of Fees and Expenses of Applicant:** | April 22, 2021 [Docket No. 2695] |
| **Period for which Compensation and Reimbursement are sought:** | October 1, 2022, through January 31, 2023 |
| **Amount of Compensation sought as actual, reasonable, and necessary:** | $54,978.00 |
| **Amount of Compensation previously awarded:** | $6,192,757.85 |
| **Amount of Expense Reimbursement sought as actual, reasonable, and necessary:** | $1,895.83 |
| **Amount of Expense Reimbursement previously awarded:** | $135,670.81 |
| **Amount of Prior Holdbacks:** | $10,995.60 |
| **Total Fees and Expenses inclusive of Holdback:** | $56,873.83 |
| **This is a:**      __ monthly | _X_  interim      __ final application. |

Kevin C. Maclay, Esq. (admitted *pro hac vice*)
Todd E. Phillips, Esq.
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Tel: (202) 862-5000
Fax: (202) 429-3301

*Counsel for the Multi-State*
*Governmental Entities Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[2] | (Jointly Administered) |

**SIXTH INTERIM APPLICATION OF**
**CAPLIN & DRYSDALE, CHARTERED, FOR ALLOWANCE**
**OF COMPENSATION AND REIMBURSEMENT OF EXPENSES WITH**
**RESPECT TO SERVICES RENDERED AS COUNSEL TO THE**
**MULTI-STATE GOVERNMENTAL ENTITIES GROUP FOR THE**
**PERIOD COMMENCING OCTOBER 1, 2022, THROUGH JANUARY 31, 2023**

Pursuant to the *Order Authorizing the Debtors to Enter Into Term Sheet With and Pay*

*Certain Fees and Expenses of the Multi-State Governmental Entities Group* [Docket No. 2695]

(the "**MSGE Group Fee Order**"), and the *Order Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 529] (the

---

[2]     The Debtors ("**Debtors**") in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters are located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

"**Interim Compensation Order**"), the law firm of Caplin & Drysdale, Chartered ("**Caplin & Drysdale**"), hereby submits this Sixth Interim Fee Application (the "**Application**") for an order awarding it interim fees for legal services rendered as counsel to the Multi-State Governmental Entities Group ("**MSGE Group**") in the above-captioned case, and reimbursement of actual and necessary expenses incurred, for the period commencing October 1, 2022, through January 31, 2023 (the "**Application Period**").  In support of this Application, Caplin & Drysdale respectfully represents as follows:

## JURISDICTION

1.      This Court has subject-matter jurisdiction to hear and determine this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting CJ.).  This is a core proceeding under 28 U.S.C. § 157(b), and this Court has constitutional authority to hear and decide this Application.  Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On September 15, 2019 (the "**Petition Date**"), the Debtors filed a voluntary petition for relief under Chapter 11 under Title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3.      From the Petition Date through the date of this Application, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On November 21, 2019, the Court entered the Interim Compensation Order [D.I. 529].

2

5.     On March 31, 2021, the Debtors filed a *Motion to Enter into Term Sheet with and Pay Certain Fees and Expenses of the Multi-State Governmental Entities Group* [D.I. 2580].  On April 22, 2021, the Court entered the MSGE Group Fee Order [D.I. 2695].

6.     Pursuant to the Interim Compensation Order, professionals may request monthly compensation and reimbursement.  Such requests are to be served on certain identified parties for review.  If no objection to a professional's request is received within fourteen (14) days of such request, the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested.

7.     The Interim Compensation Order also requires each retained professional to file at four-month intervals an application for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of 100% of the compensation for services and reimbursement of expenses for prior months not already included in a previous interim fee application.

## SUMMARY OF APPLICATION

8.     Caplin & Drysdale seeks allowance of interim compensation for professional services rendered to the MSGE Group during the Application Period in the aggregate amount of $54,978.00, and for reimbursement of expenses incurred and recorded in connection with the rendition of such services in the aggregate amount of $1,895.83.

| Monthly Statement | Total Fees | Fees Paid | Total Expenses | Expenses Paid | 20% Holdback | Total Balance |
|---|---|---|---|---|---|---|
| 10/1/22-10/31/22 | $20,528.50 | $16,422.80 | $984.63 | $984.63 | $4,105.70 | $4,105.70 |
| 11/1/22-11/30/22 | $11,223.50 | $8,978.80 | $0.00 | $0.00 | $2,244.70 | $2,244.70 |
| 12/1/22-12/31/22 | $6,204.50 | $4,963.60 | $216.60 | $216.60 | $1,240.90 | $1,240.90 |
| 1/1/23-1/31/23 | $17,021.50 | $13,617.20 | $694.60 | $694.60 | $3,404.30 | $3,404.30 |
| **TOTAL** | **$54,978.00** | **$43,982.40** | **$1,895.83** | **$1,895.83** | **$10,995.60** | **$10,995.60** |

9.     During the Application Period, Caplin & Drysdale attorneys and paraprofessionals expended a total of 93.4 hours for which compensation is requested.  A schedule setting forth the number of hours expended by each of the members, associates and paraprofessionals of Caplin &

3

Drysdale who rendered services to the MSGE Group, their respective hourly rates, and the year of the bar admissions for each Caplin & Drysdale attorney is attached hereto as Exhibit A. A summary of time records on a project category basis as well as itemized time records for the professionals and paraprofessionals performing services for the MSGE Group and itemized and necessary expenses incurred during the Application Period are attached hereto as Exhibit B. These time records comply with the requirements set forth in Rule 2016 of the Federal Rules of Bankruptcy Procedure, including the use of itemized time entries and separate matter numbers for different project types. A description of each project category with the total number of hours expended by the attorneys and paraprofessionals of Caplin & Drysdale by project category, and the aggregate fees associated with each project category, is attached hereto as Exhibit C. Descriptions of the expenses for which Caplin & Drysdale is seeking reimbursement are attached hereto as Exhibit D.

10.    In preparing this Application, Caplin & Drysdale seeks interim allowance of compensation and reimbursement of expenses pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (February 5, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the "**Local Guidelines**"), and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," collectively with the Local Guidelines, the "**Fee Guidelines**"), the Interim Compensation Order

and the MSGE Group Fee Order (collectively with the Fee Guidelines, the "**Guidelines**").  A certification regarding compliance with the Guidelines is attached hereto as Exhibit E.

11.     Caplin & Drysdale believes that all applicable time and disbursement charges for the Application Period have been included herein.  However, to the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Caplin & Drysdale reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## DISBURSEMENTS

12.     Caplin & Drysdale has disbursed $1,895.83 as expenses incurred and recorded in providing professional services during the Application Period.  None of these expenses exceeds the maximum rate set by the Guidelines.  These charges are intended to cover Caplin & Drysdale's direct costs, which costs are not incorporated into Caplin & Drysdale's hourly fees.  Only clients who actually use services of the types for which reimbursement is sought are separately charged for such service.

13.     Caplin & Drysdale respectfully submits that the actual expenses incurred in providing professional services for which reimbursement is sought in this Application were reasonable and justified under the circumstances to serve the needs of the MSGE Group in accordance with the MSGE Group Fee Order.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

14.     The MSGE Group Fee Order provides that Caplin & Drysdale's reasonable and documented fees and expenses of the MSGE Counsel shall be subject, *mutatis mutandis*, to the procedures with respect to authorization of payment of the fees and expenses of the professionals of the Debtors and the Creditors' Committee set forth in the Interim Compensation Order.

5

Therefore, while this Application is not strictly subject to sections 331 and 330 of the Bankruptcy

Code, we are guided by such provisions in making this Application. Section 331 of the Bankruptcy

Code provides for interim compensation of professionals and incorporates the substantive

standards of section 330 to govern a court's award of such compensation. *See* 11 U.S.C. §§ 330,

331.

15.     Section 330(a)(3) also sets forth the criteria for the award of such compensation

and reimbursement:

> In determining the amount of reasonable compensation to be awarded to an
> examiner, trustee under chapter 11, or professional person, the court shall
> consider the nature, the extent, and the value of such services, taking into
> account all relevant factors, including—
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial
> at the time at which the service was rendered toward the completion of, a case
> under this title;
>
> (D)     whether the services were performed within a reasonable amount of time
> commensurate with the complexity, importance, and nature of the problem, issue,
> or task addressed;
>
> (E)     with respect to a professional person, whether the person is board certified
> or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)     whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases other than
> cases under this title.

16.     As set forth in greater detail below, Caplin & Drysdale respectfully submits that it

has satisfied the requirements of the MSGE Group Fee Order and section 330 of the Bankruptcy

Code as they may be applied to the Application through the MSGE Group Fee Order. The

professional services performed by Caplin & Drysdale were necessary and appropriate to the

administration of this Chapter 11 case and were performed in the most expeditious and economical

6

manner possible.   Compensation for these services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.   Further, the professionals at Caplin & Drysdale have coordinated their activities to avoid undue duplication of effort on behalf of the MSGE Group in the case whenever possible.

17.     In accordance with section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(a), there is no agreement or understanding between Caplin & Drysdale and any other person, other than the members of Caplin & Drysdale, for the sharing of compensation to be received for services rendered in this Chapter 11 case.

18.     No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Caplin & Drysdale.

19.     Notice of this Application has been provided in accordance with the Interim Compensation Order.  Caplin & Drysdale submits that no other or further notice need be provided.

20.     Caplin & Drysdale reserves all rights and claims.  Without limiting the generality of the foregoing, Caplin & Drysdale reserves its rights to submit future monthly fee applications, interim fee applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein and in respect of any amounts held back pursuant to the Interim Compensation Order or otherwise.

WHEREFORE, Caplin & Drysdale respectfully requests that the Court enter an Order approving this Application and allowing on an interim basis Caplin & Drysdale's request for $54,978.00 in fees and reimbursement of $1,895.83 in expenses for the Application Period.

Dated: June 14, 2023                     Respectfully submitted,

                                         */s/ Kevin C. Maclay*
                                         Kevin C. Maclay, Esq. (admitted *pro hac vice*)
                                         Todd E. Phillips, Esq.
                                         Caplin & Drysdale, Chartered
                                         One Thomas Circle, NW, Suite 1100
                                         Washington, DC 20005
                                         Tel: (202) 862-5000
                                         Fax: (202) 429-3301
                                         kmaclay@capdale.com
                                         tphillips@capdale.com

                                         *Counsel for the Multi-State*
                                         *Governmental Entities Group*

8

# EXHIBIT A

### SUMMARY OF HOURS AND FEES BY PROFESSIONAL

### OCTOBER 1, 2022, THROUGH JANUARY 31, 2023

| Name of Professional | Position/Year Admitted/Dept. | Hourly Billing Rate* | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Kevin C. Maclay | Member / 1994 / Bankruptcy | $1,175.00 | 2.3 | $2,702.50 |
| Kevin C. Maclay | Member / 1994 / Bankruptcy | $1,395.00 | 2.6 | $3,627.00 |
| Todd E. Phillips | Member / 2005 / Bankruptcy | $915.00 | 1.1 | $1,006.50 |
| Todd E. Phillips | Member / 2005 / Bankruptcy | $1,050.00 | 0.2 | $210.00 |
| Jeffrey A. Liesemer | Member / 1993 / Bankruptcy | $975.00 | 10.4 | $10,140.00 |
| Jeffrey A. Liesemer | Member / 1993 / Bankruptcy | $1,125.00 | 4.4 | $4,950.00 |
| Kevin M. Davis | Member / 2010 / Bankruptcy | $685.00 | 2.4 | $1,644.00 |
| George M. O'Connor | Associate / 2018 / Bankruptcy | $465.00 | 29.7 | $13,810.50 |
| George M. O'Connor | Associate / 2018 / Bankruptcy | $525.00 | 8.4 | $4,410.00 |
| Cecilia Guerrero | Paralegal / N/A / Bankruptcy | $405.00 | 6.1 | $2,470.50 |
| Cecilia Guerrero | Paralegal / N/A / Bankruptcy | $450.00 | 4.0 | $1,800.00 |
| Jessica A. Giglio | Paralegal / N/A / Bankruptcy | $405.00 | 5.5 | $2,227.50 |
| Jessica A. Giglio | Paralegal / N/A / Bankruptcy | $450.00 | 0.9 | $405.00 |
| Rachael L. Davis | Paralegal / N/A / Bankruptcy | $350.00 | 11.3 | $3,955.00 |
| Rachael L. Davis | Paralegal / N/A / Bankruptcy | $395.00 | 4.1 | $1,619.50 |
| | | **TOTAL** | **93.4** | **$54,978.00** |

---

\* Nonworking travel time is billed at one-half the attorney's usual hourly rate.

# EXHIBIT B

## SUMMARY OF DETAILED TIME RECORDS

### OCTOBER 1, 2022, THROUGH JANUARY 31, 2023

| Task Code | Project Category | Total Hours | Total Fees |
|---|---|---|---|
| .04 | Case Administration | 1.8 | $737.50 |
| .07 | Fee Applications-Self | 13.9 | $6,672.50 |
| .10 | Litigation | 15.4 | $12,387.00 |
| .11 | Plan & Disclosure Statement | 27.8 | $17,869.50 |
| .15 | MSGE Group Meetings/Conferences | 19.6 | $11,724.00 |
| .17 | Docket Review & File Maintenance | 14.0 | $5,055.00 |
| .21 | Fee Auditor Matters - Self | 0.9 | $532.50 |
| **TOTAL** | | **93.4** | **$54,978.00** |

# EXHIBIT C

## SUMMARY OF HOURS BILLED BY PROFESSIONAL BY
## PROJECT CATEGORY AND NARRATIVE DESCRIPTION OF EACH PROJECT CATEGORY

### OCTOBER 1, 2022, THROUGH JANUARY 31, 2023

| Project Category | | Position | Total Hours | Total Fees |
|---|---|---|---|---|
| .04 | **Case Administration** | | **1.8** | **$737.50** |
| *Services rendered in this category pertain to the general administration of the bankruptcy case and maintenance of the docketing calendar for MSGE Group professionals.* | | | | |
| | Jessica A. Giglio | Paralegal | 1.3 | $549.00 |
| | Rachael L. Davis | Paralegal | 0.5 | $188.50 |
| .07 | **Fee Applications-Self** | | **13.9** | **$6,672.50** |
| *Services rendered in this category pertain to the preparation and review of Caplin & Drysdale's fee applications.* | | | | |
| | Kevin C. Maclay | Member | 0.1 | $139.50 |
| | Todd E. Phillips | Member | 1.3 | $1,216.50 |
| | Kevin M. Davis | Member | 0.2 | $137.00 |
| | Cecilia Guerrero | Paralegal | 10.1 | $4,270.50 |
| | Jessica A. Giglio | Paralegal | 2.2 | $909.00 |
| .10 | **Litigation** | | **15.4** | **$12,387.00** |
| *Services rendered in this category pertain to the review, analysis and litigation of adversary actions and other litigation in these bankruptcy proceedings.* | | | | |
| | Kevin C. Maclay | Member | 2.0 | $2,790.00 |
| | Jeffrey A. Liesemer | Member | 4.4 | $4,950.00 |
| | George M. O'Connor | Associate | 8.4 | $4,410.00 |
| | Rachael L. Davis | Paralegal | 0.6 | $237.00 |

| | | | | |
|---|---|---|---|---|
| .11 | **Plan & Disclosure Statement** | | **27.8** | **$17,869.50** |
| | *Services rendered in this category include without limitation negotiations, legal research, discovery, drafting, motions practice, and other tasks related to evaluating issues with, or that otherwise pertain to, the formulation of a reorganization plan and disclosure statement and confirmation of a reorganization plan.  This category also includes extensive mediation efforts, and due diligence and analysis of additional sources of recovery and related parties.* | | | |
| | Kevin C. Maclay | Member | 0.5 | $587.50 |
| | Jeffrey A. Liesemer | Member | 8.7 | $8,482.50 |
| | Kevin M. Davis | Member | 1.6 | $1,096.00 |
| | George M. O'Connor | Associate | 14.1 | $6,556.50 |
| | Jessica A. Giglio | Paralegal | 2.4 | $972.00 |
| | Rachael L. Davis | Paralegal | 0.5 | $175.00 |
| .15 | **MSGE Group Meetings/Conferences** | | **19.6** | **$11,724.00** |
| | *Services rendered in this category include preparing for and participating in MSGE Group and subcommittee meetings and conference calls; preparing general memoranda and other communications to the MSGE Group and subcommittees thereof; and responding to inquiries from MSGE Group members.* | | | |
| | Kevin C. Maclay | Member | 2.3 | $2,812.50 |
| | Jeffrey A. Liesemer | Member | 1.7 | $1,657.50 |
| | George M. O'Connor | Associate | 15.6 | $7,254.00 |
| .17 | **Docket Review & File Maintenance** | | **14.0** | **$5,055.00** |
| | *Services rendered in this category reflect time spent reviewing the docket for the bankruptcy case, including any pending adversary proceedings and maintaining the case filing system as well as preparing case updates for internal distribution.* | | | |
| | Jessica A. Giglio | Paralegal | 0.2 | $81.00 |
| | Rachael L. Davis | Paralegal | 13.8 | $4,974.00 |
| .21 | **Fee Auditor Matters - Self** | | **0.9** | **$532.50** |
| | *Services rendered in this category pertain to negotiations with the Fee Examiner and the review of and response to reports by the Fee Examiner.* | | | |
| | Kevin M. Davis | Member | 0.6 | $411.00 |
| | Jessica A. Giglio | Paralegal | 0.3 | $121.50 |
| **TOTAL** | | | **93.4** | **$54,978.00** |

# EXHIBIT D

## SUMMARY OF EXPENSES

### OCTOBER 1, 2022, THROUGH JANUARY 31, 2023

| Category | Amount |
|---|---:|
| Court Reporter Transcript Services | $273.00 |
| Database Research | $382.93 |
| PACER Service | $1,239.90 |
| **TOTAL** | **$1,895.83** |

# EXHIBIT E

Kevin C. Maclay, Esq. (admitted *pro hac vice*)
Todd E. Phillips, Esq.
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Tel: (202) 862-5000
Fax: (202) 429-3301

*Counsel for the Multi-State*
*Governmental Entities Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[4] | (Jointly Administered) |

## CERTIFICATION OF TODD E. PHILLIPS

I, Todd E. Phillips, certify as follows:

1.      I am a member in the firm of Caplin & Drysdale, Chartered ("**Caplin &**
**Drysdale**"), and counsel to the Multi-State Governmental Entities Group.  I am duly authorized to
make this certification on behalf of Caplin & Drysdale.  Caplin & Drysdale submits its sixth
application for interim compensation and reimbursement of expenses for the period commencing
October 1, 2022, through January 31, 2023 (the "**Application**") in compliance with Rule 2016-1

---

[4]      The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable
jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal
Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium
Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp.
(4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue
Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805),
Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes
Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC
Pharma Inc. (4014).  The Debtors' corporate headquarters are located at One Stamford Forum, 201 Tresser Boulevard,
Stamford, CT 06901.

of the Local Bankruptcy Rules for the Southern District of New York, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (February 5, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the "**Local Guidelines**"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 529], and the *Order Authorizing the Debtors to Enter Into Term Sheet With and Pay Certain Fees and Expenses of the Multi-State Governmental Entities Group* [Docket No. 2695].

2.       Pursuant to Section B.1 of the Local Guidelines, I certify that:

a.  I have read the Application;

b.  to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the U.S. Trustee Guidelines;

c.  the fees and disbursements sought are billed at rates in accordance with the practices customarily employed by Caplin & Drysdale and generally accepted by Caplin & Drysdale's clients; and

d.  in providing a reimbursable service, Caplin & Drysdale does not make a profit on that service, whether the service is performed by Caplin & Drysdale in-house or through a third party.

3.       The following is provided in response to the request for application information set forth in ¶ C.5 of the U.S. Trustee Guidelines:

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?

**Response:** No, Caplin & Drysdale did not vary its standard or customary billing rates, fees, or terms for services pertaining to this engagement.

**Question:** If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response:** N/A

**Question:** Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response:** No.

**Question:** Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billed records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

**Response:** The fees reflected in billing code number .07, titled Fee Applications-Self, relate to Caplin & Drysdale's preparation of fee applications as well as review and revision of its invoices.

**Question:** Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?

**Response:** Yes, in connection with the review of the monthly time records for submission of the Monthly Fee Applications, Caplin & Drysdale reviewed the time detail for privileged or confidential information.

**Question:** Does this fee application include rate increases since retention?

**Response:** Yes.

**Question:** Did the client agree when retaining Caplin & Drysdale to accept all future rate increases? If not, did Caplin & Drysdale inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Response:** The client was notified at the outset of the engagement that Caplin & Drysdale's hourly rates are reviewed and revised generally on January 1st of each year.

4.      I have read the Application, and I certify that the Application substantially complies with the Local Guidelines and the U.S. Trustee Guidelines.

I declare under penalty of perjury that the forgoing is true and correct.


Dated: June 14, 2023                          _/s/ Todd E. Phillips_____
                                              Todd E. Phillips, Esq.