UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**SUPPLEMENTAL NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT**

      **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**") on September 15, 2019.

      **PLEASE TAKE FURTHER NOTICE** that, on June 1, 2023, the Debtors consummated the sale (the "**Sale Transaction**") of substantially all of the assets of the Debtors' consumer health business to Atlantis Consumer Healthcare Inc. (the "**Purchaser**").

      **PLEASE TAKE FURTHER NOTICE** that, on June 1, 2023, the Debtors filed the *Notice of Filing of Final Assigned Contracts Schedule* [D.I. 5659] (the "**Final Assigned Contracts Schedule**") identifying the contracts (the "**Closing Date Assigned Contracts**") to be assigned to the Purchaser upon consummation of the Sale Transaction.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to paragraphs 26-28 of the order (the "**Bidding Procedures Order**")[2] [D.I. 5570] approving, among other things, procedures for the assumption and assignment of contracts and leases in connection with the Sale Transaction (the "**Assumption and Assignment Procedures**"), the Debtors intend to assume and assign the contracts set forth on Schedule 1 hereto (the "**Supplemental Potential Assigned Contracts Schedule**") and add such contracts to the Final Assigned Contracts Schedule. This Notice

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Debtors' motion for entry of the Bidding Procedures Order and related relief [D.I. 5532].

constitutes a Supplemental Assumption and Assignment Notice with respect to the contracts listed on the Supplemental Potential Assigned Contracts Schedule. A copy of this Notice, including the Supplemental Potential Assigned Contracts Schedule, may also be accessed free of charge on the Debtors' case information website, located at *https://restructuring.ra.kroll.com/purduepharma* or can be requested by email at *purduepharmateam@ra.kroll.com*. In addition, the "**Cure Costs**," if any, necessary for the assumption and assignment of such contracts are set forth on the Supplemental Potential Assigned Contracts Schedule. ***Each Cure Cost listed on the Supplemental Potential Assigned Contracts Schedule represents all liabilities of any nature of the Debtors arising under an Assigned Contract or Assigned Lease prior to the closing of the Sale Transaction, or other applicable date upon which such assumption and assignment will become effective, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the closing of the Sale Transaction or other applicable date upon which such assumption and assignment will become effective.***

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS A COUNTERPARTY TO A CONTRACT INCLUDED ON THE SUPPLEMENTAL POTENTIAL ASSIGNED CONTRACTS SCHEDULE.** Under the terms of the Assumption and Assignment Procedures, in the event that, after the closing of the Sale Transaction, the Debtors or the Successful Bidder identify any contract or lease with respect to the Avrio Assets to which Avrio Health L.P. is a counterparty that is not a Shared Contract (as defined in the Stalking Horse Agreement), and that is not listed on the Potential Assigned Contracts Schedule, and such contract or lease has not been rejected by the Debtors, the Successful Bidder may in its sole and absolute discretion elect by written notice to the Debtors to treat such contract or lease as an Assigned Contract or Assigned Lease, as applicable, and the Debtors shall seek to assume and assign such Assigned Contract or Assigned Lease in accordance with the Bidding Procedures. The Successful Bidder has made such an election with respect to the Contracts included on the Supplemental Potential Assigned Contract Schedule.

## Obtaining Additional Information

Copies of the Bidding Procedures Motion and the Bidding Procedures Order, as well as all related exhibits (including the Stalking Horse Agreement and the Bidding Procedures) and all other documents filed with the Court, are available free of charge on the Debtors' case information website, located at *https://restructuring.ra.kroll.com/purduepharma* or can be requested by email at purduepharmateam@ra.kroll.com.

## Filing Assumption and Assignment Objections

Pursuant to the Assumption and Assignment Procedures, objections to the potential assumption and assignment of an Assigned Contract or Assigned Lease listed on a Supplemental Assumption and Assignment Notice (a "**Supplemental Assumption and Assignment Objection**") with respect to the ability of a Successful Bidder to provide adequate assurance of future performance, must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Cost that the Counterparty believes is required to cure defaults under the relevant Assigned Contract or Assigned Lease, (d) by no later than **17 days from the date of**

**service of the Supplemental Assumption and Assignment Notice** (the "**Supplemental Assumption and Assignment Objection Deadline**"), (i) be filed with the Court and (ii) be served on (1) counsel to the Debtors, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Marshall S. Huebner, Eli J. Vonnegut, Christopher S. Robertson, and Dylan A. Consla, (B) Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001, Attn: Marie L. Gibson and A. Caroline M. Frizzo; (2) counsel to the Consultation Parties, consisting of (i) counsel to the Committee: Akin Gump Strauss Hauer & Feld LLP, Bank of America Tower, One Bryant Park, New York, New York 10036, Attn: Arik Preis and Sara L. Brauner; (ii) counsel for the Ad Hoc Committee: Kramer Levin Naftalis & Frankel LLP, 1177 6th Ave, New York, NY 10036, Attn: Kenneth H. Eckstein; and (iii) counsel for the MSGE Group: Caplin & Drysdale, Chartered, 1 Thomas Cir NW # 1100, Washington, DC 20005, Attn: Kevin Maclay; (3) counsel to the Stalking Horse Bidder, Kirkland & Ellis LLP, 601 Lexington Ave, New York, New York 10022, Attn: Christopher Marcus, P.C., Constantine N. Skarvelis, P.C., and Jordan E. Elkin; and (4) the U.S. Trustee (collectively, the "**Objection Notice Parties**").

Pursuant to the Assumption and Assignment Procedures, a Supplemental Assumption and Assignment Objection relating to proposed Cure Cost (a "**Cure Objection**"), must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Cost that the Counterparty believes is required to cure defaults under the relevant Assigned Contract or Assigned Lease, and (d) by no later than **17 days from the date of service of the Supplemental Assumption and Assignment Notice** (the "**Cure Objection Deadline**"), (1) be filed with the Court and (2) be served on the Objection Notice Parties.

### CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION

*Any Counterparty to a contract or lease who fails to timely make an objection to the potential assumption and assignment of a contract or lease listed on the Supplemental Potential Assigned Contracts Schedule on or before the Supplemental Assumption and Assignment Objection Deadline in accordance with the Assumption and Assignment Procedures, the Bidding Procedures Order, and this Notice shall be deemed to have consented to the assumption and assignment of such contract or lease, including the Cure Costs (if any), set forth in the Supplemental Assumption and Assignment Notice, and shall be forever barred from asserting any objection or claims against the Debtors, the Successful Bidder (including the Stalking Horse Bidder), or the property of any such parties, relating to the assumption and assignment of such contract or lease, including asserting additional Cure Costs with respect to such contract or lease. Notwithstanding anything to the contrary in such contract or lease, or any other document, the Cure Costs set forth in the Supplemental Assumption and Assignment Notice shall be controlling and will be the only amount necessary to cure outstanding defaults under the applicable Assigned Contract or Assigned Lease under section 365(b) of the Bankruptcy Code arising out of or related to any events occurring prior to the closing of the Sale Transaction or other applicable date upon which such assumption and assignment will become effective, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the closing of the Sale Transaction or other applicable date upon which such assumption and assignment will become effective.*

3

Dated:  June 16, 2023
        New York, New York

                                    DAVIS POLK & WARDWELL LLP

                                    By:  */s/ Eli J. Vonnegut*
                                            Eli J. Vonnegut

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

## Schedule 1

### Post-Petition Contracts[1]

| Counterparty | Contract Name | Contract Type | Cure Costs | Date |
|---|---|---|---|---|
| OnCard Marketing, Inc. dba RevTrax | Technology Platform & Services Agreement by and between OnCard Marketing, Inc. dba RevTrax and Avrio Health L.P. | Technology Platform & Services Agreement | | October 1, 2022 |
| OnCard Marketing, Inc. dba RevTrax | Statement of Work under the Technology Platform & Services Agreement by and between OnCard Marketing, Inc. dba RevTrax and Avrio Health L.P. | Statement of Work | | October 1, 2022 |

---

[1] Note: References in this Schedule to any agreement include references to such agreement's exhibits, schedules and appendices, as well as any purchase orders entered into in connection with such agreement.