UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649** |
| Debtors.[1] | **(Jointly Administered)** |

### ORDER AUTHORIZING DEBTORS TO SUPPLEMENT RETENTION AND EMPLOYMENT OF LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS EFFECTIVE AS OF APRIL 14, 2023

Upon the supplemental application, dated May 19, 2023 (D.I. [5616]) (the "**Supplemental Application**"),[2] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to supplement the retention of Latham & Watkins LLP ("**L&W**") as special counsel to the Debtors with respect to the Supplemental L&W

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Supplemental Application.

Services, effective as of April 14, 2023, all as more fully set forth in the Supplemental Application; and upon the *Declaration of Gregory G. Garre in Support of Application of Debtors for Authority to Supplement Retention and Employment of Latham & Watkins LLP as Special Counsel to the Debtors Effective as of April 14, 2023*, attached to the Supplemental Application as **Exhibit B** (the "**Second Supplemental Garre Declaration**"); and this Court having entered the *Order Authorizing the Retention and Employment of Latham & Watkins LLP as Special Counsel for the Debtors Effective as of January 13, 2022* [D.I. 4670] (the "**Initial Retention Order**"); and this Court having jurisdiction to consider the Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Supplemental Application having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having considered the Second Supplemental Garre Declaration, filed contemporaneously with the Supplemental Application, and the Court having determined that the relief sought in the Supplemental Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that L&W does not hold or represent any interest adverse to the Debtors or to their estates with respect to the matters on which L&W is being employed, and that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Supplemental Application is granted as set forth herein.

2. The Debtors are authorized under section 327 of the Bankruptcy Code to supplement the retention and employment of L&W as special counsel to the Debtors with respect to the Supplemental L&W Services, effective as of April 14, 2023, and L&W is authorized to perform the Supplemental L&W Services described in the Supplemental Application.

3. L&W shall be compensated and reimbursed in accordance with, and shall file interim and final fee applications for allowance of its compensation and expenses and shall be subject to, sections 330 and 331 of the Bankruptcy Code, as well as the applicable Bankruptcy Rules, Local Rules, and fee and expenses guidelines and orders of the Court, including the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 529] and the Initial Retention Order.

4. L&W shall provide at least ten (10) business days' notice to the Debtors, the U.S. Trustee and any statutory committee appointed in these chapter 11 cases before implementing any increases in the rates set forth in the Supplemental Application for professionals providing the L&W Services, and such notice shall be filed with the Court.

5. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of the chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the chapter 11 cases to cases under chapter 7.

6. The L&W Services will be provided to the Debtors in accordance with the engagement letter executed on January 24, 2022 (the "**Engagement Letter**"), a copy of which was attached to the Garre Declaration as **Exhibit 1**.

7. Notwithstanding the entry of this Order, the Initial Retention Order and all related agreements approved thereunder shall remain in full force and effect and shall apply to the Supplemental L&W Services except as otherwise set forth herein.

8. Notice of the Supplemental Application as provided therein is good and sufficient notice of such Supplemental Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable immediately upon its entry.

10. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Supplemental Application.

11. In the event of any inconsistency between the Supplemental Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: June 20, 2023
White Plains, New York

*/s/ Sean H. Lane*
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE