DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

### DEBTORS' OMNIBUS OBJECTION TO REDBOW NLN'S AMENDED MOTION TO SCHEDULE FOR LIQUIDATION AND SETTLEMENT OF CASE NUMBER; 6492 AND MOTION TO SCHEDULE FOR LIQUIDATION AND SETTLEMENT OF CASE NUMBER; 6492

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession

in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**") respectfully

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

represent as follows in opposition to the *Amended Motion to Schedule for Liquidation and Settlement of Case Number; 6492* (May 30, 2023) [Dkt. No. 5648] (the "**Amended Motion**") and the *Motion to Schedule for Liquidation and Settlement of Case Number; 6492* (June 12, 2023) [Dkt. No. 5687] (the "**Subsequent Motion**," with the Amended Motion, the "**Motions**") filed by Redbow NLN (the "**Movant**"):

1.      The Movant requests "[relief] for [damages] for [e]conomical [d]amages, [e]motional [d]istress, [h]umiliation, [l]oss of [e]njoyment of [l]ife and [o]ther [p]ain and [s]uffering." (Am. Mot. at 2; Subsequent Mot. at 2.)  Specifically, the Movant requests that the Court "settle[] [his] claim" for "[one] [m]illion [d]ollars" (Am. Mot. at 2) or "$78,000.00" (Subsequent Mot. at 2).[2]

2.      Notably, the Movant previously filed a similar motion requesting early payment of his claim. (*See* Mot. of Liquidation Under the Tort Laws (Mar. 11, 2022), Dkt. No. 4529 (the

---

[2] The Motions contain several factually inaccurate statements, including that the "Court has released [billions] to [state] and [federal governments]" (Subsequent Mot. at 3) and that "the [s]tates['], [c]ounties['], [c]ities['], and large private entities[' claims will] be settled before the [p]ersonal [i]njury" claims (Am. Mot. at 3).  Under the *Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* [Dkt. No. 3726] (the "**Plan**"), "*[o]n the Effective Date* . . . the PI Trust shall receive" a distribution from which individuals who have filed timely proofs of claim against the Debtors asserting personal injury claims may seek to recover pursuant to trust distribution procedures. (Plan § 4.10(a), (c)(i) (emphasis added).)  Similarly, under the Plan, "*[o]n the Effective Date*," a trust established to settle claims filed by states, counties, and cities will receive a distribution from which states, counties, and cities may seek to recover pursuant to trust distribution procedures. (Plan § 4.4(a) (emphasis added).)  The same is true for "large private entities" (Am. Mot. at 3) such as hospitals and third-party payors. (*See* Plan § 4.6(a) (noting that the Hospital Trust shall receive a distribution "[o]n the Effective Date"); § 4.7(a) (noting that the TPP Trust shall receive a distribution "[o]n the Effective Date").)  Similarly, contrary to the Movant's assertion, the trust distribution procedures for the PI Trust do not contemplate "settl[ing]" or paying claims "in [a]lphabetic order." (*See* Am. Mot. at 2.)  Rather, "[t]he PI Trust will make payments in the following order:  (a) Easy Payment of $3,500 per qualifying Non-NAS PI Claimant to those Non-NAS PI Claimants who elect to receive an Easy Payment; and (b) Base Payments and Level Awards to qualified Non-NAS PI Claimants who did not elect to receive an Easy Payment." (Non-NAS PI TDP, § 6, Ex. I, Sixteenth Plan Supp. (Aug. 25, 2021), Dkt. No. 3655.)

"**Original Mot.**").)  The Debtors objected to the Original Motion (Debtors' Obj. to Redbow NLN's Mot. of Liquidation Under the Tort Laws (Apr. 20, 2022), Dkt. No. 4679 (the "**Debtors' Prior Obj.**")), and after a hearing, the Court denied the Original Motion (Order Denying Mot. for Liquidation Under the Tort Laws (Apr. 29, 2022), Dkt. No. 4712 (the "**Redbow NLN Order**")) on the grounds that the motion was "premature" and that there was "no basis at [the] time to start considering the allowance of and payment of . . . individual proofs of claim" (Apr. 27, 2022 Omnibus Hr'g Tr. 75:9-11; 21).

3.     As the Debtors and this Court have previously stated, "the payment in full of [certain] [c]laim[s] but not of all claims similarly situated to the [c]laim before the confirmation and effective date of a chapter 11 plan in these cases would violate the fundamental Bankruptcy Code principles of similar treatment of similar claims and the resolution and treatment of general unsecured claims under a chapter 11 plan and is not warranted by any exception to such principles." (Redbow NLN Order at 2; *see also* Debtors' Prior Obj. ¶ 2 (quoting Order Denying Mots. for Immediate Claim Payment & to Lift Automatic Stay, at 2 (Jan. 20, 2021), Dkt. No. 2306; Order Denying Mot. for Immediate Claim Payment, at 1-2 (Dec. 16, 2020), Dkt. No. 2145).)  "[T]here is no basis at this time to start considering the allowance of and payment of, to the extent allowed, individual proofs of claim on a piecemeal basis."  (Apr. 27, 2022 Omnibus Hr'g Tr. 75:9-12.)  Indeed, doing so "would unduly favor those who came first with such requests[,] . . . clearly prejudice everyone else[,] and . . . be inconsistent with the work done to date to resolve . . . all of the claims in these cases." (*Id.* at 75:13-16.)  The Debtors remain sympathetic to the Movant and to all those affected by the opioid crisis.  However, for the reasons stated above, the Debtors cannot consider resolving the merits of individual claims like

3

the Movant's and distributing funds on account of individual allowed or accepted claims at this time.

4.    Separately, to the extent that the Motions seek reconsideration of the Court's prior order denying his early claim payment request, the Movant has not carried his burden for such relief.   Reconsideration of the Court's order is only proper where a movant establishes "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) [that] the judgment is void; (5) [that] the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b) (made applicable through Fed. R. Bankr. P. 9024).   "The burden of proof is on the party seeking the relief," and such relief "is properly granted only upon a showing of exceptional circumstances." *U.S. v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).   Moreover, "a Rule 60 motion may not be used as a substitute for appeal." *In re Kirwan Offices S.a.R.L.*, 792 F. App'x 99, 104 (2d Cir. 2019) (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)).   Apart from demonstrating his discontentment with the bankruptcy process and continued wish to have his claim paid now, the Motions do not set forth any grounds for reconsideration of this Court's prior order denying his request for early claim payment.   Accordingly, the Movant has not carried his heavy burden, and the Motions should be denied.

5.    The Debtors have consulted with counsel to the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") and understand that the Creditors' Committee supports the relief requested herein.   The Debtors similarly consulted with counsel to the Ad Hoc Group of Individual Victims (the "**PI Group**") and understand that the PI Group does not oppose the relief requested herein.   Accordingly, for the reasons set forth above, the Debtors request that the

4

Court deny the Motions without prejudice to his claim or to the rights of the Movant, the

Debtors, or any other parties in interest with respect to his claim.


Dated:  July 13, 2023
       New York, New York


                                    */s/ James I. McClammy*
                                    DAVIS POLK & WARDWELL LLP
                                    450 Lexington Avenue
                                    New York, New York 10017
                                    Telephone: (212) 450-4000
                                    Facsimile: (212) 701-5800
                                    Marshall S. Huebner
                                    Benjamin S. Kaminetzky
                                    James I. McClammy
                                    Eli J. Vonnegut

                                    *Counsel to the Debtors*
                                    *and Debtors in Possession*