UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                                                              Chapter 11

PURDUE PHARMA L.P., et al.,                                      Case No. 19-23649 (SHL)

                            Debtors.[1]                                              (Jointly Administered)

------------------------------------------------------------x

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is a letter, dated July 12, 2023, filed by Amanda Morales. *See* Letter from Ms. Morales, dated July 12, 2023 (the "Second Reconsideration Motion") [ECF No. 5782]. The letter is Ms. Morales' second attempt to seek reconsideration of this Court's prior order denying her motion for summary judgment. *See* Order Denying Motion for Summary Judgment and Payment of Claim (the "Order Denying Summary Judgment") [ECF No. 3591]. Nearly two months after entry of the Order Denying Summary Judgment, Ms. Morales filed her first Motion for Reconsideration (the "First Reconsideration Motion") [ECF No. 3994]. The Court denied the First Reconsideration Motion, finding that it made the same general allegations contained in Ms. Morales' motion for summary judgment and did not state any facts or evidence that justified the relief of reconsideration under Rules 59 or 60(b). *See* Order Denying Amanda Morales' Motion for Relief from Prior Order (the "Order Denying First Reconsideration") [ECF No. 4040].[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Local Bankruptcy Rule 9023-1, which governs motions for reargument, states that "[n]o oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally." Local

A motion for reconsideration is governed by two rules. The first is Rule 59(e) of the Federal Rules of Civil Procedure, made applicable here by Rule 9023 of the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 9023. Rule 59(e) authorizes the filing of a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Wendy's Int'l, Inc. v. Nu–Cape Construction, Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996)). The burden rests with the movant. *See In re Crozier Bros., Inc.*, 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986). The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally be denied. . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "A motion to amend the judgment will be granted only if the movant presents matters or controlling decisions which the court overlooked that might have materially influenced its earlier decision." *In Design v. Lauren Knitwear Corp.*, 1992 U.S. Dist. LEXIS 2203, at *3 (S.D.N.Y. Feb. 24, 1992) (citing *Morser v. AT & T Information Systems*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989); *Travelers Insurance Co. v. Buffalo Reinsurance Co.*, 739 F. Supp. 209, 211 (S.D.N.Y. 1990)).

A motion under Rule 59(e) "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Kim v. Bryant*, 2021 U.S. Dist. LEXIS 165018, at *2 (S.D.N.Y. Aug. 27, 2021) (quoting *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000)). Such a request for relief "is not a vehicle for relitigating old issues, presenting

---

Bankruptcy Rule 9023-1(a). The Court concludes that oral argument is neither necessary nor appropriate under the circumstances and has decided the Motion based on the papers.

the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Tonga Partners*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)).  Nor is it "an opportunity for a party to 'plug[ ] the gaps of a lost motion with additional matters.'" *Cruz v. Barnhart*, 2006 U.S. Dist. LEXIS 8368, at *4 (S.D.N.Y. Mar. 7, 2006) (quoting *Carolco Pictures Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).  "Arguments raised for the first time on a motion for reconsideration are therefore untimely." *Cruz*, 2006 U.S. Dist. LEXIS 8368, at *4 (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Cos., Inc.,* 265 F.3d 97, 115–16 (2d Cir. 2001)).  "[I]t is improper for the movant to present new material 'because[,] by definition[,] material that has not been previously presented cannot have been previously 'overlooked' by the court.'" *In Design*, 1992 U.S. Dist. LEXIS 2203, at *3 (quoting *Consolidated Gold Fields, PLC v. Anglo Am. Corp. of South Africa Ltd.,* 713 F. Supp. 1457, 1476 (S.D.N.Y. 1989)).

The second rule on reconsideration is Rule 60(b) of the Federal Rules of Civil Procedure, which lists six grounds upon which a court may relieve a party from a final judgment, order or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The burden of proof on a Rule 60(b) motion is on the movant and is "properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).  "A motion under Rule 60(b) is addressed

3

to the sound discretion of the trial court." *Velez v. Vassallo*, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002). When determining Rule 60(b) motions, courts "balance fairness considerations present in a particular case against the policy favoring the finality of judgments." *Williams v. N.Y.C. Dep't of Corrections*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003) (citing *Kotlicky*, 817 F.2d at 9).

The Second Reconsideration Motion seeks relief from the Court's prior order "based on the court[']s error". *See* Second Reconsideration Motion [ECF No. 5782]. Similar to her prior filings, Ms. Morales asserts a cause of action for failure to warn. *Id*. The Court has previously ruled on this issue and denied relief. As Ms. Morales has not provided any basis for the Court to change its prior rulings she has not met the strict burden for granting the requested relief. *See, e.g.*, Order Denying First Reconsideration, at 3 [ECF No. 4040] (addressing specific argument raised by Ms. Morales). Nor is the motion itself timely under Rule 60(c)(1). Further, Ms. Morales has not provided any new evidence that would warrant relief under applicable law. Ms. Morales also asserts causes of action of bad faith and denial of due process. *Id*. However, these arguments were raised and rejected for the first time in the Second Reconsideration Motion, and they do not justify relief under either Rule 59 or Rule 60.

Accordingly, Ms. Morales' Motion for Reconsideration is denied.

**IT IS SO ORDERED.**

Dated: August 3, 2023
White Plains, New York

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE

4