**Hearing Date and Time: September 20, 2023, at 11:00 a.m. (prevailing Eastern Time)**
**Response Date and Time: September 11, 2023, at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN
PROOFS OF CLAIM FILED BY YOU AND IDENTIFIED HEREIN.
PARTIES RECEIVING THIS NOTICE OF THE FIRST OMNIBUS
OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND CLAIMS
IDENTIFIED ON <u>EXHIBIT A</u> ATTACHED TO THIS NOTICE.**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (SHL) |
| **Debtors.**[1] | **(Jointly Administered)** |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

## <u>NOTICE OF HEARING ON DEBTORS' FIRST OMNIBUS CLAIMS OBJECTION</u>
## <u>(AMENDED OR DUPLICATE CLAIMS)</u>

**PLEASE TAKE NOTICE** that, on August 21, 2023, Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed their *First Omnibus Claims Objection (Amended or Duplicate Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Objection requests that the Bankruptcy Court disallow and expunge one or more of your claims listed on <u>**Exhibit A**</u> annexed hereto on the ground that one or more of your Proofs of Claim asserts a claim for which the Debtors are not liable.  **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Omnibus Claims Hearing Procedures* (the "**Omnibus Claims Hearing Procedures**") annexed hereto as <u>**Exhibit B**</u> apply to and govern the objection to your Proof(s) of Claim.  The Omnibus Claims Hearing Procedures provide for certain mandatory actions by a claimant within certain time periods.  Therefore, please review the Omnibus Claims Hearing Procedures carefully.  Failure to comply with the Omnibus Claims Hearing Procedures may result in the disallowance and expungement of a Proof of Claim without further notice to a claimant.

If you do NOT oppose the disallowance and expungement of your claim(s) listed on <u>**Exhibit A**</u>, then you do NOT need to file a written response to the Objection, and you do NOT need to appear at the hearing.

If you DO oppose the disallowance and expungement of your claim(s) listed on <u>**Exhibit A**</u>, then you MUST file with the Bankruptcy Court <u>and</u> serve on the parties listed below a written

2

response to the Objection so that it is received on or before **4:00 p.m., prevailing Eastern Time on September 11, 2023** (the "**Response Deadline**").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.  A response will be deemed timely filed, served, and received <u>only if</u> the original response is <u>actually received</u> on or before the Response Deadline by (i) the chambers of the Honorable Sean H. Lane, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601; (ii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, James I. McClammy, Eli J. Vonnegut, and Christopher S. Robertson), counsel to the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira S.

Dizengoff, Arik Preis, Mitchell P. Hurley, and Sara L. Brauner), counsel to the Official Committee of Unsecured Creditors appointed in these cases.

Except as otherwise permitted under the Omnibus Claims Hearing Procedures, a hearing will be held on September 20, 2023 to consider the Objection. The hearing will be held at 11:00 a.m., prevailing Eastern Time, in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601. If you file a written response to the Objection, you should plan to appear at the hearing. If you timely file a response, the Debtors may continue the hearing with respect to your claim(s) with your consent.

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"),[2] and at the Bankruptcy Court's directive, the hearing will be conducted via Zoom® videoconference so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court. Parties wishing to appear at, or attend, the hearing are required to register their appearance by 4:00 p.m. (prevailing Eastern Time) the day before the hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

Regardless whether the Bankruptcy Court disallows and expunges your claim(s) listed on **<u>Exhibit A</u>** on the grounds set forth above, the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

If you wish to view the complete Objection, you can do so for free at https://restructuring.ra.kroll.com/purduepharma/. **CLAIMANTS SHOULD NOT CONTACT**

---

[2] A copy of General Order M-543 can be obtained by visiting https://www.nysb.uscourts.gov/news/general-order-m-543-court-operations-under-exigent-circumstances-created-covid-19.

**THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR**

**CLAIMS.**


Dated:   August 21, 2023
         New York, New York


                              DAVIS POLK & WARDWELL LLP

                              By:   */s/ James I. McClammy*

                              450 Lexington Avenue
                              New York, New York 10017
                              Telephone: (212) 450-4000
                              Facsimile:  (212) 701-5800
                              Marshall S. Huebner
                              Benjamin S. Kaminetzky
                              James I. McClammy
                              Eli J. Vonnegut
                              Christopher S. Robertson

                              *Counsel to the Debtors*
                              *and Debtors in Possession*

## Exhibit A

**Claims to be Disallowed and Expunged**

Debtors' First Omnibus Claims Objection
(Amended or Duplicate Claims)

In re Purdue Pharma L.P., et al.
Case No. 19-23649 (SHL)

| | Claims to be Disallowed and Expunged | | | | | Remaining Claims | | | |
|---|---|---|---|---|---|---|---|---|---|
| Reference No. | Name of Claimant | Debtor | Claim No. | Claim Amount | Reason for Disallowance and Expungement | Name of Claimant | Debtor | Claim No. | Claim Amount |
| 1 | Ann L. Kraft | Purdue Pharma L.P. | 34 | $25,225.25 | Amended and superseded by a subsequent claim | Ann L. Kraft | Purdue Pharma L.P. | 2571 | $185,359.25 |
| 2 | Anthony J. Scifo | Purdue Pharma L.P. | 153 | $18,388.13 | Duplicate claim | Anthony J. Scifo | Purdue Pharma L.P. | 814 | $18,388.13 |
| 3 | Carol B. Glassman | Purdue Pharma L.P. | 38988 | $73,625.00 | Duplicate claim | Carol B. Glassman | Purdue Pharma L.P. | 38998 | $73,625.00 |
| 4 | CopyPro | Purdue Pharma L.P. | 118 | $2,974.31 | Amended and superseded by a subsequent claim | CopyPro | Purdue Pharma L.P. | 248 | $2,974.31 |
| 5 | Edward Liao | Purdue Pharma L.P. | 4888 | Unliquidated | Amended and superseded by a subsequent claim | Edward Liao | Purdue Pharma L.P. | 5131 | Unliquidated |
| 6 | Elsevier B.V. | Purdue Pharma L.P. | 991 | $235,280.46 | Amended and superseded by a subsequent claim | Elsevier B.V. | Purdue Pharma L.P. | 11106 | $235,280.46 |
| 7 | Gerald E. Pizzola | Purdue Pharma L.P. | 6676 | Unliquidated | Amended and superseded by a subsequent claim | Gerald E. Pizzola | Purdue Pharma L.P. | 6681 | Unliquidated |
| 8 | HCL America Inc. | Purdue Pharma L.P. | 4944 | $127,452.33 | Amended and superseded by a subsequent claim | HCL America Inc. | Purdue Pharma L.P. | 14391 | $133,344.33 |
| 9 | LPW Training Services LLC | Purdue Pharma L.P. | 55 | $93,377.33 | Amended and superseded by a subsequent claim | LPW Training Services LLC | Purdue Pharma L.P. | 621390 | $85,471.54 |

| Claims to be Disallowed and Expunged | | | | | | Remaining Claims | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Reference No. | Name of Claimant | Debtor | Claim No. | Claim Amount | Reason for Disallowance and Expungement | Name of Claimant | Debtor | Claim No. | Claim Amount |
| 10 | Maria C. Palermo | Purdue Pharma L.P. | 14 | $16,833.67 | Amended and superseded by a subsequent claim | Maria C. Palermo | Purdue Pharma L.P. | 122 | $24,212.67 |
| 11 | Michele Ringler | Purdue Pharma L.P. | 87 | $52,377.37 | Amended and superseded by a subsequent claim | Michele Ringler | Purdue Pharma L.P. | 149 | $46,092.18 |
| 12 | Motion Industries | Purdue Pharma L.P. | 1 | $4,512.30 | Amended and superseded by a subsequent claim | Motion Industries | Purdue Pharma L.P. | 2 | $4,512.30 |
| 13 | PricewaterhouseCoopers LLP | Purdue Pharma L.P. | 137789 | $25,863.57 | Amended and superseded by a subsequent claim | PricewaterhouseCoopers LLP | Purdue Pharma L.P. | 137791 | $25,863.57 |
| 14 | Pure Communications LLC | Purdue Pharma L.P. | 615279 | $80,630.41 | Duplicate Claim | Pure Communications LLC | Purdue Pharma L.P. | 615731 | $80,630.41 |
| 15 | Snell & Wilmer LLP | Purdue Pharma L.P. | 55980 | $107,612.36 | Duplicate Claim | Snell & Wilmer LLP | Purdue Pharma L.P. | 55990 | $107,612.36 |
| 16 | Taylor English Duma, LLP | Purdue Pharma L.P. | 204 | $4,299.00 | Duplicate claim | Taylor English Duma, LLP | Purdue Pharma L.P. | 138524 | $4,299.00 |
| 17 | Walter J. Ellis | Purdue Pharma L.P. | 170 | $4,369.00 | Duplicate claim | Walter J. Ellis | Purdue Pharma L.P. | 802 | $4,369.00 |
| 18 | Waters Technologies Corporation | Purdue Pharma L.P. | 12 | $10,102.55 | Amended and superseded by a subsequent claim | Waters Technologies Corporation | Purdue Pharma L.P. | 51 | $7,830.04 |

**Exhibit B**

**Court-Ordered Omnibus Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| Debtors.[1] | **(Jointly Administered)** |

## <u>COURT-ORDERED OMNIBUS CLAIMS HEARING PROCEDURES</u>

In accordance with the *Corrected Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures*, entered on May 18, 2021 [ECF No. 2878] (the "**Order**"), the Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Court**") to apply to the chapter 11 cases of Purdue Pharma L.P. and its affiliated debtors.

### <u>Omnibus Claims Hearing Procedures</u>

1.      Pursuant to the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on November 18, 2019 [ECF No. 498], the Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these cases. The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.  The Debtors shall schedule the return date for a particular Omnibus Claims Objection within seven (7) days of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

filing such Omnibus Claims Objection.  In the event that the Debtors do not schedule a return

date in accordance with the preceding sentence, a holder of a claim that is subject to such

Omnibus Claims Objection may request that the Court schedule a return date for such Omnibus

Claims Objection.

2.       The Court may enter an order at the scheduled hearing sustaining an objection to

proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is

properly filed and served.

3.       The hearing to consider an objection to Proofs of Claim as to which a Response is

properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each,

an "**Omnibus Claims Hearing**") to be scheduled as follows:

(a)      For a non-evidentiary hearing to address whether the Contested Claim has
         failed to state a claim against the Debtors which can be allowed and
         should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency
         Hearing**"), unless the Debtors serve the holder of the claim (the
         "**Claimant**") with a Notice of Pre-Trial Conference (as defined herein),
         the Sufficiency Hearing shall go forward at the return date set in
         accordance with paragraph 1 of these Omnibus Claims Hearing
         Procedures.  The legal standard of review that will be applied by the Court
         at a Sufficiency Hearing will be equivalent to the standard applied by the
         Court upon a motion to dismiss for failure to state a claim upon which
         relief can be granted or a motion for summary judgment, as applicable.

(b)      If, following a Sufficiency Hearing, the Court determines that there are
         disputed issues of material fact, or should the Debtors wish to forgo a
         Sufficiency Hearing and schedule an evidentiary hearing on the merits of a
         Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole
         discretion, serve upon the relevant Claimant (by email or overnight
         delivery), with a copy to the Creditors' Committee, the Ad Hoc
         Committee, and the MSGE Group, and file with the Court, a notice
         substantially in the form attached to the Order as **Exhibit 2** (a "**Notice of
         Pre-Trial Conference**") that the scheduled hearing will be treated as a
         pre-trial conference during which the Court will determine whether to

---

[2] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the
relevant claim, and any such information already submitted need not be resubmitted in connection with the Omnibus
Claims Hearing Procedures.

2

issue a scheduling order applicable to a Merits Hearing and the terms of such order. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any Contested Claim will not be an evidentiary hearing, and there will be no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2. The parties shall confer in advance of the pre-trial conference regarding the nature and length of any discovery that they anticipate will be required.

4.      Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012, or (b) the Debtors have served on the relevant Claimant a Notice of Pre-Trial Conference with respect to the Contested Claim.

5.      The Debtors may file and serve a reply to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) business days prior to the date of the applicable hearing.

6.      The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant; *provided* that if a Claimant has filed a Response to an Omnibus Claims Objection, the Debtors may adjourn the hearing as to such Contested Claim only with such Claimant's consent.

7.      **Sanctions.** The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Omnibus Claims Hearing Procedures.

BY ORDER OF THE COURT

3

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**DEBTORS' FIRST OMNIBUS CLAIMS OBJECTION**
**(AMENDED OR DUPLICATE CLAIMS)**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE**
> **CERTAIN PROOFS OF CLAIM IDENTIFIED HEREIN. CLAIMANTS**
> **RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND**
> **CLAIMS ON <u>SCHEDULE 1</u> TO <u>EXHIBIT A</u> ANNEXED TO THIS OBJECTION.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Purdue Pharma L.P. ("**Purdue**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby file their *First Omnibus Claims Objection (Amended or Duplicate Claims)* (this "**Objection**").   In support of this Objection, the Debtors respectfully state as follows:

<u>**Relief Requested**</u>

1.      By this Objection, and pursuant to section 502(b) of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended or modified, the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's *Corrected Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures* [ECF No. 2878] (the "**Procedures Order**"), the Debtors seek entry of an order, substantially in the form attached hereto as <u>**Exhibit A**</u> (the "**Order**"), disallowing and expunging the claims listed on <u>**Schedule 1**</u> annexed thereto.[2]

2.      The Debtors have examined the proofs of claim identified on <u>**Schedule 1**</u> to the Order and have determined that, as set forth herein and therein, the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "**Amended or Duplicate Claims**") assert claims that either (i) have been amended and superseded by one or more claims subsequently filed by, or on behalf of, the same claimant, or (ii) are duplicative of other claims. Accordingly, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007(d), and this Court's Procedures Order, the Debtors seek entry of an order disallowing and expunging the Amended or Duplicate Claims from the claims register as and to the extent set forth herein.

---

[2] Creditors can obtain copies of the cover page of any proof of claim filed in these chapter 11 cases free of charge at https://restructuring.ra.kroll.com/purduepharma/.

## Jurisdiction and Venue

3.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Bankruptcy Rule 7008, the Debtors consent to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

4.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## General Background

5.      On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 27, 2019, the United States Trustee for Region 2 appointed the official committee of unsecured creditors [ECF No. 131].

6.      Information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF No. 17].

7.      The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59], entered by the Court on September 18, 2019, in each of the Chapter 11 Cases.

8.     On April 22, 2021, this Court approved the Procedures Order, which, inter alia, authorizes the Debtors to file omnibus objections to claims on various grounds, including those set forth in Bankruptcy Rule 3007(d) and certain additional grounds set forth in the Procedures Order.

**Objection**

9.     A filed proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).   Under Section 1111(a) of the Bankruptcy Code, scheduled claims are treated as proofs of claim.  *See* 11 U.S.C. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title . . . except a claim . . . that is scheduled as disputed, contingent, or unliquidated.").  A debtor in possession has a duty to object to any claim that is improper.  *See* 11 U.S.C. § 1106(a)(1); *see also In re Johns-Manville Corp.*, 53 B.R. 346, 352 (Bankr. S.D.N.Y. 1985) ("The trustee or debtor-in-possession has the duty of examining each proof of claim and objecting to the allowance of any claim that is improper.").  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Pinnock*, 594 B.R. 609, 612 (Bankr. S.D.N.Y. 2018); *In re Lehman Bros. Holdings Inc.*, 519 B.R. 47, 53–54 (Bankr. S.D.N.Y. 2014); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that the bankruptcy court shall disallow any claim that "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

10.     To avoid the possibility of multiple recoveries by the same claimant, which would adversely affect similarly situated claimants, Bankruptcy Rule 3007(d) authorizes debtors to seek the disallowance of claims on the grounds that the claims "duplicate other claims" or "have been

4

amended by subsequently filed proofs of claim." Fed. R. Bankr. P. 3007(d)(1), (3).  Courts in this district routinely disallow and expunge proofs of claim on these grounds. *See In re Roman Catholic Diocese of Rockville Centre*, 650 B.R. 58, 85-86 (Bankr. S.D.N.Y. 2023) (sustaining omnibus claim objection "on the basis that [the claims] are duplicative"); *In re Dewey & Leboeuf LLP*, No. 12-12321 (MG), 2014 WL 201586, at *2 (Bankr. S.D.N.Y. Jan. 16, 2014) (disallowing and expunging a claim that had been amended and superseded by a subsequently filed claim by the same creditor); *In re Enron Corp.*, 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (explaining that, "[i]nasmuch as the Initial Claim was amended and superceded by the Amended Claim, it was disallowed and expunged"); *see also* Order Granting the Reorganized Debtor's First Omnibus Objection to Certain: (I) Amended Claims; and (II) Duplicate Claims*, In re Centric Brands LLC*, No. 20-22637 (SHL) (Bankr. S.D.N.Y. Feb. 26, 2021), ECF No. 821 (order disallowing and expunging amended and duplicate claims); Order Granting Reorganized Debtors' Eighth Omnibus Objection to Claims, *In re Republic Airways Holdings Inc., et al.*, 16-10429 (SHL) (Bankr. S.D.N.Y. Dec. 27, 2017), ECF No. 1988 (order disallowing and expunging duplicate claims); Order Granting Debtors' Seventieth Omnibus Objection to Claims, *In re AMR Corp, et al.*, 11-15463 (SHL) (Bankr. S.D.N.Y. Aug. 6, 2013), ECF No. 9475 (order disallowing and expunging duplicate claims); Order Granting the TSC Debtors' Second Omnibus Objection to Certain Proofs of Claim (Amended and Superseded, Noncompliant, Fully Satisfied, Partially Satisfied and Improper Amount), *In re Terrestar Corp., et al.*, No. 11-10612 (SHL) (Bankr. S.D.N.Y. Oct. 12, 2011) (order disallowing and expunging amended and superseded claims).

11.     As identified in **Schedule 1** to the Order, certain claimants (each, a "**Claimant**" and together, the "**Claimants**") filed more than one proof of claim. The Debtors have examined each Amended or Duplicate Claim and all documentation (if any) provided with respect to each

Amended or Duplicate Claim. The Debtors have determined that, in each case, the Amended or Duplicate Claims either (i) have been amended and superseded by one or more claims subsequently filed by, or on behalf of, the same Claimant, or (ii) are duplicative of other claims. If the Amended or Duplicate Claims are not disallowed, Claimants that filed Amended or Duplicate Claims may receive an unwarranted recovery from the Debtors to the detriment of other similarly situated claimants. Moreover, disallowance of the Amended or Duplicate Claims will ensure that the Debtors' claims register more accurately reflects the number of claims, and the total amount of the claims, asserted against the Debtors. The Debtors, therefore, object to the Amended or Duplicate Claims and request that the Amended or Duplicate Claims be disallowed and expunged from the Debtors' claims register pursuant to Bankruptcy Rule 3007(d)(1) and (3).

12.    For the avoidance of doubt, Claimants holding Amended or Duplicate Claims identified on **Schedule 1** will still have a claim against the Debtors as listed on **Schedule 1** under the heading "Remaining Claims." Disallowance or expungement of the Amended or Duplicate Claims will not affect the Remaining Claims, which will remain on the Debtors' claims register until withdrawn by the relevant Claimants, paid by the Debtors, disallowed by the Court, or expunged on other grounds set forth in the plan of reorganization or Procedures Order, subject to the Debtors' right to object to the claims in the future on any ground.

## Compliance with the Procedures Order

13.    The Debtors believe that the content of this Objection is in full compliance with the applicable Bankruptcy Rules and the Procedures Order for the following reasons:

(a)    this Objection conspicuously states on the first page that "**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM IDENTIFIED HEREIN. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR**

6

**NAMES AND CLAIMS ON <u>SCHEDULE 1</u> TO <u>EXHIBIT A</u> ANNEXED TO THIS OBJECTION**";[3]

(b)    Schedule 1 to the Order lists the claims subject to this Objection in alphabetical order based on the Claimant's name and contains a reference to the applicable claim number;[4]

(c)    Schedule 1 to the Order provides the grounds for the objection to the claims and a cross-reference to the page in this Objection pertinent to the stated grounds;[5]

(d)    this Objection states in the title the identity of the objecting party (the Debtors) and the grounds for the objection;[6]

(e)    this Objection is numbered appropriately;[7] and

(f)    the grounds asserted are that the Amended or Duplicate Claims either (i) have been amended and superseded by one or more claims subsequently filed by, or on behalf of, the same Claimant, or (ii) are duplicative of other claims.[8]

14.    For the foregoing reasons, the Debtors respectfully submit that the content of this Objection is in full compliance with the Bankruptcy Rules and the Procedures Order.

15.    The Debtors further respectfully state that notice and service of this Objection will be in full compliance with the Bankruptcy Rules and the Procedures Order for the following reasons:

(a)    this Objection will be filed with the Court, made publicly available for free on Kroll's website for the Chapter 11 Cases, at https://restructuring.ra.kroll.com/purduepharma/, and served upon (i) the U.S. Trustee; and (ii) counsel for the official committee of unsecured

---

[3] *See* Fed. R. Bankr. P. 3007(e)(1).

[4] *See* Fed. R. Bankr. P. 3007(e)(2).

[5] *See* Fed. R. Bankr. P. 3007(e)(3).

[6] *See* Fed. R. Bankr. P. 3007(e)(4).

[7] *See* Fed. R. Bankr. P. 3007(e)(5).

[8] *See* Fed. R. Bankr. P. 3007(d)(1), (3).

creditors, the ad hoc committee of governmental and other contingent litigation claimants and the multi-state governmental entities group;[9]

(b)    the Debtors will also serve each Claimant affected and, if known, its counsel with an Omnibus Claims Objection Notice, as defined in the Procedures Order;[10] and

(c)    this Objection will be set for hearing at least thirty days after the filing of this Objection.[11]

## **Reservation of Rights**

16.    The Debtors hereby reserve the right, as applicable, to object in the future to any claims subject to this Objection on any ground and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted.  A separate notice and hearing will be scheduled for any such objection.

17.    Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, or (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim.

---

[9] *See* Procedures Order ¶ 2(g), (h).

[10] *See id.* ¶ 2(f).

[11] *See* Fed. R. Bankr. P. 3007(a)(1).

**Notice**

20.     Notice of this Objection will be provided to (a) the entities on the Master Service List (as defined in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] and available on the Debtors' case website at https://restructuring.ra.kroll.com/purduepharma/) and (b) any person or entity with a particularized interest in the subject matter of this Objection (together with the entities on the Master Service List, the "**Notice Parties**").  The Debtors respectfully submit that no further notice is required.

**No Prior Request**

21.     The Debtors have not previously sought the relief requested herein from the Court or any other court.


[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form

of order, substantially in the form attached hereto, granting the relief requested herein and such

other relief as the Court deems appropriate under the circumstances.


Dated:    August 21, 2023
          New York, New York


                                   DAVIS POLK & WARDWELL LLP

                                   By:    /s/ James I. McClammy
                                       _____

                                   450 Lexington Avenue
                                   New York, New York 10017
                                   Telephone: (212) 450-4000
                                   Facsimile:  (212) 701-5800
                                   Marshall S. Huebner
                                   Benjamin S. Kaminetzky
                                   James I. McClammy
                                   Eli J. Vonnegut
                                   Christopher S. Robertson

                                   *Counsel to the Debtors
                                   and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## ORDER GRANTING DEBTORS' FIRST OMNIBUS CLAIMS OBJECTION (AMENDED OR DUPLICATE CLAIMS)

Upon the omnibus objection, dated August 21, 2023 (the "**Objection**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and this Court's *Corrected Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures* [ECF No. 2878], seeking to disallow and expunge the Amended or Duplicate Claims on the ground that such claims assert claims that either (i) have been amended and superseded by one or more claims subsequently filed by, or on behalf of, the same Claimant, or (ii) are duplicative of other claims, as more fully described in the Objection;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Objection.

and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Objection and held a hearing to consider the relief requested in the Objection (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish good and sufficient cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is granted.

2.      Pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, the claims listed on **<u>Schedule 1</u>** attached hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry.

3.      The contents of the Objection and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Objection or the entry of this Order shall be required.

4.      The Debtors, Kroll, and the Clerk of this Court are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

5.      Nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any claims asserted in these Chapter 11 Cases.

6.      Entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein.

7.      The terms and conditions of this Order are effective immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2023

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

3

## **Schedule 1 to Exhibit A**

**Amended or Duplicate Claims**

Debtors' First Omnibus Claims Objection                                     In re Purdue Pharma L.P., et al.
(Amended or Duplicate Claims)                                               Case No. 19-23649 (SHL)

| Claims to be Disallowed and Expunged | | | | | | Remaining Claims | | | |
|---|---|---|---|---|---|---|---|---|---|
| Reference No. | Name of Claimant | Debtor | Claim No. | Claim Amount | Reason for Disallowance and Expungement | Name of Claimant | Debtor | Claim No. | Claim Amount |
| 1 | Ann L. Kraft | Purdue Pharma L.P. | 34 | $25,225.25 | Amended and superseded by a subsequent claim | Ann L. Kraft | Purdue Pharma L.P. | 2571 | $185,359.25 |
| 2 | Anthony J. Scifo | Purdue Pharma L.P. | 153 | $18,388.13 | Duplicate claim | Anthony J. Scifo | Purdue Pharma L.P. | 814 | $18,388.13 |
| 3 | Carol B. Glassman | Purdue Pharma L.P. | 38988 | $73,625.00 | Duplicate claim | Carol B. Glassman | Purdue Pharma L.P. | 38998 | $73,625.00 |
| 4 | CopyPro | Purdue Pharma L.P. | 118 | $2,974.31 | Amended and superseded by a subsequent claim | CopyPro | Purdue Pharma L.P. | 248 | $2,974.31 |
| 5 | Edward Liao | Purdue Pharma L.P. | 4888 | Unliquidated | Amended and superseded by a subsequent claim | Edward Liao | Purdue Pharma L.P. | 5131 | Unliquidated |
| 6 | Elsevier B.V. | Purdue Pharma L.P. | 991 | $235,280.46 | Amended and superseded by a subsequent claim | Elsevier B.V. | Purdue Pharma L.P. | 11106 | $235,280.46 |
| 7 | Gerald E. Pizzola | Purdue Pharma L.P. | 6676 | Unliquidated | Amended and superseded by a subsequent claim | Gerald E. Pizzola | Purdue Pharma L.P. | 6681 | Unliquidated |
| 8 | HCL America Inc. | Purdue Pharma L.P. | 4944 | $127,452.33 | Amended and superseded by a subsequent claim | HCL America Inc. | Purdue Pharma L.P. | 14391 | $133,344.33 |
| 9 | LPW Training Services LLC | Purdue Pharma L.P. | 55 | $93,377.33 | Amended and superseded by a subsequent claim | LPW Training Services LLC | Purdue Pharma L.P. | 621390 | $85,471.54 |

| Claims to be Disallowed and Expunged | | | | | | Remaining Claims | | | |
|---|---|---|---|---|---|---|---|---|---|
| Reference No. | Name of Claimant | Debtor | Claim No. | Claim Amount | Reason for Disallowance and Expungement | Name of Claimant | Debtor | Claim No. | Claim Amount |
| 10 | Maria C. Palermo | Purdue Pharma L.P. | 14 | $16,833.67 | Amended and superseded by a subsequent claim | Maria C. Palermo | Purdue Pharma L.P. | 122 | $24,212.67 |
| 11 | Michele Ringler | Purdue Pharma L.P. | 87 | $52,377.37 | Amended and superseded by a subsequent claim | Michele Ringler | Purdue Pharma L.P. | 149 | $46,092.18 |
| 12 | Motion Industries | Purdue Pharma L.P. | 1 | $4,512.30 | Amended and superseded by a subsequent claim | Motion Industries | Purdue Pharma L.P. | 2 | $4,512.30 |
| 13 | PricewaterhouseCoopers LLP | Purdue Pharma L.P. | 137789 | $25,863.57 | Amended and superseded by a subsequent claim | PricewaterhouseCoopers LLP | Purdue Pharma L.P. | 137791 | $25,863.57 |
| 14 | Pure Communications LLC | Purdue Pharma L.P. | 615279 | $80,630.41 | Duplicate Claim | Pure Communications LLC | Purdue Pharma L.P. | 615731 | $80,630.41 |
| 15 | Snell & Wilmer LLP | Purdue Pharma L.P. | 55980 | $107,612.36 | Duplicate Claim | Snell & Wilmer LLP | Purdue Pharma L.P. | 55990 | $107,612.36 |
| 16 | Taylor English Duma, LLP | Purdue Pharma L.P. | 204 | $4,299.00 | Duplicate claim | Taylor English Duma, LLP | Purdue Pharma L.P. | 138524 | $4,299.00 |
| 17 | Walter J. Ellis | Purdue Pharma L.P. | 170 | $4,369.00 | Duplicate claim | Walter J. Ellis | Purdue Pharma L.P. | 802 | $4,369.00 |
| 18 | Waters Technologies Corporation | Purdue Pharma L.P. | 12 | $10,102.55 | Amended and superseded by a subsequent claim | Waters Technologies Corporation | Purdue Pharma L.P. | 51 | $7,830.04 |