DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
James I. McClammy
Eli J. Vonnegut
Darren S. Klein

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' STATEMENT IN SUPPORT OF MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING IMPLEMENTATION OF 2024 KEY EMPLOYEE INCENTIVE PLAN AND 2024 KEY EMPLOYEE RETENTION PLAN**

Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**" or the "**Company**") respectfully submit this statement (this "**Statement**") in support of the *Motion of Debtors for Entry of an Order Authorizing*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Implementation of 2024 Key Employee Incentive Plan and 2024 Key Employee Retention Plan* [ECF No. 6279] (the "**Motion**").[2]

## STATEMENT

1. The Debtors are pleased to report that no parties have filed an objection to the Motion and in light of certain agreed-upon modifications to the 2024 Performance Metrics described below, no party opposes approval of the proposed 2024 KEIP and 2024 KERP. Accordingly, the relief sought in the Motion, as supplemented by this Statement, is entirely uncontested.

2. As set forth in the Motion, the Debtors consulted with the Official Committee of Unsecured Creditors (the "**UCC**"), the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "**Ad Hoc Committee**") and the Multi-State Governmental Entities Group (the "**MSGE**") prior to filing the Motion, and the relief sought in the Motion reflected input from such discussions (although not agreement between the parties) when filed. As the Debtors said they would in the Motion, after its filing, the Debtors continued constructive discussions with those stakeholders. As a result of such post-filing discussions, the Debtors are modifying the relief sought by revising certain portions of the proposed 2024 Performance Metrics to address certain questions and concerns raised by the Ad Hoc Committee and the UCC. The Debtors understand that, subject to such modifications, no party objects to the proposed 2024 KEIP and 2024 KERP.

## THE AGREED MODIFICATIONS

3. The Debtors have agreed to make the following modifications to the 2024 Performance Metrics:

- The weighted target for the metric "[i]mplement Company initiatives to ensure the Company operates efficiently and sustainably so as to maximize net value

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

generated to abate the opioid crisis" shall be increased from 25% to 30%, with corresponding reductions from other sub-metrics in Value Creation.

- The sub-metrics within the metric "[i]mplement Company initiatives to ensure the Company operates efficiently and sustainably so as to maximize net value generated to abate the opioid crisis" shall be replaced with the following sub-metrics, with the revised corresponding sub weight:[3]

    (i)

    (ii)



---

[3] The Debtors respectfully submit that redaction of the immediately following portion of the Statement is within the scope of relief sought in the *Seal Motion for Entry of Order Pursuant to 11 U.S.C. §§ 105(a), 107(b) and Fed. R. Bankr. P. 9018 Authorizing the Filing of Certain Information under Seal in Connection with the Motion of Debtors for Entry of an Order Authorizing Implementation of 2024 Key Employee Incentive Plan and 2024 Key Employee Retention Plan* [ECF No. 6278]. The Debtors will file a second sealing motion to cover the redacted portion of this Statement if the Court prefers.

(iii) 

(iv)

- As in prior years, so long as emergence has not yet occurred, the Debtors will consult with the AHC, MSGE and UCC with respect to measuring corporate performance against the 2024 Performance Metrics and developing performance metrics for calendar year 2025, neither of which shall be completed prior to January 31, 2025.

4. The Debtors submit that the grounds set forth in the Motion, as well as in the DelConte Declaration and Gartrell Declaration, continue to support approval of the 2024 KERP and 2024 KEIP, subject to the modifications to the 2024 Performance Metrics as set forth herein. For these reasons, the Debtors urge the Court to grant such relief, subject to the modifications described in this Statement.

[*Remainder of Page Intentionally Left Blank*]

4

## CONCLUSION

WHEREFORE, for the foregoing reasons and the reasons stated in the Motion, the Debtors respectfully request that the Court promptly grant the relief requested in the Motion with respect to the proposed 2024 KERP and the 2024 KEIP.

Dated:    April 15, 2024
            New York, New York

DAVIS POLK & WARDWELL LLP

By:  /s/ *Darren S. Klein*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
James I. McClammy
Eli J. Vonnegut
Darren S. Klein

*Counsel to the Debtors
and Debtors in Possession*

## Exhibit A

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (SHL)<br><br>(Jointly Administered) |

### ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT
### 2024 KEY EMPLOYEE INCENTIVE PLAN AND
### <u>2024 KEY EMPLOYEE RETENTION PLAN</u>

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order (this "**Order**") approving and authorizing the 2024 KEIP and 2024 KERP, as more fully set forth in the Motion; and upon the DelConte Declaration and the Gartrell Declaration; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157(a), (b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but otherwise not defined herein will have the meanings set forth in the Motion.

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Debtors having agreed to amend the Motion's request for relief with respect to the 2024 Performance Metrics as set forth in the Debtors' Statement (as defined herein); and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion, as modified by the Statement (the "**Hearing**"); and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein; and the Court having determined that the relief requested in the Motion, as amended by the Statement, is in the best interests of the Debtors, their creditors, their estates and all other parties in interest; and all objections to the Motion, if any, having been withdrawn, resolved or overruled; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. Pursuant to sections 363(b)(1) and 503(c)(3) of the Bankruptcy Code, the Motion is granted as set forth herein.

2. The 2024 KEIP is approved in its entirety in the modified form set forth in the *Debtor's Statement in Support of Motion of Debtors for Entry of an Order Authorizing Implementation of 2024 Key Employee Incentive Plan and 2024 Key Employee Retention Plan* [ECF No. [●]].

3. The 2024 KERP is approved in its entirety.

4. The Debtors are authorized, but not directed, to take all actions necessary to implement the 2024 KEIP on the terms and conditions set forth in the Motion, as modified by the Statement, including making any payments pursuant to the terms of the 2024 KEIP.

5. The Debtors are authorized, but not directed, to take all actions necessary to implement the 2024 KERP on the terms and conditions set forth in the Motion, including making any payments pursuant to the terms of the 2024 KERP.

6. Once earned, the Debtors' obligations to pay amounts that become due and owing under the 2024 KEIP shall constitute administrative expenses pursuant to section 503(b) of the Bankruptcy Code, thereby entitled to priority payment pursuant to section 507(a)(2) of the Bankruptcy Code.

7. Once earned, the Debtors' obligations to pay amounts that become due and owing under the 2024 KERP shall constitute administrative expenses pursuant to section 503(b) of the Bankruptcy Code, thereby entitled to priority payment pursuant to section 507(a)(2) of the Bankruptcy Code.

8. Nothing in this Order nor any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

9. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

10. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any

rights, claims, or defenses of the Debtors' rights to dispute any claim on any ground, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

11. For the avoidance of doubt, to the extent that any 2024 KEIP Participant or 2024 KERP Participant is (a) determined by a final order of this Court or any other court of competent jurisdiction to have (x) knowingly participated in any criminal misconduct in connection with his or her employment with the Debtors or (y) been aware, other than from public sources, of acts or omissions of others that such participant knew at the time were fraudulent or criminal with respect to the Company's commercial practices in connection with the sale of opioids and failed to report such fraudulent or criminal acts or omissions internally at the Company or to law enforcement authorities at any time during his or her employment with the Company, or (b) believed by the Company based on reasonable inquiry (including inquiry of its attorney and advisors), which inquiry shall be completed prior to any payments being made to the applicable participant, to have met either of the standards in the foregoing clauses (a)(x) or (y), then in either case such participant shall not be eligible to receive any payments approved by this Order. All parties' rights, if any, to seek disgorgement of payments following the entry of any final order referred to in clause (a) of the foregoing sentence are reserved. The CEO shall not take any action with respect to his compensation under the 2024 KEIP with the intent or material effect of frustrating enforcement of any potential judgment of the Court in these Chapter 11 Cases or any other actions pending against him in any other court or jurisdiction with respect to such amounts.

12. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

4

13. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

14. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

15. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2024

                                    THE HONORABLE SEAN H. LANE
                                    UNITED STATES BANKRUPTCY JUDGE