**DAVIS POLK & WARDWELL LLP**

450 Lexington Avenue

New York, New York 10017

Telephone: (212) 450-4000

Facsimile: (212) 701-5800

Marshall S. Huebner

Benjamin S. Kaminetzky

Eli J. Vonnegut

Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**COVER SHEET TO THE FOURTEENTH INTERIM APPLICATION OF**
**DAVIS POLK & WARDWELL LLP FOR COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO**
**THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD**
**FROM JANUARY 1, 2024 THROUGH APRIL 30, 2024**

In accordance with Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating

the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of*

*New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Guidelines") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Davis Polk & Wardwell LLP ("**Davis Polk**"), counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this summary (this "**Summary**") of fees and expenses sought as actual and necessary in the fee application to which this Summary is attached (the "**Application**") for the period of January 1, 2024 through April 30, 2024 (the "**Fee Period**").

| General Information | |
| --- | --- |
| **Name of Applicant:** | Davis Polk & Wardwell LLP |
| | Counsel to the Debtors and Debtors in Possession |
| **Authorized to Provide Services to:** | Purdue Pharma L.P., *et al*. |
| **Petition Date:** | September 15, 2019 |
| **Retention Date:** | November 25, 2019 *nunc pro tunc* to September 15, 2019 |
| **Date of Order Approving Retention:** | November 25, 2019 [ECF No. 542] |

| Summary of Fees and Expenses Requested for the Fee Period | |
| --- | --- |
| **Time Period Covered by This Application:** | January 1, 2024 through April 30, 2024 |
| **Total Compensation Requested:** | $5,648,541.00 |
| **Total Expenses Requested:** | $46,911.30 |
| **Total Compensation and Expenses Requested:** | $5,695,452.30 |

| | |
|---|---|
| **Summary of Past Requests for Compensation and Prior Payments**[2] | |
| **Compensation Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $4,518,832.80 |
| **Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $46,911.30 |
| **Total Compensation and Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $4,565,744.10 |
| **Summary of Rates and Other Related Information for the Fee Period** | |
| **Blended Rate in This Application for All Partners, of Counsel, and Associates:** | $1,566.72 |
| **Blended Rate in This Application for All Timekeepers:** | $1,516.75 |
| **Number of Professionals Included in This Application:** | 69 |
| **Difference Between Fees Budgeted and Compensation Sought for This Period:** | N/A |
| **Number of Professionals Billing Fewer Than 15 Hours During This Period:** | 24 |

---

[2] Pursuant to the Interim Compensation Order, objections to the *Fifty-Sixth Monthly Fee Statement of Davis Polk & Wardwell LLP for Compensation for Services and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Period from April 1, 2024 through April 30, 2024* [ECF No. 6397] (the "**April Monthly Fee Statement**") are to be filed no later than June 14, 2024. Absent any such objection or other responsive pleading to the April Monthly Fee Statement being filed, Davis Polk anticipates that, prior to the hearing with respect to this Application, it will receive compensation in the amount of $1,454,104.80, which is equal to 80% of the total amount of reasonable compensation for actual, necessary legal services that Davis Polk incurred in connection with such services during the period from April 1, 2024 through and including April 30, 2024 (the "**April Fee Period**"), and payment of $6,718.33 for the actual, necessary expenses of Davis Polk incurred in connection with such services during the April Fee Period.

| **Increase in Rates Since Date of Retention:** | The Fee Period includes a customary annual rate increase for all timekeepers which occurred on January 1, 2024, as disclosed on the Court docket at ECF No. 6091. |

This is a(n):          ___ monthly          _x_ interim          ___ final application

## **Summary of Prior Monthly Fee Statements of Davis Polk & Wardwell LLP**

| Period Covered and ECF No. | Total Fees Requested | Total Expenses Requested | Total Fees and Expenses Requested | Fees Paid | Expenses Paid | Total Balance Remaining to be Paid[3] |
|---|---|---|---|---|---|---|
| 1/1/2024 – 1/31/2024 ECF No. 6234 | $1,015,601.00 | $7,618.90 | $1,023,219.90 | $812,480.80 | $7,618.90 | $203,120.20 |
| 2/1/2024 – 2/29/2024 ECF No. 6291 | $1,127,414.00 | $12,070.00 | $1,139,484.00 | $901,931.20 | $12,070.00 | $225,482.80 |
| 3/1/2024 –3/31/2024 ECF No. 6340 | $1,687,895.00 | $20,504.07 | $1,708,399.07 | $1,350,316.00 | $20,504.07 | $337,579.00 |
| 4/1/2024 – 4/30/2024 ECF No. 6397 | $1,817,631.00 | $6,718.33 | $1,824,349.33 | $1,454,104.80 | $6,718.33 | $363,526.20 |

[3] Pursuant to the Interim Compensation Order, objections to the *Fifty-Sixth Monthly Fee Statement of Davis Polk & Wardwell LLP for Compensation for Services and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Period from April 1, 2024 through April 30, 2024* [ECF No. 6397] (the "**April Monthly Fee Statement**") are to be filed no later than June 14, 2024. Absent any such objection or other responsive pleading to the April Monthly Fee Statement being filed, Davis Polk anticipates that, prior to the hearing with respect to this Application, it will receive compensation in the amount of $1,454,104.80, which is equal to 80% of the total amount of reasonable compensation for actual, necessary legal services that Davis Polk incurred in connection with such services during the period from April 1, 2024 through and including April 30, 2024 (the "**April Fee Period**"), and payment of $6,718.33 for the actual, necessary expenses of Davis Polk incurred in connection with such services during the April Fee Period.

**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**FOURTEENTH INTERIM APPLICATION OF DAVIS POLK & WARDWELL LLP**
**FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT**
**OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS**
**AND DEBTORS IN POSSESSION FOR THE PERIOD FROM**
**JANUARY 1, 2024 THROUGH APRIL 30, 2024**

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code

(the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), *The United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Davis Polk & Wardwell LLP ("**Davis Polk**"), counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this *Fourteenth Interim Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from January 1, 2024 through April 30, 2024* (this "**Application**").  By this Application, Davis Polk seeks allowance of compensation for actual and necessary professional services rendered for the Debtors in the total amount of $5,648,541.00, and for reimbursement of actual, necessary disbursements that Davis Polk incurred in connection with such services in the total amount of $46,911.30, for an aggregate total of $5,695,452.30 during the period of January 1, 2024 through April 30, 2024 (the "**Fee Period**").

## Jurisdiction

1.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.      On September 15, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their

businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code.  On September 18, 2019, the Court entered an order [ECF No.

59] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11

cases pursuant to Bankruptcy Rule 1015(b).  On September 27, 2019, the United States Trustee

for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee

of unsecured creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code [ECF No.

131].

4.      A description of the Debtors' businesses, the reasons for commencing the chapter

11 cases, and the relief sought from the Court to facilitate effective administration of these chapter

11 cases are set forth in the *Debtors' Informational Brief* [ECF No. 17].

5.      On November 21, 2019, the Court entered the Interim Compensation Order, which

sets forth the procedures for interim compensation and reimbursement of expenses for all

professionals in these cases.

6.      On April 8, 2020, the Court entered the *Order Authorizing the Appointment of*

*Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation*

*Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [ECF No. 1023],

appointing David M. Klauder as the fee examiner in these cases.

### The Debtors' Retention of Davis Polk

7.      On November 25, 2019, the Court entered the *Order Approving Application of*

*Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the*

*Debtors Nunc Pro Tunc to the Petition Date* [ECF No. 542] (the "**Retention Order**"), authorizing

Davis Polk's retention by the Debtors.  The Retention Order attached hereto as **Exhibit B** and

incorporated by reference allows the Debtors to compensate and reimburse Davis Polk in

accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Guidelines, and the

Interim Compensation Order.

8.      The Retention Order also authorizes the Debtors to compensate Davis Polk at its

hourly rates charged for services of this type and for the firm's actual, necessary expenses incurred

in connection with such services rendered during the Fee Period. Among other things, it permits

Davis Polk to render the following services:

a.  prepare, on behalf of the Debtors, all necessary or appropriate motions, applications, objections, replies, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

b.  counsel the Debtors with regard to their rights and obligations as debtors in possession, and their powers and duties in the continued management and operation of their businesses and properties;

c.  provide advice, representation and preparation of necessary documentation and pleadings and taking all necessary or appropriate actions in connection with statutory bankruptcy issues, strategic transactions, asset sale transactions, real estate, intellectual property, employee benefits, tort, commercial and governmental litigation, and corporate and tax matters;

d.  take all necessary or appropriate actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

e.  take all necessary or appropriate actions in connection with any chapter 11 plan, all related disclosure statements, all related documents and such further actions as may be required in connection with the administration of the Debtors' estates; and

f.  act as restructuring counsel for the Debtors and performing all other necessary or appropriate legal services in connection with the chapter 11 cases.

## Compensation Paid and Its Sources

9.      All services during the Fee Period for which compensation is requested by Davis Polk were performed for or on behalf of the Debtors.  Additionally, Davis Polk has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Fee Application.  A certification confirming Davis Polk's compliance with the Fee Guidelines is annexed hereto as **Exhibit A**.

10.      To the extent that billable time or disbursement charges for services rendered or expenses incurred relate to the Fee Period, but were not processed prior to the preparation of this Fee Application, Davis Polk reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

11.      These professional services were rendered by Davis Polk's partners, counsel, associates and paraprofessionals from its various practice groups, including restructuring, litigation, corporate, intellectual property, executive compensation and benefits, and tax.

## Summary of Professional Compensation and Reimbursement of Expenses Requested

12.      During the Fee Period, Davis Polk's professionals and paraprofessionals expended a total of 3,724.1 hours in connection with providing necessary services.  Davis Polk has been able to efficiently provide services by utilizing the expertise of professionals and paraprofessionals within relevant practice groups to effectively advise the Debtors regarding discrete issues and ensuring that the level of seniority is commensurate with the assignment.  Davis Polk, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of $5,648,541.00 and reimbursement of actual and necessary expenses incurred in the amount of $46,911.30, for an aggregate total of $5,695,452.30 for the Fee Period.  Annexed hereto as **Exhibit C** is a list of Davis

Polk professionals and paraprofessionals, their position with the firm, the department in which the individual practices, the hourly rate charged for their services, the number of hours worked on this matter, and other pertinent information. **Exhibit D** annexed hereto is a list of the various categories and the total fees and total hours expended by subject matter category. Davis Polk maintains computerized, detailed time records of services rendered by its professionals and paraprofessionals. The detailed records for this Fee Period were appended to Davis Polk's monthly fee statements. Davis Polk engaged in ongoing discussions with the Debtors regarding budgeting and staffing issues.

### Case Status

13.     Certain of the Debtors have been named in over 2,900 civil actions pending in various state and federal courts and other fora across the United States and its territories (the "**Pending Actions**"). The Debtors commenced these chapter 11 cases to pursue a fair and efficient global resolution of the Pending Actions in order to preserve the value of the Debtors' estates and put that value to work helping address and combat the opioid crisis. On July 12, 2023, the Court entered an order extending the preliminary injunction with respect to the Pending Actions through and including the earlier of (i) the date that an order confirming a plan of reorganization is entered and not subject to any stay, including the stay pursuant to Federal Rule of Bankruptcy Procedure 3020(e); and (2) the date 30 days after entry of an opinion or order vacating or reversing the May 30, 2023 decision (the "**Second Circuit Decision**") of the United States Court of Appeals for the Second Circuit ("**Second Circuit**") reversing the December 16, 2021 order of the United States District Court for the Southern District of New York (the "**District Court**") vacating this Court's

confirmation order (the "**Confirmation Order**"), affirming this Court's approval of the Plan (as defined below), and remanding to the District Court for further proceedings as may be required.[2]

14.    On September 17, 2021, the Court issued the Confirmation Order confirming the Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors (as amended, supplemented or otherwise modified, the "**Plan**").  On December 16, 2021, the District Court issued an order vacating the Confirmation Order.  The Debtors began at once to explore settlement of the issues on appeal, including in the context of the mediation (the "**Mediation**") ordered by the Court on January 3, 2022 among the eight states and the District of Columbia that opposed the Confirmation Order (the "**Nine**"), certain Sackler Family members and trusts (the "**Sackler Mediation Parties**") and the Debtors.

15.    The Mediation was a notable success.  On March 3, 2022, the Nine and the Sackler Mediation Parties announced agreement on a settlement term sheet (the "**Term Sheet**") that secures an additional $1.175 billion in guaranteed payments, up to $500 million in contingent payments[3], and several material and meaningful noneconomic concessions from the Sackler Mediation Parties contingent on Court approval and consummation of the Plan.  On March 10, 2022, the Court entered an order authorizing and approving the Term Sheet.  Under the Term Sheet, each member of the Nine agreed to (and did) withdraw its opposition to the appeal of the District Court decision currently being prosecuted by the Debtors and the other Plan

---

[2] The Preliminary Injunction was initially entered on October 11, 2019, became final on November 6, 2019, *see* Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion For a Preliminary Injunction, *Purdue Pharma L.P. v. Commonw. of Mass.*, Adv. Pro. No. 19-08289 (Bankr. S.D.N.Y. Nov. 6, 2019) [ECF No. 105], and has been subsequently amended.  The currently operative preliminary injunction order was entered on May 31, 2024. *See* Thirty-Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction, *Purdue Pharma L.P. v. Commonw. of Mass.*, Adv. Pro. No. 19-08289 (Bankr. S.D.N.Y. May 31, 2024) [ECF No. 484].

[3] Of these amounts, $898 million to $1.398 billion is to be paid into the estate, and $276.9 million is to be paid directly to a supplemental opioid abatement fund (the "**SOAF**") established, structured, and administered by the Nine.  Funds in the SOAF will be devoted exclusively to opioid-related abatement, including support and services for survivors, victims, and their families.

supporters.  Accordingly, the Plan is no longer being opposed by any state in the country.  As described above, the Second Circuit issued the Second Circuit Decision as to the appeals on May 30, 2023, reversing the District Court's order dated December 16, 2021, and affirming this Court's Confirmation Order.  The Department of Justice thereafter submitted a petition for a writ of certiorari to the U.S. Supreme Court challenging the Second Circuit Decision.  On August 10, 2023, the U.S. Supreme Court recalled and stayed the Second Circuit Decision, keeping the Plan on hold, and directed the parties to brief and argue the question of whether the Bankruptcy Code authorizes a court to approve a release that extinguishes claims held by nondebtors against nondebtor third parties without the claimants' consent as part of a chapter 11 plan of reorganization.  Oral argument was held before the U.S. Supreme Court on December 4, 2023, and the U.S. Supreme Court has not yet issued its decision.

**<u>Summary of Services Rendered</u>**

16.    Davis Polk provided extensive and critical professional advice and other services in connection with the key developments described above and on myriad other important issues, often on an urgent basis and within a limited time frame.  Summaries of significant services are detailed below in accordance with Davis Polk's internal system of project categories:

<u>Asset Acquisitions/Dispositions</u>
Fees: $5,559.00, Total Hours: 3.3

- Under this project category, Davis Polk assisted the Debtors with issues related to the abandonment of certain of their de minimis assets.

<u>Automatic Stay/Preliminary Injunction/Litigation/DOJ</u>
Fees: $762,785.50, Total Hours: 515.9

- Under this project category, Davis Polk assisted the Debtors with issues arising in conjunction with (i) activities related to the preliminary injunction; (ii) activities related to the enforcement of the automatic stay and of the preliminary injunction; (iii) defensive litigation efforts, including, among other things, activities related to

various omnibus hearings and motions; (iv) activities related to potential litigation efforts in the short- and/or long-term; (v) issues related to adversary proceedings other than the preliminary injunction adversary proceeding; and (vi) activities related to the appeals:

- o   With respect to the preliminary injunction:

    - ▪   Drafted briefing, developed strategy, and prepared for and attended hearing in connection with the Debtors' Motion to Enforce the Preliminary Injunction.

- o   With respect to the defense of the automatic stay and the preliminary injunction:

    - ▪   Tracked, reviewed, and responded to (threatened and completed) court filings by various parties in violation of the automatic stay, including reviewing incoming complaints;

    - ▪   Reviewed, researched, and analyzed various stay- and preliminary-injunction-violation issues as they arose, including complaints filed after the petition date, continued litigation after the preliminary injunction order was entered, and additional service issues; and

    - ▪   Communicated with various creditors, pro se parties, and counsel regarding potential violations of the automatic stay and preliminary injunction, including correspondence with plaintiffs regarding stay violations.

- o   With respect to defensive and other litigation efforts:

    - ▪   Prepared for various hearings, including but not limited to the March 20, 2024 Omnibus Hearing and the April 17, 2024 Omnibus Hearing. In this capacity, Davis Polk prepared materials for oral argument, communicated with co-counsel regarding hearing strategy, and reviewed and analyzed hearing transcripts;

    - ▪   Researched, analyzed, and developed strategy related to anticipated pro se complaints; and

    - ▪   Advised on strategy regarding various issues with potential litigation consequences.

- o   With respect to potential litigation efforts:

    - ▪   Communicated with various creditors and counsel regarding potential litigation activities in the short- and/or long-term.

- o   With respect to adversary proceedings other than the preliminary injunction adversary proceeding:

    - ▪   Analyzed issues, drafted reports, and coordinated appeal efforts in connection with the Collegium adversary proceeding; and

    - ▪   Analyzed legal issues in connection with the insurance adversary proceeding, including in relation to the protective order.

- o   With respect to the appeals:

- ▪ Researched, analyzed, and developed strategy related to appellate litigation before the U.S. Supreme Court, including research and preparation for various litigation scenarios; and

- ▪ Researched and analyzed legal issues, reviewed briefing, drafted legal memoranda, conferred with co-advisors and various parties, and developed strategies in connection with various litigation scenarios post-U.S. Supreme Court ruling.

Bar Date/Estimation/Claims/Allowance Issues
Fees: $200,683.00, Total Hours: 125.1

- Under this project category, Davis Polk assisted the Debtors with the analysis, negotiation, and preparation of materials related to various claims-related motions and inquiries, as well as issues related to allowance, allocation, valuation, and settlement of claims. Specifically, Davis Polk:

  - o Conducted legal research and factual diligence on a wide variety of claims-related issues, including allowance, estimation, proofs of claim, and settlement thereof, to assess the Debtors' options for resolving and exiting these chapter 11 cases;

  - o Consulted with and responded to inquiries from the Debtors, the Creditors' Committee, and other stakeholders regarding the foregoing;

  - o Conducted legal research and prepared and filed litigation materials to resolve claims-related motions filed by creditors, including a late claim appeal; and

  - o Coordinated and consulted with the Debtors' Court-appointed claims and noticing agent, Kroll Restructuring Administration, and co-counsel regarding claims issues, claimant questions, and claims analysis.

Corporate Governance, Board Matters and Communications
Fees: $142,804.00, Total Hours: 70.2

- Under this project category, Davis Polk assisted the Debtors' board of directors (the **"Board"**) and various Board committees with analysis and advice regarding corporate governance issues, reviewed and prepared corporate documents, and provided advice regarding communications with the media and other stakeholders, among other things. Specifically, Davis Polk:

  - o Prepared for and attended general meetings of the Board, the Special Committee of the Board, and other committees thereof;

  - o Coordinated with the Debtors' internal communications teams and outside advisors regarding communications strategy, press inquiries and related matters;

  - o Reviewed press releases and reports and corresponded with various media outlets regarding case updates;

- o Advised, prepared materials for, and participated in numerous meetings and calls with the Board and various committees, including on issues regarding Board governance and structure, emergence from chapter 11, pending litigation, and chapter 11 case status and strategy; and

- o Drafted and reviewed numerous documents for the Board and various committees, including minutes, resolutions and Board decks.

### Creditor/UCC/AHC Issues
Fees: $257,800.00, Total Hours: 161.8

- Under this project category, Davis Polk assisted the Debtors with coordinating and communicating with creditors, including the UCC, on a variety of issues. Specifically, Davis Polk:

  - o Prepared, reviewed, revised, and produced materials for, and conferred with, the UCC, the Ad Hoc Committee, the NAS Ad Hoc Committee, and other creditor groups regarding all aspects of the chapter 11 cases, including the production of nearly weekly diligence and documents in response to various information requests, subpoenas, and/or requests from the Monitor, third-party discovery, protective order issues in the multi-district litigation, and access to the Confirmation Reserve; and

  - o Coordinated with the Debtors, in-house electronic discovery team and external vendors (PJT Partners, AlixPartners, Cobra, and TCDI) for the compilation of information, answers, summaries and documents responsive to diligence requests.

### Cross-Border/International Issues
Fees: $318.00, Total Hours: 0.2

- Under this project category, Davis Polk assisted the Debtors with issues related to claims and proceedings in foreign jurisdictions.

### Customer/Vendor/Lease/Contract Issues
Fees: $2,433.50, Total Hours: 1.3

- Under this project category, Davis Polk assisted the Debtors with contract issues related to the Debtors' customers and vendors in response to inquiries from the Debtors and co-advisors.

### Employee/Pension Issues
Fees: $519,044.00, Total Hours: 312.0

- Under this project category, Davis Polk assisted the Debtors with the review and analysis of employee-related issues including compensation, bonuses, incentive plans, and severance issues, among other things. Specifically, Davis Polk:

o   Reviewed and discussed materials on compensation programs with the Debtors and co-advisors;

o   Advised the Debtors and their other advisors in connection with the Key Employee Incentive Plan and the Key Employee Retention Plan (**"KEIP/KERP"**);

o   Drafted and revised agreements, motions, declarations, and other documents related to employee compensation; and

o   Advised the Debtors on questions and issues related to pensions, compensation, and other personnel matters before and after emergence.

General Case Administration
Fees: $334,989.50, Total Hours: 244.2

- Under this project category, Davis Polk assisted the Debtors with general matters related to case administration, including case coordination, case calendaring, the filing of court papers, and attending hearings.  Specifically, Davis Polk:

    o   Prepared for and attended the Omnibus Hearings on March 20, 2024 and April 17, 2024;

    o   Prepared for, coordinated, and attended weekly internal meetings on case status to develop and efficiently manage workstreams;

    o   Maintained a critical dates calendar for clients and co-advisors, and reviewed and distributed filings on the Court's docket to co-advisors and internal teams;

    o   Drafted and filed numerous court papers related to case administration, including notices of hearing dates and adjournments and hearing agendas; and

    o   Provided advice regarding matters not reflected in other project codes.

Non-DPW Retention and Fee Issues
Fees: $58,983.00, Total Hours: 43.8

- Under this project category, Davis Polk assisted the Debtors with the preparation of retention materials, disclosures and fee applications for the Debtors' non-Davis Polk professionals.  Specifically, Davis Polk:

    o   Coordinated with various professionals regarding seeking approval of their interim fee applications;

    o   Assisted and responded to inquiries from the Debtors' other professionals with respect to retention and the preparation and filing of fee statements and applications;

    o   Drafted omnibus order and other documents relating to professionals' interim fee applications; and

    o   Attended numerous calls, and corresponded with the Debtors and the Debtors' other professionals regarding the retention process and related fee orders.

<u>Non-Working Travel Time</u>
Fees: $1,560.00, Total Hours: 4.8

- This project category includes time attributable to non-working travel, which is billed at less than full hourly rates.

<u>Support Agreement/Plan/Disclosure Statement</u>
Fees: $2,905,619.00, Total Hours: 1,898.9

- Under this project category, Davis Polk assisted the Debtors with issues related to the Debtors' Plan and post-emergence structure, among other things.  Specifically, Davis Polk:
  - Advised the Debtors regarding post-appeal issues and coordinated internally on related communications;
  - Conducted research, reviewed and analyzed legal precedents, and drafted legal memoranda regarding Plan structure considerations and strategies in response to potential outcomes at the U.S. Supreme Court;
  - Drafted and revised the Plan and related motions to alternative structure considerations and coordinated internally, with the Debtors, and with various co-advisors and creditor advisors on the Plan process;
  - Coordinated internally and with other co-advisors of the Debtors on communications related to emergence structuring; and
  - Conducted diligence and preparation regarding further developing the necessary structures and plans required for emergence across various contingency scenarios.

<u>DPW Retention/Preparation of Fee Statements/Applications Budget</u>
Fees: $167,567.00, Total Hours: 152.1

- Under this project category, Davis Polk assisted the Debtors with issues related to Davis Polk's retention, including the preparation and review of Davis Polk's monthly fee applications.  Specifically, Davis Polk:
  - Drafted and prepared monthly fee statements for the months of December of 2023 and January, February, and March of 2024;
  - Drafted and prepared the thirteenth interim fee application;
  - Drafted and prepared responses to the fee examiner's report regarding the thirteenth interim fee application;
  - Internally coordinated and reviewed time entries for privilege and confidentiality; and
  - Reviewed and analyzed conflict information for the bi-annual conflict check and drafted related documents with respect thereto.

IP, Regulatory and Tax
Fees: $286,016.50, Total Hours: 189.2

- Under this project category, Davis Polk assisted the Debtors with intellectual property and tax issues, among other things.  Specifically, Davis Polk:

  o Continued to advise and perform analysis regarding tax issues, including issues related to emergence structures; and

  o Continued to advise on intellectual property-related matters, including reviewing existing intellectual property-related agreements and advising regarding same.

Rule 2004 Discovery
Fees: $2,379.00, Total Hours: 1.3

- Under this project category, Davis Polk assisted the Debtors with coordination regarding Rule 2004 discovery issues, and reviewed and analyzed materials related to Rule 2004 discovery.

### **Actual and Necessary Expenses**

17.     As set forth in **Exhibit E** hereto, Davis Polk has incurred or disbursed $46,911.30 in expenses in providing professional services to the Debtors during the Fee Period. These expense amounts are intended to cover Davis Polk's direct operating costs, which costs are not incorporated into the Davis Polk hourly billing rates.  Only clients for whom the services are actually used are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would unfairly impose additional costs upon clients who do not require extensive photocopying, delivery, and other services.  Davis Polk charges its bankruptcy clients $0.10 per page for photocopying and printing job expenses.  On several occasions, overnight delivery of

documents and other materials were required as a result of circumstances necessitating the use of such express services.

18.     Regarding providers of online legal research (e.g., LexisNexis and Westlaw), Davis Polk charges all of its clients the standard usage rates these providers charge, which, due to contractual flat fees, may not always equal Davis Polk's actual cost.  Davis Polk currently is under contract to pay these providers a flat fee every month.  Charging its clients the online providers' standard usage rates allows Davis Polk to cover adequately the monthly flat fees it must pay to these types of providers.

19.     Davis Polk has made every effort to minimize its expenses in the chapter 11 cases. The actual expenses incurred in providing professional services to the Debtors were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and other parties in interest.

### Davis Polk's Requested Compensation and Reimbursement Should Be Allowed

20.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered … and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including –
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;

(c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

21.     The foregoing professional services were performed by Davis Polk in an efficient manner, were necessary and appropriate to the administration of the chapter 11 cases, and were in the best interests of the Debtors, their estates, and other parties in interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  As required by the U.S. Trustee guidelines, annexed hereto as **Exhibit F** is a chart setting forth the comparative blended rates of the professionals and paraprofessionals who rendered services with a corresponding comparison of rates for professionals and paraprofessionals not involved in these chapter 11 cases.

## Notice

22.     The Debtors will provide notice of this Application in accordance with the Interim Compensation Order.  The Debtors submit that no other or further notice be given.

*[Remainder of Page Left Blank Intentionally]*

WHEREFORE, Davis Polk, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of $5,648,541.00 and reimbursement of actual and necessary expenses incurred in the amount of $46,911.30, for an aggregate total of $5,695,452.30 for the Fee Period.


Dated:    June 14, 2024
          New York, New York


                              DAVIS POLK & WARDWELL LLP

                              By:   */s/ Marshall S. Huebner*

                              450 Lexington Avenue
                              New York, New York 10017
                              Telephone: (212) 450-4000
                              Facsimile:  (212) 701-5800
                              Marshall S. Huebner
                              Benjamin S. Kaminetzky
                              Eli J. Vonnegut
                              Christopher S. Robertson

                              *Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Certification of Compliance with Fee Guidelines**

DAVIS POLK & WARDWELL LLP

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**CERTIFICATION OF MARSHALL S. HUEBNER IN SUPPORT OF
FOURTEENTH INTERIM APPLICATION OF DAVIS POLK & WARDWELL LLP
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION FOR THE PERIOD
FROM JANUARY 1, 2024 THROUGH APRIL 30, 2024**

I, Marshall S. Huebner, hereby certify that:

1.      I am an attorney admitted into practice in the State of New York and a partner at

the law firm of Davis Polk & Wardwell LLP ("**Davis Polk**"), located at 450 Lexington Avenue,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

New York, New York.  I am familiar with the work performed on behalf of the above-captioned debtors and debtors in possession ("**Debtors**") by Davis Polk.

2.      I have reviewed the *Fourteenth Interim Application of Davis Polk & Wardwell LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Period from January 1, 2024 through April 30, 2024* (the "**Application**") to certify to certain matters addressed in the (i) *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered on November 21, 2019 [ECF No. 529] (the "**Interim Compensation Order**"),  (ii) Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), and (iii) *The United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "**U.S. Trustee Guidelines,**" and together with Local Guidelines, the "**Fee Guidelines**").[2]  The Application covers the period January 1, 2024 through April 30, 2024 (the "**Fee Period**").

3.      To the best of my knowledge, information and belief, the statements contained in the foregoing Application are true and accurate in all material respects and comply with the Fee Guidelines in material part.  Davis Polk responds to the questions identified in the U.S. Trustee Guidelines as follows:

Question 1: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

> Answer: Davis Polk has agreed to negotiated discounts off of its standard rates.

Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did you discuss the reasons for the variation with the client?

> Answer: Because of the contemplated effective date and exceptional nature of activities during the Fee Period, there was no written budget for the Fee Period. However, Davis Polk engaged in ongoing discussions with the Debtors regarding budgeting and staffing issues and provided the Debtors with fee estimates for various scenarios following resolution of the appeals.

Question 3: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

> Answer: No.

Question 4: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

> Answer: The Application includes time and fees related to reviewing or revising time records or preparing, reviewing, or revising invoices in connection with the preparation of four monthly fee statements relating to the Fee Period covered by the Application. Davis Polk is seeking compensation for approximately 91.4 hours and $85,333.00 in fees related to reviewing and revising time records with respect to both the preparation of such fee applications, and reviewing time records for redactions as queried in question 5, which collectively represents approximately 1.5% of the aggregate amount of the fees requested.

Question 5: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

> Answer: The Application includes time and fees related to reviewing time records to redact any privileged or other confidential information. Such charges are included in the time charges set forth in the response to question 4 and are not separately calculated.

Question 6: Did the Application include any rate increases since retention in these cases?

> Answer: The Application includes a customary annual rate increase for all timekeepers as disclosed in a supplemental declaration filed on the Court

docket at ECF No. 6091. Prior annual rate increases for all timekeepers were disclosed in supplemental declarations filed on the Court docket at ECF Nos. 5317, 4259, 2219, and 703.

<u>Question 7</u>: Did the client agree when retaining Davis Polk to accept all future rate increases? If not, did Davis Polk inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

 <u>Answer</u>: The client agreed to annual rate increases as described in Davis Polk's retention application.

Dated: June 14, 2024
   New York, New York

      By: */s/ Marshall S. Huebner*
        Marshall S. Huebner
        Partner
        Davis Polk & Wardwell LLP

**<u>Exhibit B</u>**

**Retention Order**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **Jointly Administered** |

## ORDER GRANTING DEBTORS' APPLICATION FOR AUTHORITY
## TO EMPLOY AND RETAIN DAVIS POLK & WARDWELL LLP AS ATTORNEYS
## FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**")[2] of Purdue Pharma L.P. and its affiliates that

are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an

order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and

2016(b) and Local Rules 2014-1 and 2016-1, authorizing the employment and retention of Davis

Polk as restructuring counsel for the Debtors *nunc pro tunc* to the Petition Date, pursuant to the

terms set forth in the Application and in the Huebner Declaration; and upon the the Huebner

Declaration and the Kesselman Declaration; and the Court having jurisdiction to consider the

matters raised in the Application pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.), as a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

§ § 1408 and 1409; and there being due and proper notice of the Application, and it appearing that no other or further notice need be provided; and upon the limited objection of the United States Trustee to the Application (the "Objection"); and upon the record of the hearing held by the Court on the Application on November 19, 2019; and after due deliberation, the Court having determined that Davis Polk does not hold or represent an adverse interest to the Debtors or their estates, that it is disinterested under section 101(14) of the Bankruptcy Code, that its retention is necessary and in the best interests of the estates, and that under the facts of these cases the Objection should be overruled; and good and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted as set forth herein.

2.      The Debtors are authorized to employ and retain Davis Polk *nunc pro tunc* to the Petition Date in thes Chapter 11 cases, all as contemplated by the Application and on the terms provided in the Application, the Huebner Declaration and the Kesselman Declaration, to the extent that the terms of the Application do not conflict with the terms of this Order.

3.      Davis Polk is authorized to render, inter alia, the following professional services:

   a.   Preparing, on behalf of the Debtors, all necessary or appropriate motions, applications, objections, replies, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

   b.   Counseling the Debtors with regard to their rights and obligations as debtors in possession, and their powers and duties in the continued management and operation of their businesses and properties;

   c.   Providing advice, representation and preparation of necessary documentation and pleadings and taking all necessary or appropriate actions in connection with statutory bankruptcy issues, strategic transactions, asset sale transactions, real estate, intellectual property, employee benefits, business and tort commercial and governmental litigation and corporate and tax matters;

d. Taking all necessary or appropriate actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

e. Taking all necessary or appropriate actions in connection with any chapter 11 plan, all related disclosure statements and all related documents and such further actions as may be required in connection with the administration of the Debtors' estates; and

f. Acting as restructuring counsel for the Debtors and performing all other necessary or appropriate legal services in connection with the Chapter 11 Cases.

4.      Davis Polk shall apply for compensation for its services and reimbursement for any reasonable and necessary expenses and disbursements in accordance with the rates (as may be adjusted from time to time) and disbursement policies as set forth in the Application and the Huebner Declaration and in accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of the Court.  Davis Polk shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures in connection with the Application and any fee application(s) to be filed by Davis Polk in these Chapter 11 cases.

5.      The balance of the Retainer shall be treated as an evergreen retainer and held by Davis Polk as security throughout the Chapter 11 cases.

6.      Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

19-23649-rdd    Doc 642    Filed 11/25/19    Entered 11/25/19 16:20:23    Main Document
Pg 3 of 4

7.      Davis Polk shall provide reasonable notice to the Debtors, the Court, the U.S.

Trustee and any statutory committee appointed in the Chapter 11 Cases of any annual increases

in the rates set forth in the Application.

8.      To the extent that there may be any inconsistency between the terms of the

Application, the Huebner Declaration, the Kesselman Declaration and this Order, the terms of

this Order shall govern.

9.      The Debtors and Davis Polk are authorized to take all such actions as are

necessary or appropriate to implement the terms of this Order.

10.     The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation and enforcement of this Order.


Dated:    November 25, 2019
          White Plains, New York


                                   /s/Robert D. Drain
                                   THE HONORABLE ROBERT D. DRAIN
                                   UNITED STATES BANKRUPTCY JUDGE

**Exhibit C**

**Professional and Paraprofessional Fees for Fee Period**

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partner** | | | | | |
| Bauer, David R. | Partner; joined partnership in 2018; admitted New York 2008 | Intellectual Property | $2,345 | 6.9 | $16,180.50 |
| Conway, Jennifer S. | Partner; joined partnership in 2022; admitted New York 2002 | Executive Compensation | $2,375 | 8.6 | $20,425.00 |
| Curran, William A. | Partner; joined partnership in 2017; admitted New York 2010 | Tax | $2,375 | 4.7 | $11,162.50 |
| Huebner, Marshall S. | Partner; joined partnership in 2002; admitted New York 1994 | Restructuring | $2,375 | 204.9 | $486,637.50 |
| Kaminetzky, Benjamin S. | Partner; joined partnership in 2003; admitted New York 1995 | Litigation | $2,375 | 27.3 | $64,837.50 |
| Kaminsky, Adam | Partner; joined partnership in 2019; admitted New York 2006 | Employment | $2,375 | 1.3 | $3,087.50 |
| Klein, Darren S. | Partner; joined partnership in 2016; admitted New York 2008 | Restructuring | $2,375 | 32.8 | $77,900.00 |
| McClammy, James I. | Partner; joined partnership in 2015; admitted New York 1999 | Litigation | $2,375 | 39.0 | $92,625.00 |
| Vonnegut, Eli J. | Partner; joined partnership in 2015; admitted New York 2009 | Restructuring | $2,375 | 132.8 | $315,400.00 |
| **Partner Total:** | | | | **458.3** | **$1,088,255.50** |
| **Counsel** | | | | | |
| Altus, Leslie J. | Counsel; joined Davis Polk 1985; admitted New York 1984 | Tax | $1,830 | 18.5 | $33,855.00 |
| Clarens, Margarita | Counsel; joined Davis Polk 2008; admitted New York 2009 | Litigation | $1,830 | 1.3 | $2,379.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Consla, Dylan A. | Counsel; joined Davis Polk 2015; admitted New York 2015 | Restructuring | $1,725 | 35.3 | $60,892.50 |
| Lele, Ajay B. | Counsel; joined Davis Polk 2000; admitted New York 2001 | Mergers and Acquisitions | $1,830 | 12.0 | $21,960.00 |
| Matlock, Tracy L. | Counsel; joined Davis Polk 2011; admitted New York 2013 | Tax | $1,830 | 31.8 | $58,194.00 |
| Piraino, Stephen D. | Counsel; joined Davis Polk 2014; admitted New York 2014 | Restructuring | $1,830 | 9.9 | $18,117.00 |
| Robertson, Christopher | Counsel; joined Davis Polk 2011; admitted New York 2013 | Restructuring | $1,830 | 94.6 | $173,118.00 |
| Sturm, Josh | Counsel; joined Davis Polk 2020; admitted New York 2007 | Restructuring | $1,830 | 41.0 | $75,030.00 |
| Tobak, Marc J. | Counsel; joined Davis Polk 2009; admitted New York 2009 | Litigation | $1,830 | 143.3 | $262,239.00 |
| **Counsel Total:** | | | | **387.7** | **$705,784.50** |
| **Associates, Law Clerks and Legal Assistants** | | | | | |
| Bane, Abraham | Associate; joined Davis Polk 2019; admitted New York 2020 | Restructuring | $1,590 | 65.6 | $104,304.00 |
| Benedict, Kathryn S. | Associate; joined Davis Polk 2017; admitted New York 2015 | Litigation | $1,590 | 136.4 | $216,876.00 |
| Brown, Joseph W. | Associate; joined Davis Polk 2023; admitted New York 2017 | Restructuring | $1,590 | 126.5 | $201,135.00 |
| Cardillo, Garrett | Associate; joined Davis Polk 2017; admitted New York 2017 | Litigation | $1,590 | 45.2 | $71,868.00 |
| Chen, Yao | Associate; joined Davis Polk 2022; admitted California 2022 | Litigation | $1,490 | 62.6 | $93,274.00 |
| Dobrovolskiy, Dmitry | Associate; joined Davis Polk 2021; admitted new York 2022 | Tax | $1,490 | 32.9 | $49,021.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Fine, Kate | Associate; joined Davis Polk 2021; admitted New York 2015 | Restructuring | $1,490 | 47.4 | $70,626.00 |
| Ford, Stephen | Associate; joined Davis Polk 2020; admitted New York 2019 | Restructuring | $1,590 | 45.2 | $71,868.00 |
| Garg, Paavani | Associate; joined Davis Polk 2019; admitted New York 2019 | Restructuring | $1,590 | 18.6 | $29,574.00 |
| Houston, Kamali | Associate; joined Davis Polk 2020; admitted New York 2022 | Litigation | $1,570 | 11.5 | $18,055.00 |
| Kasprisin, Justin A. | Associate; joined Davis Polk 2017; admitted New York 2012 | Executive Compensation | $1,590 | 17.3 | $27,507.00 |
| Knudson, Jacquelyn Swanner | Associate; joined Davis Polk 2017; admitted New York 2018 | Litigation | $1,590 | 47.8 | $76,002.00 |
| Kornsgold, Yona A. | Associate; joined Davis Polk 2022; admitted New York 2023 | Litigation | $1,140 | 82.6 | $94,164.00 |
| Kramer, Isaiah B. | Associate; joined Davis Polk 2023; admitted New York 2024 | Tax | $965 | 29.7 | $28,660.50 |
| Kreider, Kyle | Associate; joined Davis Polk 2022; admitted New York 2023 | Restructuring | $1,140 | 87.0 | $99,180.00 |
| Li, Stella | Associate; joined Davis Polk 2020; admitted New York 2019 | Restructuring | $1,590 | 59.3 | $94,287.00 |
| Luo, Hengzhe | Associate; joined Davis Polk 2023; admitted New York 2024 | Restructuring | $965 | 130.0 | $125,450.00 |
| Marx, Elaina | Associate; joined Davis Polk 2022; admitted New York 2023 | Litigation | $1,140 | 250.0 | $285,000.00 |
| Mazero, Gabrielle | Associate; joined Davis Polk 2022; admitted New York 2023 | Intellectual Property | $1,140 | 31.4 | $35,796.00 |
| Mineo, Zack | Associate; joined Davis Polk 2022; admitted New York 2023 | Mergers and Acquisitions | $1,140 | 6.2 | $7,068.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Moelis, Ryann | Associate; joined Davis Polk 2022; admitted New York 2023 | Litigation | $1,140 | 22.7 | $25,878.00 |
| Moller, Sarah H. | Associate; joined Davis Polk 2020; admitted New York 2021 | Mergers and Acquisitions | $1,570 | 4.7 | $7,379.00 |
| Nides, Max | Associate; joined Davis Polk 2022; admitted New York 2023 | Restructuring | $1,140 | 99.5 | $113,430.00 |
| Reyes, Destiny I. | Associate; joined Davis Polk 2023; admitted New York 2022 | Restructuring | $1,490 | 256.9 | $382,781.00 |
| Rivkin, Motty | Associate; joined Davis Polk 2021; admitted New York 2022 | Restructuring | $1,490 | 23.6 | $35,164.00 |
| Schwartz, Alec G. | Associate; joined Davis Polk 2022; admitted New York 2023 | Restructuring | $1,140 | 115.6 | $131,784.00 |
| Shatkin, Leah | Associate; joined Davis Polk 2023; admitted New York 2023 | Restructuring | $965 | 13.6 | $13,124.00 |
| Sherman, Bradford | Associate; joined Davis Polk 2018; admitted New York 2019 | Tax | $1,590 | 1.9 | $3,021.00 |
| Shinbrot, Josh | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $1,590 | 300.7 | $478,113.00 |
| Simonelli, Jessica | Associate; joined Davis Polk 2020; admitted New York 2021 | Litigation | $1,570 | 49.5 | $77,715.00 |
| Somers, Kate | Associate; joined Davis Polk 2020; admitted New York 2021 | Restructuring | $1,570 | 156.8 | $246,176.00 |
| Sun, Terrance X. | Associate; joined Davis Polk 2020; admitted New York 2021 | Litigation | $1,570 | 69.8 | $109,586.00 |
| Sun, Tony | Associate, joined Davis Polk 2023; admitted New York 2024 | Restructuring | $965 | 16.3 | $15,729.50 |
| Townes, Esther C. | Associate; joined Davis Polk 2018; admitted New York 2018 | Litigation | $1,590 | 4.6 | $7,314.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Trost, Brette L. | Associate; joined Davis Polk 2019; admitted New York 2020 | Intellectual Property | $1,590 | 27.8 | $44,202.00 |
| Winiarski, Kevin L. | Associate, joined Davis Polk 2023; admitted New York 2024 | Restructuring | $965 | 53.4 | $51,531.00 |
| Yang, Yueyu | Associate; joined Davis Polk 2020; admitted New York 2021 | Tax | $1,570 | 4.5 | $7,065.00 |
| Yasmin, Saba | Associate; joined Davis Polk 2023; admitted New York 2021 | Mergers and Acquisitions | $1,570 | 2.9 | $4,553.00 |
| Youn, Audrey | Associate; joined Davis Polk 2022; admitted New York 2023 | Restructuring | $1,140 | 13.1 | $14,934.00 |
| Zhang, Helen | Associate; joined Davis Polk 2020; admitted New York 2021 | Restructuring | $1,570 | 87.9 | $138,003.00 |
| Whalen, Mckenzie K. | Law Clerk; joined Davis Polk 2023 | Restructuring | $965 | 16.4 | $15,826.00 |
| Bruney, Theresa | Legal Assistant; joined Davis Polk 2001 | Litigation | $650 | 2.6 | $1,690.00 |
| Giddens, Magali | Legal Assistant; joined Davis Polk 2019 | Restructuring | $650 | 125.8 | $81,770.00 |
| Harrington, Brooke | Legal Assistant; joined Davis Polk 2022 | Employment | $650 | 2.2 | $1,430.00 |
| Haynes, Amelia | Legal Assistant; joined Davis Polk 2021 | Litigation | $650 | 7.0 | $4,550.00 |
| Wagner, Eric | Legal Assistant; joined Davis Polk 2023 | Litigation | $460 | 2.8 | $1,288.00 |
| Chen, Johnny W. | Ediscovery Management Manager; joined Davis Polk 2008 | eDiscovery Project Management | $690 | 48.4 | $33,396.00 |
| Gonzalez, Rebecca C. | Audit Letters Specialist; joined Davis Polk 2011 | Audit Letters | $650 | 3.5 | $2,275.00 |
| Andresini, Emily | Legal Reference Librarian; joined Davis Polk 2022 | Library | $595 | 3.5 | $2,082.50 |
| Fynan, Frances C. | Legal Reference Librarian; joined Davis Polk 2020 | Library | $595 | 3.9 | $2,320.50 |
| Richmond, Marjorie | Legal Reference Librarian; joined Davis Polk 2015 | Library | $745 | 3.0 | $2,235.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Associates, Law Clerks and Legal Assistants Total: | | | | 2,878.1 | $3,856,061.00 |
| TOTAL FEES | | | | | $5,650,101.00 |
| (Less 50% Discount for Non-Working Travel Time) | | | | | ($1,560.00) |
| GRAND TOTAL | | | | 3,724.1 | $5,648,541.00[1] |

---

[1] This amount reflects a reduction in fees in the amount of $203,380.00 on account of the following: (a) $1,560.00 from a 50% reduction of Non-Working Travel Time; and (b) $201,820.00 of voluntary write-offs.

**Exhibit D**

**Fees by Project Category for Fee Period**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Acquisitions/Dispositions | 3.3 | $5,559.00 |
| Automatic Stay/Preliminary Injunction/Litigation/DOJ | 515.9 | $762,785.50 |
| Bar Date/Estimation/Claims Allowance Issues | 125.1 | $200,683.00 |
| Corporate Governance, Board Matters and Communications | 70.2 | $142,804.00 |
| Creditor/UCC/AHC Issues | 161.8 | $257,800.00 |
| Cross-Border/International Issues | 0.2 | $318.00 |
| Customer/Vendor/Lease/Contract Issues | 1.3 | $2,433.50 |
| Employee/Pension Issues | 312.0 | $519,044.00 |
| General Case Administration | 244.2 | $334,989.50 |
| Non-DPW Retention and Fee Issues | 43.8 | $58,983.00 |
| Non-Working Travel Time (50%) | 4.8 | $1,560.00 |
| Support Agreement/Plan/Disclosure Statement | 1,898.9 | $2,905,619.00 |
| DPW Retention/Preparation of Fee Statements/Applications Budget | 152.1 | $167,567.00 |
| IP, Regulatory and Tax | 189.2 | $286,016.50 |
| Rule 2004 Discovery | 1.3 | $2,379.00 |
| **Total** | **3,724.1** | **$5,648,541.00[1]** |

---

[1] This amount reflects a reduction in fees in the amount of $203,380.00 on account of the following: (a) $1,560.00 from a 50% reduction of Non-Working Travel Time; and (b) $201,820.00 of voluntary write-offs.

**Exhibit E**

**Expense Summary**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Business Meals | *See Business Meal Detail provided in Davis Polk's Monthly Fee Statements* | $2,503.71 |
| Computer Research | Lexis (US Briefs, US Jurisprudence, US Law Reviews and Journals, US Practical Guidance, US Practice Guides, and US Treatises) and Westlaw | $21,981.25 |
| Court and Related Fees | CourtAlert.com, Pacer Transactions, Thomson Reuters – West, and Veritext LLC | $7,487.99 |
| Duplication | N/A | $1,249.40 |
| Electronic Discovery Services | KLDiscovery Holdings Inc. | $6,704.00 |
| External Document Production | Counsel Press Inc. | $609.70 |
| Outside Documents & Research | Courtlink, LexisNexis Online, New York Law Institute, Inc., and Restructuring Concepts/netDockets | $4,030.69 |
| Postage, Courier & Freight | N/A | $404.70 |
| Travel | *See Travel Detail provided in Davis Polk's Monthly Fee Statements* | $1,939.86 |
| **TOTAL** | | **$46,911.30** |

**Exhibit F**

**Customary and Comparable Compensation Disclosures for the Fee Period**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| | Professionals at the New York Office of Davis Polk & Wardwell LLP for a 12-Month Period Ending on April 30, 2024, Excluding Bankruptcy Matters[1] | Purdue Application |
| Partner | $1,869.38 | $2,374.55 |
| Counsel | $1,528.62 | $1,820.44 |
| Other Attorneys[2] | $1,002.56 | $1,391.58 |
| Paraprofessionals | $463.99 | $648.63 |
| All Timekeepers Aggregated | $1,168.21 | $1,516.75 |

---

[1] This blended hourly rate is adjusted to exclude hours and compensation billed to certain clients with special billing arrangements.

[2] This category includes Law Clerks and Discovery Attorneys.

F-1