# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (SHL) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |

**ORDER GRANTING THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS OF PURDUE PHARMA L.P., *ET AL.***
**SOLE STANDING TO COMMENCE AND PROSECUTE ESTATE CAUSES OF ACTION**

Upon consideration of the Notice of Motion [Docket No. [__]] ("Notice") and the motion [Docket No. [__]] (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Official Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors") for entry of an order (this "Order"), pursuant to 11 U.S.C. §§ 105(a), 1103(c) and 1109(b), granting to the Official Committee sole derivative standing to commence and prosecute certain claims on behalf of the Debtors' estates; and of any objection thereto and the record of these chapter 11 cases; and of the *Debtors' Statement in Support of the Motion of the Official Committee of Unsecured Creditors for Sole Leave, Standing, and Authority to Commence and Prosecute Certain Claims on Behalf of the Debtors' Estates* and of the *Ad Hoc Committee's Statement in Support of the Official Committee of Unsecured Creditors' Standing Motion* (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

"AHC Support Statement"); and this Court having jurisdiction to order the relief provided herein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and consideration of the Motion and the relief requested therein constituting a core proceeding under 28 U.S.C. §§ 1408 and 1409; and this Court having authority to enter a final order granting the Motion in accordance with Article III of the United States Constitution; and the Court having found that due and proper notice of the Motion has been given, and no other or further notice need be provided; and that the relief sought in the Motion is in the best interest of the Debtors, their estates and their creditors; and the legal and factual bases set forth in the Motion establishing just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. All objections, if any, to the Motion or the relief requested therein, that have not been withdrawn, waived or settled, are overruled.

3. The Official Committee is hereby granted leave and sole standing, and is authorized on behalf of the Debtors' estates, to commence and prosecute the claims and causes of action of the Debtors' estates set forth in the draft complaint attached to the Motion as Exhibit B against the defendants named therein (the "Estate Claims").

4. The Official Committee is hereby granted leave and sole standing, and is authorized on behalf of the Debtors' estates, to commence and prosecute, with the full rights and privileges of, and in the stead of, the Debtors, any other claim held or that may be asserted by the Debtors' estates (i) without the need for any further application to or order of the Court, provided that the

2

Debtors have, in writing (which may take the form of an email) consented, or (ii) as may be authorized by the Court.

5.  Conditioned upon the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "<u>AHC</u>") (i) having supported the Official Committee's Motion and (ii) having recommended to all states that they not oppose the Motion, (a) the Official Committee has agreed to provide certain rights to consultation and coordination to the AHC with regard to the Estate Claims and to support the AHC's motion for intervention in any adversary proceeding brought by the Official Committee asserting the Estate Claims and (b) the AHC has agreed to provide certain rights to consultation and coordination to the Official Committee concerning such intervention, in each case as set forth in the document titled Terms of UCC-AHC Agreement re: Standing and Intervention (the "<u>Standing and Intervention Terms</u>") that was filed as an exhibit to the AHC Support Statement.

6.  The AHC's rights under this Order are to cooperation and consultation with regard to the Estate Claims, as well as specified rights with regard to intervention and settlement as set forth in the Standing and Intervention Terms. Without modifying the parties' respective consultation obligations under paragraphs 2 and 3 of the Standing and Intervention Terms, and for the avoidance of any doubt, all decisions concerning prosecution of the Estate Claims shall be made by the UCC in its sole discretion, consistent with its fiduciary duties, and nothing in this Order or the Standing and Intervention Terms shall be construed to prevent the UCC from acting consistent with its fiduciary duties, and all decisions concerning the AHC's activities as an intervenor shall be made by the AHC in its sole discretion. In addition, the obligations of the UCC under the Standing and Intervention Terms and this Order shall not require the UCC to act in a manner that, in its good faith determination, is inconsistent with its fiduciary duties.

3

7. Notwithstanding anything else herein, nothing in this Order will convey any rights to any party with respect to settlement of the Estate Claims or any other claim held or that may be asserted by the Debtors' estates.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2024
       New York, New York

                                                      THE HONORABLE SEAN H. LANE
                                                      UNITED STATES BANKRUPTCY JUDGE