Hearing Date: September 5, 2024 at 2:00 p.m. (Prevailing Eastern Time)
Objection Deadline: August 30, 2024 at 4:00 p.m. (Prevailing Eastern Time)
Reply Deadline: September 3, 2024 at 2:00 p.m. (Prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (SHL)<br><br>(Jointly Administered) |
| **PURDUE PHARMA L.P.,** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**COMMONWEALTH OF MASSACHUSETTS,** *et al.*,<br><br>Defendants. | Adv. Pro. No. 19-08289 (SHL) |

**MOTION TO (I) EXTEND THE MEDIATION; (II) EXTEND THE PRELIMINARY INJUNCTION AND ASSOCIATED DEADLINES INCLUDING TOLLING; AND (III) EXTEND SCHEDULE FOR THE STANDING MOTION**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Purdue Pharma L.P. ("**Purdue Pharma**") and certain affiliated debtors that are plaintiffs in the above-captioned adversary proceeding, as debtors and debtors in possession (collectively, "**Debtors**"), respectfully represent as follows in support of this motion ("**Motion**") seeking entry of orders in substantially the forms annexed hereto as (i) **Exhibit A** ("**Proposed Amended Mediation Order**") extending the mediation through September 27, 2024 at 11:59 p.m.; (ii) **Exhibit B** ("**Proposed Thirty-Seventh Amended Order**") extending (a) the preliminary injunction's stay of litigation issued on November 6, 2019 and subsequently amended and extended by this Court ("**Preliminary Injunction**"), currently set to expire on September 9, 2024,[2] through and including September 27, 2024 (the "**Limited Extension**"), and (b) the provisions of the Preliminary Injunction that toll statutes of limitations and similar time limitations ("**Claim Tolling**"), currently set to expire on October 8, 2024 through and including October 28, 2024; and (iii) **Exhibit C** ("**Proposed Order Extending Schedule for Standing Motion**") adjourning the hearing and related deadlines on the Motion of the Official Committee of Unsecured Creditors for Sole Standing to Commence and Prosecute Estate Causes of Action

---

[2] On June 27, 2024, the Debtors filed the *Motion to Extend the Preliminary Injunction* [ECF No. 489] and the *[Proposed] Thirty-Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 489-1] in the above-captioned adversary proceeding, requesting an extension of the Preliminary Injunction. On July 10, 2024, this Court entered the *Thirty-Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 506] (the "**Thirty-Sixth Amended Order**"), which extends Claim Tolling through and including the date that is 90 days after entry of the Mediation Order (as defined herein); and the litigation injunction through and including through and including the date that is 60 days after this Court's entry of the Mediation Order. On July 10, 2024 this Court entered the *Order Appointing the Honorable Shelley C. Chapman (Ret.) and Eric D. Green as Co-Mediators and Establishing Terms and Conditions of Mediation*, No. 19-23649 (SHL) (Bankr. S.D.N.Y. July 10, 2024) [ECF No. 6537]. The Preliminary Injunction's stay of litigation is therefore set to expire on September 9, 2024, and Claim Tolling is set to expire on October 8, 2024. To preserve the same timetable in light of the requested extension of the Mediation, this motion seeks to extend the stay of litigation through and including September 27, 2024 and Claim Tolling through and including October 28, 2024.

(the "**Standing Motion**"), *In re Purdue Pharma, L.P.*, 19-23649 (Bankr. S.D.N.Y. July 8, 2024) [ECF No. 6523], currently scheduled for a hearing on September 5, 2024.

## RELIEF REQUESTED

1. On September 18, 2019, the Debtors initiated this adversary proceeding and filed a *Motion for a Preliminary Injunction* [ECF No. 2][3] ("**September 18, 2019 Motion**") pursuant to section 105 of title 11 of the United States Code ("**Bankruptcy Code**") and Rule 7065 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").

2. On November 6, 2019, the Court issued the Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 105], which enjoined, until April 8, 2020, (i) the governmental defendants in this adversary proceeding ("**Governmental Defendants**"), from the commencement or continuation of their active judicial, administrative, or other actions or proceedings against the Debtors that were or could have been commenced before the commencement of this case ("**Governmental Actions**") identified in Exhibit A to the Complaint for Injunctive Relief [ECF No. 1] ("**Complaint**"), as well as the commencement or continuation of any other actions against the Debtors alleging substantially similar facts or causes of action as those alleged in the Governmental Actions if not otherwise subject to the automatic stay imposed by section 362 of the Bankruptcy Code; and (ii) the Governmental Defendants and the private defendants ("**Private Defendants**") in this adversary proceeding from the commencement or continuation of their active judicial, administrative, or other actions or proceedings, identified in Exhibit B to the Complaint, and the commencement or continuation of other actions alleging substantially similar facts or causes of action as those

---

[3] ECF numbers reference docket entries in this adversary proceeding unless otherwise noted.

3

alleged in the actions identified in Exhibit A or Exhibit B to the Complaint, against former or current (a) owners (including any trusts and their respective trustees and beneficiaries), (b) directors, (c) officers, (d) employees, and (e) other similar associated entities of the Debtors that were or could have been commenced before the commencement of the case ("**Related Parties**",[4] and the claims against them described in this paragraph, the "**Related-Party Claims**"). The Court's order did not enjoin those Governmental Defendants that voluntarily agreed to abide by the terms of the Preliminary Injunction.

3. On March 4, 2020, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 146] ("**March 4, 2020 Motion**"). On March 30, 2020, the Court issued the Eighth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary

---

[4] The Related Parties are: The Purdue Frederick Company Inc.; The P.F. Laboratories Inc.; Purdue Pharma Technologies Inc.; PLP Associates Holdings L.P.; PLP Associates Holdings Inc.; BR Holdings Associates L.P.; BR Holdings Associates Inc.; Rosebay Medical Company L.P.; Rosebay Medical Company, Inc.; Beacon Company; PRA Holdings Inc.; Pharmaceutical Research Associates Inc.; Purdue Holdings L.P.; Rhodes Pharmaceuticals Inc.; Rhodes Technologies Inc.; Coventry Technologies L.P.; MNP Consulting Limited; Richard S. Sackler; the Estate of Jonathan D. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A. Sackler; Ilene Sackler Lefcourt; the Estate of Beverly Sackler; Beverly Sackler; Theresa Sackler; David A. Sackler; Marianna Sackler; Estate of Mortimer Sackler; Estate of Raymond Sackler; Trust for the Benefit of Members of the Raymond Sackler Family; Raymond Sackler Trust; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1964; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1974; Paulo Costa; Cecil Pickett; Ralph Snyderman; Judith Lewent; Craig Landau; Mark Timney; Stuart D. Baker; Frank Peter Boer; John Stewart; Russell Gasdia; Marv Kelly; Shelli Liston; Heather Weaver; Doug Powers; Lori Fuller; Rodney Davis; Brandon Worley; Donald Leathers; Wendy Kay; Michael Madden; LeAvis Sullivan; Jeffrey Ward; Beth Taylor; Leigh Varnadore; Paul Kitchin; Mark Waldrop; Mark Radcliffe; Mark Ross; Patty Carnes; Carol Debord; Jeff Waugh; Shane Cook; James David Haddox; Aida Maxsam; Tessa Rios; Amy K. Thompson; Joe Coggins; Lyndsie Fowler; Mitchell "Chip" Fisher; Rebecca Sterling; Vanessa Weatherspoon; Chris Hargrave; Brandon Hassenfuss; Joe Read; Andrew T. Stokes; Nathan C. Grace; Jaclyn P. Gatling; Leslie Roberson; Barbara C. Miller; Briann Parson-Barnes; Becca Beck Harville; Lindsey Bonifacio; Tammy Heyward; James Speed; Damon Storhoff; Diana C. Muller; and Draupadi Daley.

4

Injunction [ECF No. 168], extending the Preliminary Injunction for 180 days, until October 5, 2020.

4. On September 16, 2020, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 197] ("**September 16, 2020 Motion**"). On October 1, 2020, the Court issued the Thirteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 208], extending the Preliminary Injunction until March 1, 2021.

5. On February 14, 2021, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 219] ("**February 14, 2021 Motion**"). On March 1, 2021, the Court issued the Fifteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 224], extending the Preliminary Injunction until and including March 24, 2021.

6. On March 12, 2021, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 227] ("**March 12, 2021 Motion**"). On March 26, 2021, the Court issued the Sixteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 241], extending the Preliminary Injunction until and including April 21, 2021.

7. On April 7, 2021, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 245] ("**April 7, 2021 Motion**"). On April 22, 2021, the Court issued the Seventeenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 254], extending the Preliminary Injunction until and including May 20, 2021.

8. On May 6, 2021, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 258] ("**May 6, 2021 Motion**"). On May 20, 2021, the Court issued the Eighteenth

Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 264], extending the Preliminary Injunction until and including June 16, 2021.

9.  On June 2, 2021, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 269] ("**June 2, 2021 Motion**").  On June 17, 2021, the Court issued the Nineteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 274], extending the Preliminary Injunction until and including August 30, 2021.

10. On August 27, 2021, the Debtors made an oral motion to extend the Preliminary Injunction through and including September 1, 2021 ("**August 27, 2021 Motion**"), which was granted and reflected in the Twentieth Amended Order Pursuant to 11 U.S.C. § 105 Granting Motion for a Preliminary Injunction [ECF No. 286].

11. On September 1, 2021, the Debtors made an oral motion to extend the Preliminary Injunction through and including the entry of the Confirmation Order and the expiration of the stay of such Confirmation Order pursuant to Federal Rule of Bankruptcy Procedure 3020(e) ("**September 1, 2021 Motion**"), which was granted on September 1, 2021 and reflected in the Twenty-First Amended Order Pursuant to 11 U.S.C. § 105 Granting Motion for a Preliminary Injunction [ECF No. 287].

12. On September 17, 2021, the Bankruptcy Court issued its Findings Of Fact, Conclusions Of Law, And Order Confirming The Twelfth Amended Joint Chapter 11 Plan Of Reorganization Of Purdue Pharma L.P. And Its Affiliated Debtors [Dkt No. 3787] ("**Confirmation Order**") confirming the Plan.  Paragraph 56(a) of the Confirmation Order provided that the Preliminary Injunction would remain in force through the Effective Date of the Plan.  On December 16, 2021, the District Court vacated the Confirmation Order.

13. On December 20, 2021, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 303] ("**December 20, 2021 Motion**"). On December 30, 2021, the Court issued the Twenty-Third Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 314], extending the Preliminary Injunction until and including February 1, 2022.

14. On January 18, 2022, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 317] ("**January 18, 2022 Motion**"). On February 1, 2022, the Court issued the Twenty-Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 323], extending the Preliminary Injunction until and including February 17, 2022.

15. On February 3, 2022, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 324] ("**February 3, 2022 Motion**") requesting an extension of the Preliminary Injunction until and including March 3, 2022. On February 17, 2022, the Court issued the Twenty-Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 333], extending the Preliminary Injunction until and including March 3, 2022.

16. On February 16, 2022, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 331] ("**February 16, 2022 Motion**") requesting an extension of the Preliminary Injunction until and including March 23, 2022. On March 2, 2022, the Court issued the Twenty-Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 338], extending the Preliminary Injunction until and including March 23, 2022.

17. On March 10, 2022, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 344] ("**March 10, 2022 Motion**") requesting an extension of the Preliminary Injunction until and including April 27, 2022. On March 23, 2022, the Court issued the Twenty-Seventh Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 349], extending the Preliminary Injunction until and including April 27, 2022.

18. On April 13, 2022, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 353] ("**April 13, 2022 Motion**") requesting an extension of the Preliminary Injunction until 30 days after the date on which the Second Circuit issues a decision in the appeals from the District Court's December 16, 2021 order vacating this Court's order confirming the Plan, consolidated and captioned as *In re Purdue Pharma L.P. et al.*, No. 22-110-bk(L) (the "**Second Circuit Appeal**"), provided, however, that if the Second Circuit has not issued a decision in the Second Circuit Appeal by July 15, 2022, any party in interest, for cause shown and upon proper notice, may move to shorten or terminate the Preliminary Injunction. On April 29, 2022, the Court issued the Twenty-Eighth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 356], extending the Preliminary Injunction until 30 days after the date on which the Second Circuit issues a decision in the Second Circuit Appeal, provided, however, that if the Second Circuit has not issued a decision in the Second Circuit Appeal by July 15, 2022, any party in interest, for cause shown and upon proper notice, may move to shorten or terminate the Preliminary Injunction.

19. On June 15, 2023, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 421] ("**June 15, 2023 Motion**") requesting an extension of the Preliminary Injunction through and including the date that is the earlier of (1) the date that an order

confirming a plan of reorganization is entered and not subject to any stay, including the stay pursuant to Federal Rule of Bankruptcy Procedure 3020(e); and (2) the date 30 days after entry of an opinion or order vacating or reversing the May 30, 2023 judgment of the United States Court of Appeals for the Second Circuit in the appeals consolidated and captioned as *In re Purdue Pharma L.P. et al.*, No. 22-110-bk(L) (the "**Second Circuit Decision**"). On July 12, 2023, the Court issued the Thirty-Third Amended Order Pursuant to § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 432], extending the Preliminary Injunction until the date that is the earlier of (1) the date that an order confirming a plan of reorganization is entered and not subject to any stay, including the stay pursuant to Federal Rule of Bankruptcy Procedure 3020(e); and (2) the date 30 days after entry of an opinion or order vacating or reversing the Second Circuit Decision, provided, however, if the Preliminary Injunction remains in effect on December 15, 2023, any party in interest, for cause shown and upon proper notice, may thereafter move to shorten or terminate the Preliminary Injunction.

20.    On May 19, 2024, the Debtors filed a *Motion to Amend the Preliminary Injunction* [ECF No. 475] ("**May 19, 2024 Motion**") requesting an extension of (a) the Voluntary Injunction, which enjoins the Debtors from certain conduct with respect to promotion of their opioid medications (the "**Voluntary Injunction**"), through the occurrence of the Effective Date of any confirmed plan of reorganization for the Debtors, and (b) Claim Tolling through and including the date that is the earlier of (1) 30 days after the date that an order confirming a plan of reorganization is entered and not subject to any stay, including the stay pursuant to Federal Rule of Bankruptcy Procedure 3020(e); and (2) 60 days after entry of any opinion or order vacating or reversing the Second Circuit Decision. On May 31, 2024, the Court issued the Thirty-Fifth Amended Order Pursuant to § 105(a) Granting Motion for a Preliminary

9

Injunction [ECF No. 484], extending (a) the Voluntary Injunction through the occurrence of the Effective Date of any confirmed plan of reorganization; and (b) Claim Tolling through and including the date that is the earlier of (1) 30 days after the date that an order confirming a plan of reorganization is entered and not subject to any stay, including the stay pursuant to Federal Rule of Bankruptcy Procedure 3020(e); and (2) 60 days after entry of any opinion or order vacating or reversing the Second Circuit Decision.

21. On June 27, 2024 the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 489] ("**June 27, 2024 Motion**") requesting an extension of Claim Tolling through and including the date that is 90 days after entry of the Mediation Order; and the litigation injunction through and including through and including the date that is 60 days after this Court's entry of the Mediation Order (as defined in the June 27, 2024 Motion). On July 10, 2024 the Court issued the Thirty-Sixth Amended Order Pursuant to § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 506], extending the Preliminary Injunction through and including the date that is 60 days after this Court's entry of the Mediation Order, which extends the litigation injunction through September 9, 2024, and Claim Tolling through October 8, 2024.

22. In addition, at the Court's October 11, 2019 Hearing, the November 6, 2019 Hearing, March 18, 2020 Hearing, September 30, 2020 Hearing, March 1, 2021 Hearing, the March 24, 2021 Hearing, the April 21, 2021 Hearing, the May 20, 2021 Hearing, the June 16, 2021 Hearing, the August 27, 2021 Hearing, the September 1, 2021 Hearing, the December 29, 2021 Hearing, the February 1, 2022 Hearing, the February 17, 2022 Hearing, the March 2, 2022 Hearing, the March 23, 2022 Hearing, the April 27, 2022 Hearing, the June 29, 2023 Hearing, the January 24, 2023 Hearing, the February 1, 2023 Hearing, the March 20, 2024 Hearing, and

the July 9, 2024 Hearing (the "**Hearings**") the Court determined that the Debtors established good and sufficient legal and factual grounds to amend or enforce the Preliminary Injunction.

23.　　In addition, by orders of the Court dated November 20, 2019, December 9, 2019, January 2, 2020, February 17, 2020, March 4, 2020, April 14, 2020, May 18, 2020, July 20, 2020, August 31, 2020, October 30, 2020, March 1, 2021, September 21, 2021, August 19, 2022, October 4, 2022, December 5, 2022, February 7, 2023, and January 23, 2024[5] the Preliminary Injunction was amended, in each case, to enjoin additional plaintiffs ("**Additional Plaintiffs**") in (i) litigation currently pending against the Debtors or Related Parties concerning their opioid medication businesses that became active after the Debtors filed the September 18, 2019 Motion or (ii) any action concerning their opioid medication businesses that was commenced against the

---

[5] *See* Third Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Nov. 20, 2019) [ECF No. 115]; Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Dec. 9, 2019) [ECF No. 126]; Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Jan. 2, 2020) [ECF No. 132]; Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Feb. 17, 2020) [ECF No. 139]; Seventh Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Mar. 4, 2020) [ECF No. 145]; Ninth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Apr. 14, 2020) [ECF No. 175]; Tenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (May 18, 2020) [ECF No. 185]; Eleventh Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (July 20, 2020) [ECF No. 190]; Twelfth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (August 31, 2020) [ECF No. 194]; Fourteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (October 30, 2020) [ECF No. 214]; Fifteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Mar. 1, 2021) [ECF No. 224]; Twenty-Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Sept. 21, 2021) [ECF No. 291]; Twenty-Ninth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Aug. 19, 2022) [ECF No. 379]; Thirtieth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Oct. 4, 2022) [ECF No. 391]; Thirty-First Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Dec. 5, 2022) [ECF No. 400]; Thirty-Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Feb. 7, 2023) [ECF No. 410]; Thirty-Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Jan. 23, 2024) [ECF No. 460].

Debtors or Related Parties after the Debtors filed the September 18, 2019 Motion (in either case, "**Additional Actions**").

24. By this Motion, pursuant to section 105 of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rules, the Debtors request (i) entry of an order in the form of the Proposed Amended Order Appointing The Honorable Shelley C. Chapman (Ret.) and Eric D. Green as Co-Mediators and Establishing Terms and Conditions of Mediation annexed hereto as Exhibit A extending the Mediation providing that unless a resolution has been reached (in the determination of the Co-Mediators), the Mediation shall terminate on September 27, 2024 at 11:59 p.m.; (ii) entry of an order in the form of the Proposed Thirty-Seventh Amended Order annexed hereto as Exhibit B extending (a) the stay of litigation under the Preliminary Injnuction through and including September 27, 2024, and (b) the Claim Tolling provisions of the Preliminary Injunction through and including October 28, 2024; and (iii) entry of an order in the form of the Proposed Order Extending the Schedule for the Standing Motion annexed hereto as Exhibit C, adjourning the hearing and related deadlines on the Standing Motion.

25. The Proposed Thirty-Seventh Amended Order permits governmental entities to choose to be a Voluntarily Bound Party.[6] Any such governmental entity that chooses to be a Voluntarily Bound Party will voluntarily abide by the injunction rather than be formally bound.

26. The Proposed Thirty-Seventh Amended Order also includes two appendices, Appendices II and III, that identify the Governmental Defendants, Private Defendants, and Additional Plaintiffs—along with their respective actions—bound pursuant to the Thirty-Sixth Amended Order.

---

[6] As defined in the Proposed Thirty-Seventh Amended Order annexed hereto.

27. This motion constitutes a joint motion of the Debtors and UCC to extend the stay beyond the Initial Stay Period as provided in paragraph 2 of the Amended and Restated Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties, *In re: Purdue Pharma, L.P. et al.*, Case No. 19:23649 (RDD) (Nov. 20, 2019) [ECF No. 518] ("**UCC Stipulation**"). All obligations under the UCC Stipulation, inclusive of obligations on any Covered Party as defined therein, that remain in effect during the Stay Period, as defined therein, shall remain in full force and effect so long as the Preliminary Injunction, as amended and extended, remains in effect. For the avoidance of doubt, the Initial Stay Period as defined in the UCC Stipulation expired on April 8, 2020.

28. The Debtors request that this Court continue not to require the Debtors to provide any security in connection with this Preliminary Injunction as permitted under Rule 7065 of the Bankruptcy Rules. *See* Fed. R. Bankr. P. 7065 ("Rule 65 . . . applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c).").

29. Finally, the Debtors request that the Court extend the time for all defendants in this adversary proceeding to answer or otherwise respond to the Complaint and adjourn the Pre-Trial Conference in this adversary proceeding, to dates, to be set by further order of the Court, that will not be less than the date that is 120 days after the date of entry of the Mediation Order.

## JURISDICTION AND VENUE

30. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012. This is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BASIS FOR REQUESTED RELIEF

31. The Debtors are filing contemporaneously herewith a memorandum of law in support of the Motion, which provides details of the factual and legal bases for the requested relief.  The Debtors also incorporate by reference the arguments they advanced and the extensive evidentiary record developed in support of the September 18, 2019 Motion, the March 4, 2020 Motion, the September 16, 2020 Motion, the February 14, 2021 Motion, the March 12, 2021 Motion, the April 7, 2021 Motion, the May 6, 2021 Motion, the June 2, 2021 Motion, the August 27, 2021 Motion, the September 1, 2022 Motion, the December 20, 2021 Motion, the January 18, 2022 Motion, the February 3, 2022 Motion, the February 16, 2022 Motion, the March 10, 2022 Motion, the April 13, 2022 Motion, the June 15, 2023 Motion, the May 19, 2024 Motion, and the June 27, 2024 Motion, as well as the confirmation hearing held in August 2021.

## RESERVATION OF RIGHTS

32. Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, or (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim.  The Debtors expressly reserve their right to move in the future to enjoin the prosecution of any other lawsuit against them or the Related Parties.  The Debtors also expressly reserve their right to assert that any action against the Debtors or the Related Parties is subject to 11 U.S.C. § 362(a).

## NOTICE

33. The Debtors will serve a copy of this Motion and the accompanying memorandum of law on the Governmental Defendants, the Private Defendants, and the

Additional Plaintiffs currently subject to the Preliminary Injunction. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

## NO PREVIOUS REQUEST

34. No previous request to extend the term of the Preliminary Injunction beyond September 9, 2024 has been made by the Debtors to this Court or any other court. No previous request to adjourn the hearing and related deadlines on the Standing Motion has been made by the Debtors to this Court or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Thirty-Seventh Amended Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 23, 2024
New York, New York

By: */s/ Marshall S. Huebner*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors
and Debtors in Possession*

15