DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>      Debtors.[1] | **Chapter 11**<br><br>**Case No. 19-23649 (SHL)**<br><br>**(Jointly Administered)** |
| **PURDUE PHARMA L.P.,** *et al.*<br><br>      Plaintiffs,<br><br>    v.<br><br>**COMMONWEALTH OF MASSACHUSETTS,** *et al.*,<br><br>      Defendants. | **Adv. Pro. No. 19-08289 (SHL)** |

**DEBTORS' EX PARTE MOTION FOR ENTRY OF AN ORDER SHORTENING
NOTICE FOR DEBTORS' MOTION TO (I) EXTEND THE MEDIATION; (II) EXTEND
THE PRELIMINARY INJUNCTION AND ASSOCIATED DEADLINES INCLUDING
TOLLING; AND (III) EXTEND SCHEDULE FOR THE STANDING MOTION**

      Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession

(collectively, the "**Debtors**") in the above-captioned chapter 11 proceedings ("**Chapter 11**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon (….continued)

Cases") submit this motion ("**Motion to Shorten**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening the notice period with respect to the *Debtors' Motion to (I) Extend the Mediation; (II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling; and (III) Extend the Schedule for the Standing Motion* ("**Motion to Extend**"), filed contemporaneously herewith.[2]  In support of this Motion to Shorten, the Debtors respectfully state as follows:

**Relief Requested**

1.      At the instruction of the court-appointed mediators, the Debtors filed the Motion to Extend to maximize the chances of a consensual resolution of these cases.

2.      The Debtors file this instant motion to shorten <u>by one day only</u> the notice period for a hearing on the Motion to Extend, while preserving <u>in full</u> the seven-day objection period provided for by the Federal and Local Rules.  The Debtors accordingly seek entry of an order shortening the notice period with respect to the Motion to Extend, scheduling a hearing on the Motion to Extend for **September 5, 2024 at 2:00 p.m. (Prevailing Eastern Time)**, scheduling an objection deadline for the Motion to Extend of **August 30, 2024 at 4:00 p.m. (Prevailing Eastern Time)** and a reply deadline for the Motion to Extend of **September 3, 2024 at 2:00 p.m. (Prevailing Eastern Time)**.

---

Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Extend.

**Jurisdiction and Venue**

3.       The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012

(Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule

7008 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), the Debtors consent

to entry of a final order by the Court in connection with this Motion to Shorten to the extent that

it is later determined that the Court, absent consent of the parties, cannot enter a final order or

judgment consistent with Article III of the United States Constitution.

4.       The statutory bases for the relief requested herein are sections 105(a) of title 11 of

the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 9006(c) and 9007, and

Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local

Rules**").

5.       Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

6.       On September 15, 2019, the Debtors each commenced with this Court a voluntary

case under chapter 11 of the Bankruptcy Code.

7.       On September 18, 2019, the Debtors initiated this adversary proceeding and filed

a Motion for a Preliminary Injunction [ECF No. 2], pursuant to section 105 of title 11 of the

Bankruptcy Code and Rule 7065 of the Federal Rules of Bankruptcy Procedure, seeking to

enjoin active litigation against the Debtors and their current and former owners, officers,

directors, employees, and associated entities ("**Related Parties**") that arose from the Debtors'

marketing of prescription opioid medications.[3]  After lengthy hearings in October and November

2019, this Court granted the Debtors' request and entered the Second Amended Order Pursuant

to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction, *Purdue Pharma L.P. v.

Massachusetts*, Adv. Pro. No. 19-08289 (Bankr. S.D.N.Y. Nov. 6, 2019) [ECF No. 105] (the

"**Preliminary Injunction**").  The Bankruptcy Court has since amended and/or extended the

Preliminary Injunction thirty-six times.[4]

8.    Most recently, on July 10, 2024, the Court entered (1) the Order Appointing the

Honorable Shelley C. Chapman (Ret.) and Eric D. Green as Co-Mediators and Establishing

Terms and Conditions of Mediation (the "**Mediation Order**"), *In re Purdue Pharma L.P.*, No.

19-23649 (SHL) [ECF No. 6537], and (2) the Thirty-Sixth Amended Order.

9.    On August 21, 2024, the Honorable Shelley C. Chapman and Eric Green

instructed the Debtors to seek the relief requested in the Motion to Extend.

10.    On August 23, 2024, the Debtors filed the Motion to Extend, seeking an 18-day

extension of Mediation and the Preliminary Injunction and a corresponding extension of the

existing schedule on the Motion of the Official Committee of Unsecured Creditors for Sole

Standing to Commence and Prosecute Estate Causes of Action (the "**Standing Motion**"), *In re

Purdue Pharma, L.P.*, 19-23649 (Bankr. S.D.N.Y. July 8, 2024) [ECF No. 6523].

**Basis for Relief Requested**

11.    Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(b) provide that the Court, for

cause shown, may in its discretion (with or without motion or notice) reduce the deadlines to

---

[3] Unless otherwise noted, all references to ECF numbers are to docket entries in this adversary
proceeding.

[4] *See* Thirty-Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a
Preliminary Injunction [ECF No. 506] (the "**Thirty-Sixth Amended Order**").

serve motion papers "at least fourteen (14) days before the return date" under Local Rule 9006-1. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules . . . , the court for cause shown may in its discretion with or without motion or notice order the period reduced."); L. Bankr. R. 9006-1(b) (noting that presumptive deadlines apply "[e]xcept as otherwise ordered by the Court").  In addition, pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and manner in which notice is provided.  The Court therefore has the authority to determine appropriate notice for conducting a hearing on the request for relief presented by the Motion to Extend.

12.     Here, good cause exists to shorten the notice period with respect to the Motion to Extend.  The proposed hearing date for the Motion to Extend is four days before the Preliminary Injunction will expire, and only <u>one</u> day before the Motion to Extend would be heard on ordinary notice.  As this Court has held numerous times, the Preliminary Injunction is essential to enable successful mediation, and the mediators here have determined that a further extension of the Preliminary Injunction is necessary to build on the already substantial progress the parties have made on multiple complex issues.  Without it, the Debtors and their creditors would suffer irreparable harm, and the prospects of a successful reorganization would be severely undermined.

13.     No party would be prejudiced by shortening the notice period. The Debtors' proposed objection deadline of **<u>August 30, 2024 at 4:00 p.m. (Prevailing Eastern Time)</u>** would provide parties with the full seven days to which a party is entitled under the Local Rules. *See* L. Bankr. R. 9006-1(b) (providing that presumptive objection deadline is seven days after a motion for relief is filed on 14 days' notice).

14.     Accordingly, the Debtors submit that good cause exists to shorten the notice period and deadline to object with respect to the Motion to Extend to allow that motion to be heard at a hearing on __September 5, 2024 at 2:00 p.m. (Prevailing Eastern Time).__

## Notice

15.     The Debtors will serve a copy of this Motion to Shorten on the Governmental Defendants, the Private Defendants, and the Additional Plaintiffs currently subject to the Preliminary Injunction.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

## No Prior Request

16.     The Debtors have not previously sought the relief requested herein from this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:    August 23, 2024
          New York, New York

By: */s/ Marshall S. Huebner*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:    (212) 450-4000
Facsimile:    (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors*
*and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>      **Debtors.**[1] | **Chapter 11**<br><br>**Case No. 19-23649 (SHL)**<br><br>**(Jointly Administered)** |
| **PURDUE PHARMA L.P.,** *et al.*<br><br>      **Plaintiffs,**<br><br>    **v.**<br><br>**COMMONWEALTH OF MASSACHUSETTS,** *et al.*,<br><br>      **Defendants.** | **Adv. Pro. No. 19-08289 (SHL)** |

**[PROPOSED] ORDER SHORTENING NOTICE WITH RESPECT TO DEBTORS'
MOTION TO (I) EXTEND THE MEDIATION; (II) EXTEND THE PRELIMINARY
INJUNCTION AND ASSOCIATED DEADLINES INCLUDING TOLLING; AND
(III) EXTEND SCHEDULE FOR THE STANDING MOTION**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order

(this "**Order**") shortening the notice period with respect to the Motion to Extend, as more fully set

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

## IT IS HEREBY ORDERED THAT

1.      The relief requested in the Motion is hereby granted as set forth herein.

2.      Notice of the Motion to Extend as provided therein shall be deemed good and sufficient notice of such Motion to Extend.

3.      A hearing (the "**Hearing**") to consider the relief requested in the Motion to Extend will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, 300 Quarropas Street, White Plains, New York 10601 on **September 5, 2024, at 2:00 p.m. (Prevailing Eastern Time)**.

4.      The responses or objections, and any reply to the Motion to Extend shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures, *In re Purdue Pharma, L.P.*, No. 19-23649 (Bankr. S.D.N.Y. Nov. 18, 2019) [Dkt. No. 498] (the "**Case Management**

**Order**"), and shall be filed with the Court (a) by registered users of the Court's case filing

system, electronically in accordance with General Order M–399 (which can be found at

http://www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-

searchable portable document format (PDF) (with a hard copy delivered directly to Chambers as

set forth in the Case Management Order), in accordance with the customary practices of the

Court and General Order M–399, to the extent applicable, and served so as to be actually

received, in the case of responses or objections no later than **August 30, 2024 at 4:00 p.m.**

**(Prevailing Eastern Time)**, and in the case of any reply on **September 3, 2024 at 12:00 p.m.**

**(Prevailing Eastern Time)**.

     5.     The Debtors are authorized to take all such actions as are necessary or appropriate

to implement the relief granted in this Order.

     6.     The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and enforcement of this Order.


White Plains, New York


Dated: _____, 2024


                                _____
                                THE HONORABLE SEAN H. LANE
                                UNITED STATES BANKRUPTCY JUDGE