**Hearing Date and Time: September 23, 2024, at 2:00 p.m. (prevailing Eastern Time)**
**Objection Date and Time: September 20, 2024, at 4:00 p.m. (prevailing Eastern Time)**
**Reply Date and Time: September 22, 2024, at 12:00 p.m. (prevailing Eastern Time)**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel:  (212) 872-1000
Fax:  (212) 872-1002
Mitchell Hurley
Arik Preis
Katherine Porter
Sara L. Brauner

*Counsel to the Official Committee of Unsecured*
*Creditors of Purdue Pharma L.P.,* et al.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (SHL) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |

---------------------------------------------------------------

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR A LETTER OF REQUEST TO THE ROYAL COURT OF JERSEY

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

## <u>TABLE OF CONTENTS</u>

BACKGROUND & REQUEST ...................................................................................................1

    A.    The Debtors' Estates Include Valuable Claims to Recover Assets That Were Fraudulently Transferred Out of the Debtors and Into Trusts Organized Under Jersey Law ...................................................................................1

    B.    The Official Committee Seeks Standing to Commence Litigation Against the Sacklers and the Jersey Law Trusts....................................................................2

    C.    The Official Committee Seeks a Letter of Request to the Royal Court of Jersey in Order to Commence Litigation in Jersey ...................................................3

NO PRIOR REQUEST ...........................................................................................................5

RESERVATION OF RIGHTS ...................................................................................................5

NOTICE................................................................................................................................5

CONCLUSION........................................................................................................................6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Cedar Shake & Shingle Antitrust Litig.*,
    No. 2:19-cv-00288-MJP, 2020 WL 39144 (W.D. Wash. Jan. 2, 2020) ...................................5

*Harrington v. Purdue Pharma, L.P.*,
    144 S. Ct. 44 (2023)...........................................................................................................2

*Harrington v. Purdue Pharma, L.P.*,
    144 S. Ct. 2071 (2024)........................................................................................................3

*In re Purdue Pharma, L.P.*,
    69 F.4th 45 (2d Cir. 2023) .................................................................................................2

**Statutes**

11 U.S.C. § 105(a) ....................................................................................................................5

11 U.S.C. § 1501(b)(2) .............................................................................................................4

11 U.S.C. § 1505.......................................................................................................................4

11 U.S.C. § 1525(b) ..................................................................................................................4

**Other Authorities**

Letter of Req., *Sharp v. SKPM Corp., Inc.* (*In re SK Foods, L.P.*),
    Ch. 11 Case No. 09-29162-D-11, Adv. No. 11-2337 (Bankr. E.D. Cal. Mar. 30, 2012) [ECF
    No. 249] ...........................................................................................................................4

Order Granting Appl. for Issuance of Int'l Letters of Req., *In re BSG Res. Ltd.*,
    Ch. 15 Case No. 19-11845 (SHL) (Bankr. S.D.N.Y. Feb. 27, 2010) [ECF No. 87] .................5

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this motion (the "Motion") for a Letter of Request to the Royal Court of Jersey in connection with the Official Committee's anticipated commencement, with the consent of the Debtors, of certain estate claims in that jurisdiction.  In support of this Motion, the Official Committee respectfully states as follows:

**BACKGROUND & REQUEST**

**A. The Debtors' Estates Include Valuable Claims to Recover Assets That Were Fraudulently Transferred Out of the Debtors and Into Trusts Organized Under Jersey Law**

1.      As set forth in greater detail in the *Amended Motion of the Official Committee of Unsecured Creditors for Sole Standing to Commence and Prosecute Estate Causes of Action* [ECF No. 6685] (the "Standing Motion"),[2] the Debtors' most valuable asset comprises litigation claims against the Debtors' indirect owners, members of the Sackler family, and various trusts and entities that are owned, controlled, and/or established by or for the benefit of the Sacklers (the "Estate Claims").  Among other claims, the Estate Claims include claims to claw back the more than $11.5 billion in cash and other assets that was transferred out of the Debtors to or for the benefit of the Sacklers and their entities (the "Distributions") as intentional and constructive fraudulent transfers. *See* Notice of Filing of Report of the Special Comm., Ex. A, at 11 [ECF No. 654].  The Distributions included more than $4 billion in non-tax, cash distributions, much of which was ultimately transferred to trusts established for the benefit of certain Sacklers under the law of the

---

[2] The Standing Motion was originally filed in July 2024, *see* ECF No. 6523, and was modified on September 6, 2024 to reflect the revised schedule for mediation and injunction established at the hearing in these cases on September 5, 2024, and to reference a modified draft complaint.

Island of Jersey (the "Jersey Law Trusts").  The Distributions also included tax cash distributions that are allocated to certain Jersey Law Trusts and transfers of value to overseas entities for the benefit of various Jersey Law Trusts.

**B.  The Official Committee Seeks Standing to Commence Litigation Against the Sacklers and the Jersey Law Trusts**

2.      The Official Committee's Standing Motion is pending and enjoys the support of the Debtors and the ad hoc committee of certain state and local government creditors, as described in the Standing Motion.  As the Court is aware, the Official Committee, the Debtors, and an overwhelming majority of creditors supported a plan of reorganization that settled the Estate Claims, which the Court approved on September 17, 2021.  *See* Findings of Fact, Conclusions of Law, and Order Confirming the Twelfth Am. Joint Ch. 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors [ECF No. 3787] (the "Confirmation Order").  On December 16, 2021, the United States District Court for the Southern District of New York vacated the Confirmation Order, finding that the plan of reorganization could not include nonconsensual third-party releases.  *See* Decision & Order on Appeal, *In re Purdue Pharma, L.P.*, No. 21-cv-07532-CM (S.D.N.Y. Dec. 16, 2021) [ECF No. 279].

3.      The Second Circuit reversed on May 30, 2023, *In re Purdue Pharma, L.P.*, 69 F.4th 45 (2d Cir. 2023), and the United States Supreme Court granted a petition for a writ of certiorari on August 10, 2023, to decide "[w]hether the Bankruptcy Code authorizes a court to approve, as part of a plan of reorganization under Chapter 11 of the Bankruptcy Code, a release that extinguishes claims held by nondebtors against nondebtor third parties, without the claimants' consent."  *Harrington v. Purdue Pharma, L.P.*, 144 S. Ct. 44 (2023).  On June 27, 2024, the Supreme Court ruled that the United States Bankruptcy Code does not permit the kind of non-

2

consensual third-party releases upon which the plan of reorganization and settlement were founded. *Harrington v. Purdue Pharma, L.P.*, 144 S. Ct. 2071 (2024).

4.        The settlement agreement therefore no longer is viable.  Accordingly, the Official Committee has sought standing to commence litigation asserting the Estate Claims, as set forth more fully in the Official Committee's Standing Motion.  By the Standing Motion, the Committee seeks authority to commence the estates' claims to recover the Distributions from, *inter alia*, the Jersey Law Trusts, through their trustees, who are defendants in the draft complaint presented with the Standing Motion.  *See* Standing Motion, Ex. A, ¶¶ 3-4.

### C.  The Official Committee Seeks a Letter of Request to the Royal Court of Jersey in Order to Commence Litigation in Jersey

5.        The Official Committee submits that this Court has jurisdiction over the Jersey Law Trusts and the Jersey trustees and the power to enter binding judgments against those parties and to restrain and enjoin assets in their control.  *See* Standing Motion, Ex. B, ¶¶ 100-126.  The Defendants, however, may argue otherwise.  Hence, out of an abundance of caution, the Official Committee intends to seek authority to commence an action in the Island of Jersey in addition to the anticipated action to assert Estate Claims in the United States so that the Official Committee may ensure that the valuable claims to claw back the Distributions that were transferred into the Jersey Law Trusts, along with assets that can be paid towards any judgment on those claims, are preserved.  The Letter of Request sought by this motion is a necessary predicate to doing so.

6.        The claims proposed to be brought in Jersey (the "Jersey Claims") fall into two categories: (1) company claims unrelated to insolvency to recover the assets of Purdue wrongly paid away (including proprietary tracing claims and/or personal claims such as knowing receipt, innocent receipt, or dishonest assistance), all of which are predicated on an underlying breach of duty by the directors or officers of the Debtors; and (2) a Pauline action, which is a form of

clawback claim under Jersey customary law.  By a Pauline action, a creditor seeks to reverse a transfer or transfers of assets made by an insolvent debtor to one or more third parties with an intention to defeat its creditors.  In this case, the Official Committee will seek collective relief on behalf of all of the Debtors' creditors against the recipient transferees to restore assets into the Debtors' estates.  *See* Declaration of Edward Drummond, ¶¶ 9-10, attached hereto as **Exhibit B**.[3]

7.      Under Jersey law, the ability to commence an action to assert these claims requires (i) recognition of the Debtors' Chapter 11 Cases in Jersey and (ii) recognition of the Official Committee's authority to bring proceedings on behalf of the Debtors against the Jersey trustees in Jersey and to seek such interim or ancillary relief, including injunctive relief, as may be so advised. *Id.* at ¶¶ 11-12.  Under Jersey law procedures, all applications for insolvency recognition require a letter of request.  *Id.*  And this Court undoubtedly is authorized to provide such a request.  *See, e.g.*, Letter of Req., *Sharp v. SKPM Corp., Inc.* (*In re SK Foods, L.P.*), Ch. 11 Case No. 09-29162-D-11, Adv. No. 11-2337 (Bankr. E.D. Cal. Mar. 30, 2012) [ECF No. 249] (issuing letter of request to Australian court asking Australian court to recognize receiver appointed by the U.S. court and to grant the receiver authority to collect, preserve, and control disputed estate distributions pending resolution of trustee's claims); 11 U.S.C. § 1501(b)(2); 11 U.S.C. § 1505 ("A trustee or another entity . . . may be authorized by the court to act in a foreign country on behalf of an estate created under section 541.  An entity authorized to act under this section may act in any way permitted by the applicable foreign law."); 11 U.S.C. § 1525(b) ("The court is entitled to communicate directly with, or to request information or assistance directly from, a foreign court or a foreign representative, subject to the rights of a party in interest to notice and participation."); Order

---

[3] The Debtors consent to the Official Committee asserting the estates' Jersey Claims, which readily satisfy the *Commodore* elements discussed in more detail in the Standing Motion.  *See* Standing Motion at 16-23.  The Standing Motion is incorporated herein by reference.

Granting Appl. for Issuance of Int'l Letters of Req., *In re BSG Res. Ltd.*, Ch. 15 Case No. 19-11845

(SHL) (Bankr. S.D.N.Y. Feb. 27, 2010) [ECF No. 87] (granting application requesting the issuance

of international letters of request to courts in Israel and Italy seeking discovery from residents of

those countries); *In re Cedar Shake & Shingle Antitrust Litig.*, No. 2:19-cv-00288-MJP, 2020 WL

39144, at *1 (W.D. Wash. Jan. 2, 2020) ("Courts have the inherent authority to issue Letters

Rogatory and Letters of Request to Foreign nations . . . ."); *see also* 11 U.S.C. § 105(a).

8.    The Official Committee therefore respectfully asks this Court to issue a letter of

request to the Royal Court of Jersey requesting that the Royal Court of Jersey recognize the

Debtors' Chapter 11 Cases and recognize the Official Committee's authority to bring proceedings

in the Island of Jersey on behalf of the Debtors substantially in the form of the draft Letter of

Request attached as **Exhibit 1** to the Proposed Order attached hereto as **Exhibit A**.

## NO PRIOR REQUEST

9.    No prior request for the relief sought in this Motion has been made.

## RESERVATION OF RIGHTS

10.    The Official Committee reserves all of its respective rights, claims, defenses, and

remedies, including, without limitation, the right to amend, modify, or supplement this Motion, to

raise additional grounds for granting this Motion during any reply briefing or hearing on the

Motion, and to seek additional relief in connection with the presently sought or any future letter of

request concerning litigation of the Estate Claims in Jersey or elsewhere.

## NOTICE

11.    Notice of this Motion will be provided in accordance with the procedures set forth

in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative

Procedures* [ECF No. 498].  The Official Committee respectfully submits that no further notice is

required.

## **CONCLUSION**

12.     For all of the foregoing reasons, the Official Committee respectfully requests that

the Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit**

**A**, authorizing the Court's communication with the Royal Court of Jersey substantially in the form

of the draft Letter of Request attached as **Exhibit 1** to the Proposed Order and granting such

additional relief as the Court may deem just and proper.

Dated:  New York, New York                     AKIN GUMP STRAUSS HAUER & FELD LLP
        September 9, 2024

                                               By:  /s/ *Mitchell Hurley*
                                                       Mitchell Hurley
                                                       Arik Preis
                                                       Katherine Porter
                                                       Sara L. Brauner
                                                       One Bryant Park
                                                       New York, New York 10036
                                                       Tel: (212) 872-1000
                                                       Fax: (212) 872-1002
                                                       mhurley@akingump.com
                                                       apreis@akingump.com
                                                       kporter@akingump.com
                                                       sbrauner@akingump.com

                                                       *Counsel to the Official Committee of Unsecured
                                                       Creditors of Purdue Pharma L.P.*, et al.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- :
                                                                    :
In re:                                                              :   Chapter 11
                                                                    :
PURDUE PHARMA L.P., *et al.*,                                       :   Case No. 19-23649 (SHL)
                                                                    :
                              Debtors.[1]                           :   (Jointly Administered)
                                                                    :
------------------------------------------------------------------- :

**ORDER GRANTING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
MOTION FOR A LETTER OF REQUEST TO THE ROYAL COURT OF JERSEY**

Upon the *Motion for a Letter of Request to the Royal Court of Jersey* (the "Motion") of

the Official Committee of Unsecured Creditors (the "Official Committee") of Purdue Pharma

L.P. and its affiliated debtors and debtors in possession (collectively, the "Debtors") and upon

all papers filed in connection with the Motion; and upon the record of the hearing held by the

Court on September 23, 2024, and all objections to the Motion having been withdrawn or

overruled; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(a);

and the venue of these chapter 11 cases and the Motion being proper in this District pursuant

to 28 U.S.C. §§ 1408 and 1409; and the Motion being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and the Court having authority to enter a final order with respect to the Motion; and

no additional notice being required except as provided herein; and, after due deliberation and

good and sufficient cause appearing; now, therefore,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable
jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal
Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium
Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp.
(4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue
Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805),
Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes
Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC
Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard,
Stamford, CT 06901.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED.

2.      The Court will issue and sign the Letter of Request attached to this order as **Exhibit 1** to the Royal Court of Jersey, and the Official Committee is authorized to submit the Letter of Request to the Royal Court of Jersey, on behalf of this Court, in accordance with the applicable laws and procedures of the Royal Court of Jersey.

3.      The Official Committee is authorized to take any further actions as necessary to effectuate the relief granted by this Order.

4.      The Court shall retain jurisdiction with regard to all matters arising out of or relating to the interpretation or implementation of this Order.

White Plains, New York

Dated: _____

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

## Letter of Request to the Royal Court of Jersey

The Royal Court of Jersey
Royal Square
St Heller
Jersey
JE1 1JG

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------
                                                 :
In re:                                           :    Chapter 11
                                                 :
PURDUE PHARMA L.P., *et al*.,                    :    Case No. 19-23649 (SHL)
                                                 :
                             Debtors.[1]          :    (Jointly Administered)
                                                 :
------------------------------------------------------------------

**LETTER OF REQUEST
FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
TO THE ROYAL COURT OF JERSEY**

To the Royal Court of Jersey:

**APPLICANT: THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
THE DEBTORS (AS DEFINED IN FOOTNOTE 1)**

**WHEREAS:**

1. The United States Bankruptcy Court for the Southern District of New York (the "US Bankruptcy Court") is a court exercising jurisdiction in relation to, *inter alia*, insolvency matters.

2. The Debtors' main operating entity is Purdue Pharma L.P. ("PPLP"), a Delaware limited partnership with its headquarters and principal place of business in Stamford, Connecticut, in the United States of America. At all relevant times, PPLP has been managed and controlled by its non-equity holding general partner, Debtor Purdue Pharma Inc. ("PPI"). The Debtors also include 22 wholly-owned operating and non-operating subsidiaries of PPLP, which are limited partnerships and general partnerships formed, and companies incorporated in, Delaware and New York in the United States of America, and in the British Virgin Islands. The Debtors are pharmaceutical companies engaged in the manufacture,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

sale, and/or distribution of, among other products, extended-release, long-acting, opioid pain medications.

3.   Upon the Debtors' petitions, dated September 15, 2019,[2] which constituted orders for relief and the commencement of a bankruptcy case pursuant to section 301(b) of the United States Bankruptcy Code (the "Bankruptcy Code"), the Debtors were placed into bankruptcy protection under chapter 11 of the Bankruptcy Code.

4.   A case filed under chapter 11 of the Bankruptcy Code is often referred to as a "reorganization" bankruptcy proceeding. Usually, the debtor remains "in possession" and may continue to operate its business and hold its assets, subject to the rules of the Bankruptcy Code and oversight from the bankruptcy court.  In addition, the official committee of unsecured creditors is a statutory body that is often appointed to represent the interests of a debtor's unsecured creditors under Section 1102 of the Bankruptcy Code.

5.   In the chapter 11 cases of the present Debtors, the United States Trustee for Region 2 appointed nine creditors to serve on the Official Committee of Unsecured Creditors (the "Official Committee") on September 27, 2019.  The Official Committee membership now comprises eight voting members, and three *ex officio* members.  The Official Committee is an independent fiduciary that represents the interests of all of the Debtors' creditors, given that the Debtors have no secured debt.  The Debtors' creditors include the United States (including the Department of Justice, the Food and Drug Administration, the Drug Enforcement Agency, and the Pension Benefit Guaranty Corporation), 48 states, numerous municipalities, tribes, public schools, hospitals, third-party payors and health insurance carriers, trade creditors, and thousands of individual victims of Purdue's conduct, including, but not limited to, children who were born with neonatal abstinence syndrome as a result of having been exposed to the Debtors' opioids during pregnancy, and individuals and others injured by the Debtors' opioid products.  The Debtors and the Official Committee are the two statutory fiduciaries in the Debtors' bankruptcy cases.

6.   In the exercise of its fiduciary duties, the Official Committee, among other things, takes steps to maximize the value of the Debtors' estates for the benefit of all creditors and to advocate for the best interests of the Debtors' creditors.  Here, the Official Committee asserts that the Debtors' estates include valuable litigation causes of action, including claims against the Debtors' indirect owners, the members of the Sackler family, and trusts and other entities formed by and for the benefit of or otherwise affiliated with the Sacklers.

7.   From its investigation into the financial affairs of the Debtors, the Official Committee has identified a number of claims and causes of action that belong to the Debtors' estates (the "Estate Claims").  The Official Committee alleges that it has discovered, among other things, that distributions of more than $11.5 billion in cash and other assets were made by PPLP and other Debtors with the intent to hinder, delay, and defraud the Debtors' creditors, and at a time when the Debtors were insolvent, unreasonably capitalized, and without adequate capital (the "Distributions"), and that the Estate Claims include, but are not limited to, potential causes of action against initial and subsequent transferees of the Distributions to recover the transfers, and any proceeds and pre-judgment interest for the benefit of the Debtors' estates.  The Official Committee asserts that more than $4 billion of the Distributions took the form of non-tax, cash distributions, much of which was

---

[2] The petitions for certain Debtor entities were filed on September 16, 2019.

ultimately transferred to trusts established for the benefit of certain Sacklers under the law of the Island of Jersey (the "Jersey Law Trusts").

8.  On September 17, 2021, the US Bankruptcy Court for the Southern District of New York confirmed a plan of reorganization for the Debtors that would have settled, *inter alia*, the Estate Claims.  The Office of the United States Trustee and a handful of states and other creditors appealed confirmation of the Plan, and on December 16, 2021, the United States District Court for the Southern District of New York entered an order vacating the confirmation order, finding, among other things, that non-consensual third-party releases are not authorized under the Bankruptcy Code.

9.  The Second Circuit reversed the District Court on May 30, 2023, holding that non-consensual third-party releases are in fact authorized under the Bankruptcy Code.  The United States Supreme Court (the "Supreme Court") granted a petition for a writ of certiorari on August 10, 2023 to decide "[w]hether the [United States] Bankruptcy Code authorizes a court to approve, as part of a plan of reorganization under Chapter 11 of the Bankruptcy Code, a release that extinguishes claims held by nondebtors against nondebtor third parties, without the claimants' consent."  Order Granting Certiorari, *Harrington v. Purdue Pharma, L.P.*, 144 S. Ct. 44 (2003) (No. 23-124).  On June 27, 2024, the Supreme Court ruled that the Bankruptcy Code does not permit the kind of non-consensual third-party releases upon which the plan of reorganization and settlement were founded.

10. Following the Supreme Court's decision, with the support of the Debtors, the Official Committee filed a motion seeking leave, standing, and authority to commence and prosecute certain claims and causes of action on behalf of the Debtors' estates, including the Estate Claims.  *See Motion of the Official Committee of Unsecured Creditors for Sole Standing to Commence and Prosecute Estate Causes of Action* [ECF Nos. 6523, 6685] (as amended on September 6, 2024, the "Standing Motion").

11. The US Bankruptcy Court has granted the Official Committee standing to pursue the Estate Claims on behalf of the Debtors' estates, whether in the United States or elsewhere, including against initial and subsequent transferees, including the Jersey Law Trusts and their Jersey trustees (the "Jersey Trustees").  The Official Committee was granted standing to pursue the Estate Claims because the Official Committee: (i) presented a colorable claim or claims for relief that on appropriate proof would support a recovery; and (ii) demonstrated that prosecuting the Estate Claims would be in the best interests of the bankruptcy estate and beneficial to the fair and efficient resolution of the bankruptcy proceedings.  *See In re Commodore Int'l Ltd.*, 262 F.3d 96, 100 (2d Cir. 2001); *In re Dewey & Leboeuf LLP*, 2012 WL 5985445, at *5 (Bankr. S.D.N.Y. Nov. 29, 2012).

12. The Official Committee therefore seeks recognition of the chapter 11 proceedings, and of the authority of the Official Committee to bring proceedings in the Island of Jersey on behalf of the Debtors against the Jersey Law Trusts, the Jersey Trustees and others as so advised, as well as other relief ancillary thereto.

13. The US Bankruptcy Court entered an order (the "Order"), which is annexed to this Letter of Request, that it would issue this Letter of Request.

14. The US Bankruptcy Court confirms that: (i) where a debtor has its center of main interests or an establishment in Jersey, insolvency proceedings in Jersey will ordinarily be

3

recognized in the United States on application under chapter 15 of the Bankruptcy Code (subject to complying with the relevant procedural requirements and United States public policy); and (ii) as a matter of international comity, the US Bankruptcy Court will consider any request made by the Royal Court of Jersey to give effect to any of its orders relating to the bankruptcy of an individual or company (save for the purpose of enforcing the fiscal laws of Jersey).

**THE US BANKRUPTCY COURT HEREBY RESPECTFULLY REQUESTS** that the Royal Court of Jersey considers this request for recognition and assistance and exercises its jurisdiction, at common law and/or its inherent jurisdiction and as a matter of comity and reciprocity, and assists and acts in aid of and as an auxiliary to this Court by:

1. Recognizing the orders of the US Bankruptcy Court placing the Debtors into bankruptcy protection under chapter 11 of the Bankruptcy Code;

2. Recognizing the authority of the Official Committee to act in accordance with the orders of the US Bankruptcy Court including, *inter alia*, to bring proceedings in the Island of Jersey on behalf of the Debtors and to seek such interim or ancillary relief, including injunctive relief, as may be so advised;

3. Recognizing in particular the Official Committee's authority to bring proceedings in Jersey on behalf of the Debtors against the Jersey Law Trusts, the Jersey Trustees and others as so advised including in particular (i) to pursue Estate Claims (including Pauline claims) in respect of, or to recover, assets wrongly paid away; and (ii) to seek interim or ancillary relief, including injunctive relief, in Jersey or elsewhere in support of those intended proceedings or in support of such other proceedings pursued, or to be pursued, by the Official Committee on behalf of the Debtors in Jersey or elsewhere;

4. Granting the Official Committee leave to request further relief in the event that the relief granted needs to be amended or extended; and

5. Making such further orders, for example as to the costs of the Official Committee's application for recognition and assistance, as shall appear just and appropriate.

Dated: _____

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

4

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- :
                                                               :
In re:                                                         :   Chapter 11
                                                               :
PURDUE PHARMA L.P., *et al*.,                                  :   Case No. 19-23649 (SHL)
                                                               :
                                          Debtors.[1]          :   (Jointly Administered)
                                                               :
-------------------------------------------------------------- :

### DECLARATION OF EDWARD DRUMMOND IN SUPPORT OF
### THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
### FOR A LETTER OF REQUEST TO THE ROYAL COURT OF JERSEY

I, Edward Drummond, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a partner in the Litigation team at Bedell Cristin Jersey Partnership ("Bedell Cristin"), which maintains offices for practice of law at, among other places, 26 New Street, St Helier, Jersey JE2 3RA.

2.      Bedell Cristin serves as special foreign counsel to the Official Committee of Unsecured Creditors (the "Official Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors").

3.      I submit this declaration (the "Declaration") in support of the Official Committee's *Motion for a Letter of Request to the Royal Court of Jersey* (the "Motion"), filed contemporaneously herewith.

4.      This Declaration comprises matters that are statements of my view of Jersey law or statements of fact. Where the matters stated in this Declaration are statements regarding Jersey law, such statements represent my view of Jersey law as a qualified Jersey advocate authorized to practice in Jersey. Where the matters stated in this Declaration are statements of fact that are within my

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

personal knowledge, they are true.  Where the matters stated in this Declaration are statements of fact not within my personal knowledge, they are derived, as appropriate, from information and documents obtained by the Official Committee pursuant to the inquiries it has made in connection with the Chapter 11 Cases and are true to the best of my knowledge, information, or belief based on the documents and information made available to me.

Background

5.      As set out in greater detail in the *Amended Motion of the Official Committee of Unsecured Creditors for Sole Standing to Commence and Prosecute Estate Causes of Action* [ECF No. 6685] (the "Standing Motion"), the Debtors' most valuable asset comprises litigation claims against the Debtors' indirect owners, members of the Sackler family, and various trusts and entities that are owned, controlled, and/or established by or for the benefit of the Sacklers (the "Estate Claims"). Among other claims, the Estate Claims include claims to claw back the more than $11.5 billion in cash and other assets that was transferred out of the Debtors to or for the benefit of the Sacklers and their entities (the "Distributions") as intentional and constructive fraudulent transfers.

6.      The Distributions included more than $4 billion in non-tax, cash distributions, much of which was ultimately transferred to trusts established for the benefit of certain Sacklers under the law of the Island of Jersey (the "Jersey Law Trusts"). The Distributions also included tax cash distributions that were allocated to certain Jersey Law Trusts and transfers of value to overseas entities owned by various Jersey Law Trusts.

7.      By the Standing Motion, the Committee seeks authority to commence the estates' claims to recover the Distributions from, *inter alia*, the Jersey Law Trusts, through their trustees, who are defendants in the draft complaint presented with the Standing Motion. The Official Committee's Standing Motion is pending and enjoys the support of the Debtors and the ad hoc committee of certain state and local government creditors, as described in the Standing Motion.

The Jersey proceedings

8.      The Official Committee submits that the US Court has jurisdiction over the Jersey Law Trusts and the Jersey-registered trustees of those trusts, and the power to enter binding judgments against those parties, and to restrain and enjoin assets in their control.  The defendants, however, may argue otherwise.

2

9.     Therefore, out of an abundance of caution, the Official Committee intends to seek authority to commence proceedings in Jersey in addition to the anticipated action to assert Estate Claims in the United States, so that the Official Committee may ensure the valuable claims to claw back the Distributions that were transferred to the Jersey trustees, in their capacity as trustees of the Jersey Law Trusts, and assets that can be paid towards any judgment on those claims, are preserved.

10.    The claims proposed to be brought in Jersey (the "Jersey Claims") fall into two categories:

(1)    company claims unrelated to insolvency to recover the assets of Purdue wrongly paid away (including proprietary tracing claims and/or personal claims such as knowing receipt, innocent receipt, or dishonest assistance), all of which are predicated on an underlying breach of duty by the directors or officers of the Debtors, and

(2)    a Pauline action, which is a form of clawback claim under Jersey customary law.  By a Pauline action, a creditor seeks to reverse a transfer or transfers of assets made by an insolvent debtor to one or more third parties with an intention to defeat its creditors. In this case, the Official Committee will seek collective relief on behalf of all of the Debtors' creditors against the recipient transferees to restore assets into the Debtors' estates.

Jersey law procedural requirements

11.    Under Jersey law, the ability to commence an action to assert the Jersey Claims requires (i) recognition of the Debtors' Chapter 11 Cases in Jersey and (ii) recognition of the Official Committee's authority to bring proceedings on behalf of the Debtors against the Jersey trustees in Jersey and to seek such interim or ancillary relief, including injunctive relief, as may be so advised.[2]

12.    Recognition applications in Jersey, whether pursuant to Article 49 of the Bankruptcy (Desastre) (Jersey) Law 1990 or at common law, must always be supported by a letter of request from the foreign court.[3] This is partly procedural, because it is a foreign court (not a party) that is requesting assistance from the Royal Court. It is also partly practical. A formal letter of request is a way of protecting the court of original jurisdiction because it ensures that its agent continues to work to its

---

[2] Smith v Nedbank [2018] (2) JLR Note 4; [2018] JRC 156; In the matter of Battoo 15/2014.

[3] In the matter of the representation of Williams and Clark [2012] JRC 076; In the Representation of William Tacon in respect of Montrow International Limited and Likouala S.A. [2007] JRC 065.

direction. The letter of request also provides comfort to the Royal Court that there are no current difficulties in the jurisdiction of appointment.[4]

13.     The foreign court must be willing to reciprocally enforce similar orders of the Royal Court if roles were reversed. It is convenient for the foreign court to expressly address the issue of reciprocity in the letter of request. After all, the foreign court is the body which would receive a letter of request from the Royal Court if roles were reversed. An alternative would be a legal opinion from a lawyer of the foreign country opining on reciprocity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 9 day of September 2024
in St Helier, Jersey

*/s/ Edward Drummond*

Edward Drummond

---

[4] <u>Smith v Nedbank</u>, *supra* note 2.

4