Hearing Date: September 23, 2024 at 2:00 p.m. (Prevailing Eastern Time)
Objection Deadline: September 19, 2024 at 4:00 p.m. (Prevailing Eastern Time)
Reply Deadline: September 22, 2024 at 12:00 p.m. (Prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>**PURDUE PHARMA L.P.**, *et al.*,<br>    Debtors.[1] | Chapter 11<br>Case No. 19-23649 (SHL)<br>(Jointly Administered) |
| **PURDUE PHARMA L.P.**, *et al.*,<br>    Plaintiffs,<br>    v.<br>**COMMONWEALTH OF MASSACHUSETTS**, *et al.*,<br>    Defendants. | Adv. Pro. No. 19-08289 (SHL) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO (I) EXTEND THE
MEDIATION; (II) EXTEND THE PRELIMINARY INJUNCTION AND
ASSOCIATED DEADLINES INCLUDING TOLLING; AND
(III) EXTEND THE SCHEDULE FOR THE STANDING MOTION**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

## TABLE OF CONTENTS

PAGE

INTRODUCTION ...................................................................................................................1

ARGUMENT.........................................................................................................................2

CONCLUSION......................................................................................................................6

## TABLE OF AUTHORITIES

P<small>AGE</small>(S)

*In re Purdue Pharm. L.P.*,
 619 B.R. 38 (S.D.N.Y. 2020) ........................................................................................ 2, 3

*In re Soundview Elite Ltd.*,
 543 B.R. 78 (Bankr. S.D.N.Y. 2016) ................................................................................ 3

At the request of the Mediators, who have asked the Debtors to advise the Court that meaningful progress is being made in the Mediation, the Debtors respectfully request that the Court enter orders as set forth in the Debtors' *Motion to (I) Extend the Mediation; (II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling; and (III) Extend Schedule for the Standing Motion* (the "**Extension Motion**") being filed contemporaneously herewith, (1) extending Mediation for 35 days, through and including Friday November 1, 2024, as set forth in Exhibit A to the Extension Motion; (2) likewise extending for 35 days the Preliminary Injunction and associated deadlines including for claim tolling as set forth in Exhibit B to Extension Motion (the "**Limited Extension**"); and (3) extending, as set forth in Exhibit C to the Extension Motion, the deadline for the Sacklers represented by Milbank LLP and Debevoise & Plimpton LLP to respond,[2] the reply deadline for all supporting parties, and the hearing date with respect to the Amended Motion of the Official Committee of Unsecured Creditors for Sole Standing to Commence and Prosecute Estate Causes of Action (the "**Standing Motion**"), *In re Purdue Pharma, L.P.*, 19-23649 (Bankr. S.D.N.Y. Sept. 6, 2024) [ECF No. 6685], with a hearing thereon to be held at 2:00 p.m. ET on October 28, 2024.[3]

## INTRODUCTION

The Debtors, at the request of the Mediators, seek the relief requested herein to maximize the Mediation's likelihood of success, and in turn enhance the Debtors' prospects of a successful

---

[2] The deadline to object to the Standing Motion will remain today, September 13, 2024, for any party who has not received an extension.

[3] "**Mediation**," "**Mediators**," and "**Mediation Parties**" have the meaning ascribed to them in the Amended Order Appointing the Honorable Shelley C. Chapman (Ret.) and Eric D. Green as Co-Mediators and Establishing Terms and Conditions of Mediation (the "**Amended Mediation Order**"), *In re Purdue Pharma L.P.*, No. 19-23649 (SHL) (Bankr. S.D.N.Y. September 6, 2024) [ECF No. 6682]. Otherwise, capitalized terms used but not defined herein have the meaning ascribed to them in the Extension Motion.

reorganization. Over the past 65 days, the Debtors, Mediators, and key organized creditor groups have worked diligently toward achieving a maximally consensual resolution to these cases. The Mediators have requested that the Debtors advise the Court that substantial progress is being made. Absent an extension, however, both the Mediation and the Preliminary Injunction will terminate on September 27, 2024. The Mediators and the Debtors believe that an additional 35 days is needed to preserve the possibility of a value-maximizing reorganization. As of the filing of this Motion, the relief requested is supported by the Plaintiffs' Executive Committee, the Multi-state Governmental Entities Group (the "**MSGE**"), and the Official Committee of Unsecured Creditors (the "**UCC**"). The State AG Negotiating Committee and the Ad Hoc Committee of Governmental and other Contingent Litigation Claimants (the "**AHC**") will not object to the extensions requested herein.

The posture of this request—supported as it is by the court-appointed Mediators and key Mediation Parties—as well this Court's prior rulings, demonstrate that all four of the traditional injunction factors weigh heavily in favor of the modest relief requested herein. *See In re Purdue Pharms. L.P.*, 619 B.R. 38, 58 (S.D.N.Y. 2020) (listing the four factors) (hereinafter "*Dunaway*").

## ARGUMENT

The Court's extensive reasoning for granting and extending the Preliminary Injunction applies with equal force today.[4] The Debtors and their major constituencies continue to devote every effort to developing and finalizing a settlement framework that will support a maximally

---

[4] The Debtors incorporate by reference the arguments they advanced and the extensive evidentiary record developed in prior motions and memoranda in support of extensions and enforcement of the Preliminary Injunction.

consensual plan of reorganization. This indispensable work is ongoing, and as such, all four of the preliminary injunction factors continue to weigh strongly in favor of a short 35-day extension.

*First*, although no details can be provided due to Mediation confidentiality, the fact that the Mediators believe substantial progress has been made and negotiations should continue, "provide[s] strong evidence of the Debtors' prospects for success coming out of the mediation." Sept. 5, 2024 Hr'g Tr. 60:2-4 [ECF No. 534][5]; *see also Dunaway*, 619 B.R. at 59 ("[T]he fact that discussions are continuing provides support for the finding that continuing the injunction increases the likelihood of a successful reorganization."); *In Re Soundview Elite Ltd.*, 543 B.R. 78, 119 (Bankr. S.D.N.Y 2016) ("Courts do not demand certainty of the successful reorganization; they expect only reasonable prospects of such."). Because the prior extension of the Mediation encompassed a mere 18 days, the parties have had to devote substantial time and expend significant Estate resources negotiating the present request for an extension of the Preliminary Injunction, and preparing to return to Court; time which could have been spent on the Mediation. Extending the Mediation for an additional 35 days, as recommended by the Mediators and with the support or non-objection of key creditor constituencies, will limit the need for a premature return to Court and enable the parties to continue making progress in the Mediation with a single-minded focus. The Debtors would not be seeking an extension of the Mediation if progress were not being made, and the Debtors remain steadfast in their representation to the Court at the first hearing on the Debtors' motion to extend the Preliminary

---

[5] ECF numbers reference docket entries in this adversary proceeding unless otherwise noted.

3

Injunction in the wake of the Supreme Court's decision: if the Mediation fails, litigation begins. July 9, 2024 H'rg Tr. 29:8-15 [ECF No. 511].

Support from the Mediators and major creditor constituencies for the Limited Extension and the "history of these Chapter 11 cases," together provide strong evidence of the Debtors' likelihood of achieving a successful reorganization. *See* July 9, 2024 Hr'g Tr. 90:24-91:1 [ECF No. 511]; Sept. 5, 2024 Hr'g Tr. 62:20-23 [ECF No. 534] (finding that "the support by the Official Committee and the [l]arge [c]oalition of States, Territories, and Municipalities [is] [e]vidence of [the] widespread view that mediation is the best path forward at this time").

*Second*, a return to the litigation chaos that prevailed prepetition would threaten the Estates' claims against the Sacklers and could derail Mediation at a critical juncture. Without the Preliminary Injunction, "it's very clear that the value destructive litigation dynamic that prevailed prepetition would most certainly resume." Sept. 5, 2024 Hr'g Tr. 62:5-7 [ECF No. 534]. As this Court found less than two weeks ago, allowing the enjoined litigation to recommence would (i) "impose a tremendous burden on the estates," (ii) "hamper efforts at a mediated resolution," (iii) "present a more difficult job for the mediators"; and (iv) threaten "the estate's most valuable asset here [that] is its claims against the Sacklers." *Id.* at 62:9-16. There can be no serious argument that these findings are any less true today.

*Third*, the balance of the equities weighs in favor of granting the Limited Extension. As this Court has consistently held, "the breathing room provided by the requested injunction is critical to the parties' mediation efforts." *Id.* at 60:25-61:1. The Preliminary Injunction has enabled all major creditor constituencies to devote themselves to negotiating a consensual resolution to these cases that will provide the greatest possible recoveries to individuals, entities, and governments alike. Any harm that opponents of the injunction may suffer from a mere 35

4

additional days of delay is clearly outweighed by the immediate harm to the Debtors and their prospects of successful reorganization that would ensue if the prepetition litigation chaos were to resume now.[6]

*Fourth*, the public interest demands that the Preliminary Injunction continue while Mediation is ongoing. Success in Mediation will mean that billions of dollars would be unlocked for opioid abatement and victim compensation, rather than squandered in an internecine creditor-against-creditor race to courthouses across the nation. The victims of the opioid crisis deserve every opportunity to receive the compensation and closure that has eluded them for so many years.

\* \* \*

As with the prior Extension Motion, the Debtors request that the Standing Motion be adjourned in tandem with the Mediation and Preliminary Injunction extensions, such that the Standing Motion is still heard four days before the conclusion of the extended Preliminary Injunction period. As such, the Debtors respectfully request that the Court (i) adjourn the hearing on the Standing Motion to 2:00 p.m. on October 28, 2024; (ii) adjourn the deadline for the Sacklers represented by Milbank LLP and Debevoise & Plimpton LLP to respond to October 14, 2024; and (iii) adjourn the deadline to reply to October 25, 2024. This schedule will enable key parties to the Mediation to focus all efforts on negotiating a revised settlement framework.

---

[6] The Debtors and their constituencies are cognizant of the argument advanced by Nassau County at the September 5, 2024 hearing that the Debtors' requested relief is a "slippery slope." Sept. 5, 2024 Hr'g Tr. 37:10-17 [ECF No. 534]. The Debtors would not be requesting this Limited Extension if it were not supported by substantial progress made in Mediation. Moreover, such relief would certainly not have the support of the Mediators—who are best positioned to assess Mediation progress—or numerous creditor constituencies if it were not justified.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in prior pleadings in support of the Preliminary Injunction, the Debtors respectfully request that this Court enter the orders extending the Mediation, extending the Preliminary Injunction and associated deadlines including for claim tolling, and adjourning the hearing on the Standing Motion and related deadlines as set forth herein.

Dated: September 13, 2024
New York, New York

By: */s/ Marshall S. Huebner*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors
and Debtors in Possession*