AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Mitchell P. Hurley
Arik Preis
Katherine Porter
Sara L. Brauner

*Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA LP., *et al*., | Case No. 19-23649 (SHL) |
| Debtors.[1] | Jointly Administered |

**REPLY IN FURTHER SUPPORT OF THE OFFICIAL COMMITTEE'S MOTION FOR A LETTER OF REQUEST TO THE ROYAL COURT OF JERSEY**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

The relief sought by the Motion[2] is a simple procedural predicate to enable the prosecution of estate claims in the Bailiwick of Jersey. As explained in its opening submissions, the Official Committee believes that this Court has jurisdiction over the trustees of the Jersey Law Trusts, and any judgment the Official Committee obtains in this Court will be enforceable in Jersey.[3] The Sacklers may argue otherwise, however. Hence, out of an abundance of caution, if the Official Committee is granted standing to pursue estate claims, it intends to commence parallel proceedings in the Royal Court of Jersey as a prophylactic measure. *See* Mot. ¶ 5.

Before it can commence such proceedings, the Official Committee must request and obtain the Jersey Court's recognition of these chapter 11 cases, and the Official Committee's authority to assert the estate claims. Mot. Ex. B ¶ 11. In turn, the Official Committee's recognition application must be supported by a letter of request from this Court. Hence the need for the Motion. *Id*. ¶ 12. Issuance by the Court of a Letter of Request is (i) authorized by the Bankruptcy Code, Mot. ¶ 7 (identifying statutory authority and precedents for issuing a letter of request), (ii) supported by the Debtors, *id.* at 1, and (iii) clearly warranted under the circumstances presented here, *see* Mot. *passim.*

In fact, only one party has opposed the Motion—the CMFN. Notably, the CMFN do not dispute this Court's authority to issue the Letter of Request, nor do they question the need to seek recognition from the Royal Court of Jersey in order to safeguard recoveries on estate claims.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the *Motion of the Official Committee of Unsecured Creditors for a Letter of Request to the Royal Court of Jersey* [ECF No. 6689] (the "Motion").

[3] The Canadian Municipal and First Nations Creditors (the "CMFN") argue that the Official Committee's contention that this Court has jurisdiction is a "bald statement with no support in law or fact given." *Opposition of the Certain Canadian Municipal and First Nations Creditors to the Motion of the Official Committee of Unsecured Creditors for a Letter of Request to the Royal Court of Jersey* [ECF No. 6726] ("Opp.") ¶ 1. That is false. The Official Committee has presented detailed allegations supporting the extensive jurisdictional contacts that the Jersey Law Trusts and their trustees maintained with the United States throughout the relevant period. *See, e.g.*, Standing Motion Ex. B ¶¶ 100–126.

Instead, the CMFN argue that "the avoidance of transfers from Purdue Canada . . . is not and cannot be within the scope of the UCC's proposed standing." Opp. ¶ 15. The CMFN can rest easy. The Official Committee does not seek standing to "avoid[] transfers from Purdue Canada," which is a non-debtor.[4] *See* Mot. ¶ 1; *see also* Standing Motion, Ex. B. The CMFN's objection should be overruled accordingly.[5]

[*The remainder of this page has been left blank intentionally.*]

---

[4] The CMFN appear to refer to a number of Sackler-affiliated entities located in Canada as "Purdue Canada." As they point out, none of those entities are Debtors.

[5] The Official Committee does not address a number of other incorrect assertions included in the CMFN submission because they do not appear to be pertinent to the Motion, but its silence should not be mistaken for agreement with those assertions.

3

Dated: October 24, 2024  
New York, New York

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ *Mitchell Hurley*
    Mitchell P. Hurley
    Arik Preis
    Katherine Porter
    Sara L. Brauner
    One Bryant Park
    New York, New York 10036
    Telephone: (212) 872-1000
    Facsimile: (212) 872-1002
    mhurley@akingump.com
    apreis@akingump.com
    kporter@akingump.com
    sbrauner@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al.*