DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| Debtors. | **(Jointly Administered)** |
| **PURDUE PHARMA L.P.,** *et al.*, | |
| Plaintiffs, | **Adv. Pro. No. 19-08289 (SHL)** |
| v. | |
| **COMMONWEALTH OF MASSACHUSETTS,** *et al.*, | |
| Defendants. | |

**NOTICE OF HEARING REGARDING MOTION TO**
**(I) EXTEND THE MEDIATION AND (II) EXTEND THE PRELIMINARY**
**INJUNCTION AND ASSOCIATED DEADLINES INCLUDING TOLLING**

     **PLEASE TAKE NOTICE** that on February 11, 2025, Purdue Pharma L.P. ("**Purdue**

**Pharma**") and certain affiliated debtors that are plaintiffs in the above-captioned adversary

proceeding, as debtors and debtors in possession (collectively, "**Debtors**[1]") filed

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the
applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue
Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue
Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745),
Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue
Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902),

contemporaneously with this Notice the *Motion to (I) Extend the Mediation and (II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling* (the "**Motion**"), along with a proposed form of order attached thereto as Exhibit B (the "**Proposed Order**").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion (the "**Hearing**") has been scheduled for **February 25, 2025 at 11:00 a.m. (Prevailing Eastern Time)** before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"); *provided that* such Hearing shall be conducted via **Zoom for Government®** unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to participate in the Hearing are required to register their appearance by **4:00 p.m. (Prevailing Eastern Time) the day before the Hearing** at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default; *provided that* objecting parties shall attend the Hearing **via Zoom for Government®** unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that any Mediators' report filed pursuant to the Sixth Amended Order Appointing the Honorable Shelley C. Chapman (Ret.) and Eric D. Green as Co-Mediators and Establishing Terms and Conditions of Mediation (the "**Sixth Amended**

---

Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Mediation Order**"), *In re Purdue Pharma L.P.*, No. 19-23649 (SHL) (Bankr. S.D.N.Y. Jan. 27, 2025) [ECF No. 7140] shall be filed and served so as to be actually received no later than **February 21, 2025 at 5:00 p.m. (Prevailing Eastern Time)**.  Such Mediators' report shall conform to the Sixth Amended Mediation Order.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the "**Objections**") to the Motion shall be filed and served so as to be actually received no later than **February 24, 2025 at 5:00 p.m. (Prevailing Eastern Time)**.  Such Objections (a) should be made in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; and (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof, and be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing systems in accordance with General Order M-399.

PLEASE TAKE FURTHER NOTICE that any replies in support of the Motion shall be filed and served so as to be actually received no later than **February 25, 2025 at 9:30 a.m. (Prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that copies of the Motion, Proposed Order, and other pleadings filed in the Chapter 11 Case and this Adversary Proceeding may be obtained free of charge by visiting the website of Kroll Restructuring Administration at https://restructuring.ra.kroll.com/purduepharma.  You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

<em>(Remainder of page intentionally left blank.  Signatures on next page.)</em>

Dated:    February 11, 2025
          New York, New York

By: */s/ Marshall S. Huebner*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:    (212) 450-4000
Facsimile:    (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors*
*and Debtors in Possession*

Hearing Date: February 25, 2025 at 11:00 a.m. (Prevailing Eastern Time)
Mediator's Report Deadline:  February 21, 2025 at 5:00 p.m. (Prevailing Eastern Time)
Objection Deadline: February 24, 2025 at 5:00 p.m. (Prevailing Eastern Time)
Reply Deadline: February 25, 2025 at 9:30 a.m. (Prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (SHL)** |
| Debtors.[1] | **(Jointly Administered)** |
| **PURDUE PHARMA L.P.**, *et al.*, | |
| Plaintiffs, | **Adv. Pro. No. 19-08289 (SHL)** |
| v. | |
| **COMMONWEALTH OF MASSACHUSETTS**, *et al.*, | |
| Defendants. | |

**MOTION TO  (I) EXTEND THE MEDIATION AND (II) EXTEND THE PRELIMINARY INJUNCTION AND ASSOCIATED DEADLINES INCLUDING TOLLING**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Purdue Pharma L.P. ("**Purdue Pharma**") and certain affiliated debtors that are plaintiffs in the above-captioned adversary proceeding, as debtors and debtors in possession (collectively, "**Debtors**"), respectfully represent as follows in support of this motion ("**Motion**") seeking entry of orders in substantially the forms annexed hereto as (i) **Exhibit A** ("**Proposed Seventh Amended Mediation Order**") extending the mediation through March 31, 2025 at 11:59 p.m.; and (ii) **Exhibit B** ("**Proposed Forty-Third Amended Order**") extending (a) the preliminary injunction's stay of litigation issued on November 6, 2019 and subsequently amended and extended by this Court ("**Preliminary Injunction**"), currently set to expire on February 28, 2025,[2] through and including March 31, 2025 (the "**Limited Extension**"), and (b) the provisions of the Preliminary Injunction that toll statutes of limitations and similar time limitations ("**Claim Tolling**"), currently set to expire on March 30, 2025 through and including April 30, 2025.

## RELIEF REQUESTED

1.      On September 18, 2019, the Debtors initiated this adversary proceeding and filed a *Motion for a Preliminary Injunction* [ECF No. 2][3] ("**September 18, 2019 Motion**") pursuant to section 105 of title 11 of the United States Code ("**Bankruptcy Code**") and Rule 7065 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").

---

[2] On January 27, 2025, this Court entered the *Forty-Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 656] (the "**Forty-Second Amended Order**"), which extends Claim Tolling through and including March 30, 2025; and the litigation injunction through and including February 28, 2025.  To preserve the same timetable in light of the requested extension of the Mediation, this motion seeks to extend the stay of litigation through and including March 31, 2025 and Claim Tolling through and including April 30, 2025.

[3] ECF numbers reference docket entries in this adversary proceeding unless otherwise noted.

2.      On November 6, 2019, the Court issued the Second Amended Order Pursuant to

11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 105], which

enjoined, until April 8, 2020, (i) the governmental defendants in this adversary proceeding

("**Governmental Defendants**"), from the commencement or continuation of their active judicial,

administrative, or other actions or proceedings against the Debtors that were or could have been

commenced before the commencement of this case ("**Governmental Actions**") identified in

Exhibit A to the Complaint for Injunctive Relief [ECF No. 1] ("**Complaint**"), as well as the

commencement or continuation of any other actions against the Debtors alleging substantially

similar facts or causes of action as those alleged in the Governmental Actions if not otherwise

subject to the automatic stay imposed by section 362 of the Bankruptcy Code; and (ii) the

Governmental Defendants and the private defendants ("**Private Defendants**") in this adversary

proceeding from the commencement or continuation of their active judicial, administrative, or

other actions or proceedings, identified in Exhibit B to the Complaint, and the commencement or

continuation of other actions alleging substantially similar facts or causes of action as those

alleged in the actions identified in Exhibit A or Exhibit B to the Complaint, against former or

current (a) owners (including any trusts and their respective trustees and beneficiaries), (b)

directors, (c) officers, (d) employees, and (e) other similar associated entities of the Debtors that

were or could have been commenced before the commencement of the case ("**Related Parties**",[4]

---

[4] The Related Parties are: The Purdue Frederick Company Inc.; The P.F. Laboratories Inc.;
Purdue Pharma Technologies Inc.; PLP Associates Holdings L.P.; PLP Associates Holdings Inc.;
BR Holdings Associates L.P.; BR Holdings Associates Inc.; Rosebay Medical Company L.P.;
Rosebay Medical Company, Inc.; Beacon Company; PRA Holdings Inc.; Pharmaceutical
Research Associates Inc.; Purdue Holdings L.P.; Rhodes Pharmaceuticals Inc.; Rhodes
Technologies Inc.; Coventry Technologies L.P.; MNP Consulting Limited; Richard S. Sackler;
the Estate of Jonathan D. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A.
Sackler; Ilene Sackler Lefcourt; the Estate of Beverly Sackler; Beverly Sackler; Theresa Sackler;
David A. Sackler; Marianna Sackler; Estate of Mortimer Sackler; Estate of Raymond Sackler;

and the claims against them described in this paragraph, the "**Related-Party Claims**"). The Court's order did not enjoin those Governmental Defendants that voluntarily agreed to abide by the terms of the Preliminary Injunction.

3. On March 4, 2020, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 146] ("**March 4, 2020 Motion**"). On March 30, 2020, the Court issued the Eighth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 168], extending the Preliminary Injunction for 180 days, until October 5, 2020.

4. On September 16, 2020, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 197] ("**September 16, 2020 Motion**"). On October 1, 2020, the Court issued the Thirteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 208], extending the Preliminary Injunction until March 1, 2021.

5. On February 14, 2021, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 219] ("**February 14, 2021 Motion**"). On March 1, 2021, the Court issued the Fifteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary

---

Trust for the Benefit of Members of the Raymond Sackler Family; Raymond Sackler Trust; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1964; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1974; Paulo Costa; Cecil Pickett; Ralph Snyderman; Judith Lewent; Craig Landau; Mark Timney; Stuart D. Baker; Frank Peter Boer; John Stewart; Russell Gasdia; Marv Kelly; Shelli Liston; Heather Weaver; Doug Powers; Lori Fuller; Rodney Davis; Brandon Worley; Donald Leathers; Wendy Kay; Michael Madden; LeAvis Sullivan; Jeffrey Ward; Beth Taylor; Leigh Varnadore; Paul Kitchin; Mark Waldrop; Mark Radcliffe; Mark Ross; Patty Carnes; Carol Debord; Jeff Waugh; Shane Cook; James David Haddox; Aida Maxsam; Tessa Rios; Amy K. Thompson; Joe Coggins; Lyndsie Fowler; Mitchell "Chip" Fisher; Rebecca Sterling; Vanessa Weatherspoon; Chris Hargrave; Brandon Hassenfuss; Joe Read; Andrew T. Stokes; Nathan C. Grace; Jaclyn P. Gatling; Leslie Roberson; Barbara C. Miller; Briann Parson-Barnes; Becca Beck Harville; Lindsey Bonifacio; Tammy Heyward; James Speed; Damon Storhoff; Diana C. Muller; and Draupadi Daley.

Injunction [ECF No. 224], extending the Preliminary Injunction until and including March 24, 2021.

6.      On March 12, 2021, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 227] ("**March 12, 2021 Motion**").  On March 26, 2021, the Court issued the Sixteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 241], extending the Preliminary Injunction until and including April 21, 2021.

7.      On April 7, 2021, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 245] ("**April 7, 2021 Motion**").  On April 22, 2021, the Court issued the Seventeenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 254], extending the Preliminary Injunction until and including May 20, 2021.

8.      On May 6, 2021, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 258] ("**May 6, 2021 Motion**").  On May 20, 2021, the Court issued the Eighteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 264], extending the Preliminary Injunction until and including June 16, 2021.

9.      On June 2, 2021, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 269] ("**June 2, 2021 Motion**").  On June 17, 2021, the Court issued the Nineteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 274], extending the Preliminary Injunction until and including August 30, 2021.

10.     On August 27, 2021, the Debtors made an oral motion to extend the Preliminary Injunction through and including September 1, 2021 ("**August 27, 2021 Motion**"), which was granted and reflected in the Twentieth Amended Order Pursuant to 11 U.S.C. § 105 Granting Motion for a Preliminary Injunction [ECF No. 286].

11.     On September 1, 2021, the Debtors made an oral motion to extend the

Preliminary Injunction through and including the entry of the Confirmation Order and the

expiration of the stay of such Confirmation Order pursuant to Federal Rule of Bankruptcy

Procedure 3020(e) ("**September 1, 2021 Motion**"), which was granted on September 1, 2021

and reflected in the Twenty-First Amended Order Pursuant to 11 U.S.C. § 105 Granting Motion

for a Preliminary Injunction [ECF No. 287].

12.     On September 17, 2021, the Bankruptcy Court issued its Findings Of Fact,

Conclusions Of Law, And Order Confirming The Twelfth Amended Joint Chapter 11 Plan Of

Reorganization Of Purdue Pharma L.P. And Its Affiliated Debtors [Dkt No. 3787]

("**Confirmation Order**") confirming the Plan.  Paragraph 56(a) of the Confirmation Order

provided that the Preliminary Injunction would remain in force through the Effective Date of the

Plan.  On December 16, 2021, the District Court vacated the Confirmation Order.

13.     On December 20, 2021, the Debtors filed a *Motion to Extend the Preliminary

Injunction* [ECF No. 303] ("**December 20, 2021 Motion**").  On December 30, 2021, the Court

issued the Twenty-Third Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a

Preliminary Injunction [ECF No. 314], extending the Preliminary Injunction until and including

February 1, 2022.

14.     On January 18, 2022, the Debtors filed a *Motion to Extend the Preliminary

Injunction* [ECF No. 317] ("**January 18, 2022 Motion**").  On February 1, 2022, the Court issued

the Twenty-Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a

Preliminary Injunction [ECF No. 323], extending the Preliminary Injunction until and including

February 17, 2022.

6

15.     On February 3, 2022, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 324] ("**February 3, 2022 Motion**") requesting an extension of the Preliminary Injunction until and including March 3, 2022.  On February 17, 2022, the Court issued the Twenty-Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 333], extending the Preliminary Injunction until and including March 3, 2022.

16.     On February 16, 2022, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 331] ("**February 16, 2022 Motion**") requesting an extension of the Preliminary Injunction until and including March 23, 2022.  On March 2, 2022, the Court issued the Twenty-Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 338], extending the Preliminary Injunction until and including March 23, 2022.

17.     On March 10, 2022, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 344] ("**March 10, 2022 Motion**") requesting an extension of the Preliminary Injunction until and including April 27, 2022.  On March 23, 2022, the Court issued the Twenty-Seventh Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 349], extending the Preliminary Injunction until and including April 27, 2022.

18.     On April 13, 2022, the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 353] ("**April 13, 2022 Motion**") requesting an extension of the Preliminary Injunction until 30 days after the date on which the Second Circuit issues a decision in the appeals from the District Court's December 16, 2021 order vacating this Court's order confirming the Plan, consolidated and captioned as *In re Purdue Pharma L.P. et al.*, No. 22-110-

bk(L) (the "**Second Circuit Appeal**"), provided, however, that if the Second Circuit has not

issued a decision in the Second Circuit Appeal by July 15, 2022, any party in interest, for cause

shown and upon proper notice, may move to shorten or terminate the Preliminary Injunction.  On

April 29, 2022, the Court issued the Twenty-Eighth Amended Order Pursuant to

11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 356], extending the

Preliminary Injunction until 30 days after the date on which the Second Circuit issues a decision

in the Second Circuit Appeal, provided, however, that if the Second Circuit has not issued a

decision in the Second Circuit Appeal by July 15, 2022, any party in interest, for cause shown

and upon proper notice, may move to shorten or terminate the Preliminary Injunction.

19.     On June 15, 2023, the Debtors filed a *Motion to Extend the Preliminary

Injunction* [ECF No. 421] ("**June 15, 2023 Motion**") requesting an extension of the Preliminary

Injunction through and including the date that is the earlier of (1) the date that an order

confirming a plan of reorganization is entered and not subject to any stay, including the stay

pursuant to Federal Rule of Bankruptcy Procedure 3020(e); and (2) the date 30 days after entry

of an opinion or order vacating or reversing the May 30, 2023 judgment of the United States

Court of Appeals for the Second Circuit in the appeals consolidated and captioned as *In re

Purdue Pharma L.P. et al.*, No. 22-110-bk(L) (the "**Second Circuit Decision**").  On July 12,

2023, the Court issued the Thirty-Third Amended Order Pursuant to § 105(a) Granting Motion

for a Preliminary Injunction [ECF No. 432], extending the Preliminary Injunction until the date

that is the earlier of (1) the date that an order confirming a plan of reorganization is entered and

not subject to any stay, including the stay pursuant to Federal Rule of Bankruptcy Procedure

3020(e); and (2) the date 30 days after entry of an opinion or order vacating or reversing the

Second Circuit Decision, provided, however, if the Preliminary Injunction remains in effect on

December 15, 2023, any party in interest, for cause shown and upon proper notice, may thereafter move to shorten or terminate the Preliminary Injunction.

20.      On May 19, 2024, the Debtors filed a *Motion to Amend the Preliminary Injunction* [ECF No. 475] ("**May 19, 2024 Motion**") requesting an extension of (a) the Voluntary Injunction, which enjoins the Debtors from certain conduct with respect to promotion of their opioid medications (the "**Voluntary Injunction**"), through the occurrence of the Effective Date of any confirmed plan of reorganization for the Debtors, and (b) Claim Tolling through and including the date that is the earlier of (1) 30 days after the date that an order confirming a plan of reorganization is entered and not subject to any stay, including the stay pursuant to Federal Rule of Bankruptcy Procedure 3020(e); and (2) 60 days after entry of any opinion or order vacating or reversing the Second Circuit Decision.  On May 31, 2024, the Court issued the Thirty-Fifth Amended Order Pursuant to § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 484], extending (a) the Voluntary Injunction through the occurrence of the Effective Date of any confirmed plan of reorganization; and (b) Claim Tolling through and including the date that is the earlier of (1) 30 days after the date that an order confirming a plan of reorganization is entered and not subject to any stay, including the stay pursuant to Federal Rule of Bankruptcy Procedure 3020(e); and (2) 60 days after entry of any opinion or order vacating or reversing the Second Circuit Decision.

21.      On June 27, 2024 the Debtors filed a *Motion to Extend the Preliminary Injunction* [ECF No. 489] ("**June 27, 2024 Motion**") requesting an extension of Claim Tolling through and including the date that is 90 days after entry of the Mediation Order; and the litigation injunction through and including through and including the date that is 60 days after this Court's entry of the Mediation Order (as defined in the June 27, 2024 Motion).  On July 10, 2024 the Court

issued the Thirty-Sixth Amended Order Pursuant to § 105(a) Granting Motion for a Preliminary

Injunction [ECF No. 506], extending the Preliminary Injunction through and including the date

that is 60 days after this Court's entry of the Mediation Order, which extends the litigation

injunction through September 9, 2024, and Claim Tolling through October 8, 2024.

22.    On August 23, 2024 the Debtors filed a *Motion to (I) Extend the Mediation; (II)*

*Extend the Preliminary Injunction and Associated Deadlines Including Tolling; and (III) Extend*

*Schedule for the Standing Motion* [ECF No. 512] (the "**August 23, 2024 Motion**") requesting

that the Court (i) extend the Mediation through September 27, 2024 at 11:59 p.m.; (ii) extend (a)

the Preliminary Injunction through and including September 27, 2024, and (b) Claim Tolling

through and including October 28, 2024; and (iii) adjourn the hearing and related deadlines on

the Motion of the Official Committee of Unsecured Creditors for Sole Standing to Commence

and Prosecute Estate Causes of Action.  On September 6, 2024 the Court issued (i) the Thirty-

Seventh Amended Order Pursuant to § 105(a) Granting Motion for a Preliminary Injunction

[ECF No. 533] extending the Preliminary Injunction through and including September 27, 2024

and Claim Tolling through and including October 28, 2024; (ii) the Amended Order Appointing

the Honorable Shelley C. Chapman (Ret.) and Eric D. Green as Co-Mediators and Establishing

Terms and Conditions of Mediation, *In re Purdue Pharma L.P.*, No. 19-23649 (Bankr. S.D.N.Y.

Sept. 6, 2024) [ECF No. 6682]; and (iii) the Order Extending Schedule for the Official

Committee's Standing Motion*, In re Purdue Pharma L.P.*, No. 19-23649 (Bankr. S.D.N.Y. Sept.

6, 2024) [ECF No. 6683].

23.    On September 13, 2024, the Debtors filed a *Motion to (I) Extend the Mediation;*

*(II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling; and (III)*

*Extend Schedule for the Standing Motion* [ECF No. 536] (the "**September 13, 2024 Motion**")

requesting that the Court (i) extend the Mediation through November 1, 2024 at 11:59 p.m.; (ii)

extend (a) the Preliminary Injunction through and including November 1, 2024, and (b) Claim

Tolling through and including December 2, 2024; and (iii) adjourn the hearing and related

deadlines on the Motion of the Official Committee of Unsecured Creditors for Sole Standing to

Commence and Prosecute Estate Causes of Action.  On September 27, 2024 the Court issued (i)

the Thirty-Eighth Amended Order Pursuant to § 105(a) Granting Motion for a Preliminary

Injunction [ECF No. 557] extending the Preliminary Injunction through and including November

1, 2024 and Claim Tolling through and including December 2, 2024; (ii) the Second Amended

Order Appointing the Honorable Shelley C. Chapman (Ret.) and Eric D. Green as Co-Mediators

and Establishing Terms and Conditions of Mediation, *In re Purdue Pharma L.P.*, No. 19-23649

(Bankr. S.D.N.Y. Sept. 6, 2024) [ECF No. 5749]; and (iii) the Order Extending Schedule for the

Official Committee's Standing Motion*, In re Purdue Pharma L.P.*, No. 19-23649 (Bankr.

S.D.N.Y. Sept. 6, 2024) [ECF No. 6750].

　　　　24.　　　On October 21, 2024 the Debtors filed a *Motion to (I) Extend the Mediation and

(II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling* [ECF No.

567] (the "**October 21, 2024 Motion**") requesting that the Court (i) extend the Mediation

through December 6, 2024 at 11:59 p.m. and (ii) extend (a) the Preliminary Injunction through

and including December 6, 2024, and (b) Claim Tolling through and including January 6, 2025,

and the Debtors subsequently shortened such request by four days at the hearing on the October

21, 2024 Motion.  On November 1, 2024 the Court issued (i) the Thirty-Ninth Amended Order

Pursuant to § 105(a) Granting Motion for a Preliminary Injunction [ECF No. 557] extending the

Preliminary Injunction through and including December 2, 2024 and Claim Tolling through and

including January 2, 2025 and (ii) the Third Amended Order Appointing the Honorable Shelley

C. Chapman (Ret.) and Eric D. Green as Co-Mediators and Establishing Terms and Conditions

of Mediation, *In re Purdue Pharma L.P.*, No. 19-23649 (Bankr. S.D.N.Y. Nov. 1, 2024) [ECF

No. 6906].

25.    On November 17, 2024 the Debtors filed a *Motion to (I) Extend the Mediation

and (II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling* [ECF

No. 590] (the "**November 17, 2024 Motion**") requesting that the Court (i) extend the Mediation

through January 9, 2025 at 11:59 p.m. and (ii) extend (a) the Preliminary Injunction through and

including January 9, 2025, and (b) Claim Tolling through and including February 10, 2025.  On

December 2, 2024 the Court issued (i) the Fortieth Amended Order Pursuant to § 105(a)

Granting Motion for a Preliminary Injunction [ECF No. 610] extending the Preliminary

Injunction through and including December 23, 2024 and Claim Tolling through and including

January 22, 2025 and (ii) the Fourth Amended Order Appointing the Honorable Shelley C.

Chapman (Ret.) and Eric D. Green as Co-Mediators and Establishing Terms and Conditions of

Mediation, *In re Purdue Pharma L.P.*, No. 19-23649 (Bankr. S.D.N.Y. Dec. 2, 2024) [ECF No.

6980].

26.    On December 11, 2024 the Debtors filed a *Motion to (I) Extend the Mediation

and (II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling* [ECF

No. 616] (the "**December 11, 2024 Motion**") requesting that the Court (i) extend the Mediation

through January 24, 2025 at 11:59 p.m. and (ii) extend (a) the Preliminary Injunction through

and including January 24, 2025, and (b) Claim Tolling through and including February 24, 2025.

On December 23, 2024 the Court issued (i) the Forty-First Amended Order Pursuant to § 105(a)

Granting Motion for a Preliminary Injunction [ECF No. 634] extending the Preliminary

Injunction through and including January 24, 2025 and Claim Tolling through and including

February 24, 2025 and (ii) the Fifth Amended Order Appointing the Honorable Shelley C.

Chapman (Ret.) and Eric D. Green as Co-Mediators and Establishing Terms and Conditions of

Mediation, *In re Purdue Pharma L.P.*, No. 19-23649 (Bankr. S.D.N.Y. Dec. 23, 2024) [ECF No.

7058].

27.     On January 10, 2025 the Debtors filed a *Motion to (I) Extend the Mediation and

(II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling* [ECF No.

641] (the "**January 10, 2025 Motion**") requesting that the Court (i) extend the Mediation

through February 28, 2025 at 11:59 p.m. and (ii) extend (a) the Preliminary Injunction through

and including February 28, 2025, and (b) Claim Tolling through and including March 30, 2025.

On January 27, 2025 the Court issued (i) the Forty-Second Amended Order Pursuant to § 105(a)

Granting Motion for a Preliminary Injunction [ECF No. 656] extending the Preliminary

Injunction through and including February 28, 2025 and Claim Tolling through and including

March 30, 2025 and (ii) the Sixth Amended Order Appointing the Honorable Shelley C.

Chapman (Ret.) and Eric D. Green as Co-Mediators and Establishing Terms and Conditions of

Mediation, *In re Purdue Pharma L.P.*, No. 19-23649 (Bankr. S.D.N.Y. Jan. 27, 2025) [ECF No.

7140].

28.     In addition, at the Court's October 11, 2019 Hearing, the November 6, 2019

Hearing, March 18, 2020 Hearing, September 30, 2020 Hearing, March 1, 2021 Hearing, the

March 24, 2021 Hearing, the April 21, 2021 Hearing, the May 20, 2021 Hearing, the June 16,

2021 Hearing, the August 27, 2021 Hearing, the September 1, 2021 Hearing, the December 29,

2021 Hearing, the February 1, 2022 Hearing, the February 17, 2022 Hearing, the March 2, 2022

Hearing, the March 23, 2022 Hearing, the April 27, 2022 Hearing, the June 29, 2023 Hearing,

the January 24, 2023 Hearing, the February 1, 2023 Hearing, the March 20, 2024 Hearing, the

July 9, 2024 Hearing, the September 5, 2024 Hearing, the September 23, 2024 Hearing, the

October 31, 2024 Hearing, the November 26, 2024 Hearing, the December 20, 2024 Hearing,

and the January 24, 2025 Hearing (the "**Hearings**") the Court determined that the Debtors

established good and sufficient legal and factual grounds to amend or enforce the Preliminary

Injunction.

29.    In addition, by orders of the Court dated November 20, 2019, December 9, 2019,

January 2, 2020, February 17, 2020, March 4, 2020, April 14, 2020, May 18, 2020, July 20,

2020, August 31, 2020, October 30, 2020, March 1, 2021, September 21, 2021, August 19, 2022,

October 4, 2022, December 5, 2022, February 7, 2023, and January 23, 2024[5] the Preliminary

Injunction was amended, in each case, to enjoin additional plaintiffs ("**Additional Plaintiffs**") in

(i) litigation currently pending against the Debtors or Related Parties concerning their opioid

---

[5] *See* Third Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Nov. 20,
2019) [ECF No. 115]; Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot.
Prelim. Inj. (Dec. 9, 2019) [ECF No. 126]; Fifth Amended Order Pursuant to 11 U.S.C. § 105(a)
Granting Mot. Prelim. Inj. (Jan. 2, 2020) [ECF No. 132]; Sixth Amended Order Pursuant to 11
U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Feb. 17, 2020) [ECF No. 139]; Seventh Amended
Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Mar. 4, 2020) [ECF No. 145];
Ninth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Apr. 14, 2020)
[ECF No. 175]; Tenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj.
(May 18, 2020) [ECF No. 185]; Eleventh Amended Order Pursuant to 11 U.S.C. § 105(a)
Granting Mot. Prelim. Inj. (July 20, 2020) [ECF No. 190]; Twelfth Amended Order Pursuant to
11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (August 31, 2020) [ECF No. 194]; Fourteenth
Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (October 30, 2020)
[ECF No. 214]; Fifteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim.
Inj. (Mar. 1, 2021) [ECF No. 224]; Twenty-Second Amended Order Pursuant to 11 U.S.C. §
105(a) Granting Mot. Prelim. Inj. (Sept. 21, 2021) [ECF No. 291]; Twenty-Ninth Amended
Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Aug. 19, 2022) [ECF No. 379];
Thirtieth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Oct. 4,
2022) [ECF No. 391]; Thirty-First Amended Order Pursuant to 11 U.S.C. § 105(a) Granting
Mot. Prelim. Inj. (Dec. 5, 2022) [ECF No. 400]; Thirty-Second Amended Order Pursuant to 11
U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Feb. 7, 2023) [ECF No. 410]; Thirty-Fourth
Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Mot. Prelim. Inj. (Jan. 23, 2024) [ECF
No. 460].

medication businesses that became active after the Debtors filed the September 18, 2019 Motion or (ii) any action concerning their opioid medication businesses that was commenced against the Debtors or Related Parties after the Debtors filed the September 18, 2019 Motion (in either case, "**Additional Actions**").

30.     By this Motion, pursuant to section 105 of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rules, the Debtors request (i) entry of an order in the form of the Proposed Seventh Amended Order Appointing The Honorable Shelley C. Chapman (Ret.) and Eric D. Green as Co-Mediators and Establishing Terms and Conditions of Mediation annexed hereto as Exhibit A extending the Mediation providing that unless a resolution has been reached (in the determination of the Co-Mediators), the Mediation shall terminate on March 31, 2025 at 11:59 p.m.; and (ii) entry of an order in the form of the Proposed Forty-Second Amended Order annexed hereto as Exhibit B extending (a) the stay of litigation under the Preliminary Injunction through and including March 31, 2025, and (b) the Claim Tolling provisions of the Preliminary Injunction through and including April 30, 2025.

31.     The Proposed Forty-Third Amended Order permits governmental entities to choose to be a Voluntarily Bound Party.[6]  Any such governmental entity that chooses to be a Voluntarily Bound Party will voluntarily abide by the injunction rather than be formally bound.

32.     The Proposed Forty-Third Amended Order also includes two appendices, Appendices II and III, that identify the Governmental Defendants, Private Defendants, and Additional Plaintiffs—along with their respective actions—bound pursuant to the Forty-Second Amended Order.

---

[6] As defined in the Proposed Forty-Third Amended Order annexed hereto.

33.     This motion constitutes a joint motion of the Debtors and UCC to extend the stay

beyond the Initial Stay Period as provided in paragraph 2 of the Amended and Restated Case

Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain

Related Parties, *In re: Purdue Pharma, L.P. et al.*, Case No. 19:23649 (RDD) (Nov. 20, 2019)

[ECF No. 518] ("**UCC Stipulation**").  All obligations under the UCC Stipulation, inclusive of

obligations on any Covered Party as defined therein, that remain in effect during the Stay Period,

as defined therein, shall remain in full force and effect so long as the Preliminary Injunction, as

amended and extended, remains in effect.  For the avoidance of doubt, the Initial Stay Period as

defined in the UCC Stipulation expired on April 8, 2020.

34.     The Debtors request that this Court continue not to require the Debtors to provide

any security in connection with this Preliminary Injunction as permitted under Rule 7065 of the

Bankruptcy Rules.  *See* Fed. R. Bankr. P. 7065 ("Rule 65 . . . applies in adversary proceedings,

except that a temporary restraining order or preliminary injunction may be issued on application

of a debtor, trustee, or debtor in possession without compliance with Rule 65(c).").

35.     Finally, the Debtors request that the Court extend the time for all defendants in

this adversary proceeding to answer or otherwise respond to the Complaint and adjourn the Pre-

Trial Conference in this adversary proceeding, to dates, to be set by further order of the Court,

that will not be earlier than May 30, 2025.

## JURISDICTION AND VENUE

36.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334, and the *Amended Standing Order of Reference from the United States District Court

for the Southern District of New York*, dated February 1, 2012.  This is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BASIS FOR REQUESTED RELIEF

37.     The Debtors are filing contemporaneously herewith a memorandum of law in support of the Motion, which provides details of the factual and legal bases for the requested relief.  The Debtors also incorporate by reference the arguments they advanced and the extensive evidentiary record developed in support of the September 18, 2019 Motion, the March 4, 2020 Motion, the September 16, 2020 Motion, the February 14, 2021 Motion, the March 12, 2021 Motion, the April 7, 2021 Motion, the May 6, 2021 Motion, the June 2, 2021 Motion, the August 27, 2021 Motion, the September 1, 2022 Motion, the December 20, 2021 Motion, the January 18, 2022 Motion, the February 3, 2022 Motion, the February 16, 2022 Motion, the March 10, 2022 Motion, the April 13, 2022 Motion, the June 15, 2023 Motion, the May 19, 2024 Motion, the June 27, 2024 Motion, the August 23, 2024 Motion, the September 13, 2024 Motion, the October 21, 2024 Motion, the November 17, 2024 Motion, the December 11, 2024 Motion, and the January 10, 2025 Motion as well as the confirmation hearing held in August 2021.

## RESERVATION OF RIGHTS

38.     Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, or (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim.  The Debtors expressly reserve their right to move in the future to enjoin the prosecution of any other lawsuit against them or the Related Parties.  The Debtors also expressly reserve their right to assert that any action against the Debtors or the Related Parties is subject to 11 U.S.C. § 362(a).

## NOTICE

39.    The Debtors will serve a copy of this Motion and the accompanying memorandum of law on the Governmental Defendants, the Private Defendants, and the Additional Plaintiffs currently subject to the Preliminary Injunction.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

## NO PREVIOUS REQUEST

40.    No previous request to extend the term of the Preliminary Injunction through January 24, 2025 has been made by the Debtors to this Court or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Forty-Third Amended Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:    February 11, 2025
       New York, New York

By: */s/ Marshall S. Huebner*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:    (212) 450-4000
Facsimile:    (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors
and Debtors in Possession*