UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re

PURDUE PHARMA L.P., *et al.*,

Debtors.

---------------------------------------------------------------x

AMANDA MORALES,

Appellant,

– against –

PURDUE PHARMA L.P., *et al.*,

Appellees.

---------------------------------------------------------------x

**OPINION & ORDER**

No. 25-CV-484 (CS)

<u>Appearances</u>:

Amanda Morales
Bernalillo, New Mexico
*Pro Se Appellant*

Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Davis Polk & Wardwell LLP
New York, New York
*Counsel for Debtors-Appellees and Debtors in Possession*

<u>Seibel, J.</u>

Before the Court is the appeal of Appellant Amanda Morales from a December 12, 2024 order of Judge Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York, in the Chapter 11 bankruptcy proceeding captioned *In re Purdue Pharma L.P., et al.*, No. 19-BK-23649 (Bankr. S.D.N.Y.). The oral order of that date, which was memorialized in a

written Order dated January 9, 2025, (Bankr. Dkt. No. 7094), denied Appellant's motion for class certification, (*see* Bankr. Dkt. No. 7042 (the "December 12 Transcript") at 16:24-17:15).[1]

For the following reasons, the Bankruptcy Court's Order is affirmed.

## I. BACKGROUND

I assume the parties' familiarity with the underlying bankruptcy proceedings, and I recite only those facts relevant to the disposition of this matter.

In 2010, Appellant's father died from serotonin syndrome, "as a result of 'interactions and risks from concomitant use with benzodiazepines and other CNS depressants' and OxyContin." (Bankr. Dkt. No. 6869 ("Am. Class Cert. Mot.") at 1.) Appellant alleges Purdue Pharma, L.P. ("Debtors-Appellees") did not adequately warn about the danger of such drug interactions until 2016, when Debtors-Appellees added these risks to the OxyContin box label warning. *Id.* As a result, since at least 2021, Appellant has participated as a *pro se* litigant in the bankruptcy action filed by various U.S.-based Purdue Pharma entities on September 15, 2019, (Bankr. Dkt. No. 1), and has filed several motions and letters with the Bankruptcy Court, (*see, e.g.*, Bankr. Dkt. Nos. 3191, 3994, 4289, 5782).

On October 14, 2024, Appellant filed a Motion for Class Certification, seeking certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure, of a class of personal injury claimants divided into two subclasses. (Bankr. Dkt. No. 6811.) The proposed subclasses were: (1) "personal injury/death related to addiction and overdose and abatement programs," and (2) "[w]rongful death and personal injury from failing to warn of known drug interactions or unlisted side effects/adverse effects." (Am. Class Cert. Mot. at 2.) Appellant sought

[1] Citations to "Bankr. Dkt. No." refer to entries on the Bankruptcy Court's docket, No. 19-BK-23649. Citations to "ECF No." refer to entries on this Court's docket for this case, No. 25-CV-484. All citations to page numbers of such documents refer to the page numbers generated by the respective Court's Electronic Case Filing System.

certification of the subclasses because "[t]he personal injury class of creditors is too general and the committee of unsecured creditors hasn't fairly represented unrelated claims like [hers] that aren't related to addiction or the opioid crisis." (Bankr. Dkt. No. 6813 at 5; *see* Am. Class Cert. Mot. at 2.) Debtors-Appellees objected to Appellant's request for class certification on December 5, 2024. (Bankr. Dkt. No. 6990.)

On December 12, 2024, the Bankruptcy Court held a hearing and denied the motion because "a *pro se* party such as Ms. Morales can't act as a class representative." (December 12 Transcript at 16:24-17:15.) On January 9, 2025, the Bankruptcy Court issued a written Order denying the request for class certification for the reasons stated at the December 12 hearing. (Bankr. Dkt. No. 7094.) Ms. Morales timely appealed on January 16, 2025. (ECF No. 1 ("Notice of Appeal").)[2]

## II. **LEGAL STANDARD**

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court. "This Court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *In re Bernard L. Madoff Inv. Sec., LLC*, No. 15-CV-1151, 2016 WL 183492, at *8 (S.D.N.Y. Jan. 14, 2016), *aff'd*, 697 F. App'x 708 (2d Cir. 2017) (summary order).[3]

"A district court reviews a bankruptcy court's conclusions of law *de novo*, its discretionary decisions for abuse of discretion, and its findings of fact for clear error." *In re*

[2] Although the appeal was not docketed with this Court until January 16, 2025, Appellant filed her Notice of Appeal in the bankruptcy action on December 24, 2024. (*See* Bankr. Dkt. No. 7062.)

[3] Unless otherwise noted, case quotations omit all internal quotation marks, citations, alterations, and footnotes. The Court will provide Appellant with copies of unreported cases cited in this Opinion.

*Depietto*, No. 20-CV-8043, 2021 WL 3287416, at *4 (S.D.N.Y. Aug. 2, 2021). "Bankruptcy court decisions to deny a request . . . to certify a class are reviewed for abuse of discretion." *In re BGI, Inc.*, No. 11-10614, 2012 WL 5392208, at *5 (Bankr. S.D.N.Y. Nov. 2, 2012); *see In re Bally Total Fitness of Greater N.Y., Inc.*, 411 B.R. 142, 145 (S.D.N.Y. 2009) (reviewing bankruptcy court's denial of motion for class certification for abuse of discretion).

Under the abuse of discretion standard,

> [r]elief from the district court is appropriate only when the bankruptcy court's decision either (i) rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (ii) though not necessarily the product of legal error or clearly erroneous factual finding, cannot be located within the range of permissible decisions.

*In re Refco Inc.*, No. 07-CV-10708, 2009 WL 2355808, at *2 (S.D.N.Y. July 29, 2009); *see S.E.C. v. Bankosky*, 716 F.3d 45, 47 (2d Cir. 2013) (reviewing court "will reverse [for abuse of discretion] only if [it] ha[s] a definite and firm conviction that the court below committed a clear error of judgment in the conclusion that it reached upon a weighing of the relevant factors"). This standard is "highly deferential," *In re Lehman Bros. Holdings, Inc.*, 435 B.R. 122, 131 (S.D.N.Y. 2010), *aff'd sub nom. Suncal Cmtys. I LLC v. Lehman Com. Paper, Inc.*, 402 F. App'x 634 (2d Cir. 2010) (summary order), and "[m]atters concerning decisions within the discretion of bankruptcy judges will not be disturbed by the district court unless the district court finds that no reasonable [person] could agree with the bankruptcy judge's decision," *In re Integrated Res., Inc.*, 157 B.R. 66, 72 (S.D.N.Y. 1993); *see In re Enron Corp.*, 419 F.3d 115, 124 (2d Cir. 2005).

Appellant appeals *pro se*. Accordingly, the Court is required to accord her "special solicitude," *In re Saint Vincents Cath. Med. Ctrs. of N.Y.*, No. 11-CV-9431, 2012 WL 4462030, at *1 n.1 (S.D.N.Y. Sept. 27, 2012), and construe her submissions "liberally to raise the strongest arguments that they suggest," *Amelio v. Piazza*, No. 19-CV-5944, 2020 WL 5535241, at *3 (S.D.N.Y. Sept. 15, 2020).

## III. DISCUSSION

Appellant argues that the two subclasses she proposed should be certified because the proposed subclasses meet the requirements of Federal Rule of Civil Procedure 23, (ECF No. 15 ("Appellant Br.") at 19-21),[4] and because her claims "aren't related to the opioid crisis and [her] interests are different," (*id.* at 24-25). Appellant does not address the Bankruptcy Court's reasoning that a *pro se* litigant cannot act as a class representative, except to say that she is "not trying to speak on anyone else's claims just [hers] . . . ." (*Id.* at 20.)

Appearances in federal court are governed by 28 U.S.C. § 1654, which provides for two types of representation: "'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (*per curiam*) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). The law is clear in this Circuit and elsewhere that "[b]ecause a nonlawyer cannot bring suit on behalf of others, a plaintiff proceeding *pro se* cannot act as a class representative." *Wallace v. All Pers. Liab. Carriers-Underwriters of Land*, No. 22-CV-8022, 2024 WL 1195120, at *2 (S.D.N.Y. Mar. 18, 2024), *appeal dismissed by* No. 24-1578, 2024 WL 5118500, at *1 (2d Cir. Nov. 8, 2024) (dismissing appeal because it "lack[ed] an arguable basis either in law or in fact"); *see Walsh v. Planned Parenthood Int'l*, No. 23-CV-914, 2024 WL 4276496, at *6 (S.D.N.Y. Sept. 24, 2024) ("[A] *pro se* plaintiff cannot act as a class representative.") (citing *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 470 (2d Cir. 2004) (summary order)); *Reynolds v. Mercy Inv. Servs., Inc.*, No. 24-CV-2636, 2024 WL 1740870, at

---

[4] Appellant filed two substantially similar versions of her appellate brief. (*See* ECF Nos. 14, 15.) The only differences between these two submissions are the inclusion of an Exhibit C and the addition of that exhibit to the table of contents in ECF No. 15. The Court considers the version filed as ECF No. 15 as Appellant's brief.

*5 (E.D.N.Y. Apr. 23, 2024) ("[Plaintiff] cannot proceed *pro se* on behalf of herself and the putative class and subclass."); *Sikhs for Just. v. Mann*, No. 23-CV-2578, 2023 WL 2876736, at *2 (S.D.N.Y. Apr. 10, 2023) (*pro se* individuals cannot represent a class); *Maybrick v. Soc. Sec. Admin.*, No. 13-CV-508, 2013 WL 6571819, at *2 (D. Utah Dec. 13, 2013) ("Plaintiff is proceeding *pro se* and therefore cannot act as a class representative."); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

Another way of looking at it is that *pro se* plaintiffs cannot satisfy the requirements for class certification under Rule 23, because they "cannot adequately represent the interests of other class members." *Rodriguez*, 88 F. App'x at 471; *see Davis v. Washington*, No. 21-CV-129, 2022 WL 855269, at *15 (W.D. Mich. Mar. 23, 2022) (denying *pro se* plaintiff's request to certify class because "[i]t is well established that *pro se* litigants are inadequate class representatives"). Thus, the Bankruptcy Court did not abuse its discretion in denying Appellant's *pro se* motion for class certification. *See Wallace*, 2024 WL 1195120, at *2 ("Plaintiff[] cannot proceed *pro se* and seek class certification.").

Appellant does not offer any argument as to why she can proceed with class certification as a *pro se* litigant. Further, her argument that she is "not trying to speak on anyone else's claims just [hers]," (Appellant Br. at 20), is pointedly at odds with the role of a class representative – to represent the interests of other similarly situated individuals. To the extent that Appellant is not seeking to act as the class representative, the class cannot be certified, as without a class representative, class certification is unavailable. *See In re Hellas Telecomms. (Luxembourg) II SCA*, 555 B.R. 323, 348 (S.D.N.Y. 2016) (class certification unavailable where no class representatives remained in case); *Monaco v. Hogan*, No. 98-CV-3386, 2016 WL

1322431, at *8 (E.D.N.Y. Mar. 31, 2016) (lack of class representative is fatal to certification); *Fleisher v. Phoenix Life Ins. Co.*, No. Civ. 8405, 2013 WL 4573530, at *4 (S.D.N.Y. Aug. 26, 2013) (decertifying class where there was no class representative). Accordingly, again, the Bankruptcy Court did not abuse its discretion in denying the request for class certification.

Finally, Appellant's brief raises several other arguments. For instance, Appellant details several occasions on which she alleges she was denied due process throughout the bankruptcy proceedings, such as when the Bankruptcy Court denied her motion for summary judgment and subsequent motion for reconsideration. (Appellant Br. at 13-15, 28.) But such issues are not properly before this Court, because they do not pertain to the Order being appealed. The Notice of Appeal is limited to the oral order of December 12, (*see* Notice of Appeal at 2), which addressed only the issue of class certification, (*see* December 12 Transcript at 16:24-19:3).[5] Thus, the Court need not address the other issues raised by Appellant. *See In re Emanuel*, 450 B.R. 1, 6 (S.D.N.Y. 2011) (certain arguments in notice of appeal not relevant to underlying order were not properly before Court).[6]

***

The Court sympathizes with Appellant for what happened to her father, and understands why she regards his experience as different from that of those who were addicted to OxyContin. The Court expresses no opinion on that issue or as to whether she is entitled to relief against

---

[5] The Court rested its decision that class certification was not appropriate on the fact that Ms. Morales is a *pro se* litigant who cannot act as a class representative, and because of that "threshold problem," (December 12 Transcript at 16:24, 17:25), it did not need to analyze other "complicated issues that may stand in the way," (*id*. at 18:10).

[6] Indeed, any appeal from the Bankruptcy Court's earlier orders on Appellant's motion for summary judgment and motion for reconsideration, which were entered in 2021, are now time-barred. *See In re Emanuel*, 450 B.R. at 6 n.1 (appeal from Bankruptcy Court order that appellant attacked in brief was time-barred); Fed. R. Bankr. P. 8002(a) (setting fourteen-day period for appeals from orders of a bankruptcy court).

Debtors-Appellees. It holds only that Judge Lane did not err in concluding that Appellant cannot proceed via a class action.

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's oral order of December 12, 2024, memorialized in the January 9, 2025 written Order, is affirmed. The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: July 25, 2025
White Plains, New York

CATHY SEIBEL, U.S.D.J.