USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: PURDUE PHARMA L.P., *et al.*,

                      Debtors.

AMANDA MORALES,

                      Appellant,

-against-

PURDUE PHARMA L.P., *et al.*,

                      Appellees.

24-cv-2958 (NSR)

19-cv-23649 (SHL)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Appellant Amanda Morales ("Ms. Morales"), proceeding *pro se* and *in forma pauperis*, appeals from the March 27, 2024 order (the "Order") of the United States Bankruptcy Court for the Southern District of New York (Lane, J) (the "Bankruptcy Court"), which directs Ms. Morales to cease filing duplicative requests and bars Ms. Morales from contacting the Bankruptcy Court via email. (*See generally* Order, Bankr. Dkt. 6274.) Appellees Purdue Pharma L.P. ("Purdue") moves to dismiss the appeal as untimely and on the ground that it improperly seeks review of an interlocutory order. (Appellee's Mot. to Dismiss, the "Motion," ECF No. 31.)

For the reasons that follow, Purdue's Motion is granted, and Appellant's appeal is dismissed for lack of jurisdiction.

## BACKGROUND

**A. The Underlying Bankruptcy Proceeding**

On September 15, 2019, Purdue filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York

1

(the "Bankruptcy Court"). Ms. Morales is a *pro se* litigant who has been active in Purdue's Chapter 11 proceedings.

On July 14, 2021, Ms. Morales filed motion for summary judgment (the "Initial Motion"), seeking restitution from Purdue. (Bankr. Dkt. 3191.) The Bankruptcy Court denied Ms. Morales's Initial Motion on August 18, 2021. (Bankr. Dkt. 3591.) On October 15, 2021, Ms. Morales filed a motion for reconsideration of her Initial Motion (Bankr. Dkt 3994), which the court denied on October 29, 2021. (Bankr. Dkt. 4040.) On July 18, 2023, Ms. Morales submitted a letter seeking the same relief (Bankr. Dkt. 5782), which the court treated as a second motion for reconsideration and denied on August 3, 2023. (Bankr. Dkt. 5801.) Ms. Morales then filed a complaint on February 2, 2024, (Bankr. Dkt. 6418), and an additional letter on March 5, 2024 (Bankr. Dkt. 6245), that raised the same issues as those in her previous filings.

B. **The Instant Order and Notices of Appeal**

On March 27, 2024, the Bankruptcy Court issued the Order that is the subject of this appeal. (Bankr. Dkt. 6274.) The Order directed Ms. Morales to stop filing duplicative requests and barred her from further contacting Chambers, while clarifying that any future requests must be made through "an appropriate pleading" with the Bankruptcy Court, given she raises "outstanding, meritorious legal issues." (*Id* at 2.) The Order did not address the merits of her underlying claim. (*Id*.)

On April 12, 2024, sixteen days after the Order was filed, Ms. Morales filed her notice of appeal with the Bankruptcy Court without procuring an extension. (Bankr. Dkt. 6310.) Ms. Morales's amended notice of appeal was received and filed twenty days after the Order was filed, on April 16, 2024. (Bankr. Dkt. 6312.)

2

The notice of appeal (the "First Appeal", ECF No. 1) and amended notice of appeal (the "Amended Appeal", ECF No. 2), were untimely filed from the Bankruptcy Court to this Court eight days after the deadline, on April 18, 2024.

On December 13, 2024, Purdue filed the Motion — dated October 7, 2024 — and asked the Court to dismiss Ms. Morales's appeal on the grounds that her untimely filing deprives the Court of jurisdiction to review it, and that the appeal improperly seeks review of a non-final, interlocutory order. (Appellee's Mot. to Dismiss at 8.) Purdue also filed a Memorandum of Law in support thereof. (Appellee's Mem. of L. in Supp. of Appellee's Mot. "Appellee's Mem. of L.", ECF 31.)

On December 13, 2024, Ms. Morales filed her Opposition and Memorandum in Law, alleging that her untimely appeal is the product of "excusable neglect" because she "paid for overnight shipping" before the deadline, "cannot control delivery delays with the post office" and "acted in good faith." (Appellant's Mem. in Opp'n to Def.'s Mot., "Appellant's Opp'n", ECF No. 32.) She also raises allegations of "judicial misconduct." (Appellant's Opp'n at 14-15.) Purdue filed their reply on December 13, 2024. (Appellee's Reply in Supp. of Appellee's Mot., "Appellee's Reply", ECF No. 33.)

## LEGAL STANDARD

### A. Federal Rules of Bankruptcy Procedure 8013

A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree." Fed. R. Bankr. P. 8013. A district court reviews a bankruptcy court's conclusions of law *de novo* and its findings of fact under a clearly erroneous standard. *See In re Ames Dep't Stores, Inc.*, 582 F.3d 422, 426 (2d Cir. 2009) (citing *Momentum Mfg. Corp. v. Emp. Creditors Comm.*, 25 F.3d 1132, 1136 (2d Cir. 1994))

## DISCUSSION

### A. The Applicable Legal Standard

Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. *See* 28 U.S.C. § 158(a)(1). An appeal to the district court must be taken "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). As relevant here, Rule 8002(a)(1) provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). "Timeliness is determined by receipt." *In re Affirmative Equities Co., L.P.*, No. 15-CV-2648 (CM), 2015 WL 4469309, at *1 (S.D.N.Y. July 21, 2015). A notice of appeal is filed on "the date the clerk receives it, not the date it is mailed." *Petite-El v. WorldCom, Inc.*, No. 05-CV-3179 (PAC), 2006 WL 27443, at *2 n.5 (S.D.N.Y. Jan. 4, 2006) (quoting *In re Simpson*, 215 B.R. 885, 886 (B.A.P. 10th Cir. 1998)). The time limitations in the Federal Rules of Bankruptcy Procedure 8002(a) are jurisdictional, regardless of a party's *pro se* status. *See In re Residential Cap., LLC*, 519 B.R. 606, 610 (S.D.N.Y. 2014) (dismissing *pro se* bankruptcy appeal as untimely when it was filed on February 11, 2024, and the fourteen-day filing period ended on February 10, 2024). This jurisdictional bar applies even where a *pro se* appellant mails the notice on or before the deadline, but it is not received by the clerk until after the deadline. *See Ivers v. Ciena Cap. LLC*, No. 15-CV-7993(RA), 2016 WL 1562943, at *3 (S.D.N.Y. Apr. 15, 2016) (finding that a purported "post office error" does not affect the court's jurisdiction over the appellant's appeal when the clerk receives it after the filing deadline.)

### B. Whether Ms. Morales's Notice of Appeal and Amended Notice of Appeal Were Untimely

Purdue argues that Ms. Morales missed the fourteen-day window for filing a notice of appeal, and, because the timeliness requirements are statutory and jurisdictional, the late filing

4

deprives this Court of jurisdiction to hear this appeal. (Appellee's Mem. of L. at 8.) Indeed, the Order that Ms. Morales seeks to appeal was filed and entered on March 27, 2024. (Order, Bankr. Dkt. 6274.) So, Ms. Morales's deadline to file her notice of appeal was April 10, 2024. Similarly to *In re Residential Capital,* where the *pro se* appeal was untimely filed one day after the filing deadline, here, Ms. Morales's notice of appeal of the Order was received and filed by the clerk *two* days after the filing deadline, on April 12, 2024. (Bankr. Dkt. 6310.) Likewise, Ms. Morales's amended notice of appeal was received and filed late — six days after the filing deadline — on April 16, 2024. (Bankr. Dkt. 6312.) The First Appeal and Amended Appeal were also filed late in this Court, eight days late on April 18, 2024. As such, both of Ms. Morales's notices of appeal were untimely filed.

Ms. Morales's Opposition does not address or alter this strict jurisdictional bar. (*See generally* Opposition.) As in *Ivers* — where the appellant's claim that the clerk's office received the notice of appeal late due to a "post office error" did not affect the court's jurisdiction — Ms. Morales's assertion that she "cannot control delivery delays with the post office" likewise does not change that the clerk received her notice of appeal two days after the filing deadline. (Appellant's Opp'n at 14-15.) Accordingly, Ms. Morales's appeal was untimely filed.

**C. Whether This Court Has Jurisdiction Over Ms. Morales's Untimely Appeal, Regardless of Excusable Neglect**

Given the April 12 and April 16 filing dates, Ms. Morales's notice of appeal and amended appeal clearly fail under Rule 8002(a). Yet, in her Opposition, Ms. Morales alleges that her untimely appeal is the product of "excusable neglect" because she "paid for overnight shipping," "acted in good faith," and "cannot control delivery delays with the post office." (Appellant's Opp'n at 14.) The Federal Rules of Bankruptcy Procedure allow "the bankruptcy court ... [to] extend the time to file a notice of appeal upon a party's motion," if that motion is filed "within the time

5

prescribed by this rule" or "within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). The Second Circuit has routinely held that, without an extension contemplated by Rule 8002, the district court lacks appellate jurisdiction over an untimely bankruptcy appeal, even if the appellant is able to show "excusable neglect." *In re Amelio,* No. 20 CIV. 3080 (JPC), 2020 WL 7028957, at *8 (S.D.N.Y. Nov. 30, 2020) (citing *In re Siemon,* 421 F.3d 167, 169 (2d Cir. 2005)) (dismissing untimely appeal for lack of jurisdiction where *pro se* litigant "did not move before the Bankruptcy Court to request an extension of time to appeal. Nor was anything filed in either the Bankruptcy Court or [the district court] that can be construed as a request for such an extension"); *see also In re Hurley*, No. 24-CV-05630 (DG), 2024 WL 4827812, at *2 (E.D.N.Y. Nov. 18, 2024) (dismissing untimely appeal for lack of jurisdiction when failed to move for an extension under Rule 8002(d) and did not assert or reflect that such motions to extend were filed.)

Here, Ms. Morales purports to rely on Bankruptcy Rule 8002(d)(1)(B)'s "excusable neglect" provision to extend her appeal deadline. (Appellant's Opp'n at 14.) She concludes that "[t]he court can extend the deadline for 21 more days if the neglect was 'excusable.'" (Appellant's Opp'n at 15.) Like in *In re Amelio* and in *In re Hurley*, where the appellant filed a late notice of appeal and failed to move for an extension under Rule 8002(d), Ms. Morales filed a late notice of appeal and failed to move for an extension. Paralleling the appellants in *In re Amelio* and *In re Hurley,* Ms. Morales does not assert — nor does the record otherwise reflect — that any such motions was filed. Instead, she concludes that her late filing is "excusable" because she "paid for overnight shipping" before the deadline and "acted in good faith." (Appellant's Opp'n at 14-15.) Without an extension contemplated by Rule 8002, this Court "is without jurisdiction to consider the appeal," and it must be dismissed. *In re Siemon*, 421 F.3d at 169.

6

### D. Whether the Bankruptcy Order is a Non-Final, Interlocutory Order

Purdue argues that jurisdiction is lacking for the independent reason that Ms. Morales does not seek review of any appealable order of the Bankruptcy Court, but rather she seeks to appeal a procedural, non-final interlocutory order without court leave. (Appellee's Reply at 5.) Federal district courts have appellate jurisdiction only over "final judgments, orders, and decrees" of the Bankruptcy Court or, alternatively, from interlocutory orders and decrees "with leave of the court" in certain limited circumstances. 28 U.S.C. § 158(a). In general, "[o]rders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)). A bankruptcy court's determinations in a procedural order are "not final, because they direct the parties to engage in or participate in further proceedings and do not resolve any substantive issue." *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 660 (S.D.N.Y. 2005); *see also In re Lehman Bros. Holdings Inc.,* No. 11 CIV. 2721 NRB, 2011 WL 5103346, at *3 (S.D.N.Y. Oct. 26, 2011) (finding that the order is "wholly procedure" and "nowhere obligat[es] any party to settle its claims").

Ms. Morales seeks to appeal an Order directing her to cease filing duplicative requests and barring her from further contacting Chambers. She contends that "[f]air review of [her] claims cannot be done in a courtroom by a judge that violates [her] due process rights and without giving [her] even one minute in his courtroom" and who "makes statements that 'issues which have previously been decided' when they haven't be[en] fair." (Appellant's Opp'n at 13-14.) Ms. Morales misconstrues the Order. The Bankruptcy Court Order does not definitely dispose of discrete disputes within the overarching bankruptcy case. (*See generally* Order.) In fact, the Order does not resolve any substantive issue regarding Ms. Morales's claims against Purdue. (*Id.*)

7

Nowhere does the order obligate Ms. Morales to settle her claims. (*Id.*) Instead, she is directed to file "an appropriate pleading" with the Bankruptcy Court, given she raises "outstanding, meritorious legal issues" (*Id.* at 2.) Finally, Ms. Morales has not sought leave to appeal the Order as interlocutory from the Bankruptcy Court, which is required for this Court to obtain jurisdiction over this Appeal. Fed. R. Bankr. P. 8004(a).

Because this Court lacks jurisdiction, there is no need to examine the underlying merits of Ms. Morales's appeal here. In fact, the Court has no power to do so. But even if Ms. Morales's appeal had been timely, the Order is not a final order, but rather, interlocutory and not appropriately the subject of appellate review. (Appellee's Reply, ECF No. 33.)

## CONCLUSION

For the foregoing reasons, Purdue's Motion to Dismiss Ms. Morales's Notice of Appeal and Amended Notice of Appeal, dated April 12, 2024 and April 16, 2024 is GRANTED. The Clerk of the Court shall terminate the motion at docket number 31, terminate this case, mail a copy of this Opinion to pro se Appellant at the address on the docket and show service on the docket.

Dated:   August 6, 2025                                              SO ORDERED:
         White Plains, New York

                                                                     _____
                                                                     NELSON S. ROMÁN
                                                                     United States District Judge