Hearing Date and Time: September 4, 2025, at 11:00 a.m. (prevailing Eastern Time)
Objection Date and Time: August 28, 2025, at 4:00 p.m. (prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
James I. McClammy
Eli J. Vonnegut
Darren S. Klein

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING REGARDING DEBTORS' MOTION FOR ENTRY OF ORDER
PURSUANT TO 11 U.S.C. §§ 105(A), 107(B) AND FED. R. BANKR. P. 9018
AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN
CONNECTION WITH THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING IMPLEMENTATION OF 2025 KEY EMPLOYEE INCENTIVE PLAN
AND 2025 KEY EMPLOYEE RETENTION PLAN**

PLEASE TAKE NOTICE that on August 14, 2025, the above-captioned debtors and

debtors in possession (collectively, the "**Debtors**") filed the annexed *Motion for Entry of Order*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Pursuant to 11 U.S.C. §§ 105(a), 107(b) and Fed. R. Bankr. P. 9018 Authorizing the Filing of Certain Information under Seal in Connection with the Motion of the Debtors for Entry of an Order Authorizing Implementation of 2025 Key Employee Incentive Plan and 2025 Key Employee Retention Plan* (the "**Motion to Seal**").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion to Seal will be held on **September 4, 2025, at 11:00 a.m. (prevailing Eastern Time)** (the "**Hearing**") before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"); *provided that* such Hearing shall be conducted **via Zoom for Government®** unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to participate in the Hearing are required to register their appearance by **4:00 p.m. (Prevailing Eastern Time) the day before the Hearing** at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing.  The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion to Seal shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with Local Bankruptcy Rule 5005-2 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in

interest, on a CD or other electronic media, in text-searchable portable document format (PDF)
(with a hard copy delivered directly to Chambers), in accordance with the customary practices of
the Bankruptcy Court and Local Bankruptcy Rule 5005-2, to the extent applicable, and shall be
served in accordance with the *Second Amended Order Establishing Certain Notice, Case
Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498], so
as to be filed and received no later than **August 28, 2025** at **4:00 p.m.** (prevailing Eastern Time)
(the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and served
with respect to the Motion to Seal, the Debtors may, on or after the Objection Deadline, submit to
the Bankruptcy Court an order substantially in the form of the proposed order annexed to the
Motion to Seal, which order may be entered without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the
Hearing, and failure to appear may result in relief being granted upon default; *provided that*
objecting parties shall attend the Hearing **via Zoom for Government**® unless otherwise ordered
by the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that copies of the Motion to Seal may be obtained
free of charge by visiting the website of Kroll Restructuring Administration at
https://restructuring.ra.kroll.com/purduepharma.  You may also obtain copies of any pleadings by
visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with
the procedures and fees set forth therein.

Dated:    August 14, 2025
          New York, New York

                         DAVIS POLK & WARDWELL LLP

                         By:    */s/ Darren S. Klein*    _____

                         450 Lexington Avenue
                         New York, New York 10017
                         Telephone: (212) 450-4000
                         Facsimile:  (212) 701-5800
                         Marshall S. Huebner
                         James I. McClammy
                         Eli J. Vonnegut
                         Darren S. Klein

                         *Counsel to the Debtors*
                         *and Debtors in Possession*

**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
James I. McClammy
Eli J. Vonnegut
Darren S. Klein

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 107(B) AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING IMPLEMENTATION OF 2025 KEY EMPLOYEE INCENTIVE PLAN AND 2025 KEY EMPLOYEE RETENTION PLAN**

Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby file this *Motion for Entry of Order Pursuant to 11 U.S.C. §§ 105(a), 107(b) and Fed. R. Bankr. P. 9018 Authorizing the Filing of Certain Information under Seal in Connection with the Motion of Debtors for Entry of an Order*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Authorizing Implementation of 2025 Key Employee Incentive Plan and 2025 Key Employee Retention Plan* (this "**Motion to Seal**"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1, seeking entry of an order, in the form attached hereto as **Exhibit A**, for the purpose of redacting and filing under seal certain portions of their forthcoming *Motion of Debtors for Entry of an Order Authorizing Implementation of 2025 Key Employee Incentive Plan and 2025 Key Employee Retention Plan* (together with the declarations filed in support thereof, the "**Compensation Motion**").[2]

### Relief Requested

1.      By this Motion to Seal, the Debtors request the entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1, authorizing the Debtors to file under seal certain confidential information in the Compensation Motion related to the 2025 Performance Metrics (the "**Redacted Metrics**") and directing that such information remain under seal, remain confidential and not be made available to any third party absent authorization under an order from this Court.  In accordance with the Local Bankruptcy Rules and Chambers Rules, the Debtors shall provide an unredacted copy of the Compensation Motion to the Court and Clerk of Court.

2.      The Debtors have provided unredacted copies of the Compensation Motion and additional supporting information regarding the Redacted Metrics to the Official Committee of Unsecured Creditors (the "**Committee**"), the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "**AHC**") and the Multi-State Governmental Entities Group (the "**MSGE**"), subject to the *Third Amended Protective Order* [ECF No. 1935] (the "**Protective**

---

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Compensation Motion.

Order"). The Debtors will continue to engage with these constituencies and will provide unredacted copies of the Compensation Motion, together with additional supporting information, to the advisors of other stakeholders at their request, subject to the Protective Order. The Debtors have also provided unredacted copies of the Compensation Motion to the United States Trustee for the Southern District of New York (the "**United States Trustee**"), and the Debtors will engage with the United States Trustee to address any requests for information the United States Trustee may have.

## Jurisdiction and Venue

3.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is sections 105(a) and 107(b) of the Bankruptcy Code. Relief is also warranted under Bankruptcy Rule 9018.

## General Background

4.       On September 15, 2019 (the "**Petition Date**"), the Debtors commenced the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by filing with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The United States Trustee appointed the Committee on September 27, 2019. *See Notice of Appointment of Official Committee of Unsecured Creditors* [ECF No. 131]. No trustee has been appointed in these Chapter 11 Cases.

5.       These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by this Court on September 18, 2019 in each of the Chapter 11 Cases.

## Basis for Relief Requested

6.      Bankruptcy Code section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from the potential harm resulting from the disclosure of confidential or sensitive information.  Specifically, section 107(b) provides that upon the "request of a party in interest," the Court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information."  11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 (permitting the bankruptcy court, on motion or *sua sponte*, to "make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information").  Bankruptcy Code section 105(a) permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  11 U.S.C. § 105(a).

7.      Whether information falls within the scope of section 107(b) is ultimately the Court's decision.  *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996).  Once the Court determines, however, that a party in interest is seeking protection of information that falls within one of the categories protected by section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application."  *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994).

8.      Courts have recognized that the term "commercial information" is broad, given that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."  *In re Glob. Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).  Commercial information protected by section 107(b) includes, but is not limited to, "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor."  *Orion Pictures*, 21 F.3d at 27 (quotation omitted).  Commercial information also includes information

that could "have a chilling effect on negotiations, ultimately affecting the viability of [the] Debtors." *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991); *accord Barney's*, 201 B.R. at 708.  Commercial information need not be equivalent to a trade secret to be protected.  *Orion Pictures*, 21 F.3d at 28; *see also In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) ("Commercial information need not rise to the level of a trade secret to qualify for protection under section 107(b).").

9.      Here, more than sufficient cause exists for the Court to grant the relief requested. The Redacted Metrics in the Compensation Motion includes commercial priorities and opportunities for the Debtors that, if disclosed publicly, could provide their competitors with information that could be used strategically against them or otherwise negatively impact the Debtors' business.    *See* Decl. of Jesse DelConte in Supp. of Compensation Mot. ¶ 23.    Public disclosure of the Redacted Metrics would be highly detrimental to the Debtors and potentially extremely valuable to competitors, who could seek to use the information to gain a competitive advantage against the Debtors and harm their efforts to maximize value.  *Id.*  Information like that included in the Redacted Metrics, therefore, is rarely disclosed to the public or made available to competitors.  The Debtors seek to keep this information under seal in order to prevent the deleterious effects of disclosure.

10.     The Redacted Metrics are thus both "commercial" and "confidential" and falls squarely within the scope of information that is protected by section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018.  The Redacted Metrics easily fall within the definition of "commercial information" as it "could reasonably be expected to cause the entity commercial injury," *Glob. Crossing*, 295 B.R. at 725, and includes information that could "result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the

debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27).

11.     The Debtors' proposed redactions to the Compensation Motion are surgical and as limited as possible so as to maximize publicly available information regarding their proposed 2025 Compensation Plans.  The Compensation Motion provides a detailed description of the proposed 2025 Compensation Plans, including the 2025 Performance Metrics, with only six sub-metrics redacted.  Parties in interest have thus been provided with sufficient information to evaluate the relief sought in the Compensation Motion, and the Debtors seek to seal only information the disclosure of which could potentially seriously harm the Debtors' estates and stakeholders. Moreover, the Debtors added the Redacted Metrics in consultation with the Committee, the AHC and the MSGE.  Accordingly, these important stakeholders have full visibility into the Redacted Metrics.

12.     In authorizing substantially similar redactions in connection with the 2024 KEIP KERP Motion, the Court found that "the amount that's actually sealed in connection with the motion is exceedingly modest and specifically targeted to as narrow a range as possible" and that such redactions satisfied "all requirements of applicable law in terms of the kind of confidential information that you're seeking to seal and it is exceedingly narrowly tailored." Hr'g Tr., 7:3–14, April 17, 2024. The Debtors' proposed redactions are also squarely in line with well-established precedent.  Bankruptcy courts in this and other districts routinely authorize debtors to file under seal sensitive information in connection with seeking approval of key employee incentive or retention plans. *See, e.g.*, *In re Avianca Holdings S.A.*, No. 20-11133 (MG) (Bankr. S.D.N.Y. June 19, 2020) [ECF No. 299] (authorizing the debtors to redact and file under seal exhibits to a reply in support of a motion seeking approval of compensation programs); *In re LSC Commc'ns, Inc.*,

6

No. 20-10950 (SHL) (Bankr. S.D.N.Y. June 5, 2020) [ECF No. 323] (authorizing the debtors to file under seal certain confidential information related to operational performance and transaction consideration metrics); *In re Frontier Commc'ns Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) [ECF No. 381] (authorizing the debtors to redact certain confidential employee information in connection with seeking approval of a key employee retention plan); *In re Trident Holdings Company, LLC.*, No. 19-10384 (SHL) (Bankr. S.D.N.Y. April 18, 2019) [ECF No. 318] (authorizing the debtors to file under seal certain confidential information in connection with the debtors' key employee incentive plan); *In re Navillus Tile, Inc.*, No. 17-13162 (SHL) (Bankr. S.D.N.Y. Feb. 28, 2018) [ECF No. 406] (authorizing the debtors to redact confidential employee information, including information related to the names of employees, in connection with seeking approval of a key employee incentive plan); *In re Cornerstone Propane, L.P.*, No. 04-13856 (RDD) (Bankr. S.D.N.Y. July 6, 2004) [ECF No. 112] (authorizing the debtors to file under seal an exhibit containing highly confidential information regarding the value and structure of compensation for key employees); *In re Advantage Holdco, Inc.*, No. 20-11259 (JTD) (Bankr. D. Del. June 29, 2020) [ECF No. 296] (authorizing the debtors to file under seal an exhibit containing confidential performance metrics and employee compensation information).

13.    The Debtors therefore respectfully request that the Court, pursuant to section 107(b) of the Bankruptcy Code, authorize the Debtors to redact the information contained in the Redacted Metrics in the Compensation Motion and any replies filed in support thereof because of the harm that would occur if that commercially sensitive and confidential information were publicly disclosed.

## **Notice**

14.     Bankruptcy Rule 9018 authorizes the Court, "with or without notice," to "make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018.

15.     No prior request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, or the foregoing reasons, the Debtors respectfully request that the Court

grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:    August 14, 2025
          New York, New York

                        DAVIS POLK & WARDWELL LLP

                        By:    */s/ Darren S. Klein*                        

                        450 Lexington Avenue
                        New York, New York 10017
                        Telephone: (212) 450-4000
                        Facsimile: (212) 701-5800
                        Marshall S. Huebner
                        James I. McClammy
                        Eli J. Vonnegut
                        Darren S. Klein

                        *Counsel to the Debtors*
                        *and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

### ORDER GRANTING MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 107(B) AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING IMPLEMENTATION OF 2025 KEY EMPLOYEE INCENTIVE PLAN AND 2025 KEY EMPLOYEE RETENTION PLAN

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1, authorizing the Debtors to file under seal the Compensation Motion, file a redacted version of the Compensation Motion on the public docket of these Chapter 11 Cases and for related relief, all as described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a), (b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no other or further notice of the Motion being required; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein, in that the proposed redacted information constitutes commercial information properly protected under 11 U.S.C. § 107(b) on the terms of this Order; and such relief being in the best interests of the Debtors, their estates, their creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is hereby granted as set forth herein.

2.      Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1, the Debtors are authorized to file to the public docket of these Chapter 11 Cases the redacted Compensation Motion, as set forth in the version submitted to the Court in connection with the Motion (the "**Redacted Document**").

3.      The Debtors are authorized to file the unredacted Compensation Motion (the "**Sealed Document**") under seal by providing the Sealed Document, with a copy of this Order, to the Clerk of Court, Attn: Vito Genna, in an envelope, either paper or electronic, prominently marked TO BE FILED UNDER SEAL.  The Sealed Document shall remain under seal unless otherwise ordered by the Court or disclosed in accordance with the procedures outlined in the Protective Order or as agreed to by the Debtors under appropriate confidentiality agreements satisfactory to the Debtors.

4.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.      Entry of this Order is without prejudice to the rights of any party in interest in the Chapter 11 Cases or the United States Trustee to seek an order of this Court unsealing all or part of the Redacted Document or the Sealed Document.

6.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

7.      Counsel for the Debtors shall contact the Clerk's Office regarding the return or other disposition of the Sealed Document within ten (10) days after the determination by final order of the Compensation Motion.  If the Debtors fail to do so, the Clerk of Court is authorized to destroy the Sealed Document.

White Plains, New York
Dated: _____, 2025

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE