DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
James I. McClammy
Eli J. Vonnegut
Darren S. Klein

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING
MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING
IMPLEMENTATION OF 2025 KEY EMPLOYEE INCENTIVE PLAN AND
2025 KEY EMPLOYEE RETENTION PLAN**

Pursuant to 28 U.S.C. § 1746, Rule 9075-2 of the Local Bankruptcy Rules for the Southern

District of New York (the "**Local Rules**"), and in accordance with this Court's case management

procedures set forth in the *Second Amended Order Establishing Certain Notice, Case*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Management, and Administrative Procedures*, entered on November 18, 2019 [ECF No. 498] (the

"Case Management Order"), the undersigned hereby certifies as follows:

1.      On August 14, 2025, the Debtors filed the *Motion of Debtors for Entry of an Order*

*Authorizing Implementation of 2025 Key Employee Incentive Plan and 2025 Key Employee*

*Retention Plan* [ECF No. 7754] (the "**KEIP/KERP Motion**"). In accordance with the Case

Management Order, responses or objections to entry of the proposed Order granting the

KEIP/KERP Motion were due no later than August 28, 2025, at 4:00 p.m. (prevailing Eastern

Time) (the "**Objection Deadline**"). The Case Management Order and Local Rule 9075-2 provide

that pleadings may be granted without a hearing if (a) no objections or other responsive pleadings

have been filed on or before the applicable objection deadline and (b) the attorney for the entity

that filed the pleading complies with the relevant procedural and notice requirements.

2.      As of the filing of this certificate, more than forty-eight (48) hours have elapsed

since the Objection Deadline and, to the best of my knowledge, no objections to entry of the

proposed Order granting the KEIP/KERP Motion have been (a) filed with the Court on the docket

of the above-captioned chapter 11 cases or (b) served on the Debtors or their counsel.

3.      The Debtors received informal comments with respect to the KEIP/KERP Motion

from the Official Committee of Unsecured Creditors (the "**UCC**") and the Ad Hoc Committee of

Governmental and Other Contingent Litigation Claimants (the "**Ad Hoc Committee**"). The

Debtors, the UCC and the AHC have agreed to the following modifications to the CLO's 2025

KEIP:

- The CLO's Total Target KEIP Award shall be reduced from  an amount of $2,689,218 to a new Total Target KEIP Award in the amount of $2,576,592. This $112,626 reduction to the Total Target KEIP Award for the CLO, reduces the new Total Target KEIP Award to the same amount as was approved for the CLO (then General Counsel) in 2024 pursuant to the *Order Authorizing Debtors to Implement*

*2024 Key Employee Incentive Retention Plan and 2024 Key Employee Retention Plan* [ECF NO. 6322].

4.      Consideration of the 2025 KEIP with respect to the CEO is being adjourned to the September 17, 2025 omnibus hearing, as set forth in the Notice of Adjournment filed substantially contemporaneously herewith.

5.      A revised proposed order (the "**Revised Proposed Order**") authorizing the 2025 KERP and, as to the CLO and CFO, the 2025 KEIP, subject to the modifications described herein, is attached hereto as **Exhibit A**. A comparison between the Revised Proposed Order and the proposed order that was filed with the KEIP/KERP Motion is attached hereto as **Exhibit B**.

[*Remainder of Page Intentionally Left Blank*]

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.


Dated:    September 1, 2025
          New York, New York

DAVIS POLK & WARDWELL LLP

By:   /s/ *Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
James I. McClammy
Eli J. Vonnegut
Darren S. Klein

*Counsel to the Debtors*
*and Debtors in Possession*

**Exhibit A**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT**
**2025 KEY EMPLOYEE INCENTIVE PLAN AND**
**2025 KEY EMPLOYEE RETENTION PLAN**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order

(this "**Order**") approving and authorizing the 2025 KEIP and 2025 KERP, as more fully set forth

in the Motion; and upon the DelConte Declaration and the Gartrell Declaration; and the Court

having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157(a),

(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012

(Preska, C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but otherwise not defined herein will have the meanings set forth in the Motion.

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Debtors having agreed to amend the Motion's request for relief with respect to the 2025 KEIP as described in the Certificate of No Objection (as defined herein); and the Court having reviewed the Motion as modified by the Certificate of No Objection; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein; and the Court having determined that the relief requested in the Motion, as modified by the Certificate of No Objection, is in the best interests of the Debtors, their creditors, their estates and all other parties in interest; and no objections to the Motion having been made; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      Pursuant to sections 363(b)(1) and 503(c)(3) of the Bankruptcy Code, the Motion is granted as set forth herein.

2.      Consideration of the 2025 KEIP as to the CEO is hereby adjourned to the omnibus hearing on September 17, 2025 at 11:00 a.m. (prevailing Eastern Time).

3.      The 2025 KEIP, with respect to the CLO and CFO's participation, is approved in its entirety in the modified form set forth in the *Certificate of No Objection Under 28 U.S.C. § 1746 Regarding Motion of Debtors for Entry of an Order Authorizing Implementation of 2025 Key Employee Incentive Plan and 2025 Key Employee Retention Plan* [ECF No. [●]] (the "**Certificate of No Objection**") .

4.      The 2025 KERP is approved in its entirety.

5.      The Debtors are authorized, but not directed, to take all actions necessary to implement the 2025 KEIP with respect to the CLO and CFO on the terms and conditions set forth in the Motion, as modified by the Certificate of No Objection, including making any payments pursuant to the terms of the 2025 KEIP as to the CLO and CFO (as modified by the Certificate of No Objection).

6.      The Debtors are authorized, but not directed, to take all actions necessary to implement the 2025 KERP on the terms and conditions set forth in the Motion, including making any payments pursuant to the terms of the 2025 KERP.

7.      Once earned, the Debtors' obligations to pay amounts that become due and owing under the 2025 KEIP as to the CLO and CFO shall constitute administrative expenses pursuant to section 503(b) of the Bankruptcy Code, thereby entitled to priority payment pursuant to section 507(a)(2) of the Bankruptcy Code.

8.      Once earned, the Debtors' obligations to pay amounts that become due and owing under the 2025 KERP shall constitute administrative expenses pursuant to section 503(b) of the Bankruptcy Code, thereby entitled to priority payment pursuant to section 507(a)(2) of the Bankruptcy Code.

9.      Nothing in this Order nor any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

10.     Noting in this Order shall be deemed to approve or support the KEIP proposed for the CEO, the size of the 2025 KEIP awards approved for the CLO and CFO may not be used or cited to in response to any objection to the KEIP proposed for the CEO, nothing in this Order shall

3

prejudice the rights of any party to object to the KEIP proposed for the CEO, and the rights of all parties to object to the KEIP of the CEO are reserved.

11.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

12.     Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute any claim on any ground, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

13.     For the avoidance of doubt, to the extent that any 2025 KEIP Participant or 2025 KERP Participant is (a) determined by a final order of this Court or any other court of competent jurisdiction to have (x) knowingly participated in any criminal misconduct in connection with his or her employment with the Debtors or (y) been aware, other than from public sources, of acts or omissions of others that such participant knew at the time were fraudulent or criminal with respect to the Company's commercial practices in connection with the sale of opioids and failed to report such fraudulent or criminal acts or omissions internally at the Company or to law enforcement authorities at any time during his or her employment with the Company, or (b) believed by the Company based on reasonable inquiry (including inquiry of its attorney and advisors), which inquiry shall be completed prior to any payments being made to the applicable participant, to have

met either of the standards in the foregoing clauses (a)(x) or (y), then in either case such participant

shall not be eligible to receive any payments approved by this Order.  All parties' rights, if any, to

seek disgorgement of payments following the entry of any final order referred to in clause (a) of

the foregoing sentence are reserved.

14.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or

Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the

terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

15.     The contents of the Motion and the notice procedures set forth therein are good and

sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern

District of New York, and no other or further notice of the Motion or the entry of this Order shall

be required.

16.     The Debtors are authorized to take all such actions as are necessary or appropriate

to implement the terms of this Order.

17.     The Court shall retain exclusive jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation, and enforcement of this Order.


White Plains, New York
Dated: _____, 2025


                                                  
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Comparison of Revised Proposed Order and Proposed Order Filed with**

**the KEIP/KERP Motion**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT**
**2025 KEY EMPLOYEE INCENTIVE PLAN AND**
**2025 KEY EMPLOYEE RETENTION PLAN**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order

(this "**Order**") approving and authorizing the 2025 KEIP and 2025 KERP, as more fully set

forth in the Motion; and upon the DelConte Declaration and the Gartrell Declaration; and the

Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§

157(a), (b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31,

2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but otherwise not defined herein will have the meanings set forth in the Motion.

Notice Parties, and it appearing that no other or further notice need be provided; and the Debtors having agreed to amend the Motion's request for relief with respect to the 2025 KEIP as described in the Certificate of No Objection (as defined herein); and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion (the "**Hearing**")as modified by the Certificate of No Objection; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein; and the Court having determined that the relief requested in the Motion, as modified by the Certificate of No Objection, is in the best interests of the Debtors, their creditors, their estates and all other parties in interest; and allno objections to the Motion, if any, having been withdrawn, resolved or overruledmade; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      Pursuant to sections 363(b)(1) and 503(c)(3) of the Bankruptcy Code, the Motion is granted as set forth herein.

2.      Consideration of the 2025 KEIP as to the CEO is hereby adjourned to the omnibus hearing on September 17, 2025 at 11:00 a.m. (prevailing Eastern Time).

3.      2. The 2025 KEIP, with respect to the CLO and CFO's participation, is approved in its entirety. in the modified form set forth in the *Certificate of No Objection Under 28 U.S.C. § 1746 Regarding Motion of Debtors for Entry of an Order Authorizing Implementation of 2025 Key Employee Incentive Plan and 2025 Key Employee Retention Plan* [ECF No. [●]] (the "**Certificate of No Objection**") .

4.      3. The 2025 KERP is approved in its entirety.

#100890114v7

5.    ~~4.~~ The Debtors are authorized, but not directed, to take all actions necessary to implement the 2025 KEIP with respect to the CLO and CFO on the terms and conditions set forth in the Motion, as modified by the Certificate of No Objection, including making any payments pursuant to the terms of the 2025 KEIP as to the CLO and CFO (as modified by the Certificate of No Objection).

6.    ~~5.~~ The Debtors are authorized, but not directed, to take all actions necessary to implement the 2025 KERP on the terms and conditions set forth in the Motion, including making any payments pursuant to the terms of the 2025 KERP.

7.    ~~6.~~ Once earned, the Debtors' obligations to pay amounts that become due and owing under the 2025 KEIP as to the CLO and CFO shall constitute administrative expenses pursuant to section 503(b) of the Bankruptcy Code, thereby entitled to priority payment pursuant to section 507(a)(2) of the Bankruptcy Code.

8.    ~~7.~~ Once earned, the Debtors' obligations to pay amounts that become due and owing under the 2025 KERP shall constitute administrative expenses pursuant to section 503(b) of the Bankruptcy Code, thereby entitled to priority payment pursuant to section 507(a)(2) of the Bankruptcy Code.

9.    ~~8.~~ Nothing in this Order nor any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

10.    Noting in this Order shall be deemed to approve or support the KEIP proposed for the CEO, the size of the 2025 KEIP awards approved for the CLO and CFO may not be used or cited to in response to any objection to the KEIP proposed for the CEO, nothing in this Order

#100890114v7

shall prejudice the rights of any party to object to the KEIP proposed for the CEO, and the rights of all parties to object to the KEIP of the CEO are reserved.

11.     9. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

12.     10. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute any claim on any ground, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

13.     11. For the avoidance of doubt, to the extent that any 2025 KEIP Participant or 2025 KERP Participant is (a) determined by a final order of this Court or any other court of competent jurisdiction to have (x) knowingly participated in any criminal misconduct in connection with his or her employment with the Debtors or (y) been aware, other than from public sources, of acts or omissions of others that such participant knew at the time were fraudulent or criminal with respect to the Company's commercial practices in connection with the sale of opioids and failed to report such fraudulent or criminal acts or omissions internally at the Company or to law enforcement authorities at any time during his or her employment with the Company, or (b) believed by the Company based on reasonable inquiry (including inquiry of its attorney and advisors), which inquiry shall be completed prior to any payments being made to

#100890114v7

the applicable participant, to have met either of the standards in the foregoing clauses (a)(x) or

(y), then in either case such participant shall not be eligible to receive any payments approved by

this Order.  All parties' rights, if any, to seek disgorgement of payments following the entry of

any final order referred to in clause (a) of the foregoing sentence are reserved. ~~The CEO shall not take any action with respect to his compensation under the 2025 KEIP with the intent or material effect of frustrating enforcement of any potential judgment of the Court in these Chapter 11 Cases or any other actions pending against him in any other court or jurisdiction with respect to such amounts.~~

14.   ~~12.~~ Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule

6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby

waived, and the terms and conditions of this Order shall be effective and enforceable

immediately upon its entry.

15.   ~~13.~~ The contents of the Motion and the notice procedures set forth therein are

good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for

the Southern District of New York, and no other or further notice of the Motion or the entry of

this Order shall be required.

16.   ~~14.~~ The Debtors are authorized to take all such actions as are necessary or

appropriate to implement the terms of this Order.

17.   ~~15.~~ The Court shall retain exclusive jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation, and enforcement of this Order.


White Plains, New York
Dated: _____, 2025

_____

#100890114v7

THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

#100890114v7

| Summary report: Litera Compare for Word 11.10.1.2 Document comparison done on 9/1/2025 8:44:37 PM | |
|---|---|
| **Style name:** All minus FN | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://dmsweb.ad.dpw.com/AMERICASACTIVE/100890114/1 | |
| **Modified DMS:** iw://dmsweb.ad.dpw.com/AMERICASACTIVE/100890114/7 | |
| **Changes:** | |
| Add | 34 |
| Delete | 31 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 65 |