UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (SHL)<br><br>(Jointly Administered) |

ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT
2025 KEY EMPLOYEE INCENTIVE PLAN AND
2025 KEY EMPLOYEE RETENTION PLAN

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order (this "**Order**") approving and authorizing the 2025 KEIP and 2025 KERP, as more fully set forth in the Motion; and upon the DelConte Declaration and the Gartrell Declaration; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157(a), (b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but otherwise not defined herein will have the meanings set forth in the Motion.

#100890114v7

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Debtors having agreed to amend the Motion's request for relief with respect to the 2025 KEIP as described in the Certificate of No Objection (as defined herein); and the Court having reviewed the Motion as modified by the Certificate of No Objection; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein; and the Court having determined that the relief requested in the Motion, as modified by the Certificate of No Objection, is in the best interests of the Debtors, their creditors, their estates and all other parties in interest; and no objections to the Motion having been made; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. Pursuant to sections 363(b)(1) and 503(c)(3) of the Bankruptcy Code, the Motion is granted as set forth herein.

2. Consideration of the 2025 KEIP as to the CEO is hereby adjourned to the omnibus hearing on September 17, 2025 at 11:00 a.m. (prevailing Eastern Time).

3. The 2025 KEIP, with respect to the CLO and CFO's participation, is approved in its entirety in the modified form set forth in the *Certificate of No Objection Under 28 U.S.C. § 1746 Regarding Motion of Debtors for Entry of an Order Authorizing Implementation of 2025 Key Employee Incentive Plan and 2025 Key Employee Retention Plan* [ECF No. [●]] (the "**Certificate of No Objection**") .

4. The 2025 KERP is approved in its entirety.

#100890114v7

5. The Debtors are authorized, but not directed, to take all actions necessary to implement the 2025 KEIP with respect to the CLO and CFO on the terms and conditions set forth in the Motion, as modified by the Certificate of No Objection, including making any payments pursuant to the terms of the 2025 KEIP as to the CLO and CFO (as modified by the Certificate of No Objection).

6. The Debtors are authorized, but not directed, to take all actions necessary to implement the 2025 KERP on the terms and conditions set forth in the Motion, including making any payments pursuant to the terms of the 2025 KERP.

7. Once earned, the Debtors' obligations to pay amounts that become due and owing under the 2025 KEIP as to the CLO and CFO shall constitute administrative expenses pursuant to section 503(b) of the Bankruptcy Code, thereby entitled to priority payment pursuant to section 507(a)(2) of the Bankruptcy Code.

8. Once earned, the Debtors' obligations to pay amounts that become due and owing under the 2025 KERP shall constitute administrative expenses pursuant to section 503(b) of the Bankruptcy Code, thereby entitled to priority payment pursuant to section 507(a)(2) of the Bankruptcy Code.

9. Nothing in this Order nor any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

10. Noting in this Order shall be deemed to approve or support the KEIP proposed for the CEO, the size of the 2025 KEIP awards approved for the CLO and CFO may not be used or cited to in response to any objection to the KEIP proposed for the CEO, nothing in this Order shall

#100890114v7

prejudice the rights of any party to object to the KEIP proposed for the CEO, and the rights of all parties to object to the KEIP of the CEO are reserved.

11. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

12. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute any claim on any ground, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

13. For the avoidance of doubt, to the extent that any 2025 KEIP Participant or 2025 KERP Participant is (a) determined by a final order of this Court or any other court of competent jurisdiction to have (x) knowingly participated in any criminal misconduct in connection with his or her employment with the Debtors or (y) been aware, other than from public sources, of acts or omissions of others that such participant knew at the time were fraudulent or criminal with respect to the Company's commercial practices in connection with the sale of opioids and failed to report such fraudulent or criminal acts or omissions internally at the Company or to law enforcement authorities at any time during his or her employment with the Company, or (b) believed by the Company based on reasonable inquiry (including inquiry of its attorney and advisors), which inquiry shall be completed prior to any payments being made to the applicable participant, to have

#100890114v7

met either of the standards in the foregoing clauses (a)(x) or (y), then in either case such participant shall not be eligible to receive any payments approved by this Order. All parties' rights, if any, to seek disgorgement of payments following the entry of any final order referred to in clause (a) of the foregoing sentence are reserved.

14. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

15. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

16. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

17. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York  
Dated: September 8, 2025

*/s/ Sean H. Lane*

THE HONORABLE SEAN H. LANE  
UNITED STATES BANKRUPTCY JUDGE

#100890114v7