DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
James I. McClammy
Eli J. Vonnegut
Darren S. Klein

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' STATEMENT IN SUPPORT OF MOTION OF DEBTORS FOR ENTRY OF
AN ORDER AUTHORIZING IMPLEMENTATION OF 2025 KEY EMPLOYEE
INCENTIVE PLAN AND 2025 KEY EMPLOYEE RETENTION PLAN**

Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**" or the "**Company**") respectfully submit this statement (this "**Statement**") in support of the *Motion of Debtors for Entry of an Order Authorizing*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Implementation of 2025 Key Employee Incentive Plan and 2025 Key Employee Retention Plan* [ECF No. 7754] (the "**Motion**").[2]

## STATEMENT

1. On September 8, 2025, this Court entered the *Order Authorizing the Debtors to Implement the 2025 Key Employee Incentive Plan and the 2025 Key Employee Retention Plan* [ECF No. 7830] (the "**2025 KERP/KEIP Order**"), approving (i) the 2025 KERP in its entirety and (ii) the 2025 KEIP, with respect to the CLO and CFO's participation, in its entirety in the modified form set forth in the *Certificate of No Objection Under 28 U.S.C. § 1746 Regarding Motion of Debtors for Entry of an Order Authorizing Implementation of the 2025 Key Employee Incentive Plan and 2025 Key Employee Retention Plan* [ECF No. 7809]. Pursuant to the 2025 KERP/KEIP Order, consideration of the 2025 KEIP as it relates to the CEO (the "**CEO 2025 KEIP**") was adjourned to the omnibus hearing scheduled for September 17, 2025, at 11:00 a.m. (prevailing Eastern Time).

2. The Debtors are pleased to report that no parties have filed an objection to the CEO 2025 KEIP and in light of certain agreed-upon modifications described below, no party opposes approval of the proposed CEO 2025 KEIP. Accordingly, the relief sought in the Motion with respect to the CEO 2025 KEIP, as supplemented by this Statement, is uncontested.

3. As set forth in the Motion, the Debtors consulted with the Official Committee of Unsecured Creditors (the "**UCC**") and certain other case parties prior to filing the Motion. The relief sought in the Motion reflected input from those discussions, though at the time of filing the Debtors remained in active dialogue with such parties regarding the relief requested. As a result of further post-filing discussions, the Debtors and the UCC have agreed to certain modifications to

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

2

the CEO 2025 KEIP. As of the Objection Deadline, no party filed an objection to the relief requested.

## THE AGREED MODIFICATIONS

4. The Debtors have agreed to make the following modifications to the CEO 2025 KEIP:

- The CEO will forgo $500,000 of his total compensation in the manner set forth below.
- First, the Total Target 2025 KEIP Award for the CEO shall be reduced from $3,178,618 to $2,928,618.
- Second, promptly following payment of the 2025 KEIP, $250,000 of the CEO's 2025 KEIP shall be donated to a nation-wide not for profit organization that addresses opioid use and addiction, that has been agreed to by the UCC and the CEO.

5. The Debtors submit that the grounds set forth in the Motion, as well as in the DelConte Declaration and Gartrell Declaration, continue to support approval of the 2025 KEIP with respect to the CEO, subject to the modifications as set forth herein. For these reasons, the Debtors urge the Court to grant such relief, subject to the modifications described in this Statement.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, for the foregoing reasons and the reasons stated in the Motion, the Debtors respectfully request that the Court promptly grant the relief requested in the Motion with respect to the proposed CEO 2025 KEIP.

Dated:    September 12, 2025
          New York, New York

DAVIS POLK & WARDWELL LLP

By:    /s/ *Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
James I. McClammy
Eli J. Vonnegut
Darren S. Klein

*Counsel to the Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

### SUPPLEMENTAL ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT 2025 KEY EMPLOYEE INCENTIVE PLAN

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**" or the "**Company**") for entry of an order (this "**Order**") approving and authorizing the 2025 KEIP and 2025 KERP, as more fully set forth in the Motion; and upon the DelConte Declaration and the Gartrell Declaration; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157(a), (b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Debtors having agreed to amend the Motion's request for relief with respect to the CEO's participation in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but otherwise not defined herein will have the meanings set forth in the Motion.

the 2025 KEIP as set forth in the Debtors' Statement (as defined herein); and the Motion's request for relief (as modified as set forth in the *Certificate of No Objection Under 28 U.S.C. § 1746 Regarding Motion of Debtors for Entry of an Order Authorizing Implementation of 2025 Key Employee Incentive Plan and 2025 Key Employee Retention Plan* [ECF 7809]) with respect to the 2025 KERP and the participation of the CLO and CFO in the 2025 KEIP having been granted as set forth in the *Order Authorizing the Debtors to Implement 2025 Key Employee Retention Plan and 2025 Key Employee Incentive Plan* [ECF No. 7830]; and upon the record of the hearing held by the Court on the Motion's amended request for approval of the 2025 KEIP as to the CEO on September 17, 2025 (the "**Hearing**"); and there being no unresolved objections to the relief granted herein; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion, as amended by the Statement, and at the Hearing establish good and sufficient cause for the relief granted herein; and the Court having determined that the relief requested in the Motion, as modified by the Statement, is in the best interests of the Debtors, their creditors, their estates and all other parties in interest; and no objections to the Motion having been made; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. Pursuant to sections 363(b)(1) and 503(c)(3) of the Bankruptcy Code, the Motion is granted as set forth herein.

2. The 2025 KEIP, with respect to the CEO's participation, is approved in its entirety in the modified form as set forth in the *Debtors' Statement in Support of Motion of Debtors for Entry of an Order Authorizing Implementation of 2025 Key Employee Incentive Plan and 2025 Key Employee Retention Plan* [ECF No. [ ]] (the "**Statement**") and this Order.

3. The Total Target 2025 KEIP Award for the CEO shall be reduced from $3,178,618 to $2,928,618.

4. Promptly following payment of the 2025 KEIP, $250,000 of the CEO's 2025 KEIP shall be donated to a nation-wide not for profit organization that addresses opioid use and addiction, that has been agreed to by the UCC and the CEO.

5. The Debtors are authorized, but not directed, to take all actions necessary to implement the 2025 KEIP with respect to the CEO on the terms and conditions set forth in the Motion, but solely as modified by the Statement and this Order, including making any payments pursuant to the terms of the 2025 KEIP as to the CEO (as modified by the Statement and this Order).

6. Once earned, the Debtors' obligations to pay amounts that become due and owing under the 2025 KEIP as to the CEO shall constitute administrative expenses pursuant to section 503(b) of the Bankruptcy Code, thereby entitled to priority payment pursuant to section 507(a)(2) of the Bankruptcy Code.

7. Nothing in this Order nor any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

9. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute any claim on any ground, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

10. For the avoidance of doubt, to the extent that the CEO is (a) determined by a final order of this Court or any other court of competent jurisdiction to have (x) knowingly participated in any criminal misconduct in connection with his employment with the Debtors or (y) been aware, other than from public sources, of acts or omissions of others that the CEO knew at the time were fraudulent or criminal with respect to the Company's commercial practices in connection with the sale of opioids and failed to report such fraudulent or criminal acts or omissions internally at the Company or to law enforcement authorities at any time during his employment with the Company, or (b) believed by the Company based on reasonable inquiry (including inquiry of its attorneys and advisors), which inquiry shall be completed prior to any payments being made to the CEO, to have met either of the standards in the foregoing clauses (a)(x) or (y), then in either case the CEO shall not be eligible to receive any payments approved by this Order. All parties' rights, if any, to seek disgorgement of payments following the entry of any final order referred to in clause (a) of the foregoing sentence are reserved. The CEO shall not take any action with respect to his compensation under the 2025 KEIP with the intent or material effect of frustrating enforcement of any potential judgment of the Court in these Chapter 11 Cases or any other actions pending against him in any other court or jurisdiction with respect to such amounts.

11. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

13. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

14. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2025

THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE