HEARING DATE AND TIME: Nov. 18, 2025 at 10:00 a.m. (Eastern Time)

WHITE & CASE LLP
Southeast Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 371-2700
Fax: (305) 358-5744
Thomas E Lauria (admitted *pro hac vice*)

1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 819-8200
Fax: (212) 354-8113
J. Christopher Shore
Michele J. Meises

*Co-Counsel for Ad Hoc Group of Individual
Victims of Purdue Pharma L.P., et al.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Purdue Pharma L.P., *et al.*,[1] | Case No. 19-23649 (SHL) |
| Debtors. | (Jointly Administered) |

**NOTICE OF FILING OF REVISED PROPOSED ORDER REGARDING
APPLICATION OF THE AD HOC GROUP OF INDIVIDUAL VICTIMS PURSUANT
TO 11 U.S.C. §§ 503(b)(3)(D) AND 503(b)(4) FOR ALLOWANCE AND PAYMENT
OF PROFESSIONAL FEES AND EXPENSES INCURRED BY WHITE & CASE LLP
IN MAKING A SUBSTANTIAL CONTRIBUTION TO THESE CASES**

**PLEASE TAKE NOTICE** that on October 17, 2025, the Ad Hoc Group of Individual

Victims of Purdue Pharma L.P., *et al.* (the "**Ad Hoc PI Group**") filed an Application Pursuant

to 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4) for Allowance and Payment of Professional Fees

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

and Expenses Incurred by White & Case LLP in Making a Substantial Contribution to These Cases (the "**Application**").

**PLEASE TAKE FURTHER NOTICE** that the Ad Hoc PI Group hereby files a revised proposed Order Granting Application of the Ad Hoc PI Group of Individual Victims Pursuant to 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4), and 1129(a)(4) for Allowance and Payment of Professional Fees and Expenses incurred by White & Case LLP (the "**Revised Proposed Order**").  The Revised Proposed Order is attached hereto as **Exhibit A**.  A blackline of the Revised Proposed Order reflecting changes from the proposed order attached to the Application as Exhibit A is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that the Revised Proposed Order will be presented at the hearing on the Application (the "**Hearing**"), which will be held on **November 18, 2025 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"); *provided* that such Hearing shall be conducted **via Zoom for Government**® unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Revised Proposed Order and all related papers may be obtained free of charge by visiting the website of Kroll Restructuring Administration LLC at https://restructuring.ra.kroll.com/purduepharma/.  You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*The remainder of this page is intentionally left blank*]

| | |
|---|---|
| Dated: November 17, 2025<br>New York, New York | WHITE & CASE LLP<br><br>By: /s/ *J. Christopher Shore*<br><br>J. Christopher Shore<br>Michele J. Meises<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Tel: (212) 819-8200<br>Fax: (305) 358-5744<br>cshore@whitecase.com<br>michele.meises@whitecase.com<br><br>Thomas E Lauria (admitted *pro hac vice*)<br>Southeast Financial Center, Suite 4900<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: (305) 371-2700<br>Fax: (305) 358-5744<br>tlauria@whitecase.com<br><br>*Co-Counsel for Ad Hoc Group of Individual Victims of Purdue Pharma L.P., et al.* |

# **<u>EXHIBIT A</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| | ) | |
| Purdue Pharma L.P., *et al.*,[1] | ) | Case No. 19-23649 (SHL) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**ORDER GRANTING APPLICATION
OF THE AD HOC GROUP OF INDIVIDUAL VICTIMS
PURSUANT TO 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4), AND 1129(a)(4)
FOR ALLOWANCE AND PAYMENT OF PROFESSIONAL FEES
AND EXPENSES INCURRED BY WHITE & CASE LLP**

Upon consideration of the application (ECF No. 8051) (the "**Application**") of the Ad Hoc Group of Individual Victims (the "**Ad Hoc PI Group**")[2] of Purdue Pharma L.P., *et al.*, pursuant to sections 503(b)(3)(D) and 503(b)(4) of title 11 of the United States Code (the "**Bankruptcy Code**") and Section 5.9(h) of the Plan for entry of an order for the allowance of reasonable fees and actual, necessary expenses incurred for services rendered (the "**Services**") by White & Case LLP ("**W&C**"), as co-counsel to the Ad Hoc PI Group, as an administrative expense incurred in connection with making a substantial contribution in the Chapter 11 Cases of the above-captioned debtors and debtors in possession (the "**Debtors**"); and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Application or the *Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* (ECF No. 8233) (the "**Plan**").

consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§1408 and 1409; and due and sufficient notice of the Application having been provided; and it appearing that no other or further notice need be provided; and after due consideration and sufficient cause appearing therefor;

**IT IS HEREBY FOUND THAT:**

A.    The Ad Hoc PI Group has made a substantial contribution to the Debtors' estates within the meaning of section 503(b)(3)(D) of the Bankruptcy Code as and to the extent set forth herein; and that the Ad Hoc PI Group is entitled to the allowance of an administrative expense claim under section 503(b)(4) of the Bankruptcy Code for reasonable compensation for professional services rendered and expenses incurred by White & Case LLP in connection with its substantial contribution in these chapter 11 cases in the amount of $17,864,064.59 (the "**Allowed 503(b) Amount**").,

B.    The amount of fees and expenses equal to the difference between the revised amounts sought in the Application and the Allowed 503(b) Amount in the amount of $5,468,890.84 (the "**Remaining Amount**") is reasonable and in compliance with section 1129(a)(4) of the Bankruptcy Code; now, therefore, it is hereby

**ORDERED** that the Application is **GRANTED** as modified and set forth herein:

1.    The Debtors are authorized and directed to pay, prior to December 15, 2025, White & Case LLP, as co-counsel to the Ad Hoc PI Group, the Allowed 503(b) Amount equal to $17,864,064.59 for professional fees and expenses incurred from March 2020 through September 30, 2025 as an allowed administrative expense.

2.     The Debtors are authorized and directed to pay White & Case LLP for all reasonable, documented professional fees and expenses incurred as counsel to the Ad Hoc PI Group, without the application of the Multiplier, from October 1, 2025 through the Effective Date in an amount not to exceed $850,000 in the aggregate (the "**Post-Compensation Period 503(b) Cap**"), no earlier than twenty (20) days following the submission of an invoice to the Debtors, with a copy to counsel to the Creditors' Committee, the Ad Hoc Committee, and the State Negotiating Committee.  Any outstanding amounts incurred by White & Case LLP as of the Effective Date (subject to the Post-Compensation Period 503(b) Cap) shall be payable on the Effective Date without further application to the Court, but shall be paid in accordance with the terms of the Plan.

3.     The amount of fees and expenses equal to the difference between the revised amounts sought in the Application[3] and the Allowed 503(b) Amount in the amount of $5,468,890.84 (the "**Remaining Amount**") is approved as reasonable under section 1129(a)(4) of the Bankruptcy Code, *provided,* that, for the avoidance of doubt, the Debtors are not authorized to, and shall not, pay the Remaining Amount from the estates.  The PI Trustee is authorized and directed to pay White & Case LLP from the PI Trust promptly after the Effective Date of the Plan, in accordance with Section 5.9(h)(i) of the Plan and the PI Trust Documents, (i) $5,468,890.84, i.e., the Remaining Amount, for professional services rendered during the Compensation Period (inclusive of the incremental fee amount as a result of the Multiplier in the amount of $5,065,716.02), and (ii) the reasonable, documented professional fees and expenses incurred as counsel to the Ad Hoc PI Group from October 1, 2025 through the Effective Date in an amount up

---

[3] W&C has reduced the amount sought in the Application through September 30, 2025 from $24,058,761.87 to $23,332,955.43.

to $1.5 million minus the Post-Compensation Period 503(b) Cap without further application to the Court.

4.  Except as set forth herein, White & Case LLP shall not seek or be entitled to the payment of any fees or expenses from the Debtors' estates, the Master Disbursement Trust, the Plan Administration Trust and/or NewCo; provided that nothing in this Order shall prejudice the rights of White & Case LLP to be paid from the PI Trust in accordance with the Plan.

5.  The Debtors, the PI Trustee, and the Ad Hoc PI Group are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6.  The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.[4]

Dated: _____, 2025

                                        THE HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

---

[4] Nothing in this Order precludes the filing by ASK, as co-counsel to the Ad Hoc PI Group, and A&T, as the Ad Hoc PI Group's mass torts legal advisor, from filing separate applications for compensation for the services they rendered on behalf of the Ad Hoc PI Group under section 1129(a)(4) of the Bankruptcy Code.

# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| Purdue Pharma L.P., *et al.*,[1] | ) Case No. 19-23649 (SHL) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

**ORDER GRANTING APPLICATION**
**OF THE AD HOC GROUP OF INDIVIDUAL VICTIMS**
**PURSUANT TO 11 U.S.C. §§ 503(b)(3)(D) AND, 503(b)(4), AND 1129(a)(4)**
**FOR ALLOWANCE AND PAYMENT OF PROFESSIONAL FEES**
**AND EXPENSES INCURRED BY WHITE & CASE LLP**
**IN MAKING A SUBSTANTIAL CONTRIBUTION TO THESE CASES**

Upon consideration of the application (ECF No. 8051) (the "**Application**") of the Ad Hoc Group of Individual Victims (the "**Ad Hoc PI Group**")[2] of Purdue Pharma L.P., *et al.*, pursuant to sections 503(b)(3)(D) and 503(b)(4) of title 11 of the United States Code (the "**Bankruptcy Code**") and Section 5.9(h) of the Plan for entry of an order for the allowance of reasonable fees and actual, necessary expenses incurred for services rendered (the "**Services**") by White & Case LLP ("**W&C**"), as co-counsel to the Ad Hoc PI Group, as an administrative expense incurred in connection with making a substantial contribution in the Chapter 11 Cases of the above-captioned debtors and debtors in possession (the "**Debtors**"); and this Court having

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Application or the *Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* (ECF No. 8233) (the "**Plan**").

131828264

jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§1408 and 1409; and due and sufficient notice of the Application having been provided; and it appearing that no other or further notice need be provided; and ~~it appearing that the relief requested in the Application is in the best interest of the Debtors, their estates, and stakeholders; and~~ after due consideration and sufficient cause appearing therefor;

**IT IS HEREBY FOUND THAT** ~~the~~ :

  A. The Ad Hoc PI Group has made a substantial contribution to the Debtors' estates within the meaning of section 503(b)(3)(D) of the Bankruptcy Code as and to the extent set forth herein; and that the Ad Hoc PI Group is entitled to the allowance of an administrative expense claim under section 503(b)(4) of the Bankruptcy Code for ~~reasonably~~ reasonable compensation for professional services rendered and expenses incurred by White & Case LLP~~,~~ in connection with its substantial contribution in these chapter 11 cases~~; now, therefore, it is hereby~~ in the amount of $17,864,064.59 (the "**Allowed 503(b) Amount**")~~.~~,

  B. The amount of fees and expenses equal to the difference between the revised amounts sought in the Application and the Allowed 503(b) Amount in the amount of $5,468,890.84 (the "**Remaining Amount**") is reasonable and in compliance with section 1129(a)(4) of the Bankruptcy Code; now, therefore, it is hereby

  **ORDERED** that the Application is **GRANTED** as modified and set forth herein:

  1. The Debtors are authorized and directed to pay, ~~within twenty (20) days of the date hereof~~ prior to December 15, 2025, White & Case LLP, as co-counsel to the Ad Hoc PI Group, the ~~sum of~~ Allowed 503(b) Amount equal to $~~24,058,761.87~~17,864,064.59 for

131828264

professional fees and expenses incurred from March 2020 through September 30, 2025 as an allowed administrative expense ~~pursuant to the Plan~~.

2. The Debtors are authorized and directed to pay White & Case LLP for all reasonable, documented professional fees and expenses incurred ~~(including the 1.35x multiplier)~~ as counsel to the Ad Hoc PI Group, **without the application of the Multiplier,** from October 1, 2025 through the Effective Date in an amount not to exceed $~~1.5 million~~**850,000 in the aggregate (the "Post-Compensation Period 503(b) Cap"), no earlier than twenty (20) days following the submission of an invoice to the Debtors, with a copy to counsel to the Creditors' Committee, the Ad Hoc Committee, and the State Negotiating Committee. Any outstanding amounts incurred by White & Case LLP as of the Effective Date (subject to the Post-Compensation Period 503(b) Cap) shall be payable** on the Effective Date without further application to the Court**, but shall be paid in accordance with the terms of the Plan**.

3. **The amount of fees and expenses equal to the difference between the revised amounts sought in the Application[3] and the Allowed 503(b) Amount in the amount of $5,468,890.84 (the "Remaining Amount") is approved as reasonable under section 1129(a)(4) of the Bankruptcy Code,** *provided,* **that, for the avoidance of doubt, the Debtors are not authorized to, and shall not, pay the Remaining Amount from the estates. The PI Trustee is authorized and directed to pay White & Case LLP from the PI Trust promptly after the Effective Date of the Plan, in accordance with Section 5.9(h)(i) of the Plan and the PI Trust Documents, (i) $5,468,890.84, i.e., the Remaining Amount, for professional services rendered during the Compensation Period (inclusive of the incremental fee amount as a result of the Multiplier in the amount of $5,065,716.02), and (ii) the reasonable, documented professional fees and expenses**

---

[3] W&C has reduced the amount sought in the Application through September 30, 2025 from $24,058,761.87 to $23,332,955.43.

131828264

incurred as counsel to the Ad Hoc PI Group from October 1, 2025 through the Effective Date in an amount up to $1.5 million minus the Post-Compensation Period 503(b) Cap without further application to the Court.

4. Except as set forth herein, White & Case LLP shall not seek or be entitled to the payment of any fees or expenses from the Debtors' estates, the Master Disbursement Trust, the Plan Administration Trust and/or NewCo; provided that nothing in this Order shall prejudice the rights of White & Case LLP to be paid from the PI Trust in accordance with the Plan.

5. 3. The Debtors, the PI Trustee, and the Ad Hoc PI Group are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. 4. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.[34]

Dated: _____, 2025

                                                                                                         _____
                                                                                                          THE HONORABLE SEAN H. LANE
                                                                                                          UNITED STATES BANKRUPTCY JUDGE

---

[34] Nothing in this Order precludes the filing by ASK, as co-counsel to the Ad Hoc PI Group, and A&T, as the Ad Hoc PI Group's mass torts legal advisor, from filing separate applications for compensation for the services they rendered on behalf of the Ad Hoc PI Group under section 1129(a)(4) of the Bankruptcy Code.

| Summary report: Litera Compare for Word 11.12.0.83 Document comparison done on 11/17/2025 3:10:09 PM | |
|---|---|
| **Style name:** 2_WC_StandardSet | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://americasdms.whitecase.com/AMERICAS/131828264/1 | |
| **Modified DMS:** iw://americasdms.whitecase.com/AMERICAS/131828264/7 | |
| **Changes:** | |
| Add | 38 |
| Delete | 17 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 57 |