# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

---

**In re:**
**PURDUE PHARMA, L.P., et al.,**
Debtors.

Case No. **19-23649**
Chapter **11**

---

**ELLEN ISAACS**, Pro Se
Claimant,

v.

**PURDUE PHARMA, L.P., et al.,**
Debtors.

---

# MOTION FOR HEARING

**COMES NOW** Ellen Isaacs, appearing **Pro Se**, and respectfully files this **Motion for Hearing** on the *Motion to Pierce the Corporate Veil and Hold the Sackler Family Individually Liable*, submitted on **December 16, 2025**, and states as follows:

---

### I. PROCEDURAL BACKGROUND

1. Prior to submitting the Motion, the Claimant contacted the Court to inquire about the proper procedure for scheduling a hearing.

2. During that communication, the Claimant was advised by a Court representative that she must **contact Chambers** for the Judge or the Judge's Clerk to schedule the hearing. This was the same procedure followed when Judge Robert Drain previously presided over this case.

3. On **December 16, 2025**, the Claimant emailed the Motion to Chambers, along with a cover letter respectfully requesting that **Judge Lane's Clerk, Ms. Liza Holly**, schedule the requested hearing.

4. The Claimant simultaneously **served all required parties**, including Pro Se litigants, the Debtors, the U.C.C., the Department of Justice, and the Purdue PI Trust, in compliance with the Bankruptcy Code.

5. The Motion was also filed through the **Pro Se Portal** on the same date.

---

## II. SUBSEQUENT EVENTS

6. Following the email to Chambers, the Claimant received multiple messages from other Pro Se litigants expressing fear and concern. These messages included statements advising the Claimant not to contact Chambers, asserting that such contact was improper, and warning the Claimant that she could be "held accountable" for including Pro Se parties on the Chambers email.

7. This was the **first time** the Claimant had ever been informed—by anyone—that contacting Chambers was allegedly improper.

8. The Claimant acted solely based on **explicit guidance provided by Court personnel**, not on personal interpretation or assumption.

9. On **December 17, 2025**, seeking clarification, the Claimant again contacted the Court and asked the same procedural question. The response was consistent with the prior guidance:
   *"You need to call Chambers for the Judge or his clerk to schedule the hearing,"* and the Claimant was transferred accordingly.

10. The Claimant reached Ms. Holly's voicemail and left a respectful message requesting a return call to schedule the hearing.

---

## III. LACK OF RESPONSE

11. To date, the Claimant has **not received a response** to either the email sent to Chambers or the voicemail message left on December 17, 2025.

12. The Claimant has **never previously had any issue or incident** with Chambers, including with Ms. Dorothy Li or Ms. Liza Holly.

13. At all times, the Claimant has acted in good faith and in reliance upon instructions provided by the Court.

---

## IV. CONCERN REGARDING PROCEDURAL FAIRNESS

14. The Claimant respectfully raises concern that Pro Se litigants appear to receive **unequal guidance, inconsistent information, and diminished procedural clarity** when compared to represented parties such as the Debtors, the U.C.C., the DOJ, and the Purdue PI Trust.

15. Pro Se litigants must be afforded **equal access, equal procedural treatment, and clear guidance**, consistent with principles of due process and fairness.

---

## V. RELIEF REQUESTED

**WHEREFORE**, the Claimant respectfully requests that the Court:

A. Schedule a hearing on the *Motion to Pierce the Corporate Veil and Hold the Sackler Family Individually Liable*;
 B. Provide confirmation of the proper procedure for requesting hearings so the Claimant may continue to comply fully with Court rules; and
 C. Grant such other and further relief as the Court deems just and proper.

---

**Respectfully submitted,**

/s/Ellen Isaacs
 Pro Se Litigant

3

## CERTIFICATE OF SERVICE

I hereby certify that on **December 16, 2025**, I caused a true and correct copy of the foregoing **Motion for Hearing on the Motion to Pierce the Corporate Veil and Hold the Sackler Family Individually Liable** to be served by **electronic mail** and/or through the **Court's Pro Se Filing Portal**, as applicable, upon the following parties:

- Debtors and Debtors' Counsel
- Official Committee of Unsecured Creditors
- United States Department of Justice
- Purdue PI Trust
- Pro Se Claimants who have provided electronic mail addresses

Service was made in accordance with the Federal Rules of Bankruptcy Procedure and any applicable Court orders governing service.

---

**Dated:** December 18, 2025