**Hearing Date and Time: February 26, 2026, at 11:00 a.m. (prevailing Eastern Time)**
**Response Date and Time: February 20, 2026, at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Ben Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| Debtors.[1] | **(Jointly Administered)** |

# NOTICE OF HEARING REGARDING MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 107(C) AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH DEBTORS' THIRD OMNIBUS CLAIMS OBJECTION (NO LIABILITY, LATE FILED, SATISFIED, DUPLICATIVE, REDUNDANT, AMENDED AND REPLACED, MISCLASSIFIED, REDUCED, AND/OR WRONG DEBTOR CLAIMS)

**PLEASE TAKE NOTICE** that on January 27, 2026, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the annexed *Motion for Entry of Order Authorizing the Filing of Certain Information under Seal in Connection with Debtors' Third*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Omnibus Claims Objection (No Liability, Late Filed, Satisfied, Duplicative, Redundant, Amended and Replaced, Misclassified, Reduced, and/or Wrong Debtor Claims)* (the "**Motion to Seal**").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion to Seal will be held on **February 26, 2026, at 11:00 a.m. (prevailing Eastern Time)** (the "**Hearing**") before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"); *provided that* such Hearing shall be conducted **via Zoom for Government**® unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to participate in the Hearing are required to register their appearance by **4:00 p.m. (Prevailing Eastern Time) the day before the Hearing** at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion to Seal shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with Local Bankruptcy Rule 5005-2 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD or other electronic media, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of

the Bankruptcy Court and Local Bankruptcy Rule 5005-2, to the extent applicable, and shall be served in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498], so as to be filed and received no later than **February 20** at **4:00 p.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and served with respect to the Motion to Seal, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion to Seal, which order may be entered without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default; *provided that* objecting parties shall attend the Hearing **via Zoom for Government**® unless otherwise ordered by the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that copies of the Motion to Seal may be obtained free of charge by visiting the website of Kroll Restructuring Administration at https://restructuring.ra.kroll.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:   January 27, 2026
         New York, New York

                        DAVIS POLK & WARDWELL LLP

                        By:   */s/ James I. McClammy*

                        450 Lexington Avenue
                        New York, New York 10017
                        Telephone: (212) 450-4000
                        Facsimile:  (212) 701-5800
                        Marshall S. Huebner
                        Ben Kaminetzky
                        James I. McClammy
                        Eli J. Vonnegut

                        *Counsel to the Debtors*
                        *and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Ben Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| Debtors.[1] | **(Jointly Administered)** |

**MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 107(C)
AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL
IN CONNECTION WITH DEBTORS' THIRD OMNIBUS CLAIMS OBJECTION
(NO LIABILITY, LATE FILED, SATISFIED, DUPLICATIVE, REDUNDANT,
AMENDED AND REPLACED, MISCLASSIFIED, REDUCED,
AND/OR WRONG DEBTOR CLAIMS)**

Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby file this *Motion for Entry of Order Authorizing*

---

[1] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*the Filing of Certain Information Under Seal in Connection with Debtors' Third Omnibus Claims Objection (No Liability, Late Filed, Satisfied, Duplicative, Redundant, Amended and Replaced, Misclassified, Reduced, and/or Wrong Debtor Claims)* (this "**Motion**"), pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, seeking entry of an order, in the form attached hereto as **Exhibit A**, for the purpose of filing under seal certain portions of their forthcoming *Third Omnibus Claims Objection (No Liability, Late Filed, Satisfied, Duplicative, Redundant, Amended and Replaced, Misclassified, Reduced, and/or Wrong Debtor Claims)* (together with its accompanying notice of objection, proposed order, exhibits, and schedules, the "**Objection**").[2]

### Relief Requested

1.      By this Motion to Seal, the Debtors request the entry of an order, pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, authorizing the Debtors to file under seal certain personal identifying information (the "**Personal Identifying Information**") related to individual claimants who are not current or former employees of Debtors (the "**Claimants**")[3] who filed claims to which Debtors object in the Objection (the "**Claims**") and directing that such information remain under seal, remain confidential and not be made available to any third party absent authorization under an order from this Court. In accordance with the Local Bankruptcy Rules and Chambers Rules, the Debtors shall provide an unredacted copy of the Objection to the Court and Clerk of Court.

---

[2] Unless otherwise noted, emphasis has been added to quotations, and internal quotations, brackets, citations, and footnotes have been omitted. Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Objection.

[3] For the avoidance of doubt, Debtors are not requesting that the Court seal personal identifying information related to individuals who are Debtors' current or former employees, given that these claims do not implicate the same medical privacy concerns identified herein as to claims filed by non-employee individual claimants. Debtors reserve their right, however, to request that the Court seal personal identifying information related to Debtors' employees in future filings to the extent a reasonable basis arises to submit that request.

2.   The Debtors have provided unredacted copies of the Objection to the Official Committee of Unsecured Creditors (the "**Committee**"), the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "**AHC**"), and the Multi-State Governmental Entities Group (the "**MSGE**"), subject to the *Third Amended Protective Order* [ECF No. 1935] (the "**Protective Order**"). The Debtors have also provided copies of the Objection tailored to each specific Claimant that show, in unredacted form, all Personal Identifying Information related to that Claimant, while redacting all Personal Identifying Information related to other Claimants. The Debtors will continue to engage with these constituencies and will provide unredacted copies of the Objection, together with additional supporting information, to the advisors of other stakeholders at their request, subject to the Protective Order.

## Jurisdiction and Venue

3.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is sections 105(a) and 107(c) of the Bankruptcy Code.

## General Background

4.   On September 15, 2019 (the "**Petition Date**"), the Debtors commenced the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by filing with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The United States Trustee appointed the Committee on September 27, 2019. *See Notice of Appointment of Official Committee of Unsecured Creditors* [ECF No. 131]. No trustee has been appointed in these Chapter 11 Cases.

3

5. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by this Court on September 18, 2019 in each of the Chapter 11 Cases.

### Basis for Relief Requested

6. Bankruptcy Code section 107 provides bankruptcy courts with the power to issue orders that will protect entities from the potential harm resulting from the disclosure of confidential or sensitive information. This includes Section 107(c), which states—in pertinent part—that bankruptcy courts "for cause, may protect" certain personal information if its disclosure "would create undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. 107(c)(1). Indeed, this Court has previously protected personal information in this case, in particular, by ordering that "[a]ll Personal Injury Claimant Proof of Claim Forms and any supporting documentation submitted with the forms, shall remain highly confidential and shall not be made available to the public." *Order Establishing (I) Deadlines for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof* (the "**Claim Procedures Order**") ¶ 5 [ECF No. 800]. The Debtors moved for the relief granted in the Claims Procedure Order on account of "the sensitive nature of information requested in [these forms], including information protected by the Health Insurance Portability and Accountability Act of 1996." *Debtors' Motion for Entry of an Order (I) Establishing Deadlines for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof* (the "**Claim Procedures Motion**") ¶ 22 [ECF No. 717].

7. "The type of information protected from disclosure under section 107(c) includes information that may be used, alone or in conjunction with other information to identify specific individuals." *In re Endo Int'l plc,* 2022 WL 16640880, at *10 (Bankr. S.D.N.Y. Nov. 2, 2022).

This can include an individuals' name and their home addresses. *See, e.g., In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 750 (D. Del. 2018) (holding "names, addresses, social security numbers, and other identifiers" were "protectable information").

8. Courts have identified numerous manners in which the disclosure of names and home addresses can create undue risk of "unlawful injury." For example, in *In re Genesis Global HoldCo, LLC*, the court sealed certain creditors' names, addresses, and other contact information, given the "risk of financial or physical harm" these creditors would face if this information was publicly disclosed. 652 B.R. 618, 637 (Bankr. S.D.N.Y. 2023); *see also Endo,* 2022 WL 16640880, at *10 ("Home addresses [are protectable under Section 107(c)], as it is taken as a 'given' that they constitute personally identifiable information that is vital information to perpetrators of identity theft, stalking, and intimate partner violence alike, and that publishing such information facilitates an identity thief's search for data and a stalker's or abuser's ability to find his or her target.")

9. Courts have also protected names and home addresses under Section 107(c) when their public disclosure could risk revealing private medical information. For example, in *Endo*, the Court held Section 107(c) protected names, home addresses, and email addresses of individual opioid personal injury claimants, observing that "individuals have privacy interests in their medical records." 2022 WL 16640880, at *11; *see also Motions Seeking Access to 2019 Statements*, 585 B.R. 733 at 752 (concluding that "the disclosure of private medical information" constituted an "unlawful injury" protected under Section 107(c)). Moreover, as the *Endo* Court observed, the disclosure of medical information, beyond implicating individuals' rights to privacy, can also have the second-order effect of leaving those individuals more vulnerable to "medical identity theft in

5

which a fraudster impersonates the victim and obtains medical services in her name." 2022 WL 16640880, at *12.

10. Here, more than sufficient cause exists for the Court to grant the relief requested. The Personal Identifying Information in the Objection includes the names and physical addresses of Claimants that, if publicly disclosed, could create undue risk to the individual Claimants' interests.

11. Moreover, as in *Endo*, publicly disclosing the names and addresses of certain Claimants may risk "necessarily associat[ing] them with an unfavorable medical condition." *Id.* For the avoidance of doubt: the Objection does not object to any scheduled personal injury claims. That said, Debtors are cognizant that individual claimants may have misfiled personal injury claims in other classes—accordingly certain of the Claims to which Debtors object may include Claims predicated on personal injury liability. As the Court in *Endo* observed, "[t]he need to preserve [individuals'] privacy interests is uniquely significant in 'opioid' cases," in light of social stigma related to opioid addiction. *Id.* at *11. Moreover, as noted above, the Court in this case has previously recognized that the potential disclosure of claimants' medical information constitutes a protectable interest. *See* Claims Procedure Order ¶ 5. And as the *Endo* Court also observed, the public disclosure of Claimants' names and addresses could leave certain Claimants more vulnerable to "medical identity theft." 2022 WL 16640880, at *12. In light of the highly sensitive information that public disclosure of certain Claimants' Personal Identifying Information could reveal, albeit inadvertently, and out of an abundance of caution, Debtors believe sealing this information is appropriate.

12. The proposed redactions to the Objection are surgical and as limited as possible so as to maximize publicly available information regarding the Claims. Debtors do not propose any

6

redactions to information related to corporate entities whose claims are being challenged. Debtors also do not propose any redactions to information related to individuals who are Debtors' current or former employees, as these claims do not implicate the same medical privacy concerns implicated by non-employee individuals' claims. Aside from name and address information, the redacted Objection would also provide all relevant information related to the Claimants' Claims—including the relevant Debtor entity, the date the Claim was filed or schedule, the Claim amount and priority, and the basis for the Debtors' objections. Debtors have also provided fully unredacted copies of the Objection to the Committee, the AHC, the MSGE, and redacted copies tailored to each specific Claimant. The Debtors will also provide unredacted copies of the Objection, together with additional supporting information, to the advisors of other stakeholders at their request, subject to the Protective Order.

### Notice

13.     Notice of this Objection will be provided to (a) the entities on the Master Service List (as defined in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] and available on the Debtors' case website at https://restructuring.ra.kroll.com/purduepharma/) and (b) any person or entity with a particularized interest in the subject matter of this Objection (together with the entities on the Master Service List, the "**Notice Parties**"). The Debtors respectfully submit that no further notice is required.

14.     No prior request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, or the foregoing reasons, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:   January 27, 2026
         New York, New York

                                     DAVIS POLK & WARDWELL LLP

                                     By:   */s/ James I. McClammy*

                                     450 Lexington Avenue
                                     New York, New York 10017
                                     Telephone: (212) 450-4000
                                     Facsimile: (212) 701-5800
                                     Marshall S. Huebner
                                     Ben Kaminetzky
                                     James I. McClammy
                                     Eli J. Vonnegut

                                     *Counsel to the Debtors*
                                     *and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**ORDER GRANTING MOTION FOR ENTRY OF ORDER PURSUANT TO
11 U.S.C. §§ 105(A) AND 107(C) AUTHORIZING THE FILING OF
CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH
DEBTORS' THIRD OMNIBUS CLAIMS OBJECTION
(NO LIABILITY, LATE FILED, SATISFIED, DUPLICATIVE, REDUNDANT,
AMENDED AND REPLACED, MISCLASSIFIED, REDUCED,
AND/OR WRONG DEBTOR CLAIMS)**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, authorizing the Debtors to file under seal the Objection, file a redacted version of the Objection on the public docket of these Chapter 11 Cases and for related relief, all as described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a), (b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of

---

[1] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no other or further notice of the Motion being required; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein under 11 U.S.C. § 107(c) on the terms of this Order; and such relief being in the best interests of the Debtors, their estates, their creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is hereby granted as set forth herein.

2. Pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, the Debtors are authorized to file to the public docket of these Chapter 11 Cases the redacted Objection, as set forth in the version submitted to the Court in connection with the Motion (the "**Redacted Document**").

3. The Debtors are authorized to file the unredacted Objection (the "**Sealed Document**") under seal by providing the Sealed Document, with a copy of this Order, to the Clerk of Court, Attn: Vito Genna, in an envelope, either paper or electronic, prominently marked TO BE FILED UNDER SEAL. The Sealed Document shall remain under seal unless otherwise ordered by the Court or disclosed in accordance with the procedures outlined in the Protective Order or as agreed to by the Debtors under appropriate confidentiality agreements satisfactory to the Debtors.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.      Entry of this Order is without prejudice to the rights of any party in interest in the Chapter 11 Cases or the United States Trustee to seek an order of this Court unsealing all or part of the Redacted Document or the Sealed Document.

6.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

7.      Counsel for the Debtors shall contact the Clerk's Office regarding the return or other disposition of the Sealed Document within ten (10) days after the determination by final order of the Compensation Motion. If the Debtors fail to do so, the Clerk of Court is authorized to destroy the Sealed Document.

White Plains, New York
Dated: _____, 2026

THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

3