**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

---

In re:

**PURDUE PHARMA L.P., et al.,**

Debtors.

---

**Laurie Danielle Pitts-Tillman**

Appellant,

v.

**PURDUE PHARMA L.P., et al.,**

Appellees.

---

Civil Action No. 7:25-Cv-10433-NSR

(Bankr. Case No. 19-23649 (SHL))


**EMERGENCY MOTION FOR STAY PENDING APPEAL**

Appellant respectfully moves this Court for an emergency stay of the Confirmation Order and any actions implementing the Plan, including distributions, releases, and injunctions, pending resolution of Appellant's appeal. This motion is brought pursuant to Fed. R. Bankr. P. 8007(b) and the Court's inherent authority to preserve appellate jurisdiction.

**I. Emergency Relief Is Necessary to Prevent Mootness and Irreparable Harm**

Absent a stay, the Plan will be substantially consummated, funds distributed, releases effectuated, and third-party injunctions enforced. Once implemented, the appeal will be rendered

equitably moot and Appellant's rights permanently extinguished. Loss of appellate review constitutes irreparable harm as a matter of law.

Courts routinely recognize that implementation of a plan pending appeal can moot constitutional and statutory challenges and foreclose meaningful relief.

## II. Likelihood of Success on the Merits (or Serious Legal Questions)

Appellant raises substantial and non-frivolous issues on appeal, including:

1. Structural Limits on Bankruptcy Court Authority

   The Bankruptcy Court lacks constitutional authority to impose or approve nonconsensual third-party releases and injunctions against non-debtors. The Supreme Court has made clear that such structural limits are not waivable and go to the core of Article III authority.

2. Nonconsensual Third-Party Releases / Coerced Consent

   The opt-in/opt-out framework remains coercive and fails to establish knowing, voluntary, individualized consent. Non-voting claimants and coerced voting cannot supply constitutional consent.

3. Lack of Findings and Due Process

   The Bankruptcy Court failed to make specific, individualized findings supporting the necessity and legality of nondebtor releases as to Appellant. At the stay hearing, the court denied the stay and curtailed response, depriving Appellant of a meaningful opportunity to be heard.

4. Mootness Is Itself Irreparable Harm

   The court's assertion that rights are preserved absent a stay is incorrect as a matter of law. Substantial consummation extinguishes remedies and moots appellate review.

At minimum, these present serious legal questions warranting preservation of the status quo.

## III. Balance of Harms Favors a Stay

A temporary stay preserves the Court's ability to grant meaningful relief and does not meaningfully prejudice Debtors or settling parties compared to the permanent loss of Appellant's appellate rights. Financial distributions can be delayed; constitutional rights cannot be restored once extinguished.

### IV. Public Interest Favors Preserving Appellate Review and Constitutional Limits

The public interest favors judicial review of structural constitutional limits on bankruptcy court power and ensuring that third-party releases are not imposed without lawful authority or genuine consent.

### V. Prior Stay Sought Below and Denied Without Meaningful Opportunity to Be Heard

Appellant sought a stay in the Bankruptcy Court. The stay was denied, and the court curtailed response to its comments, preventing meaningful advocacy. Relief is now sought from this Court under Rule 8007(b).

WHEREFORE, Appellant respectfully requests that this Court:

1. Grant an emergency stay of the Confirmation Order and all actions implementing the Plan pending appeal;

2. Alternatively, grant a temporary administrative stay pending full briefing; and

3. Grant such other and further relief as the Court deems just.

Respectfully presented,

Laurie Danielle Pitts-Tillman,  Pro Se

5116 Ga Highway 99

Brunswick Ga. [31525]

912-506-8875

Greatmommy2002@gmail.com

greatmommy2002@icloud.com

Date: February 13, 2026

**CERTIFICATE OF SERVICE**

I certify that on February 13, 2026, I served the foregoing **Emergency Motion for Stay Pending** Appeal by CM/ECF and/or by email and U.S. Mail on counsel of record for:

• Purdue Pharma L.P. (Davis Polk & Wardwell LLP)
• Official Committee of Unsecured Creditors (Akin Gump Strauss Hauer & Feld LLP)
• Ad Hoc Committee of Governmental & Other Contingent Litigation Claimants (Herbert Smith Freehills Kramer (US) LLP)
• Ad Hoc Group of Individual Victims of Purdue Pharma (ASK LLP / White & Case LLP)
• Multi-State Governmental Entities Group (Caplin & Drysdale, Chartered)

Dated: February 13, 2026

---

Laurie Danielle Pitts-Tillman, Pro Se

**PROPOSED ORDER GRANTING EMERGENCY STAY PENDING APPEAL**

Upon consideration of Appellant's **Emergency Motion for Stay Pending** Appeal, it is hereby **ORDERED** that:

1. The Confirmation Order and all actions implementing the Plan, including distributions, releases, and injunctions, are **STAYED** pending resolution of the appeal;

2. Alternatively, an administrative stay is entered pending further order of the Court; and

3. This Court retains jurisdiction to modify this Order as necessary.

**SO ORDERED**.

Date: _____

United States District Judge

**DECLARATION OF LAURIE DANIELLE PITTS TILLMAN IN SUPPORT OF EMERGENCY STAY**

I declare under penalty of perjury:

1. I am the Appellant in this appeal.

2. I sought a stay in the Bankruptcy Court. The court denied the stay and curtailed response to the court's comments, preventing meaningful opportunity to address the legal and factual issues.

3. Absent a stay, the Plan will be implemented and releases enforced, permanently mooting my appeal and extinguishing my rights.

4. I am proceeding pro se and am indigent. I have timely sought transcripts and the record necessary to perfect my appeal.

5. The harm to me from denial of a stay is irreparable; money distributions can be delayed, but constitutional rights cannot be restored once extinguished.

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 13, 2026

Signature: /s/: Laurie Danielle Pitts Tillman

5116 Ga Highway 99

Brunswick, Ga. [31525]

912-506-8875

Greatmommy2002@gmail.com

Greatmommy2002@icloud.com