UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (SHL)<br><br>(Jointly Administered) |

**ORDER TO (I) ENFORCE THE CONFIRMATION ORDER AND (II) TO SHOW CAUSE REGARDING COMPLIANCE WITH THE CONFIRMATION ORDER**

The Court having entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [D.I. 8263] (the "**Confirmation Order**")[2] on November 18, 2025 which, among other things, provides in Paragraph 33(e) thereof that: "In addition, and without limiting the foregoing, Richard S. Sackler is directed and ordered to: (I) negotiate in good faith and finalize Annex G to the Master Shareholder Settlement Agreement, and (II) complete and irrevocably execute each of the following documents (collectively, the "**Specified Settlement Documents**") once such documents have been agreed to by a supermajority of the Sackler Payment Parties that are party thereto, and deliver the Specified Settlement Documents to the Debtors, the Creditors' Committee, the Ad Hoc Committee, and the States AG Negotiating Committee as soon as

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confirmation Order.

reasonably practicable, and in any event no later than December 19, 2025, or such later date as such documents have been finalized (the "**Specified Settlement Document Deadline**"): (A) the Master Shareholder Settlement Agreement; and (B) each of the following exhibits and annexes to the Master Shareholder Settlement Agreement: (i) Exhibit Y (Confessions of Judgment); (ii) Exhibit P-2 (Form of Further Assurances Undertaking of an Assuring Party with respect to the JDS Estate or a Trust that is part of the B-Side Payment Group); and (iii) the applicable pledge and security agreements contemplated by Annex E and Annex G. All executed Specified Settlement Documents shall be held in escrow by the Debtors and released automatically on the Effective Date of the Plan without any further action by the RSS Parties"; and the Debtors are representing[3] to the Court that the Specified Settlement Documents (including the documents referenced in subparts (A), (B)(i), (B)(ii) and (B) (iii) (in case of this subpart (iii), domestic pledge and security agreements only)) have been agreed to by a supermajority of the Sackler Payment Parties, that the Specified Settlement Document Deadline (as extended until February 10, 2026) has passed and that Richard S. Sackler has not completed and irrevocably executed the Specified Settlement Documents as of the date hereof; the Court finds based on the specific facts and circumstances of this case that: (i) it has subject matter jurisdiction with respect to the matter before it, pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); (ii) it has the authority to finally adjudicate this matter as a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court may enter a final order consistent with Article III of the Constitution; (iii) venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having through paragraph

---

[3] The Debtors are making this representation based on information provided to them by counsel to each of the Raymond Sackler Family and Beacon Company.

2

33(i) and (j) of the Confirmation Order retained exclusive jurisdiction of all matters arising under, arising out of, or related to the obligations set forth in paragraph 33 of the Confirmation Order, including to compel performance pursuant to Bankruptcy Code section 1142(b) and to impose sanctions resulting from any failure of Richard S. Sackler or any other party; and upon review of the record before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. Richard S. Sackler shall complete and irrevocably execute the Specified Settlement Documents no later than **February 24, 2026, at 5:00 p.m.** (prevailing Eastern Time) (the "**Execution Deadline**").

2. To the extent Richard S. Sackler does not complete and irrevocably execute the Specified Settlement Documents prior to the Execution Deadline, Richard S. Sackler and Lin Gao shall appear, in person, before this Court on **February 25, 2026, at 2:00 p.m.** (the "**Hearing Date**") to show cause why: (i) Richard S. Sackler has not completed and irrevocably executed the Specified Settlement Documents by the Specified Settlement Document Deadline; (ii) the Court should not hold Richard S. Sackler or any other party in contempt of court for violation of paragraph 33(e) of the Confirmation Order; (iii) the Court should not compel Richard S. Sackler's compliance with the Confirmation Order pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code and paragraph 33(i) of the Confirmation Order; and (iv) the Court should not impose monetary sanctions on Richard S. Sackler or any other party for failure to comply with the obligations set forth in paragraph 33 of the Confirmation Order. If, at the conclusion of any hearing held on the Hearing Date, Richard S. Sackler has been unable to show the Court that he is in

compliance with paragraph 33(e) of the Confirmation Order, he shall complete and irrevocably execute the Specified Settlement Documents at such hearing.

3. If the Debtors inform the Court that Richard S. Sackler has completed and irrevocably executed the Specified Settlement Documents in advance of the Hearing Date, the hearing shall be cancelled and Richard S. Sackler and Lin Gao shall not be required to appear in person before this Court on the Hearing Date. Any cancellation of such hearing shall not, however, prevent the Debtors (including the Master Disbursement Trust as successor thereto), the Creditors' Committee, the Ad Hoc Committee, or the States AG Negotiating Group from seeking sanctions, monetary penalties, or otherwise, as a result of any fees, costs, or expenses expended by the Debtors' estates related to paragraph 33 of the Confirmation Order.

4. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

5. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: February 24, 2026          */s/ Sean H. Lane*
White Plains, New York            United States Bankruptcy Judge