DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Marc J. Tobak

*Counsel to the Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

### STIPULATION AND ORDER REGARDING CLAIM SETTLEMENT AMONG DEBTORS AND EDWARD G. ANGELINI

This stipulation (the "**Stipulation**") is entered into on the date hereof by and among (a) the above-captioned debtors (collectively, the "**Debtors**") and (b) Edward G. Angelini (the "**Claimant**" and, together with the Debtors, the "**Parties**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1. On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59], entered by the Court on September 18, 2019, in each of the Chapter 11 Cases. On September 27, 2019, the United States Trustee for Region 2 appointed the official committee of unsecured creditors [ECF No. 131].

2. On August 20, 2025, the Debtors filed their *Second Omnibus Claims Objection (No Liability, Late Filed, Satisfied, Duplicative, Redundant, Amended and Replaced, Misclassified, Reduced, and/or Wrong Debtor Claims)* (the "**Second Omnibus Claims Objection**") [ECF No. 7769] pursuant to section 502(b) of the United States Code, 11 U.S.C. § 101 *et seq.*, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's *Corrected Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures* [ECF No. 2878] (the "**Procedures Order**").

3. The Second Omnibus Claims Objection objected to, *inter alia*, Claim No. 33 (the "**Claim**"), filed by Claimant on October 23, 2019, on the basis that the unsecured portion of the Claim asserted an amount greater than supported by Debtors' books and records and moved to reduce the unsecured value of the claim from $72,346.98 to $43,882.22. The Claim also asserted a priority value of $13,650.00, to which Debtors did not object.

4. On September 10, 2025, Claimant filed his *Response to Debtors' Second Omnibus Claims Objection (No Liability, Late Filed, Satisfied, Duplicative, Redundant, Amended and*

*Replaced, Misclassified, Reduced and/or Wrong Debtor Claims)* [ECF No. 7838], in which he objected to the reduction of the unsecured value of the Claim.

5. As a result of arm's length and good faith negotiations, the Parties have reached an agreement to resolve all claims, whether asserted or assertable in the future, of Claimant against the Debtors in the Chapter 11 Cases. To this end, in accordance with the terms of this Stipulation, the Parties have agreed to the allowance of the Claim as modified herein (the "**Claim Settlement**"), as of the date upon which the Debtors' plan of reorganization becomes effective (the "**Effective Date**").

6. The Claimant represents and warrants that, as of the date of this Stipulation, he has (a) not assigned, transferred, or sold (or purported to assign, transfer, or sell) all or any portion of the Claim and (b) the authority to enter into this Stipulation and implement the Claim Settlement.

7. Pursuant to the Claim Settlement, as of the Effective Date, Claimant shall have the following allowed claim (the "**Claim**") in the aggregate amount of $80,305.03 (the "**Claim Settlement Amount**") on account of all Claimant's claims against the Debtors in the Chapter 11 Cases:

| Claim No. | Claimant | Debtor | Treatment | Amount of Allowed Claim (as modified by this Stipulation) ||
|---|---|---|---|---|---|
| 33 | Edward G. Angelini | Purdue Pharma L.P. | Allowed | Priority: | $13,650.00 |
| | | | | Unsecured: | $66,655.03 |
| | | | | Total Allowed Claim Amount: | $80,305.03 |

The priority amount of the Claim will be unchanged from the amount originally asserted by the Claimant. The unsecured value of the Claim will be reduced from the amount originally asserted of $72,346.98 by $5,691.95 to $66,655.03.

8. For the avoidance of doubt, the Claim (and the treatment provided for the Claim in the Chapter 11 Cases), in the aggregate Claim Settlement Amount, shall constitute the only Claim belonging to the Claimant allowed in the Chapter 11 Cases and shall constitute full and final satisfaction of all claims belonging to the Claimant.

9. Upon the Effective Date, the Claim shall be automatically allowed, and no further notice or action shall be required of the Parties to effectuate the allowance of the Claim, as modified herein. Upon the Effective Date, Kroll Restructuring Administration, as claims and noticing agent, is authorized to update the claims register in the Chapter 11 Cases to reflect the terms of this Stipulation, including, to reflect the allowance of the Claim as modified herein.

10. If the Effective Date does not occur within 270 days after the date upon which the Stipulation is approved by the Court, then the Stipulation shall be deemed void *ab initio*, and the Debtors and Mr. Angelini shall be returned to the positions each occupied as of the date hereof. For the avoidance of doubt, the Debtors may then renew any and all objections to the Claim, including those set forth in the Second Omnibus Claims Objection; Mr. Angelini shall retain any and all rights he has with respect to any such renewed objection.

11. Pursuant to ¶ 4(a) of the Procedures Order, Debtors have submitted this Stipulation, together with the name of the Claimant, the relevant Proof of Claim number, the types of claims asserted by the Claimant, and the amount for which the Claim has been settled, to counsel for the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group, each of which has provided written approval for the Stipulation.

12. This Stipulation shall be binding upon (a) the Debtors and any trustee or examiner that may be appointed in the Chapter 11 Cases, and their respective successors and assigns, (b) the Claimant and his respective successors and assigns, (c) the trustee in the event that any of the

4

Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code, and (d) all other parties-in-interest in the Chapter 11 Cases.

13. This Stipulation contains the entire agreement between the Parties with respect to the subject matter hereof, and may be modified only in writing, signed by the applicable Parties or their duly appointed agents.

14. This Stipulation may be executed in one or more counterparts, by electronic transmission or otherwise, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

15. This Stipulation shall be effective immediately upon approval by the Court. The Court shall retain jurisdiction for purposes of resolving any issues arising out of or relating to this Stipulation.

*[Remainder of page intentionally left blank]*

SO ORDERED:

Dated: New York, New York
    ___, 2026

                                  HONORABLE SEAN H. LANE
                                  UNITED STATES BANKRUPTCY JUDGE

Respectfully submitted this 9th day of March 2026.

| **DAVIS POLK & WARDWELL LLP** | **EDWARD G. ANGELINI** |
|---|---|
| */s/ Marc J. Tobak* | */s/ Edward G. Angelini* |
| 450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5800<br>Marshall S. Huebner<br>Benjamin S. Kaminetzky<br>James I. McClammy<br>Eli J. Vonnegut<br>Marc J. Tobak<br><br>*Counsel to the Debtors<br>and Debtors in Possession* | 17 Hynard Place<br>Baldwin Place, New York 10505<br>Telephone: (203) 943-0811<br><br>*Claimant* |