SDNY BANKRUPTCY COURT

RE: PURDUE PHARMA LP, 19-23649
RE: ROSEMARY HELEN ZIZIROS WALKER CASE #23CV33935
CLAIM #634787


MOTION FOR SANCTIONS FINES AT THE 3.12.26 SACKLER HEARING I WISH YOU ATTEND PLEASE JUDGE I HAVE SEEN NO PHONE NUMBER TO CALL INTO TO DATE

JUDGE LANE,

DURING CONFIRMATION HEARING DAY NOVEMBER 12, 2025, MR HUEBNER STATED THIS ABOUT THE SACKLER DOCUMENTS:

25 Your Honor, two other items before I turn over the
Page 38

Veritext Legal Solutions

212-267-6868 www.veritext.com 516-608-2400

1 podium. One is that -- I guess I'll leave it at my surprise
2 and disappointment. Open issues remain with Richard Sackler
3 that relate to things that the court has heard about at
4 various chambers conferences. Lawyers are working on
5 language to attempt to close them down. It really should
6 have been done long before now and we'll leave it at that
7 for now. My hope and expectation is that by open of court
8 tomorrow, they will all have been closed out.
9 We are waiting for a markup from Dr. Sackler's
10 counsel that I hope will come in the next few hours, as it
11 needs to in order for us to pick our path with respect to
12 tomorrow and Friday. And if we are not resolved by tomorrow
13 morning, we will be discussing alternative pathways to
14 address the problems that keep arising. Many people have
15 views on this topic, but I think that it's probably best to
16 leave it at that for today. My hope and expectation is that
17 by sometime probably very late tonight, this is behind all
18 of us.

BUT ALAS RICHARD SACKLER & LIN GAO HAVE YET TO SIGN THE DOCUMENTS PER THE DATES STATED IN THE PLAN THAT NEVER SHOULD HAVE BEEN

CONFIRMED TO BEGIN WITH AS THE PLAN HAS ALREADY BEEN POOH POOHED AND VIOLATED AND YET AGAIN BAR DATES ARE MOOT & NOT MET OR EVEN SET THAT NOT ONE PART OF THIS BANKRUPTCY CAN MOVE FORWARD NOR CAN ANY PURDUE PI CLAIMANT GET OUR SETTLEMENT CASH UNTIL RICHARD SACKLER SIGNS THE DOCUMENTS YOU HAVE ALLOWED TO NOT BE COMPLETED AT LEAST SINCE NOVEMBER 12, 2025 THEN DECEMBER THEN JANUARY THEN YOU HELD THE HEARING 2.25.26 AND GAVE RICHARD SACKLER UNTIL THURSDAY 3.12.26 WITHOUT ANY SANCTIONS OR PUNISHMENT AT ALL AS I AM BEING HARASSED THAT I AM SOMEHOW HOLDING UP PURDUE PI CLAIMANTS GETTING THEIR SETTLEMENTS WHEN IN REALITY IT IS RICHARD SACKLER ET AL.

NO ONE HAS WORKED IN GOOD FAITH AT ALL YOU REAL LAWYERS KEEP REPEATING LIKE A MANTRA & AS TRUTH WHEN IN FACT THEY ARE EMPTY FALSE CLAIMS. IF EVERY ONE WAS IN FACT WORKING IN 'GOOD FAITH' THIS WOULD ALL HAVE BEEN SIGNED SEALED AND DONE DONE MONTHS & MONTHS & MONTHS & RIGHT.

PER SECTION 33 OF THE MOOT PLAN

THE PLAN SECTION 33 a - j BELOW RICHARD SACKLER ET AL WAS SUPPOSED TO PROVIDE THESE EXECUTED DOCUMENTS.

33. Shareholder Settlement Document Undertakings.
(a) Settlement Stipulation Acknowledgment. The rights and obligations set forth in the Settlement Stipulation Dismissing Proceedings Without Prejudice [D.I. 7713, Exhibit A] (the "Settlement Stipulation"), of Richard S. Sackler and Lin Gao (together, the "RSS Parties") and the Litigation Parties defined thereunder remain in full force and effect including the acknowledgments and agreement contained therein that they will not directly or indirectly (i) interfere, now or at any time in the future, with any Trustees' (as defined in the Settlement Stipulation), Shareholder Payment Parties' or the B-Side Payment Group 1's ability to consummate, implement, and perform under the Plan and Shareholder Settlement Agreements; (ii) take (or fail to take) any action that interferes with, delays, frustrates, or impairs the ability of any party to enter into or satisfy its obligations under the Plan or the Shareholder Settlement Agreements, or that would undermine the validity or enforceability of the Plan or the Shareholder Settlement Agreements (including, without limitation, by exercising or purporting to exercise a power of appointment over property held by a Shareholder Payment Party that is in a trust in a manner that interferes with, adversely affects, or undermines the Plan or the Shareholder Settlement Agreements); and (iii) assist or conspire with any other person to take any such action.
19-23649-shl Doc 8263 Filed 11/18/25 Entered 11/18/25 20:20:55 Main Document Pg 34 of 325

-35-

Nothing herein shall modify or limit the rights of any party under the Settlement Stipulation. This Order is intended, among other things, to implement the obligations set forth in the Settlement Stipulation and shall not extend, broaden, or limit any rights, defenses, claims, or positions of the any of the Parties to the Settlement Stipulation in the pending litigation that is the subject of the Settlement Stipulation. Nothing herein shall modify or limit the rights of any party under the Settlement Stipulation, nor shall any provision herein be construed to affect any party's rights in the Settlement Stipulation or in the pending litigation that is the subject of the Settlement Stipulation.

(b) Compliance with the Settlement, Stipulation and Plan. In furtherance of the Plan and the Shareholder Settlement Agreements, each of the RSS Parties and the other members of the B-1 Payment Group are hereby directed to comply with the foregoing.

(c) Finalization of Certain Documents by Certain Sackler Payment Parties by December 19, 2025. All relevant parties, including each Sackler Payment Party that is subject thereto, the Creditors' Committee, the Debtors, the Ad Hoc Committee and the States AG Negotiating Group, are further directed and ordered to negotiate in good faith to finalize by no later than December 19, 2025, Annex E and Annex F, which shall be consistent with (x) the applicable term sheets set forth on Exhibits A-32 and A-33 to the Notice of Filing of Fifth Plan Supplement Pursuant to the Fifteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors [D.I. 8201] and (y) the Settlement Stipulation, as applicable, and, in each case, shall otherwise be in form and substance reasonably acceptable to a supermajority of Sackler Payment Parties subject thereto.

(d) Finalization of All Documents by January 30, 2026. It is further directed and ordered that all other remaining documentation necessary or appropriate to implement the Plan and Shareholder Settlement Agreements and the transactions contemplated thereby, including, without limitation, the remaining exhibits, annexes, collateral documents and ancillary documents to the Shareholder Settlement Agreements, shall be finalized no later than January 30, 2026.

(e) Negotiation and Execution by Richard S. Sackler of Certain Documents by December 19, 2025. In addition, and without limiting the foregoing, Richard S. Sackler is directed and ordered to: (I) negotiate in good faith and finalize Annex G to the Master Shareholder Settlement Agreement, and (II) complete and irrevocably execute each of the following documents (collectively, the "Specified Settlement Documents") once such documents have been agreed to by a supermajority of the Sackler Payment Parties that are party thereto, and deliver the Specified Settlement Documents to the Debtors, the Creditors' Committee, the Ad Hoc Committee, and the State AG Negotiating Committee as soon as reasonably practicable, and in any event no later than December 19, 2025, or such later date as such documents have been finalized (the "Specified Settlement Document Deadline"): (A) the Master Shareholder Settlement Agreement; and (B) each of the following exhibits and

-36-

annexes to the Master Shareholder Settlement Agreement: (i) Exhibit Y (Confessions of Judgment); (ii) Exhibit P-2 (Form of Further Assurances Undertaking of an Assuring Party with respect to the JDS Estate or a Trust that is part of the B-Side Payment Group); and (iii) the applicable pledge and security agreements contemplated by Annex E and Annex G. All executed Specified Settlement Documents shall be held in escrow by the Debtors and released automatically on the Effective Date of the Plan without any further action by the RSS Parties.

(f) Further Assurances by the RSS Parties. In addition, and without limiting the foregoing, the RSS Parties are further directed and ordered to timely execute, deliver, and perform all other documentation necessary or appropriate to effectuate the Plan and the Shareholder Settlement Agreements (including but not limited to documentation in connection with any Permitted Trust Restructurings as contemplated by Exhibits A-32 and A-33).

(g) Further Assurances by the B-1 Payment Group Parties other than the RSS Parties. In addition, and without limiting the foregoing, the B-1 Payment Group Parties other than the RSS Parties are further directed and ordered to timely execute, deliver, and perform all other documentation necessary or appropriate to effectuate the Plan and the Shareholder Settlement Agreements (including but not limited to documentation in connection with any Permitted Trust Restructurings as contemplated by Exhibits A-32 and A-33).

(h) December 12 Status Conference. A status conference shall be held before the Bankruptcy Court on December 12, 2025, at which Richard S. Sackler, Richard S. Sackler's counsel, trustees of other members of the B1 Payment Group and counsel for such trustees shall appear before the Bankruptcy Court to report on, and demonstrate compliance with, the obligations and provisions set forth herein.

(i) Compelling Performance. The Bankruptcy Court, pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code, may compel compliance with this Order, including but not limited to appointing an independent representative or other fiduciary with full authority to act on behalf of Richard S. Sackler in any and all capacities in which he is required to act (whether individually, as trustee, or in any other fiduciary capacity), to execute, deliver, or otherwise effectuate any documents required with respect to the payment obligations of the B-1 Payment Group Parties, including Richard S. Sackler.

(j) Bankruptcy Court Jurisdiction/Sanctions. The Bankruptcy Court shall retain exclusive jurisdiction of all matters arising under, arising out of, or related to the obligations set forth herein, including to resolve any dispute or failure of performance by Richard S. Sackler or any other party, and to impose sanctions, including, without limitation, findings of contempt, monetary sanctions, or such other relief as the Bankruptcy Court determines appropriate for any failure to negotiate in good faith or otherwise comply with any obligation set forth herein-

I MEAN HOW MANY DATES JUDGE MUST PAST BEFORE SECTION J IS FINALLY IMPLEMENTED?

THEREFORE I AM REQUESTING PER SECTION 33 J, SANCTIONS & FINES IN THE AMOUNT OF $5M USD BE ORDERED FROM RICHARD SACKLER & LIN GAO TO BE ADDED TO THE PURDUE PI VICTIM CLAIMANT TRUST TO BE EQUALLY DISTRIBUTED BETWEEN PURDUE PI ACCEPTED CLAIMS SETTLEMENT AMOUNTS, FOR RICHARD SACKLER ET AL & THEIR ATTORNEYS DELAY DELAY DELAYS AND HOLDING UP THIS ENTIRE BANKRUPTCY.


ROSEMARY HELEN ZIZIROS WALKER   3.10.26 3:22 PM

CERT OF SERVICE I PROMISE I EMAILED B POLLACK, PRETTY SURE IS HIS LAWYER, A LEES AT MILLBANK AND JHANY PRETTY SURE ARE THEIR LAWYERS AND I EMAILED DAVIS POLK AKIN GUMP PURDUE PI TRUST & EDGAR IN CASE