**Hearing Date and Time: April 20, 2026, at 11:00 a.m. (prevailing Eastern Time)**
**Response Date and Time: April 13, 2026, at 4:00 p.m. (prevailing Eastern Time)**

---

**THIS OBJECTION SEEKS TO DISALLOW, EXPUNGE, OR RECLASSIFY CERTAIN PROOFS OF CLAIM IDENTIFIED HEREIN. CLAIMANTS RECEIVING THIS NOTICE OF THE FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND CLAIMS IDENTIFIED ON <u>SCHEDULE 1</u> AND <u>SCHEDULE 2</u> ANNEXED TO THIS NOTICE.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT PURDUE PHARMA L.P.'S COUNSEL IN THIS MATTER, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AT 302-658-9200.**

---

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Robert J. Dehney, Sr.
Matthew B. Harvey
Alexis L. Sullivan

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.** [1] | **(Jointly Administered)** |

**NOTICE OF HEARING OF DEBTORS' FOURTH OMNIBUS CLAIMS OBJECTION**
**<u>(NO LIABILITY AND/OR MISCLASSIFIED CLAIMS)</u>**

---

[1] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**PLEASE TAKE NOTICE** that, on March 23, 2026, Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed their *Fourth Omnibus Claims Objection (No Liability, and/or Misclassified Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Objection requests that the Bankruptcy Court disallow and expunge or reclassify one or more of your claims listed on **Schedule 1** and **Schedule 2** attached hereto, on the ground that one or more of your proofs of claim sets forth claims for which Debtors are not liable and/or misstate their relative priority under the Bankruptcy Code.  **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Omnibus Claims Hearing Procedures* (the "**Omnibus Claims Hearing Procedures**") annexed hereto as **Exhibit A** apply to and govern the objection to your claim(s).  The Omnibus Claims Hearing Procedures provide for certain mandatory actions by a claimant within certain time periods.  Therefore, please review the Omnibus Claims Hearing Procedures carefully.  Failure to comply with the Omnibus Claims Hearing Procedures may result in the expungement, disallowance, and/or reclassification of a claim without further notice to a claimant.

If you do NOT oppose the expungement, disallowance, and/or reclassification of your claim(s) listed on **Schedule 1** or **Schedule 2**, then you do NOT need to file a written response to the Objection, and you do NOT need to appear at the hearing.

If you DO oppose the expungement, disallowance, and/or reclassification of your claim(s) listed on **Schedule 1** or **Schedule 2**, then you MUST file with the Bankruptcy Court <u>and</u> serve on

the parties listed below a written response to the Objection so that it is received on or before **4:00 p.m., prevailing Eastern Time on April 13, 2026** (the "**Response Deadline**").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be expunged, disallowed, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.  A response will be deemed timely filed, served, and received <u>only if</u> the original response is <u>actually received</u> on or before the Response Deadline by (i) the chambers of the Honorable Sean H. Lane, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601; (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, Wilmington, Delaware 19801 (Attn: Robert J. Dehney, Sr., Matthew B. Harvey, and Alexis L. Sullivan), co-counsel to the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira S. Dizengoff, Arik Preis, Mitchell P. Hurley, and Sara L. Brauner), counsel to the Official Committee of Unsecured Creditors appointed in these cases.

Except as otherwise permitted under the Omnibus Claims Hearing Procedures, a hearing will be held on April 20, 2026, to consider the Objection. The hearing will be held at 11:00 a.m., prevailing Eastern Time, in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601. If you file a written response to the Objection, you should plan to appear at the hearing. If you timely file a response, the Debtors may continue the hearing with respect to your claim(s) with your consent.

**PLEASE TAKE FURTHER NOTICE** that the hearing will be conducted via Zoom® videoconference unless otherwise ordered by the Bankruptcy Court. Parties wishing to appear at, or attend, the hearing are required to register their appearance by 11:00 a.m. (prevailing Eastern Time) the day before the hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

Regardless of whether the Bankruptcy Court expunges, disallows, reduces, or reclassifies your claim(s) listed on **Schedule 1** or **Schedule 2** on the grounds set forth above, the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

If you wish to view the complete Objection, you can do so for free at https://restructuring.ra.kroll.com/purduepharma/. **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

Dated:   March 23, 2026
         Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By:   */s/ Robert J. Dehney, Sr.*

1201 N. Market Street
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Robert J. Dehney, Sr.
Matthew B. Harvey
Alexis L. Sullivan

*Co-Counsel to the Debtors
and Debtors in Possession*

**Exhibit A**

**Court-Ordered Omnibus Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## COURT-ORDERED OMNIBUS CLAIMS HEARING PROCEDURES

In accordance with the *Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures*, entered on [Date] [ECF No. xxxx] (the "**Order**"), the Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Court**") to apply to the chapter 11 cases of Purdue Pharma L.P. and its affiliated debtors.

## Omnibus Claims Hearing Procedures

1. Pursuant to the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on November 18, 2019 [ECF No. 498], the Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these cases. The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court. The Debtors shall

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

schedule the return date for a particular Omnibus Claims Objection within seven (7) days of filing such Omnibus Claims Objection. In the event that the Debtors do not schedule a return date in accordance with the preceding sentence, a holder of a claim that is subject to such Omnibus Claims Objection may request that the Court schedule a return date for such Omnibus Claims Objection.

2. The Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

3. The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled as follows:

(a) For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 or 7056, as applicable (a "**Sufficiency Hearing**"), unless the Debtors serve the holder of the claim (the "**Claimant**") with a Notice of Pre-Trial Conference (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Omnibus Claims Hearing Procedures. The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted or a motion for summary judgment, as applicable.

(b) If, following a Sufficiency Hearing, the Court determines that the Contested Claim would survive a motion to dismiss or there are disputed issues of material fact, or should the Debtors wish to forgo a Sufficiency Hearing and schedule an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant (by email or overnight delivery), with a copy to the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group, and file with the Court, a notice substantially in the form attached to the Order as **Exhibit 2** (a "**Notice of Pre-Trial Conference**") that the scheduled hearing will be treated as a pre-trial conference during which the Court will

---

[2] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant claim, and any such information already submitted need not be resubmitted in connection with the Omnibus Claims Hearing Procedures.

determine whether to issue a scheduling order applicable to a Merits Hearing and the terms of such order. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any Contested Claim will not be an evidentiary hearing, and there will be no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2. The parties shall confer in advance of the pre-trial conference regarding the nature and length of any discovery that they anticipate will be required.

4. Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rules 7012 or 7056, or (b) the Debtors have served on the relevant Claimant a Notice of Pre-Trial Conference with respect to the Contested Claim.

5. The Debtors may file and serve a reply to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) business days prior to the date of the applicable hearing.

6. The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant; *provided* that if a Claimant has filed a Response to an Omnibus Claims Objection, the Debtors may adjourn the hearing as to such Contested Claim only with such Claimant's consent.

7. **Sanctions.** The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Omnibus Claims Hearing Procedures.

BY ORDER OF THE COURT

## Schedule 1

## No Liability Claims

No Liability Claims
Motion Pages 4-5

19-23649-shl   Doc 8964   Filed 03/23/26   Entered 03/23/26 18:20:35   Main Document

Schedule 1

Pg 11 of 39

In re: Purdue Pharma L.P., 19-23649 (SHL), Jointly Administered
Purdue Pharma L.P., et. al.

| | Original creditor | Claim/schedule to be disallowed and expunged | Debtor | Date filed/scheduled | Claim amount and priority (1) | Basis for objection | Comments |
|---|---|---|---|---|---|---|---|
| 1 | ACE American Insurance Company Duane Morris LLP c/o Wendy M. Simkulak, Esq. 30 S. 17th Street Philadelphia PA 19103 | 55951 | Purdue Pharma L.P. | 06/29/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 2 | ACE Property and Casualty Insurance Company Duane Morris LLP c/o Wendy M. Simkulak, Esq. 30 S. 17th Street Philadelphia PA 19103 | 75493 | Purdue Pharma L.P. | 06/29/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 3 | Executive Risk Indemnity Inc. Duane Morris LLP c/o Wendy M. Simkulak, Esq. 30 S. 17th Street Philadelphia PA 19103 | 75555 | Purdue Pharma L.P. | 06/30/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 4 | Federal Insurance Company Duane Morris LLP c/o Wendy M. Simkulak, Esq. 30 S. 17th Street Philadelphia PA 19103 | 75537 | Purdue Pharma L.P. | 06/30/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 5 | Helmsman Management Services, LLC Mark E. Felger Cozen O'Connor 1201 North Market Street, Suite 1001 Wilmington DE 19801 | 137820 | Purdue Pharma L.P. | 07/30/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 6 | Liberty Insurance Corporation Mark E. Felger c/o Cozen O'Connor 1201 North Market Street Suite 1001 Wilmington DE 19801 | 137802 | Purdue Pharma L.P. | 07/30/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total

No Liability Claims
Motion Pages 4-5

19-23649-shl    Doc 8964    Filed 03/23/26    Entered 03/23/26 18:20:35    Main Document

Schedule 1                                    Pg 12 of 39

19-23649 (SHL), Jointly Administered
Purdue Pharma L.P., et. al.

| | Original creditor | Claim/schedule to be disallowed and expunged | Debtor | Date filed/scheduled | Claim amount and priority (1) | Basis for objection | Comments |
|---|---|---|---|---|---|---|---|
| 7 | Liberty Mutual Fire Insurance Company Mark E. Felger Cozen O'Connor 1201 North Market Street, Suite 1001 Wilmington DE 10801 | 137830 | Purdue Pharma Inc. | 07/30/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 8 | Liberty Mutual Insurance Company Mark E. Felger, Esq. c/o Cozen O'Connor 1201 North Market Street, Suite 1001 Wilmington DE 19801 | 137796 | Purdue Pharma L.P. | 07/30/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 9 | Old Republic Insurance Company Fox Swibel Levin & Carroll LLP Margaret M. Anderson 200 W. Madison Street, Suite 3000 Chicago IL 60606 | 115247 | Purdue Pharma L.P. | 07/28/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 10 | Travelers Indemnity Company and the affiliates listed on the attached statement. Bryce Fieldman Simpson Thacher & Barlett LLP 425 Lexington Ave. | 116704 | Purdue Pharma L.P. | 07/30/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 11 | Westchester Fire Insurance Company McElroy, Deutsch, Mulvaney & Carpenter, LLP c/o Michael Morano, Esq. 1300 Mt. Kemble Avenue P.O. Box 2075 Morristown NJ 07962-2075 | 138500 | Purdue Pharma L.P. | 07/28/2020 | $825,508.61 (S) $0.00 (A) $0.00 (P) $0.00 (U) $825,508.61 (T) | No Liability Claims | Claim is protective in nature; company's books and records reflect no liability with respect to this claim |

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total

No Liability Claims
Motion Pages 4-5

19-23649-shl   Doc 8964   Filed 03/23/26   Entered 03/23/26 18:20:35   Main Document

Schedule 1

Pg 13 of 39

In re: Purdue Pharma L.P., 19-23649 (SHL), Jointly Administered

Purdue Pharma L.P., et. al.

| | Original creditor | Claim/schedule to be disallowed and expunged | Debtor | Date filed/scheduled | Claim amount and priority (1) | Basis for objection | Comments |
|---|---|---|---|---|---|---|---|
| 12 | Westchester Surplus Lines Insurance Company<br>Duane Morris LLP<br>c/o Wendy M. Simkulak, Esq.<br>30 S. 17th Street<br>Philadelphia PA 19103 | 75533 | Purdue Pharma L.P. | 06/30/2020 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |

**Claims To Be Expunged Totals**        **Count: 12**        **$825,508.61**

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total

## Schedule 2

**Misclassified Claim**

Misclassified Claim
Motion Pages 5-7

19-23649-shl    Doc 8964    Filed 03/23/26    Entered 03/23/26 18:20:35    Main Document

Schedule 2    Pg 15 of 39

Primary Case Number 19-23649 (SHL), Jointly Administered
Purdue Pharma L.P., et. al.

| | Original Creditor | Claim to be modified | Current Debtor | Date filed/scheduled | Unliquidated | Claim amount and priority (1) | Modified Claim amount and/or priority (1) | Basis for objection | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Banc of America Leasing & Capital, LLC Fleischer, Fleischer & Suglia, PC 601 Rt. 73 N., Suite 305 Marlton NJ 08053 | 77 | Purdue Pharma L.P. | 11/20/2019 | No | $683,077.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $683,077.00 (T) | $0.00 (S) $0.00 (A) $0.00 (P) $683,077.00 (U) $683,077.00 (T) | Misclassified Claim | Claim reclassified from Secured claim to a General Unsecured claim |
| | **Claims to be modified totals** | **Count: 1** | | | | **$683,077.00** | **$683,077.00** | | |

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Robert J. Dehney, Sr.
Matthew B. Harvey
Alexis L. Sullivan

*Co-Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[*] | **(Jointly Administered)** |

**DEBTORS' FOURTH OMNIBUS CLAIMS OBJECTION
(NO LIABILITY AND/OR MISCLASSIFIED CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE OR MODIFY CERTAIN PROOFS OF CLAIM IDENTIFIED HEREIN. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 AND SCHEDULE 2 TO EXHIBIT A ANNEXED TO THIS OBJECTION.**

---

[*] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**TABLE OF CONTENTS**

PAGE

RELIEF REQUESTED..................................................................................................................1

JURISDICTION AND VENUE .....................................................................................................2

BACKGROUND ............................................................................................................................2

OBJECTION...................................................................................................................................4

      I.      No Liability Claims (Schedule 1) ...........................................................................4

      II.     Misclassified Claim (Schedule 2) ..........................................................................5

COMPLIANCE WITH THE PROCEDURES ORDER...................................................................7

RESERVATION OF RIGHTS .......................................................................................................9

NOTICE..........................................................................................................................................9

NO PRIOR REQUEST ..................................................................................................................9

**TABLE OF AUTHORITIES**

PAGE(S)

CASES

*In re Branded Operations Holdings, Inc.*,
2025 WL 1156492 (Bankr. S.D.N.Y. Apr. 17, 2025)................................................................4

*In re Endo Int'l PLC*,
2024 WL 5114119 (Bankr. S.D.N.Y. Dec. 13, 2024)...............................................................4

*In re Johns-Manville Corp.*,
53 B.R. 346 (Bankr. S.D.N.Y. 1985)........................................................................................4

*In re Lehman Brothers Inc.*, 2019 WL 13043062 (S.D.N.Y. Sept. 30, 2019),
*aff'd*, 2021 WL 4127075 (2d Cir. Sept. 10, 2021).................................................................6

*In re Residential Capital, LLC*,
No. 12-12020 (Bankr. S.D.N.Y. Nov. 20, 2013), ECF No. 5895.............................................4

*In re Roman Cath. Diocese of Rockville Ctr.*,
2025 WL 2301607 (Bankr. S.D.N.Y. Aug. 8, 2025)................................................................4

*In re SVB Fin. Grp.*,
2025 WL 467575 (Bankr. S.D.N.Y. Feb. 11, 2025)..................................................................4

*In re Thorn*,
--- B.R. ----, 2026 WL 654113 (Bankr. S.D.N.Y. Mar. 9, 2026)............................................6

STATUTES & RULES

11 U.S.C. § 101(5)...........................................................................................................................3

11 U.S.C. § 502(a)...........................................................................................................................4

11 U.S.C. § 502(b)....................................................................................................................... 1-2, 4

11 U.S.C. § 506...............................................................................................................................5

11 U.S.C. § 1106(a)(1)....................................................................................................................4

11 U.S.C. § 1107(a).........................................................................................................................3

11 U.S.C. § 1108.............................................................................................................................3

11 U.S.C. § 1111(a).........................................................................................................................4

28 U.S.C. § 157...............................................................................................................................2

28 U.S.C. § 157(b)(2) ..................................................................................................2

28 U.S.C. § 1334........................................................................................................2

28 U.S.C. § 1408........................................................................................................2

28 U.S.C. § 1409........................................................................................................2

Fed. R. Bankr. P. 1015(b) ...........................................................................................3

Fed. R. Bankr. P. 3001(c)(1)..........................................................................1-2, 5-6

Fed. R. Bankr. P. 3001(d) ................................................................................. 1-2, 6

Fed. R. Bankr. P. 3007(d) ................................................................................... 1-2

Fed. R. Bankr. P. 3007(e)(1).......................................................................................7

Fed. R. Bankr. P. 3007(e)(2).......................................................................................7

Fed. R. Bankr. P. 3007(e)(3).......................................................................................8

Fed. R. Bankr. P. 3007(e)(4).......................................................................................8

Fed. R. Bankr. P. 3007(e)(5).......................................................................................8

Fed. R. Bankr. P. 7008 ...............................................................................................2

***

**Note on Citation Format**:  Unless otherwise noted, emphasis has been added to quotations, and internal quotations, brackets, citations, and footnotes have been omitted.

iii

Purdue Pharma L.P. ("**Purdue**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby file their *Fourth Omnibus Claims Objection (No Liability and/or Misclassified)* (this "**Objection**"). In support of this Objection, the Debtors respectfully state as follows:

## RELIEF REQUESTED

1.      By this Objection, and pursuant to section 502(b) of the United States Code, 11 U.S.C. § 101 *et seq*. (as amended or modified, the "**Bankruptcy Code**"), rules 3001(c)(1), 3001(d), and 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's *Corrected Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures* [ECF No. 2878] (the "**Procedures Order**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), disallowing and expunging the proofs of claim listed on **Schedule 1** annexed thereto and modifying the claim listed in **Schedule 2** annexed thereto.[2]

2.      The Debtors have examined the claims identified on **Schedule 1** to the Proposed Order—all of which were filed by certain of the Debtors' insurers—and have determined that, as set forth herein and therein, the claims listed in that schedule (collectively, the "**No Liability Claims**") assert or are claims for which the Debtors are not liable. Accordingly, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007(d), and this Court's Procedures Order, the Debtors seek the entry of an order, in the form of **Exhibit A**, disallowing and expunging

---

[2] Creditors can obtain copies of the cover page of certain proofs of claim filed in these chapter 11 cases free of charge at https://restructuring.ra.kroll.com/purduepharma/.

the No Liability Claims from the Debtors' claims register (the "**Claims Register**") as and to the extent set forth herein.

3.      Debtors have examined the claim identified on **Schedule 2** to the Order and have determined that, as set forth herein and therein, the claim listed in that schedule (the "**Misclassified Claim**") does not qualify for the secured or other priority status asserted by the claimant in its proof of claim.  Accordingly, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001(c)(1), 3001(d), and 3007(d), and this Court's Procedures Order, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), reclassifying the Misclassified Claim to an Other General Unsecured Claim (Class 11(c)) under the Plan.

### JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Bankruptcy Rule 7008, the Debtors consent to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

5.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

6.      On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in

2

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 27, 2019, the United States Trustee for Region 2 appointed the official committee of unsecured creditors [ECF No. 131].

7.      Information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF No. 17].

8.      The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59], entered by the Court on September 18, 2019, in each of the Chapter 11 Cases.

9.      On January 3, 2020, the Debtors filed the Debtors' *Motion for Entry of an Order (I) Establishing Deadlines for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof* [ECF No. 717] (the "**Bar Date Motion**").  On February 3, 2020, the Bankruptcy Court entered an order approving the Bar Date Motion [ECF No. 800] (the "**Bar Date Order**"), establishing 5:00 p.m. (Prevailing Eastern Time) on June 30, 2020 (the "**Initial General Bar Date**") as the deadline for all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, governmental units and Native American Tribes), holding a prepetition claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior to the Petition Date, to file a proof of claim.  The Initial General Bar Date was extended, by a subsequent order [ECF No. 1221], to July 30, 2020 at 5:00 p.m. (Prevailing Eastern Time) (the "**General Bar Date**").

10.     On May 18, 2021, this Court entered the Procedures Order, which, *inter alia*, establishes procedures for the administration of, and objections to, claims filed in these Chapter 11 Cases and governs the related notice, service and hearing requirements.

3

**OBJECTION**

11.     A filed proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  The duties of a debtor in possession generally include objecting to improper claims.  *See* 11 U.S.C. §§ 1111(a), 1106(a)(1); *see also In re Johns-Manville Corp.*, 53 B.R. 346, 352 (Bankr. S.D.N.Y. 1985) ("The trustee or debtor-in-possession has the duty of examining each proof of claim and objecting to the allowance of any claim that is improper.").  "[B]y producing evidence equal in force to the [the claimant's] *prima facie* case, an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to prove by a preponderance of the evidence that under applicable law the claim should be allowed."  *In re Roman Cath. Diocese of Rockville Ctr.*, 2025 WL 2301607, at *4 (Bankr. S.D.N.Y. Aug. 8, 2025).

12.     Section 502(b) of the Bankruptcy Code provides, in relevant part, that the bankruptcy court shall disallow any claim that "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law" or "not timely filed."  11 U.S.C. § 502(b) *see also In re SVB Fin. Grp.*, 2025 WL 467575, at *5 (Bankr. S.D.N.Y. Feb. 11, 2025) (disallowing and expunging no liability claims); *In re Endo Int'l PLC*, 2024 WL 5114119, at *6 (Bankr. S.D.N.Y. Dec. 13, 2024) (same).  In addition to disallowing a claim, a court may also modify the claim by reducing its value, reclassifying the claim to reflect the appropriate priority status, or redesignating it to the appropriate debtor entity.  *In re Branded Operations Holdings, Inc.*, 2025 WL 1156492, at *5–8 (Bankr. S.D.N.Y. Apr. 17, 2025); Order Granting Debtors' Thirty-Sixth Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims) at 2, *In re Residential Capital, LLC*, No. 12-12020 (Bankr. S.D.N.Y. Nov. 20, 2013), ECF No. 5895.

I.     **No Liability Claims (Schedule 1)**

13.     **Schedule 1** lists No Liability Claims filed by certain of the Debtors' insurers (the "**Schedule 1 Claimants**").  The Debtors request that the Court disallow and expunge the No

4

Liability Claims from the Claims Register because the Debtors are not liable for these claims under the Bankruptcy Code.

14. As set forth in further detail in **Schedule 1**, based on the Debtors' review of the No Liability Claims and the Debtors' books and records, the Debtors have concluded that each of the No Liability Claims seeks recovery for which the Debtors cannot be held liable, and the No Liability Claims do not include supporting evidence to substantiate these claims.

15. More specifically, each of these claims appears to have been filed on a protective basis—that is, without any prepetition amount actually due—because the claims assert unliquidated and contingent liability that may arise out of the Schedule 1 Claimants' issuance of insurance policies to the Debtors. While Debtors understand the rationale that motivated these claimants to file protective claims at the outset of the case, none of the Schedule 1 Claimants have provided any documentation to substantiate any liability by any Debtor during the more than five-year period between the filing of their Proofs of Claim and the filing of this objection. Furthermore, there is no basis for these claims in the Debtors' books and records. Because the No Liability Claims have not been substantiated as of this Objection, there is no basis for these claims to proceed.

16. The Debtors, therefore, object to the No Liability Claims and request that these claims be disallowed and expunged from the Claims Register.

## II. Misclassified Claim (Schedule 2)

17. The Debtors object to the Misclassified Claim because it improperly asserts a secured claim under section 506 of the Bankruptcy Code. A creditor asserting a secured claim that is based on a writing must file with its proof of claim a copy of the writing creating the security interest. *See* Fed. R. Bankr. P. 3001(c)(1) ("If a claim or an interest in the debtor's property securing the claim is based on a writing, the creditor must file a copy with the proof of claim[.]").

The creditor also must include with its proof of claim "evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d) ("If a creditor claims a security interest in the debtor's property, the proof of claim must be accompanied by evidence that the security interest has been perfected."). "Failure to attach the documentation required by Rule 3001(d) results in the loss of the prima facie validity as to the secured status of the claim." *In re Thorn*, --- B.R. ----, 2026 WL 654113, at *5 (Bankr. S.D.N.Y. Mar. 9, 2026); *see also In re Lehman Brothers Inc.*, 2019 WL 13043062, at *7 (S.D.N.Y. Sept. 30, 2019) (affirming bankruptcy court's reclassification of purported secured claims based on, among other things, creditors' failure to comply with Bankruptcy Rules 3001(c)(1) and 3001(d)), *aff'd*, 2021 WL 4127075 (2d Cir. Sept. 10, 2021).

19.     Based on the Debtors' and their professionals' review of the Misclassified Claim, the documentation provided in connection therewith, and the Debtors' books and records, the Debtors have determined that the Misclassified Claim fails to establish a valid secured claim under the Bankruptcy Code and/or the Plan. Thus, by this Objection, the Debtors seek to reclassify the Misclassified Claim as an Other General Unsecured Claim (Class 11(c)) under the Plan.

20.     Although the claimant identified in **Schedule 2** (the "**Schedule 2 Claimant**") attached that certain Installment Payment Agreement, dated August 4, 2016 (the "**IPA**"), to its proof of claim, the IPA fails to satisfy the requirements of Bankruptcy Rule 3001(c)(1) because it does not purport to grant a security interest in any of the Debtors' property.

21.     Additionally, the Schedule 2 Claimant failed to provide with its proof of claim any evidence of perfection of any alleged security interest as required by Bankruptcy Rule 3001(d).

22.     Put simply, the Schedule 2 Claimant did not attach any other supporting documentation to its proof of claim, including any documents that purport to grant or perfect a security interest in any of the Debtors' property. As a result, the Schedule 2 Claimant has not

6

established that the Misclassified Claim is secured, and the Misclassified Claim lacks *prima facie* validity as to its secured status.

23.     Furthermore, the Debtors are unaware of any facts to support the asserted secured status of the Misclassified Claim.  The Debtors, therefore, object to the Misclassified Claim and request that it be reclassified as an Other General Unsecured Claim (Class 11(c)) as reflected in the Proposed Order.

24.     For the avoidance of doubt, the reclassification of the Misclassified Claim will not affect the claim except as set forth in the Proposed Order, and such claim will remain, as modified, on the Claims Register until withdrawn by the Schedule 2 Claimant, paid by the Debtors, disallowed by the Court, or expunged on other grounds set forth in the Plan or Procedures Order, subject to the Debtors' right to object to the claim in the future on any ground.

### COMPLIANCE WITH THE PROCEDURES ORDER

25.     The Debtors believe that the content of this Objection is in full compliance with the applicable Bankruptcy Rules and the Procedures Order for the following reasons:

(a)     this Objection conspicuously states on the first page that "**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE OR MODIFY CERTAIN PROOFS OF CLAIM IDENTIFIED HEREIN. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 AND SCHEDULE 2 TO EXHIBIT A ANNEXED TO THIS OBJECTION**";[3]

(b)     Schedule 1 and Schedule 2 to the Order list the Claims subject to this Objection in alphabetical order based on the Claimant's name and contain a reference to the applicable claim number;[4]

---

[3] *See* Fed. R. Bankr. P. 3007(e)(1).

[4] *See* Fed. R. Bankr. P. 3007(e)(2).

7

(c)     Schedule 1 and Schedule 2 to the Order provide the grounds for the objections to the Claims and a cross-reference to the page(s) in this Objection pertinent to the stated grounds;[5]

(d)     this Objection states in the title the identity of the objecting party (the Debtors) and the grounds for the objection;[6]

(e)     this Objection is numbered appropriately;[7] and

(f)     the grounds asserted are that the proofs of claim set forth claims for which Debtors are not liable and/or misstate their relative priority under the Bankruptcy Code.[8]

26.     For the foregoing reasons, the Debtors respectfully submit that the content of this Objection is in full compliance with the Bankruptcy Rules and the Procedures Order.

27.     The Debtors further respectfully state that notice and service of this Objection will be in full compliance with the Bankruptcy Rules and the Procedures Order for the following reasons:

(a)     this Objection will be filed with the Court, made publicly available for free on Kroll's website for the Chapter 11 Cases, at https://restructuring.ra.kroll.com/purduepharma/, and served upon (i) the U.S. Trustee; and (ii) counsel for the official committee of unsecured creditors, the ad hoc committee of governmental and other contingent litigation claimants and the multi-state governmental entities group;[9]

(b)     the Debtors will also serve each Claimant affected and, if known, its counsel with an Omnibus Claims Objection Notice, as defined in the Procedures Order;[10] and

(c)     this Objection will be set for hearing.[11]

---

[5] *See* Fed. R. Bankr. P. 3007(e)(3).

[6] *See* Fed. R. Bankr. P. 3007(e)(4).

[7] *See* Fed. R. Bankr. P. 3007(e)(5).

[8] *See* Procedures Order ¶ 2(a).

[9] *See id.* ¶ 2(g), (h).

[10] *See id.* ¶ 2(f).

[11] *See id.* ¶ 7(a).

## RESERVATION OF RIGHTS

28.     The Debtors hereby reserve the right, as applicable, to object in the future to any claims subject to this Objection on any ground and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted.  A separate notice and hearing will be scheduled for any such objection.

29.     Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, or (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim.

## NOTICE

30.     Notice of this Objection will be provided to (a) the entities on the Master Service List (as defined in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] and available on the Debtors' case website at https://restructuring.ra.kroll.com/purduepharma/) and (b) any person or entity with a particularized interest in the subject matter of this Objection (together with the entities on the Master Service List, the "**Notice Parties**").  The Debtors respectfully submit that no other or further notice is required.

## NO PRIOR REQUEST

31.     The Debtors have not previously sought the relief requested herein from the Court or any other court.

[*Remainder of Page Intentionally Left Blank*]

9

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:   March 23, 2026
         Wilmington, Delaware

By: */s/ Robert J. Dehney, Sr.*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Robert J. Dehney, Sr.
Matthew B. Harvey
Alexis L. Sullivan

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**In re:**

**PURDUE PHARMA L.P.,** *et al.*,

**Debtors.**[1]

**Chapter 11**

**Case No. 19-23649 (SHL)**

**(Jointly Administered)**

---

### ORDER GRANTING DEBTORS' FOURTH OMNIBUS CLAIMS OBJECTION
### (NO LIABILITY AND/OR MISCLASSIFIED CLAIMS)

Upon the *Debtors' Fourth Omnibus Claims Objection (No Liability and/or Misclassified Claims)*, dated March 23, 2026 (the "**Objection**")[2] of Purdue Pharma L.P. ("**Purdue**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001(c)(1), 3001(d), and 3007(d), and this Court's *Corrected Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures* [ECF No. 2878] (the "**Procedures Order**"), seeking to disallow and expunge the claims listed on **Schedule 1** attached hereto (the "**No Liability Claims**") on the ground that such claims set forth claims for which Debtors

---

[1] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Objection.

cannot be liable, and the claim listed on **Schedule 2** attached hereto, on the ground that it misstates its secured status under the Bankruptcy Code; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Objection and held a hearing to consider the relief requested in the Objection (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish good and sufficient cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is granted.

2.      Pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, and the Procedures Order, the claims listed on **Schedule 1** attached hereto are disallowed and expunged from the claims registry.

3.      Pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001(c)(1), 3001(d), and 3007, and the Procedures Order, the claim listed in **Schedule 2** attached hereto is hereby reclassified as an Other General Unsecured Claim (Class 11(c)) under the Plan.

2

4. The contents of the Objection and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Objection or the entry of this Order shall be required.

5. The Debtors, Kroll, and the Clerk of this Court are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

6. Nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any claims asserted in these Chapter 11 Cases.

7. Entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein.

8. The terms and conditions of this Order are effective immediately upon entry.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2026

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

3

## Schedule 1

### No Liability Claims

No Liability Claims
Motion Pages 4-5

19-23649-shl   Doc 8964   Filed 03/23/26   Entered 03/23/26 18:20:35   Main Document
Schedule 1                                                              In re Purdue Pharma 19-23649 (SHL), Jointly Administered
Pg 35 of 39                                                             Purdue Pharma L.P., et. al.

| | Original creditor | Claim/schedule to be disallowed and expunged | Debtor | Date filed/scheduled | Claim amount and priority (1) | Basis for objection | Comments |
|---|---|---|---|---|---|---|---|
| 1 | ACE American Insurance Company Duane Morris LLP c/o Wendy M. Simkulak, Esq. 30 S. 17th Street Philadelphia PA 19103 | 55951 | Purdue Pharma L.P. | 06/29/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 2 | ACE Property and Casualty Insurance Company Duane Morris LLP c/o Wendy M. Simkulak, Esq. 30 S. 17th Street Philadelphia PA 19103 | 75493 | Purdue Pharma L.P. | 06/29/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 3 | Executive Risk Indemnity Inc. Duane Morris LLP c/o Wendy M. Simkulak, Esq. 30 S. 17th Street Philadelphia PA 19103 | 75555 | Purdue Pharma L.P. | 06/30/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 4 | Federal Insurance Company Duane Morris LLP c/o Wendy M. Simkulak, Esq. 30 S. 17th Street Philadelphia PA 19103 | 75537 | Purdue Pharma L.P. | 06/30/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 5 | Helmsman Management Services, LLC Mark E. Felger Cozen O'Connor 1201 North Market Street, Suite 1001 Wilmington DE 19801 | 137820 | Purdue Pharma L.P. | 07/30/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 6 | Liberty Insurance Corporation Mark E. Felger c/o Cozen O'Connor 1201 North Market Street Suite 1001 Wilmington DE 19801 | 137802 | Purdue Pharma L.P. | 07/30/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total

Schedule 1

| | Original creditor | Claim/schedule to be disallowed and expunged | Debtor | Date filed/scheduled | Claim amount and priority (1) | Basis for objection | Comments |
|---|---|---|---|---|---|---|---|
| 7 | Liberty Mutual Fire Insurance Company Mark E. Felger Cozen O'Connor 1201 North Market Street, Suite 1001 Wilmington DE 10801 | 137830 | Purdue Pharma Inc. | 07/30/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 8 | Liberty Mutual Insurance Company Mark E. Felger, Esq. c/o Cozen O'Connor 1201 North Market Street, Suite 1001 Wilmington DE 19801 | 137796 | Purdue Pharma L.P. | 07/30/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 9 | Old Republic Insurance Company Fox Swibel Levin & Carroll LLP Margaret M. Anderson 200 W. Madison Street, Suite 3000 Chicago IL 60606 | 115247 | Purdue Pharma L.P. | 07/28/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 10 | Travelers Indemnity Company and the affiliates listed on the attached statement. Bryce Fieldman Simpson Thacher & Barlett LLP 425 Lexington Ave. | 116704 | Purdue Pharma L.P. | 07/30/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 11 | Westchester Fire Insurance Company McElroy, Deutsch, Mulvaney & Carpenter, LLP c/o Michael Morano, Esq. 1300 Mt. Kemble Avenue P.O. Box 2075 Morristown NJ 07962-2075 | 138500 | Purdue Pharma L.P. | 07/28/2020 | $825,508.61 (S) $0.00 (A) $0.00 (P) $0.00 (U) $825,508.61 (T) | No Liability Claims | Claim is protective in nature; company's books and records reflect no liability with respect to this claim |

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total

No Liability Claims
Motion Pages 4-5

19-23649-shl   Doc 8964   Filed 03/23/26   Entered 03/23/26 18:20:35   Main Document

Schedule 1

Pg 37 of 39

19-23649 (SHL), Jointly Administered
Purdue Pharma L.P., et. al.

| | Original creditor | Claim/schedule to be disallowed and expunged | Debtor | Date filed/scheduled | Claim amount and priority (1) | Basis for objection | Comments |
|---|---|---|---|---|---|---|---|
| 12 | Westchester Surplus Lines Insurance Company Duane Morris LLP c/o Wendy M. Simkulak, Esq. 30 S. 17th Street Philadelphia PA 19103 | 75533 | Purdue Pharma L.P. | 06/30/2020 | $0.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |

| **Claims To Be Expunged Totals** | **Count: 12** | **$825,508.61** |
|---|---|---|

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total

**Schedule 2**

**Misclassified Claim**

Misclassified Claim
Motion Pages 5-7

19-23649-shl   Doc 8964   Filed 03/23/26   Entered 03/23/26 18:20:35   Main Document

Schedule 2   Pg 39 of 39

Primary Case Number 19-23649 (SHL), Jointly Administered
Purdue Pharma L.P., et. al.

| | Original Creditor | Claim to be modified | Current Debtor | Date filed/scheduled | Unliquidated | Claim amount and priority (1) | Modified Claim amount and/or priority (1) | Basis for objection | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Banc of America Leasing & Capital, LLC Fleischer, Fleischer & Suglia, PC 601 Rt. 73 N., Suite 305 Marlton NJ 08053 | 77 | Purdue Pharma L.P. | 11/20/2019 | No | $683,077.00 (S) $0.00 (A) $0.00 (P) $0.00 (U) $683,077.00 (T) | $0.00 (S) $0.00 (A) $0.00 (P) $683,077.00 (U) $683,077.00 (T) | Misclassified Claim | Claim reclassified from Secured claim to a General Unsecured claim |

| **Claims to be modified totals** | **Count: 1** | | | | | **$683,077.00** | **$683,077.00** | | |

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total