To: United States Bankruptcy Court
   Southern District of New York   ATT: Judge Lane
   300 Quarroas Street
   White Plains NY  10601

FILED
U.S. BANKRUPTCY COURT

2026 APR -2  P 2: 42

S.D. OF N.Y.

From: J. Smith (on behalf of Sally Ann Cates)
   1557 Pin Oak Circle  &  J. Smith
   Roxboro, NC  27573   P. O. Box 136
   Cell: (336) 504-7994   Timberlake, NC 27583  (Cell) (919) 314-7834

RE: Confusion arising from the use of Terms "Confirmation Order (of Claim)" versus "Continuation (AND Appeal (of Claim), {See Davis Polk & Wardell}.  "General Opioid Claimant Proof of Claim Form".  Case Against Perdue Pharma *L.P. et al* / Case No. 19-23649 (SHL)

DATE: March 27th, 2026

Dear Judge Lane,

      Enclosed, please find correspondence from the Law Offices of Davis Polk & Wardell informing me that the above claim against Perdue Pharma was "Null & Void" due to the fact that in my letters to you dated (November & February), did not file an appeal of the "Confirmation Order" but instead said (in the November letter) "Let this letter serve as a *"Continuation of the Appeal"*.  The February letter amended that to read……*"a Continuation of the "Claim"*.  Please clarify this issue for me!!

      Davis Polk & Wardell are trying to negate & obfuscate the claim by Sally Ann Cates with "Terminology", (See enclosed letters from Davis Polk & Wardell), whereas it is the **"INTENT"** (of the Opioid Claim) which is "UNMISTAKABLE"!!  The validity of this claim should not only be re-instated (if indeed it has been rendered 'Null & Void' by the Law Firm of Davis Polk & Wardell) but carried out to it's fruition.  In this case, let **"INTENT"** override "Legal Flummery" by the "Legal Wards" of Perdue Pharma in their attempt to dismiss the "Legitimacy of this Claim".

      In conclusion, Judge Lane, I leave the 'Final Decision' in your competent hands based on your years of service, your knowledge of the case and your compassion for the 'multitudes' who have suffered under Pharma Perdue's incessant desire for PROFIT!!  I also relay to Perdue Pharma (and their 'Legal Representatives), that I no longer request Two Million dollars ($2,000,000) in settlement, but now request Ten Million dollars ($10,000,000) for the "insult" and the "casual attitude" that Perdue Pharma and the law offices of Davis Polk & Wardell have implied in their attempt to have this case dismissed.   Besides, I believe that you, Judge Lane have the "final say" in this matter.  Let **"INTENT"** supersede "Terminology" in the "Final Conclusion"!!

Respectfully Submitted,_____
                      J. Smith (on behalf of Sally Ann Cates)

Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") respectfully submit this response to the *pro se* submissions that are identified in **Exhibit A** hereto.

In the sixteen weeks since this Court confirmed the Plan on November 20, 2025, seven *pro se* claimants—Ronald Bass, Sally Ann Cates, Fredrick Hill, Ellen Isaacs, Amanda Morales, Rosemary Walker, and Cornelius Wilson-Bey—have filed, among them, a total of 37 submissions (the "**Pro Se Submissions**") seeking miscellaneous forms of relief <u>unrelated</u> to the Court's *Findings of Fact, Conclusions of Law, and Order Confirming the Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* (the "**Confirmation Order**") [Dkt. No. 8263] or the pending appeals therefrom. The Debtors have carefully reviewed all of these submissions, and have concluded that none of these submissions sets forth a meritorious motion for relief that the Court has authority to grant, as is detailed below. In order to make the most efficient use of Estate resources, Debtors have prepared the table attached as **Exhibit A** to respond to each request for relief the Debtors have identified in the Pro Se Submissions. To address Debtors' responses to each claimant:

1. **Mr. Bass does not appear to seek any relief.** Mr. Bass submitted two filings, both of which state that they are "not directed to the merit of any claim, but only to ensure the record accurately reflects [his] position." Withdrawal of Reference Ltr. at 7 [Dkt. No. 8530]; Withdrawal of Reference Ltr. at 6 [Dkt. No. 8531]. In addition, both filings appear related to relief Mr. Bass has sought in the District Court in connection with his appeal of the Confirmation Order, rather than relief sought from this Court. *See* Letter dated December 22, 2025, *Bass v. Purdue Pharma L.P. (In re Purdue Pharma L.P.)*, Case No. 7:25-cv-10282-NSR [ECF No. 19] (S.D.N.Y. Dec. 22, 2025) (requesting withdrawal of reference); *id.* ECF No. 61 (order denying withdrawal). Accordingly, no relief appears to be requested from this Court.

2. **Ms. Cates did not file a notice of appeal.** Ms. Cates submitted two filings, both of which ask whether her "appeal [is] 'still in effect' or will [these filings] serve as a continuation of her appeal?" Ltr. Regarding Personal Injury Proof of Claim Form [Dkt. No. 8381]; Ltr. Regarding Personal Injury Proof of Claim Form [Dkt. No.

8519]. Ms. Cates, however, did not file an appeal of the Confirmation Order, and thus has no appeal pending.

3. **Mr. Hill's request to lift the Preliminary Injunction should be denied.** Mr. Hill appears to ask that the Court lift the Preliminary Injunction so that his lawsuit against certain Related Parties may resume. Mr. Hill has made this request, or similar requests, at least eleven times before, and this Court has, at each instance, denied Mr. Hill's request.[2] Moreover, the Preliminary Injunction is currently set to expire upon the Effective Date, which the Debtors hope to occur in the second quarter of 2026 (i.e., before June 30, 2026). Because Mr. Hill has not articulated any reason why he should be able to gain a few-month head start on other similarly-situated claimants, and because no such reason exists, this request should be denied, just as the Court has denied Mr. Hill's previous requests for this relief.

4. **Ms. Isaacs' requests to relitigate issues that the Debtors have settled should be denied.** Ms. Isaacs appears to request the appointment of an examiner to (among other things) "[t]race" certain assets owned by the Sackler family and to litigate veil-piercing claims against certain Sacklers. These requests retread old ground and should be denied. Her request for an examiner is untimely, as the Bankruptcy Code authorizes an examiner to be appointed only "at any time before the confirmation of a plan." 11 U.S.C. § 1104(c). Moreover, any request for additional accounting review would be duplicative. In August 2021, the Court observed that the Plan settlement was preceded "by the most extensive discovery process" that the Court or "any court in bankruptcy has ever seen." *In re Purdue Pharma L.P.*, 633 B.R. 53, 85-86 (Bankr. S.D.N.Y. 2021). This discovery included, among other things, extensive forensic reviews of transfers to members of the Sackler family. These forensic reviews were overseen by a Special Committee of Purdue's board, and the results of these reviews were presented in the confirmation testimony of Mr. Richard Collura, Mr. Mark Rule, and Dr. David DeRamus. *See* Declaration of Richard A. Collura [Dkt. No. 8135]; Declaration of Mark F. Rule [Dkt. No. 8136]; Declaration of David W. DeRamus [ECF No. 8137]. The Special Committee's investigation was itself reviewed by an examiner appointed by the Court, who "found no evidence that the Sackler Families either attempted to, or did, influence the Special Committee in its work." *See* Order Appointing an Examiner Pursuant to 11 U.S.C. § 1104(c) [ECF No. 3048]; Report of Stephen D. Lerner, Examiner [ECF No. 3285]; *see also* Declaration of Michael Atkinson [ECF No. 8166]

---

[2] *See* Mot. to Terminate Temporary Inj. [Adv. Pro. Dkt. No. 365]; Mot. to Terminate Temporary Inj. [Adv. Pro. Dkt. No. 369]; Motion to Terminate Temporary Inj. [Adv. Pro. Dkt. No. 370]; Opp. to Debtors' Mot. [Adv. Pro. Dkt. No. 467]; Opp. to Debtors' Mot. [Adv. Pro. Dkt. No. 503]; Opp. to Mot. to Extend Purdue Temporary Prelim. Inj. [Adv. Pro. Dkt. No. 572]; Opp. to Mot. to Extend Purdue Temporary Prelim. Inj. [Adv. Pro. Dkt. No. 596]; Limited Opp. of the 41st Extension of Purdue Temporary Prelim. Inj. [Adv. Pro. Dkt. No. 625]; Mot. to Am. 41st Purdue Temporary Prelim. Inj. [Adv. Pro. Dkt. No. 638]; Limited Opp. to Debtors' 42nd Extension of Purdue Temporary Prelim. Inj. [Adv. Pro. Dkt. No. 643]; Am. Limited Opp. to Debtors' 42nd Extension of Purdue Temporary Prelim. Inj. [Adv. Pro. Dkt. No. 647].

C.    Motion for Forensic Review [ECF No. 8342]

D.    Motion to Allow / Motion to Pierce the Corporate Veil and Hold Sackler Family Members Individually Liable and Motion for Hearing on Motion to Pierce the Corporate Veil [ECF Nos. 8418, 8427]

**Amanda Morales**

E.    Motion for Contempt of both the Court and Debtor and Amended Motion for Contempt of Court [ECF Nos. 8365, 8386]

**Sally Ann Cates**

F.    Letter to Judge Lane regarding "Personal Claimant Proof of Claim Form" [ECF Nos. 8381, 8519]

**Rosemary Walker**

G.    Motion to Allow / Motion to Revoke Opt-In [ECF Nos. 8437, 8493]

H.    Motion to Allow/Take Notice & Motion that 'Abatement' be only for Purdue Pharma Brand Oxycontin Opioid Abatement [ECF No. 8443]

I.    Motion to Allow/New Motion is to Revoke 50% of the USD's Paid by Debtors' to Davis Polk and All and Any Law Firms Involved [ECF No. 8444]

J.    Emergency Motion to Allow/Seek an Emergency Rule 7009. Pleading Special Matters [ECF No. 8445]

K.    Letter / Brief for Hearing [ECF No. 8449]

L.    Motion to Allow/Motion for Damages under Injunctive Relief for Violation of Plan 'Promotion' Term [ECF No. 8484]

M.    Letter Motion re Claim 63478 [ECF No. 8520]

N.    Motion to Allow & Sanctions [ECF No. 8528]

O.    Motion to Allow Motions Be Acted on 1.22.2026 [ECF Nos. 8532, 8534]

P.    Response to Doc 8548 & Action On Motion For **Immediate Payment Of Defamation & Libel Damages From The Court Previously Requested [ECF No. 8553]

Q.    Motion for Sanctions [ECF No. 8568]

R.    After 2.4.2026 Hearing Motions Issues & Waiver Estoppel Motion [ECF No. 8584]

S.    Motions to Allow [ECF No. 8597]