FILED
U.S.
2026 APR 13
S.D.N.Y.

## IN THE SOUTHERN DISTRICT COURT OF NEW YORK[1]

## WHITE PLAINS

**TERRY L. HUGHES,**
        **Petitioner,**

**v.**                                                   **Case: Perdue Pharma 624439**

**PERDUE PHARMA,**
        **Defendant.**

## MOTION FOR A STAY ON A SPECIFIC CASE TO PRODUCE EVIDENCE

Comes now, Terry L. Hughes, hereinafter Petitioner, acting *pro se*, and moves this Honorable Court to **GRANT** this **STAY** in order that the Petitioner may produce his evidence of the above mentioned claim/case.

### I.      REASONS FOR REQUEST OF STAY

1. In a letter mailed to the Petitioner on March 12, 2026, Akin Gump Strauss Hauer & Feld LLP stated "[y]ou must have submitted to the PI Trust on or before July 28, 2025 a supplemental claim form and evidence that you were prescribed an opioid product branded as a Perdue product or otherwise marketed by Purdue..." See **EXHIBIT A**.

---

[1] The Petitioner made the top margin larger due to the copier causing a black stripe along the top that makes the petition illegible sometimes.

a.  The Petitioner received a packet from Kroll Restructuring in New York, NY on Wednesday, July 23, 2025. See **EXHIBIT B**[2]. The forms and evidence needed to be in the office by July 28, 2025 at 11:59 in New York[3].

b.  The Petitioner completed the forms with the evidence of opioid addiction on July 24, 2025 (Thursday) and placed it in the Huttonsville Correctional Center & Jail Institutional mail in the afternoon. The mail would not have gone out until Friday, July 25, 2025[4]. A notarized affidavit, under the penalty of perjury, is enclosed stating this is the date the Petitioner mailed the forms.

c.  On July 24, 2025, the Petitioner mailed a notarized letter and claim forms dated July 24, 2025, to Edgar C. Gentle, III, Esq. regarding the forms and evidence being sent out. See **EXHIBIT C**.

    i.  The Petitioner placed this attorney's phone number on his phone list on July 31, 2025[5]. See **EXHIBIT D**.

    ii.  The Petitioner tried multiple times to call Edgar C. Gentle, however, after a great battle, the Petitioner discovered that the lawyer's

---

[2] This **EXHIBIT** is a signed post office Legal Mail receipt of Legal Mail received.
[3] Other clients were told they had 60 days, however, the instant Petitioner only had 4 days.
[4] The Institutional Post Office does **NOT** record outgoing **LEGAL MAIL**, however, they record incoming.
[5] The Petitioner tried multiple times to call, however, his calls would not go through. Only recently did he find out that the Attorney had blocked his calls from the prison.

phone was blocked. After persons outside of the prison called and expressed concern, it continued to be blocked. To this day, the phone is still blocked.

d. On August 1, 2025, after mailing everything (claim forms and letter) to Edgar C. Gentle, III, Esq., the Petitioner mailed Akin Gump Stauss Hauer & Field L.L.P. regarding the same issue. See **EXHIBIT E[6]**.

2. On March 12, 2026, Akin Gump Stauss Hauer & Feld LLP mailed a letter to the Petitioner. Within the letter, it states "The PI Claims Administrator confirmed that he received your supplemental claim submission in September 2025."

   a. Again, the Petitioner mailed all the claim forms with letters to Edgar C. Gentle, III., Esq. on July 24, 2025 and all the claim forms with letters to Akin Gump Strauss Hauer & Feld LLP on August 1, 2025.

   b. Both areas state they did not receive the Petitioner's packet.

3. The Petitioner is need of an Attorney to assist him in straightening this MAJOR issue out. Although he tried, he has been unable to acquire an Attorney.

---

[6] The notarized letter from the Petitioner was incorrect. The Petitioner, trying to get the letter in the mail, signed it and mailed it. The paragraph that started "However, I've been informed..." is **INCORRECT** as the Petitioner had **NEVER** heard from the PI Claims Administrator in Hoover, Alabama.

a. The Petitioner is having **GREAT** difficulty obtaining medical records, including pharmacy prescriptions, doctor records and any other documents needed for the claim.

4. **THEREFORE**, the Petitioner humbly requests the appointment of Counsel and a stay to be able to complete this chaos.

*Terry L Hughes*
Terry L. Hughes, *pro se*