**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors. | Case No. 19-23649 (SHL)<br><br>(Jointly Administered)<br><br>Chapter 11 |

**ORDER AUTHORIZING MICHAEL R. MADIA**
**TO ISSUE SUBPOENAS FOR THE PRODUCTION**
**OF DOCUMENTS BY CERTAIN THIRD PARTIES**

Upon the motion (the "**Motion**") of Michael R. Madia ("**Madia**") a creditor of the above-captioned debtors and debtors-in-possession[1] (collectively, the "**Debtors**" or "**Purdue**"), pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "**Rules**") and Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, for an order authorizing Mr. Madia to issue subpoenas for the production of documents by: (1) The Arbor Behavioral Healthcare - Behavioral Healthcare Georgetown, TX; (2) Fastest Labs; (3) Brenda Cobian Olmos, FNP; (4) University of Texas Health, San Antonio, School of Dentistry; (4) Capital One, N.A.; (5) American Express Bank, N.A.; (6) Dr. Mitchell A. Chess; (7) Kenmore Mercy Hospital of Buffalo and Sisters Diagnostic Imaging of Buffalo; (8) California Pacific Orthopedics; (9) Bryan S. King; (10) Anesthesia Service Medical Group, Inc.; (11) Scripps Mercy Hospital San Diego; (12) Scripps Hospital of San Diego; (13) Dr. Robert Wong; (14) Tassinari Physical Therapy / PT First Physical Therapy; (15) Lawrence Bogle; (16) Select Specialty Hospital – San Diego;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).

1

(17) Kenmore Family Medicine; (18) Dr. Kedarnath Javaly; (19) Walgreens; (20) Medi-Cal; and (21) BlueCross BlueShield (collectively, the "**Subpoenaed Third Parties**") as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the hearing before the Court on April 20, 2026 and the for the reasons stated on the record therein; and after due deliberation and sufficient cause appearing therefore; it is hereby **ORDERED** that:

1.      The Motion is **GRANTED** as set forth herein.

2.      Mr. Madia is authorized under Bankruptcy Rules 2004 and 9016, to issue such subpoena as may be necessary to compel the production of documents by the Subpoenaed Third Parties in connection these Chapter 11 Cases.

3.      Unless otherwise agreed to by Mr. Madia, the Subpoenaed Third Parties shall have twenty-one (21) days from the service of a subpoena to either (i) produce, on a rolling basis, to the Madia all responsive documents requested in Madia's subpoenas with emphasis on medical records and bank/monthly statements, other than those documents withheld under a claim of privilege, or (ii) file with the Court an objection or response to the subpoena with a hearing promptly scheduled.

4.      Unless otherwise agreed to by Madia, if the Subpoenaed Third Parties withhold any documents from the production based upon a claim of privilege, the Subpoenaed Third Parties are

2

directed to provide counsel for Madia with a privilege log, containing the information required under Rule 7026 and S.D.N.Y. L.B.R. 7026-1, within ten (10) days **after** the twenty-one (21) day service period of the subpoena on the Subpoenaed Third Parties has expired.

5.      Nothing herein shall limit the rights of the Subpoenaed Third Parties under applicable law to object to or oppose any subpoena Madia may serve upon the Subpoenaed Third Parties.

6.      Madia's counsel shall file with the Court an affidavit or declaration of service for each subpoena he serves.

7.      This Order is without prejudice to Madia's right to file further motions seeking additional documents and testimony pursuant to Rule 2004(a) or any other applicable law.

8.      This Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.

Dated: April 21, 2026
White Plains, New York

*/s/ Sean H. Lane*
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE