**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

## STIPULATION AND AGREED ORDER BY AND AMONG THE DEBTORS, THE SACKLER PARTIES, AND THE RATEPAYER MEDIATION PARTICIPANTS

This Stipulation and Order is entered into as of April 3, 2026, by and among Purdue Pharma, L.P. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**" or "**Purdue**"); Eric Hestrup, Ronald D. Stracener, F. Kirk Hopkins, Jordan Chu, Amel Eiland, Nadja Streiter, Michael Konig, Eli Medina, Barbara Rivers, Marketing Services of Indiana, Inc., Glenn Golden, Gretta Golden, Michael Christy, Edward Grace, Debra Dawsey, Darcy Sherman, Kimberly Brand, Lou Sardella, Michael Klodzinski, Kevin Wilk, Heather Enders, Jason Reynolds, MSI Corporation, Deborah Green-Kuchta, W. Andrew Fox, Dora Lawrence, Michael Lopez, Zachary R. Schneider, William Taylor, William Stock and Al Marino, Inc., in their individual and representative capacities (collectively, the "**Ratepayer Mediation Participants**"); and the Sackler Parties (as defined in the *Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma, L.P. and Its Affiliated Debtors* [D.I. 8233] (as

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

amended, supplemented, or otherwise modified from time to time, the "**Plan**"))[2] (the Debtors, the Sackler Parties, and the Ratepayer Mediation Participants, collectively, the "**Parties**").  The Parties, by and through their respective attorneys, hereby stipulate and agree, subject to the approval of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), as follows:

## RECITALS

***Purdue's Chapter 11 Filing.***

A.   On September 15, 2019, Purdue filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**") in the Bankruptcy Court.

B.   The Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed herein.

C.   The Condensed Consolidated Balance Sheet (Unaudited) as of August 31, 2019, annexed as Schedule 4 to the *Declaration of Jon Lowne in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [D.I. 3], discloses total assets in the amount of $1.972 billion, total liabilities in the amount of $562 million and total equity in the amount of $1.41 billion. Virtually all of Purdue's liabilities consist of tort claims arising from more than 2,600 lawsuits filed throughout the state and federal court systems.  *Debtors' Informational Brief* [D.I. 17] ("**Informational Brief**") at 36–40; *see also Disclosure Statement for Thirteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [D.I. 7637], at Art. II.D.

***The Ratepayer Mediation Participants' Claims.***

---

[2] All terms not otherwise defined herein shall have the meaning ascribed in the Plan.

D.      On May 13, 2020, the Ratepayer Mediation Participants filed proofs of claim Nos. 11337, 11400, 11405, 11406, 11410, 11415, 11419, 11421, 11423, 11427, 11430, 11433, 11434, 11443, 11444, 11446, 11449, 11452, 11462, 11463, 11466, 11474, 11476, 11488, 11491, 11674, 11675, 11856, 12260, 12373, and 12459 (collectively, the "**Ratepayer Claims**") asserting non-priority unsecured claims against the Debtors for an unliquidated amount based on alleged damages to the Ratepayer Mediation Participants and putative classes of similarly situated plaintiffs in their states.[3]  Specifically, the Ratepayer Mediation Participants sought relief on behalf of a class consisting of all persons (including natural persons and entities) who purchased health insurance policies from 1996 through the present, and all persons who paid for any portion of employer-provided health insurance from 1996 through the present.

E.      The Ratepayer Claims in these chapter 11 cases related to litigation that had previously been filed and included in *In re National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio) (the "**MDL**").  By order dated December 14, 2017 (as supplemented by orders dated January 11, 2018 and February 16, 2018), U.S. District Judge Dan Aaron Polster imposed a stay in the MDL against prosecution of almost all opioid-related litigation (including Ratepayer Mediation Participants' lawsuits), except for certain bellwether cases for which trial was scheduled to commence on October 21, 2019 in the MDL.

F.      The Ratepayer Mediation Participants allege that Purdue's and the Sackler Parties' misconduct proximately caused a measurable economic injury to them as purchasers of private health insurance: Purdue's opioid-related conduct foreseeably increased opioid utilization and addiction-related medical claims, insurers absorbed those increased costs and, given their market

---

[3] Those states consist of Alabama, Arizona, California, Colorado, Connecticut, Florida, Illinois, Indiana, Kansas, Louisiana, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, West Virginia, and Wisconsin.

power and premium-setting practices, passed them through to insureds, resulting in ratepayers paying inflated premiums, deductibles, and co-pays.

### The Prior Plan

G.       On March 15, 2021, the Debtors filed the *Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [D.I. 2487] (as amended, supplemented, or otherwise modified from time to time, the "**Prior Plan**") and the *Disclosure Statement for Chapter 11 Plan for Purdue Pharma L.P. and Its Affiliated Debtors* [D.I. 2488].

H.       A hearing to consider confirmation of the Prior Plan commenced on August 12, 2021, and on September 17, 2021, the Bankruptcy Court entered an order [D.I. 3787] confirming the Prior Plan. The Prior Plan provided for a settlement among, *inter alia*, the Debtors, the Sackler Parties and the Ratepayer Mediation Participants.  *See Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [D.I. 3726], § 4.8.

I.       After the United States Supreme Court overturned confirmation of the Prior Plan, the Debtors, Sackler Parties, Ratepayer Mediation Participants and other public and private claimant groups entered mediation to settle all matters pursuant to a further amended Plan.  The mediation successfully concluded as to the Ratepayer Mediation Participants.

J.       On March 18, 2025, the Debtors filed the *Thirteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [D.I. 7306] (the "**Thirteenth Amended Plan**"), which reflected the terms of the settlement among the Debtors, the Sackler Parties and the Ratepayer Mediation Participants.  *See* Thirteenth Amended Plan, § 1.1 (definition of "Ratepayer Mediation Participants Stipulation").

K.       A hearing to consider confirmation of the Plan commenced on November 12, 2025, and on November 18, 2025, the Bankruptcy Court entered an order [D.I. 8263] confirming

the Plan.  As set forth in the Plan, if the Ratepayer Mediation Participants Stipulation[4] is entered into on or prior to the Effective Date, then on the Effective Date (or as soon as reasonably practicable thereafter), the Ratepayer Mediation Participants' attorneys' fees shall be paid from Effective Date Cash in the amount of $1.4 million.  Entry by the Bankruptcy Court of a final order approving the Ratepayer Mediation Participants Stipulation is a condition precedent to the occurrence of the Effective Date.  *Id*., § 9.1(l).

L.        Accordingly, in furtherance of the Plan, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Debtors, the Sackler Parties and the Ratepayer Mediation Participants hereby stipulate and agree as follows:

## AGREEMENT

1.        Authority.  The undersigned represent that they have all necessary authority to enter into and consummate this Stipulation, except that the obligations of the Debtors are subject to the approval of the Bankruptcy Court.

2.        Court Approval.  This Stipulation is subject to confirmation of the Plan and approval of the Bankruptcy Court in accordance with Fed. R. Bankr. P. 9019.  In the event (a) this Stipulation is not approved by the Bankruptcy Court, or (b) Plan confirmation and/or approval of the Stipulation is reversed on appeal, then this Stipulation shall be without force and effect and none of its provisions shall be deemed to prejudice or impair any of the rights or remedies of the Parties hereto; *provided*, that if this Stipulation is approved by the Bankruptcy Court and the Effective Date of the Plan (as defined in the Plan) occurs notwithstanding a

---

[4] The "Ratepayer Mediation Participants Stipulation" is defined in Section 1.1 of the Plan as "a stipulation to be entered into among the Debtors, the Ratepayer Mediation Participants and the Sackler Parties pursuant to which (i) the Ratepayer Mediation Participants will agree to (a) withdraw all proofs of claim filed by the Ratepayer Mediation Participants and (b) not to prosecute further litigation on grounds similar to those represented by such proofs of claim against the Shareholder Released Parties; (ii) the Ratepayer Mediation Participants agree to support this Plan;

pending appeal of an order confirming the Plan and/or an order approving this Stipulation, nothing in this Paragraph 2 shall be construed to prevent the Effective Date of this Stipulation from occurring pursuant to Paragraph 3, *infra*.  Nothing in the foregoing proviso shall be construed to limit the authority of the Bankruptcy Court or of any court with jurisdiction over such an appeal to stay the effectiveness of any order, and the impact of any stay on this Stipulation shall be determined in accordance with applicable law.

3.  Effective Date of Stipulation.  The Effective Date of this Stipulation shall be the later of (i) the date on which the approval of this Stipulation by the Bankruptcy Court becomes a Final Order (as defined in the Plan) and (ii) the Effective Date of the Plan, as provided in the Plan.

4.  Settlement.  In full and final settlement of the Ratepayer Claims:

   a. On the Effective Date or as soon as reasonably practicable thereafter, Stevens and Lee, Keller Postman, and Morgan and Morgan (collectively, "**Ratepayer Counsel**") will collectively receive $1,400,000 (the "**Ratepayer Counsel Fee**") from Effective Date Cash, as consideration for services rendered in connection with the chapter 11 cases, with each Ratepayer Counsel firm receiving one-third of the Ratepayer Counsel Fee.

   b. The Ratepayer Claims are withdrawn with prejudice.

   c. Ratepayer Counsel shall withdraw with prejudice the litigation styled *Harley v. Purdue Pharma L.P. d/b/a Purdue Pharma (Delaware) Limited Partnership et. al*, No. FST-CV19-6042390-S, pending in the Superior Court for the Judicial District of Stamford/Norwalk, Connecticut.

   d. To the extent permissible, Ratepayer Counsel agrees that they shall not prosecute future private insurance ratepayer (or similar) litigation against the Shareholder Released Parties or any of their affiliated entities.

   e. To the extent permissible, Ratepayer Counsel agrees that they shall not represent any client, whether such client is a private insurance ratepayer or otherwise, that does not opt into the instant settlement and Stipulation, in

---

and (iii) the Ratepayer Mediation Participants will receive $1.4 million in professional fees for services rendered in connection with the Chapter 11 Cases."

6

any future litigation against the Shareholder Released Parties or their affiliated entities.

5.     _Release of the Debtors and Shareholder Released Parties_.  Except with respect to enforcing any rights under this Stipulation and with respect to the Ratepayer Claims, upon the Effective Date of this Stipulation and payment of the Ratepayer Counsel Fee to Ratepayer Counsel, the Debtors and the Shareholder Released Parties, and their respective officers, directors, employees, attorneys, agents, members, trustees, partners, and affiliates, and their respective successors and assigns (collectively, the "**Debtor/Shareholder Releasees**") shall be conclusively, absolutely, unconditionally, irrevocably, fully, finally, forever and permanently released by the Ratepayer Mediation Participants and their respective heirs, assigns, attorneys, agents, members, trustees, partners, and affiliates, and their respective successors and assigns (collectively, the "**Ratepayer Releasors**") from any and all Causes of Action, including, without limitation, any Estate Cause of Action and any claims that any Ratepayer Releasor, or that any other Person or party claiming under or through any Ratepayer Releasor, would have presently or in the future been legally entitled to assert in its own right (whether individually or collectively) or on behalf of any Ratepayer Releasor or any other Person, notwithstanding section 1542 of the California Civil Code or any law of any jurisdiction that is similar, comparable or equivalent thereto (which shall conclusively be deemed waived), whether existing or hereinafter arising, in each case, (A) directly or indirectly based on, arising out of, or in any way relating to or concerning, in whole or in part, (i) the Debtors, as such Entities existed prior to or after the Petition Date, and their Affiliates, (ii) the Estates, (iii) the Chapter 11 Cases, or (iv) Covered Conduct and (B) as to which any conduct, omission or liability of any Debtor or any Estate is the legal cause or is otherwise a legally relevant factor.

7

6.      Release of the Ratepayer Mediation Participants by the Debtors. Except with respect to enforcing any rights under this Stipulation and with respect to the Ratepayer Claims, upon the Effective Date of this Stipulation and payment of the Ratepayer Counsel Fee to Ratepayer Counsel, the Ratepayer Mediation Participants and their respective heirs, assigns, attorneys, agents, members, trustees, partners, and affiliates, and their respective successors and assigns (collectively, the "**Ratepayer Releasees**") shall be conclusively, absolutely, unconditionally, irrevocably, fully, finally, forever and permanently released by the Debtors and their Estates from any and all Causes of Action, including any derivative claims asserted or assertible by or on behalf of any Debtor or any of their Estates and including any claims that any Debtor or any of their Estates, or that any other Person or party claiming under or through any Debtor or any of their Estates, would have presently or in the future been legally entitled to assert in its own right (whether individually or collectively) or on behalf of any Debtor or any of their Estates or any other Person, notwithstanding section 1542 of the California Civil Code or any law of any jurisdiction that is similar, comparable or equivalent thereto (which shall conclusively be deemed waived), whether existing or hereinafter arising, in each case, based on or relating to, or in any manner arising from, in whole or in part, (i) the Debtors, as such Entities existed prior to or after the Petition Date (including the Debtors' Opioid-Related Activities, manufacture, marketing and sale of Products, interaction with regulators concerning Opioid-Related Activities or Products, and involvement in the subject matter of the Pending Opioid Actions, and the past, present or future use or misuse of any opioid by a Releasing Party), (ii) the Estates or (iii) the Chapter 11 Cases.

7.      Release of the Ratepayer Mediation Participants by the Shareholder Released Parties. Except with respect to enforcing any rights under this Stipulation and with respect to the

8

Ratepayer Claims, upon the Effective Date of this Stipulation and payment of the Ratepayer Counsel Fee to Ratepayer Counsel, the Ratepayer Releasees shall be conclusively, absolutely, unconditionally, irrevocably, fully, finally, forever and permanently released by the Sackler Parties on behalf of the Shareholder Released Parties to the extent permissible from any and all Causes of Action, including any derivative claims asserted or assertible by or on behalf of any Shareholder Released Party and including any claims that any Shareholder Released Party, or that any other Person or party claiming under or through any Shareholder Released Party, would have presently or in the future been legally entitled to assert in its own right (whether individually or collectively) or on behalf of any Shareholder Released Party or any other Person, notwithstanding section 1542 of the California Civil Code or any law of any jurisdiction that is similar, comparable or equivalent thereto (which shall conclusively be deemed waived), whether existing or hereinafter arising, in each case, based on or relating to, or in any manner arising from, in whole or in part, (i) the Debtors, as such Entities existed prior to or after the Petition Date (including the Debtors' Opioid-Related Activities, manufacture, marketing and sale of Products, interaction with regulators concerning Opioid-Related Activities or Products, and involvement in the subject matter of the Pending Opioid Actions, and the past, present or future use or misuse of any opioid by a Releasing Party), (ii) the Estates or (iii) the Chapter 11 Cases.

8.     Consent to Jurisdiction. The Parties hereto irrevocably elect as the sole judicial forum for the adjudication of any matters arising under or in connection with this Stipulation, and consent to the exclusive jurisdiction of, the Bankruptcy Court.

9.     Counterparts.   This Stipulation may be signed in counterparts, which taken together shall constitute one original.  A facsimile signature by any of the Parties shall have the same force and effect as an original signature.

10.     <u>Binding Effect; Applicable Law</u>.  This Stipulation is binding upon and shall inure to the benefit of the Parties, their successors and assigns.  This Stipulation shall be governed by, and construed and enforced in accordance with, the Bankruptcy Code and, to the extent not inconsistent with the Bankruptcy Code, the laws of the State of New York, without regard to the conflicts of law rules of such state.

11.     <u>Entire Agreement</u>. All of the recitals stated in the Recitals section above are incorporated by reference as if fully set forth herein. This Stipulation constitutes the entire agreement of the Parties. No modification, amendment or waiver of any of the provisions of this Stipulation will be effective unless in writing and signed by the Parties hereto.

Dated: April 3, 2026

**DEBTORS**

By: _/s/ Eli J. Vonnegut_
**DAVIS POLK & WARDWELL LLP**
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
450 Lexington Avenue
New York, NY 10017
Phone: 212.450.4000

**RATEPAYER MEDIATION PARTICIPANTS**

By: _/s/ Nicholas F. Kajon_
**STEVENS & LEE, P.C.**
Nicholas F. Kajon
485 Madison Avenue, 20th Floor
New York, NY 10022
Phone: 212.319.8500

**MORGAN & MORGAN**
James D. Young
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202
Phone: 904.361.0012

**KELLER POSTMAN**
Ashley Keller
150 N. Riverside
Plaza, Suite 4100
Chicago, IL 60606
Phone:312.948.8474

**RAYMOND SACKLER FAMILY**

By:_ */s/ Alexander B. Lees*_
**MILBANK LLP**
Dennis F. Dunne
Alexander B. Lees
55 Hudson Yards
New York, NY 10001
Phone: 212.530.5000

**GHU ASSOCIATES LLC**
Gerard H. Uzzi
One Liberty Plaza
165 Broadway 23rd Floor
New York, NY 10006
Phone: 732.675.9503

**JOSEPH HAGE AARONSON LLC**
Mara Leventhal
Christopher J. Stanley
Eric K. Stodola
800 Third Avenue, 30th Floor
New York, NY 10022
Telephone: 212.407.1200

**BEACON COMPANY**

By:__ */s/ Jasmine Ball*__
**DEBEVOISE & PLIMPTON LLP**
Jasmine Ball
Maura Kathleen Monaghan
Jeffrey J. Rosen
919 Third Avenue
New York, NY 10022
Phone: 212.909.6000

Dated: April 21, 2026
White Plains, New York

*/s/ Sean H. Lane*
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

11