**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:**<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>**Debtors.** [1] | **Chapter 11**<br><br>**Case No. 19-23649 (SHL)**<br><br>**(Jointly Administered)** |

### ORDER GRANTING DEBTORS' THIRD OMNIBUS CLAIMS OBJECTION (NO LIABILITY, LATE FILED, SATISFIED, DUPLICATIVE, REDUNDANT, AMENDED AND REPLACED, MISCLASSIFIED, REDUCED, AND/OR WRONG DEBTOR CLAIMS)

Upon the omnibus objection, dated January 27, 2026 (the "**Objection**")[2] of Purdue Pharma

L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively,

the "**Debtors**") for entry of an order (this "**Order**"), pursuant to section 502(b) of the Bankruptcy

Code, Bankruptcy Rule 3007, and this Court's *Corrected Order Approving (I) Omnibus Claims*

*Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims*

*Hearing Procedures* [ECF No. 2878], seeking to disallow and expunge the claims listed on

**Schedule 1** attached hereto (the "**Claims to be Disallowed and Expunged**") on the ground that

such claims either set forth claims for which Debtors cannot be liable, were not timely filed, have

---

[1] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Objection.

been satisfied by Debtors, are duplicative or redundant of other claims, or were amended and superseded by other claims, and the claims listed on **Schedule 2** attached hereto (the "**Claims to be Modified**"), on the ground that such claims misstate their relative priority under the Bankruptcy Code, assert or are scheduled for amounts greater than supported by Debtors' books and records, and/or are asserted against the wrong debtor entity; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Objection and held a hearing to consider the relief requested in the Objection (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish good and sufficient cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is granted as set forth herein.

2.      Pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, and except as otherwise set forth herein, the claims listed on **Schedule 1** attached hereto are disallowed and expunged from the claims registry.

3.      Notwithstanding anything to the contrary in this Order or the Objection, the claims listed on Schedule 1(E) under the heading "*Claims to be Disallowed and Expunged*" (the "**Multi-**

**Debtor Claims**") are hereby (a) consolidated into the corresponding claim listed under the heading "*Surviving Claims*" (each a "**Surviving Consolidated Claim**"), and (b) removed from the claims registry; *provided that* each Surviving Consolidated Claim shall be deemed a claim for all purposes against each Debtor entity against which the holder of such Surviving Consolidated Claim asserted a Multi-Debtor Claim.

4.      The treatment of Multi-Debtor Claims as provided herein is intended solely for the purpose of administrative convenience and shall not affect the substantive rights of the Debtors, those parties who have filed such Multi-Debtor Claims, or any other party in interest, with respect to the Multi-Debtor Claims and Surviving Consolidated Claims, including, without limitation, the allowance, amount, or priority of such claims, any amendment thereto or any objection, defense, offset, or counterclaim with respect thereto; *provided however* that the Debtors shall not object to any Surviving Consolidated Claim on the basis that such Surviving Consolidated Claim is filed only against the Debtor listed under the heading "*Surviving Claims*" on Schedule 1(E) hereto.

5.      Pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, the claims listed on **Schedule 2** attached hereto are modified in the manner set forth in **Schedule 2**.

6.      The contents of the Objection and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Objection or the entry of this Order shall be required.

7.      The Debtors, Kroll, and the Clerk of this Court are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

8.      Nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any claims asserted in these Chapter 11 Cases.

9.      Entry of this Order is without prejudice to the Debtors' rights to seek authorization

to modify or supplement the relief granted herein.

10.     The terms and conditions of this Order are effective immediately upon entry.

11.     The Court shall retain jurisdiction to hear and determine all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.


Dated: April 21, 2026
White Plains, New York                    */s/ Sean H. Lane*
                                          UNITED STATES BANKRUPTCY JUDGE