**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors. [1]** | **(Jointly Administered)** |

**ORDER PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9019**
**AUTHORIZING AND APPROVING SETTLEMENT AGREEMENT BETWEEN**
**THE DEBTORS AND MCKINSEY & COMPANY, INC.**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these proceedings (collectively, the "**Debtors**"), for entry of an order,

pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and

Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of

an order authorizing and approving the Settlement Agreement substantially in the form attached

to the Motion as **Exhibit B**, as more fully set forth in the Motion; and the Court having jurisdiction

to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the *Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [D.I. 8233].

§ 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The relief requested in the Motion is hereby granted as set forth herein.

2.      Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement attached to the Motion as **<u>Exhibit B</u>** is approved in its entirety and the terms and conditions of the Settlement Agreement are incorporated into this Order as if fully set forth herein.  The Settlement Agreement and compromises and resolutions embodied therein are fair and equitable, in the best interests of the Estates and a valid exercise of the Debtors' business judgment.

3.      The Master Disbursement Trust shall constitute a successor to the Debtors for purposes of the Settlement Agreement and a third-party beneficiary thereof, and the Master Disbursement Trust shall have standing and be entitled to enforce the Settlement Agreement and to exercise any rights, remedies, and benefits granted to it thereunder and be subject to the obligations applicable to the Master Disbursement Trust as set forth in the Settlement Agreement.

2

4.      Subject to the timing provisions of Section 3 of the Settlement Agreement, which are hereby approved, and any requirement in the last sentence of Section 3 of the Settlement Agreement to return funds to McKinsey, the Master Disbursement Trust shall adhere to the Plan and Confirmation Order regarding distribution of any proceeds received pursuant to the Settlement Agreement; *provided*, *however*, that notwithstanding anything to the contrary in the Plan with respect to the timing of any disbursement, if no appeal is filed to this Order, the Master Disbursement Trust shall disburse the funds to the MDT Beneficiaries specified in the Plan and Confirmation Order within fifteen (15) calendar days of receipt of the funds from McKinsey, without waiting until the next Scheduled MDT Distribution Date.

5.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry. For the avoidance of doubt, this Paragraph 5 shall not affect the timing of the payment obligations as set forth in Section 2 of the Settlement Agreement.

6.      The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

7.      This Order shall bind the Debtors, their estates and any successors or assigns.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: April 30, 2026
       White Plains, New York

*/s/ Sean H. Lane*
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE