**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P. *et al.*,[1] | Case No. 19-23649 (SHL) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: 6/24/2026** |

## MOTION TO DEEM PROOF OF CLAIM FORMS TIMELY FILED

NAS Child Claimants, AB, ABo, KB, BM, SM, CM,  AP, and TP (each, a "Claimant," and

collectively, the "Claimants"), by and through their undersigned counsel and legal representatives,

hereby move (this "Motion") this Court to deem their Proof of Claims Forms (POCs) timely. This

motion is made pursuant to section 105 of the Chapter 11 of Title 11 of the United States Code

("Bankruptcy Code") and Rules 3003(c) and 9006(b)(1) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"). In support of this Motion, Claimants respectfully state as

follows:

### A.  JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the

"Court") has jurisdiction over these cases and this Motion under 28 U.S.C. §§ 157 and 1334.

---

[1] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

2.      Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      The statutory and legal foundations for the relief sought herein are section 105(a) of the Bankruptcy Code and the Bankruptcy Rules 3003(c) and 9006(b)(1).

4.      The Claimants consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## B.  BACKGROUND

5.      On September 15-16, 2019 (the "Petition Date"), the above captioned debtors and debtors in possession (the "Debtors") filed their Chapter 11 bankruptcy petitions.

6.      The bar date for filing proofs of claim was July 30, 2020. (the "Bar Date").

7.      Each Claimant was exposed to opioids in utero and has submitted a NAS claim.

8.      Claimants submitted proof of claim forms as set out in the table below:

| Initials | Date POC Submitted | Kroll POC Number |
|---|---|---|
| AB | 6/4/21 | 623339 |
| ABo | 6/4/21 | 623289 |
| KB | 6/4/21 | 623285 |
| BM | 6/4/21 | 621686 |
| SM | 6/4/21 | 623284 |
| CM | 6/4/21 | 623427 |
| AP | 6/4/21 | 622099 |
| TP | 6/4/21 | 623211 |

15. On March 9, 2026, the Purdue Opioid Personal Injury Trust sent DMA their NAS PI Claim Deficiency Notice. This was the first time DMA became aware the Trust was asserting the POC forms were late.

## C.  RELIEF REQUESTED

9. Claimants respectfully request the entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3003(c) and 9006(b)(1), to deem the previously provided POC submissions timely.

## D.  BASIS FOR RELIEF REQUESTED

**1. To the Extent Claims were Not Timely Filed, Claimants' Failures to Timely Submit Proofs of Claim was the Result of Excusable Neglect.**

10. In a chapter 11 case, if a creditor's POC is late due to "excusable neglect," then under Bankruptcy Rule 9006(b)(1) as applied to Bankruptcy Rule 3003(c)(3), the court has discretionary authority to allow that creditor to file a POC beyond the claims bar date.  Specifically, Bankruptcy Rule 9006(b)(1) provides in pertinent part:

> **when an act is required or allowed to be done at or within a specified period** by these rules or by a notice given thereunder or by order of court, **the court for cause shown may at any time in its discretion** (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or **(2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.**

Fed. R. Bankr. P. 9006(b)(1) (emphasis added).

11. The meaning of excusable neglect as used in Bankruptcy Rule 9006(b)(1) was addressed by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993). The Supreme Court found that "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' . . . the determination is at bottom an equitable one, taking account of all relevant

3

circumstances surrounding the party's omission." *Id.* at 395. To that end, the Supreme Court approved a flexible, four-part analytical framework to support a finding of excusable neglect: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay (including whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith. *Id.* (referring to factors considered by the Court of Appeals and District Court, *In re Pioneer Inv. Services Co.,* 943 F. 2d 673, 677 (6th Cir. 1991)). "All [of the *Pioneer*] factors must be considered and balanced; no one factor trumps the others." *Hefta v. Off'l Comm. Of Unsecured Creditors (In re American Classic Voyages Co.)*, 405 F.3d 127, 133 (3rd Cir. 2005).

### A.      There is No Prejudice to Debtor. (*Pioneer* Factor No. 1)

12.      The Third Circuit in *O'Brien,* applying the *Pioneer* factors held "prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence." 188 F.3d 116, 127 (3rd Cir. 1999). The *O'Brien* court further provided that the following should be considered in a prejudice analysis: (i) whether the debtor was surprised or caught unaware by the assertion of a claim it had not anticipated; (ii) whether the payment of the claim would force the return of amounts already paid out under the confirmed plan or affect the distribution to creditors; (iii) whether the payment of the claim would jeopardize the success of the debtor's reorganization; (iv) whether the allowance of the claim would adversely impact the debtor; and (v) whether the allowance of the claim would open the floodgates to other late claims. *Id.* at 126-28.

13.      These factors do not militate in favor of demonstrating real prejudice to Debtors for the following reasons. First, these claims were submitted in 2021 and the PI Trust has been aware of these claims for years. These claimants are not coming from outside the universe of known

4

claims. These claimants have submitted claim forms and other documentation so there is not surprise to the PI Trust.

14.     Finally, payments have not commenced and permitting the small number of Claimants herein will not jeopardize the payment plan or Debtors' reorganization as there are thousands of pending claims. Overall, Debtors will not be prejudiced by permitting the Claimants to finish what they started.

### B.     Permitting POC forms will not cause delay. (*Pioneer* Factor No. 2)

15.     The primary concern in a delay analysis is whether the delay will impact the reorganization process. *O'Brien*, 188 F.3d at 130. Here, even though the Bar Date was in 2020 – the Trust's claims process is still ongoing and the Trust is still resolving deficiencies.

### C.     Claimants Request Was Brought Promptly and is Brought in Good Faith (*Pioneer* Factors 3 and 4).

16.     The Trust notified DMA of these late submitted POCs on March 9, 2026. This was the first time DMA was informed there was an issue with POC timeliness. This motion was brought promptly after discussions with the PI Trust.

17.     The original reason for the late submission of the POC is unknown as counsel below was not associated with DMA in 2021. Counsel below believes the NAS POC Submissions were calendared based on the supplemental bar date of September 2021. DMA will waive any attorneys fee for claimants identified above and simply requests these Claimants be permitted to finish the claims they started.

### E.  NOTICE

18.     Claimants will provide notice of this Motion to: (i) Office of the United States Trustee for the Southern District of New York; (ii) counsel to the Debtors; (iii) counsel to the Trust; and (iv) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002.

WHEREFORE, Claimants request that the Court enter an order, substantially in the form of the attached proposed order, deeming the previously provided POC submissions timely.

**D. MILLER & ASSOCIATES, PLLC**

/s/ Clint Casperson
Clint Casperson (Tx. Bar. No. 24075561)
Darren Miller(Tx. Bar No. 24007678)
2610 W. Sam Houston Pkwy S., Suite 200
Houston, Texas 77042
Telephone: 713-850-8600
Facsimile: 713-467-0306
Email:  clcasperson@Dmillerlaw.com
Darren@dmillerlaw.com

*Attorneys for Claimants*

Dated: May 1, 2026

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P. *et al.*,[1] | Case No. 19-23649 (SHL) |
| Debtors. | (Jointly Administered) |

**CERTIFICATE OF SERVICE**

I, Clint Casperson, hereby certify that on May 1, 2026, I caused a true and correct copy of the Motion to Deem Proof of Claim Forms Timely Filed and the proposed Order Deeming Proof of Claim Forms Timely Filed to be served upon all parties registered to receive electronic notice in this case via the Court's CM/ECF electronic notification system.

**D. MILLER & ASSOCIATES, PLLC**

/s/ Clint Casperson
Clint Casperson (Tx. Bar No. 24075561)
Darren Miller (Tx. Bar No. 24007678)
2610 W. Sam Houston Pkwy S., Suite 200
Houston, Texas 77042
Telephone: 713-850-8600
Facsimile: 713-467-0306
Email:  clcasperson@Dmillerlaw.com
Darren@dmillerlaw.com