**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P., et al.,** | Case No. 19-23649 (SHL) |
| Debtors. | (Jointly Administered) |

**MOTION OF SAMUEL McDUFFIE, PRO SE, FOR RECONSIDERATION OF ORDER (DOCKET NO. 9092) DISALLOWING CLAIM NO. 5706 PURSUANT TO 11 U.S.C. § 502(j), FEDERAL RULES OF BANKRUPTCY PROCEDURE 3008 AND 9023, AND FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

**TO THE HONORABLE SEAN H. LANE, UNITED STATES BANKRUPTCY JUDGE:**

Samuel McDuffie ("Movant" or "Mr. McDuffie"), the pro se holder of Claim No. 5706, respectfully submits this Motion for Reconsideration of the Order entered on April 24, 2026 at Docket No. 9092 (the "Disallowance Order"), which granted the Omnibus Claims Objection at Docket No. 8547 and disallowed Claim No. 5706 as "Unsubstantiated." In support of this Motion, Mr. McDuffie respectfully states as follows.

**PRELIMINARY STATEMENT**

1. Mr. McDuffie is an individual personal injury claimant proceeding without counsel. He received first notice of the Disallowance Order on April 30, 2026, through an email transmission from Kroll Restructuring Administration LLC, the claims and noticing agent in this case. Mr. McDuffie has no record of receiving any prior Notice of Objection, Notice of Deficiency, or other notice that would have alerted him to the pendency of the Omnibus Claims Objection at Docket No. 8547 in time to respond before the hearing.

2.      Mr. McDuffie files this Motion within fourteen (14) days of the entry of the Disallowance Order to preserve the standard of review applicable under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e). He respectfully requests that the Court vacate the Disallowance Order as it relates to Claim No. 5706 and either (i) reinstate Claim No. 5706 subject to a reasonable schedule for the production of substantiating documentation, or (ii) hold the disallowance of Claim No. 5706 in abeyance for sixty (60) to ninety (90) days while Mr. McDuffie obtains pharmacy and medical records that he has already affirmatively requested.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and procedural bases for the relief requested are 11 U.S.C. § 502(j), Federal Rules of Bankruptcy Procedure 3008 and 9023, Federal Rule of Civil Procedure 59(e), and Local Bankruptcy Rule 3008-1.

## BACKGROUND

5.      Mr. McDuffie is an individual residing at 20283 Santa Maria Avenue, Suite 21030, Castro Valley, California 94546. He is the holder of Claim No. 5706, an individual Non-NAS Personal Injury claim filed in this case.

6.      The harm underlying Claim No. 5706 is real and documented. Mr. McDuffie attended inpatient treatment for opioid use disorder at Bayside Marin in San Rafael, California, at significant personal cost. The records of that treatment exist and document both the diagnosis and the substances involved.

7.      Mr. McDuffie has a legitimate prescription history that predates his dependency, including a post-surgical opioid prescription dispensed following an appendectomy that occurred prior to September 15, 2019. To substantiate the use of a Qualifying Purdue Opioid prior to that date, Mr. McDuffie has taken the following affirmative steps:

(a)     On or about April 30, 2026, Mr. McDuffie initiated a 10-year patient prescription history request through CVS Health, the pharmacy of record;

(b)     Mr. McDuffie has initiated a request for his California CURES Prescription Drug Monitoring Program history; and

(c)     Mr. McDuffie is in the process of contacting the relevant hospital and prescribing physician to obtain the original prescription paperwork and any insurance or pharmacy benefit manager records that identify the manufacturer name and National Drug Code (NDC) of the medications dispensed during the relevant period.

8.      Mr. McDuffie is prepared to sign and return a HIPAA release authorizing the appropriate party to obtain his medical and pharmacy records on his behalf, and he has so informed the Purdue Personal Injury Trust by email dated April 30, 2026.

9.      On April 30, 2026, Mr. McDuffie received from Kroll Restructuring Administration LLC an email notification informing him that the Court had entered the Disallowance Order on April 24, 2026, and that Claim No. 5706 was on the schedule of claims disallowed as "Unsubstantiated." This was the first notice Mr. McDuffie has any record of receiving in connection with the Omnibus Claims Objection at Docket No. 8547. Mr. McDuffie does not have a record of receiving any prior Notice of Objection, Notice of Deficiency, or any other notice that would have given him an opportunity to respond before the hearing on the underlying objection.

10.     Promptly upon receiving notice of the Disallowance Order, Mr. McDuffie wrote to the Purdue Personal Injury Trust on April 30, 2026 requesting reopening of his claim and offering to provide a HIPAA release. The Purdue Personal Injury Trust responded on May 1, 2026 indicating that it was working with the parties to identify the appropriate point of contact. On May 1, 2026, Mr. McDuffie also wrote to counsel for the Debtors at Davis Polk & Wardwell LLP and to counsel for the Official Committee of Unsecured Creditors at Akin Gump Strauss Hauer & Feld LLP, requesting a stipulated resolution.

## LEGAL STANDARD

11.     Federal Rule of Bankruptcy Procedure 3008 provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate." Section 502(j) of the Bankruptcy Code provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause."

12.     A motion for reconsideration filed within fourteen (14) days of entry of the order at issue is governed by the standard applicable under Federal Rule of Bankruptcy Procedure 9023, which incorporates Federal Rule of Civil Procedure 59(e). Under that standard, reconsideration is warranted to (i) account for newly available evidence, (ii) correct a clear error of law or fact, or (iii) prevent manifest injustice. This is a more lenient standard than that applicable under Federal Rule of Bankruptcy Procedure 9024 (incorporating Federal Rule of Civil Procedure 60(b)) for motions filed outside the fourteen-day window.

13.     Pleadings filed by a pro se party are to be construed liberally, and pro se litigants are entitled to a degree of latitude in form and substance not required of represented parties.

## ARGUMENT

**A.     Reconsideration Is Warranted to Prevent Manifest Injustice Where Mr. McDuffie Did Not Receive Notice in Time to Respond.**

14.     The Disallowance Order disallowed Claim No. 5706 as "Unsubstantiated" without affording Mr. McDuffie a meaningful opportunity to respond, because Mr. McDuffie has no record of receiving any prior Notice of Objection or Notice of Deficiency. The first notice Mr. McDuffie received in connection with the Omnibus Claims Objection was the Kroll noticing email transmitted on April 30, 2026, six (6) days after the Disallowance Order was entered.

15.     Where a claim is disallowed without the claimant having been given a fair opportunity to be heard, reconsideration is appropriate to prevent manifest injustice. Mr. McDuffie acted promptly upon receiving notice. He wrote to the Purdue Personal Injury Trust on the same day he received notice; he wrote to counsel for the Debtors and to counsel for the Official Committee of Unsecured Creditors the following day; and he files this Motion within the fourteen-day window prescribed by Rule 9023.

**B.     Mr. McDuffie's Claim Is Substantiable, and a Brief Period to Produce Documentation Is Warranted.**

16.     Mr. McDuffie's claim is not, in substance, "unsubstantiated." The claim is supported by inpatient treatment records from Bayside Marin in San Rafael, California, by a documented prescription history that predates his dependency, and by pharmacy and prescription monitoring records that he has already affirmatively requested. The current absence of those records on file with the claims administrator reflects only that Mr. McDuffie has not yet had a meaningful opportunity to obtain and produce them — not that they do not exist or that the underlying claim lacks merit.

17.     A brief stay of disallowance, or a reinstatement subject to a documentation deadline, would impose no prejudice on the Debtors, the Official Committee of Unsecured Creditors, the Purdue Personal Injury Trust, or any other party in interest. The relief requested here is narrow and is calibrated to allow Mr. McDuffie a fair opportunity to substantiate a claim he is, in fact, able to substantiate.

**C.      Mr. McDuffie Has Acted Diligently and in Good Faith.**

18.      Within twenty-four hours of receiving notice of the Disallowance Order, Mr. McDuffie initiated formal record requests with CVS Health and with the California CURES program, contacted the Purdue Personal Injury Trust, and offered to execute a HIPAA release. Within forty-eight hours, he opened written dialogue with counsel for the Debtors and counsel for the Official Committee of Unsecured Creditors. Within fourteen days, he files this Motion. This conduct reflects diligence and good faith, and supports the relief requested.

## RELIEF REQUESTED

19.      WHEREFORE, Mr. McDuffie respectfully requests that the Court enter an Order:

(a)      Granting this Motion;

(b)      Vacating the Order at Docket No. 9092 to the extent it disallows Claim No. 5706;

(c)      Either (i) reinstating Claim No. 5706 subject to Mr. McDuffie producing substantiating documentation by a reasonable date certain, or (ii) staying the disallowance of Claim No. 5706 for a period of sixty (60) to ninety (90) days while Mr. McDuffie obtains and produces such documentation; and

(d)      Granting such other and further relief as the Court deems just and proper.

Dated: May 7, 2026
Castro Valley, California

Respectfully submitted,

/s/ Samuel McDuffie

_____
Samuel McDuffie, Pro Se
20283 Santa Maria Avenue, Suite 21030

Castro Valley, California 94546
Email: sammcd4@gmail.com
Telephone: (628) 224-8893

**CERTIFICATE OF SERVICE**

I, Samuel McDuffie, hereby certify that on May 7, 2026, I caused a true and correct copy of the foregoing Motion for Reconsideration to be served on the parties listed below in the manner indicated:

*By electronic mail and first-class mail:*

Davis Polk & Wardwell LLP
Attn: Eli J. Vonnegut, Esq.
450 Lexington Avenue
New York, New York 10017
eli.vonnegut@davispolk.com
*Counsel to the Debtors*

Akin Gump Strauss Hauer & Feld LLP
Attn: Arik Preis, Esq.
One Bryant Park
New York, New York 10036
purduecreditorinfo@akingump.com
*Counsel to the Official Committee of Unsecured Creditors*

Office of the United States Trustee for Region 2
Attn: Paul K. Schwartzberg, Esq.
Alexander Hamilton Custom House
One Bowling Green, Suite 534
New York, New York 10004-1408
Paul.Schwartzberg@usdoj.gov

Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, New York 11232
purduepharmainfo@ra.kroll.com
*Claims and Noticing Agent*

Purdue Personal Injury Trust
Attn: Edgar C. Gentle III, Trustee
P.O. Box 361930
Hoover, Alabama 35236-1930
purduepitrust@purduepitrust.com

Dated: May 7, 2026

/s/ Samuel McDuffie

_____
Samuel McDuffie, Pro Se