## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

## WHITE PLAINS DIVISION

In re:
**PURDUE PHARMA L.P.**, *et al.*,
*Debtors.*

Chapter 11
Case No. 19-23649 (SHL)
(Jointly Administered)

## CLAIMANT'S MOTION TO RECONSIDER ORDER DISALLOWING CLAIM NO. 8496 PURSUANT TO 11 U.S.C. § 502(J), FED. R. BANKR. P. 3008 AND 9024, AND FED. R. CIV. P. 60(B)

PLEASE TAKE NOTICE that Claimant Karen Meade, holder of Claim No. 8496, moves this Court pursuant to 11 U.S.C. § 502(j), Federal Rule of Bankruptcy Procedure 3008, Federal Rule of Bankruptcy Procedure 9024, and Federal Rule of Civil Procedure 60(b) for an Order reconsidering, vacating, and reversing the Order entered on April 24, 2026 [Docket No. 9092] (the "Disallowance Order") disallowing Claim No. 8496 as an unsubstantiated personal injury claim, and reinstating the Claim for full and fair evaluation on the merits.

## I. INTRODUCTION

1. Claimant is a personal injury victim who filed a timely Proof of Claim in the above-captioned jointly administered chapter 11 proceedings of Purdue Pharma L.P. and its affiliated debtors (collectively, "Purdue" or the "Debtors"), asserting injuries arising from the use of a qualifying Purdue opioid product.

2. On April 24, 2026, this Court entered Docket No. 9092 (the "Disallowance Order"), disallowing Claim No. 8496 as unsubstantiated, citing: (a) lack of documentation

submitted prior to the July 30, 2020 proof of claim bar date; (b) no supporting documentation submitted during the period from July 2020 through May 2025; and (c) no response to requests from the PI Claims Administrator.

3.Claimant respectfully submits that the Disallowance Order was entered under circumstances warranting reconsideration. Claimant was not afforded adequate notice of the specific documentation requirements, faced extraordinary circumstances that prevented timely submission of records, and—upon learning of the deficiency—has taken immediate steps to compile the necessary supporting documentation.

4.Reconsideration is warranted to prevent manifest injustice to a legitimate personal injury claimant and to ensure that Claim No. 8496 is evaluated on its merits in accordance with the confirmed Plan of Reorganization and applicable law.

## II. BACKGROUND

### A.  The Purdue Pharma Bankruptcy Proceedings

5.On September 15 and 16, 2019, Purdue Pharma L.P. and 23 affiliated entities filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court, jointly administered under Case No. 19-23649 (SHL). The cases are presided over by the Honorable Sean H. Lane.

6.Following years of contested proceedings and multiple plan amendments, this Court confirmed the Eighteenth Amended Joint Chapter 11 Plan of Reorganization (the "Plan") on November 18, 2025. The Plan became effective on April 1, 2026, and established the Purdue Personal Injury Trust (the "PI Trust") to administer and pay personal injury channeled claims.

7.The Court established July 30, 2020 as the bar date for filing proofs of claim (the "Bar Date") in these proceedings.

**B. Claimant's Proof of Claim**

8.Claimant Karen Meade timely filed a Proof of Claim prior to the July 30, 2020 Bar Date, which was assigned Claim No. 8496. The Proof of Claim asserted personal injury damages arising from Claimant's use of a qualifying Purdue opioid product.

9. My husband, Thomas Peek used Oxycontin for eleven years. He became dependant and abused this medication for eleven years. This resulted in many ambulance calls for bowel obstruction, hallucinations, and sepsis. This made it very hard to pay bills, take care of my children and ruI n my business. He suffered significant opioid dependency and related personal injuries as a result of using Oxycoton, manufactured and distributed by Purdue, during the period from approximately 02/2000 through 02/2011. This result in the loss of our family structure, divorce, children and myself need therapy for years up to present. We lost our standing in our church, relationships with people we loved and ultimately due to the dependency of this drug my husband now ex-husband overdosed several times and took all our life savings to support getting this drug. My husband was an upstanding person in our church, community, loving husband and incredible father until this addiction. The loss my family endured was immeasurable. I have provided a HIPAA release form signed by my husband on his case to provide any record or the MAPPS information to support my claims. To this day my husband (now ex husband) is on Suboxone as he cannot totally give up this opoid addiction starting back in 2000 given to him by his Physician. To this day his is under the care of a Pyschiatrist. This drug devastated my family. I lost the person I was going to grow old with.

**C. The PI Claims Administrator Process and Claimant's Circumstances**

10. Following the Bar Date, the PI Claims Administrator issued requests for supporting documentation to claimants, including Claim No. 8496. Claimant acknowledges that responses were not submitted during the period from July 2020 through May 2025 and that no response was provided to the PI Claims Administrator's requests.

11. I did not receive any communication on this case due to my house being destroyed in the hurricane in Florida and did not receive the communication. I heard on the news the case was progressing so I did research spending so many hours to find out what I needed to do next. Many hours on the phone and researching on the internet. My address has been updated since that time. There was also lack of access to medical records, difficulty navigating the claims process without counsel. I suffered health and financial hardship.

12. Upon receiving notice of the Disallowance Order (Doc. 9092, April 24, 2026), Claimant moved promptly to seek reconsideration and to compile the documentation necessary to substantiate Claim No. 8496.

## D. The Disallowance Order

13. On April 24, 2026, this Court entered the Disallowance Order at Docket No. 9092, disallowing Claim No. 8496 as an unsubstantiated personal injury claim based on three stated grounds: (i) no documentation was submitted prior to the July 30, 2020 Bar Date; (ii) no documentation was submitted during the period from July 2020 through May 2025; and (iii) Claimant did not respond to requests from the PI Claims Administrator.

14. Claimant respectfully submits that this Motion is timely and that each of the Court's stated grounds for disallowance can be addressed and remedied through reconsideration, as set forth herein.

## III. LEGAL STANDARD FOR RECONSIDERATION

15. Section 502(j) of the Bankruptcy Code provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). A reconsidered claim "shall be allowed or disallowed according to the equities of the case." *Id.*

16. Federal Rule of Bankruptcy Procedure 3008 provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate." Fed. R. Bankr. P. 3008.

17. Federal Rule of Bankruptcy Procedure 9024 makes Federal Rule of Civil Procedure 60(b) applicable in bankruptcy cases. Rule 60(b) permits a court to relieve a party from a final order for reasons including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) a void judgment; (5) a satisfied or released judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

18. Courts in this district and circuit have consistently held that reconsideration under § 502(j) and Rule 3008 is a flexible, equitable inquiry focused on the interests of justice, and that the absence of prejudice to the estate is a significant factor favoring reinstatement. *See In re Enron Corp.*, 298 B.R. 513 (Bankr. S.D.N.Y. 2003).

19. Pro se claimants and individual personal injury victims in mass-tort bankruptcies are entitled to the benefit of a liberal construction of procedural requirements, and courts have recognized that the complexity of large chapter 11 cases may itself constitute equitable grounds for reconsideration. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) (excusable neglect standard under Bankruptcy Rule).

### IV. BASIS FOR RECONSIDERATION

**A.  Cause Exists Under 11 U.S.C. § 502(j) to Reconsider the Disallowance Order**

20.Cause for reconsideration exists under § 502(j) because the equities of this case weigh strongly in favor of reinstating Claim No. 8496. Claimant is an individual personal injury victim who timely filed a Proof of Claim and who now has available documentary evidence to substantiate that claim. Disallowance on procedural grounds alone would result in manifest injustice to a legitimate claimant.

21.The Plan and the PI Trust were specifically designed to compensate personal injury victims harmed by Purdue's opioid products. The equitable purpose of the PI Trust is best served by allowing Claim No. 8496 to proceed to substantive review.

22.No prejudice to the estate, the PI Trust, or other creditors results from reconsideration at this stage. The PI Trust's claims process is ongoing, and reinstatement of Claim No. 8496 will not disrupt distributions to other creditors.

**B.  Claimant's Failure to Submit Documentation Constitutes Excusable Neglect Under Fed. R. Civ. P. 60(b)(1)**

23.The Supreme Court's four-part test for excusable neglect under *Pioneer Investment Services* requires consideration of: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).

24.As to the *first Pioneer* factor, no material prejudice to the estate or PI Trust results from reconsideration. The PI Trust is ongoing, claims are still being processed, and reinstatement of a single claim imposes no burden on administration.

25. As to the *second Pioneer* factor, Due to losing my home in the hurricane and relocating the delay is not excessive as I had to research to find out what was also needed in the proceedings and has not harmed the process of this case.

26. As to the *third Pioneer* factor, Claimant lacked access to medical providers during COVID-19 pandemic, did not receive notices due to address change, experienced health and personal hardship, lacked legal representation and was unaware of specific documentary requirements.

27. As to the *fourth Pioneer* factor, Claimant has at all times acted in good faith. Claimant timely filed the original Proof of Claim and has moved promptly for reconsideration upon learning of the Disallowance Order. There is no evidence of any intentional or bad-faith conduct on Claimant's part.

## C.  Claimant Has Newly Available Evidence to Substantiate Claim No. 8496

28. Claimant has obtained or is in the process of obtaining documentation sufficient to substantiate Claim No. 8496, including: medical records as to all the issues with this drug my husband endured, my children's therapy as well as my own.  The financial hardship records.  As well as the personal injury to myself due to everything that occurred from this prolonged exposure to drug dependency from my spouse.

29. This documentary evidence directly addresses each of the Court's stated bases for disallowance under Doc. 9092. Specifically, the records establish: (a) that Claimant used a qualifying Purdue opioid product; (b) the nature and extent of Claimant's personal injuries; and (c) a causal nexus between Claimant's use of the Purdue product and the injuries suffered.

30. Courts within this Circuit have held that newly discovered evidence or documentation previously unavailable constitutes good cause for reconsideration under both § 502(j) and Rule 60(b)(2). *See In re Texaco Inc.*, 182 B.R. 937 (Bankr. S.D.N.Y. 1995).

**D.  Claimant's Failure to Respond to PI Claims Administrator Was the Result of Circumstances Beyond Claimant's Control**

31. The Disallowance Order cites Claimant's failure to respond to PI Claims Administrator requests as a ground for disallowance. Claimant respectfully submits that this failure was not the product of willful disregard, but rather requests were sent to a prior address.

32. Courts have consistently declined to penalize claimants whose failure to respond resulted from inadequate notice or circumstances beyond their control, particularly in large mass-tort bankruptcies involving thousands of pro se claimants. The complexity and duration of the Purdue proceedings—now more than six years—weighs in favor of affording individual claimants a full and fair opportunity to be heard.

33. Claimant is prepared to respond fully and promptly to any further requests from the PI Claims Administrator upon reinstatement of the Claim.

## V. REQUEST FOR RELIEF

34. For the foregoing reasons, Claimant respectfully requests that this Court enter an Order:

- (a)  **GRANTING** this Motion to Reconsider;

- (b)  **VACATING** and **REVERSING** the Disallowance Order [Docket No. 9092] as applied to Claim No. 8496;

- (c)  **REINSTATING** Claim No. 8496 as a valid, unliquidated personal injury claim for further review and evaluation on the merits by the PI Claims Administrator and the Purdue Personal Injury Trust;

- (d) **DIRECTING** the PI Claims Administrator to provide Claimant with a reasonable opportunity to submit supporting documentation and cure any identified deficiencies with respect to Claim No. 8496; and

- (e) **GRANTING** such other and further relief as the Court deems just and proper.

## VI. CONCLUSION

Claimant Karen respectfully urges this Court to exercise its equitable authority under § 502(j) and Rule 60(b) to reconsider the Disallowance Order and reinstate Claim No. 8496. Disallowance on procedural grounds alone would forever extinguish a legitimate personal injury claim against a Trust specifically created to compensate victims of Purdue's opioid products. The equities of this case, the absence of prejudice to any party, and the fundamental interests of justice all support reinstatement and a full, fair review on the merits.

For all the reasons stated herein, Claimant respectfully requests that the Court grant this Motion in its entirety.

Respectfully submitted,

*Karen Meade*

_____

Karen Meade

*Pro Se* Claimant

Claim No. 8496

37083 Grindstone

Lennox MI 48048

586 337 2814

karenmeadecpccpma@att.net

Dated: May 13, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated above, I caused a true and correct copy of the foregoing

Motion to Reconsider to be served upon counsel for the Reorganized Debtors and the PI Claims

Administrator by  first-class U.S. mail and electronic mail, or as otherwise directed by the Court

or the Claims Administrator] at the addresses set forth below:

[NAME AND ADDRESS OF COUNSEL FOR REORGANIZED DEBTORS / KNOA PHARMA

LLC]

[NAME AND ADDRESS OF PI CLAIMS ADMINISTRATOR]

_____

Karen Meade

_____

- 1 -