KATTEN MUCHIN ROSENMAN LLP
Joshua S. Rubenstein
Bonnie Lynn Chmil
Julia M. Winters
50 Rockefeller Plaza
New York, NY 10020-1605
Phone: +1.212.940.8800
Fax: +1.212.940.8776
joshua.rubenstein@katten.com
bonnie.chmil@katten.com
jwinters@katten.com

*Attorneys for Frank S. Vellucci, Daniel S. Connolly and Rory Held,*
*as Successor Co-Trustees of the Crystal Trust and the Data Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
**In re:**                                                    :    **Chapter 11**
                                                              :
**PURDUE PHARMA L.P., et al.,**                               :    **Case No. 19-23649 (SHL)**
                                                              :    **Jointly Administered**
    **Plan Administration Trust.**[1]                    :
                                                              :
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## EXPEDITED MOTION TO ENFORCE THE CONFIRMATION ORDER

Frank S. Vellucci, Daniel S. Connolly and Rory Held, in their capacities as trustees of

certain trusts in the B-Side Payment Group 1 (collectively, the "Trustees"), file this expedited

motion (the "Motion") pursuant to the Debtors' Eighteenth Amended Joint Chapter 11 Plan of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, were as follows: Purdue Pharma L.P. (7484); Purdue Pharma, Inc. (7486); Purdue Transdermal Technologies L.P. (1868); Purdue Pharma Manufacturing L.P. (3821); Purdue Pharmaceuticals L.P. (0034; Imbrium Therapeutics L.P. (8810); Adlon Therapeutics L.P. (6745); Greenfield Bio Ventures L.P. (6150); Seven Seas Hill Corp. (4591); Ophir Green Corp. (4594); Purdue Pharma of Puerto Reco (3925); Purdue Products L.P. (4140); Purdue Pharmaceutical Products L.P. (3902); Purdue Neuroscience Company (4712); Nayatt Cove Lifescience Inc. (7805); Button Land L.P. (7502); Rhodes Associates L.P. (N/A); Paul Land Inc. (7425); Quidnick Land L.P. (7584); Rhodes Pharmaceuticals L.P. (6166); Rhodes Technologies (7143); UDF LP (0495); SVC Pharma LP (5717); and SVC Pharma Inc. (4014). The Debtors' corporate headquarters was located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Reorganization of Purdue Pharma L.P. and its Affiliated Debtors [D.I. 7368] (the "Plan"), the Findings of Fact, Conclusions of Law, and Order Confirming the Eighteenth Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors [D.I. 8263] (the "Confirmation Order"), and sections 105(a) and 1142 of title 11 of the United States Code (the "Bankruptcy Code"), seeking to enforce the Shareholder Settlement Document Undertakings provisions of the Confirmation Order and to direct Richard S. Sackler and Lin Gao (together, the "RSS Parties") to comply with their obligations thereunder.[2]   In support of this Motion, the Trustees respectfully state:

### BACKGROUND

1.      On the third day of the confirmation hearing, Debtors' counsel described the "Shareholder Settlement Document Undertakings" set forth in paragraph 33 of the Confirmation Order, which had been negotiated in the preceding days with the RSS Parties, the Trustees and other stakeholders.  The first subparagraph, "Settlement Stipulation Acknowledgment," provides that the rights and obligations of the parties to a state court action (the "State Court Litigation") under the Settlement Stipulation, executed on August 1, 2025 and docketed in this Court at D.I. 7713 (the "Stipulation"), "remain in full force and effect[.]"  Conf. Order ¶ 33(a).  The next paragraph then directs "each of the RSS Parties and the other members of the B-1 Payment Group . . . to comply with the Settlement, Stipulation and Plan."  *Id.* ¶ 33(b).  Under paragraph 33(i), the Court can compel compliance with the Confirmation Order, and under paragraph 33(j), the Court retains "***exclusive jurisdiction of all matters arising under, arising out of, or related to the obligations set forth herein***, including to resolve any dispute or failure of performance by Richard S. Sackler or any other party, and to impose sanctions, including, without limitation, findings of

---

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Confirmation Order.

contempt, monetary sanctions, or such other relief as the Bankruptcy Court determines appropriate for any failure to negotiate in good faith or otherwise comply with any obligation set forth herein." *Id.* ¶¶ 33(i), (j) (emphasis added); *see also* Plan §§ 11.1(vii), (xii), (xx), (xxi) (applicable retention of jurisdiction provisions). Counsel for the RSS Parties confirmed, on the record at the confirmation hearing, that both Dr. Richard Sackler and Lin Gao agreed to be bound by those provisions, including the obligation to comply with the terms of the Settlement Stipulation. *See* Nov. 14, 2025, Hr'g Tr. [D.I. 8253] at 39:13-23, 71:12-72:6.

2.     Among the rights and obligations set forth therein (that the Confirmation Order *directs* the RSS Parties to comply with), the Stipulation required the dismissal of the State Court Litigation (without prejudice), and provided for a "Litigation Standstill" through 14 months *after the effective date of the Purdue Plan*, during which time the Litigation Parties (including the RSS Parties) would not "take any actions, directly or indirectly, with respect to the [State Court Litigation] or any of the facts alleged or causes of action asserted in the [State Court Litigation]" *and would not "threaten in writing or commence litigation against any other Litigation Party in any court."* Stip. ¶ 3 (emphasis added). Recognizing the importance of the Stipulation to the bankruptcy proceedings and the implementation of the settlement, the Debtors, the State AGs, the Ad Hoc Committee and the UCC, and following the Effective Date, the Master Disbursement Trust and the Plan Administration Trust (as applicable), are all "Third Party Beneficiaries" of the Stipulation. *Id.* ¶ 8. Moreover, the Litigation Parties agreed that any dispute "arising under, related to, or in connection with" the Stipulation could be heard and determined by the Bankruptcy Court, on an expedited basis, if requested. *Id.* ¶ 9.

3.     Just days after the Effective Date, the RSS Parties, in brazen disregard of the Confirmation Order, the Stipulation, and this Court's exclusive jurisdiction, made at least four

305386841                                                3

separate filings against the Trustees and/or Settlement Payment Parties (collectively, the "Interference Actions"):

a. In the State Court Litigation, the RSS Parties filed a "Motion for Remedy for Breach," effectively seeking to ████████████████████ ██████████████████████ (the "Rule 60 Motion").  The Rule 60 Motion contends that ████████████████████ ████████████████████████████ ("60 FPC") constitutes a breach ████████████████████ ████████████████████████████████ ████████████████████.

b. In the same court as the State Court Litigation, the RSS Parties filed a separate petition against Data LLC (an entity controlled by Data Trust, █ ████████████████████ ), seeking an accounting and substantial distributions from four trusts (that are all Trust Pledgors) for which Data LLC is trustee.

c. With the State of Connecticut, the RSS Parties filed an affidavit purporting to provide notice of a judicial proceeding (████████████████ ████████ ) in order to cloud the title to 60 FPC (a significant asset of a Trust Pledgor).[3]

d. With the State of Connecticut, the RSS Parties recorded a *lis pendens* on 60 FPC, which purports to provide notice of a new civil action against ARIT

---

[3] The Rule 60 Motion is attached hereto as Exhibit B, the Connecticut affidavit is attached as Exhibit C, and the Data LLC petition is attached as Exhibit D.

Investment Holdings LLC (a Shareholder Payment Party and Trust Pledgor), in order to cloud title to 60 FPC.[4]

4.      Importantly, *all of the trusts at issue in the Interference Actions are B-Side Payment Group 1 "Shareholder Payment Parties,"* (*see* Master Shareholder Settlement Agreement [D.I. 9132] ("MSA"), Exhibit A) *as well as Trust Pledgors* (*see* MSA, Annex E). Thus, all of the assets of these trusts, including 60 FPC, have been pledged, and under both the Confirmation Order and the Stipulation, the RSS Parties acknowledged and agreed that they would not "directly or indirectly, . . . [exercise] or [purport] to exercise a power of appointment over property held by a Shareholder Payment Party that is in a trust in a manner that interferes with, adversely affects, or undermines the Plan or the Shareholder Settlement Agreements[.]"  Conf. Order ¶ 33(a), Stip. ¶ 5(a).

5.      In addition, *all of the trustees at issue in the Interference Actions* (including Data LLC) *are "Trustees" as that term is defined in the Stipulation*.  *See* Stip. ¶ 5(a).  The RSS Parties also acknowledged and agreed that they would not "directly or indirectly, . . . interfere, now or at any time in the future, with any Trustees' (as defined in the Settlement Stipulation), Shareholder Payment Parties' or the B-Side Payment Group 1's ability to consummate, implement, and perform under the Plan and Shareholder Settlement Agreements."  Conf. Order ¶ 33(a), Stip. ¶ 5(a).  The Interference Actions—which, among other things, seek to ███████████████████ ███████████, assert control over Trust Pledgor property, and demand distributions from Settlement Payment Parties—clearly violate paragraph 33 of the Confirmation Order and the RSS Parties must be directed to withdraw or dismiss them.

---

[4] The *lis pendens* is attached hereto as Exhibit E.  It indicates that this new civil action was commenced on May 11, 2026, in the Superior Court for the Judicial District of Stamford/Norwalk, however, as of the time of filing this Motion, the RSS Parties have not served or provided the Trustees with a courtesy copy of the new complaint.

## JURISDICTION

6.     The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, as well as pursuant to paragraph 33(j) of the Confirmation Order (providing the Bankruptcy Court with "exclusive jurisdiction of all matters arising under, arising out of, or related to the obligations set forth herein"), and paragraph 9 of the Stipulation.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

7.     By this Motion, the Trustees request the entry of an order (i) enforcing the Confirmation Order by directing the RSS Parties immediately to withdraw or dismiss, as applicable, the Interference Actions, and any other filing the RSS Parties have subsequently made that violates the Confirmation Order or Stipulation (ii) directing the RSS Parties to reimburse the Trustees for their reasonable legal fees and expenses related to this Motion, and (iii) granting the Trustees such other and further relief as is just.  A proposed order granting the requested relief is annexed hereto as Exhibit A.

## BASIS FOR RELIEF

8.     The Confirmation Order should be enforced under sections 105(a) and 1142(b) of the Bankruptcy Code and pursuant to its own terms.  *See* Conf. Order ¶33(i) (providing that the Court "may compel compliance with this Order."); *see also id.* ¶ 33(j) (providing the Court with exclusive jurisdiction "to resolve any dispute or failure of performance by Richard S. Sackler or any other party," and the authority to "impose sanctions, including, without limitation, findings of contempt, monetary sanctions, or such other relief as the Bankruptcy Court determines appropriate for any failure to . . . comply with any obligation set forth [therein].").  Courts routinely hold that a bankruptcy court has the authority to enforce its own orders. *Travelers Indem. Co. v. Bailey*, 557

305386841                                         6

U.S. 137, 151 (2009) (holding that bankruptcy court "plainly had jurisdiction to interpret and enforce its own prior orders"); *In re Portrait Corp. of America, Inc.*, 406 B.R. 637, 641 (Bankr. S.D.N.Y. 2009) (post-confirmation dispute between non-debtors was a core proceeding where it involves a request to "interpret and enforce" a bankruptcy court order). Moreover, the RSS Parties expressly consented to the Court's exclusive jurisdiction and enforcement powers, (Nov. 14, 2025 Hr'g Tr. [D.I. 8253] at 39:13-23, 71:12-72:6), and also expressly consented to having this Motion be heard on an expedited basis. Stip. ¶ 9.

9.    The Interference Actions blatantly violate paragraph 33 of the Confirmation Order. *First*, **the Bankruptcy Court**, not any state court, has "exclusive jurisdiction of all matters arising under, arising out of, or related to the obligations set forth [in paragraph 33 of the Confirmation Order], including to resolve any dispute or failure of performance by Richard S. Sackler or any other party[.]" Conf. Order ¶ 33(j).

10.    *Second*, paragraph 33(a) prohibits the RSS Parties from interfering with the Trustees' ability to (i) "consummate, implement, and perform under the Plan and Shareholder Settlement Agreements," and (ii) "satisfy [their] obligations under the Plan or the Shareholder Settlement Agreements." Conf. Order ¶ 33(a). The Interference Actions are clearly intended to interfere with the Trustees' marshaling of the illiquid assets of Trust Pledgors into liquid assets in furtherance of their payment obligations under the Shareholder Settlement Agreements.

11.    *Third*, under both paragraphs 33(a) and (b), the RSS Parties acknowledged that the Stipulation remains "in full force and effect" and that they agreed to comply with its terms going forward. Conf. Order ¶¶ 33(a)-(b). The Rule 60 Motion seeks to ███████████ ███████████████████████████████████ ████████████████. Moreover, the RSS Parties may only seek remedies for breach "if not

otherwise violative of the terms" of the Stipulation (*see* ¶ 6), and the remedies sought by the

Interference Actions violate several key terms of the Stipulation, including:

- **Paragraph 3** – the RSS Parties will not "threaten in writing or commence litigation against [the Trustees] in any court during the Litigation Standstill[.]"

- **Paragraph 5(a)** – the RSS Parties "irrevocably agree and acknowledge that . . . the actions of the Trustees prior to the date hereof and taken in the future . . . in the negotiation, approval, and furtherance of the Purdue/Sackler Settlement Agreements are hereby consented to and ratified,"

- The RSS Parties "will not directly or indirectly (1) interfere now or at any time in the future, in any way with the Trustees', Payment Party's, or the B-Side Payment Group 1's ability to consummate, implement, and perform under the Purdue/Sackler Settlement Agreements,

- The RSS Parties "will not directly or indirectly . . . (2) take (or fail to take) any action that would in any way interfere with, delay, postpone, frustrate, or impair the ability of any party (including the Trustees) to enter into or satisfy its obligations under the Purdue Plan or Purdue/Sackler Settlement Agreements or undermine the validity or enforceability of the Purdue Plan or Purdue/Sackler Settlement Agreements (in each case including, without limitation, by exercising a power of appointment over property held by a Payment Party that is a trust in a manner that interferes with, affects, or undermines the Purdue Plan or Purdue/Sackler Settlement Agreements."

- **Paragraph 5(b)** – the RSS Parties irrevocably "waive[d] and prospectively relinquish[ed] any right to challenge "any action or failure to act undertaken in connection with the future performance" under the Shareholder Settlement Agreements.

12. Directing the RSS Parties immediately to withdraw or dismiss, as applicable, the

Interference Actions (as well as any other filings that violate the Confirmation Order or

Stipulation), is an appropriate remedy contemplated by paragraph 33(i) of the Confirmation Order.

The Court also has the express authority to impose monetary sanctions. Conf. Order ¶ 33(j).

### CONCLUSION

WHEREFORE, the Trustees respectfully request this Court enter an order (i) enforcing the

Confirmation Order by directing the RSS Parties to immediately withdraw and/or dismiss the

305386841                                                      8

Interference Actions and any other filing the RSS Parties have subsequently made that violates the Confirmation Order or Stipulation, (ii) directing the RSS Parties to reimburse the Trustees for their reasonable legal fees and expenses related to this Motion, and (iii) granting the Trustees such other and further relief as is just.

Dated: New York, New York
      May 14, 2026

           KATTEN MUCHIN ROSENMAN LLP

           By:   */s/ Julia M. Winters*
             Joshua S. Rubenstein
             Bonnie Lynn Chmil
             Julia M. Winters
           50 Rockefeller Plaza
           New York, NY 10020-1605
           Phone: +1.212.940.8800
           Fax:   +1.212.940.8776
           joshua.rubenstein@katten.com
           bonnie.chmil@katten.com
           jwinters@katten.com

           *Attorneys for Frank S. Vellucci, Daniel S. Connolly and Rory Held,*
           *as Successor Co-Trustees of the Crystal Trust and the Data Trust*

305386841