SDNY BANKRUPTCY COURT

RE: PURDUE PHARMA LP, 19-23649
RE: ROSEMARY HELEN ZIZIROS WALKER CASE #23CV33935
CLAIM #63478

MOTION FOR SANCTIONS AGAIN AGAIN AGAIN PER SECTION 33
DOC 8263 & WHEN DO I HEAR FROM KENNETH REGARDING MY
APPEAL PER ISRAEL

JUDGE LANE I AM AGAIN REQUESTING IMMEDIATE SANCTIONS & JAIL TIME FOR
RICHARD SACKLER ET AL WHO HAVE VIOLATED THE PLAN & SHAREHOLDER
AGREEMENT.

FOR REAL HOW LONG WILL YOU CONTINUE TO ALLOW THE SACKLER FAMILY TO GET
AWAY WITH THIS…..

I DEMAND IMMEDIATE MAXIMUM MONETARY SANCTIONS OR THROW THEM IN JAIL.

THEY HAVE MOOTED THE PLAN DEADLINES YOU JUDGE LANE HAVE CONTINUED TO
ALLOW.

OBVIOUSLY IF MS WALKER WAS IN CHARGE SANCTIONS WOULD HAVE BEEN ISSUED
LONG LONG AGO.

WHY IS SO HARD FOR ALL OF YOU TO ADMIT YOU ARE ALL WRONG WRONG WRONG
AND ARE & HAVE IN FACT VIOLATED HARRINGTON WHEN MS WALKER IS 100% RIGHT?

THE PLAN WAS MOOT WHEN MS WALKER 'CHANGED THE PLAN' & YOU ALLOWED LATE
CLAIMS THAT DID NOT VOTE TO BE NOT OBJECTED TO JUDGE.


33. Shareholder Settlement Document Undertakings.
(a) Settlement Stipulation Acknowledgment. The rights and obligations set forth in
the Settlement Stipulation Dismissing Proceedings Without Prejudice [D.I. 7713,
Exhibit A] (the "Settlement Stipulation"), of Richard S. Sackler and Lin Gao
(together, the "RSS Parties") and the Litigation Parties defined thereunder remain
in full force and effect including the acknowledgments and agreement contained
therein that they will not directly or indirectly (i) interfere, now or at any time in
the future, with any Trustees' (as defined in the Settlement Stipulation),
Shareholder Payment Parties' or the B-Side Payment Group 1's ability to
consummate, implement, and perform under the Plan and Shareholder Settlement
Agreements; (ii) take (or fail to take) any action that interferes with, delays,

frustrates, or impairs the ability of any party to enter into or satisfy its obligations under the Plan or the Shareholder Settlement Agreements, or that would undermine the validity or enforceability of the Plan or the Shareholder Settlement Agreements (including, without limitation, by exercising or purporting to exercise a power of appointment over property held by a Shareholder Payment Party that is in a trust in a manner that interferes with, adversely affects, or undermines the Plan or the Shareholder Settlement Agreements); and (iii) assist or conspire with any other person to take any such action.

19-23649-shl Doc 8263 Filed 11/18/25 Entered 11/18/25 20:20:55 Main Document Pg 34 of 325

-35-

Nothing herein shall modify or limit the rights of any party under the Settlement Stipulation. This Order is intended, among other things, to implement the obligations set forth in the Settlement Stipulation and shall not extend, broaden, or limit any rights, defenses, claims, or positions of the any of the Parties to the Settlement Stipulation in the pending litigation that is the subject of the Settlement Stipulation. Nothing herein shall modify or limit the rights of any party under the Settlement Stipulation, nor shall any provision herein be construed to affect any party's rights in the Settlement Stipulation or in the pending litigation that is the subject of the Settlement Stipulation.

(b) Compliance with the Settlement, Stipulation and Plan. In furtherance of the Plan and the Shareholder Settlement Agreements, each of the RSS Parties and the other members of the B-1 Payment Group are hereby directed to comply with the foregoing.

(c) Finalization of Certain Documents by Certain Sackler Payment Parties by December 19, 2025. All relevant parties, including each Sackler Payment Party that is subject thereto, the Creditors' Committee, the Debtors, the Ad Hoc Committee and the States AG Negotiating Group, are further directed and ordered to negotiate in good faith to finalize by no later than December 19, 2025, Annex E and Annex F, which shall be consistent with (x) the applicable term sheets set forth on Exhibits A-32 and A-33 to the Notice of Filing of Fifth Plan Supplement Pursuant to the Fifteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors [D.I. 8201] and (y) the Settlement Stipulation, as applicable, and, in each case, shall otherwise be in form and substance reasonably acceptable to a supermajority of Sackler Payment Parties subject thereto.

(d) Finalization of All Documents by January 30, 2026. It is further directed and ordered that all other remaining documentation necessary or appropriate to implement the Plan and Shareholder Settlement Agreements and the transactions contemplated thereby, including, without limitation, the remaining exhibits, annexes, collateral documents and ancillary documents to the Shareholder Settlement Agreements, shall be finalized no later than January 30, 2026.

(e) Negotiation and Execution by Richard S. Sackler of Certain Documents by December 19, 2025. In addition, and without limiting the foregoing, Richard S.

Sackler is directed and ordered to: (I) negotiate in good faith and finalize Annex G to the Master Shareholder Settlement Agreement, and (II) complete and irrevocably execute each of the following documents (collectively, the "Specified Settlement Documents") once such documents have been agreed to by a supermajority of the Sackler Payment Parties that are party thereto, and deliver the Specified Settlement Documents to the Debtors, the Creditors' Committee, the Ad Hoc Committee, and the State AG Negotiating Committee as soon as reasonably practicable, and in any event no later than December 19, 2025, or such later date as such documents have been finalized (the "Specified Settlement Document Deadline"): (A) the Master Shareholder Settlement Agreement; and (B) each of the following exhibits and
19-23649-shl Doc 8263 Filed 11/18/25 Entered 11/18/25 20:20:55 Main Document Pg 35 of 325
-36-
annexes to the Master Shareholder Settlement Agreement: (i) Exhibit Y (Confessions of Judgment); (ii) Exhibit P-2 (Form of Further Assurances Undertaking of an Assuring Party with respect to the JDS Estate or a Trust that is part of the B-Side Payment Group); and (iii) the applicable pledge and security agreements contemplated by Annex E and Annex G. All executed Specified Settlement Documents shall be held in escrow by the Debtors and released automatically on the Effective Date of the Plan without any further action by the RSS Parties.

(f) Further Assurances by the RSS Parties. In addition, and without limiting the foregoing, the RSS Parties are further directed and ordered to timely execute, deliver, and perform all other documentation necessary or appropriate to effectuate the Plan and the Shareholder Settlement Agreements (including but not limited to documentation in connection with any Permitted Trust Restructurings as contemplated by Exhibits A-32 and A-33).

(g) Further Assurances by the B-1 Payment Group Parties other than the RSS Parties. In addition, and without limiting the foregoing, the B-1 Payment Group Parties other than the RSS Parties are further directed and ordered to timely execute, deliver, and perform all other documentation necessary or appropriate to effectuate the Plan and the Shareholder Settlement Agreements (including but not limited to documentation in connection with any Permitted Trust Restructurings as contemplated by Exhibits A-32 and A-33).

(h) December 12 Status Conference. A status conference shall be held before the Bankruptcy Court on December 12, 2025, at which Richard S. Sackler, Richard S. Sackler's counsel, trustees of other members of the B1 Payment Group and counsel for such trustees shall appear before the Bankruptcy Court to report on, and demonstrate compliance with, the obligations and provisions set forth herein.

(i) Compelling Performance. The Bankruptcy Court, pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code, may compel compliance with this Order, including but not limited to appointing an independent representative or other fiduciary with full authority to act on behalf of Richard S. Sackler in any and all capacities in which he is required to act (whether individually, as trustee, or in any

other fiduciary capacity), to execute, deliver, or otherwise effectuate any documents required with respect to the payment obligations of the B-1 Payment Group Parties, including Richard S. Sackler.

(j) Bankruptcy Court Jurisdiction/Sanctions. The Bankruptcy Court shall retain exclusive jurisdiction of all matters arising under, arising out of, or related to the obligations set forth herein, including to resolve any dispute or failure of performance by Richard S. Sackler or any other party, and to impose sanctions, including, without limitation, findings of contempt, monetary sanctions, or such other relief as the Bankruptcy Court determines appropriate for any failure to negotiate in good faith or otherwise comply with any obligation set forth herein.

19-23649-shl Doc 8263 Filed 11/18/25 Entered 11/18/25 20:20:55 Main Document Pg 36 of 325

-37-

34. Retention of Jurisdiction. Except as provided in Section 11.1 of the Plan, notwithstanding the entry of this Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction of all matters arising under, arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for the purposes set forth in Section 11.1 of the Plan. The Court shall retain concurrent, rather than exclusive, jurisdiction of all matters set forth in Section 11.1(b) of the Plan. Consistent with Section 11.1(f) of the Plan, and as of the earlier of the Effective Date or the expiration of the Preliminary Injunction, all Persons are permanently enjoined from commencing, conducting, or continuing, directly or indirectly, any litigation or prosecution of an Estate Cause of Action; provided, however, that nothing in this paragraph shall preclude NewCo, the Plan Administration Trust, each Creditor Trust or the Master Disbursement Trust from pursuing any Retained Cause of Action vested in or transferred to such entity pursuant to the Plan. Subject to Sections 10.5 through 10.13 of the Plan, all such Retained Causes of Action shall be transferred to the Master Disbursement Trust, the Plan Administration Trust, the applicable Creditor Trust or NewCo, as applicable, which shall have, retain, reserve and be entitled to assert all such Retained Causes of Action in accordance with the Plan as fully as if the Chapter 11 Cases had not been commenced, and all of the Debtors' legal and equitable rights with respect to any Claim or Interest may be asserted after the Effective Date to the same extent as if the Chapter 11 Cases had not been commenced.

35. Any Person seeking to commence, conduct, or continue litigation or prosecution of a Cause of Action against a Shareholder Released Party or a Released Party may, but is not required

to, seek a prior determination in the Bankruptcy Court that a Cause of Action is not an Estate Cause

of Action. If any Person commences, conducts or continues litigation or prosecution of such Cause

UNLESS THIS IS ALL JUST TOTAL BULL SHIT JUDGE LANE …MS WALKER ARGUES YES YES IT IS.

ALL OF US PURDUE PHARMA PI VICTIMS WILL BE DEAD IF UP TO ALL OF YOU BEFORE ANY ONE SEES ONE CENT WHEN EVERY SINGLE CLAIM EDGAR HAD ALREADY REVIEWED BACK IN NOVEMBER THAT WERE NOT DEFICIENT SHOULD HAVE BEEN SENT THEIR 'AWARD' UPON EFFECTIVE.

THIS IS SOME REAL BULL SHIT.

WHEN WILL I HEAR FROM KENNETH, ISRAEL MENTIONED 5.20.26 REGARDING MY APPEAL?

rosemary helen ziziros walker    5.28.26        12:27 pm

Cert of service i promise i have emailed davis polk, akin, edgar g, paul s & purdue pi trust