SDNY BANKRUPTCY COURT

RE: PURDUE PHARMA LP, 19-23649
RE: ROSEMARY HELEN ZIZIROS WALKER CASE #23CV33935
CLAIM #63478

# MOTION AMERICAN LAWS & RIGHTS MUST MATTER

**as we approach America's 250 and as ms walker now has less rights and protections ms walker will argue and fight to enforce every single right ms walker has and to regain rights taken.**

## Request for Findings Concerning ADA Violations and Appropriate Relief

Ms. Walker submits that she is a qualified individual with a disability who repeatedly requested reasonable accommodations necessary to permit meaningful participation in judicial proceedings.

Ms. Walker contends that requested accommodations were denied or not adequately provided, resulting in prejudice to her ability to prosecute her claims, respond to proceedings, and meaningfully exercise her constitutional right to petition the courts for redress of grievances.

The Americans with Disabilities Act was enacted to ensure that qualified individuals with disabilities receive equal access to governmental services, programs, and activities, including access to the judicial system.

The obligation to provide reasonable accommodations is not discretionary.

It is a legal duty imposed to ensure that disabled Americans are afforded equal participation in judicial proceedings.

Ms. Walker submits that the denial of reasonable accommodations substantially contributed to:

- her inability to meaningfully participate in proceedings;
- the loss or impairment of legal rights;
- additional delays in adjudicating her claims;
- increased litigation costs;
- and continuing prejudice throughout these proceedings.

The prejudice is particularly significant because Ms. Walker has repeatedly been recognized by courts as an indigent litigant, has proceeded without counsel, and has attempted to litigate extraordinarily complex proceedings while requesting accommodations she contends were necessary to ensure equal access.

Ms. Walker further submits that equal access delayed is equal access denied.

A disabled litigant cannot be placed in the position of attempting to litigate complex constitutional and bankruptcy issues without reasonable accommodations while opposing parties are represented by teams of experienced counsel.

Accordingly, Ms. Walker requests that the Court:

1. Determine whether reasonable accommodations required by the Americans with Disabilities Act and other applicable disability-access laws were timely provided;
2. Determine whether the denial or delay of those accommodations prejudiced Ms. Walker's ability to fully and fairly litigate her claims;
3. If the Court finds that violations occurred, award all relief authorized by applicable law, including any compensatory relief, equitable relief, corrective orders, or other remedies available to redress the denial of equal access;
4. Determine whether referral to the appropriate federal enforcement authority is warranted if the Court concludes that systemic ADA violations occurred; and
5. Grant such additional relief as justice requires to restore Ms. Walker, as nearly as possible, to the position she would have occupied had reasonable accommodations been timely provided.

Ms. Walker submits that constitutional rights, statutory rights, and disability rights are meaningful only if qualified disabled Americans are afforded equal access to the courts. Where the denial of reasonable accommodations materially impairs the ability to prosecute or defend legal claims, the Court possesses the authority to fashion appropriate relief consistent with applicable federal and state law.

## Constitutional Rights Must Be Practical, Not Merely Theoretical

The Constitution of the United States was adopted to secure the liberties of the people, not merely to recognize those liberties in theory.

The Bill of Rights guarantees fundamental protections, including:

- the First Amendment right to petition the Government for redress of grievances;
- the Fifth Amendment guarantee that no person shall be deprived of property without due process of law;

- the Seventh Amendment preservation of the right to trial by jury in appropriate civil cases; and
- the Fourteenth Amendment's guarantee of equal protection, as applied to the states.

These guarantees cannot depend solely upon an individual's financial resources.

If an American citizen possesses constitutional rights but lacks any practical ability to enforce those rights because of poverty, disability, or indigency, those constitutional protections risk becoming illusory rather than meaningful.

The First Amendment protects the right to petition the Government for redress of grievances.

That right necessarily includes meaningful access to the courts, because the judiciary is the forum through which citizens seek redress for violations of law and constitutional rights.

Likewise, Article I, Section 10 of the Oregon Constitution commands that:

"Justice shall be administered, openly and without purchase, completely and without delay."

That constitutional guarantee recognizes that justice must not depend upon a citizen's ability to purchase access to the judicial system.

Ms. Walker submits that she has repeatedly been found by Oregon courts to be indigent and disabled, yet has nevertheless been required to continue litigating under financial burdens the courts have already recognized she cannot satisfy.

If an indigent citizen must either abandon constitutional claims or incur debts that the courts know cannot be paid, access to justice becomes dependent upon wealth rather than law.

The Constitution does not promise rights only to those who can afford to enforce them.

It promises equal justice under law.

Accordingly, Ms. Walker submits that courts must interpret procedural rules, filing-fee statutes, and access-to-courts requirements in a manner that preserves—not defeats—the practical ability of qualified indigent citizens to exercise their constitutional rights.

Otherwise, the constitutional guarantees of due process, the right to petition, and the promise that justice shall be administered "without purchase" become rights existing in theory but unavailable in practice for the poorest and most vulnerable Americans.

For these reasons, Ms. Walker requests that the Court ensure that constitutional rights remain meaningful by removing unnecessary financial barriers that prevent qualified indigent litigants from obtaining a full and fair adjudication of their claims.

## Ms. Walker's Experience Demonstrates Why Disabled Americans Require Greater Statutory Protection

Ms. Walker submits that the events occurring during these proceedings further demonstrate why Congress should amend the Americans with Disabilities Act to provide meaningful legal assistance and enhanced protections for qualified disabled Americans participating in complex civil litigation.

During proceedings before the Bankruptcy Court, Ms. Walker contends that she was advised that her ability to appear remotely by Zoom could be withdrawn and that she could instead be required to travel from Oregon to New York to personally appear regarding her own petition.

the hearing transcript confirms those statements, Ms. Walker submits that such a requirement illustrates the practical barriers confronting disabled indigent litigants.

Ms. Walker is a qualified disabled American proceeding pro se and in forma pauperis.

She submits that she lacks the financial resources necessary to purchase cross-country airline travel, lodging, meals, local transportation, and the additional expenses associated with appearing in person in New York.

She further submits that her disability itself creates additional burdens upon travel and participation in lengthy court proceedings.

Accordingly, requiring personal appearance under those circumstances would effectively condition Ms. Walker's ability to exercise her constitutional rights upon financial resources and physical abilities she does not possess.

A constitutional right that can be exercised only by those able to purchase airfare, lodging, and legal representation is not equally available to all Americans.

It is available only to those possessing sufficient financial means.

The purpose of the Americans with Disabilities Act is to eliminate discrimination arising from disability and to ensure equal participation in governmental programs and services.

However, Ms. Walker submits that equal participation cannot exist where a disabled litigant must choose between:

- abandoning her constitutional claims;
- attempting to finance travel she cannot afford;
- risking deterioration of her health by undertaking travel beyond her physical abilities; or
- forfeiting her opportunity to be heard because she cannot comply with an in-person appearance requirement.

Although courts possess discretion to regulate courtroom proceedings, Congress should recognize that disabled litigants frequently confront barriers that cannot be eliminated through procedural accommodations alone.

Meaningful access sometimes requires professional legal assistance capable of appearing in court when disability, poverty, or serious medical limitations make personal attendance impossible.

Accordingly, Ms. Walker urges Congress to amend the Americans with Disabilities Act to require courts, whenever a qualified disabled litigant demonstrates that disability and indigency substantially impair the ability to personally appear or effectively litigate complex proceedings, to consider measures such as:

1. continued remote participation where appropriate;
2. appointment of qualified legal counsel or disability litigation advocates;
3. appointment of standby or limited-purpose counsel for hearings requiring personal appearance;
4. other reasonable accommodations sufficient to ensure meaningful participation before restricting a disabled litigant's ability to appear remotely.

Ms. Walker submits that equal justice requires more than identical procedural rules.

Equal justice requires accommodations that account for the realities of disability.

Otherwise, constitutional guarantees of due process, equal protection, and the right to petition the Government for redress of grievances become dependent upon wealth, physical ability, and access to legal counsel rather than the equal dignity of every American citizen.

## Request for Review of Judicial Conduct, Denial of Reasonable Accommodation, and Appropriate Corrective Relief

Ms. Walker submits that, if confirmed by the hearing transcript, the Court's statements concerning the withdrawal of Ms. Walker's ability to appear remotely and the requirement that she instead personally travel from Oregon to New York warrant careful judicial review.

Ms. Walker is a qualified disabled American proceeding pro se and in forma pauperis.

The Court was aware that Ms. Walker resides thousands of miles from the Southern District of New York and that she has repeatedly advised the Court of her disability, indigency, and inability to finance cross-country travel.

Ms. Walker submits that requiring her to personally appear in New York under those circumstances would, as a practical matter, prevent her participation in proceedings concerning her own legal rights.

The practical effect of such an order would not merely regulate courtroom procedure.

Rather, it would condition Ms. Walker's ability to be heard upon financial resources and physical abilities that the Court knew she did not possess.

Ms. Walker submits that such circumstances, if established by the record, raise substantial questions concerning:

- procedural due process;
- meaningful access to the courts;
- reasonable accommodation obligations owed to qualified individuals with disabilities; and
- the practical ability of an indigent disabled litigant to exercise the constitutional right to petition the Government for redress of grievances.

Ms. Walker further submits that judicial authority to regulate proceedings should be exercised in a manner consistent with constitutional guarantees and applicable disability-access requirements.

Where a court knows that a litigant cannot realistically comply with an in-person appearance requirement because of disability and indigency, reasonable alternatives should be considered before imposing a condition that effectively prevents participation.

Ms. Walker therefore requests that the reviewing court determine:

1. Whether requiring in-person attendance under the circumstances presented was consistent with the obligation to provide meaningful access to a qualified disabled litigant;
2. Whether continued remote participation constituted a reasonable accommodation under the circumstances;
3. Whether the alleged withdrawal of remote access materially prejudiced Ms. Walker's ability to prosecute her claims; and
4. Whether corrective relief is necessary to restore any opportunities allegedly lost as a result of those actions.

To the extent the reviewing court concludes that any judicial actions exceeded applicable legal standards or materially impaired Ms. Walker's constitutional or statutory rights, Ms. Walker respectfully requests such relief as is authorized by law, including any remedial measures the reviewing court deems appropriate.

Ms. Walker submits that no qualified disabled American should be placed in the position of choosing between abandoning constitutional rights and attempting travel that disability and

poverty make impossible. Equal justice requires that courts remain accessible not merely in theory, but in practice.

rosemary helen ziziros walker        6.27.26                8:31am

CERT OF SERVICE i promise i emailed davis polk, akin gump, purdue pi trust, edgar g, paul s, howard israel