**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

### ORDER RESPECTING NAS CLAIMANT DISTRIBUTIONS

Upon the motion (the "Motion")[2] of the Claims Administrator and the NAS Representative, seeking approval of the (i) appointment of the NAS Trustee (as defined herein); (ii) Minor Claimant Early Distribution Procedures (as defined herein) and (iii) modification of the NAS PI TDP; and the Court having reviewed the Motion, and the Court having found that the relief requested is authorized by the Plan, the NAS PI TDP, the PI Trust Agreement, and the Claims Administrator Order, and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The procedures for early distributions to Minor Claimants set forth herein are approved and shall govern all requests for distributions prior to the Adult Distribution Date (as such term is defined in the NAS PI TDP).

2.      <u>Adult Minor Claimants</u>.  Upon qualification for payment under the NAS PI TDP, any Minor Claimant who has reached the age of majority under applicable law shall receive payment of such claimant's award directly, unless the Minor Claimant elects, in writing, that

---

[1] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined herein shall have the meaning given to such terms in the Motion.

LP 26365055.10 \ 50774.150046

payment be directed to a structured settlement under Internal Revenue Code § 130, a special needs trust, an ABLE account, or another permissible qualified funding vehicle. Prior to making the distribution, the Claims Administrator shall recommend that the Minor Claimant take a financial literacy course and consult with a qualified attorney or financial advisor.

3. <u>Minor Claimants</u>. For Minor Claimants who are minors at the time, the following procedures are authorized:

    a. The Claims Administrator is authorized to make two initial disbursements of $2,000 each to the duly verified proxy or legal guardian of record, with the first payment to be made promptly after the Effective Date of the Plan and the second payment to be made at the beginning of the following calendar year.

    b. All remaining funds allocable to such Claimant shall be held in the Minor Claimant Account within the QSF administered by the Claims Administrator.

4. <u>Minor Claimant Account</u>. The Minor Claimant Account provisions of the NAS PI TDP are hereby modified such that individual Minor Claimant Accounts shall not be physically segregated into separate sub-accounts of the QSF. Instead, each Minor Claimant's interest shall be tracked and accounted for by the Claims Administrator.

5. <u>Quarterly Adult Distributions</u>. As each Minor Claimant reaches the age of majority under applicable law, the balance of such Claimant's Minor Claimant Account, including interest accrued through the close of the applicable calendar quarter, shall be distributed by the Claims Administrator to the now-adult Claimant as soon as practicable following the close of that calendar quarter.

6. <u>Appointment of NAS Trustee</u>. Simone Lelchuk, Esq. is hereby approved and appointed as NAS Trustee, to act as a professional retained by the Claims Administrator pursuant to paragraph 7 of the Claims Administrator Order [Docket No. 7382]. The NAS Trustee is granted judicial immunity to the fullest extent allowed by applicable law, for all actions performed within the scope of her court-appointed employment. The NAS Trustee, after executing the necessary

HIPAA forms, shall be provided reasonable access to the Claims Administrator's Minor Claimant database to carry out her duties.

7.      Advance Disbursements Prior to Majority.  At any time 6 months after the effective date of the plan and prior to the Minor Claimant reaching the age of majority, the proper legal representative for a Minor Claimant or a legally appointed Proxy may apply to the NAS Trustee for an advance disbursement from the Minor Claimant's QSF balance to cover costs reasonably related to the Minor Claimant's health, education, support, or maintenance (each an "Advance Request"). The NAS Trustee shall:

a.  Interview the Minor Claimant or Proxy;

b.  Review supporting documentation;

c.  Determine whether the request is meritorious; and

d.  If meritorious, approve the Advance Request (each approved Advanced Request shall be referred to an "Approved Minor Claimant Request").

e.  Submit the Approved Minor Claimant Request to the Claims Administrator for approval of payment.

f.  Upon Claims Administrator approval, submit the so approved request to this Court on a quarterly basis for review and possible approval with a certification under penalty of perjury that the foregoing prerequisites have been satisfied.

Upon entry of a court order approving an Approved Minor Claimant Request, the Claims Administrator is authorized to pay: (i) the NAS Trustee a $750 fee from the Minor Claimant's QSF balance; and (ii) the difference between  the Approved Minor Claimant Request and $750 (a) if feasible, directly to the provider of goods or services in order to minimize impact on public benefits; or (b) if not feasible, to the Proxy.

8.  Disbursement at Age of Majority.

a.  When a Minor Claimant reaches the age of seventeen (17), the Claims Administrator shall provide written notice to the proxy advising of the Claimant's upcoming eligibility for distribution and the potential effects on means-tested public benefits.

b.  Within six (6) months prior to reaching the age of majority, the Claims Administrator shall provide written notice to the Claimant regarding available

distribution options.  The Minor Claimant may elect in writing to: (i) receive the full remaining balance directly; or (ii) direct disbursement to a Structured Settlement under IRC §130, a Special Needs Trust, an ABLE account, or another permissible vehicle.

c.  Absent an election within six (6) months of the Minor Claimant's 18th birthday, the balance of the Minor Claimant Account shall be distributed directly to the Minor Claimant upon reaching the age of majority under applicable law.

d.  Any notice provided to such Minor Claimant shall state that acceptance of the funds as a lump sum may impact eligibility for means-tested public benefits, and shall recommend taking a financial literacy course and consultation with a qualified attorney or financial advisor.

9.  <u>Notice Six Months Before Age 18, or Age of Majority, if later, in the State of Residence of the Minor</u>.  Within six (6) months of the Minor Claimant's 18th birthday, or age of majority, if later, in the state of residence of the Minor Claimant, the Claims Administrator shall send another written notice directly to the Minor Claimant. The Minor Claimant may elect in writing to:

a.  Receive the full remaining balance directly; or

b.  Direct disbursement to a Structured Settlement under IRC §130, a Special Needs Trust, an ABLE account, or another permissible vehicle.

If the Claimant makes no election during the six-month period, the Claims Administrator shall disburse the full balance directly to the Claimant at the conclusion of the period, unless otherwise instructed by the Claimant.

10.  <u>Claimants with Disabilities</u>.  If, upon reaching the age of majority, the Minor Claimant has a physical or mental impairment that substantially limits one or more major life activities and is receiving or eligible for means-tested public benefits (e.g., SSI, Medicaid), the following provisions shall apply:

a.  <u>Deferral Pending Documentation</u> -- The Claims Administrator shall defer disbursement until documentation is provided demonstrating either: (i) The Minor Claimant's legal capacity to receive and manage funds directly; or (ii) that a Structured Settlement under IRC §130, a Special Needs Trust, an ABLE account, another permissible vehicle, or court-approved fiduciary is available to receive the funds on the Minor Claimant's behalf.

b. <u>Authorized Disbursements</u> -- The Claims Administrator is authorized to disburse the remaining balance as directed by the Minor Claimant or Proxy, as the case may be.

c. <u>No Duty to Assess Capacity</u> -- The Claims Administrator shall not be required to evaluate the Minor Claimant's capacity and may rely in good faith on documentation submitted by the Minor Claimant or the Proxy.

d. <u>Disclaimer of Legal Advice and Limitation of Liability</u> -- The Claims Administrator shall not be responsible for providing legal advice or assessing eligibility for public benefits. The Claims Administrator shall not be held liable for any effect on a Claimant's public benefit status resulting from the Claimant's election to receive or defer disbursement.

11. <u>Modification of NAS PI TDP</u>. The Minor Claimant Account provisions set forth in the NAS PI TDP are hereby modified so that the Minor Claimant Account will be tracked and accounted for by the Claims Administrator (with no requirement that they be physically separated into a physically separate sub-account of the QSF). As each Minor Claimant matures into adulthood, the balance of his or her Minor Claimant Account shall be paid under the following terms.

a. Such payments will occur for Minor Claimants reaching adulthood after the close of each calendar quarter, with the Claims Administrator determining the balance of the Minor Claimant's Account plus interest earned through the close of the quarter, and remitting it to the now Adult Claimant as soon after the close of each calendar quarter as practicable.

b. At the close of each calendar quarter, the NAS Trustee shall present to the Claims Administrator a list of recommended Advance Requests for review and possible approval. Following the Claims Administrator approval of some or all of these proposed early distributions, they shall be submitted to the Court for its consideration. The Court, in its discretion, may approve or disapprove each such Advance Request, with there being no appeal of the Court's decision.

c.  To facilitate a uniform and fair early claim distribution process, the Claims Administrator and NAS Representative respectfully request that the Court modify and the Court hereby modifies Section 5 of Exhibit E to the NAS PI TDP by eliminating alternative "(a)" as a means to facilitate an early distribution, with only early distributions approved pursuant to the procedures set forth herein to be allowed.  This will facilitate the uniform treatment of such early distribution requests.

Dated: June 30, 2026
White Plains, New York

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

6