SDNY BANKRUPTCY COURT

RE: PURDUE PHARMA LP, 19-23649
RE: ROSEMARY HELEN ZIZIROS WALKER CASE #23CV33935
CLAIM #63478

**AMENDED AGAIN RESPONSE TO DOC 9406
OBJECTION & MOTIONS

# The amendment is an impermissible post-confirmation modification of a substantially consummated Chapter 11 plan in violation of 11 U.S.C. § 1127(b), because it changes the substantive rights established by the confirmed Plan rather than merely interpreting or implementing its existing provisions

## Consistent Treatment of Claims Requires Resolution of All Purdue Pharma Personal Injury Claims Under the Same Judicial Standard

Judge Lane has repeatedly stated throughout these proceedings that the administration of the Purdue Pharma bankruptcy should ensure the **consistent treatment of claims**.

Ms. Walker submits that the Court's June 30, 2026 Order Respecting NAS Claimant Distributions raises a significant question regarding whether that stated principle is being applied consistently to all Purdue Pharma Personal Injury ("PI") claimants.

The Court has now authorized procedures permitting NAS claimants to receive early distributions and has created specialized procedures to facilitate prompt payment of those claims.

Ms. Walker does not argue that NAS claimants should be denied relief.

Rather, Ms. Walker submits that Judge Lane's own standard of **consistent treatment of claims** requires that all Purdue Pharma PI claimants receive consistent judicial treatment unless the Court explains the legal authority for treating one category differently.

According to Ms. Walker, motions concerning late-filed PI claims argued during the May 20, 2025 hearing remain under advisement without a ruling.

If one category of Purdue Pharma PI claimants is permitted to proceed toward payment while another category continues waiting for threshold eligibility rulings, the Court should explain how that result is consistent with the Court's repeated commitment to the consistent treatment of claims.

Every Purdue Pharma PI claimant seeks compensation from the same confirmed Plan and the same Personal Injury Trust.

While the Trust may recognize different categories of injury, each claimant remains a Purdue Pharma Personal Injury claimant whose rights arise from the same bankruptcy proceedings.

Ms. Walker submits that **consistent treatment of claims** requires, at a minimum:

1. timely judicial rulings on all pending threshold eligibility issues;
2. application of the same procedural standards to similarly situated PI claimants;
3. transparent explanations whenever one claimant category is advanced ahead of another; and
4. administration of the Trust in a manner that avoids the appearance that some categories of PI claimants receive preferential treatment while others remain without judicial determinations.
1. Issue rulings on all outstanding matters concerning late-filed Personal Injury claims that remain under advisement;
2. Explain the legal and factual basis for prioritizing NAS early distributions while threshold eligibility issues affecting other Personal Injury claimants remain unresolved;
3. Ensure that all Personal Injury claimants receive timely judicial determinations concerning their rights under the confirmed Plan; and
4. Grant such additional relief as is necessary to ensure that similarly situated claimants receive fair and consistent treatment throughout the administration of the Purdue Pharma Trust.

The June 30, 2026 Order repeatedly refers to creating a "uniform and fair" process for NAS claimants.

Ms. Walker submits that the same principle should govern the administration of **all** Purdue Pharma Personal Injury claims.

Consistent treatment of claims cannot mean consistency only within one claimant category.

It must also include consistency among all Purdue Pharma PI claimants whose rights are administered under the same confirmed Chapter 11 Plan.

Accordingly, Ms. Walker requests that the Court issue rulings on all outstanding late-claim matters from the May 20, 2025 hearing and explain how delaying those rulings while authorizing early distributions for another category of Purdue Pharma PI claimants satisfies the Court's repeatedly stated principle of **consistent treatment of claims**.

## The Court Should Explain Why Certain Personal Injury Claimants Receive Immediate Relief While Others Remain Without Judicial Determinations

Ms. Walker submits that the June 30, 2026 Order Respecting NAS Claimant Distributions demonstrates that the Court is capable of modifying Trust procedures and authorizing distributions where it concludes that equitable circumstances warrant prompt action.

The Court's obligation extends to all Personal Injury claimants participating in the Purdue Pharma PI Trust.

The confirmed Plan established a single Personal Injury Trust intended to compensate individuals injured by Purdue Pharma products.

Although the Trust contains different categories of claims, every claimant seeks compensation for alleged injury arising from the same bankruptcy estate.

Ms. Walker submits that principles of due process and even-handed judicial administration require that all claimants receive timely judicial consideration of threshold issues affecting their eligibility.

According to Ms. Walker, motions concerning late-filed claims and related issues argued during the May 20, 2025 hearing remain unresolved.

Until those issues are decided, certain claimants remain unable to determine whether they will participate in Trust distributions at all.

By contrast, the June 30, 2026 Order authorizes immediate administrative procedures and early distributions for NAS claimants.

Ms. Walker submits that this creates an appearance of unequal procedural treatment unless the Court explains:

1. why one category of Personal Injury claimants may proceed toward payment while another category continues awaiting rulings on threshold eligibility issues;
2. whether unresolved late-claim motions will be decided before additional distributions occur to other claimant groups;
3. how similarly situated Personal Injury claimants receive equal procedural consideration when some remain without judicial rulings for an extended period; and
4. what timetable exists for resolving all pending Personal Injury claim issues.

Ms. Walker does not contend that NAS claimants should be denied relief.

Rather, she submits that all Personal Injury claimants are entitled to timely judicial determinations regarding their rights under the confirmed Plan.

Justice requires not only fairness within an individual claimant category but consistency across the administration of the Trust.

Where one group receives prompt judicial action while another remains without rulings on dispositive issues, the Court should explain the legal basis for that difference so that all claimants may understand that the Trust is being administered in an even-handed and transparent manner.

Accordingly, Ms. Walker requests that the Court issue rulings on all outstanding late-claim matters before further disparities in claim administration develop and that the Court explain how its procedures ensure fair and consistent treatment of all Personal Injury claimants.

Judge Lane entered an order creating an early-distribution process exclusively for NAS PI claimants while no comparable early-distribution mechanism was created for Non-NAS PI claimants. If the Court's stated goal is 'consistent treatment of claims,' the Court should explain why one category of Purdue Pharma PI claimants received a court-approved early-payment process while other PI claimants continue awaiting rulings or distributions.

Ms. Walker submits that consistent treatment of claims requires more than treating claimants consistently within a single claimant category.

It requires that all Purdue Pharma Personal Injury claimants be administered under consistent judicial standards unless the Bankruptcy Code, the confirmed Plan, or the Trust Distribution Procedures expressly require different treatment.

The confirmed Plan established one Personal Injury Trust for the benefit of Purdue Pharma Personal Injury victims. Although the Plan contains separate accounting funds and separate Trust Distribution Procedures for NAS and Non-NAS claims, both groups remain Purdue Pharma Personal Injury claimants whose claims arise from the same bankruptcy, the same confirmed Plan, and the same Trust.

Accordingly, once the Effective Date occurred, every Purdue Pharma Personal Injury claimant should have progressed toward payment under substantially comparable procedures unless the Court identified a legally sufficient reason for different treatment.

Instead, after the Effective Date, the Court entered procedures authorizing accelerated administration and early distributions for NAS claimants while many Non-NAS claimants continue waiting for rulings on threshold issues that determine whether they may participate in Trust distributions at all.

Doc 9378 I do **not** read language that says:

- "Each Tier 1 award shall be paid in installments."
- "Each Tier 2 claimant shall receive multiple payments."
- "The $16,294 award will be divided into multiple distributions."

I have not found language to that effect in the Plan excerpts or the Interim Report.

## The status DOC  9378 then computes specific award amounts for claimants.

The Trustee states:

- Tier 1 = **$16,294**
- Tier 2 = **$8,147**
- NAS = **$25,653**

The status report then states:

> "The award amounts set forth above represent the **initial distribution amounts. A second payment may be made** once all contingencies are resolved."

Doc 9378  does **not** say:

> "The $16,294 initial distribution amount will itself be paid over several installments."

The documents support the following propositions:

- The PI Trust was funded on the Effective Date.
- The Trustee calculated a specific initial award amount for each claim category.
- Those amounts are described as **initial distribution amounts**.
- The Trustee says **a second payment may be made** if additional funds remain after contingencies are resolved.

  The Interim status Report identifies a specific initial distribution amount for each claim category. It does not state that those initial distribution amounts will themselves be paid in multiple installments. Rather, it states only that 'a second payment may be made' depending upon future contingencies and remaining Trust assets

The Constitution requires meaningful due process before rights are affected. Judge Lane repeatedly emphasized "consistent treatment of claims." If one category of Purdue Pharma Personal Injury claimants is advanced toward payment while other claimants remain without rulings on threshold eligibility issues, the Court should explain how that sequencing is consistent with due process and with the Court's own stated principle of consistent treatment of claims.

Judge Lane entered an order creating an early-distribution process exclusively for NAS PI claimants while no comparable early-distribution mechanism was created for Non-NAS PI claimants. If the Court's stated goal is 'consistent treatment of claims,' the Court should explain why one category of Purdue Pharma PI claimants received a court-approved early-payment process while other PI claimants continue awaiting rulings or distributions

rosemary helen ziziros walker               6.30.26                  10:41am

CERT OF SERVICE i promise i emailed davis polk, akin gump, purude pi trust, paul s, edgar g & howard israel