**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

In re:                                                              Chapter 11

PURDUE PHARMA L.P., *et al.*                                        Case No.: 19-23649 (SHL)

                              Debtors.                        (Jointly Administered)

-----------------------------------------------------------------x

### ORDER DENYING SUBMISSIONS BY ROSEMARY WALKER

Before the Court are recent filings of Rosemary Walker that request various relief.[1]  Since

April 1, 2026—a period of roughly three months—Ms. Walker has filed not less than 38

pleadings.[2]  Familiarity with the lengthy history of these bankruptcy cases is assumed and the

Court will recount only so much background as is necessary for purposing of its ruling today on

these requests.  *See In re Purdue Pharma L.P.*, 675 B.R. 632 (Bankr. S.D.N.Y. 2025) (explaining

the extensive background of these cases and the mechanics of the Debtors' Chapter 11 plan).

---

[1]       Unless otherwise indicated, references in this Memorandum of Decision to docket entries on the Case Management/Electronic Case Files ("ECF") system are to Bankruptcy Case No. 19-23649.

[2]       These pleadings by Ms. Walker include: (1) Motion for Sanctions [ECF No. 8902]; (2) Response to Doc 8918 [ECF No. 8921]; (3) Response to Doc 8966 & Motion for Responses & Motions [ECF No. 9118]; (4) Emergency Motion to Stay [ECF No. 9121]; (5) Motion to Stay & Bivens Act Violations [ECF No. 9138]; (6) Motion for Stay Until Incorrect Records are Corrected [ECF No. 9139]; (7) Motion to Stay [ECF No. 9147]; (8) Motion to Allow/Ultra Vires Motion [ECF No. 9148]; (9) Motion for Acceptance of My Purdue Pharma Claim [ECF No. 9160]; (10) Ms. Walkers AI Legal Responses [ECF No. 9163]; (11) Motion for Emergency Opt-In [ECF No. 9166]; (12) Motion to Approve [ECF No. 9172]; (13) Motion for ADA Fines [ECF No. 9227]; (14) Motion to Allow Immediate TRO [ECF No. 9228]; (15) Motion to Approve [ECF No. 9229]; (16) Motion for Immediate Temporary Restraining Order [ECF No. 9231]; (17) Motion to Allow [ECF No. 9240]; (18) Motion for Immediate Hold [ECF No. 9241]; (19) Motion to Approve [ECF No. 9255]; (20) Motion for Immediate TRO Stay [ECF No. 9256]; (21) Motion for Sanctions [ECF No. 9268]; (22) Motion to Approve [ECF No. 9269]; (23) Motion to Approve/for Immediate TRO [ECF No. 9273]; (24) Response to Doc 9359 & Motion for Sanctions [ECF No. 9368]; (25) Objection to Doc 9357 & Motion for Sanctions [ECF No. 9370]; (26) Response & Objection [ECF No. 9381]; (27) Response to Doc 9378 & Motions [ECF No. 9383]; (28) Amended Response to Doc 9378 & Motions [ECF No. 9384]; (29) Emergency Motion [ECF No. 9385]; (30) New Motions & Sanctions Request [ECF No. 9386]; (31) Ms. Walker Seconds Amanda Morales Motion [ECF No. 9394]; (32) Motions & Objections to Fees Requested [ECF No. 9395]; (33) Motions & Stay Request [ECF No. 9396]; (34) Objection to Motion for Admission Pro Hac Vice [ECF No. 9402]; (35) Motion American Laws & Rights Must Matter [ECF No. 9403]; (36) Motion to Explain & Reconsideration [ECF No. 9415]; (37) Counter to Doc 9197 [ECF No. 9425]; (38) Motion pursuant to 9006(b)(1) [ECF No. 9426].

Ms. Walker's pleadings seek a wide variety of requested relief. These requests include: inquiries related to the claim that she filed against the Debtors in these cases; requests regarding her decision on whether or not to opt into the Sackler settlement that is part of these cases; requests to stay actions authorized by the confirmed plan of reorganization in these cases; requests seeking modifications of the confirmed plan of reorganization; and requests for relief unrelated to the Bankruptcy Code.

It is important to consider these requests in context. The Court has recently determined that Ms. Walker is not a claimant in these bankruptcy cases. *In re Purdue Pharma L.P.*, 2026 WL 1905691 (Bankr. S.D.N.Y. July 1, 2026). As explained in that decision, the Court has concluded that Ms. Walker's late filed claim is not permitted because it was filed years after the Bar Date and she does not satisfy the standard for excusable neglect. *Id.* Given that ruling, any further questions about the validity of her claim are moot. Moreover, any request by Ms. Walker to revoke her opt-in election to participate in the related Sackler settlement is similarly moot, because Ms. Walker does not have the right to participate in the Sackler settlement if she is not a claimant in these bankruptcy cases.[3] *See Purdue Pharma*, 675 B.R. at 666 (explaining that the third-party releases only apply to holders of claims who affirmatively consent to the releases). Well before the Court's recent ruling on the timeliness of her claim, the Court had previously addressed numerous requests for relief filed by Ms. Walker. *See e.g.*, Walker Confirmation Objections [ECF Nos. 7771, 7825, 7835, 7855]; *In re Purdue Pharma L.P.*, 675 B.R. at 673-74 (addressing Ms. Walker's confirmation objections); Order Denying Motions for Stays Pending Appeal [ECF No. 8727] (addressing Ms. Walker's motion for a stay pending appeal); Order

---

[3]   As explained in the Court's decision on her late filed claim motion, Ms. Walker retains any rights that she has to sue the Sacklers, who are not debtors in these bankruptcy cases. *In re Purdue Pharma L.P.*, 2026 WL 1905691 (Bankr. S.D.N.Y. July 1, 2026) n.6 (noting that only claimants can participate in the Sackler settlement).

Denying Submissions by Pro Se Claimants [ECF No. 9093] (addressing 24 separate docket submissions by Ms. Walker); *cf.* Memo Endorsed Order dated June 12, 2026 [Case No. 7:25-cv-09681] [ECF No. 104] (Order by District Court in appeal of the confirmation order requiring that Ms. Walker must seek leave and permission to file motions due to repeated filings); Memo Endorsed Order dated June 24, 2026 [Case No. 7:25-cv-09681] [ECF No. 117] (Order by District Court in appeal of the confirmation order to reiterating that Ms. Walker must seek leave and permission to file motions due to repeated filings).

While it is important to provide access to the Court for individuals to be heard in these cases—and indeed in all cases—about matters that impact them, it does not appear that Ms. Walker possesses legal standing to be heard on matters in these cases given the Court's recent ruling. *In re Purdue Pharma L.P.*, 2026 WL 1905691 (Bankr. S.D.N.Y. July 1, 2026). Generally, to "appear and be heard on any issue" in a bankruptcy case, a person or entity must be a "party in interest." *See* 11 U.S.C. § 1109(b). Section 1109 provides a list of entities that are parties in interest which includes, among others, the debtor, a creditor's committee, or a creditor. *Id.* However, this list is not exhaustive, and a party in interest applies to "anyone holding a direct financial stake in the outcome of the case." *Truck Ins. Exch. v. Kaiser Gypsum Co., Inc.*, 602 U.S. 268, 277–78 (2024). A party in interest "should have an opportunity . . . to participate in the adjudication of any issue that may ultimately shape the disposition of his or her interest." *Id.* at 278 (citing 7 COLLIER ON BANKRUPTCY ¶1109.01 (16th ed. 2023)). But while the broad definition of "party in interest" is designed to "allow a broad range of individual and minority interests to intervene in Chapter 11 cases," *id.* at 280 (citing D. Dick, *The Chapter 11 Efficiency Fallacy*, 2013 B. Y. U. L. Rev. 759, 774–775 (2014)), it is not without limits. *See In re MF Global Holdings Ltd*, 469 B.R. 177, 188 (Bankr. S.D.N.Y. 2012). As explained by the

3

court in *MF Global*, while a "party in interest" is broadly defined by the statute, an entity that does not hold a financial stake in the case is generally excluded from the definition of "party in interest." *Id.* (quoting 7 COLLIER ON BANKRUPTCY ¶ 1109.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011)).  Such a limitation on a party in interest is driven by practical consideration as "[o]verly lenient standards [on standing] may potentially over-burden the reorganization process by allowing numerous parties to interject themselves into the case on every issue, thereby thwarting the goal of a speedy and efficient reorganization." *In re Ionosphere Clubs,* 101 B.R. 844, 850 (Bankr. S.D.N.Y. 1989).  Given the Court's ruling that Ms. Walker does not have a valid claim in these cases, it is difficult to see how Ms. Walker has any financial stake—or indeed any stake—in these proceedings at this time.[4]  *Id.* (noting that "[g]ranting peripheral parties status as parties in interest thwarts the traditional purpose of bankruptcy laws which is to provide reasonably expeditious rehabilitation of financially distressed debtors with a consequent distribution to creditors who have acted diligently).[5]

Even assuming that Ms. Walker had standing, however, there is no basis for relief in her pleadings.  As noted above, the Court has concluded that she does not have a valid claim in these cases and thus also has no ability to participate in the Sackler settlement that is part of the confirmed plan here for creditors.  *See, e.g.*, Motion to Stay & Bivens Act Violations [ECF No. 9138] (Ms. Walker requesting that these bankruptcy proceedings be halted and reversed until Ms.

---

[4]    While Ms. Walker was permitted to vote on the proposed plan of reorganization in these cases, that right was granted because the validity of her claim had not yet been adjudicated.  The permission to vote was designed to ensure that she would not improperly lose her vote on the proposed plan of reorganization if it was later determined that her claim would be allowed.  But nothing about her voting on the plan was an adjudication of her claim, which was subsequently specifically addressed by the Court and determined to be untimely.

[5]    Ms. Walker's lack of standing is further reinforced by the more narrow scope of matters before the Court in this case now that the confirmed plan has gone effective, with the terms of the confirmed plan in the process of being implemented almost some seven years after these bankruptcy cases were first filed.  Thus, issues over the plan—and its treatments of claimants—have been fully litigated in this Court, subject to resolution of any already pending appeals.

4

Walker's opt-in issue is addressed); Ms. Walkers AI Legal Responses [ECF No. 9163] (Ms. Walker detailing her request for injunctive relief until her claim and opt-in issue is addressed). Accordingly, any remaining questions about the treatment of her claim are moot, and there is no live question about her ability to participate in the Sackler settlement.

Ms. Walker's other requests fair no better.  For example, her challenges to the confirmed plan of reorganization are currently on appeal, and thus cannot be opined upon by this Court. *See* Motion to Allow/Ultra Vires Motion [ECF No. 9148] (Ms. Walker requesting a determination that the plan is not enforceable); *but s*ee Notice of Appeal [ECF No. 9114] (Ms. Walker's appeal of the confirmation order);  *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  Similarly, to the extent Ms. Walker seeks any modification of the Plan, such relief is moot as the Plan has gone effective or already is the subject of her appeal.  *See*, *e.g.*, Emergency Motion [ECF No. 9385] (Ms. Walker requesting immediate disbursements from Purdue PI Trust in lieu of established procedures in plan);  s*ee also* Notice of Occurrence of Effective Date [ECF No. 9133]; Notice of Appeal [ECF No. 8248].  Finally, many of Ms. Walker's requests for relief are beyond the scope of what this Court may grant under the Bankruptcy Code, including relief relating to requests regarding American with Disabilities Act accommodations, requests for private security, and relief related to an alleged Bivens claim.  *See e.g.*, Motion to Stay & Bivens Act Violations [ECF No. 9138] (Ms. Walker seeking an immediate stay and asserting a Bivens action under 28 U.S.C. § 1331); Motion for ADA Fines [ECF No. 9227] (requesting maximum fines due to purported discrimination under the American with Disabilities Act).

Given this entire record, the Court believes it is appropriate to address the question of future filings by Ms. Walker.  Notwithstanding this Court's rulings on her many requests—and her participation in the appeal of the confirmation order—Ms. Walker has continued to submit a blizzard of filings that continue to make the same arguments already addressed by the Court or to seek relief that cannot be granted by this Court.  *See, e.g.*, Motions & Objections to Fees Requested [ECF No. 9395] (Ms. Walker requesting that the Court determine whether the United States Trustee reviewed Ms. Walker's requests and for the Court to direct the United States Trustee to file a status report memorializing the United States Trustee's findings);  Motions & Stay Request [ECF No. 9396] (Ms. Walker requesting an immediate stay);  Motion American Laws & Rights Must Matter [ECF No. 9403] (Ms. Walker requesting a determination as to whether reasonable accommodations were timely provided); *cf.* Memo Endorsed Order dated June 12, 2026 [Case No. 7:25-cv-09681] [ECF No. 104] (Order by District Court in appeal of the confirmation order requiring that Ms. Walker must seek leave and permission to file motions due to repeatedly filing requests for relief on which the District Court had already ruled).

Moreover, the Court notes that Ms. Walker's interactions with the Court have grown increasingly abusive over time.  *See* Order Regarding Contact with Chambers [ECF No. 6257] (barring Ms. Walker from contacting the Court by email due to prior inappropriate email communications); Supplemental Order Regarding Contact with Chambers [ECF No. 7858] (barring Ms. Walker from contacting the Court by telephone and advising that failure to comply may subject Ms. Walker to sanctions).  During the confirmation hearings in November 2025— and at nearly every hearing in these cases since that time—the Court has been required to disconnect Ms. Walker from hearings where she was participating by Zoom because Ms. Walker insisted on continually interrupting proceedings, notwithstanding numerous directions from the

6

Court.  *See*, *e.g.*, Hr'g Tr. November 18, 2025, 101:9-11 [ECF No. 8398] (disconnecting Ms. Walker for repeated interruptions during reading of bench decision regarding confirmation); Hr'g Tr. December 10, 2025, 16:6-9 [ECF No. 8407] (disconnecting Ms. Walker for interruptions during status report);  Hr'g Tr. December 12, 2025, 12:15-13:3 [ECF No. 8423] (same);  Hr'g Tr. February 4, 2026, 58:8-15 [ECF No. 8605] (disconnecting Ms. Walker for interruptions during stay pending appeal argument);  Hr'g Tr. February 12, 2026, 20:19-23 [ECF No. 8761] (disconnecting Ms. Walker for repeated interruptions during reading of bench decision regarding a stay pending appeal);  Hr'g Tr. February 26, 2026, 124:3-21 [ECF No. 8861] (disconnecting Ms. Walker for interruptions during hearing);  Hr'g Tr. March 19, 2026, 88:23-89:11 [ECF No. 8965] (disconnecting Ms. Walker for repeated interruptions during reading of bench decision regarding *pro se* submissions);  Hr'g Tr. May 20, 2026, 58:22-60:14 [ECF No. 9252] (disconnecting Ms. Walker for interruptions during hearing);  Hr'g Tr. June 24, 2026, 13:3-19 [ECF No. 9401] (disconnecting Ms. Walker for interruptions during status report).  Moreover, her pleadings also often contain wildly inappropriate material.  *See*, *e.g.*, Ms. Walkers AI Legal Responses [ECF 9163] (containing an inappropriate photo for a court pleading); Motion to Approve [ECF No. 9229] (using expletives as part of motion); *cf.* Motion to Approve [ECF No. 9269] (same and stating "I dare you to deny my claim").

Given the Court's conclusion that Ms. Waker lacks standing in these proceedings, the more limited scope of these cases after confirmation, and the extensive record as to Ms. Walker's behavior, the Court believes that it is appropriate at this time to restrict Ms. Walker's ability to file pleadings in these cases.  Accordingly, the Court directs that Ms. Walker is barred from filing any further filings in these bankruptcy cases unless she has previously requested—and received—prior approval by written order from this Court for such filings.  This bar does not

extend to her filing an appeal of this Order or an appeal from the Order that denied her motion to accept her late filed claim. *See In re Purdue Pharma L.P.*, 2026 WL 1905691 (Bankr. S.D.N.Y. July 1, 2026). But the bar does extend to any pleading beyond such notices of appeal, with the Court reserving the right to strike any pleading file by Ms. Walker that does not adhere to the Court's direction here today. But to be clear, the Court does not anticipate granting Ms. Walker leave for any future filings given all the facts identified above, other than for the potential filing of two notices of appeal as identified above.[6]

For all these reasons, the Court denies all pending requests for relief filed by Ms. Walker and bars her from future filings in these bankruptcy cases consistent with the Court's direction contained in this Order.

White Plains, New York
Date: July 10, 2026

*/s/ Sean H. Lane*
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

**Copy To:**

Rosemary Helen Ziziros Walker
1111 Waller Street SE
Salem Oregon 97302
Email: bigrosemary@gmail.com

---

[6]     Ms. Walker may request permission to file a pleading by submitting a letter to the Court through the Clerk's Office of the United States Bankruptcy Court, White Plains Division, 300 Quarropas Street White Plains, NY 10601-4150. Only after Ms. Walker receives an order granting permission to file her document will she be permitted to file her pleading. Any filings that do not comply with this procedure—except for a notice of appeal—shall be struck.