**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.** | **(Jointly Administered)** |

**REPLY TO AMANDA MORALES' OBJECTION TO APPLICATION TWENTIETH
INTERIM AND FINAL FEE APPLICATION OF
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

Skadden, Arps, Slate, Meagher & Flom LLP ("**Skadden**"), counsel to the debtors

and debtors in possession in the above-captioned case (collectively, the "**Debtors**"), hereby

submit this reply (this "**Reply**") to the objection [ECF No. 9444] (the "**Objection**") filed by

Amanda Morales to the twentieth interim and final application requesting allowance and

approval of compensation [ECF No. 9362] (the "**Application**").[1]  In support of this Reply, the

Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

**PRELIMINARY STATEMENT**

1.    Through her Objection, Morales asks the Court to deny the Application based on

a purported "[f]ailure to file line-by-line itemization" and the suggestion that Skadden is not a

"disinterested party" because it hired a retired bankruptcy judge who previously presided over

this case.  Both arguments fail.  First, contrary to Morales' assertions, Skadden has filed itemized

billing statements supporting all attorneys' fees and expenses it is seeking in the Application.

Second, Morales seeks to apply the incorrect standard and ignores the facts that the hiring was

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

properly disclosed more than three years ago and Skadden took sufficient steps to prevent any adversity to the Debtors or the estate in this matter.  Accordingly, the Objection lacks merit and should be overruled.

## REPLY

**I.    The Fee Application Complies with Federal Rule of Bankruptcy Procedure 2016(a) and 11 U.S.C. § 330**

2.    The Application complies with Section 330 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016(a) of Federal Rule Bankruptcy Procedure (the "**Bankruptcy Rules**").  Bankruptcy Code section 330 authorizes the Court to award "reasonable compensation for actual, necessary services rendered by the . . . professional person." 11 U.S.C. § 330. Bankruptcy Rule 2016(a) requires an entity seeking compensation for services or reimbursement of expenses to file an application "in detail the amounts requested and the services rendered, time spent, and expenses incurred."  Fed. R. Bankr. P. 2016(a).  Skadden has complied with Bankruptcy Rule 2016(a) by filing the "line-by-line itemization" reflecting "individual entries on which tasks were performed on which dates, the time it took and who it was done by," which the Objection purports to seek.  *See* Objection at 2.

3.    During the course of these Bankruptcy proceedings and pursuant to the interim compensation procedures (the **"Interim Compensation Procedures"**) set forth in the amended interim compensation order [Docket No. 529], Skadden has filed Monthly Fee Statements for each month of the Case Period from September 15, 2019 through and including May 1, 2026. *See*, *e.g.*, First Monthly Fee Statement, ECF No. 607; Seventy-Ninth Monthly Fee Statement, ECF No. 9330. Each Monthly Fee Statement attaches a time detail statement with itemized, line-by-line billing entries.  *See*, *e.g.*, First Monthly Fee Statement Ex. D; Seventy-Ninth Monthly Fee Statement, Ex. D.

2

4. Under the Interim Compensation Procedures, Skadden has filed nineteen interim requests for compensation and reimbursement of expenses ("**Interim Fee Applications**"). *See*, *e.g.*, First Interim Fee Application, ECF No. 1154; Nineteenth Interim Fee Application, ECF No. 8680. The Court has issued orders approving each Interim Fee Request (the "**Interim Fee Orders**"). *See*, *e.g.*, First Interim Fee Order, ECF No. 1159; Nineteenth Interim Fee Order, ECF No. 8963. From time to time, Skadden has agreed to certain voluntary reductions to its fees and expenses as a result of negotiations with the Fee Examiner appointed in these cases. Skadden has otherwise received no objections to any of these prior submissions.

5. Accordingly, the detailed billing entries showing the services rendered, time spent, and expenses incurred have all been publicly filed and available for review by any potential objector—some for more than five years. Morales' request that the Court order Skadden "to file a fully itemized billing statement" is therefore moot. Each of these Interim Fee Applications and Interim Fee Orders is incorporated by reference in the Application. Application at 5-7. Thus, the Application satisfies Bankruptcy Rule 2016(a) and the Objection should be overruled.

## II. Skadden Was Properly Retained Under Section 327(e) of the Bankruptcy Code

6. Morales suggests that Skadden's employment of Judge Robert Drain after his retirement from the Bankruptcy Court of the Southern District of New York creates a conflict of interest that supports denial of the Application. Objection at 3. This argument is baseless.

7. To begin with, the Objection inaptly relies on the definition of "disinterested person" as used in Subsection (a) of Section 327 of the Bankruptcy Code. But the Debtors retained Skadden pursuant to Subsection (e) of Section 327, which does not include a "disinterested person" requirement.

3

8.      Section 327 of the Bankruptcy Code governs the employment of professional persons in chapter 11 proceedings.  *See* 11 U.S.C. § 327. Subsection (a) allows for the retention of professionals by the debtor to assist the debtor "in carrying out [the debtor's] duties" under the Bankruptcy Code if the person sought to be retained "do[es] not hold or represent an interest adverse to the estate" and is "disinterested." *Id.* § 327(a); *see also* 11 U.S.C. § 101(31) (defining "disinterested person").  In contrast, professionals sought to be retained by the debtors for any other purpose may be retained if it is "in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).  Thus, with regard to section 327(e) counsel, the Second Circuit has held that no conflict exists so long as "the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained." *Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 622 (2d Cir. 1999) (emphasis omitted); *see also In re JMK Constr. Grp., Ltd.*, 441 B.R. 222, 229 (Bankr. S.D.N.Y. 2010).

9.      On November 6, 2019, the Debtors filed an application to retain Skadden as special counsel under Section 327(e) [ECF No. 438] (the "**Initial Retention Application**").  The Debtors sought to retain Skadden to continue its representation in connection with the ongoing criminal and regulatory investigations being conducted by state and federal government agencies, as well as the pending civil litigations in which Skadden was still involved or that may have arisen after the date of the Initial Retention Application's filing. Along with its Initial Retention Application, Skadden filed a declaration, signed by Patrick Fitzgerald, in which Skadden disclosed all "connections" it had with parties in interest, as required under Rule 2014 of the Federal Rules of Bankruptcy Procedures.

4

10. On November 25, 2019, the Court approved Skadden's retention [ECF No. 545].

11. In addition, Skadden applied to this Court for an order authorizing the Debtors to supplement the retention and employment of Skadden as special counsel, nunc pro tunc to March 6, 2020 [ECF No. 1370] (the "**Supplemental Retention Application**," and together with the Initial Skadden Retention Application, the "Skadden Retention Applications"). On July 27, 2020, the Court approved the Supplemental Retention Application [ECF No. 1521].

12. Judge Drain was employed by Skadden effective as of April 2023, more than three years after the Chapter 11 Cases had commenced and Skadden had been retained, and four months following his retirement from the bench. On April 14, 2023, prior to Judge Drain joining Skadden, Skadden filed its eighth supplemental declaration, signed by Van C. Durrer, II in support of the Retention Application [ECF No. 5550] (the "**Durrer Declaration**"). The Durrer Declaration disclosed that Judge Drain would join Skadden's Corporate Restructuring Group as Of Counsel in its New York Office. *Id.* ¶ 5. The Durrer Declaration set forth the steps Skadden would take to avoid an adversity as to the Debtors with respect to the matters for which Skadden was retained by the Debtors and meet its requirements under Subsection Section 327(e), including (1) "Skadden will establish formal internal screening procedures or an 'Ethical Wall' between Judge Drain and all Purdue matters" and (2) "Judge Drain will not have any involvement in any Purdue matter." *Id.* During his tenure at Skadden, Judge Drain was walled off from all Purdue matters pursuant to the "Ethical Wall," and he did not have any involvement in any Purdue matter.

13. Here, Skadden disclosed its employment of Judge Drain more than three years ago and took steps to ensure that Judge Drain's employment did not create any interest adverse

5

to the Debtors or estate in this matter.  Because Skadden has complied with Section 327(e) of the

Bankruptcy Code, the Court should overrule the Objection.

## CONCLUSION

For the reasons above, the Court should overrule the Objection, and grant the

relief requested in the Application.

Dated:  Palo Alto, California
July 17, 2026

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/  *Jennifer Madden*
Jennifer Madden
525 University Avenue
Palo Alto, California 94301
Telephone:  (650) 470-4500
Fax:  (650) 470-4570
Email:  jennifer.madden@skadden.com

– and –

James J. Mazza, Jr.
320 S. Canal Street
Chicago, IL 60606
Telephone:  (312) 407-0700
Fax:  (312) 407-0411
Email: james.mazza@skadden.com

*Special Counsel to Debtors
and Debtors in Possession*