UNITED STATES BANRUPCY COURT
SOUTHERN DUSTRICT OF NEW YORK

Purdue Pharma L.P.,st al.                                                    Chapter 11      Case
No. 19 -23649.

PURDUE PHARMA L.P., P.F. LABORATORIES, INC.,

PURDUE PHARMACEUTICALS L.P.,

PURDUE PHARMA TECHNOLOGIES, INC.,

and RHODES TECHNOLOGIES,

*DEFENDANTS*

AMANDA MORALES

*PLANTIFF*

# EMERGENCY MOTION OF AMANDA MORALES FOR A STAY PENDING APPEAL OF THE COURT'S AUGUST 4, 2026 ORDER AUTHORIZING PAYMENT OF $69,765,941.90 IN PROFESSIONAL FEES

Amanda Morales, Appellant *Pro Se*, hereby moves this Court, pursuant to Federal Rule of Bankruptcy Procedure 8007(a), Section 105(a) of the Bankruptcy Code, and Local Bankruptcy Rules for the Southern District of New York, for an emergency stay pending appeal of this Court's Final Fee Payment Order entered on August 4, 2026 (Docket No. 9524) (the "Payment Order") authorizing the immediate disbursement of $69,765,941.90 to the law firm representing the Ad Hoc Committee of Governmental Creditors. Herbert Smith Freehill Kramer LLC (USA)

In support of this Motion, Appellant respectfully states as follows:

1

# MEMORANDUM OF POINTS AND AUTHORITIES

# PRELIMINARY STATEMENT AND EMERGENCY REASONING

1. This motion presents a critical statutory challenge to an imminent, record-breaking disbursement of **$69,765,941.90** from estate reserves to a newly merged corporate entity that was never properly vetted, retained, or cleared of conflicts by this Court.

2. International law firm Herbert Smith Freehills and New York-based Kramer Levin Naftalis & Frankel officially merged on June 1, 2025, creating **Herbert Smith Freehills Kramer (HSF Kramer)**. The transatlantic and transpacific combination features roughly 2,700 lawyers, 630 partners, and 26 offices globally, posting a combined revenue of $2.4 billion in its first post-merger fiscal year.  To circumvent the mandatory, rigorous disclosure and conflict-check provisions of the Bankruptcy Code, the firm filed a singular, clerical "Change of Name" motion.(Docket No.7502)  They subsequently filed a single, bundled final fee application lumping all pre-and-post-merger hours together under the "new name."

3. Kramer Levin Naftalis & Frankel was retained at the beginning of this case to represent the Ad Hoc Committee of Governmental creditors.

4. Because the Payment Order entered on August 4, 2026, directs the immediate payment of $69,765,941.90, the Debtor's estate is legally authorized to execute wire transfers at any moment.

5. Absent an immediate stay, these tens of millions of dollars will dissipate into the partnership accounts of an unapproved firm. Under controlling Second Circuit precedent, this payout will trigger the doctrine of **equitable mootness**, permanently destroying Appellant's statutory right to an appeal.

6. Emergency relief via an Order to Show Cause is necessary because Appellant does not know the exact hour the wire transfer will clear, and the 14-day appeal window expires on **Tuesday, August 18, 2026**.

2

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and Federal Rule of Bankruptcy Procedure 8007. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. ARGUMENT: APPELLANT SATISFIES THE FOUR-FACTOR STAY STANDARD

1. In the Second Circuit, a bankruptcy court weighs four familiar factors when deciding a motion for a stay pending appeal: (a) a strong likelihood of success on the merits; (b) immediate irreparable injury; (c) lack of substantial harm to other parties; and (d) the advancement of the public interest. *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). Appellant cleanly satisfies each prong

   A. **Strong Likelihood of Success on the Merits** The underlying record reveals two blatant statutory violations that require reversal on appeal. First, the law firm's bundled billing structure constitutes unauthorized professional fee-splitting with an un-vetted outside entity, an act strictly prohibited under 11 U.S.C. § 504(a).9. Second, by treating a structural corporate merger as a simple "name change," the firm entirely skipped filing a Verified Supplemental Disclosure under Bankruptcy Rule 2014. This failure completely subverted the Court's independent duty to verify that the incoming lateral partners and clients do not hold disqualifying conflicts of interest against the estate or the governmental creditors. Under Second Circuit law, a total failure to disclose under Rule 2014 requires mandatory fee denial or disgorgement. See In re Crivello, 134 F.3d 431, 436 (7th Cir.).

### B. Appellant Faces Clear Irreparable Harm

10. If this Court does not freeze the funds, the $69,765,941.90 will be disbursed immediately. Under Second Circuit doctrine, once an administrative expense of this scale is distributed and a plan is consummated, a reviewing court will dismiss a subsequent appeal as **equitably moot** because the funds cannot realistically be clawed back from hundreds of individual law partners. *See In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993). The complete, un-fixable destruction of appellate rights constitutes quintessential irreparable harm.

### C. The Balance of Equities and Public Interest Favor a Stay

11. A stay causes absolutely zero permanent prejudice to the law firm. The $69,765,941.90 will simply sit safely in an administrative escrow account. If the firm wins on appeal, they will receive their money.

12. Conversely, the public interest heavily demands a stay. Handing nearly $70,000,000 in public-facing creditor funds to an entity that actively bypassed bankruptcy court transparency laws undermines the core integrity of the judicial system.

## IV. CONCLUSION AND RELIEF SOUGHT

WHEREFORE, Appellant respectfully requests that this Court:

1. Grant an emergency stay pending appeal of the August 4, 2026 Payment Order;

2. Execute the accompanying Order to Show Cause to schedule an expedited hearing; and

3. Grant an immediate **temporary administrative stay** prohibiting any wire transfers or distributions of the $69,765,941.90 pending the outcome of that hearing.

Date 8/13/2026

Amanda Morales

# STATEMENT OF ESSENTIAL FACTS IN SUPPORT OF THE EMERGENCY MOTION FOR A STAY PENDING APPEAL OF THE FINAL FEE PAYMENT ORDER

Amanda Morales a creditor and party-in-interest in the above-captioned Chapter 11 case, respectfully submits this Statement of Essential Facts in support of its Emergency Motion for a Stay Pending Appeal, pursuant to Federal Rule of Bankruptcy Procedure 8007(a), seeking to stay enforcement of the Court's Final Fee Payment Order entered on August 4, 2026 (Docket No.9524) (the "Payment Order"). In support thereof, the Appellant states as follows:

## I. INTRODUCTION AND CORE CONFLICT

1. This dispute centers on a $$69,765,941.92 final fee award granted to the law firm purportedly representing the Ad Hoc Committee of Governmental Creditors (the "Committee").
2. In June1, 2025 of these Chapter 11 proceedings, the court-approved legal counsel for the Committee underwent a structural corporate merger with an outside law firm.
3. Rather than seeking retroactive or supplemental court authorization for this newly merged entity under 11 U.S.C. § 327, or providing a comprehensive

conflict sweep under Bankruptcy Rule 2014, the firm filed a singular, clerical "Change of Name" motion. [Docket No. 8270]

4. By failing to bifurcate its fee applications or disclose its altered partnership structure, the firm has engaged in unauthorized fee-sharing with an unvetted entity in direct violation of 11 U.S.C. § 504. Despite these clear statutory deficiencies being placed on the record, the Court entered the final Payment Order on August 4, 2026, directing the immediate disbursement of $70,000,000 from estate reserves.

## II. RELEVANT RECENT CHRONOLOGY

5. **Prior Retention Order:** Early in the case, this Court entered an order under 11 U.S.C. § 327 authorizing the employment of Legacy Firm Kramer Levin & Frankle as counsel to the Committee. Legacy Firm performed services under this explicit authorization.

6. **The Unapproved Corporate Merger:** International law firm Herbert Smith Freehills and New York-based Kramer Levin Naftalis & Frankel officially merged on June 1, 2025, creating **Herbert Smith Freehills Kramer (HSF Kramer).** The transatlantic and transpacific combination features roughly 2,700 lawyers, 630 partners, and 26 offices globally, posting a combined revenue of $2.4 billion in its first post-merger fiscal year.

7. **The Clerical Name Change:** Rather than filing an Amended Retention Application to vet the new entity, the firm filed a basic "Motion to Change Name" on the docket.[Docket No. 8270] No supplemental disclosure of incoming client connections or potential conflicts was submitted under Bankruptcy Rule 2014.

8. **The Lumped $69,765,941.92 Application:** The firm subsequently submitted a single, bundled final fee application requesting $69,765,941.92. The application lumped all billable entries accrued by Legacy Firm Levin Kramer

firm and Merged Firm HSF Kramer LLC together into a single column, failing to break down metrics or separate the pre-and-post merger windows.

9. **The Hearing and Objections:** At the final fee hearing, 7/21/2026 the Appellant raised explicit objections under **11 U.S.C. § 504,** highlighting that the unapproved merged entity was participating in estate compensation without statutory clearance. The U.S. Trustee remained silent on the matter.

10. **Entry of the Payment Order:** On August 4, 2026, the Court overruled the objections and issued a written final order directing the immediate payment of the full $ $69,765,941.92. A subsequent Motion for Reconsideration was filed, which the Court implicitly denied by letting the final payment order stand.

## III. THE INDISPUTABLE STATUTORY VIOLATIONS

11. **Section 504 Fee-Splitting Prohibitions:** Under 11 U.S.C. § 504(a), a professional person receiving compensation from a bankruptcy estate is strictly barred from sharing or splitting those fees with any outside entity. While § 504(b) provides a narrow exception for partners or associates *within the same firm*, that exception does not retroactively sanitize an undisclosed merger where work was done by an un-vetted corporate entity.

12. **Bankruptcy Rule 2014 Non-Compliance:** Rule 2014 requires an absolute, unyielding disclosure of "all connections" with the debtor, creditors, and any other party in interest. Merged Firm C introduces sovereign and private sector client relationships that could directly conflict with the governmental entities on the Committee or the Debtor itself. Masquerading a structural merger as a name change completely subverted the court's ability to conduct an independent conflicts check.

## IV. IMMINENT IRREPARABLE HARM AND EQUITABLE MOOTNESS

7

13. The Payment Order went into effect immediately upon entry on August 4, 2026. The Debtor's estate is currently authorized to execute wire transfers totaling $69,765,941.92 to the merged entity.

14. If a stay is not immediately granted, the $69,765,941.92 will leave the estate and be distributed directly to the numerous partners of the merged firm..

15. Absent a temporary freeze, the cash assets will dissipate, rendering it logistically and legally impossible for the Appellant to achieve a meaningful remedy on appeal, even if the District Court later finds a blatant Section 504 violation.

## V. CONCLUSION

17. The balance of equities heavily favors a stay. Freezing the $69,765,941.92 in an administrative reserve account causes no permanent harm to the law firm; it merely delays payout pending regular appellate review. Conversely, denying a stay completely strips the Appellant of its statutory rights and permits $69,765,941.92 in public-facing creditor funds to be paid out to an unverified entity.

WHEREFORE, the Appellant respectfully requests that this Court sign the accompanying Order to Show Cause, grant an immediate temporary stay of the Payment Order, and set an expedited hearing on this matter.

Dated: August 13, 2026

8

## ORDER TO SHOW CAUSE FOR EMERGENCY HEARING ON MOTION OF AMANDA MORALES FOR A STAY PENDING APPEAL OF THE FINAL FEE PAYMENT ORDER

Upon the Motion (the "Motion") of Amanda Morales a creditor/party-in-interest in the above-captioned case, seeking an emergency stay pending appeal of this Court's Final Fee Payment Order entered on August 4, 2026 (Docket No. 9524), and upon the accompanying Verified Statement showing that immediate and irreparable harm will result to the Debtor's estate and its creditors before a regular hearing can be held because the distribution of $69,765,941.92 in professional fees is imminent and may cause equitable mootness; and sufficient cause having been shown; it is hereby:

**ORDERED**, that the Appellee Law Firm, Herbert Smith Freehill Kramer LLC (USA) show cause before the Honorable Sean Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom Address, e.g., One Bowling Green, New York, NY 10004], on the _____ day of August, 2026, at _____ ___.m., or as soon thereafter as counsel can be heard, why an Order should not be entered pursuant to Federal Rule of Bankruptcy Procedure 8007 granting a stay pending appeal of the Final Fee Payment Order; and it is further

**ORDERED**, that response or opposition papers, if any, to the Motion shall be filed electronically through the Court's ECF system and served so as to be received by Amanda Morales ajlare356@gmail.com no later than _____ ___.m. on August _____, 2026; and it is further

**ORDERED**, that reply papers, if any, may be handed up to the Court at the time of the hearing; and it is further

9

**ORDERED**, that pending the hearing and determination of this Order to Show Cause, the enforcement and execution of the Final Fee Payment Order entered on August 4, 2026, is hereby **TEMPORARILY STAYED**, and the Debtor and its agents are prohibited from wiring, distributing, or transferring any funds authorized by said Order; and it is further

**ORDERED**, that service of a copy of this Order to Show Cause and the Motion upon counsel for the Debtor, the U.S. Trustee, and [Name of Merged Law Firm] via the Court's ECF system on or before _____ ___.m. on August _____, 2026, shall be deemed good and sufficient service thereof.

Respectfully submitted,

Amanda Morales



**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this  8/13/2026, a copy

of the document(s) entitled **EMERGENCY MOTION OF AMANDA MORALES FOR A STAY PENDING APPEAL OF THE COURT'S AUGUST 4, 2026 ORDER AUTHORIZING PAYMENT OF $69,765,941.90 IN PROFESSIONAL FEES**

To Defendants  was/were emailed to.

Herbert Smith Freehill Kramer LLC

Kenneth Eckstein Kenneth.Eckstein@hsfkramer.com

Rachel Ringer Rachael.Ringer@hsfkramer.com

David Blabey David.Blabey@hsfkramer.com