**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | Jointly Administered |

**ORDER GRANTING IN PART AND DENYING IN PART THE**
**RAYMOND SACKLER FAMILY'S MOTION FOR ENTRY OF AN ORDER (I)**
**DECLARING JOSEPH ANTHONY REYNA'S ACTIONS TO BE IN VIOLATION OF**
**THE PLAN OF REORGANIZATION AND CONFIRMATION ORDER, (II)**
**DIRECTING HIM TO WITHDRAW THE CLAIMS THAT HE HAS ASSERTED IN**
**THE TEXAS LAWSUIT, (III) ENJOINING HIM FROM FILING ANY NEW CLAIMS**
**AGAINST RELEASED PARTIES WITHOUT PRIOR REVIEW BY THIS COURT, AND**
**(IV) ENJOINING HIM FROM FURTHER ACTION IN CONTRAVENTION OF THE**
**PLAN AND CONFIRMATION ORDER**

Upon the *Motion of the Raymond Sackler Family For Entry Of An Order (i) Declaring Joseph Anthony Reyna's Actions To Be In Violation Of The Plan Of Reorganization and Confirmation Order, (ii) Directing Him To Withdraw The Claims That He Has Asserted In The Texas Lawsuit, (iii) Enjoining Him From Filing Any New Claims Against Released Parties Without Prior Review By This Court, and (iv) Enjoining Him From Further Action In Contravention Of*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, were as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014) (collectively, the "**Debtors**"). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*The Plan And Confirmation Order* (the "**Motion**"),[2] whereby the Raymond Sackler Family has requested, in accordance with sections 105(a) and 1141 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "**Bankruptcy Code**"), and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule(s)**"), entry of an order (i) declaring the post-Effective Date prosecution by Joseph Anthony Reyna ("**Mr. Reyna**") of *Reyna v. Richard Sackler, et al.*, Case No. 2025CI16535, filed in the 408th District Court, Bexar County, Texas, on July 21, 2025 (the "**Texas Lawsuit**"), to be in violation of the order confirming the Debtors' Eighteenth Amended Joint Chapter 11 Plan of Reorganization [ECF No. 8263] (the "**Confirmation Order**" and "**Plan**") and the Plan's injunctions against conducting litigation of an Estate Cause of Action (§ 11.1(f)) and interfering with the Plan (§ 10.4); (ii) directing Mr. Reyna to withdraw the claims that he has asserted in the Texas Lawsuit, (iii) enjoining Mr. Reyna from filing any new claims against Released Parties without prior review by this Court, and (iv) pursuant to § 10.9 of the Plan and ¶24(b) of the Confirmation Order, enjoining Mr. Reyna from taking further action in contravention of the Confirmation Order and Plan; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012, and § 11.1 of the Plan; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor;

---

[2]     The Raymond Sackler family (the "**Movant**") consists of the descendants of Raymond R. Sackler and his spouse, and the descendants' current and former spouses.

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:**

A. The Plan, confirmed by the Confirmation Order entered on November 18, 2025, and effective as of May 1, 2026, contains two injunctions (among others): Section 11.1(f) of the Plan permanently enjoins all Persons from "commencing, conducting, or continuing, directly or indirectly, any litigation or prosecution of an Estate Cause of Action (including in any proceeding in a judicial, arbitral, administrative, or other forum)", and Section 10.4 of the Plan separately enjoins all parties in interest "from taking any actions to interfere with the implementation or consummation of the Plan and the Plan Documents."

B. Section 1.1 of the Plan defines "Estate Causes of Action" broadly to include, among other things, causes of action that: (i) were included in the proposed complaint filed by the Creditors' Committee [D.I. 6685-2]; (ii) seek to avoid or recover any transfer of property or value by any Debtor or its Estate, including on a theory of fraudulent transfer, constructive trust, unjust enrichment, or conversion; (iii) arise from an injury suffered by a Debtor, including from breach of fiduciary duty or mismanagement; (iv) arise from disregarding the separateness of any Debtor, including on a theory of veil piercing or alter ego; (v) arise from a common injury that could be asserted by creditors of a Debtor or its Estate; (vi) are property of any Debtor or its Estate; or (vii) are other derivative claims duplicative of the foregoing. Under the Plan, all Estate Causes of Action against the Shareholder Released Parties were settled and released by the Debtors and their Estates. Plan § 10.7(a)(i).

C. The injunctions set forth in §§ 10.4 and 11.1(f) of the Plan and ¶34 of the Confirmation Order apply to all persons, including individuals who did not file proofs of claim in these cases or appear in this proceeding. Any person who files claims constituting Estate Causes of Action against Shareholder Released Parties or Released Parties, or that interfere with the implementation

3

or consummation of the Plan, shall be subject to orders of relief from this Court, including orders to withdraw such claims and such other remedies as the Court deems appropriate, including sanctions.

D. Mr. Reyna's Complaint alleges that "the Sackler family extracted more than $10 billion from Purdue" and asserts several claims, including fraudulent transfer and a claim for a constructive trust on alleged "Texas-traceable Sackler assets", in each case apparently based on the alleged transfers of assets from the Debtors.  Complaint at 2, 5, 7.  Mr. Reyna's Complaint also alleges that the settlement proceeds Texas will receive under the Plan are unallocated and that there is a "victim-payout disparity" between what the governments will receive and what individual claimants will receive under the Plan and on such basis seeks an order "redirecting unspent, misused, or politically diverted settlement funds toward" programs administered by a non-profit controlled by Mr. Reyna.

E. In his *Definitive Limited Objection and Response of Joseph Anthony Reyna to the Raymond Sackler Family's Motion for Entry of an Order (I) Declaring His Actions to Be in Violation of the Plan, (II) Directing Withdrawal of Claims, (III) Enjoining New Claims Without Prior Review, and (IV Enjoining Further Action in Contravention of the Plan and Confirmation Order* [ECF No. 9474], Mr. Reyna conceded that he has "abandoned" Counts 1, 2, 3, 5, 6, and 7 of his Complaint because they are Estate Causes of Action and acknowledged that his remaining Count 4 (Public Nuisance) would need to be repleaded if it were not to constitute an Estate Cause of Action or otherwise violate the Confirmation Order.

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is granted in part and denied in part for the reasons set forth herein.

4

2. The Court hereby determines and declares that each of the claims asserted in the Complaint are derivative claims — that is, Estate Causes of Action, as defined in the Plan, because they "seek to avoid or recover any transfer of property or value by any Debtor or its Estate … including on a theory of fraudulent transfer … [and] constructive trust" (Plan § 1.1 (Definition of Estate Causes of Action), subpart (ii)), and fall within causes of action "included in the proposed complaint filed by the Creditors' Committee" against the Sacklers (*id.*, subpart (i)), among other reasons as set forth in the Motion.

3. The Court hereby further determines that Mr. Reyna's prosecution of the Complaint is an attempt to interfere with implementation of the Plan, in violation of the Court's injunction against interference with the Plan set forth in § 10.4 of the Plan, and consists in a collateral attack on the Confirmation Order because the Complaint seeks an order "redirecting unspent, misused, or politically diverted settlement funds" to be received by Texas under the Plan toward programs administered by a non-profit controlled by Mr. Reyna. Complaint at 8.

4. The Court hereby enjoins Mr. Reyna from further pursuing the claims asserted in the Complaint as such claims are Estate Causes of Action that are subject to this Court's injunction as set forth in ¶34 of the Confirmation Order and § 11.1(f) of the Plan and/or the pursuit of such claims is a collateral attack on the Plan in violation of § 10.4 of the Plan.

5. The Court hereby orders that, within 14 days of entry of this Order, Mr. Reyna shall withdraw all the claims that he has asserted in the Texas Lawsuit with prejudice, with the exception of Count 4, which shall be withdrawn without prejudice.

6. The Court hereby further enjoins Mr. Reyna from taking any further action in contravention of the Confirmation Order and Plan.

7.      Nothing in this Order prevents Mr. Reyna from pursuing personally held causes of action against Shareholder Released Parties, Released Parties, or any defendant in the Texas Lawsuit, if any, provided that any such causes of action (a) are not Estate Causes of Action, (b) do not attempt to interfere with the implementation of the Plan, and (c) are otherwise not barred by the Plan or Confirmation Order.

8.      The Court denies the Motion solely insofar as it requests a pre-filing screening injunction requiring Mr. Reyna to obtain advance approval from this Court before filing any new claims against Released Parties or Shareholder Released Parties or the defendants in the Texas Lawsuit. This denial is without prejudice, and the Movant may renew such request or move for reconsideration, including on an emergency basis, if Mr. Reyna further pursues any Estate Causes of Action, files claims that interfere with the Plan, or otherwise violates this Court's injunctions, this Order, or the Confirmation Order.

9.      Within seven (7) days of entry of this Order, the Movant shall serve a copy of this Order on Mr. Reyna and shall file a certificate of service with this Court. The Movant may also file a copy of this Order as a notice on the docket of *Reyna v. Sackler, et al.*, No. 26-cv-4046-XR (W.D. Tex.).

10.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: August 14, 2026
        White Plains, New York

                                    */s/ Sean H. Lane*
                                    THE HONORABLE SEAN H. LANE
                                    UNITED STATES BANKRUPTCY JUDGE


6