**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (SHL) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------x

**ORDER DENYING MOTION FOR STAY PENDING APPEAL**

Before the Court is the motion of *pro se* claimant Amanda Morales [ECF. No. 9533],[1] seeking a stay pending appeal of this Court's Order [ECF No. 9524] authorizing the disbursement of $69,765,941.90 in professional fees and expenses to Herbert Smith Freehill Kramer (US) LLP as co-counsel to the Ad Hoc Committee of Governmental and other Contingent Litigation Claimants.

Rule 8005 of the Federal Rules of Bankruptcy Procedure authorizes a bankruptcy judge to stay a judgment or order pending appeal. The same standards that govern a stay pending an appeal from a District Court order to the Court of Appeals apply in the case of an appeal from the Bankruptcy Court to the District Court. *See In re Savage & Assocs., P.C.*, 2005 U.S. Dist. LEXIS 3161, 2005 WL 488643, at *1 (S.D.N.Y. Feb. 28, 2005). The decision to grant or deny a stay pending appeal is committed to the discretion of the bankruptcy court. *See Nken v. Holder*, 556 U.S. 418, 433 (2009). "The four factors to be considered in issuing a stay pending appeal are well known: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *In re World Trade Ctr. Disaster Site Litig.*,

---

[1] Unless otherwise indicated, references in this Memorandum of Decision and Order to docket entries on the Case Management/Electronic Case Files ("ECF") system are to Case No. 19-23649.

503 F.3d 167, 170 (2d Cir. 2007) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)); *accord Nken*, 556 U.S. at 426.

The first two factors are the most critical. *Nken*, 556 U.S. at 434. "It is not enough that the chance of success on the merits be 'better than negligible.'" *Id.* (quoting *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999)). "By the same token, simply showing some 'possibility of irreparable injury' fails to satisfy the second factor." *Nken*, 556 U.S. at 434-35 (citation omitted). "'The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay. Simply stated, more of one excuses less of the other.'" *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)); *accord Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006).

Ms. Morales seeks an immediate stay because, absent a stay, payment from the Debtors' estate "will dissipate into the partnership accounts of an unapproved firm" and trigger the doctrine of equitable mootness. *Emergency Motion of Amanda Morales for a Stay Pending Appeal* (the "Stay Motion") [ECF No. 9533]. Ms. Morales' argument relies entirely on equitable mootness as justification for a stay. But her position ignores potential remedies, such as disgorgement, if Ms. Morales is successful in her appeal. *See e.g.*, *In re Gorski*, 519 B.R. 67, 75 (Bankr. S.D.N.Y. 2014) (ordering disgorgement of attorney fees for failure to comply with Section 329(a) of the Bankruptcy Code). Moreover, "that . . . [an] appeal may be rendered moot in the absence of a stay is not a bar to finding that the imminent injury factor weighs against Debtor-Appellant." *Mongiello v. Eastman* (*In re Mongiello*), 2024 U.S. Dist. LEXIS 30425, 2024 WL 729865, at *2 n.3 (S.D.N.Y. Feb. 22, 2024) (internal citations and quotations omitted); *see also In re Calpine Corp.*, 2008 Bankr. LEXIS 217, 2008 WL 207841, at *4 (Bankr. S.D.N.Y.

Jan. 24, 2008) (stating that "merely invoking equitable mootness. . . is not sufficient to demonstrate irreparable harm").

For all these reasons, Ms. Morales has failed to satisfy the requirements for a stay pending appeal. Accordingly, the Court denies the Motion.

Dated: White Plains, New York
August 20, 2026

*<u>/s/ Sean H. Lane</u>*
UNITED STATES BANKRUPTCY JUDGE