**Hearing Date and Time: September 10, 2026, at 11:00 a.m. (prevailing Eastern Time)**
**Response Date and Time: September 3, 2026, at 4:00 p.m. (prevailing Eastern Time)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Robert J. Dehney, Sr.
Matthew B. Harvey
Alexis L. Sullivan

*Co-Counsel to the Plan Administration Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P., *et al.*,** | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF HEARING ON MOTION OF THE PLAN ADMINISTRATION TRUST FOR ENTRY OF AN ORDER IMPLEMENTING CERTAIN PROCEDURES FOR LATE-FILED CLAIMS**

**PLEASE TAKE NOTICE** that on August 24, 2026, the Plan Administration Trust (the "**PAT**") filed the *Motion of the Plan Administration Trust for Entry of an Order Implementing Certain Procedures for Late-Filed Claims* (the "**Motion**"). A hearing on the Motion will be held on **September 10, 2026, at 11:00 a.m. (prevailing Eastern Time)** (the "**September Omnibus Hearing**") before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

[1] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**PLEASE TAKE FURTHER NOTICE** that the deadline to file and serve any responses or objections to the Motion is **September 3, 2026, at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**"). Any responses or objections to the Motion must: (i) be in writing, (ii) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (iii) be filed with the Bankruptcy Court so as to be received on or before the Objection Deadline, and (iv) be served on the following co-counsel to the PAT on or before the Objection Deadline: (a) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, Wilmington, Delaware 19801, Attn: Robert J. Dehney, Sr. (rdehney@morrisnichols.com), Matthew B. Harvey (mharvey@morrisnichols.com), and Alexis L. Sullivan (asullivan@morrisnichols.com) and (b) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Abraham Bane (abraham.bane@davispolk.com) and Kevin L. Winiarski (kevin.winiarski@davispolk.com).

**PLEASE TAKE FURTHER NOTICE** that if no objections or responses to the Motion are timely filed and served, the PAT may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Kroll Restructuring Administration at https://restructuring.ra.kroll.com/purduepharma/. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the September Omnibus Hearing will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, via Zoom® videoconference unless otherwise ordered by the Court. Parties wishing to appear at, or attend, the September Omnibus Hearing via Zoom® videoconference are required to register their appearance 24 hours in advance of such omnibus hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

Dated: August 24, 2026
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: */s/ Matthew B. Harvey*

1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Robert J. Dehney, Sr.
Matthew B. Harvey
Alexis L. Sullivan
Email: rdehney@morrisnichols.com
mharvey@morrisnichols.com
asullivan@morrisnichols.com

*Co-Counsel to the Plan Administration Trust*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Robert J. Dehney, Sr.
Matthew B. Harvey
Alexis L. Sullivan

*Co-Counsel to the Plan Administration Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P., *et al.*,** | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**MOTION OF THE PLAN ADMINISTRATION TRUST FOR ENTRY OF AN ORDER IMPLEMENTING CERTAIN PROCEDURES FOR LATE-FILED CLAIMS**

The Plan Administration Trust (the "**PAT**") hereby submits this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), implementing certain Disallowance Procedures (as defined below) for late-filed claims and granting related relief. In support of this Motion, the PAT respectfully states as follows:

[1] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

## Background

### A. General Background

2. On September 16, 2019 (the "**Petition Date**"), Purdue Pharma L.P. and its affiliated debtors and debtors-in-possession (the "**Debtors**") each commenced with the United States Bankruptcy Court for the Southern District of New York (the "**Court**") a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

3. On November 18, 2025, the Court entered an order [ECF No. 8263] (the "**Confirmation Order**") confirming the *Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* attached as Exhibit A to the Confirmation Order (the "**Plan**").[2]

4. On May 1, 2026, the Plan became effective (the "**Effective Date**") following a more than six-and-a-half-year bankruptcy. *See Notice of (I) Occurrence of Effective Date, (II) Final Deadlines for Filing Administrative Claims, and (III) Expiration of the Preliminary Injunction* [ECF No. 9133]. On the Effective Date and pursuant to the Plan, the PAT was established, and the Debtors remaining claims reconciliation obligations (other than those related to Channeled Claims and Federal Government Unsecured Claims) were transferred, assigned, and vested in the PAT.[3]

### B. Entry of the Bar Date Order and Implementation of the Debtors' Notice Program

5. Early on in these cases, a general bar date of July 30, 2020, at 5:00 p.m. (prevailing Eastern Time) (the "**General Bar Date**") was set, by which date persons and entities

[2] Capitalized terms used but not otherwise defined herein have the meanings assigned to them in the Plan.

[3] *See* Plan § 5.3(a), (f).

wishing to assert claims against the Debtors, including any individuals asserting claims of personal injury on their own behalf or on behalf of others, were required to file proofs of claim.[4]

6. In connection with establishing the General Bar Date, the Debtors designed and engaged in a notice program that, in addition to providing actual notice of the General Bar Date to known claimants, also included an extensive and unprecedented supplemental notice plan aimed at providing publication notice, through multiple channels, to unknown potential claimants (the "**Supplemental Notice Plan**").[5] These forms of publication included paid media (e.g., television, radio, magazine, and newspaper); online displays across multiple devices and videos (e.g., YouTube); social media campaigns (e.g., Facebook, then-Twitter); out-of-home advertising (e.g., billboards); and earned media (e.g., press release, blogs).[6]

7. The Court included in the Bar Date Order its finding that the Debtors' noticing procedures outlined therein constituted good, adequate, and sufficient publication notice of the General Bar Date and the procedures for filing proofs of claim in these chapter 11 cases.[7]

### C. Ongoing Claims Reconciliation Efforts and the Administrative Costs of Late-Filed Claims

8. To date, more than 600,000 proofs of claim have been filed in these chapter 11 cases. Most of these Claims—defined in the Plan as "Channeled Claims"—have been

---

[4] *See Order Approving Bar Date Motion* [ECF No. 800] (the "**Bar Date Order**"); *Order Extending General Bar Date* [ECF No. 1221] (extending Bar Date to July 30, 2020, at 5:00 p.m. (prevailing Eastern Time)) (the "**Bar Date Extension Order**" and, together with the Bar Date Order, the "**Bar Date Orders**").

[5] This Supplemental Notice Plan cost over $20 million and included a total of over 1.5 billion impressions across social media, display, and search platforms. *See Disclosure Statement of Thirteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors*, at 77 [ECF No. 7637] (the "**Disclosure Statement**").

[6] *Id.*; *see also In re Purdue Pharma L.P.*, No. 19-23649 (SHL), 2026 WL 1905691, at *2 (Bankr. S.D.N.Y. July 1, 2026) (further describing the Supplemental Notice Plan).

[7] Bar Date Order ¶ 19.

channeled to various Creditor Trusts and will be administered by those Creditor Trusts.[8] The PAT is responsible for administering, processing, resolving, and liquidating the remaining Claims (other than Channeled Claims and Federal Government Unsecured Claims), including through the prosecution and resolution of objections to Disputed Avrio General Unsecured Claims, Disputed Adlon General Unsecured Claims or Disputed Other General Unsecured Claims, each as defined in the Plan.

9. Despite the General Bar Date having long since passed, individuals and entities continue to file or attempt to file proofs of claims in these cases. The PAT and its professionals have spent, and expect to continue to expend, significant time and resources processing, reviewing, reconciling and objecting to these late-filed claims. By way of example, the Debtors, the PAT, and the Court recently expended significant resources in dealing with pre-Effective Date late-filed claims. *See In re Purdue Pharma L.P.*, No. 19-23649 (SHL), 2026 WL 1905691, at *1–4 (Bankr. S.D.N.Y. July 1, 2026) (describing the extensive process of resolving late claims).

## D. The Proposed Late-Filed Claim Procedures

10. To avoid the need for the PAT and its professionals to spend time and resources processing, reviewing, reconciling, and objecting to these late-filed claims, the PAT proposes to implement procedures (the "**Disallowance Procedures**"). The Disallowance Procedures would become effective on the date of entry of the Proposed Order. All proofs of claim and proofs of interest filed on that date and thereafter will be treated as disallowed and expunged

[8] For example: (i) Non-Federal Domestic Governmental Channeled Claims will be administered by the Governmental Remediation Trust; (ii) Tribe Channeled Claims will be administered by the Tribe Trust; (iii) Healthcare Provider Channeled Claims will be administered by the Healthcare Provider Trust; (iv) ER Physician Channeled Claims will be administered by the ERP Trust; (v) Public School Channeled Claims will be administered by the Public School Trust; (vi) Third-Party Payor Channeled Claims will be administered by the TPP Trust; and (vii) PI Channeled Claims will be administered by the PI Trust.

in their entirety without further order of the Court unless: (i) the filer has obtained an order from the Court authorizing the filing of the claim after the applicable Bar Date or (ii) the PAT has consented to the filing of the claim in writing.

11. For the avoidance of doubt, the Disallowance Procedures will not affect: (a) any proofs of claim that were filed prior to the date of the entry of the Proposed Order (even if the proofs of claim were filed after the applicable Bar Date) or (b) any proposed amendments to existing proofs of claim filed after the date the Proposed Order is entered.

12. To facilitate the Disallowance Procedures, the PAT requests that Kroll Restructuring Administration, LLC ("**Kroll**"), as claims and noticing agent in these cases, be authorized to (i) cease processing proofs of claim submitted after the entry of the Proposed Order, (ii) discontinue access to online claim filing portals, and (iii) destroy any paper proof of claim mailed to Kroll after the date of entry of the Proposed Order without notice to the claimant.

13. Kroll will post a copy of the Proposed Order (once entered) on the case website for these cases in the area formerly designated for submitting a proof of claim. In this way, any potential filer of a late claim will have explicit notice of the provisions of the Proposed Order and instructions on the procedure for filing a late claim.

14. The Disallowance Procedures will not prejudice any filer of a late claim, but will result in significant cost savings, and will reduce the overall administrative burden of late-filed claims on the PAT, the Creditor Trusts, and the Court.

## **Relief Requested**

15. By this Motion, the PAT requests the entry of an order, substantially in the form attached hereto as **Exhibit A** pursuant to sections 105(a), 502(b)(9), and 1142(b) of the Bankruptcy Code and rules 3003(c)(2) and 3020(d) of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), approving the Disallowance Procedures for late-filed claims and authorizing the PAT to direct Kroll to cease processing late-filed claims and to discontinue access to the online claims portals.

## Jurisdiction

16. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Bankruptcy Rule 7008, the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

17. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Basis for Relief

### I. Approving the Disallowance Procedures Is Appropriate Under Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3).

18. Bankruptcy Rule 3003(c)(3) provides that "[t]he court must set the time to file a proof of claim or interest and may, for cause, extend the time." Fed. R. Bankr. P. 3003(c)(3). Section 502(b)(9) of the Bankruptcy Code mandates that "if [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . and shall allow such claim in such amount, except to the extent that . . . proof of such claim is not timely filed . . . ." 11 U.S.C. § 502(b)(9).

19. Bar dates serve the important purposes of "finality and debtor rehabilitation." *In re PT-1 Communs., Inc.*, 386 B.R. 402, 409 (Bankr. E.D.N.Y. 2007) (quotation and citation omitted), *rev'd on other grounds sub nom.*, *United States v. Bond*, 762 F.3d 255 (2d Cir. 2014); *see In re Hooker Invs.*, 937 F.2d 833, 840 (2d Cir. 1991) ("[A] bar order does not

function merely as a procedural gauntlet, but as an integral part of the reorganization process. If individual creditors were permitted to postpone indefinitely the effect of a bar order . . . , the institutional means of ensuring the sound administration of the bankruptcy estate would be undermined." (citations omitted)); *In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995) ("The bar date is akin to a statute of limitations, and must be strictly observed.").

20. The Bar Date Order, which was served on each known creditor and published widely to provide notice to unknown creditors, provides that any person that fails to timely file a proof of claim by the applicable Bar Date would:

> (i) be forever barred, estopped and enjoined from asserting such claim against the Debtors, their property, or their estates . . . and (ii) not treated as a creditor with respect to such claim for the purposes of . . . distribution with respect to any chapter 11 plan or plans of reorganization . . . in these cases.

Bar Date Order ¶ 17.

21. The Disallowance Procedures and the requested authorization for Kroll to cease processing late-filed claims and to discontinue access to the online claims portals are in furtherance of the Bar Date Orders and necessary to prevent undue administrative burden on the PAT. To burden the PAT's ongoing claims reconciliation process with needless motion practice and Kroll's continued costs associated with these late-filed claims over six years after the well-publicized General Bar Date would frustrate the PAT's goal of efficiently completing its reconciliation process and making distributions to creditors. *See In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 121 (Bankr. S.D.N.Y. 2010) ("In view of the need to bring finality to the enormous task of resolving those claims that have already been filed in these cases, the Court concludes that strict application of the Bar Date Order is needed to effectively manage the claims process and that permitting additional claims will lead to an opening of the claims process with

foreseeable prejudice to the Debtors."), *aff'd sub nom. CVI GVF (Lux) Master S.a.r.l.* v. *Lehman Bros. Holdings Inc.*, 445 B.R. 137 (S.D.N.Y. 2011).

22. The PAT's many legitimate creditors should not have to continue to bear the cost of administering, reconciling and objecting to claims filed years after the applicable Bar Date. Moreover, no legitimate creditors will be prejudiced because their rights to file a motion seeking authority from this Court to file a late proof of claim are preserved. Accordingly, the Disallowance Procedures should be approved.

**II. Alternatively, the Disallowance Procedures Are Appropriate Under Sections 1142(b) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 3020(d) Because the Disallowance Procedures Are Necessary to Efficiently Implement the Claims Provisions in the Plan.**

23. Section 1142(b) of the Bankruptcy Code authorizes a court to issue orders necessary to implement the provisions of a plan of reorganization. *See* 11 U.S.C. § 1142(b) ("[t]he court may direct the debtor and any other necessary party . . . to perform any other act . . . that is necessary for the consummation of the plan."); *see also In re Chateaugay Corp.* v. *Back*, 201 B.R. 48, 66 (Bankr. S.D.N.Y. 1996) (noting that "[t]he clear intent of Section 1142(b) of the Bankruptcy Code is to assure that the terms and provisions of a confirmed chapter 11 plan are carried out until the plan is completed and the final decree is entered closing the case."). Section 1142(b) allows courts to compel parties to take actions "considerably broader than merely ministerial acts" and empowers them to issue any order "necessary for the implementation of the plan." 16 COLLIER ON BANKRUPTCY ¶ 1142.03[1] (16th ed. 2019).

24. Additionally, Bankruptcy Rule 3020(d) provides that "[a]fter the entry of a plan is confirmed, the court may continue to issue orders needed to administer the estate." Together with section 105(a) of the Bankruptcy Code, these provisions provide the Court with supplemental authority to effectuate the overall policy objectives of the Bankruptcy Code, which

include maximizing the value of a bankrupt estate and the efficient resolution of chapter 11 cases, through a plan of reorganization. *See* 11 U.S.C. § 105(a) ("The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); *In re Jorgensen*, 66 B.R. 104, 108 (9th Cir. BAP 1986) ("The court under §§ 105(a) and 1142(b) can make necessary orders to carry out the provisions of the plan.").

25. Pursuant to the Plan, the PAT is "empowered to initiate, prosecute, defend, and resolve all legal actions and other proceedings" necessary "for [] reconciling, administering, and defending against Claims (other than Channeled Claims) . . . , in each case if deemed necessary or appropriate by the Plan Administration Trustee." Plan § 5.3(f). The claims process involves, among other things, reconciling, litigating, investigating and/or compromising claims in a systematic and cost-efficient way. Authorizing the Disallowance Procedures for late-filed claims and authorizing Kroll to cease processing late-filed claims and discontinue access to the online claims portals are consistent with the PAT's general authority and discretion in managing and implementing the claims process as set forth in the Plan. The Disallowance Procedures are also consistent with the Court's broad authority to implement the Bankruptcy Code's overarching policy objectives of value maximization and the efficient resolution of these chapter 11 cases through the Plan. Accordingly, the Disallowance Procedures should be approved.

26. Courts in this district have granted relief similar to that requested herein, deeming late-filed claims automatically disallowed without further court order while preserving a claimant's ability to seek court authorization for late filing. *See In re Motors Liquidation Co.*, No. 09-50026 (REG) (Bankr. S.D.N.Y. Feb. 8, 2012) [ECF No. 11394] ("[I]t is . . . ordered that, all claims filed against the Debtors on or after the date of entry of this Order shall be deemed disallowed . . . except any Late Claim (i) which amends a timely filed claim, (ii) which is filed

with the written consent of the GUC Trust, or (iii) as to which this Court has entered an order deeming such Late Claim timely filed."); *see also In re Residential Capital, LLC,* Case No. 12-12020 (MG), 2018 WL 1916179, at *4 (Bankr. S.D.N.Y. Apr. 20, 2018) (noting that, pursuant to the bar date order and the bankruptcy plan, the claim of any creditor of the debtors who failed to meet the applicable deadline is disallowed and expunged unless deemed timely filed by final court order).

## Notice

27. Notice of this Motion has been provided to (a) the U.S. Trustee and (b) those parties who have filed a renewed request for notice pursuant to Bankruptcy Rule 2002. The PAT submits that, in light of the nature of the relief requested, no other notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the PAT respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: August 24, 2026
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: */s/ Matthew B. Harvey*

1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Robert J. Dehney, Sr.
Matthew B. Harvey
Alexis L. Sullivan
Email: rdehney@morrisnichols.com
mharvey@morrisnichols.com
asullivan@morrisnichols.com

*Co-Counsel to the Plan Administration Trust*