# **<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** ***et al.*****,** | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**ORDER GRANTING MOTION OF THE PLAN ADMINISTRATION TRUST FOR ENTRY OF AN ORDER IMPLEMENTING CERTAIN PROCEDURES FOR LATE-FILED CLAIMS**

Upon the motion (the "**Motion**")[2] of the Plan Administration Trust (the "**PAT**") for entry of an order (this "**Order**") implementing certain Disallowance Procedures for late-filed claims and granting related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these chapter 11 cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and that no other or further notice is necessary; and upon the record before this Court; and this

---

[1] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

Court having found and determined that the relief set forth in this Order is in the best interests of the PAT and its beneficiaries; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The PAT shall have no obligation to review or respond to any proofs of claim filed after the date hereof and such proofs of claim shall be disallowed and expunged in their entirety without further order of the Court, unless: (a) the claim filer has obtained an order from the Court authorizing the filing of such claim after the applicable Bar Date or (b) the PAT consents to the filing of such claim in writing. For the avoidance of doubt, this Order shall not affect any: (x) proofs of claim or proofs of interest that were filed prior to the date hereof (even if filed after the applicable Bar Date); or (y) in accordance with the Plan, proposed amendments to existing proofs of claim or proofs of interest filed after the date hereof; *provided* that the PAT's rights to object to such amendments on any applicable grounds are preserved.

3. Any individual or entity that wishes to file a claim after the applicable Bar Date must either (a) file a motion with the Court seeking an order authorizing the filing of such claim after the Bar Date or (b) obtain the written consent of the PAT.

4. Subject to the exceptions described in the preceding paragraph, Kroll Restructuring Administration LLC ("**Kroll**") is authorized to (i) cease processing proofs of claim filed after the date of this Order, (ii) discontinue access to Kroll's online claims filing portals, and (iii) destroy any paper proof of claim mailed to them after the date of this Order without notice to

the claimant. Kroll shall post a copy of this Order in the place where its online claims filing portal(s) previously appeared, along with contact information for the PAT's counsel.

5. This Order is without prejudice to the PAT's and other parties' rights to oppose any motion seeking to file a claim after the applicable Bar Date.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon entry.

7. The PAT is authorized and empowered to execute and deliver any documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

8. The Court retains jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion or the implementation of this Order.

Dated: ____________, 2026
White Plains, New York

____________________________________
The Honorable Sean H. Lane
United States Bankruptcy Judge