**Hearing Date and Time: September 10, 2026, at 11:00 a.m. (prevailing Eastern Time)**
**Response Date and Time: September 3, 2026, at 4:00 p.m. (prevailing Eastern Time)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Robert J. Dehney, Sr.
Matthew B. Harvey
Alexis L. Sullivan

*Co-Counsel to the Plan Administration Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** ***et al.*****,** | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF HEARING ON MOTION OF THE PLAN ADMINISTRATION TRUST FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO OBJECT TO CERTAIN ADMINISTRATIVE CLAIMS**

**PLEASE TAKE NOTICE** that on August 27, 2026, the Plan Administration Trust (the "**PAT**") filed the *Motion of the Plan Administration Trust for Entry of an Order Extending the Deadline to Object to Certain Administrative Claims* (the "**Motion**"). A hearing on the Motion will be held on **September 10, 2026, at 11:00 a.m. (prevailing Eastern Time)** (the "**September Omnibus Hearing**") before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

[1] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**PLEASE TAKE FURTHER NOTICE** that the deadline to file and serve any responses or objections to the Motion is **September 3, 2026, at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**"). Any responses or objections to the Motion must: (i) be in writing, (ii) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (iii) be filed with the Bankruptcy Court so as to be received on or before the Objection Deadline, and (iv) be served on the following co-counsel to the PAT on or before the Objection Deadline: (a) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, Wilmington, Delaware 19801, Attn: Robert J. Dehney, Sr. (rdehney@morrisnichols.com), Matthew B. Harvey (mharvey@morrisnichols.com), and Alexis L. Sullivan (asullivan@morrisnichols.com) and (b) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Abraham Bane (abraham.bane@davispolk.com) and Kevin L. Winiarski (kevin.winiarski@davispolk.com).

**PLEASE TAKE FURTHER NOTICE** that if no objections or responses to the Motion are timely filed and served, the PAT may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Kroll Restructuring Administration at https://restructuring.ra.kroll.com/purduepharma/. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the September Omnibus Hearing will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, via Zoom® videoconference unless otherwise ordered by the Court. Parties wishing to appear at, or attend, the September Omnibus Hearing via Zoom® videoconference are required to register their appearance 24 hours in advance of such omnibus hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

Dated: August 27, 2026
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: */s/ Matthew B. Harvey*

1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Robert J. Dehney, Sr.
Matthew B. Harvey
Alexis L. Sullivan
Email: rdehney@morrisnichols.com
mharvey@morrisnichols.com
asullivan@morrisnichols.com

*Co-Counsel to the Plan Administration Trust*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Robert J. Dehney, Sr.
Matthew B. Harvey
Alexis L. Sullivan

*Co-Counsel to the Plan Administration Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P., *et al.*,** | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**MOTION OF THE PLAN ADMINISTRATION TRUST FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO OBJECT TO CERTAIN ADMINISTRATIVE CLAIMS**

The Plan Administration Trust (the "**PAT**") hereby submits this motion (the "**Motion**") for entry of an order, extending the deadline for the PAT to file and serve objections to Administrative Claims (the "**Administrative Claim Objection Deadline**"), other than Professional Fee Claims and the DOJ Forfeiture Judgment Claim, from August 31, 2026

[1] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

(the "**Current Deadline**") to December 29, 2026.[2] In support of this Motion, the PAT respectfully states as follows:

## <u>Background</u>

1. On September 16, 2019 (the "**Petition Date**"), Purdue Pharma L.P. and its affiliated debtors and debtors-in-possession (the "**Debtors**") each commenced with the United States Bankruptcy Court for the Southern District of New York (the "**Court**") a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

2. On November 18, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [ECF No. 8263] (the "**Confirmation Order**").

3. On May 1, 2026, the Plan became effective (the "**Effective Date**").[3] On the Effective Date and pursuant to the Plan, the PAT was established, and the Debtors remaining claims reconciliation obligations (other than those related to Channeled Claims and Federal Government Unsecured Claims) were transferred, assigned, and vested in the PAT.[4]

---

[2] Capitalized terms used but not otherwise defined herein have the meanings assigned to them in the *Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* (the "**Plan**") [ECF No. 8263, at Exh. A].

[3] *See Notice of (I) Occurrence of Effective Date, (II) Final Deadlines for Filing Administrative Claims, and (III) Expiration of the Preliminary Injunction* [ECF No. 9133].

[4] *See* Plan § 5.3(a)(ii) (granting the PAT the authority to "administer, process, resolve and liquidate Claims[,] other than the Channeled Claims and Federal Government Claims"); *id.* § 5.3(f) ("For the avoidance of doubt, the Plan Administration Trust, pursuant to section 1123(b)(3)(B) of the Bankruptcy Code and applicable state corporate law, is appointed as the successor-in-interest to, and representative of, the Debtors and their Estates for the retention, enforcement, settlement or adjustment of Claims against the Debtors (other than the Channeled Claims).").

**Relief Requested**

4. By this Motion, the PAT requests the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 105(a) of the Bankruptcy Code and rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), extending the Current Deadline by one hundred twenty (120) days to December 29, 2026. The proposed extension is without prejudice to the PAT's right to seek further extensions of the Administrative Claim Objection Deadline.

**Jurisdiction**

5. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Bankruptcy Rule 7008, the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

6. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Basis for Relief**

7. Pursuant to the Plan, the deadline for filing Administrative Claims, other than Professional Fee Claims, that accrued on or before the Effective Date, was: "(a) 30 days after notice of the Confirmation Date was served with respect to Claims that arose before the Confirmation Date and (b) 30 days after notice of the Effective Date was served with respect to Claims that arose on or after the Confirmation Date." Confirmation Order ¶ 42.

8. The Plan contemplates that the Court may extend the Administrative Claim Objection Deadline. Specifically, the Plan provides that objections to Administrative Claims

(other than Professional Fee Claims and the DOJ Forfeiture Judgment Claim) must be filed by "the date that is one hundred twenty (120) days after the Effective Date, *or such later date as may be fixed by the Bankruptcy Court*." Plan § 2.1(a) (emphasis added).

9. Further, Bankruptcy Rule 9006(b)(1)(A) permits bankruptcy courts to extend the specified period at or within which an act is required or allowed to be performed, providing, in relevant part, that:

> the court may—at any time and for cause—extend the time to act if: (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires.

Fed. R. Bankr. P. 9006(b)(1)(A). Moreover, section 105(a) of the Bankruptcy Code provides that the court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a).

10. Courts in this district routinely grant requests to extend the time by which a party may object to claims, particularly in complex cases like these cases. *See, e.g.*, *In re SVB Fin. Grp.*, No. 23-10367 (MG) (Bankr. S.D.N.Y. May 26, 2026) [ECF No. 1888] (granting the liquidation trust's third request to extend the claim objection deadline by 180 days, without prejudice to the trust's right to request further extensions); *In re GZ USA, Inc.*, No. 24-11020 (LGB) (Bankr. S.D.N.Y. May 28, 2025) [ECF No. 122] (extending the claim objection deadline by 90 days without prejudice to the reorganized debtor's right to seek additional extensions); *In re Endo Int'l plc*, No. 22-22549 (JLG) (Bankr. S.D.N.Y. Nov. 26, 2024) [ECF No. 4793] (granting the plan administrator's request to extend the claim objection deadline by 180 days, without prejudice to the plan administrator's right to seek further extensions); *In re Miami Metals I, Inc.*, No. 18-13359 (DSJ) (Bankr. S.D.N.Y. Feb. 23, 2024) [ECF. No. 2165] (granting the litigation trustee's fourth request to extend the administrative claim objection deadline and extending the

deadline by 387 days, without prejudice to the litigation trustee's right to request additional extensions).

11. The PAT respectfully submits that cause exists to grant the requested extension of the Administrative Claim Objection Deadline. To date, more than 600,000 proofs of claim have been filed in these chapter 11 cases. Most of these Claims—defined in the Plan as "Channeled Claims"—have been channeled to various Creditor Trusts and will be administered by those Creditor Trusts.[5] While the PAT is not responsible for administering the Channeled Claims or the Federal Government Unsecured Claims, as of the Effective Date, the PAT is responsible for administering, processing, resolving, and liquidating over 700 remaining Claims, including approximately 500 Claims pending payment and approximately 200 unresolved Claims, including Administrative Claims, pursuant to the Plan. The PAT is also responsible for administering and processing (i) payments to professionals authorized by the Court's *Omnibus Order Granting Twentieth and Final Fee Applications of Professionals for Allowance and Payment of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses* [ECF No. 9524], (ii) payments of Ordinary Course Professionals' fees and expenses, and (iii) payments of Indemnity Counsel fees and expenses for authorized Indemnitees.

12. Since the Effective Date, the PAT and its advisors have worked diligently to retain the personnel and establish the processes needed to carry out the PAT's duties under the Plan and to advance the reconciliation of the remaining Claims, including but not limited to:

---

[5] For example: (i) Non-Federal Domestic Governmental Channeled Claims will be administered by the Governmental Remediation Trust; (ii) Tribe Channeled Claims will be administered by the Tribe Trust; (iii) Healthcare Provider Channeled Claims will be administered by the Healthcare Provider Trust; (iv) ER Physician Channeled Claims will be administered by the ERP Trust; (v) Public School Channeled Claims will be administered by the Public School Trust; (vi) Third-Party Payor Channeled Claims will be administered by the TPP Trust; and (vii) PI Channeled Claims will be administered by the PI Trust.

(a) retaining legal counsel to review, analyze, and, where necessary, prepare objections to Claims; (b) retaining management consultants to advise on claims review, approval, and payment processing; (c) establishing the systems and protocols to support the review, approval, and payment of Claims; (d) retaining a Distribution Agent; (e) reviewing and approving claim payments to various creditors and professionals, collectively nearly 500 payments made to date representing approximately $62 million disbursed by the PAT; and (f) commencing the filings required to dissolve and deregister the Liquidating Debtors. These efforts have laid the groundwork for the PAT's ongoing review and reconciliation of the remaining Claims.

13. The PAT's claim–reconciliation process is ongoing, and the PAT, together with its advisors, is actively reviewing, evaluation, and reconciling the remaining Claims, including Administrative Claims. Given the volume and complexity of the Claims filed in these chapter 11 cases, the PAT requires additional time to: (i) analyze the remaining Administrative Claims and determine the factual and legal bases for any necessary objections; (ii) continue efforts to resolve Administrative Claims without formal objection, including documenting any resolution of pending Administrative Claims; and (iii) prepare, file, and prosecute objections to any Administrative Claims as necessary, to the extent not resolved informally.

14. The requested extension of the Administrative Claim Objection Deadline is not sought for purposes of delay, nor will it prejudice any claimant's substantive defenses to any objection. Rather, the PAT seeks the extension to ensure that Administrative Claims are challenged only after a meaningful review and an opportunity to pursue consensual resolution where appropriate. Without the requested extension, the PAT and its beneficiaries may be unfairly prejudiced because the PAT would either forfeit its ability to contest invalid, misclassified, and/or

overstated Administrative Claims, or be compelled to file unnecessary or protective objections without the benefit of a full review and analysis by the PAT and its professionals.

15. Accordingly, the PAT respectfully requests an extension of the Administrative Claim Objection Deadline by one hundred twenty (120) days through and including December 29, 2026, to allow the PAT to complete its claim–reconciliation process and preserve the PAT's right to object to Administrative Claims not otherwise consensually resolved. The extension sought herein is without prejudice to the PAT's right to request additional extensions of the deadline as necessary.

**Extension Pending Resolution of this Motion**

16. Consistent with rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York, this Motion is filed with a return date that is no later than fourteen (14) days after the date after filing, and, therefore, the Administrative Claims Objection Deadline automatically be extended until the Court resolves the Motion, without the need for a bridge order.

**Notice**

17. Notice of this Motion has been provided to (a) the U.S. Trustee and (b) those parties who have filed a renewed request for notice pursuant to Bankruptcy Rule 2002. The PAT submits that, considering the nature of the relief requested, no other notice need be provided.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the PAT respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: August 27, 2026
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: */s/ Matthew B. Harvey*

1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Robert J. Dehney, Sr.
Matthew B. Harvey
Alexis L. Sullivan
Email: rdehney@morrisnichols.com
mharvey@morrisnichols.com
asullivan@morrisnichols.com

*Co-Counsel to the Plan Administration Trust*