**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re: PURDUE PHARMA L.P., et al., Debtors.** | **Chapter 11**<br>**Case No. 19-23649 (SHL)**<br>**(Jointly Administered)** |

# NOTICE OF MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIMS NOS. 14836 AND 16483

PLEASE TAKE NOTICE that Stephanie L. Reaves (the "Movant"), appearing pro se, moves for entry of an order under 11 U.S.C. § 502(j), Federal Rules of Bankruptcy Procedure 3008 and 9024, and Federal Rule of Civil Procedure 60(b), reconsidering the April 24, 2026 Order Granting Omnibus Claims Objection of the Debtors and Official Committee of Unsecured Creditors to Unsubstantiated Claims [Docket No. 9092] as applied to Claim Nos. 14836 and 16483.

PLEASE TAKE FURTHER NOTICE that Movant does not seek immediate allowance, valuation, or distribution. She requests that the Court permit a late substantiation response and restore the claims for further evaluation, or alternatively vacate the disallowance on a limited basis and direct production of claimant-specific notice records before final disposition.

PLEASE TAKE FURTHER NOTICE that the Court's post-order procedure resulted in reinstatement of 318 claims after responses were reviewed. See Notice of Filing of Withdrawn Objections to Unsubstantiated Claims [Docket No. 9281] and Reinstatement of Claim Letter [Docket No. 9375].

PLEASE TAKE FURTHER NOTICE that Movant files this Motion without a preassigned hearing date and will comply with any further scheduling direction of the Court.

PLEASE TAKE FURTHER NOTICE that any response deadline, hearing date, or other scheduling requirement will be governed by the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 9013-1, the applicable case-management orders, and any further direction of the Court.

Dated: September 10, 2026

/s/ Stephanie L. Reaves
Stephanie L. Reaves, Pro Se
P.O. Box 314
Huger, South Carolina 29450
Telephone: 207-404-3522
Email: psb172@aol.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re: PURDUE PHARMA L.P., et al., Debtors.** | **Chapter 11**<br>**Case No. 19-23649 (SHL)**<br>**(Jointly Administered)** |

# MOTION OF STEPHANIE L. REAVES FOR RECONSIDERATION OF ORDER DISALLOWING CLAIMS NOS. 14836 AND 16483

## Preliminary Statement

Stephanie L. Reaves, appearing pro se, respectfully moves for reconsideration of Docket No. 9092 as applied to Claim Nos. 14836 and 16483. Movant does not ask the Court to determine the ultimate value or Trust eligibility of her personal-injury claims now. She asks for the same practical opportunity afforded to other claimants whose claims were initially disallowed as unsubstantiated: an opportunity to provide substantiation so the claims may be evaluated on the merits.

Movant timely completed and electronically signed the official Purdue Personal Injury Claimant Proof of Claim through Prime Clerk on May 24, 2020, later participated in the bankruptcy ballot process, and continued receiving Purdue communications. Kroll emailed Movant on April 30, 2026 and identified Claim Nos. 14836 and 16483 as affected by the April 24 order. Movant acknowledges receiving that email. She did not, however, understand from the notice that she needed to file a substantive response within 30 days to preserve a chance for reinstatement, and she did not intentionally abandon the claims.

In July 2026, after learning that the Purdue PI Trust had no separate Trust claim on file, Movant immediately investigated, produced proof of her 2020 filing, and requested the claimant-specific mailing and notice history. The Trust stated that Kroll maintained the roster and mailed the May 2025 Trust Claim Form packets; Kroll's legacy channels redirected her to the Trust; and the Trust ultimately stated that it had no further information to provide. Movant is prepared to submit medical, prescription, pharmacy, and other supporting documentation under appropriate confidentiality protections.

## Relief Requested

**1.** Reconsider Docket No. 9092 as applied to Claim Nos. 14836 and 16483.

2. Accept this Motion and Declaration as a late response under the post-order procedure established by Docket No. 9092, and/or as a request for reconsideration under 11 U.S.C. § 502(j) and Rule 3008, and permit Movant to submit substantiating documentation within thirty (30) days, subject to applicable confidentiality protections.

**3.** Direct the Debtors and UCC to reconsider and, if appropriate after review of the substantiation, withdraw the objection to Claim Nos. 14836 and 16483 and restore them to the claims register for PI Trust evaluation, consistent with the reinstatement mechanism reflected in Docket Nos. 9281 and 9375.

4. Alternatively, temporarily vacate the disallowance and direct the Debtors and UCC to obtain from Kroll, the PI Claims Administrator, the Purdue PI Trust, and/or any other appropriate custodian, and provide to Movant, the available claimant-specific notice record for Claim Nos. 14836 and 16483, including the address/email used, mailing date, available mailing log, any return-mail record, and any recorded requests for information.

**5.** Allow Movant thirty (30) days after production of those records to supplement the record and submit substantiation.

**6.** Grant such other and further relief as the Court deems just and proper.

## Factual Basis

**7.** On May 24, 2020, Movant completed and electronically signed the official Personal Injury Claimant Proof of Claim through Prime Clerk. The Adobe Sign audit report identifies Prime Clerk as the creator, Movant as the

person who completed the web form, a signed status, and distribution of the signed document to both Movant and Prime Clerk.

**8.** The 2020 Proof of Claim form expressly treated supporting documentation as something a claimant could provide, rather than a prerequisite to electronic filing. Movant believed she had completed the bankruptcy claim filing process.

**9.** On July 13, 2021, Movant completed the Purdue bankruptcy ballot through Prime Clerk's electronic-signature system and continued receiving official Purdue communications.

**10.** The later unsubstantiated-claims objection asserted that affected claimants had not supplied supporting information and had not completed the later Trust substantiation process. Docket No. 9092 disallowed and expunged the listed claims, but also created a 30-day post-order response procedure under which the Debtors and UCC could withdraw the objection and reinstate claims.

**11.** On April 30, 2026, Kroll emailed Movant notice of Docket No. 9092 and specifically identified Claim Nos. 14836 and 16483. Movant acknowledges receipt of that email. At the time, however, she did not understand that a substantive filing within the 30-day post-order period was necessary to preserve the claims for reinstatement, and she did not appreciate that the later PI Trust process was a separate required administrative step.

**12.** Movant had undergone emergency major abdominal surgery in January 2026, followed by additional treatment and recovery. She does not rely on those circumstances as the sole ground for relief, but they form part of the circumstances bearing on mistake, inadvertence, and excusable neglect.

**13.** In July 2026, after learning that distributions might begin, Movant contacted the claims administrators to determine the status of her claims. The Purdue PI Trust responded that it had no separate Trust claim on file and stated that the 2020 bankruptcy Proof of Claim had been only the first step.

**14.** Movant immediately searched her records and located her signed Proof of Claim, Adobe Sign audit trail, ballot materials, and Purdue notices. She sent proof and requested the complete administrative and mailing history.

**15.** The Trust stated that Kroll maintained the claims roster and mailed Trust Claim Form packets during the last week of May 2025 using addresses in Kroll's records. Movant requested the address used, mailing date, mailing logs, return-mail records, and claimant identifiers for her claims.

**16.** The telephone number provided for Kroll played a recorded message directing personal-injury claimants back to the Trust. A Kroll inbox likewise generated an automated response stating that it was no longer monitored and redirected personal-injury claimants to the Trust. The Trust then stated that it had no further information to provide.

**17.** Movant did not intentionally abandon Claim Nos. 14836 and 16483. Had she understood the effect of the post-order response procedure and the separate Trust substantiation requirement, she would have responded and provided the available documentation.

**18.** The docket confirms that other affected claimants were able to obtain reinstatement by responding after the April 24 order. Ryan Sallis filed a short pro se response on May 1, 2026 concerning Claim Nos. 629870 and 629871 [Docket No. 9135], stating that he was prepared to provide the documentation cited as missing and asking to be placed on the Reinstated Claims schedule. Those two claim numbers later appear on the reinstated-claims schedule filed as Docket No. 9281.

**19.** Richard D. Centolella filed a response on May 22, 2026 concerning Claim No. 128682 [Docket No. 9249], summarized supporting evidence, and requested reinstatement for evaluation on the merits. Claim No. 128682 likewise appears on Docket No. 9281's reinstated-claims schedule.

**20.** Docket No. 9281 states that the Debtors reviewed the docket through May 26, 2026, conferred with the Personal Injury Claims Administrator and Kroll to identify responses, and reinstated the claims listed on its schedule, rendering the prior disallowance and expungement without force and effect as to those claims.

**21.** Docket No. 9375 contains the Reinstatement of Claim Letter subsequently mailed to reinstated claimants. That letter states that the claim was reinstated effective immediately, the disallowance had been reversed, and no further Bankruptcy Court filing was necessary to cause reinstatement in response to the objection or order. The letter also makes clear that reinstatement does not guarantee payment and that PI Trust eligibility remains a separate determination.

**22.** Movant is prepared to provide medical, prescription, pharmacy, and other supporting documentation subject to the confidentiality protections applicable to personal-injury claims. She requests an opportunity to have Claim Nos. 14836 and 16483 considered under the same substantive review process rather than permanently barred because her response came after the 30-day window.

## Grounds

Cause exists under 11 U.S.C. § 502(j) and Rule 3008 because Movant timely filed the underlying bankruptcy claims, continued participating in the case, did not intentionally abandon the claims, acted promptly after learning the practical consequences of the later Trust process, and is prepared to cure the substantiation deficiency. The requested relief can be tailored so that no claim is allowed, paid, or valued unless and until it is reviewed under the applicable claims and Trust procedures.

Relief is also requested under Rule 9024 and Rule 60(b)(1) based on mistake, inadvertence, surprise, or excusable neglect. In the alternative, to the extent the claimant-specific service history does not establish notice reasonably calculated to reach Movant regarding the May 2025 Trust Claim Form and subsequent information requests, Movant preserves her request for relief based on inadequate notice and asks for production of the individualized service record.

Dated: September 10, 2026

/s/ Stephanie L. Reaves
Stephanie L. Reaves, Pro Se
P.O. Box 314
Huger, South Carolina 29450
Telephone: 207-404-3522
Email: psb172@aol.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re: PURDUE PHARMA L.P., et al., Debtors.** | **Chapter 11**<br>**Case No. 19-23649 (SHL)**<br>**(Jointly Administered)** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION

### Question Presented

Whether the Court should reconsider the disallowance of Claim Nos. 14836 and 16483 where the claimant timely filed her bankruptcy claims, remained a participant in the Purdue proceedings, acknowledges receipt of the April 30, 2026 notice but did not understand the need for a substantive post-order response, promptly sought relief after learning the PI Trust had no separate claim on file, and is now prepared to provide substantiation - while the case record shows that similarly situated unsubstantiated claims were reinstated after post-order responses were submitted.

### I. The Court Has Authority to Reconsider the Disallowance.

Section 502(j) provides that a claim that has been allowed or disallowed may be reconsidered for cause and may then be allowed or disallowed according to the equities of the case. Federal Rule of Bankruptcy Procedure 3008 permits a party in interest to move to reconsider an order allowing or disallowing a claim and requires the Court, after notice and a hearing, to issue an appropriate order. Local Bankruptcy Rule 9013-1 requires the motion to identify its rule and statutory basis and supporting legal authority. The requested relief is limited: Movant asks the Court to reopen the claims for substantiation and further administration, not to adjudicate their ultimate merits or amount on this motion.

### II. Rule 9024 and Rule 60 Supply the Applicable Finality Standards.

Because Claim Nos. 14836 and 16483 were resolved through an omnibus claims objection and final order, Rule 9024 and Federal Rule of Civil Procedure 60 provide additional finality standards. Rule 60(b)(1) authorizes relief for mistake, inadvertence, surprise, or excusable neglect, and Rule 60(c)(1) requires a motion under Rule 60(b)(1) to be made within a reasonable time and no more than one year after entry of the challenged order. This Motion is filed within that one-year period. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993), directs courts to consider all relevant circumstances, including prejudice, length of delay and impact on proceedings, the reason for delay and whether it was within the movant's control, and good faith. See also In re Tender Loving Care Health Care Services, Inc., 562 F.3d 158, 162-63 (2d Cir. 2009).

### III. The Equities Support Accepting a Late Substantiation Response.

First, Movant acted in good faith. Her signed 2020 Proof of Claim and audit trail, 2021 ballot participation, and continued receipt of Purdue communications are inconsistent with intentional abandonment. She acknowledges the April 30, 2026 Kroll email but did not understand that the notice required a substantive court response within 30 days to preserve an opportunity for reinstatement.

Second, Movant acted promptly once she learned the practical consequence. In July 2026, when the PI Trust stated that no separate Trust claim was on file, she immediately gathered proof of her original filing, contacted the Trust and Kroll, and sought the notice and mailing history. The resulting referral loop has prevented her from obtaining the claimant-specific May 2025 service record.

Third, prejudice can be minimized. Movant requests no immediate payment and no merits determination. The claims can be reinstated or temporarily restored solely to permit confidential substantiation and review. Distribution can remain barred unless and until the claims are finally allowed and otherwise eligible under the Trust procedures.

Fourth, the case record shows that reinstatement was an established remedial mechanism, not an extraordinary new remedy. Docket No. 9135 shows a two-page pro se response asking that two disallowed claims be placed on the reinstated schedule; Docket No. 9281 later lists those claim numbers as reinstated. Docket No. 9249 similarly

requested reinstatement of Claim No. 128682 after providing a factual substantiation summary, and Docket No. 9281 lists Claim No. 128682 among the reinstated claims. Docket No. 9281 states that the Debtors reviewed post-order responses with the PI Claims Administrator and Kroll and withdrew the objections to the listed claims. Docket No. 9375 then advised reinstated claimants that their disallowance had been reversed and that the PI Trust would separately determine eligibility.

### IV. The April 30 Notice Does Not Establish Intentional Abandonment.

Movant does not contend that she never received the April 30, 2026 Kroll email. She acknowledges that it identified Claim Nos. 14836 and 16483 and linked to Docket No. 9092. The relevant equitable question is instead whether her failure to understand and act on the post-order procedure, in the context of the separate 2025 Trust process she did not understand she had missed and her medical recovery, warrants limited relief so the claims may be evaluated on a substantiated record. Her conduct before and after the missed deadline supports good faith rather than abandonment.

### V. Claimant-Specific May 2025 Notice Records Remain Relevant.

The PI Trust has stated that Kroll mailed Trust Claim Form packets in late May 2025 and that a separate Trust submission was required by July 28, 2025. Movant has not located that packet in her records and has been unable to obtain the individualized mailing record, address used, return-mail history, or related information-request record for Claim Nos. 14836 and 16483. Those records remain relevant to the equities and should be produced if the Court does not directly permit a late substantiation response.

### Conclusion

The Court should reconsider Docket No. 9092 as applied to Claim Nos. 14836 and 16483, accept Movant's late response, and permit confidential substantiation so the Debtors/UCC and PI Claims Administrator can determine whether the objection should be withdrawn and the claims reinstated for further PI Trust evaluation. Alternatively, the Court should temporarily vacate the disallowance, direct production of claimant-specific notice records, and allow Movant a short period to supplement.

Dated: September 10, 2026

/s/ Stephanie L. Reaves
Stephanie L. Reaves, Pro Se
P.O. Box 314
Huger, South Carolina 29450
Telephone: 207-404-3522
Email: psb172@aol.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re: PURDUE PHARMA L.P., et al., Debtors.** | **Chapter 11**<br>**Case No. 19-23649 (SHL)**<br>**(Jointly Administered)** |

# DECLARATION OF STEPHANIE L. REAVES IN SUPPORT OF MOTION FOR RECONSIDERATION

I, Stephanie L. Reaves, declare under penalty of perjury under 28 U.S.C. § 1746 as follows:

**1.** I am an individual claimant and the holder of Claim Nos. 14836 and 16483 in these jointly administered cases. I make this declaration from personal knowledge.

**2.** On May 24, 2020, I completed and electronically signed the official Purdue Personal Injury Claimant Proof of Claim through Prime Clerk. I retained the signed document and its Adobe Sign Final Audit Report.

**3.** The audit report states that the web form was created by Prime Clerk, completed by me using my AOL email address, marked "Signed," and emailed to both me and Prime Clerk. I believed that I had completed the bankruptcy claim filing process.

**4.** In July 2021, I also participated in the Purdue bankruptcy ballot process through Prime Clerk. My email address remained the same throughout the case.

**5.** I have lived in South Carolina since 2015. My claim form used a South Carolina mailing address. I continued receiving Purdue-related communications during the bankruptcy.

**6.** I do not recall receiving the May 2025 Purdue PI Trust Claim Form packet or a clear communication that I understood to require a second affirmative Trust submission by July 28, 2025. After learning of the issue, I searched my email and saved records and did not locate such a packet or notice.

**7.** In January 2026, I underwent emergency major abdominal surgery and was hospitalized, followed by additional treatment and recovery. These circumstances affected my ability to manage personal and legal matters. I do not rely on those circumstances as the sole basis for relief, but they are part of the context.

**8.** On April 30, 2026, I received a Kroll/Purdue bankruptcy noticing email that identified Claim Nos. 14836 and 16483 as affected by Docket No. 9092. I did not understand from that email that I had to file a substantive response with the Bankruptcy Court within 30 days in order to preserve an opportunity for reinstatement.

**9.** I did not intend to abandon either claim. Had I understood the significance of the post-order response procedure and that my claims could remain permanently expunged unless I submitted substantiation during that window, I would have responded.

**10.** In July 2026, after hearing that distributions might begin, I contacted the claims administrators to request the status of my claims.

**11.** The Purdue PI Trust responded that it had no separate Trust claim on file and stated that filing a bankruptcy Proof of Claim was only the first step.

**12.** I immediately reviewed my records and located my signed Proof of Claim, audit report, ballot materials, and other Purdue notices. I sent evidence and requested a complete administrative record.

**13.** The Trust stated that it did not maintain the claims roster and that Kroll mailed Claim Form packets during the last week of May 2025 using addresses in Kroll's records.

**14.** I called the Kroll number provided by the Trust. The recorded message did not connect me to a representative and directed personal-injury claimants back to the Trust by email.

**15.** I sent a detailed written request to Kroll for the mailing address used, the mailing date, any mailing logs, return-mail record, and claimant identifiers associated with my claims. A Kroll inbox later generated an automated message that it was no longer monitored and directed personal-injury claimants back to the Trust.

**16.** When I returned to the Trust for assistance identifying the custodian of those records, the Trust stated that it had no further information to provide.

**17.** I have now reviewed public filings showing that other claimants whose claims were disallowed as unsubstantiated filed responses after the April 24 order and had their claims placed on the reinstated-claims schedule. I respectfully ask for an opportunity to submit my substantiation for the same type of review.

**18.** I am prepared to provide medical, prescription, pharmacy, and other supporting documentation subject to the confidentiality protections applicable to personal-injury claims.

**19.** I respectfully request that Claim Nos. 14836 and 16483 be reinstated or temporarily restored so they can be evaluated on a substantiated record, without any present determination that I am entitled to payment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 10, 2026, at Huger, South Carolina.

/s/ Stephanie L. Reaves
Stephanie L. Reaves

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re: PURDUE PHARMA L.P., et al., Debtors.** | **Chapter 11**<br>**Case No. 19-23649 (SHL)**<br>**(Jointly Administered)** |

# PROPOSED ORDER GRANTING LIMITED RECONSIDERATION OF DISALLOWANCE OF CLAIMS NOS. 14836 AND 16483

Upon the motion of Stephanie L. Reaves (the "Movant") for reconsideration of the Order Granting Omnibus Claims Objection of the Debtors and Official Committee of Unsecured Creditors to Unsubstantiated Claims [Docket No. 9092] as applied to Claim Nos. 14836 and 16483; and after due notice and consideration; and sufficient cause appearing;

IT IS HEREBY ORDERED THAT:

**1.** The Motion is GRANTED to the limited extent set forth in this Order.

**2.** The Court accepts Movant's filing as a late response concerning Claim Nos. 14836 and 16483 and permits Movant to provide substantiating materials under applicable confidentiality protections within thirty (30) days after entry of this Order, or such other period as the Court directs.

**3.** Pending review of the substantiation, the disallowance and expungement of Claim Nos. 14836 and 16483 under Docket No. 9092 are temporarily vacated, without prejudice to any objection, defense, or determination concerning allowance, amount, classification, Trust eligibility, or distribution.

**4.** The Debtors, UCC, PI Claims Administrator, and/or Purdue PI Trust, as applicable, may review the substantiation and determine whether the objection should be withdrawn as to either claim, consistent with the reinstatement mechanism reflected in Docket Nos. 9281 and 9375.

5. Within fourteen (14) days after entry of this Order, the Debtors and UCC shall use reasonable efforts to obtain from Kroll and/or the appropriate custodian and provide to Movant the available claimant-specific records concerning the May 2025 Trust Claim Form mailing and subsequent information requests, including the address/email used, mailing date, any return-mail record, and related service history for Claim Nos. 14836 and 16483.

**6.** No distribution shall be made on Claim Nos. 14836 or 16483 unless and until the claims are finally allowed and otherwise eligible under applicable orders and Trust procedures.

**7.** The Court retains jurisdiction to interpret and enforce this Order.

Dated: ____________, 2026
White Plains, New York

___________________________________
**THE HONORABLE SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re: PURDUE PHARMA L.P., et al., Debtors.** | **Chapter 11**<br>**Case No. 19-23649 (SHL)**<br>**(Jointly Administered)** |

## CERTIFICATE OF SERVICE

I, Stephanie L. Reaves, certify that on ____________, 2026, I served a true and correct copy of the foregoing Notice of Motion, Motion, Memorandum of Law, Declaration, Proposed Order, and public exhibits by the methods indicated below upon the parties required by the applicable case-management orders and Local Bankruptcy Rule 9013-1, including the current Master Service List to the extent required:

| **Party / Counsel** | **Address or Email** | **Method** |
|---|---|---|
| | | |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________, 2026

______________________________
Stephanie L. Reaves

### Public Exhibit Index

| Exhibit | Document | Public Filing Note |
|---|---|---|
| A | April 24, 2026 Order Granting Omnibus Claims Objection (Docket No. 9092) | Public |
| B | April 30, 2026 Kroll bankruptcy-noticing email identifying Claim Nos. 14836 and 16483 as affected by Docket No. 9092 | Public after redacting unnecessary personal information |
| C | Chronology of Movant's filing history, notice history, and July 2026 efforts to obtain claimant-specific records | Public |
| D | Selected July 2026 PI Trust/Kroll correspondence showing the custodian/referral loop | Public after redacting unrelated personal information |
| E | Ryan Sallis pro se Response to Order Disallowing and Expunging Unsubstantiated Claims (Docket No. 9135) | Public |
| F | Richard D. Centolella Response / Request for Reinstatement of Claim No. 128682 (Docket No. 9249) | Public; confidential exhibits were not filed publicly |
| G | Notice of Filing of Withdrawn Objections to Unsubstantiated Claims and Schedule of Reinstated Claims (Docket No. 9281) | Public |
| H | Affidavit of Service including Reinstatement of Claim Letter (Docket No. 9375) | Public |
| Confidential A | Electronically signed 2020 Personal Injury Proof of Claim and Adobe Sign audit report | Do not publicly file absent Court authorization |
| Confidential B | Medical, prescription, pharmacy, and other supporting documentation | Do not publicly file; provide confidentially as directed |

The public packet should not include full medical or personal-injury supporting materials. Docket No. 9249 provides a useful example: it summarized the substantiation publicly while withholding confidential exhibits from the public docket and offering them to the relevant parties on a confidential basis.

### Exhibit C - Chronology of Relevant Events

| Date | Event | Evidence |
|---|---|---|
| May 24, 2020 | Completed and electronically signed Purdue Personal Injury Proof of Claim through Prime Clerk. | Signed claim / Adobe Sign audit |
| July 13, 2021 | Participated in Purdue bankruptcy ballot process. | Prime Clerk / Adobe Sign confirmation |
| Late May 2025 | PI Trust later stated Kroll mailed separate Trust Claim Form packets using Kroll roster | July 2026 Trust email |

| | | |
|---|---|---|
| | addresses. | |
| July 28, 2025 | Stated deadline for separate Purdue PI Trust claim. | Trust correspondence |
| Apr. 24, 2026 | Court entered Docket No. 9092 disallowing/expunging unsubstantiated claims, with 30-day post-order response procedure. | Docket No. 9092 |
| Apr. 30, 2026 | Kroll emailed Movant identifying Claim Nos. 14836 and 16483 as affected. | Kroll noticing email |
| May 1, 2026 | Ryan Sallis filed pro se response for Claims 629870 and 629871. | Docket No. 9135 |
| May 22, 2026 | Centolella filed substantiation response for Claim 128682. | Docket No. 9249 |
| May 29, 2026 | Debtors filed schedule of 318 reinstated claims after reviewing post-order responses; includes Claims 629870, 629871, and 128682. | Docket No. 9281 |
| June 4, 2026 | Kroll mailed reinstatement letters stating disallowance was reversed and claims reinstated effective immediately. | Docket No. 9375 |
| July 2026 | Movant learned PI Trust had no separate Trust claim and began immediate investigation. | Trust email chain |
| July 27, 2026 | Trust stated Kroll maintained roster and mailed May 2025 packets. | Trust email |
| July 27, 2026 | Movant contacted Kroll and requested claimant-specific mailing records. | Sent email / contemporaneous notes |
| July 27, 2026 | Trust stated it had no further information to provide. | Trust email |
| July 30, 2026 | Kroll automated response stated inbox was no longer monitored and redirected PI claimants to Trust. | Kroll automated email |