**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **PURDUE PHARMA L.P., et al.,** | : | **Case No. 19-23649 (SHL)** |
| | : | **Jointly Administered** |
| **Plan Administration Trust.**[1] | : | |

**ORDER ENFORCING THE *FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE EIGHTEENTH JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PURDUE PHARMA L.P. AND ITS AFFILIATED DEBTORS***

UPON THE MOTION of Frank S. Vellucci, Daniel S. Connolly and Rory Held, in their capacities as trustees of certain trusts in the B-Side Payment Group 1 (collectively, the "Trustees"), for entry of an order (this "Order"), pursuant to the Debtors' Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors [D.I. 7368] (the "Plan"), the Findings of Fact, Conclusions of Law, and Order Confirming the Eighteenth Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors [D.I. 8263] (the "Confirmation Order"), and sections 105(a) and 1142 of title 11 of the United States Code (the "Bankruptcy Code"), seeking to enforce the Shareholder Settlement Document Undertakings provisions of the Confirmation Order and to direct Richard S. Sackler and Lin Gao (the "RSS

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, were as follows: Purdue Pharma L.P. (7484); Purdue Pharma, Inc. (7486); Purdue Transdermal Technologies L.P. (1868); Purdue Pharma Manufacturing L.P. (3821); Purdue Pharmaceuticals L.P. (0034; Imbrium Therapeutics L.P. (8810); Adlon Therapeutics L.P. (6745); Greenfield Bio Ventures L.P. (6150); Seven Seas Hill Corp. (4591); Ophir Green Corp. (4594); Purdue Pharma of Puerto Reco (3925); Purdue Products L.P. (4140); Purdue Pharmaceutical Products L.P. (3902); Purdue Neuroscience Company (4712); Nayatt Cove Lifescience Inc. (7805); Button Land L.P. (7502); Rhodes Associates L.P. (N/A); Paul Land Inc. (7425); Quidnick Land L.P. (7584); Rhodes Pharmaceuticals L.P. (6166); Rhodes Technologies (7143); UDF LP (0495); SVC Pharma LP (5717); and SVC Pharma Inc. (4014). The Debtors' corporate headquarters was located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Parties") to comply with their obligations thereunder (the "Motion"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, and Paragraph 33(j) of the Confirmation Order; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the RSS Parties having filed a Response in opposition to the Motion [D.I. 9204] and a Supplemental Objection [D.I. 9359] (collectively, the "RSS Objections"); and the Purdue Master Disbursement Trust ("MDT") having filed a Statement in support of the Motion [D.I. 9389], joining in the request for relief in the Motion and requesting reimbursement of the MDT's reasonable fees and expenses in relation thereto; and a hearing having been held on June 29, 2026, to consider the relief requested in the Motion and MDT Statement (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the legal and factual bases set forth in the Motion and MDT Statement establish just cause for the relief granted herein; and the Court having issued a bench ruling granting the Motion on August 21, 2026 (the "Bench Ruling"); and after due deliberation and sufficient cause appearing therefore, it is

**IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth in the Bench Ruling, the Motion is granted in full.

2. The RSS Objections are overruled in their entirety, and the RSS Parties' request for document production is denied as moot.

3. The RSS Parties and their counsel are directed to withdraw or dismiss each of the Interference Actions immediately, consistent with the Court's Bench Ruling that was "So Ordered" on the record at the Hearing.

4. The request of the Trustees and MDT for reimbursement of reasonable legal fees and expenses related to the Motion, including any fees or expenses incurred in related proceedings, is granted, and the Trustees and MDT may submit to the Court applications for reimbursement (each a "Fee Request").

5. The RSS Parties are directed to reimburse all Fee Requests approved by the Court within seven (7) days of the Court's approval thereof.

6. Within 30 days of the Court's Bench Ruling, the parties shall submit submissions as to whether any aspects of the Bench Ruling shall remain under seal and, if so, why.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

White Plains, New York
Dated: September 11, 2026

***/s/ Sean H. Lane***
UNITED STATES BANKRUPTCY JUDGE