Morgan Lewis

**Stephan Hornung**
Partner
+1.212.309.6285
stephan.hornung@morganlewis.com

September 10, 2026

**VIA EMAIL**

Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: In re Purdue Pharma L.P., et al., Case No. 19-23649 (SHL)

Dear Judge Lane:

We write on behalf of Dr. Richard Sackler and Lin Gao (together, the "RSS Parties") to request a conference with the Court concerning a recent matter that has arisen in connection with a demand made by the trustees of the Captain's Trust (collectively, the "Trustees"), with respect to certain artwork that Dr. Sackler jointly owns with the Captain's Trust. This issue was not before the Court in connection with the Trustees' enforcement motion nor addressed in the Court's bench decision on that motion and squarely implicates Dr. Sackler's rights under his "naked pledge." The Trustees have insisted that Dr. Sackler allow an art storage company immediately to take possession of artwork in which they concede he has an ownership interest. While the RSS Parties respectfully disagree with the Court's bench decision and are evaluating their legal options, they, of course, will fully comply with the ruling. In the meantime, however, because the artwork stands on different footing than the issues raised in the Trustees' enforcement motion and the parties are at an impasse, we think it would be beneficial for the parties to conference with the Court before engaging in further motion practice or litigation.

On September 8, 2026, counsel for the Trustees demanded that Dr. Sackler allow a storage company to remove six pieces of artwork currently in Dr. Sackler's possession at 60 Field Point Circle (the "Greenwich Property") on only three days' notice (on the morning of Friday, September 11, 2026). The works are owned in equal parts by Dr. Sackler and the Captain's Trust, and the Trustees' demand to remove the works from the house and place them in storage would interfere with Dr. Sackler's undisputed interest in the artwork. Dr. Sackler has an undivided interest in the artwork and is entitled to continue to possess and enjoy the artwork, as his mother had intended when she bought the life-estate and allowed her sons, Dr. Sackler and his brother, to buy the remaindermen interest in the pieces more than 30 years ago. Importantly, the Trustees' demand directly undermines Dr. Sackler's "naked pledge," which, as

**MEMORANDUM ENDORSED ORDER:**
**The Court denies the request to hold a status conference on the issues identified in the letter. Any request for relief must be made by motion on appropriate notice, with a hearing date selected after consultation with chambers.**
**Dated: September 11, 2026**
***/s/ Sean H. Lane***
**United States Bankruptcy Judge**

the Court recognized, gives Dr. Sackler "unfettered control over his personal assets," including his undivided 50% interest in the artwork. (Bench Decision at 15:20–25.)[1]

As support for their specious claim that the Trustees may interfere with Dr. Sackler's undisputed property interest, the Trustees' counsel contends that the insurer of the Greenwich Property is cancelling the insurance on the property and its contents effective November 9, 2026, due to the property's "poor condition," and that the art "represents an uninsurable risk." That is not so. The artwork is protected by a separate insurance policy, paid for in equal parts by Dr. Sackler (through a wholly owned limited liability company) and the Captain's Trust, which runs through March 2027. And even without a separate insurance policy specifically covering the artwork, the Greenwich Property remains insured for 60 days, through November 9, 2026, giving the RSS Parties and the Trustees more than sufficient time to secure uninterrupted insurance for the residence. Indeed, we understand that the insurance broker is actively working with the insurance company to address the issues identified during underwriting in a Home Assessment Report prepared by the insurer earlier this year.[2] If there ever becomes a time that the artwork is at risk of being uninsured, Dr. Sackler would support its removal and storage for safekeeping. However, given the current insurance coverage, there is no basis, much less an urgency to remove the artwork in disregard for Dr. Sackler's rights, and it is incomprehensible why the Trustees would rush to sell the Captain's Trust's fractional share in the artwork now, in a manner that virtually ensures a reduced return.

Accordingly, we request the Court schedule a conference to discuss these matters, and if necessary, set an appropriate briefing schedule. We are available at the Court's convenience and will coordinate with the other interested parties regarding scheduling.

Respectfully submitted,

/s/ Stephan E. Hornung

Stephan E. Hornung

Cc: Kenneth Eckstein, Esq. (keckstein@kramerlevin.com)
Elan Daniels, Esq. (edaniels@kramerlevin.com)
Rachel Ringer, Esq. (rringer@kramerlevin.com)
Joshua S. Rubenstein, Esq. (joshua.rubenstein@katten.com)
Julia Winters, Esq. (jwinters@mcdermottlaw.com)

---

[1] Counsel for the Trustees has conceded Dr. Sackler's right to possess and enjoy the artwork, contending that any purchaser of the Captain's Trust's interest would have those same rights.

[2] If the Trustees are indeed acting on behalf of the trust that, in fact, rightfully owns the Greenwich Property (a premise the RSS Parties dispute), it is plainly their responsibility to maintain it in insurable condition and any impending insurance non-renewal appears to be a problem of their own making.