# <u>Exhibit A</u>

## Amended Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P., *et al.*,** | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**ORDER GRANTING DEBTORS' FOURTH OMNIBUS CLAIMS OBJECTION (NO LIABILITY AND/OR MISCLASSIFIED CLAIMS) AS TO CLAIM NOS. 137796, 137802, 137820, AND 137830**

Upon the *Debtors' Fourth Omnibus Claims Objection (No Liability and/or Misclassified Claims)*, dated March 23, 2026 [ECF No. 8964] (the "**Objection**")[2] of Purdue Pharma L.P. ("**Purdue**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**"), disallowing and expunging Claim Nos. 137796, 137802, 137820, and 137830 (collectively, the "**Liberty Claims**") listed on **Schedule 1** attached hereto, on the ground that the Liberty Claims set forth claims for which Debtors are not liable; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and upon consideration of the

[1] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Objection or the *Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* (the "**Plan**"), which is attached as Exhibit A to ECF No. 8263, as applicable. Pursuant to the Plan, the Debtors' remaining claims administration and reconciliation obligations (other than those related to Channeled Claims and Federal Government Unsecured Claims)—including those related to the Objection—having been transferred, assigned, and vested in the Plan Administration Trust as of May 1, 2026.

Objection and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Objection and held a hearing on October 7, 2026 (the "**Hearing**") to consider the relief requested in the Objection as it relates to the claim listed in **Schedule 1** attached hereto; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish good and sufficient cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors' estates and the Plan Administration Trust and its beneficiaries; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Objection is granted solely with regard to the Liberty Claims listed in **Schedule 1** hereto.

2. Pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, and the *Corrected Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures* [ECF No. 2878], the Liberty Claims listed on **Schedule 1** attached hereto are disallowed and expunged from the claims registry.

3. The contents of the Objection and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Objection or the entry of this Order shall be required.

4. The Plan Administration Trust, Kroll, and the Clerk of this Court are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

5. Nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any claims asserted in these Chapter 11 Cases.

6. Entry of this Order is without prejudice to the Plan Administration Trust's rights to seek authorization to modify or supplement the relief granted herein.

7. The terms and conditions of this Order are effective immediately upon entry.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

9. This Order is made without prejudice to the Plan Administration Trust's rights to pursue the Objection with respect to certain of the claims (collectively, the "**Adjourned Claims**") identified therein filed by The Travelers Indemnity Company, Westchester Fire Insurance Company, and Old Republic Insurance Company (the "**Adjourned Claimants**") at a later date, and all rights, defenses, and responses of the Plan Administration Trust and the Adjourned Claimants with respect to the Adjourned Claims are hereby reserved.

White Plains, New York
Dated: ___________, 2026

_________________________________
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

# <u>Schedule 1</u>

## No Liability Claims

Schedule 1

| | Original creditor | Claim/schedule to be disallowed and expunged | Debtor | Date filed/scheduled | Claim amount and priority (1) | Basis for objection | Comments |
|---|---|---|---|---|---|---|---|
| 1 | Helmsman Management Services, LLC<br>Mark E. Felger<br>c/o Cozen O'Connor<br>1201 North Market Street, Suite 1001<br>Wilmington DE 19801 | 137820 | Purdue Pharma L.P. | 07/30/2020 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 2 | Liberty Insurance Corporation<br>Mark E. Felger<br>c/o Cozen O'Connor<br>1201 North Market Street, Suite 1001<br>Wilmington DE 19801 | 137802 | Purdue Pharma L.P. | 07/30/2020 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 3 | Liberty Mutual Fire Insurance Company<br>Mark E. Felger<br>c/o Cozen O'Connor<br>1201 North Market Street, Suite 1001<br>Wilmington DE 19801 | 137830 | Purdue Pharma Inc. | 07/30/2020 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| 4 | Liberty Mutual Insurance Company<br>Mark E. Felger, Esq.<br>c/o Cozen O'Connor<br>1201 North Market Street, Suite 1001<br>Wilmington DE 19801 | 137796 | Purdue Pharma L.P. | 07/30/2020 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) | No Liability Claims | Claim is protective in nature, and filed as contingent and unliquidated claim |
| | **Claims To Be Expunged Totals** | **Count: 4** | | | **$0.00** | | |

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total