**Laurie Danielle: Pitts-Tillman.**

**℅ 5116 Georgia Highway 99.**
**Brunswick, Georgia [31525]**

**912-506-8875**

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**In re :Purdue Pharma L.P. et al**

**Knoa Pharma**

**Debtors**

**Bankruptcy case no.** 19-23649 (SHL)

**NOTICE OF FEE SCHEDULE, OPPORTUNITY TO CURE, NOTICE OF DEFAULT AND RESERVATION OF RIGHTS**

Notice to Agent is Notice to Principal.
Notice to Principal is Notice to Agent.

To:

All Parties, Officers, Agents, Employees, Judges, Attorneys, Trustees, Administrators, Contractors, Representatives, Executors, Executor de son tort, Successors, Assigns, and any other persons acting directly or indirectly in connection with the above-captioned matter.

**NOTICE**

This document constitutes formal notice of the value placed upon my time, labor, records, property interests, constitutional rights, administrative efforts, and damages arising from unauthorized actions, omissions, interference, non-disclosure, concealment, delay, misrepresentation, or failure to perform duties owed.

This Notice is provided in good faith and with an opportunity to cure.

Failure to cure within five (5) calendar days shall constitute acceptance of the terms herein by acquiescence, silence, conduct, performance, continued interference, or failure to rebut point-by-point under penalty of perjury.

**DEMAND FOR ACCOUNTING**

I hereby demand a complete accounting, including but not limited to:

1. All offsets and credits applied or anticipated .
2. All prior recoveries by governmental entities or interest therein.
3. All insurance proceeds, or interest therein.
4. All settlement proceeds received from any source or interest therein.
5. All allocation methodologies.
6. All claim valuation methodologies.
7. All trust distribution methodologies.
8. All administrative expenses.
9. All professional and or attorney fees.
10. Any duplicative, derivative, overlapping, assigned, transferred, released, or previously compensated claims or interest therein.
11. Any interest or any other value gained due to the prolonged delay of this case or any related one as well.
12. All cash, cash equivalents, restricted cash, escrowed funds, reserve accounts, deposits, certificates of deposit, and money-market holdings.
13. All digital assets, digital currencies, cryptocurrency, tokens, digital wallets, domain names, websites, databases, software, source code, digital records, customer data, and electronically stored assets or rights.
14. All real property and interests therein, including land, buildings, leaseholds, easements, mineral rights, fixtures, improvements, sale proceeds, and reversionary or remainder interests.
15. All tangible personal property, including equipment, machinery, inventory, vehicles, furnishings, supplies, pharmaceutical products, raw materials, and works in progress.
16. All intellectual-property interests, including patents, patent applications, trademarks, trade names, copyrights, trade secrets, formulas, regulatory approvals, licenses, royalties, goodwill, and rights connected with OxyContin or any other product.
17. All stocks, bonds, securities, membership interests, partnership interests, ownership interests, warrants, options, derivatives, investment accounts, and interests in subsidiaries or affiliated entities.
18. All promissory notes, bills of exchange, negotiable instruments, accounts receivable, contract rights, payment rights, royalties, rebates, refunds, credits, causes of action, choses in action, judgments, and rights of recovery.

19. All insurance policies, insurance proceeds, coverage rights, claims, premium refunds, retrospective adjustments, indemnification rights, contribution rights, subrogation rights, and settlement rights, whether presently payable, contingent, disputed, or unmatured.
20. All executory contracts, leases, licenses, franchise rights, supply agreements, distribution agreements, government contracts, indemnity agreements, and other agreements having present or future value.
21. All tax refunds, tax credits, net operating losses, tax attributes, governmental grants, subsidies, rebates, and other governmental payments or benefits.
22. All avoidance actions, fraudulent-transfer claims, preference claims, clawback rights, litigation claims, settlement claims, and recoveries belonging to or pursued for any Debtor, estate, trust, successor, or affiliated entity.
23. All intercompany receivables, intercompany claims, affiliate transfers, insider transactions, related-party transactions, and amounts owed by or to any Debtor, Sackler-related entity, subsidiary, affiliate, trust, or successor.
24. Every transfer of cash or non-cash property to KNOA Pharma, any trust, successor, affiliate, governmental entity, or other recipient, identifying the asset, transfer date, transferring entity, recipient, stated value, fair-market value, valuation date, valuation method, consideration received, and present holder.
25. All assets omitted, excluded, retained, abandoned, disclaimed, written down, transferred for nominal consideration, or valued at zero, together with the reason and supporting valuation records.
26. All liens, encumbrances, pledges, security interests, restrictions, setoffs, recoupment rights, and competing claims affecting any identified asset.
27. All projected, contingent, unmatured, future, residual, revisionary, reversionary, beneficial, equitable, legal, or other interests in property or proceeds.
28. All appraisal reports, valuation reports, financial statements, asset schedules, transfer documents, closing statements, inventories, ledgers, bank records, and supporting records used to value, transfer, allocate, or account for any identified asset.
29. The gross value, net value, liquidation value, going-concern value, and value attributed under the confirmed Plan to each material asset or category of assets.
30. A reconciliation showing the total value of all assets immediately before the Plan’s effective date, every transfer or distribution made on or after that date, all consideration received, and the present location or disposition of the assets and proceeds.

Failure to provide a complete accounting within five (5) calendar days shall constitute default.

**FEE SCHEDULE**

The following fees shall become immediately due and payable upon default:

Failure to Respond or Engage in Good Faith:
$500,000.00 per occurrence

Failure to Provide Complete Accounting:
$50,000.00 per day beginning on the sixth day following receipt of this Notice

Failure to Rebut Material Facts:
$250,000.00 per occurrence

Misrepresentation, Concealment, or Omission of Material Facts:
$1,000,000.00 per occurrence

Unauthorized Impairment of Property Rights:
$1,000,000.00 per occurrence

Unauthorized Deprivation of Jury Trial Rights:
$1,000,000.00 per occurrence

Unauthorized Deprivation of Due Process Rights:
$1,000,000.00 per occurrence

Unauthorized Third-Party Release, Transfer, Assignment, Discharge, Compromise, Impairment, Channeling, or Extinguishment of Property Rights or Causes of Action:

$1,000,000.00 per occurrence

Separation of Powers Violation Resulting in Injury to Rights, Claims, or Property Interests:

$1,000,000.00 per occurrence

Unauthorized Administration, Control, Management, Transfer, Assignment, Distribution, or Disposition of Estate Assets, Trust Assets, Claims, Choses in Action, or Other Property Interests:

$1,000,000.00 per occurrence

Unauthorized Use, Misuse, Conversion, Commercial Exploitation, Registration, Representation, Assignment, Transfer, or Administration of Name, Estate, Trust Interest, or Other Property Interest:

$1,000,000.00 per occurrence

Failure to Disclose Material Facts Affecting Rights, Remedies, Claims, Voting Rights, Distribution Rights, Property Rights, or Settlement Rights:

$1,000,000.00 per occurrence

Unauthorized Interference with Right to Contract, Right to Jury Trial, Right of Access to Courts, or Right to Due Process:

$1,000,000.00 per occurrence

Conversion, Misappropriation, Diversion, Waste, Dissipation, or Unjust Enrichment Arising from Property or Claim Interests:

$1,000,000.00 per occurrence

Trespass Upon Property, NAME, Estate, Records, Documents, Private Affairs, or Protected Interests:

$1,000,000.00 per occurrence

Unauthorized Taking or Conversion of Property Interests:
$1,000,000.00 per occurrence

Administrative Time:
$5,000.00 per hour

Research and Drafting:
$5,000.00 per hour

Record Preparation:
$5,000.00 per hour

Document Preparation:
$5,000.00 per hour

Court Appearance:
$5,000.00 per hour

Travel Time:
$5,000.00 per hour

Collection Activities:
Actual costs plus administrative fees

Interest:
18% per annum or the maximum lawful rate, whichever is less. All invoices are due upon receipt.

**NOTICE OF DEFAULT**

Failure to provide the requested accounting and failure to rebut the statements herein point-by-point within five (5) calendar days shall constitute default and acceptance to the fee schedule provided herein.

Upon default, all rights are reserved to pursue any lawful remedy available in law, equity, contract, trust, administrative process, or otherwise.

**REQUEST FOR DISCLOSURE OF OATHS, BONDS, INSURANCE, AND INDEMNIFICATION**

I hereby request disclosure and production of any records concerning the authority, qualification, financial responsibility, or indemnification of any individual or entity acting in connection with this matter, including but not limited to:

1. Oaths of office.
2. Official bonds or blanket bonds.
3. Surety bonds and the identity of any surety.
4. Errors and omissions insurance.
5. Professional liability or malpractice insurance.
6. Judicial liability or administrative liability coverage, if any.
7. Indemnification agreements.
8. Fidelity bonds.
9. Self-insurance programs or risk management coverage.
10. The identity of the entity responsible for providing defense or indemnification.
11. Any applicable claims procedures for seeking recovery under any bond, insurance policy, or indemnification agreement.
12. The legal authority relied upon by each official acting in this matter.
13. Documentation showing that each official satisfied any statutory qualification requirements before exercising official duties.
14. Any recusals, conflict disclosures, or ethics determinations relating to this case.

This request applies to all individuals acting or purporting to act in connection with this matter, including, without limitation:

- The presiding bankruptcy judge.
- The presiding district judge.
- The Clerk of Court and deputy clerks.
- The United States Trustee and personnel involved in this case.
- The plan administrator or trust administrator.
- Any trustee or litigation trustee.

- Court-appointed mediators or special masters, if applicable.
- Debtors’ counsel and any court-appointed professionals, to the extent bonds or insurance are maintained in connection with their court-appointed roles.
- Any other officer, employee, contractor, or agent exercising authority under court order in this matter.

**RESERVATION OF RIGHTS**

I expressly reserve all rights, remedies, claims, causes of action, defenses, objections, and equitable relief.

Nothing herein shall be construed as consent, waiver, acquiescence, admission, settlement, release, accord and satisfaction, novation, or abandonment of any right or objection.

Signature/autograph:

/s/ Laurie Danielle : Pitts-Tillman

All rights reserved w/o prejudice

912-506-8875

Pro Se / Sui Juris
date : August 27, 2026

**CERTIFICATE OF SERVICE**

I certify that on August 27, 2026, I served a true and correct copy of the foregoing , Fee Schedule , Opportunity to Cure, Notice of Default, and Reservation of Rights to the court pro Se upload tool and upon counsel for Debtors-Appellees by United States Mail and by email service

Purdue Pharma L.P., et al.
Knoa Pharma
c/o Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York[10017]

signed/autographed this 27day of August , 2026.

Respectfully presented,
/s/ Laurie Danielle: Pitts-Tillman
All rights reserved

Laurie Danielle: Pitts-Tillman
All rights reserved
Pro Se Sui Juris claimant/ Appellant
c/o 5116 Georgia Highway 99
Brunswick, Georgia [31525]
912-506-8875

Laurie Danielle Pitts-Tillman
c/o 5116 Georgia Highway 99
Brunswick, Georgia [31525]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**In re: PURDUE PHARMA L.P., et al.,**
**Debtors. A.K.A. KNOA PHARMA**

**Case No. 19-23649 (SHL)**
**Chapter 11**

## SECOND NOTICE OF NONRESPONSE, RENEWED DEMAND FOR ACCOUNTING, AND FINAL OPPORTUNITY TO RESPOND

**TO: Purdue Pharma L.P., et al.; KNOA Pharma; the Purdue Pharma Trust; their counsel, trustees, administrators, fiduciaries, executors, clerks, agents, and other parties responsible for the requested accounting.**

### NOTICE OF PRIOR DEMAND AND NONRESPONSE

1. On August 27, 2026, I filed and served my **Notice of Fee Schedule, Opportunity to Cure, Notice of Default and Reservation of Rights** (Bankr. Dkt. No. 9564) (the "First Notice").

2. The First Notice demanded a complete accounting and requested records concerning oaths, bonds, insurance, indemnification, authority, qualifications, conflicts, and related matters. It **allowed five (5) calendar days to respond and cure.**

3. More than five calendar days have elapsed since August 27, 2026. As of today September 16, 2026 the date of this Second Notice, I have not received the complete accounting, the requested supporting records, or a point-by-point response.

4. The First Notice, including its demands, reservations, challenges, and requested categories of information, is incorporated here by reference without repeating all eight pages.

### RENEWED DEMAND AND FINAL OPPORTUNITY TO RESPOND

I renew the demand for a complete accounting and supporting documentation covering every category stated in the First Notice, including **all cash and non-cash assets;** transfers to KNOA Pharma, trusts, successors, affiliates, or governmental entities; valuation records; insurance and indemnification rights and/or the interests therein, professional fees; offsets; prior recoveries; claims-allocation and trust-distribution methodologies; and a reconciliation of assets immediately before and after the Plan's effective date.

Within **five (5) calendar days** after receipt of this Second Notice, each responsible recipient shall do one of the following:

5. Produce the complete accounting and all requested supporting records;

6. Identify with specificity the docket entries or publicly accessible records that supply each requested item, including page and section references; or

7. State, item by item, what information is withheld, who possesses it, the legal basis asserted for withholding it, and when a complete response will be produced.

**A generalized objection, reference to the Plan or disclosure statement without precise citations, or partial production that omits material categories will not be treated as a complete response. Failure to respond in the given time constitutes tacit agreement and acceptance of all terms and fees described herein.**

## NOTICE OF DISPUTE AND PRESERVATION OF RECORD

This Second Notice documents that the response period stated in the First Notice expired without cure. I preserve the First Notice and the absence of a complete response as part of the record. I further preserve that the conduct and omissions described in the First Notice caused compensable harm and that the stated fee schedule applies. I reserve the right to seek appropriate relief from any source available.

## PRESERVATION DEMAND

All recipients shall preserve potentially relevant paper and electronic records, including emails, text and messaging records, accounting systems, ledgers, bank records, valuation materials, insurance and indemnification records, transfer documents, audit trails, metadata, document-retention records, and communications concerning my claim, the Personal Injury Trust, Plan implementation, distributions, or the asset transfers identified in the First Notice. This is a preservation demand, not authorization to alter, delete, overwrite, or destroy any record.

## RESERVATION OF RIGHTS

I expressly reserve all rights, remedies, claims, causes of action, defenses, objections, requests for relief, and equitable remedies. Nothing herein shall be construed as consent, waiver, release, settlement, accord and satisfaction, novation, abandonment, or acceptance of the jurisdiction or authority of any tribunal, court, or person. This notice supplements and does not replace the First Notice.

Dated: September 16, 2026

Respectfully presented,

**/s/ Laurie Danielle: Pitts-Tillman**
Laurie Danielle: Pitts-Tillman

*All rights reserved, without prejudice.*

Pro Se / Sui Juris Claimant and Appellant
c/o 5116 Georgia Highway 99
Brunswick, Georgia [31525]

**CERTIFICATE OF SERVICE**

I certify that on September 16, 2026, I presented a true and correct copy of the foregoing Second Notice of Nonresponse, Renewed Demand for Accounting, and Final Opportunity to Respond through the Court's pro se filing procedure which notifies all parties through the CM/ECF system, and I also sent it to counsel for the Debtors-Appellees by email at the address of record and by United States Mail addressed as follows:

Purdue Pharma L.P., et al.
KNOA Pharma
c/o Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York [10017]

Dated: September 16, 2026

**/s/ Laurie Danielle: Pitts-Tillman**
Laurie Danielle: Pitts-Tillman
All rights reserved without prejudice
Pro Se / Sui Juris Claimant and Appellant
c/o 5116 Georgia Highway 99
Brunswick, Georgia [31525]