**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**In re:**
PURDUE PHARMA L.P., et al.,
Debtors.
Chapter 11
Case No. 19-23649 (SHL)

**SUPPLEMENTAL STATEMENT OF DONALD OSCAR HARRIS IN SUPPORT OF DOCKET NOS. 9556-9559 AND REQUEST FOR IDENTIFICATION OF TDP VALIDATION RESULTS DESCRIBED IN DOCKET NO. 9516**

Donald Oscar Harris, appearing pro se and as a Non-NAS personal injury claimant, respectfully submits this limited supplemental statement in further support of the matters raised in Docket No. 9450 and the Declaration at Docket No. 9460, and in further support of Docket Nos. 9556-9559. This filing does not withdraw, replace, or supersede any of those filings and does not ask the Court to alter the confirmed Plan. It identifies newly located evidence concerning the claimant-population analysis underlying the PI Trust Distribution Procedures and asks that the underlying numerical results be identified so that the distribution methodology can be reconciled with the actual qualified claimant population.

1. Docket No. 9516, Exhibit C, Declaration of Sean Higgins, states that Andrews & Higgins spent 3,745 hours on "TDP Validation" and describes that work as developing and validating the TDP by "reviewing and scoring thousands of claims."

2. The same declaration explains that a TDP developed without an adequate understanding of the actual claimant population could be speculative or unfair, and that a sizeable sample of actual claims was needed to understand the spectrum of claims and permit objective scoring.

3. Most importantly, the declaration states that the Ad Hoc Group's financial analysts needed real and substantial data in order to estimate (a) the number of PI claimants who would qualify for various categories, (b) the number of points appropriate for each category, and (c) the expected dollar values per point.

4. Docket No. 9516 further explains that this data had to come from actual claims and actual records because the Proof of Claim form was self-reporting and could not by itself identify claimants who reported qualifying product use but had no evidence of qualifying product use. The application separately characterizes the validation work as reviewing and assessing the proof, extent, and quality of Purdue product use through thousands of claims and medical records.

5. These statements appear directly relevant to the distribution and accounting issues raised in Docket Nos. 9556-9559. If actual claimant records were reviewed specifically to estimate how many claimants would qualify and the expected dollars per point, the numerical outputs of that

analysis are material to understanding the claimant-population assumptions used in the Non-NAS distribution methodology.

6. Docket No. 9516 also separately identifies work concerning the NAS TDP and mediation with the Ad Hoc Group of NAS Children. Because NAS and Non-NAS claims are subject to different substantiation criteria, the record presently available to this claimant does not establish whether the "thousands of claims" used for TDP validation were Non-NAS claims, NAS claims, or both, or whether separate claimant-population models were prepared for the two Funds.

7. I do not presently contend that Docket No. 9516 discloses the numerical results of the validation analysis. My request is that those results be identified so that the assumptions used in the model can be compared with the actual Qualified and Allowed Non-NAS claimant population and the distribution ultimately calculated.

WHEREFORE, Mr. Harris respectfully requests that, in connection with the accounting and recalculation relief already requested in Docket Nos. 9556-9559, the Court direct the appropriate parties to identify, or otherwise require disclosure on the record of:

1. the number of Non-NAS claims actually sampled and reviewed in the TDP-validation work described in Docket No. 9516;
2. the number and percentage of sampled Non-NAS claims that contained sufficient evidence of qualifying Purdue product use under the criteria being tested;
3. the projected number of qualifying Non-NAS claimants resulting from that analysis;
4. the projected total Non-NAS points and the expected dollars per point resulting from the analysis;
5. whether NAS claims were included in the "thousands of claims" reviewed and, if so, how many NAS and how many Non-NAS claims were included;
6. whether separate NAS and Non-NAS claimant-population models were prepared and, if so, the projected qualifying population for each; and
7. how the projected Non-NAS claimant population, total points, and dollars per point compare with the actual Qualified and Allowed Non-NAS population and the current distribution methodology.

Mr. Harris further respectfully requests that, if the numerical results cannot be identified from the existing record, the Court permit appropriate questioning at the hearing sufficient to establish what claimant population was analyzed, what qualification results were obtained, and how those results were used in the TDP and distribution calculations.

This request is directed to the arithmetic and methodology underlying the distribution calculation. It is not an accusation that the professionals did not perform the work described in Docket No. 9516, and it is not a request to diminish the claims of NAS victims.

Respectfully submitted,

Donald Oscar Harris
Pro Se Non-NAS Personal Injury Claimant
11952 Crossbill Drive
Klamath Falls, Oregon 97601
Phone: (501) 458-0010
Email: medonnieoscar@gmail.com

Dated: September 18, 2026

## CERTIFICATE OF SERVICE

I, Donald Oscar Harris, certify that on September 18, 2026, I served a true and correct copy of the foregoing Supplemental Statement of Donald Oscar Harris in Support of Docket Nos. 9556-9559 and Request for Identification of TDP Validation Results Described in Docket No. 9516 by electronic mail upon the following:

1. Edward E. Neiger and Jennifer A. Christian, ASK LLP, Co-Counsel for the Ad Hoc Group of Individual Victims - eneiger@askllp.com; jchristian@askllp.com
2. Eli J. Vonnegut, Davis Polk & Wardwell LLP, Counsel to the Debtors - eli.vonnegut@davispolk.com
3. Akin Gump Strauss Hauer & Feld LLP, Counsel to the Official Committee of Unsecured Creditors - purduecreditorinfo@akingump.com
4. Office of the United States Trustee, Region 2 - linda.riffkin@usdoj.gov; nysbnotice@gmail.com
5. Edgar C. Gentle III / Purdue Personal Injury Trust - purduepitrust@purduepitrust.com

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 18, 2026

/s/ Donald Oscar Harris
Donald Oscar Harris
Pro Se Claimant