Stephan E. Hornung
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Tel.: (212) 309-6000
stephan.hornung@morganlewis.com

*Co-Counsel for Richard Sackler, M.D. and Lin Gao*

Barry Pollack
HARRIS TRZASKOMA, LLP
1300 19th Street, NW, Suite 700
Washington, D.C. 20036
Tel.: (202) 230-9647
bpollack@harristrz.com

*Co-Counsel for Richard Sackler, M.D. and Lin Gao*

Anne Penachio
PENACHIO MALARA LLP
245 Main Street, Ste. 450
White Plains, NY 10601
Tel.: (914) 946-2889
apenachio@pmlawllp.com

*Co-Counsel for Richard Sackler, M.D.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| | Chapter 11 |
| In re: | Case No. 19-23649 (SHL) |
| PURDUE PHARMA L.P., et al.[1] | Jointly Administered |

**MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 107(C) AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE LIMITED MOTION FOR REARGUMENT**

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, were as follows: Purdue Pharma L.P. (7484); Purdue Pharma, Inc. (7486); Purdue Transdermal Technologies L.P. (1868); Purdue Pharma Manufacturing L.P. (3821); Purdue Pharmaceuticals L.P. (0034); Imbrium Therapeutics L.P. (8810); Adlon Therapeutics L.P. (6745); Greenfield BioVentures L.P. (6150); Seven Seas Hill Corp. (4591); Ophir Green Corp. (4594); Purdue Pharma of Puerto Rico (3925); Purdue Products L.P. (4140); Purdue Pharmaceutical Products L.P. (3902); Purdue Neuroscience Company (4712); Nayatt Cove Lifescience Inc. (7805); Button Land L.P. (7502); Rhodes Associates L.P. (N/A); Paul Land Inc. (7425); Quidnick Land L.P. (7584); Rhodes Pharmaceuticals L.P. (6166); Rhodes Technologies (7143); UDF LP (0495); SVC Pharma LP (5717); and SVC Pharma Inc. (4014). The Debtors' corporate headquarters was located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Richard S. Sackler, M.D. and Lin Gao (the "RSS Parties"), file this Motion for Entry of Order Authorizing the Filing of Certain Information Under Seal in Connection with the Limited Motion for Reargument (the "Sealing Motion"), pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, seeking entry of an order, in the form attached hereto as Exhibit A, for the purpose of filing under seal certain portions of their forthcoming *Limited Motion for Reargument or, in the Alternative, for Entry of an Order Confirming that an Accounting Action Does Not Violate the Settlement Stipulation or Confirmation Order* and the exhibits thereto (the "Reargument Motion").[2]

**Relief Requested**

1. By this Sealing Motion, the RSS Parties request the entry of an order, pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, (i) authorizing the RSS Parties to file under seal certain confidential information referenced in the Reargument Motion, including (a) the proposed accounting petition attached to the Reargument Motion as **Exhibit A** (the "Proposed Accounting Petition") and (b) the unredacted Settlement Stipulation attached to the Reargument Motion as **Exhibit B** (the "Unredacted Stipulation," and together with the Proposed Accounting Petition, the "Sealed Documents"); and (ii) directing such information remain under seal, remain confidential, and not be made available to any third party absent authorization under an order from this Court. In accordance with Local Bankruptcy Rules and Chambers' Rules, the RSS Parties shall provide unredacted copies of the Sealed Documents to the Court and the Clerk of Court.

2. The requested relief is consistent with the confidentiality protections already afforded to, or sought for, the same materials. The Stipulation was filed under seal in the Ninth

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Reargument Motion.

Judicial District Court of Teton County, Wyoming (the "Wyoming Court") and a redacted copy was filed publicly on the docket of these Chapter 11 Cases at ECF No. 7713. If the Court grants the RSS Parties' Reargument Motion, they intend to file the Proposed Accounting Petition under seal in the Wyoming Court. The Sealed Documents contain nonpublic information concerning private trusts, trust administration, beneficiaries, and related personal and financial matters, including highly sensitive information concerning Dr. Sackler and members of his family (collectively, the "Confidential Information"). Throughout this bankruptcy, information related to the Wyoming Litigation, private trust documents, and the RSS Parties' personal finances has been treated as confidential and not filed on the public docket.

3. Accordingly, the RSS Parties respectfully request that the Confidential Information contained in the Sealed Documents remain protected from public disclosure in these Chapter 11 Cases.

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is sections 105(a) and 107(c) of the Bankruptcy Code.

## Basis for Relief Requested

5. Bankruptcy Code section 107 identifies specific categories of information that may be protected from public disclosure. Section 107(c)(1) authorizes the Court, for cause, to protect an individual's identifying or other personal information to the extent disclosure would create an "undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1). Bankruptcy Rule 9018 likewise authorizes the

Court to "issue any order that justice requires" to protect an entity regarding confidential commercial information. Fed. R. Bankr. P. 9018(a)(1).

6. The Confidential Information warrants protection under these provisions. The Unredacted Stipulation contains highly confidential, non-public personal and financial information and has already been maintained under seal. The Proposed Accounting Petition contains nonpublic allegations and information concerning private trusts, their administration, and beneficiaries, and is intended to be filed under seal in the Wyoming Court. Public filing of either Sealed Document in these Chapter 11 Cases would disclose the Confidential Information, irreversibly destroy its confidentiality, and, in the case of the Proposed Accounting Petition, defeat the purpose of seeking confidential treatment in the Wyoming Court before that court has an opportunity to consider the issue. Sealing the Sealed Documents is therefore necessary to prevent public disclosure of the Confidential Information. *See FuboTV Inc. v. Walt Disney Co.*, No. 24-CV-01363, 2024 WL 1884974, at *1-2 (S.D.N.Y. Apr. 30, 2024) (granting motion to seal information that had previously been ordered sealed). In addition, sealing this information will protect against the risk of harassment or other harm to the RSS Parties and other individuals who are not involved in this dispute. *See In re Endo Int'l plc*, No. 22-22549, 2022 WL 16640880, at *10 (Bankr. S.D.N.Y. Nov. 2, 2022); *see also In re Celsius Network LLC*, 644 B.R. 276, 292 (Bankr. S.D.N.Y. 2022) (finding redaction of PII warranted under section 107(c)(1) to protect individuals from harassment and identity theft).

7. The relief requested in this Sealing Motion is narrowly tailored and no broader than what is necessary to protect the Confidential Information. A redacted version of the Stipulation is already publicly available at ECF No. 7713, and the RSS Parties seek to seal only the Unredacted Stipulation attached for the Court's review. The Confidential Information is

intertwined throughout the Proposed Accounting Petition, and filing that proposed pleading publicly in these Chapter 11 Cases would disclose the information the RSS Parties intend to ask the Wyoming Court to protect. Maintaining the Sealed Documents under seal is therefore necessary to preserve confidentiality of the information they contain.

8. In light of the highly confidential nature of the information at issue, the harm that could result from its public disclosure, and the absence of a practicable narrower alternative, sufficient cause exists for the Court to grant the relief requested. Accordingly, the RSS Parties respectfully request entry of the proposed order.

**Notice**

9. Notice of this Sealing Motion will be provided to (a) counsel to Frank S. Vellucci, Daniel S. Connolly, and Rory Held, in their capacities as trustees of certain trusts in the B-Side Payment Group 1 (collectively, the "Trustees"), and (b) any person or entity with a particularized interest in the subject matter of the Reargument Motion. The RSS Parties respectfully submit that no further notice is required.

10. No prior request for the relief sought herein has been made by the RSS Parties to this or any other court.

WHEREFORE, for the foregoing reasons, the RSS Parties respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: New York, New York
September 25, 2026

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ Stephan E. Hornung
Stephan E. Hornung
101 Park Avenue
New York, NY 10178
Tel.: (212) 309-6000
stephan.hornung@morganlewis.com

- and -

Barry Pollack
HARRIS TRZASKOMA, LLP
1300 19th Street, NW, Suite 700
Washington, D.C. 20036
Tel.: (202) 230-9647
bpollack@harristrz.com

*Co-Counsel for Richard Sackler, M.D. and Lin Gao*

Anne Penachio
PENACHIO MALARA LLP
245 Main Street, Ste. 450
White Plains, NY 10601
Tel.: (914) 946-2889
apenachio@pmlawllp.com

*Co-Counsel for Dr. Richard Sackler, M.D.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 19-23649 (SHL) |
| PURDUE PHARMA L.P., et al.[3] | Jointly Administered |

**[PROPOSED] ORDER**
**GRANTING MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 107(C) AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH LIMITED MOTION FOR REARGUMENT**

Upon the motion (the "Sealing Motion") of the RSS Parties for entry of an order (this "Order"), pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, authorizing the RSS Parties to (i) file under seal the Proposed Accounting Petition attached as Exhibit A to the *Limited Motion for Reargument or, in the Alternative, for Entry of an Order Confirming that an Accounting Action Does Not Violate the Settlement Stipulation or Confirmation Order* (the "Reargument Motion") and the Unredacted Stipulation attached as Exhibit B thereto (collectively, the "Sealed Documents"), (ii) file the Reargument Motion on the public docket of these Chapter 11 Cases without the Sealed Documents, and (iii) for related relief, all as described in the Sealing Motion; and the Court having jurisdiction to consider the Sealing Motion; and

[3] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, were as follows: Purdue Pharma L.P. (7484); Purdue Pharma, Inc. (7486); Purdue Transdermal Technologies L.P. (1868); Purdue Pharma Manufacturing L.P. (3821); Purdue Pharmaceuticals L.P. (0034); Imbrium Therapeutics L.P. (8810); Adlon Therapeutics L.P. (6745); Greenfield BioVentures L.P. (6150); Seven Seas Hill Corp. (4591); Ophir Green Corp. (4594); Purdue Pharma of Puerto Rico (3925); Purdue Products L.P. (4140); Purdue Pharmaceutical Products L.P. (3902); Purdue Neuroscience Company (4712); Nayatt Cove Lifescience Inc. (7805); Button Land L.P. (7502); Rhodes Associates L.P. (N/A); Paul Land Inc. (7425); Quidnick Land L.P. (7584); Rhodes Pharmaceuticals L.P. (6166); Rhodes Technologies (7143); UDF LP (0495); SVC Pharma LP (5717); and SVC Pharma Inc. (4014). The Debtors' corporate headquarters was located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

consideration of the Sealing Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no other or further notice of the Sealing Motion being required; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Sealing Motion establish good and sufficient cause for the relief granted herein under 11 U.S.C. § 107(c) on the terms of this Order; and such relief being in the best interests of the RSS Parties and all parties in interest; now, therefore:

**IT IS HEREBY ORDERED THAT**:

1. The Sealing Motion is granted as set forth herein.

2. Pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, the RSS Parties are authorized to file on the public docket of these Chapter 11 Cases the Reargument Motion and the sealed exhibits thereto, as set forth in the version submitted to the Court in connection with the Sealing Motion (the "Sealed Documents").

3. The RSS Parties are authorized to file the Sealed Documents under seal by providing unredacted copies, with a copy of this Order, to the Clerk of Court, Attn: Vito Genna, in an envelope, either paper or electronic, prominently marked FILED UNDER PENDING MOTION TO SEAL. The Sealed Documents shall remain under seal unless otherwise ordered by the Court.

4. The RSS Parties are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. The RSS Parties shall submit an unredacted copy of the Sealed Documents to the Clerk of the Court, marked to indicate that the same has been filed with redactions by order of this Court.

6. Entry of this Order is without prejudice to the rights of any party in interest in the Chapter 11 Cases or the United States Trustee to seek an order of this Court unsealing all or part of the Sealed Documents.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

8. Counsel for the RSS Parties shall contact the Clerk's Office regarding the return or other disposition of the Sealed Documents within forty-five (45) days after the determination by final order of the bankruptcy proceedings. If the RSS Parties fail to do so, the Clerk of Court is authorized to destroy the Sealed Documents.

White Plains, New York
Dated: ____________, 2026

___________________________________
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE