Stephan E. Hornung
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Tel.: (212) 309-6000
stephan.hornung@morganlewis.com

*Co-Counsel for Richard Sackler, M.D. and Lin Gao*

Barry J. Pollack
HARRIS TRZASKOMA, LLP
1300 19th Street, NW, Suite 700
Washington, D.C. 20036
Tel.: (202) 230-9647
bpollack@harristrz.com

*Co-Counsel for Richard Sackler, M.D. and Lin Gao*

Anne Penachio
PENACHIO MALARA LLP
245 Main Street, Ste. 450
White Plains, NY 10601
Tel.: (914) 946-2889
apenachio@pmlawllp.com

*Co-Counsel for Richard Sackler, M.D.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., et al.[1] | Chapter 11<br><br>Case No. 19-23649 (SHL)<br><br>Jointly Administered |

**NOTICE OF THE RSS PARTIES' LIMITED MOTION FOR REARGUMENT OR, IN THE ALTERNATIVE, FOR ENTRY OF AN ORDER CONFIRMING THAT AN ACCOUNTING ACTION DOES NOT VIOLATE THE SETTLEMENT STIPULATION OR CONFIRMATION ORDER**

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, were as follows: Purdue Pharma L.P. (7484); Purdue Pharma, Inc. (7486); Purdue Transdermal Technologies L.P. (1868); Purdue Pharma Manufacturing L.P. (3821); Purdue Pharmaceuticals L.P. (0034); Imbrium Therapeutics L.P. (8810); Adlon Therapeutics L.P. (6745); Greenfield Bio Ventures L.P. (6150); Seven Seas Hill Corp. (4591); Ophir Green Corp. (4594); Purdue Pharma of Puerto Reco (3925); Purdue Products L.P. (4140); Purdue Pharmaceutical Products L.P. (3902); Purdue Neuroscience Company (4712); Nayatt Cove Lifescience Inc. (7805); Button Land L.P. (7502); Rhodes Associates L.P. (N/A); Paul Land Inc. (7425); Quidnick Land L.P. (7584); Rhodes Pharmaceuticals L.P. (6166); Rhodes Technologies (7143); UDF LP (0495); SVC Pharma LP (5717); and SVC Pharma Inc. (4014). The Debtors' corporate headquarters was located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**PLEASE TAKE NOTICE** that Dr. Richard Sackler, M.D. and Lin Gao (collectively, the "RSS Parties"), by and through their undersigned counsel, will move this Court before the Honorable Sean H. Lane, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601, on October 9, 2026, pursuant to Local Bankruptcy Rule 9023-1, Federal Rule of Bankruptcy Procedure 9023, and Federal Rule of Civil Procedure 59(e), for reargument of the (i) Court's Bench Ruling dated August 21, 2026, granting the Trustees' Expedited Motion to Enforce the Confirmation Order; and (ii) the Court's Order Enforcing the Findings of Fact, Conclusions of Law, and Order Confirming the Eighteenth Joint Chapter 11 Plan of Reorganization (ECF No. 9590); or, in the alternative, pursuant to Paragraph 33(j) of the Confirmation Order, for entry of an order confirming that an accounting action against Data, LLC, solely in its capacity as trustee of the FPC Trust, BRP Trust, XPC Trust, and PRAH Trust, does not violate the Confirmation Order.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion (the "Objections") must: (i) be made in writing; (ii) state with particularity the grounds therefor; (iii) be filed in accordance with the electronic filing procedures for the United States Bankruptcy Court for the Southern District of New York, with proof of service and a courtesy copy delivered to the Chambers of the Honorable Sean H. Lane, 300 Quarropas Street, White Plains, NY 10601; and (iv) be served upon (a) co-counsel to the RSS Parties, Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY, 10178 (Attn: Stephan E. Hornung, stephan.hornung@morganlewis.com); Harris Trzaskoma, LLP, 1300 19th Street, NW, Suite 700, Washington, D.C., 20023 (Attn: Barry J. Pollack, bpollack@harristrz.com), and (b) Co-Counsel to Richard S. Sackler, M.D., Penachio Malara LLP, 245 Main Street, Ste. 450, White Plains, NY

10601 (Attn: Anne Penachio, apenachio@pmlawllp.com), so as to be received no later than October 2, 2026 (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9023-1, no oral argument shall be heard unless the Court grants the Motion and specifically orders that the matter be reargued orally.

Dated: New York, New York
September 25, 2026

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ Stephan E. Hornung
Stephan E. Hornung
101 Park Avenue
New York, NY 10178
Tel.: (212) 309-6000
stephan.hornung@morganlewis.com

Barry J. Pollack
HARRIS TRZASKOMA, LLP
1300 19th Street, NW, Suite 700
Washington, D.C. 20036
Tel.: (202) 230-9647
bpollack@harristrz.com

*Co-Counsel for Richard Sackler, M.D. and Counsel for Lin Gao*

Anne Penachio
PENACHIO MALARA LLP
245 Main Street, Ste. 450
White Plains, NY 10601
Tel.: (914) 946-2889
apenachio@pmlawllp.com

*Co-Counsel for Dr. Richard Sackler, M.D.*

Stephan E. Hornung
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Tel.: (212) 309-6000
stephan.hornung@morganlewis.com

*Co-Counsel for Richard Sackler, M.D. and Lin Gao*

Barry J. Pollack
HARRIS TRZASKOMA, LLP
1300 19th Street, NW, Suite 700
Washington, D.C. 20036
Tel.: (202) 230-9647
bpollack@harristrz.com

*Co-Counsel for Richard Sackler, M.D. and Lin Gao*

Anne Penachio
PENACHIO MALARA LLP
245 Main Street, Ste. 450
White Plains, NY 10601
Tel.: (914) 946-2889
apenachio@pmlawllp.com

*Co-Counsel for Richard Sackler, M.D.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., et al.[2] | Chapter 11<br><br>Case No. 19-23649 (SHL)<br><br>Jointly Administered |

**THE RSS PARTIES' LIMITED MOTION FOR REARGUMENT OR, IN THE ALTERNATIVE, FOR ENTRY OF AN ORDER CONFIRMING THAT AN ACCOUNTING ACTION DOES NOT VIOLATE THE SETTLEMENT STIPULATION OR CONFIRMATION ORDER**

[2] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, were as follows: Purdue Pharma L.P. (7484); Purdue Pharma, Inc. (7486); Purdue Transdermal Technologies L.P. (1868); Purdue Pharma Manufacturing L.P. (3821); Purdue Pharmaceuticals L.P. (0034); Imbrium Therapeutics L.P. (8810); Adlon Therapeutics L.P. (6745); Greenfield Bio Ventures L.P. (6150); Seven Seas Hill Corp. (4591); Ophir Green Corp. (4594); Purdue Pharma of Puerto Reco (3925); Purdue Products L.P. (4140); Purdue Pharmaceutical Products L.P. (3902); Purdue Neuroscience Company (4712); Nayatt Cove Lifescience Inc. (7805); Button Land L.P. (7502); Rhodes Associates L.P. (N/A); Paul Land Inc. (7425); Quidnick Land L.P. (7584); Rhodes Pharmaceuticals L.P. (6166); Rhodes Technologies (7143); UDF LP (0495); SVC Pharma LP (5717); and SVC Pharma Inc. (4014). The Debtors' corporate headquarters was located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

TO: THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

Dr. Richard Sackler, M.D. and Lin Gao (collectively, the "RSS Parties"), by and through their undersigned counsel, submit this motion, pursuant to Local Bankruptcy Rules 9023-1, Federal Rule of Bankruptcy Procedure 9023, and Federal Rule of Civil Procedure 59(e), for reargument and reconsideration of the (i) Court's Bench Ruling, dated August 21, 2026, which granted the Side B Trustees' Expedited Motion to Enforce the Confirmation Order; and (ii) the Court's Order Enforcing the Findings of Fact, Conclusions of Law, and Order Confirming the Eighteenth Joint Chapter 11 Plan of Reorganization (ECF No. 9590); or, in the alternative, pursuant to Paragraph 33(j) of the Confirmation Order, for entry of an order confirming that filing an accounting action against Data LLC, solely in its capacity as trustee of the FPC Trust, BRP Trust, XPC Trust, and PRAH Trust, does not violate the Confirmation Order and authorizing Dr. Sackler to file an accounting petition in substantially the form attached to this motion as **Exhibit A**. In support of their motion, the RSS Parties respectfully state as follows:

## Preliminary Statement

1. The RSS Parties ask the Court to reconsider its Bench Ruling and subsequent Order granting the Trustees' Expedited Motion to Enforce the Confirmation Order to consider two overlooked facts which, if considered, the RSS Parties believe would alter the outcome of the Bench Ruling and the Order with respect to one of the claimed "Interference Actions."

2. First, the Court overlooked the definition of "Litigation Parties" in the settlement stipulation (the "Stipulation") when it concluded that filing a petition against Data LLC, solely in its capacity as trustee of the FPC Trust, BRP Trust, XPC Trust, and PRAH Trust, violated the

litigation standstill provisions of the Stipulation.[3] The FPC Trust, BRP Trust, XPC Trust, and PRAH Trust were not parties to the Wyoming Litigation (as defined below) or the Stipulation, and Data LLC, though a party to the Wyoming Litigation, was named solely in its capacity as trustee of the 1989 Irrevocable Trust f/b/o RSS Issue.

3. Second, while the Court appeared to acknowledge that a trust beneficiary's request for information does not, in and of itself, violate the Stipulation, it ruled that the Wyoming accounting petition was nonetheless an "Interference Action" because, in seeking income distributions, it went "far beyond a mere request for information." The RSS Parties do not, by this Motion, challenge the portion of the Court's ruling insofar as the Court found that the request for distributions was an Interference Action. However, the RSS Parties submit that the accounting petition can be amended to remove the request for distributions and re-filed to seek an accounting and other information related to the FPC Trust, BRP Trust, XPC Trust, and PRAH Trust.

4. Accordingly, the RSS Parties respectfully request that the Court reconsider its ruling and amend the Order to allow the RSS Parties to file a narrowly tailored accounting petition against Data LLC, solely in its capacity as trustee of the FPC Trust, BRP Trust, XPC Trust, and PRAH Trust, or, in the alternative, enter an order confirming that filing an accounting petition would not violate the Stipulation or the Confirmation Order and authorizing Dr. Sackler to file an accounting petition in substantially the form attached to this motion as **Exhibit A**

## Background

5. By way of background, on January 31, 2025, the RSS Parties filed an action under seal in the Ninth Judicial District Court of Teton County, Wyoming, challenging several actions,

[3] A redacted copy of the stipulation was filed publicly. (*See* ECF No. 7713.) An unredacted copy is attached as **Exhibit B**.

including the appointment of the current Trustees and the improper decanting of the 60 Field Point Circle residence into new entities that were owned by different trusts under the control of the Trustees, which adversely affected the RSS Parties' rights as trust beneficiaries (the "Wyoming Litigation").

6. On August 1, 2025, the parties to the Wyoming Litigation entered into a tolling agreement and the Stipulation, dismissing the Wyoming Litigation without prejudice and agreeing to a litigation standstill until 14 months following the effective date of the Debtors' plan. (ECF No. 7713.) Paragraph 3 of the Stipulation requires all "Litigation Parties" not to "take any actions, directly or indirectly, with respect to the Wyoming Litigation or any of the facts alleged or causes of action asserted in the Wyoming Litigation." (*Id.* ¶ 3.)

7. The Stipulation was incorporated by reference into Paragraph 33 of the Confirmation Order, entered on November 18, 2025. (ECF No. 8263 at 34.) The Confirmation Order provides that "the rights and obligations set forth in" the Stipulation "remain in full force and effect" and that "[n]othing herein shall modify or limit the rights of any party under the Settlement Stipulation." (*Id.*) The Plan went effective on May 1, 2026.

8. On May 14, 2026, the Trustees filed their Expedited Motion to Enforce the Confirmation Order. (ECF No. 9189.) On June 29, 2026, the Court heard argument on the Trustees' motion. On August 21, 2026, the Court issued a bench ruling, granting the Trustees' motion, and on September 11, 2026, the Court entered the Order Enforcing the Findings of Fact, Conclusions of Law, and Order Confirming the Eighteenth Joint Chapter 11 Plan of Reorganization (the "Order"). (ECF No. 9590.) The RSS Parties have complied with the Order.

## I. THE COURT SHOULD RECONSIDER ITS RULING AND MODIFY THE ORDER TO ALLOW A NARROWLY TAILORED ACCOUNTING ACTION TO PROCEED

### A. Standard for Reargument

9. Local Bankruptcy Rule 9023-1 requires a motion for reargument to set forth concisely the matters or controlling decisions that counsel believes the Court has not considered. Local Bankruptcy Rule 9023-1. In the bankruptcy court, "[t]he standard applicable to a motion for reargument or reconsideration is identical to that applicable to a motion to alter or amend a judgment under Federal Rule of Civil Procedure . . . 59(e) [made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 9023]." *In re Hellas Telecomms. (Lux.) II SCA*, 526 B.R. 499, 506 (Bankr. S.D.N.Y. 2015). A court should grant reargument where it has "overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." *Id.* at 507. Reconsideration also may be granted to prevent manifest injustice. *See Floyd v. City of New York*, 813 F. Supp. 2d 457, 470 (S.D.N.Y. 2011).

### B. The Wyoming Accounting Petition Should Be Permitted to Proceed in Narrowed Form Because It Is Not Directed at a "Litigation Party"

10. The Court held that the Wyoming accounting petition filed against Data LLC, in its capacity as trustee of the FPC Trust, BRP Trust, XPC Trust, and PRAH Trust, violated the litigation standstill and non-interference provisions in Paragraphs 3 and 5 of the Stipulation and Paragraph 33(a) of the Confirmation Order. (Bench Ruling at 29:10–30:21.) In reaching its conclusion, the Court found that the accounting petition against Data LLC violated the litigation stay provision in Paragraph 3 of the Stipulation because Data LLC was a "trust pledgor." (*Id.*) However, the litigation standstill is applicable only to Litigation Parties. (ECF No. 7713 ¶ 3, Recital B.) The trusts that were the subject of the accounting petition filed on May 7, 2026—the FPC Trust, BRP Trust, XPC Trust, and PRAH Trust, through Data LLC, as trustee—were not

parties to the Wyoming Litigation or the Stipulation. Data LLC is a party to the litigation and a Litigation Party but, in each case, solely in the capacity in which it was named in the Wyoming Litigation—as trustee of the 1989 Irrevocable Trust f/b/o RSS Issue. (*Id.*, Recital B (defining "Litigation Parties" to include "Plaintiffs and Defendants").) Data LLC was not named in the Wyoming Litigation in its capacity as trustee of the FPC Trust, BRP Trust, XPC Trust, or PRAH Trust, and those four trusts were not parties to the Wyoming Litigation or at issue in the Wyoming Litigation.

11. Notably, the Trustees understood that the definition of "Litigation Parties" and "Trustees" in the Stipulation are not identical. During argument, the Trustees' counsel emphasized that Paragraph 3 of the Stipulation applied only to the parties to the litigation, while the non-interference provisions contained in Paragraph 5 were broader and included the trustees of the trusts at issue in the Wyoming Litigation, as well as all other Payment Parties in B-Side Payment Group 1. (June 29, 2026, Tr. at 24:22–25:7.) Morover, the definition of Litigation Parties in the Stipulation makes clear that the parties knew how to bind parties to the litigation in other representative and fiduciary capacities. For example, the definition of Litigation Parties includes [redacted] (ECF No. 7713, Recital B.) No such inclusive language was included with respect to the trustees named as Defendants, making clear that Data LLC was a "Defendant" (and a Litigation Party) only in its capacity as trustee of the 1989 Irrevocable Trust f/b/o RSS Issue.[4]

[4] A request for an accounting or information directed at the FPC Trust, BRP Trust, XPC Trust, and PRAH Trust is also not an action "with respect to the Wyoming Litigation or any of the facts alleged or causes of action asserted in the Wyoming Litigation." (ECF No. 7713 ¶ 3.)

12. The RSS Parties also ask the Court to clarify its ruling to make clear that a narrowly tailored accounting action, which seeks information only (and not distributions), does not interfere with the Trustees' ability to implement the Master Settlement Agreement or otherwise violate Paragraph 5 of the Stipulation or Paragraph 33(a) of the Confirmation Order. In response to the Trustee's motion, the RSS Parties argued that "[t]he Accounting Action, by definition, cannot interfere with the Plan" because "[i]t simply asks the Trustee of the various Sackler family trusts to comply with their fiduciary obligations—obligations that are expressly preserved by the Master Settlement Agreement." (ECF No. 9204 at 7–8; *see* ECF No. 9132 at 114 § 11.23.) In their Reply, the Trustees took issue with the merits of Dr. Sackler's contention that he needed information, contending that he has already received more information than any other beneficiary. (ECF No. 9390 ¶ 10.)[5] But the Trustees did not seriously argue that providing information, by itself, would interfere with their ability to implement the Plan and Master Settlement Agreement, focusing instead on Dr. Sackler's request for distributions (*id.* ¶ 13), and if the requested information is readily available, as it should be and as their Reply seems to suggest, it is hard to see how it could interfere with the Trustees' implementation of the Plan.

13. The RSS Parties understood that the Court did not take issue with the premise that an information request would be allowed under the Stipulation, but the Court ultimately rejected the RSS Parties' argument because it found—as the Trustees argued—that the "Wyoming [accounting] petition goes far beyond a mere request for information as the RSS parties explicitly

[5] The Trustees also argued that a full accounting was provided to Dr. Sackler nearly three years ago in November 2023 by the former trustees and that certain phantom income was attributable to Dr. Sackler, which explains why those trusts have less than $75,000 in cash despite showing income of more than $90 million. (ECF No. 9390 ¶ 12.) But it is now three years later, the supposed accountings were incomplete, and the information underlying the Trustees' contentions about phantom income, which apparently has not been provided to Dr. Sackler, is exactly the type of information that he seeks in the proposed accounting action.

seek a court order directing Data to make all such income distributions owed to Dr. Richard Sackler." (Bench Ruling Tr. at 29:25–30:9.) The Court's reasoning seems to distinguish between (a) a request for information, which we understood the Court did not find improper standing alone; and (b) a request for income distributions, which the Court found would violate the negative covenants of Annex E prohibiting payments other than those enumerated in the Master Settlement Agreement. (*See id.* at 30:17–20; ECF No. 9132 at 1041–45, Annex E § 5.01.)

14. A beneficiary's right to receive information about the administration of a trust is fundamental under Wyoming trust law. Wyoming Statute § 4-10-813 requires trustees to keep qualified beneficiaries reasonably informed about trust administration and to respond to reasonable requests for information. *Wyo. Stat. Ann.* § 4-10-813(a) & (b)

15. Section 11.23 of the Master Settlement Agreement independently preserves the pertinent fiduciary obligations, providing that: "[t]he duties and obligations of the trustees of the B-Side Family Group 1 trusts to all beneficiaries of the B-Side Family Group 1 trusts are preserved and not waived by any provision herein. . . ." (ECF No. 9132 at 114 § 11.23.) The duty to provide accounting information is among the most basic of those preserved obligations, and there should not be any inconsistency between providing information and liquidating trust assets.

16. The RSS Parties have amended the accounting petition to [redacted]. *See* Exhibit A. If the Court grants this Motion, the accounting petition would be filed against [redacted]. The petition would not be directed at the individual trustees of Data Trust or Crystal Trust. Nor would it seek information regarding the trusts that are at issue in the Wyoming

Litigation or other trusts for which Data LLC acts as a trustee. The RSS Parties believe that narrowing the requested relief addresses the concerns identified in the Bench Ruling and ensures that the accounting petition complies with both the Stipulation and the Confirmation Order.

## Conclusion

WHEREFORE, for the foregoing reasons, the RSS Parties request that the Court (i) grant the RSS Parties' Motion; (ii) (a) amend the Order to allow the RSS Parties to pursue a narrowly-tailored accounting action against Data LLC, solely in its capacity as trustee of the FPC Trust, BRP Trust, XPC Trust, and PRAH Trust, or (b) enter a separate order confirming that filing an accounting petition against Data LLC, solely in its capacity as trustee of the FPC Trust, the BRP Trust, the XPC Trust, and the PRAH Trust, does not violate the Stipulation or Confirmation Order and authorizing Dr. Sackler to file an accounting petition in substantially the form attached to this motion as **Exhibit A**; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 25, 2026

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ Stephan E. Hornung
Stephan E. Hornung
101 Park Avenue
New York, NY 101781
Tel.: (212) 309-6000
stephan.hornung@morganlewis.com

- and -

Barry J. Pollack
HARRIS TRZASKOMA, LLP
1300 19th Street, NW, Suite 700
Washington, D.C. 20036
Tel.: (202) 230-9647
bpollack@harristrz.com

*Co-Counsel for Richard Sackler, M.D. and Lin Gao*

Anne Penachio
PENACHIO MALARA LLP
245 Main Street, Ste. 450
White Plains, NY 10601
Tel.: (914) 946-2889
apenachio@pmlawllp.com

*Co-Counsel for Dr. Richard Sackler, M.D.*