UNITED STATES BANKRUPCY COURT

SOUTHERN DISTRICT OF NEW YORK

Purdue Pharma L.P.,st al. Chapter 11 Case No. 19 -23649.

PURDUE PHARMA L.P., P.F. LABORATORIES, INC.,

PURDUE PHARMACEUTICALS L.P.,

PURDUE PHARMA TECHNOLOGIES, INC.,

and RHODES TECHNOLOGIES,

*DEFENDANTS*

AMANDA MORALES

*PLANTIFF*

**OBJECTION TO THE SACKLER DEFENDANTS' MOTION TO NARROW RELIEF AND AMEND THE ACCOUNTING PETITION COMPLIANCE PARAMETERS**

Amanda Morales, appearing *pro se*, respectfully submits this Objection to the relief requested by the Sackler defendants seeking to narrow the scope of the accounting petition, the governing Stipulation, and the Confirmation Order.

**1. Preliminary Statement & Judicial Estoppel**

The Sackler defendants seek to narrow their financial and compliance obligations under the guise of aligning them with a prior Bench Ruling. This Court should deny their motion. While Appellees actively argue to this Court and the Second Circuit that the bankruptcy plan is completely finalized, locked, and "moot" as to tort victims, the Sacklers are simultaneously treating the Confirmation Order as a fluid, negotiable document that they can narrow at will.

Recently in the 2nd Circuit of appeals defendants filed a motion to dismiss consolidated order arguing that appeals were "moot." I was given a September 24, 2026 deadline to cure a motion to oppose their dismissal motion. I filed my opposition motion electronically on September 18, 2026 and was 6 days *before* deadline. The same day on September 18, 2026 the court granted defendants motion to dismiss because it was "non final" issues. It can't be both non final and moot at the same time. Their motion was successfully granted but they argued that appeals are moot. Their argument and positions contradict one another and they can't simultaneously make both arguments of both mootness and appeals being "non-final"

Equity and Fifth Amendment Due Process forbid this gross double standard. Under the doctrine of **judicial estoppel**, a party is strictly forbidden from asserting a position in a legal proceeding that is completely contrary to a position they successfully took earlier in the same case. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *Intellect Design Arena Inc. v. United India Ins. Co.*, 21-CV-7264 (SDNY 2022).

The Second Circuit has made clear that judicial estoppel applies when (1) a party's later position is "clearly inconsistent" with its earlier position, and (2) the party at issue succeeded in persuading a court to accept that earlier position. *In re DeRosa*, 994 F.3d 103, 112 (2d Cir. 2021). The Sackler defendants cannot aggressively maintain that the Confirmation Order is an unalterable, concrete shield against tort victims while simultaneously treating it as a malleable, negotiable text when it comes to their own financial accountability.

**2. The Sackler Motion Confirms the Plan is Not Substantially Consummated**

The central defense raised against Appellant's wrongful death appeal is that the plan went into effect on May 1, 2026, making any further adjustments "equitably moot." However, the Sacklers' current motion proves that the administration of this estate remains fully open, active, and subject to ongoing judicial modification.

If this Court possesses the continued jurisdiction to narrow the scope of accountability and alter compliance parameters for the Sacklers, it undisputedly possesses the jurisdiction to review and sustain Appellant's timely objections regarding a total denial of due process.

**3. The Prejudice to Independent Wrongful Death Claimants**

Appellant holds an independent, non-core, state-law wrongful death and failure-to-warn claim arising from a fatal, antidepressant-induced serotonin syndrome

involving OxyContin. The Bankruptcy Court unconstitutionally extinguished this claim via a corporate discharge under 11 U.S.C. § 1141(d) after repeatedly promising on the record that it would be decided "at a later date"—a date that never came.

The Court’s failure to provide the promised "later date" hearing constitutes a textbook violation of procedural Due Process under the Fifth Amendment, as Appellant was deprived of a protected property interest (the wrongful death claim) without notice and a meaningful opportunity to be heard. By allowing the Sackler defendants to continuously alter, narrow, and dilute the scope of the accounting petition and compliance parameters, this Court risks further insulating the primary **tortfeasors** from systemic accountability while Appellant's constitutional right to a merits hearing is actively suppressed.

**CONCLUSION AND PRAYER FOR RELIEF**

Appellant respectfully requests that this Court:

1. **DENY** the Sackler defendants' motion to narrow the requested relief or alter the compliance parameters of the accounting petition; and
2. **STAY** any further modifications to the Confirmation Order or Stipulation until this Court issues a final, definitive ruling on the merits of Appellant's pending plan confirmation objections

Dated: September 30, 2026 Respectfully submitted,

Amanda Morales
205 Calle Del Banco
Bernalillo, NM 87004
ajlare356@gmail.com
(505) 318-2400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9/30/2026,a copy of the document(s) entitled **OBJECTION TO THE SACKLER DEFENDANTS' MOTION TO**

**NARROW RELIEF AND AMEND THE ACCOUNTING PETITION COMPLIANCE PARAMETERS** was/were emailed to.

**Ad Hoc Committee of governmental creditors**

*Herbert Smith Freehill Kramer LLC*

Kenneth Eckstein Kenneth.Eckstein@hsfkramer.com

Kenneth H. Eckstein: Serves is also the primary attorney filing official motions, statements, and requests for service of papers directly on behalf of the Purdue Master Disbursement Trust.

**Purdue Master Disbursement Trust**

Kenneth Eckstein Kenneth.Eckstein@hsfkramer.com

Rachel Ringer rachael.ringer@hsfkramer.com

David Blabey David.Blabey@hsfkramer.com

*Herbert Smith Freehill Kramer LLC*

**Multi-State Governmental Entries**

Ariel Hayes ahayes@capdale.com

Lucas Self・LSelf@capdale.com

*Caplin & Drysdale Chartered*

**Counsel to the Committee of Unsecured Creditors**

Purdue Akin FR

PurdueAkinFR@akingump.com

Michael Hurley mhurley@akingump.com

Edan Lisovicz elisovicz@akingump.com

*Akin Gump Strauss Hauer & Feld LLP*

**Counsel of Purdue pharma**

Kaminetzky, Benjamin S. ben.kaminetzky@davispolk.com

James McClammy james.mcclammy@davispolk.com

Joshua N. Shinbrot joshua.shinbrot@davispolk.com

Marshall Huebner marshall.huebner@davispolk.com

*Davis Polk & Wardwell LLP*