Stephan E. Hornung
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Tel.: (212) 309-6000
stephan.hornung@morganlewis.com

*Co-Counsel for Richard Sackler, M.D. and Lin Gao*

Barry J. Pollack
HARRIS TRZASKOMA, LLP
1300 19th Street, NW, Suite 700
Washington, D.C. 20036
Tel.: (202) 230-9647
bpollack@harristrz.com

*Co-Counsel for Richard Sackler, M.D. and Lin Gao*

Anne Penachio
PENACHIO MALARA LLP
245 Main Street, Ste. 450
White Plains, NY 10601
Tel.: (914) 946-2889
apenachio@pmlawllp.com

*Co-Counsel for Richard Sackler, M.D.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., et al.[1] | Chapter 11<br><br>Case No. 19-23649 (SHL)<br><br>Jointly Administered |

**MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 107(C) AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE MOTION TO ENFORCE THE CONFIRMATION ORDER AND SETTLEMENT STIPULATION**

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, were as follows: Purdue Pharma L.P. (7484); Purdue Pharma, Inc. (7486); Purdue Transdermal Technologies L.P. (1868); Purdue Pharma Manufacturing L.P. (3821); Purdue Pharmaceuticals L.P. (0034; Imbrium Therapeutics L.P. (8810); Adlon Therapeutics L.P. (6745); Greenfield Bio Ventures L.P. (6150); Seven Seas Hill Corp. (4591); Ophir Green Corp. (4594); Purdue Pharma of Puerto Rico (3925); Purdue Products L.P. (4140); Purdue Pharmaceutical Products L.P. (3902); Purdue Neuroscience Company (4712); Nayatt Cove Lifescience Inc. (7805); Button Land L.P. (7502); Rhodes Associates L.P. (N/A); Paul Land Inc. (7425); Quidnick Land L.P. (7584); Rhodes Pharmaceuticals L.P. (6166); Rhodes Technologies (7143); UDF LP (0495); SVC Pharma LP (5717); and SVC Pharma Inc. (4014). The Debtors' corporate headquarters was located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Richard S. Sackler, M.D. and Lin Gao (the "RSS Parties"), file this Motion for Entry of Order Authorizing the Filing of Certain Information Under Seal in Connection with the Motion to Enforce the Confirmation Order and Settlement Stipulation (the "Sealing Motion"), pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, seeking entry of an order, in the form attached hereto as Exhibit A, for the purpose of filing under seal certain portions of their forthcoming *Motion to Enforce the Confirmation Order and Settlement Stipulation* and the exhibits thereto (the "Motion to Enforce").[2]

**Relief Requested**

1. By this Sealing Motion, the RSS Parties request the entry of an order, pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, (i) authorizing the RSS Parties to file under seal certain confidential information referenced in the Motion to Enforce and the exhibits thereto and (ii) directing that such information remain under seal, remain confidential and not be made available to any third party absent authorization under an order from this Court. In accordance with Local Bankruptcy Rules and Chambers' Rules, the RSS Parties will provide an unredacted copy of the Motion to Enforce and all exhibits to the Court and Clerk of Court.

2. The requested relief is consistent with the confidentiality protections already afforded to the same materials in another proceeding. The RSS Parties previously filed a complaint and certain trust agreements attached to those pleadings as exhibits (collectively, the "Sealed Documents") under seal in a separate action pending in Wyoming Sate Court (the "Wyoming Action"). The Sealed Documents and the other documents attached as exhibits to the Motion contain highly sensitive personal and non-public financial information concerning Dr. Sackler and other members of the Sacker family, as well as confidential information concerning

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion to Enforce.

the RSS Parties and other family members' trust arrangements and related agreements (collectively, the "Confidential Information"). Throughout this bankruptcy, all pleadings in the Wyoming Action, the Sackler family trust documents, and other non-public information concerning the Sackler family's finances have been treated as confidential and not filed on the public docket.

3. Accordingly, the RSS Parties respectfully request that the Confidential Information contained in the Sealed Documents remain protected from public disclosure in these Chapter 11 Cases.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is sections 105(a) and 107(b) and (c) of the Bankruptcy Code.

**Basis for Relief Requested**

5. Bankruptcy Code section 107 identifies specific categories of information that may be protected from public disclosure. Section 107(c)(1) authorizes the Court, for cause, to protect an individual's identifying or other personal information to the extent disclosure would create an "undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. §107(c)(1). Bankruptcy Rule 9018 likewise authorizes the Court to "issue any order that justice requires" to protect an entity regarding confidential commercial information. Fed. R. Bankr. P. 9018(a)(1).

6. The Confidential Information warrants protection under these provisions. It includes highly confidential, nonpublic financial and contractual details regarding the RSS

Parties' private trust arrangements and related agreements, as well as highly sensitive personal information concerning certain individuals. Public filing of the unredacted Motion to Enforce would disclose the same Confidential Information that has remained under seal in the Wyoming Action, irreversibly destroy its confidentiality, and could expose the affected individuals and entities to personal and financial harm. Filing the unredacted Motion to Enforce under seal is therefore necessary to prevent public disclosure of the Confidential Information. *See Fubotv Inc. v. Walt Disney Co*., No. 24-CV-01363, 2024 WL 1884974, at *1-2 (S.D.N.Y. Apr. 30, 2024) (granting motion to seal information that had previously been ordered sealed). In addition, filing this information under seal will protect against the risk of harassment or other harm to the RSS Parties and other individuals who are not involved in this dispute. *See In re Endo Int'l plc*, No. 22-22549, 2022 WL 16640880, at *10 (Bankr. S.D.N.Y. Nov. 2, 2022); *In re Celsius Network LLC*, 644 B.R. 276, 292 (Bankr. S.D.N.Y. 2022) (finding redaction of PII warranted under section 107(c)(1) to protect individuals from harassment and identity theft).

7. The relief requested in this Sealing Motion is no broader than what is necessary to protect the Confidential Information. The Confidential Information permeates the documents the RSS Parties request to seal and, with limited exceptions, cannot practicably be segregated through narrower redactions without revealing its substance of the documents. Maintaining the Sealed Documents and other financial information under seal in their entirety is therefore necessary to preserve the confidentiality of the information they contain. With respect to the Motion to Enforce itself, the RSS Parties believe that redactions are as limited as possible.

8. In light of the highly confidential nature of the information at issue, the harm that could result from its public disclosure, and the absence of a practicable narrower alternative,

sufficient cause exists for the Court to grant the relief requested. Accordingly, the RSS Parties respectfully request entry of the proposed order.

**Notice**

9. Notice of this Sealing Motion will be provided to (a) counsel to the Frank S. Vellucci, Daniel S. Connolly and Rory Held, in their capacities as trustees of certain trusts in the B-Side Payment Group 1 (collectively, the "Trustees") and (b) any person or entity with a particularized interest in the subject matter of the Motion to Enforce. The RSS Parties respectfully submit that no further notice is required.

10. Other than the request to seal filed in the Wyoming Action (which was granted), no prior request for the relief sought herein has been made by the RSS Parties to this or any other court.

WHEREFORE, for the foregoing reasons, the RSS Parties respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: New York, New York
October 1, 2026

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ Stephan E. Hornung
Stephan E. Hornung

101 Park Avenue
New York, NY 101781
Tel.: (212) 309-6000
stephan.hornung@morganlewis.com

- and -

Barry J. Pollack
HARRIS TRZASKOMA, LLP
1300 19th Street, NW, Suite 700
Washington, D.C. 20036
Tel.: (202) 230-9647
bpollack@harristrz.com

*Co-Counsel for Richard Sackler, M.D. and Lin Gao*

Anne Penachio
PENACHIO MALARA LLP
245 Main Street, Ste. 450
White Plains, NY 10601
Tel.: (914) 946-2889
apenachio@pmlawllp.com

*Co-Counsel for Dr. Richard Sackler, M.D.*