HERBERT SMITH FREEHILLS KRAMER (US) LLP
Kenneth H. Eckstein
Rachael Ringer
David E. Blabey Jr.
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100

*Attorneys for the Purdue Master Disbursement Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **PURDUE PHARMA L.P., et al.,** | : | **Case No. 19-23649 (SHL)** |
| | : | **Jointly Administered** |
| **Plan Administration Trust.**[1] | : | |

# THE PURDUE MASTER DISBURSEMENT TRUST'S STATEMENT IN SUPPORT OF TRUSTEES' OBJECTION TO THE RSS PARTIES' REHEARING MOTION AND RELATED SEALING MOTION

The Purdue Master Disbursement Trust (the "MDT"), which was created in connection with the Debtors' Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors [D.I. 8233] (the "Plan") and the related Findings of Fact, Conclusions of Law, and Order Confirming the Eighteenth Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors [D.I. 8263] (the "Confirmation Order"), by and through its trustees, hereby files this statement (the "Statement") in support of the

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, were as follows: Purdue Pharma L.P. (7484); Purdue Pharma, Inc. (7486); Purdue Transdermal Technologies L.P. (1868); Purdue Pharma Manufacturing L.P. (3821); Purdue Pharmaceuticals L.P. (0034; Imbrium Therapeutics L.P. (8810); Adlon Therapeutics L.P. (6745); Greenfield Bio Ventures L.P. (6150); Seven Seas Hill Corp. (4591); Ophir Green Corp. (4594); Purdue Pharma of Puerto Rico (3925); Purdue Products L.P. (4140); Purdue Pharmaceutical Products L.P. (3902); Purdue Neuroscience Company (4712); Nayatt Cove Lifescience Inc. (7805); Button Land L.P. (7502); Rhodes Associates L.P. (N/A); Paul Land Inc. (7425); Quidnick Land L.P. (7584); Rhodes Pharmaceuticals L.P. (6166); Rhodes Technologies (7143); UDF LP (0495); SVC Pharma LP (5717); and SVC Pharma Inc. (4014). The Debtors' corporate headquarters were located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Objection to the RSS Parties' Rehearing Motion and Related Sealing Motion* [D.I. 9624] (the "Objection"), filed by Frank S. Vellucci, Daniel S. Connolly and Rory Held, in their capacities as trustees of certain trusts in the B-Side Payment Group 1 (collectively, the "Trustees").[2,3]

**The MDT Supports the Objection**

1. There is no legal or factual basis to grant the Rehearing Motion. As detailed in the Objection, the Rehearing Motion is yet another (but seemingly not the last)[4] attempt to cut back or undermine the Court's direct guidance in the Bench Ruling. But it fares no better than the RSS Parties' initial objection to the motion to enforce: all efforts to interfere with or undermine the Trustees' ability to perform under the Settlement Agreement are prohibited by the Stipulation and Confirmation Order, and the MDT will continue to object to all such efforts by the RSS Parties.

2. *First*, the Rehearing Motion improperly styles itself as a motion for "reconsideration," despite in fact seeking entirely new relief on the basis of purportedly new arguments. *See* Rehearing Motion at 1, 5-6; Loc. Bankr. R. 9023-1. It also fails to satisfy any ground for reconsideration of this Court's properly decided Bench Ruling. *See, e.g.*, *In re Sears Hldgs. Corp.*, 2022 WL 16703174, at *2–3 (Bankr. S.D.N.Y. Nov. 3, 2022) (Lane, J.). *Second*, the Rehearing Motion's requested relief would in any event violate the Confirmation Order and the Stipulation—regardless of whether Data LLC is a "Litigation Party"—because it would "interfere . . . with the Trustees', Payment Party's, or the B- Side Payment Group 1's ability to consummate, implement, and perform under the Purdue/Sackler Settlement Agreements." Stipulation ¶ 5(a)(iii)(1); *see also id.* ¶ 5(a)(iii)(2).

---

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Confirmation Order and/or the Objection.

[3] The MDT takes no position on any statements of fact in the Objection regarding what information the Trustees have provided the RSS Parties. *See, e.g.*, Objection at ¶ 12.

[4] The MDT is reviewing the Motion to Enforce Confirmation Order and Settlement Stipulation [Dkt. No. 9622] filed on October 1, 2026 and reserves all rights with respect to the relief requested by the RSS Parties in that latest motion.

3. The Rehearing Motion's attempt to further interfere with the MSA is yet another example of the RSS Parties violating their own commitments, including, among others, those in Paragraph 33 of the Confirmation Order. But, at bottom, the Rehearing Motion is nothing more than another attempt to delay the RSS Parties' compliance with the Bench Ruling, as well as the Stipulation and Confirmation Order.

4. As already recognized by this Court, such conduct comes at the expense of the creditors and creditor victims. In fact, the MDT is charged under the Plan with enforcing the MSA and the MDT Shareholder Rights to, among other things, ensure distributions are made and made timely for the ultimate benefit of the MDT's opioid creditor beneficiaries. *See* Plan at 27. And as discussed at length in connection with the litigation of the Trustees' Motion to Enforce, the MDT's beneficiaries specifically negotiated for the Stipulation and undertakings in the Confirmation Order to ensure ***for the lifetime of the settlement*** that the RSS Parties cannot take actions to destabilize the Plan or threaten the ability of B-Side Payment Group 1 to comply with their obligations under the Plan, and for provisions prohibiting any causes of action against any other Litigation Party for 14 months following the Effective Date. Stipulation ¶ 3. The Rehearing Motion is just a new attempt to undermine the bargained-for terms of the Stipulation and Confirmation Order, and should not be sanctioned by this Court.

5. For these and the other reasons set forth in the Objection, the Rehearing Motion should be denied.[5]

[5] For the avoidance of doubt, the MDT views the Rehearing Motion (as well as the RSS Parties' appeals) as part and parcel of the same conduct that prompted the Court to grant relief in the Motion to Enforce, and requests that all costs relating to the MDT's obligation to continually respond to such issues be reimbursed by the RSS Parties in furtherance of the Bench Ruling and related Order.

## RESERVATION OF RIGHTS

6. By supporting the Objection (and seeking costs incurred related thereto), the MDT in no way waives any potential additional or alternative relief, including but not limited to compensatory, punitive, and consequential damages for, and/or an award of additional costs and fees for, expenses incurred in connection with this or other violations of the Plan, the Confirmation Order, the Stipulation, the MSA, Annex G, and/or any other settlement document, whether such violation has already occurred or is yet to occur, and the MDT hereby expressly reserves any and all potential current or future such rights, claims, and/or relief, whether relating to the Interference Actions or otherwise.

7. The MDT further hereby expressly reserves any and all rights to issue a Notice of Breach, delivery of which, under Annex G to the MSA, would constitute a "Breach Trigger," which, if not cured within thirty days, could mature into a "Specified Breach" for any past or future violations of the Bench Ruling, the Stipulation or the Confirmation Order by any or all of the RSS Parties. *Id.* Such a Specified Breach by the RSS Parties could result in an "Enforcement Event," (*Id*. at §1.02, "Enforcement Event" definition subsection (i) and (ii)), and allow for the MDT to exercise remedies without regard to the last-out collateral protections set forth in Section 6.03 of Annex G. *See* MSA Annex G § 6.03 ("Upon the occurrence and during the continuance of any Enforcement Event not arising from a Specified Breach set forth in the immediately preceding sentence, the Secured Party may at any time exercise remedies with respect to the Collateral.").

## **CONCLUSION**

WHEREFORE, the MDT respectfully requests this Court (i) deny the relief requested in the Rehearing Motion; (ii) direct the RSS Parties to continue to comply with the Bench Ruling and, in accordance with this Court's prior orders, reimburse the MDT for its reasonable legal fees and expenses related to this Statement, and (iii) grant such other and further relief as is just.

Dated: October 2, 2026

Respectfully submitted

/s/ *Rachael Ringer*

Kenneth H. Eckstein
Rachael Ringer
David E. Blabey Jr.
HERBERT SMITH FREEHILLS KRAMER (US) LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Email: Kenneth.Eckstein@hsfkramer.com
Rachael.Ringer@hsfkramer.com
David.Blabey@hsfkramer.com

*Attorneys for the Purdue Master Disbursement Trust*