Stephan E. Hornung
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Tel.: (212) 309-6000
stephan.hornung@morganlewis.com

*Co-Counsel for Richard Sackler, M.D. and Lin Gao*

Barry J. Pollack
HARRIS TRZASKOMA, LLP
1300 19th Street, NW, Suite 700
Washington, D.C. 20036
Tel.: (202) 230-9647
bpollack@harristrz.com

*Co-Counsel for Richard Sackler, M.D. and Lin Gao*

Anne Penachio
PENACHIO MALARA LLP
245 Main Street, Ste. 450
White Plains, NY 10601
Tel.: (914) 946-2889
apenachio@pmlawllp.com

*Co-Counsel for Richard Sackler, M.D.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., et al.[1] | Chapter 11<br><br>Case No. 19-23649 (SHL)<br><br>Jointly Administered |

**THE RSS PARTIES' REPLY IN FURTHER SUPPORT OF LIMITED MOTION FOR REARGUMENT OR, IN THE ALTERNATIVE, FOR ENTRY OF AN ORDER CONFIRMING THAT AN ACCOUNTING ACTION DOES NOT VIOLATE THE SETTLEMENT STIPULATION OR CONFIRMATION ORDER**

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, were as follows: Purdue Pharma L.P. (7484); Purdue Pharma, Inc. (7486); Purdue Transdermal Technologies L.P. (1868); Purdue Pharma Manufacturing L.P. (3821); Purdue Pharmaceuticals L.P. (0034); Imbrium Therapeutics L.P. (8810); Adlon Therapeutics L.P. (6745); Greenfield Bio Ventures L.P. (6150); Seven Seas Hill Corp. (4591); Ophir Green Corp. (4594); Purdue Pharma of Puerto Rico (3925); Purdue Products L.P. (4140); Purdue Pharmaceutical Products L.P. (3902); Purdue Neuroscience Company (4712); Nayatt Cove Lifescience Inc. (7805); Button Land L.P. (7502); Rhodes Associates L.P. (N/A); Paul Land Inc. (7425); Quidnick Land L.P. (7584); Rhodes Pharmaceuticals L.P. (6166); Rhodes Technologies (7143); UDF LP (0495); SVC Pharma LP (5717); and SVC Pharma Inc. (4014). The Debtors' corporate headquarters was located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Dr. Richard Sackler, M.D. and Lin Gao (together, the "RSS Parties"), by and through their undersigned counsel, submit this Reply in further support of the RSS Parties' Limited Motion for Reargument or, in the Alternative, for Entry of an Order Confirming that an Accounting Action Does Not Violate the Settlement Stipulation or Confirmation Order.[2]

**Preliminary Statement**

The RSS Parties seek very limited relief. They seek permission to file an accounting action against Data LLC, solely in its capacity as trustee of the FPC Trust, the BRP Trust, the XPC Trust, and the PRAH Trust. Because, as discussed more fully below, (i) Data LLC, in its capacity as trustee of the FPC Trust, the BRP Trust, the XPC Trust, and the PRAH Trust, is not a Litigation Party, and (ii) an accounting action would not interfere with the Trustees' ability to "consummate, implement, and perform" under the MSA, the Court should grant the RSS Parties' Motion and enter an order authorizing the RSS Parties to commence an accounting action substantially in the form attached to the Motion as **Exhibit A**.

**Argument**

**I. THE COURT SHOULD FIND THAT AN ACCOUNTING PROCEEDING MAY PROCEED**

**A. Data LLC, in Its Capacity as Trustee of the FPC Trust, the BRP Trust, the XPC Trust, and the PRAH Trust, Is Not a Litigation Party**

1. The Trustees contend that an action against Data LLC, solely in its capacity as trustee of the FPC Trust, the BRP Trust, the XPC Trust, and the PRAH Trust, is an action against a Litigation Party because the definition of Litigation Parties includes "each of the named persons and entities in their capacities as Side B Payment Group 1 members" and "an action

[2] All undefined capitalized terms shall have the meanings given to them in the Motion, the Settlement Stipulation, or the Confirmation Order, as applicable.

against Data LLC is an action against the "Trustees." (Trustees' Obj. ¶ 8.)[3] These contentions are incorrect as a matter of contract, trust, and corporate law.

2. In the absence of any ambiguity, the Settlement Stipulation must be enforced according to its plain meaning without resorting to extrinsic evidence. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 766 (10th Cir. 2021). Here, the definition of Litigation Party includes the Plaintiffs and the Defendants in the Wyoming Action together with the RSS Parties and other individual defendants in their respective personal, representative, and fiduciary capacities. (Motion, Ex. B, Recital B.) There is no language in the definition of Litigation Parties that extends to Data LLC acting in any other capacity other than the capacity in which it was named in the lawsuit. Accordingly, since Data LLC, in its capacity as trustee of the FPC Trust, the BRP Trust, the XPC Trust, and the PRAH Trust, was neither a Plaintiff nor a Defendant in the Wyoming Litigation, and it is not an individual (in any capacity), it is not a Litigation Party.

3. The result is the same under trust law. Data LLC is a trustee of fourteen trusts and was named as a defendant in the Wyoming Litigation in its capacity as trustee for a single trust: the 1989 Irrevocable Trust f/b/o RSS Issue. The RSS Parties could not have obtained relief in the Wyoming Action with respect to the FPC Trust, the BRP Trust, the XPC Trust, or the PRAH Trust any more than they could have obtained relief with respect to the nine other trusts for which Data LLC is the trustee. *See, e.g.*, *Ace Invs., LLC v. Rubin*, 494 F. App'x 856, 859 (10th Cir. 2012) (recognizing that a trustee can act in multiple capacities and holding that

[3] The Trustees attack the RSS Parties for the timing of their motion and for filing a notice of appeal (Trustees' Obj. ¶ 2), but they do not dispute that the RSS Parties timely filed their motion or explain why the filing of a notice of appeal is somehow improper. In any event, there are no current appellate deadlines, given the pending Motion. *See* Fed. R. Bankr. Proc. 8002(b)(2).

under Utah's version of the Uniform Trust Act, the district court may not rely on specific personal jurisdiction over a trustee in her capacity as the trustee of the one trust to exercise personal jurisdiction over the trustee personally or in her capacity as the trustee of a different trust).

4. Finally, the Trustees' claim fails under well-established corporate law. Data LLC is a limited liability company organized under the laws of the State of Wyoming. A claim against a limited liability company is not a claim against its members or managers or any trustees of the company's members or managers, in the absence of piercing the corporate veil or some other basis to disregard corporate formalities. *See generally Gasstop Two, LLC v. Seatwo, LLC*, 225 P.3d 1072, 2010 WY 24, ¶¶ 8–12 (Wyo. 2010) (explaining that the members of a limited liability company are not responsible for the debts of the company and rejecting plaintiff's attempts to pierce the corporate veil). If the Trustees were correct, then every lawsuit against a limited liability company would subject its members and managers to liability.[4]

5. The Trustees also argue that the Motion should be denied because, according to the Trustees, the RSS Parties did not, in response to the Trustees' enforcement motion, argue that Data LLC was not a Litigation Party. (Trustees' Obj. ¶ 7.) While technically true, it misses the point. The Trustees did not contend that Data LLC was a Litigation Party. Rather, in their enforcement motion, the Trustees were clear that Data LLC was *not* a Litigation Party, arguing only that Data LLC was "controlled" by a Litigation Party. (*See* ECF No. 9189 ¶ 3(b) (arguing that "Data Trust"—not Data LLC—is "a Litigation Party in the Wyoming Action"); ECF No. 9389 ¶ 12(c) (same); *see also* ECF No. 9189 ¶ 5 (explaining that Data LLC is a "Trustee[]"

[4] Similarly, the automatic stay does not apply to owners, members, officers, and directors of a debtor. Instead, to obtain the benefit of the automatic stay, a non-debtor must obtain an order pursuant to section 105(a) of the Bankruptcy Code extending the automatic stay.

under paragraph 5(a) of the Settlement Stipulation).) The Trustees reiterated this distinction during oral argument, stressing that the definition of "Litigation Party" in paragraph 3 of the Stipulation was not coextensive with the definition of "Trustees" in paragraph 5, with the definition of Trustees being much broader. (Motion ¶ 11 (citing June 29, 2026, Tr. at 24:22–25:7).) Nowhere in their motion, in their reply, or during oral argument did the Trustees contend that Data LLC, in its capacity as trustee of the FPC Trust, the BRP Trust, the XPC Trust, and the PRAH Trust, was a Litigation Party. The Trustees did not seek a ruling on this point; the RSS Parties had no reason to brief or argue it; and the RSS Parties did not have reason to anticipate that a ruling on this particular point would be forthcoming.

### B. An Accounting Action Does Not Violate Paragraph 5 of the Stipulation

6. In response to the Trustees' enforcement motion, the RSS Parties argued that a request for information does not interfere with the Trustees' ability to consummate the Plan (and the MSA). (Motion ¶ 12 (citing ECF No. 9204).) The Trustees did not dispute this point directly, contending that the original accounting petition was an Interference Action because, in addition to information, it also sought distributions in violation of Section 5.01 of Annex E of the MSA. (ECF No. 9390 ¶¶ 13, 15.) It was on this basis that the Court concluded that the original petition interfered with the Trustees' implementation of the MSA. (*See* Motion ¶ 13 (citing Bench Ruling 29:25–30:09).) The RSS Parties, having raised the argument previously, seek clarity that an accounting action that requests information only does not violate the non-interference provisions in paragraph 5 of the Settlement Stipulation.[5] To the extent that the

[5] To be sure, while the amended petition was not filed in connection with the Trustees' original motion, it should not be considered "new material." (*See* Trustees' Obj. ¶ 10 (citing *In re Centric Brands, Inc.*, No. 20-22637 (SHL), 2022 WL 1132046, at *2 (Bankr. S.D.N.Y. Apr. 15, 2022).) The RSS Parties' legal arguments and the substance of the amended petition were before the Court. The amended petition simply removes the request for distributions.

Court determines that reargument or reconsideration is not the appropriate vehicle for their request, the RSS Parties' motion included, as alternative relief, a request for a "comfort order" regarding the applicability of a disputed provision in the Settlement Stipulation.

7. The amended petition seeks information related to four trusts that Dr. Sackler is unquestionably entitled to receive. (*See* Motion, Ex. A at 1, 9, ¶¶ 27–34.) The Trustees claim that the amended petition "challenges the Trustees' oversight, management and decision-making with respect to assets of Annex E Trust Pledgors" (Trustees' Obj. ¶ 11), but they do not cite to the petition or explain how the requested relief challenges their oversight, management, and decision-making or otherwise interferes with their ability to "consummate, implement, and perform" under the MSA.[6] It does not. In fact, the Trustees concede that Dr. Sackler may request information from Data LLC without violating the Settlement Stipulation. However, they contend that those information requests may be ignored and that Dr. Sackler is without recourse for, apparently, the next fifteen years. (*Id.* ¶ 11 ("In short, while trust beneficiaries can request information from Annex E Trust Pledgors, they cannot ***sue*** to obtain information from the Litigation Parties, at least during the Litigation Standstill, and potentially for the life of the settlement." (emphasis in original)).) But, as discussed above, the amended petition is not against a Litigation Party, and the ratification and consent provisions in paragraph 5 of the Settlement Stipulation cannot protect the Trustees because their failure or refusal to provide information is not an action taken in "furtherance" of the MSA. (*Cf. id.* ¶¶ 1, 17.)

8. The Trustees contend, as they did in their reply, that they have already provided "voluminous information" to Dr. Sackler. (*Id.* ¶ 12.) But the Trustees offered only the unsworn

[6] The MDT's statement is similarly without substance on this point, contending, without explanation, that the amended accounting action would somehow "destabilize the Plan" or otherwise "threaten the ability of the B-Side Payment Group 1 to comply with their obligations under the Plan." (MDT Statement ¶ 4; *see also id.* ¶¶ 1, 3.)

argument of counsel—not a declaration or affidavit identifying the information that was allegedly provided; the information the Trustees cite is not dispositive of Dr. Sackler's information requests, which cover, among things, time periods after the last supposed accounting; and the extent of the information actually provided to Dr. Sackler is in dispute. In any event, the Trustees may assert that they have already provided the requested information as a defense on the merits in the accounting action. The RSS Parties submit that Court cannot reach the merits of the underlying accounting petition on the record before it. Rather, before the Court is the limited issue of whether the amended accounting petition violates the Settlement Stipulation.

9. Finally, the RSS Parties are not, as the Trustees suggest, seeking an improper advisory opinion. (*Id.* ¶ 10.) Bankruptcy courts routinely enter comfort orders where, as here, there is concern that actions may subject a creditor or other party-in-interest to sanctions or a contempt ruling. "The power to issue comfort orders is encompassed within § 105 of the Bankruptcy Code." *In re FDV Artfolio LLC*, No. 19-11661-JDL, 2019 WL 2246713, at *2 (Bankr. W.D. Okla. May 23, 2019) (explaining that "[c]omfort orders serve a valuable purpose" by identifying and reiterating what has already occurred by operation of law and protecting parties from violating, for example, the automatic stay by obtaining "a cloak of cover from the court" (citation omitted)); *see In re Herisse*, No. 25-22693 (DSJ), 2026 WL 1470316, at *1 (Bankr. S.D.N.Y. May 22, 2026) (granting motion for a "comfort order" confirming that automatic stay does not apply); *In re KG Winddown, LLC*, 628 B.R. 739, 749 (Bankr. S.D.N.Y. 2021) (Glenn, J.) (explaining that comfort orders "are appropriate in many circumstances," including to eliminate ambiguities). The RSS Parties believe that the amended accounting petition action is allowed under the Settlement Stipulation, but given the Trustees and the MDT's

position and the Court's Bench Ruling, the RSS Parties seek confirmation so that they do not subject themselves to further sanctions or a contempt finding.

## II. THE COURT SHOULD NOT AWARD FEES TO THE TRUSTEES OR THE MDT ON THIS MOTION

10. The Court should not award fees to the Trustees or the MDT for responding to this Motion. The RSS Parties are asking for limited relief to pursue an action that, on its face, is not prohibited by the Settlement Stipulation. At worst, the Settlement Stipulation is ambiguous as to whether an accounting action against Data LLC, in its capacity as trustee of four trusts that are not Litigation Parties, is prohibited. The limited relief the RSS Parties seek is fully consistent with the terms of the Confirmation Order, the Bankruptcy Rules, and the Court's jurisdiction over any dispute related to the interpretation of the Settlement Stipulation and Confirmation Order. Accordingly, there is no basis to award attorneys' fees.

## III. THE COURT SHOULD GRANT THE SEALING MOTION

11. The RSS Parties were unable to locate an order authorizing the Settlement Stipulation to be filed under seal and, in an abundance of caution, attached an unredacted copy of the Settlement Stipulation because they are relying on portions of the Settlement Stipulation that were redacted on the public docket. The Trustees do not take issue with the Settlement Stipulation remaining under seal.

12. The Trustees nonetheless object to the filing of the draft of the amended petition under seal because they contend that it was not previously filed under seal in Wyoming and that the RSS Parties have previously disclosed much of the substance in prior filings before the Court. (Trustees' Obj. ¶ 14.) The proposed pleading is an amended version of a petition that was previously filed under seal in Wyoming State Court (and in this Court). (*See* ECF No. 9189, Ex. C.) The RSS Parties attached an amended petition to the Motion so that it was clear to the

Court precisely what Dr. Sackler was proposing to file in Wyoming. If the RSS Parties' Motion is granted, the amended petition will be filed under seal. *See Wyo. Stat. Ann.* § 4-10-205 (providing that a trust administration petition is automatically sealed and not made part of the public record). Accordingly, the RSS Parties believe the Motion to Seal should be granted.[7]

**Reservation of Rights**

13. The Trustees have raised numerous issues under their purported "Reservation of Rights," which are not currently before the Court—for example, a dispute over whether the Trustees may unilaterally take control of artwork that is 50% owned by Dr. Sackler and subject to his "naked Pledge" and the RSS Parties' separate motion to enforce the Settlement Stipulation and Confirmation Order. (Trustees' Obj. ¶¶ 15–16.) The artwork is not before the Court on this Motion, and the RSS Parties will respond to the Trustees' contentions regarding their pending enforcement motion in due course.

14. Nonetheless, the RSS Parties feel compelled to respond to the Trustees' suggestion that the RSS Parties have somehow acted improperly with respect to the artwork that is jointly owned by Dr. Sackler and the Captain's Trust. The Trustees have said that any purchaser of the Captain's Trust's 50% stake in the artwork is entitled to possess and enjoy the artwork but apparently contend that Dr. Sackler's 50% undivided interest in the artwork does not afford him those same rights. That cannot be so. In any event, that issue is not before the Court on this Motion, and any resolution as to the artwork can await another day.

**Conclusion**

WHEREFORE, for the foregoing reasons and the reasons set forth in the Motion and the Motion to Seal, the RSS Parties request that the Court (i) grant the RSS Parties' Motion and

---

[7] To the extent the Court finds the Petition should be filed in redacted form, the RSS Parties request permission to submit proposed redactions.

Motion to Seal; (ii) (a) amend the Order to allow the RSS Parties to pursue an accounting action against Data LLC, solely in its capacity as trustee of the FPC Trust, the BRP Trust, the XPC Trust, and the PRAH Trust, or (b) enter a separate order confirming that filing an accounting petition against Data LLC, solely in its capacity as trustee of the FPC Trust, the BRP Trust, the XPC Trust, and the PRAH Trust, does not violate the Stipulation or Confirmation Order and authorizing Dr. Sackler to file an accounting petition in substantially the form attached to the Motion as **Exhibit A**; (iii) deny any request for the attorneys' fees; and (iv) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 7, 2026

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ Stephan E. Hornung
Stephan E. Hornung
101 Park Avenue
New York, NY 10178
Tel.: (212) 309-6000
stephan.hornung@morganlewis.com

- and -

Barry J. Pollack
HARRIS TRZASKOMA, LLP
1300 19th Street, NW, Suite 700
Washington, D.C. 20036
Tel.: (202) 230-9647
bpollack@harristrz.com

*Co-Counsel for Richard Sackler, M.D. and Lin Gao*

Anne Penachio
PENACHIO MALARA LLP
245 Main Street, Ste. 450
White Plains, NY 10601
Tel.: (914) 946-2889
apenachio@pmlawllp.com

*Co-Counsel for Dr. Richard Sackler, M.D.*