Ronald Bass, Sr.,
450 Little Place, Apt. 53
N. Plainfield, NJ 07060
(908) 374-9321
ronaldbass12345@gmail.com

FILED
U.S. BANKRUPTCY COURT
2026 OCT 15 P 12:55
S.D.N.Y.

Vito Genna, Clerk of Court
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

(Jointly Administrated)

**In re:** Purdue Pharma, L.P., et al.,
Case No. 19-23649(SHL)

Dear Clerk

Find 1 copy of my objections to Dr. Richard Sackler, M.D.
and Lin Gao., to enforce confirmation order and settlement stipulations, see attachments for third-parties, non-debtors and third parties liabilities of the United States Department of Health and Human Services, Food and Drug Administration, Curtis Wright, et al.,

Attached Proof of Services has been sent by email and regular mail.

[signature]
Ronald Bass, Sr.

# EXHIBITS

1. Letter from the U.S. Department of Health and Human Servcies, in reference to my son services, **Opioid** related, date July 9, 2019, from the Children Bureau, Region II, New York.
2. Notice of Hearing regarding Purdue Pharma, et al.,in Mediation of, Case No. 19-23649(SHL).
3. Letter from the U.S. Department of Health and Human Services, and Food and Drug Administration Approving the OxyContin, Dated December 12, 1995.
4. Purdue Pharma, L.P., letter dated August 17, 2001 application from OxyContin.
5. Letter from Purdue Pharma, L.P., dated April 30, 2021 Application for OxyContin.
6. Letter from Purdue Pharma, L.P., dated June 7, 2001 Application for OxyContin.
7. Letter from Purdue Pharma, L.P., dated December 5, 20000 for Application for OxyContin.
8. Court Transcript November 13, 2025, and Affidavit of Corrections to the Transcript.
9. A listing of Pain Management Doctors who were prescribing me opioid medicine and Public Employees of the State of New Jersey who are defendants to the claim.

All application were correspondence with the Food and Drug Administration

Ronald Bass Sr

Ronald Bass, Sr.

10. Family Court Order Dated 5/23/2011

## PROOF OF SERVICES

I certified that I have sent by regular mail via the United State Postal Services on October 2026 copies of my objections to the following people below:

1. Counsel for the Debtors, Purdue Pharma, L.P.,
   Davis Polk &Wardwell LL:P
   450 Lexington Avenue
   New York, NY 10017
   Attn: Marshall S. Huebner, Esq. and
   Benjamin S. Kaminestzky, Esq.

2. The Bankruptcy Claims and Noticing Agent
   Omni Agent Solutions, Inc. (or Kroll Restructuring Administration
   Serving as claims/noticing agent)
   5955 DeSoto Avenue, Suite 100
   Woodland Avenue, CA 91367

3. Counsel for the Sackler Family/ Non-Debtor Settling Parties
   Joseph Hage Aaronson LLC
   (Counsel for the Raymond Sackler family)
   800 Third Avenue, 30th Floor
   New York, NY 10022

4. Debevoise & Plimpton LLP
   (Counsel for Beacon Company)
   66 Hudson Boulevard
   New York, NY 10001

5. Creditor/Victim Group Representatives
   White & Case LLP
   (Co-Counsel for the Ad Hoc Group of Individual Victims)
   Southeast Financial Center, Suite 4900

200 South Biscayne, Boulevard
Miami, FL 33131

6. Office of the United States Trustee
United States Trustee for the Southern District of New York
Alexander Hamilton Custom House
1 Bowling Green, Suite 534
New York, NY 10004

**Courtesy Copies sent to**

Chief United States Bankruptcy Judge
Honorable, Sean H. Lane
One Bowling Green
New York, NY 10004-1408

Stephan E. Hornung
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York 10178
stephan.hornung@morganlewis.com

Anne Penachio
PENACHIO MALARA LLP
245 Main Street, Suite 450 Ste. 450
White Plains, NY 10601
apenachio@pmlawllp.com

Barry J. Pollack
HARRIS TRZASKOMA, LLP
1300 19th Street, NW, Suite 700
Washington, DC 20036
bpollack@harristrz.com

# EXHIBITS

1. Letter from the U.S. Department of Health and Human Servcies, in reference to my son services, **Opioid** related, date July 9, 2019, from the Children Bureau, Region II, New York.
2. Notice of Hearing regarding Purdue Pharma, et al.,in Mediation of, Case No. 19-23649(SHL).
3. Letter from the U.S. Department of Health and Human Services, and Food and Drug Administration Approving the OxyContin, Dated December 12, 1995.
4. Purdue Pharma, L.P., letter dated August 17, 2001 application from OxyContin.
5. Letter from Purdue Pharma, L.P., dated April 30, 2021 Application for OxyContin.
6. Letter from Purdue Pharma, L.P., dated June 7, 2001 Application for OxyContin.
7. Letter from Purdue Pharma, L.P., dated December 5, 20000 for Application for OxyContin.
8. Court Transcript November 13, 2025, and Affidavit of Corrections to the Transcript.
9. A listing of Pain Management Doctors who were prescribing me opioid medicine and Public Employees of the State of New Jersey who are defendants to the claim.

All application were correspondence with the Food and Drug Administration

Ronald Bass, Sr.

Ronald Bass, Sr.

10. Family Court Order Dated 5/23/2011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**In re: PURDUE PHARMA, L.P., et al.,**
**Case No. 19-23649 (SHL)**

**(Jointly Administrated)**

**Creditor Ronald Bass, Sr.**
**Objection To The Release,**
**Settlement and Stipulation**
**(RSS) Motion and Concurrent Same-Day**
**Probate Insolvency Decrees of the Estates**

To The Honorable Sean H. Lane,
United States Bankruptcy Judge:

**Comes Now,** Creditor Ronald Bass, Sr.,

(appearing pro se, for himself and on

Behalf of his children), and respectfully submits this formal **"Objection"** to the **Release, Settlement,** and **Sharing (RSS)** motion and related confirmation structures. This objection incorporates all previously filed formal claims, notices, pending appeals, and the vital factual history establishing non-debtor third-parties liabilities, artificial insolvency, and systemic due process violations.

## I INTRODUCTION AND PROCEDURAL BACKGROIUND

1. Nature of the Claim: The Claimant's underlying claims stem from severe physical, financial, and emotional injuries caused by approximately to years of medically prescribed OxyContin-opioid and its synthetics opioids use,

manufactured and distributed by Purdue Pharma L.P., et al., which was directly owned, operated, and controlled by members of the Sackler family, including decedents Jonathan D. Sackler and Beverly Sackler.

2. Proper Presentation and Preservation: The Claimant has formally presented written claims against the estates of Jonathan D. Sackler (Greenwich Probate Court Case No. 20-00284) and Beverly Sackler (Case No. 19-00460) pursuant to Connecticut General Statutes § 45a-378 and § 45a-357, while maintain active appellate challenges regarding jurisdictional overreach and non-consensual third-parties releases.

**II OBJECTION TO COORDINATED SAME-DAY INSOLVENCY RULING AND ARTIFICIAL INSOLVENCY.**

1. Collusive Timing in Probate and Bankruptcy Courts proceedings: The Greenwich Probate Court granted the fiduciaries and their attorneys insolvency designations for the estates of the deceased Sacklers on the exact same day, and merely one hour prior to concurrent proceedings held in this Bankruptcy Court.
2. Evasion of Debtors accountability: This synchronized judicial timing constitutes an engineered, **"de facto"** discharge mechanism designed to strip assets and bypass independent creditor scrutiny. Rather than legitimate financial distress, this artificial insolvency attempts to shield the multi-billion-dollar wealth transfers (such as the 11 billion dollar moved out of Purdue Pharma, L.P., between 2008 and 2016 into entities like the Beacon Company and Rosebey Medical Company L.P.) from being properly scrutinized and clawed back under state law.

3. Violation of Harrington: Executing coordinated insolvency decrees across forums while active appeals and formal claims are pending is an impermissible end-run around Harrington v. Purdue Pharma L.P., which dictate that the bankruptcy code does not authorize non-consensual releases discharging claims against non-debtors and third-parties liabities.

**III INTEGRATION OF OPIOID ADDICTION, SMUGGLED MISINFORMATION, AND SYTEMIC NON-DEBTOR THIRD-PARTY LIABILITIES.**

1. Root Cause of Harm and Exploitation: The severe physical and medical vulnerabilities resulting from a history of false imprisonment and from a decade of prescribed opioids usages directly crested the foundation for subsequent systemic exploitation and civil entanglement for a political agenda in violation of federal and states constitution.
2. Smuggled Misinformation in Civil Action 95-, as part of broader pattern of the third-party liabilities and deceptive practices, of misleading information regarding the Claimant's opioid-induced circumstances was improperly smuggled into Civil Action No. 95-1756(MTB)(SRC). This bizarre procedural anomaly originated from a Hertz Rental vehicle and traffic ticket originally handled by U.S. Magistrate Judge Chesler, and New Jersey/Essex County Deputy Attorney Raymond Hoffman, which inexplicably came before U.S. District Judge Jose L. Linares for no apparent reasoning, other than defamation of my character.
3. Unestablished Paternity and unlawful State actions: Compounding these violations, these proceeding improperly injected matters concerning a child for whom the State of New Jersey has used for a political shield and a child for whom the State of New Jersey has never legally or formally established

the claimant as the biological father. This unlawful state action forms an integral component of the claimant's injuries and non-debtor third-party liabilities, as well as the contracting parties of Family Services of Paramus, New Jersey.

**IV RELIEF REQUESTED**

**WHEREFORE, Creditor Ronald Bass, Sr. respectfully requests that this Court:**

1. **DENY** the RSS motion and any associated confirmation structures that seek to impose non-consensual third-party releases or injunctive relief extinguishing the claimant's rights.
2. **CAVE OUT** the Claimant's direct claims and unadjudicated liabilities completely from any confirmation plan stay or settlement plan framework.
3. **ENTER** a stipulation or order protecting the Claimant's right to pursue full recovery regarding the many, many years of my medically prescribed OxyContin and synthetic opioid usage manufactured by Purdue Pharma, L.P., owned and managed by the Sackler family and associated non-debtors liabilities.

**Respectfully submitted**

Ronald Bass, Sr.

Ronald Bass, Sr.
450 Little Place, Apt. 53
N. Plainfield NJ 07060
(908) 374-9321
Ronaldbass12345@gmail.com