UNITED STATES BANKRUPTCY COURT
DISTRICT DIVISION

BRIITSH MOSS,
CLAIMANT/CREDITOR,

CHAPTER 11

CASE NO: 19-23649(shl)

vs.

Purdue Pharma, LP, et al.,
REORGANIZED DEBTORS/DEFENDANTS,
IN THEIR OFFICIAL CAPACITY.

FILED
U.S. BANKRUPTCY COURT
2026 OCT 20 P 4:28
S.D. OF N.Y.

MOTION TO HEAR/RULE ON THE CREDITORS PROOF OF CLAIM
CLAIM #'s: 628493, 628523, 628555, 629211, & 629347.

THE CREDITOR NOW, FILE'S THIS MOTION PURSUANT TO FED.R.CIV. P. RULE 23 (a)(2) PROOF OF CLAIM FOR RELIEF.

THIS HONORABLE COURT HAS JURISDICTION UNDER 11U.S.C.§501(b), AND RULE 3004.

EACH DEBTOR(S) et al., FOR THIS CLASS ACTION SETTLEMENT VIOLATED THE CLAIMANTS 1st...4th....5th....6th....8th.... AND 14th... AMENDMENT RIGHTS TO DUE PROCESS.

IN THAT ON THIS DAY OF October 09, 2026 .THE CLAIMANT/CREDITOR SUBMITTED AN OFFICIAL DATE/TIME STAMP ENDORSED BY THE PRISONS' MAIL ROOM STAFF, THUS QUALIFYING THE CREDITOR'S PROOF OF CLAIMS' AS TIMELY FILED, AND INDICATING FOR THE RECORD , THAT THE CREDITORS CLAIM(s) WERE RECEIVED BEFORE THE DEADLINE/BAR DATE UNDER THE '"MAIL BOX RULE"'.

SINCE THE DISCHARGE OF THE CLAIMANT'S PROOF OF CLAIM (410) FORM, THE CREDITOR HAS BEEN ANTICIPATING WELL PAST THE LEGAL EXPECTATIONS' TO RECEIVE JUSTICE [A] CLAIM NUMBER , AND OR, BE COMPENSATED IN FULL FOR HIS UNFORESEEABLE MENTAL/PHYSICAL INJURIES.....SEE ALL EXHIBITS THAT APPLY.

THE DEBTOR'S FAILED TO PROVE , AND OR, PROVIDE THIS HONORABLE COURT WITH TANGIBLE EVIDENCE THAT THE CLAIMANT'S PROOF OF CLAIM WAS NOT TIMELY FILED , UNDER THE '"MAIL BOX RULE"', IN VIOLATION OF FED.R. BANKR. P. RULE 3001(f), AND 3021(a), FED.R. BANKR. P. RULE 7068, AND FED. R.CIV. P. 68(b), PURSUANT TO U.S. SUPREME COURT CITING, HOUSTON V. LACK, (1988).

THEREFORE , THE CREDITOR'S (PROOF OF CLAIM) IS DEEMED TIMELY FILED, AND THE CREDITORS' IS DUE THE FULL LUMP SUM WALKAWAY PAYMENT FOR A TEIR-1 VICTIM SUFFERING WITH NEUROLOGICAL ORGANIC BRAIN DAMAGE, SINCE (1996) SUPPORTED BY : DR. HEATHER HOLMS , DR. JETHRO TOOMER, DR. MICHELE QUIROGA, DR. REBECCA COOPER, DR. STEVEN N GOLD, DR. ROBERT H. OUAOU , DR. GEOFFREY W. COLINO , AND DR. BRAD FISHER (deceased)...

THE CREDITOR CAN ALSO PROVE, AND PROVIDE EXCUSABLE NEGLECT, AND EXTRAORDINARY CIRCUMSTANCES FOR RELIEF UNDER FED.R. BANKR. P. 9006(b)(1) AND 9024..[.]

THE CLAIMANT'S POSITION REMAINS INTACT, AND DECLARED AGAINST THE DEBTOR(s), THE CLAIM/SETTLEMENT ADMINISTRATORS, AND THE TRUSTEE(s) FOR DELIBERATELY IGNORING THE CREDITORS CLAIM(S) AND INJURIES PAST THE LEGAL DUE DATE FOR A TIMELY RESPONSE, PROTECTED BY THE CLAIMANT'S ,1st..., 5th..., 6th..., AND 14th...,AMENDMENT RIGHTS TO EQUAL PROTECTION OF THE LAW , IN VIOLATION OF (UFTA) , AND (UFCA) ACT'S OF 1918.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS HEREIN ARE TRUE/CORRECT TO THE BEST OF MY KNOWLEDGE, AND OR, MY ABILITIES., '"DULY EXECUTED" ON 10-9-2026 .

RESPECTIVELY SUBMITTED BY :

/s/ mr. Britsh Moss
BRIITSH MOSS, CLAIMANT/CREDITOR
3142 THOMAS DRIVE
DC# 184797/ DORM-D1-108-L
Bonifay, Florida 32425

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

British Moss, as Next of Kin to Gail A. Moss (deceased) creditor(s).

In re:

PURDUE PHARMA L.P., et al.,

Debtors.

Chapter 11
Case No. 19-23649 (SHL)

--------------------------------------------------------X

MOTION OF PRO SE CLAIMANT BRITISH D. MOSS TO ENFORCE PRIOR RELIEF, COMPEL FINAL DETERMINATION OF CLAIM STATUS, AND, IF CLAIMS ARE QUALIFIED AND ALLOWED, DIRECT PROMPT DISTRIBUTION OF FUNDS

Pro Se Claimant British D. Moss respectfully moves this Court for an order requiring the appropriate Plan Administrator, Personal Injury Trust, Claims Administrator, trustee, and/or other entity responsible for administration of his Purdue Pharma personal-injury claims to provide a final written accounting and determination concerning his claims and, to the extent those claims are Qualified and Allowed and presently payable under the confirmed Plan and applicable Trust Distribution Procedures, to promptly make the distributions required by the Plan.

BACKGROUND

British D. Moss is a pro se personal-injury claimant in the above-captioned Purdue Pharma Chapter 11 proceeding.
Mr. Moss previously requested permission to pursue his late-filed Purdue Pharma claims. His request appears on the Bankruptcy Court docket as ECF No. 7643.
Following review of the pending pro se late-claim requests, the Plan Administration Trust did not obje t to Mr. Moss's request.
Mr. Moss's circumstances received individualized consideration, including review associated with his asserted medical circumstances and the extraordinary restrictions associated with his lengthy incarceration and solitary confinement.
Mr. Moss's request to pursue his late-filed claims was ultimately granted.
Accordingly, Mr. Moss is no longer asking this Court to determine whether he should be permitted to submit his Purdue Pharma claims. That issue has been resolved in his favor.
The present issue concerns what has occurred after that determination and what remains necessary before the appropriate Trust or other responsible entity can make the distribution associated with his claims.

NEED FOR RELIEF

Mr. Moss has attempted to pursue his claims diligently and in good faith.
Despite the favorable disposition of his late-claim request, Mr. Moss requires a clear written determination identifying:

a. each proof of claim associated with British D. Moss;

b. the current status of each claim;

c. whether each claim has been determined to be Qualified;

d. whether each claim has been determined to be Allowed;

e. the applicable Personal Injury Tier or classification;

f. the gross distribution associated with each Qualified and Allowed clim;

g. any deductions, offsets, liens, reserves, holdbacks, or other amours affecting payment;

h. whether any additional documentation or action from Mr. Moss is rquired;

i. whether payment has been authorized;

j. if payment has been authorized, the date payment was or will be trnsmitted; and

k. if payment has not been authorized, the precise Plan provision, 'rust Distribution Procedure, Court order, deficiency, objection, or other legal basis preventing distribution.

Mr. Moss respectfully submits that, after years of proceedings and ater receiving favorable relief permitting his claims to proceed, he is entitled at minimum to a definite determination of the present status of those clims.
If his claims have already been determined to be Qualified and Allcved and all conditions precedent to distribution have been satisfied, Mr. Moss respectfully requests enforcement of the applicable Plan and Trust cligations requiring payment.
Alternatively, if further claims-administration procedures remain outstanding, Mr. Moss requests an order requiring the responsible entity to identify those requirements specifically and complete the remaining determi ation without unreasonable delay.

REQUEST FOR RELIEF

WHEREFORE, British D. Moss respectfully requests that this Court enter an order:

A. Recognizing the prior favorable disposition of Mr. Moss's request to pursue his late-filed claims;

B. Directing the appropriate Plan Administrator, Personal Injury Trust, Claims Administrator, trustee, and/or other responsible entity to provide a written status and accounting for every proof of claim associated with British D. Moss;

C. Requiring identification of whether each claim is Qualified and Allowed under the applicable Purdue Personal Injury Trust Distribution Procedures;

D. Requiring identification of any remaining deficiency, objection, hold, condition, or administrative requirement preventing distribution;

E. If the applicable claims are Qualified and Allowed and presently payable, directing the responsible entity to make the distributions required under the confirmed Plan and applicable Trust Distribution Procedures without unnecessary delay;

F. Establishing a reasonable deadline for compliance with the Court's order; and

G. Granting such other and further relief as this Court determines to be just and proper. For Claim #'s: 628493, 628523, 628565, 629211 and 629347.

Respectfully submitted,

British D. Moss
Pro Se Claimant

Date: 10/9/2026

[Current mailing address / institutional address]

DECLARATION

...unications and efforts to obtain

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

British Moss. As Next of Kin To Gail A. Moss (Deceased)

In re:

**PURDUE PHARMA L.P., et al.,**

Debtors.

Chapter 11
Case No. 19-23649 (SHL)

---------------------------------------------X

**[PROPOSED] ORDER GRANTING CLAIMANT/CREDITOR BRITISH D. MOSS'S MOTION FOR EXPEDITED DETERMINATION OF CLAIM STATUS, ACCOUNTING, AND DISTRIBUTION OF ALL FUNDS PRESENTLY DUE**

Upon consideration of the Motion of Claimant/Creditor **British D. Moss**, appearing pro se, for an expedited determination of claim status, accounting, enforcement of prior relief, and distribution of all funds presently due under the confirmed Plan and applicable Trust Distribution Procedures (the "Motion"); and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having authority under applicable provisions of the Bankruptcy Code, including 11 U.S.C. §§ 105(a), 502, 1141, and 1142; and due and sufficient notice having been provided; and after consideration of any responses or objections; and after due deliberation; and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. Within **fourteen (14) days** after entry of this Order, the Purdue Personal Injury Trust, PI Claims Administrator, Plan Administration Trust, and/or other entity presently responsible for administration of the personal-injury claims of British D. Moss shall provide Claimant with a written accounting and status determination identifying:

a. each proof of claim associated with British D. Moss;

b. the status of each such claim;

c. whether each claim has been determined to be Qualified;

d. whether each claim has been determined to be Allowed;

e. the applicable personal-injury tier or classification;

f. the gross distribution attributable to each Qualified and Allowed claim;

g. any deduction, assessment, reserve, offset, lien, holdback, or other reduction applicable to such distribution;

h. the net amount presently payable to Claimant;

i. whether payment has been authorized;

j. the anticipated date of payment; and

k. if payment has not been authorized, the specific provision of the confirmed Plan, Trust Distribution Procedures, Court order, claims-administration requirement, deficiency, objection, lien, or other legal basis preventing payment.

3. To the extent any claim of British D. Moss has been determined to be **Qualified and Allowed**, all conditions precedent to the applicable distribution have been satisfied, and payment is presently required under the confirmed Plan and applicable Trust Distribution Procedures, the entity responsible for such distribution shall process and transmit to Claimant all amounts presently due **without unnecessary administrative delay and in accordance with the confirmed Plan and applicable Trust Distribution Procedures**.

4. Nothing contained in this Order shall be construed to modify the confirmed Plan, alter the Trust Distribution Procedures, grant Claimant an unauthorized priority over similarly situated creditors, or require distribution of amounts that have not yet become payable under the Plan or Trust Distribution Procedures.

5. Nothing herein prevents Claimant from challenging any adverse claims determination, withholding, deduction, classification, or other determination through procedures otherwise available under the confirmed Plan, Trust Distribution Procedures, Bankruptcy Code, Federal Rules of Bankruptcy Procedure, or prior orders of this Court.

6. The responsible claims-administration entity shall send the written determination required by Paragraph 2 to Claimant at his address of record:

**British D. Moss**
DC #184798
3142 Thomas Dr.
Bonifay, FL. 32425-4238

7. This Court shall retain jurisdiction to interpret, implement, and enforce this Order consistent with the confirmed Plan and applicable law.

**Dated:** ____________________
White Plains, New York
**HONORABLE SEAN H. LANE**
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------X

In re: British Moss, Next Kin to Gail Moss (deceased), Creditor(s).

**PURDUE PHARMA L.P., et al.,**

Debtors.

Chapter 11
Case No. 19-23649 (SHL)

--------------------------------------------X

**CERTIFICATE OF SERVICE**

I, **British D. Moss**, Claimant/Creditor appearing pro se, hereby certify that on October 9, 2026, I caused true and correc copies of the following documents:

1. Motion of Claimant/Creditor British D. Moss for Expedited Determination of Claim Status, Enforcement of Prior Relief, Accounting, anc Distribution of All Funds Presently Due Under the Confirmed Plan and Applicable Trust Distribution Procedures;

2. Declaration of British D. Moss;

3. Exhibits, if any;

4. Proposed Order; and

5. Any Notice of Hearing required by the Court, For Claim #'s: 628493, 628523, 628555, 629211 & 629347.

to be placed in the institutional mail system at **Calhoun Correctional Institution**, with postage prepaid where required, addressed to the partie: and entities identified on the attached **Service List**.

I further certify that, because I am presently incarcerated, I deposited the foregoing documents into the correctional institution's legal/institutiona mail system for forwarding to the identified recipients.

I declare under penalty of perjury pursuant to **28 U.S.C. § 1746** that the foregoing is true and correct.

Executed on: 10/9/, 2026
In Bonifay, Florida

/s/ M. British D. Moss
BRITISH D. MOSS
Claimant/Creditor, Pro Se
DC #184798
3142 Thomas Drive
Bonifay, Florida 32425

BritsH Moss
3142 Thomas Drive
DC#184797/DORM-D1-108-L
Holmes Correctional Institution
Bonifay, FLA. 32425-4238

JACKSONVILLE RPDC 320
13 OCT 2026 PM 2 L

FOREVER
FOREVER

ATTN: United states Bankruptcy ct.
Southern District of New York
300 Quarropas street
Room #248
White Plains, New York, 10601

MAILED FROM
A STATE
CORRECTIONAL
INSTITUTION

1060184140 C009