UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

In re: Britsh Moss, As Next of Kin To THE Deceased (Gail A. Moss), Creditors.
VS.
PURDUE PHARMA L.P., et al.,

Debtors.

Chapter 11
Case No. 19-23649 (SHL)

------------------------------------------------------X

MOTION OF PRO SE CLAIMANT BRITISH D. MOSS TO ENFORCE PRIOR RELIEF, COMPEL FINAL DETERMINATION OF CLAIM STATUS, AND, IF CLAIMS ARE QUALIFIED AND ALLOWED, DIRECT PROMPT DISTRIBUTION OF FUNDS

Pro Se Claimant British D. Moss respectfully moves this Court for an order requiring the appropriate Plan Administrator, Personal Injury Trust, Claims Administrator, trustee, and/or other entity responsible for administration of his Purdue Pharma personal-injury claims to provide a final written accounting and determination concerning his claims and, to the extent those claims are Qualified and Allowed and presently payable under the confirmed Plan and applicable Trust Distribution Procedures, to promptly make the distributions required by the Plan.

BACKGROUND

British D. Moss is a pro se personal-injury claimant in the above-captioned Purdue Pharma Chapter 11 proceeding.

Mr. Moss previously requested permission to pursue his late-filed Purdue Pharma claims. His request appears on the Bankruptcy Court docket as ECF No. 7643.

Following review of the pending pro se late-claim requests, the Plan Administration Trust did not object to Mr. Moss's request.

Mr. Moss's circumstances received individualized consideration, including review associated with his asserted medical circumstances and the extraordinary restrictions associated with his lengthy incarceration and solitary confinement.

Mr. Moss's request to pursue his late-filed claims was ultimately granted.

Accordingly, Mr. Moss is no longer asking this Court to determine whether he should be permitted to submit his Purdue Pharma claims. That issue has been resolved in his favor.

The present issue concerns what has occurred after that determination and what remains necessary before the appropriate Trust or other responsible entity can make the distribution associated with his claims.

NEED FOR RELIEF

Mr. Moss has attempted to pursue his claims diligently and in good faith.

Despite the favorable disposition of his late-claim request, Mr. Moss requires a clear written determination identifying:

a. each proof of claim associated with British D. Moss;

b. the current status of each claim;

c. whether each claim has been determined to be Qualified;

d. whether each claim has been determined to be Allowed;

e. the applicable Personal Injury Tier or classification;

f. the gross distribution associated with each Qualified and Allowed claim;

g. any deductions, offsets, liens, reserves, holdbacks, or other amounts affecting payment;

h. whether any additional documentation or action from Mr. Moss is required;

i. whether payment has been authorized;

j. if payment has been authorized, the date payment was or will be transmitted; and

k. if payment has not been authorized, the precise Plan provision, Trust Distribution Procedure, Court order, deficiency, objection, or other legal basis preventing distribution.

FILED
U.S. BANKRUPTCY COURT
S.D. OF N.Y.
2026 OCT 22 P 4:29

Mr. Moss respectfully submits that, after years of proceedings and after receiving favorable relief permitting his claims to proceed, he is entitled at minimum to a definite determination of the present status of those claims.

If his claims have already been determined to be Qualified and Allowed and all conditions precedent to distribution have been satisfied, Mr. Moss respectfully requests enforcement of the applicable Plan and Trust obligations requiring payment.

Alternatively, if further claims-administration procedures remain outstanding, Mr. Moss requests an order requiring the responsible entity to identify those requirements specifically and complete the remaining determination without unreasonable delay.

REQUEST FOR RELIEF

WHEREFORE, British D. Moss respectfully requests that this Court enter an order:

A. Recognizing the prior favorable disposition of Mr. Moss's request to pursue his late-filed claims;

B. Directing the appropriate Plan Administrator, Personal Injury Trust, Claims Administrator, trustee, and/or other responsible entity to provide a written status and accounting for every proof of claim associated with British D. Moss;

C. Requiring identification of whether each claim is Qualified and Allowed under the applicable Purdue Personal Injury Trust Distribution Procedures;

D. Requiring identification of any remaining deficiency, objection, hold, condition, or administrative requirement preventing distribution;

E. If the applicable claims are Qualified and Allowed and presently payable, directing the responsible entity to make the distributions required under the confirmed Plan and applicable Trust Distribution Procedures without unnecessary delay;

F. Establishing a reasonable deadline for compliance with the Court's order; and

G. Granting such other and further relief as this Court determines to be just and proper.

Respectfully submitted,

British D. Moss Mr. British D. Moss
Pro Se Claimant

Date: 10/20/26.

[Current mailing address / institutional address]

DECLARATION

I, British D. Moss, declare under penalty of perjury that the factual statements concerning my claims, communications, and efforts to obtain information and payment contained in this Motion are true and correct to the best of my knowledge.

Executed on: 10-20-2026, Mr. British D. Moss

British D. Moss, Claimant/Creditor
3142 Thomas, DR. - Bonifay, Florida 32425-4238

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

In re: BritisH D. Moss, as Next of Kin to Gail A. Moss (deceased) creditor(s);
VS.
PURDUE PHARMA L.P., et al.,

Debtors.

Chapter 11
Case No. 19-23649 (SHL)

-----------------------------------------------------X

MOTION OF PRO SE CLAIMANT BRITISH D. MOSS TO ENFORCE PRIOR RELIEF, COMPEL FINAL DETERMINATION OF CLAIM STATUS, AND, IF CLAIMS ARE QUALIFIED AND ALLOWED, DIRECT PROMPT DISTRIBUTION OF FUNDS

Pro Se Claimant British D. Moss respectfully moves this Court for an order requiring the appropriate Plan Administrator, Personal Injury Trust, Claims Administrator, trustee, and/or other entity responsible for administration of his Purdue Pharma personal-injury claims to provide a final written accounting and determination concerning his claims and, to the extent those claims are Qualified and Allowed and presently payable under the confirmed Plan and applicable Trust Distribution Procedures, to promptly make the distributions required by the Plan.

BACKGROUND
British D. Moss is a pro se personal-injury claimant in the above-captioned Purdue Pharma Chapter 11 proceeding.
Mr. Moss previously requested permission to pursue his late-filed Purdue Pharma claims. His request appears on the Bankruptcy Court docket as ECF No. 7643.
Following review of the pending pro se late-claim requests, the Plan Administration Trust did not object to Mr. Moss's request.
Mr. Moss's circumstances received individualized consideration, including review associated with his asserted medical circumstances and the extraordinary restrictions associated with his lengthy incarceration and solitary confinement.
Mr. Moss's request to pursue his late-filed claims was ultimately granted.
Accordingly, Mr. Moss is no longer asking this Court to determine whether he should be permitted to submit his Purdue Pharma claims. That issue has been resolved in his favor.
The present issue concerns what has occurred after that determination and what remains necessary before the appropriate Trust or other responsible entity can make the distribution associated with his claims.
NEED FOR RELIEF
Mr. Moss has attempted to pursue his claims diligently and in good faith.
Despite the favorable disposition of his late-claim request, Mr. Moss requires a clear written determination identifying:

a. each proof of claim associated with British D. Moss;

b. the current status of each claim;

c. whether each claim has been determined to be Qualified;

d. whether each claim has been determined to be Allowed;

e. the applicable Personal Injury Tier or classification;

f. the gross distribution associated with each Qualified and Allowed claim;

g. any deductions, offsets, liens, reserves, holdbacks, or other amounts affecting payment;

h. whether any additional documentation or action from Mr. Moss is required;

i. whether payment has been authorized;

j. if payment has been authorized, the date payment was or will be transmitted; and

k. if payment has not been authorized, the precise Plan provision, Trust Distribution Procedure, Court order, deficiency, objection, or other legal basis preventing distribution.

FILED
U.S. BANKRUPTCY COURT
S.D. OF N.Y.
2026 OCT 22 P 4:28

Mr. Moss respectfully submits that, after years of proceedings and after receiving favorable relief permitting his claims to proceed, he is entitled at minimum to a definite determination of the present status of those claims.
If his claims have already been determined to be Qualified and Allowed and all conditions precedent to distribution have been satisfied, Mr. Moss respectfully requests enforcement of the applicable Plan and Trust obligations requiring payment.
Alternatively, if further claims-administration procedures remain outstanding, Mr. Moss requests an order requiring the responsible entity to identify those requirements specifically and complete the remaining determination without unreasonable delay.
REQUEST FOR RELIEF

WHEREFORE, British D. Moss respectfully requests that this Court enter an order:

A. Recognizing the prior favorable disposition of Mr. Moss's request to pursue his late-filed claims;

B. Directing the appropriate Plan Administrator, Personal Injury Trust, Claims Administrator, trustee, and/or other responsible entity to provide a written status and accounting for every proof of claim associated with British D. Moss;

C. Requiring identification of whether each claim is Qualified and Allowed under the applicable Purdue Personal Injury Trust Distribution Procedures;

D. Requiring identification of any remaining deficiency, objection, hold, condition, or administrative requirement preventing distribution;

E. If the applicable claims are Qualified and Allowed and presently payable, directing the responsible entity to make the distributions required under the confirmed Plan and applicable Trust Distribution Procedures without unnecessary delay;

F. Establishing a reasonable deadline for compliance with the Court's order; and

G. Granting such other and further relief as this Court determines to be just and proper.

Respectfully submitted,

British D. Moss
Pro Se Claimant

Date: 10-20-26 Mr. British D. Moss

[Current mailing address / institutional address]

DECLARATION

I, British D. Moss, declare under penalty of perjury that the factual statements concerning my claims, communications, and efforts to obtain information and payment contained in this Motion are true and correct to the best of my knowledge.

Executed on: 10/20/2026 Mr. British D. Moss

British D. Moss, Claimant/Creditor(s)
3142 Thomas Dr., Bonifay, Florida 32425-4238