**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**---------------------------------------------------------------X**
**In re: PURDUE PHARMA L.P., et al., Debtors.**
**Chapter 11 | Case No. 19-23649 (SHL) (Jointly Administered)**
**---------------------------------------------------------------X**

# LETTER TO THE COURT AND MOTION FOR ADMINISTRATIVE RELIEF DIRECTING THE PURDUE PERSONAL INJURY TRUST TO PROCESS REINSTATED CLAIMS NOS. #629870 AND #629871

**Date:** October 22, 2026
**To:** The Honorable Sean H. Lane, United States Bankruptcy Judge
**From:** Ryan Love Sallis, Pro Se Claimant
**RE:** Motion for Order Directing Purdue Personal Injury Trust to Process Reinstated Personal Injury Claims #629870 and #629871 and Overrule Administrative Notice Default Defenses

Dear Judge Lane:

I am writing to you pro se as the claimant and holder of personal injury claim numbers **#629870** and **#629871** against the Purdue Personal Injury (PI) Trust. I respectfully submit this correspondence and motion seeking an order from this Court directing the Purdue PI Trust and its Claims Administrator (Edgar C. Gentle, III, Esq.) to cease raising improper administrative deficiency and notice defenses—rooted in historical tracking failures by Kroll Restructuring Administration—and to immediately place my formally reinstated claims into active review and distribution alignment.

## I. Jurisdiction and Background

1. This Court retains jurisdiction over this chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334, and the Confirmation Order confirming the Fourth Modified Second Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P., et al.
2. My personal injury claims (Claim Nos. #629870 and #629871) were originally filed in a timely manner. Following administrative tracking corrections and formal notices issued by Davis Polk & Wardwell LLP, these claims were officially recognized as **reinstated on June 4, 2026**.

3. Despite formal reinstatement, the PI Trust has sought to impose procedural roadblocks, asserting disputed Supplemental Claim Form deficiency defenses tied to an expired July 28, 2025 deadline, alongside expired 90-day appeal notice windows. These purported defaults were entirely the result of Kroll Restructuring Administration's failure to deliver timely, accurate legal paperwork and notifications to my address of record.

## II. Relief Sought

By this motion, I respectfully request that this Court enter an Order:

1. **Directing Processing:** Ordering the Purdue PI Trust to immediately process Claim Nos. #629870 and #629871 on their merits without regard to the disputed July 28, 2025 Supplemental Claim Form deadline or Kroll-related notice failures;
2. **Equitable Tolling:** Applying equitable tolling to any notice, cure, or appeal windows affected by administrative delivery defaults caused by Kroll Restructuring Administration; and
3. **Distribution Alignment:** Confirming that upon allowance, these claims shall be treated in accordance with the standard Non-NAS PI Tier / NAS PI baseline distribution parameters.

## III. Basis for Relief

The equitable powers of this Court under 11 U.S.C. § 105(a) empower it to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code and ensure that administrative trusts established under a confirmed plan do not disenfranchise claimants through systemic notice failures.

- **Lack of Notice:** Due process requires that claimants receive adequate notice before their substantive property rights (such as valid opioid settlement trust distributions) are forfeited. Kroll's failure to properly transmit timely paperwork constitutes an administrative default by the noticing agent, not by the claimant.
- **Davis Polk Reinstatement:** Davis Polk & Wardwell's formal reinstatement notices on June 4, 2026 cured any perceived administrative defects, re-establishing the claims in good standing within the estate's framework.

Wherefore, Claimant Ryan Love Sallis respectfully requests that this Court grant the relief requested herein, order the Purdue PI Trust to process Claims #629870 and #629871 without further delay, and grant such other and further relief as is just and proper.

Respectfully submitted,

/s/ *Ryan Love Sallis*
**Ryan Love Sallis**
Pro Se Claimant
Email: ryanlsallis@gmail.com | Phone: (541) 933-0089