MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Robert J. Dehney, Sr.
Matthew B. Harvey
Alexis L. Sullivan

*Co-Counsel to the Plan Administration Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P., *et al.*,** | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

# MOTION OF THE PLAN ADMINISTRATION TRUST FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO OBJECT TO AVRIO GENERAL UNSECURED CLAIMS, ADLON GENERAL UNSECURED CLAIMS, AND OTHER GENERAL UNSECURED CLAIMS

The Plan Administration Trust (the "**PAT**") hereby submits this motion (the "**Motion**") for entry of an order, extending the deadline (the "**Claim Objection Deadline**") for the PAT to file and serve objections to Avrio General Unsecured Claims, Adlon General Unsecured Claims, and Other General Unsecured Claims (collectively, the "**General Unsecured**

[1] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Claims**"), from October 28, 2026 (the "**Current Deadline**") to April 26, 2027.[2] In support of this Motion, the PAT respectfully states as follows:

## Background

1. On September 15, 2019 (the "**Petition Date**"), Purdue Pharma L.P. and its affiliated debtors and debtors-in-possession (the "**Debtors**") each commenced with the United States Bankruptcy Court for the Southern District of New York (the "**Court**") a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

2. On November 18, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [ECF No. 8263] (the "**Confirmation Order**").

3. On May 1, 2026, the Plan became effective (the "**Effective Date**").[3] On the Effective Date and pursuant to the Plan, the PAT was established, and the Debtors remaining claims reconciliation obligations (other than those related to Channeled Claims and Federal Government Unsecured Claims) were transferred, assigned, and vested in the PAT.[4]

---

[2] Capitalized terms used but not otherwise defined herein have the meanings assigned to them in the *Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* (the "**Plan**") [ECF No. 8263, at Exh. A].

[3] *See Notice of (I) Occurrence of Effective Date, (II) Final Deadlines for Filing Administrative Claims, and (III) Expiration of the Preliminary Injunction* [ECF No. 9133].

[4] *See* Plan § 7.3(b) ("On or after the Effective Date, except as otherwise provided in the Plan or the PAT Agreement, objections to Avrio General Unsecured Claims, Adlon General Unsecured Claims, and Other General Unsecured Claims against the Debtors may be interposed and prosecuted only by the Plan Administration Trustee, provided that with respect to Disputed Other GUC Litigation Claims, such objections may be interposed and prosecuted by any other party in interest."); *see also id.* § 5.3(a)(ii) (granting the PAT the authority to "administer, process, resolve and liquidate Claims[,] other than the Channeled Claims and Federal Government Unsecured Claims"); *id.* § 5.3(f) ("For the avoidance of doubt, the Plan Administration Trust, pursuant to section 1123(b)(3)(B) of the Bankruptcy Code and applicable state corporate law, is appointed as the successor-in-interest to, and

## Relief Requested

4. By this Motion, the PAT requests the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 105(a) of the Bankruptcy Code and rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), extending the Current Deadline by one hundred eighty (180) days through and including April 26, 2027. The proposed extension is without prejudice to the PAT's right to seek further extensions of the Claim Objection Deadline.

## Jurisdiction

5. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Bankruptcy Rule 7008, the PAT consents to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

6. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Basis for Relief

7. Pursuant to the Bar Date Orders (as defined below), any person or entity wishing to assert a claim that arose on or before the Petition Date, including a General Unsecured Claim, against the Debtors was required to file a proof of claim by July 30, 2020, at 5:00 p.m. (prevailing Eastern Time) (the "**General Bar Date**"). *See Order Approving Bar Date Motion* [ECF No. 800] (the "**Initial Bar Date Order**"); *Order Extending General Bar Date* [ECF

---

representative of, the Debtors and their Estates for the retention, enforcement, settlement or adjustment of Claims against the Debtors (other than the Channeled Claims).").

No. 1221] (the "**Bar Date Extension Order**" and together with the Initial Bar Date Order, the "**Bar Date Orders**").

8. The current Claim Objection Deadline is October 28, 2026, which is one hundred eighty (180) days from the Effective Date. The Plan, however, provides that the Court may extend the Claim Objection Deadline. Specifically, the Plan provides that objections to General Unsecured Claims must be filed and served:

> (A) on or before one hundred eighty (180) days following the later of (i) the Effective Date and (ii) the date that a Proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of the Holder of such Claim or (B) ***on such later date as may be fixed by the Bankruptcy Court*** (including upon request by a party in interest . . . ).

Plan § 7.3(b) (emphasis added).

9. Bankruptcy Rule 9006(b)(1)(A) permits bankruptcy courts to extend deadlines, stating, in relevant part, that "the court may—at any time and for cause—extend the time to act if: (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires." Fed. R. Bankr. P. 9006(b)(1)(A). Section 105(a) of the Bankruptcy Code further provides that the court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). Pursuant to the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* [ECF No. 498], the filing of this Motion automatically extends the Claim Objection Deadline until the Court considers and rules upon the Motion, without the need for entry of a bridge order.

10. Courts in this district routinely grant requests to extend the time by which a party may object to claims, particularly in complex cases like these cases. *See, e.g.*, *In re SVB Fin. Grp.*, No. 23-10367 (MG) (Bankr. S.D.N.Y. May 26, 2026) [ECF No. 1888] (granting the liquidation trust's third request to extend the claim objection deadline by 180 days, without

prejudice to the trust's right to request further extensions); *In re GZ USA, Inc.*, No. 24-11020 (LGB) (Bankr. S.D.N.Y. May 28, 2025) [ECF No. 122] (extending the claim objection deadline by 90 days without prejudice to the reorganized debtor's right to seek additional extensions); *In re Endo Int'l plc*, No. 22-22549 (JLG) (Bankr. S.D.N.Y. Nov. 26, 2024) [ECF No. 4793] (granting the plan administrator's request to extend the claim objection deadline by 180 days, without prejudice to the plan administrator's right to seek further extensions); *In re Miami Metals I, Inc.*, No. 18-13359 (DSJ) (Bankr. S.D.N.Y. Feb. 23, 2024) [ECF. No. 2165] (granting the litigation trustee's fourth request to extend the administrative claim objection deadline and extending the deadline by 387 days, without prejudice to the litigation trustee's right to request additional extensions).

11. The PAT respectfully submits that cause exists to grant the requested extension of the Claim Objection Deadline. To date, more than 600,000 proofs of claim have been filed in these chapter 11 cases. Most of these Claims—defined in the Plan as "Channeled Claims"—have been channeled to various Creditor Trusts and will be administered by those Creditor Trusts.[5] While the PAT is not responsible for administering the Channeled Claims or the Federal Government Unsecured Claims, the PAT is responsible for administering, processing, resolving, and liquidating over 700 remaining Claims, which as of the Effective Date included approximately 430 Claims for payment processing, approximately 80 claims resolved and not subject to payment, and approximately 200 unresolved Claims, including General Unsecured Claims, pursuant to the Plan. The PAT is also responsible for administering and processing

[5] For example: (i) Non-Federal Domestic Governmental Channeled Claims will be administered by the Governmental Remediation Trust; (ii) Tribe Channeled Claims will be administered by the Tribe Trust; (iii) Healthcare Provider Channeled Claims will be administered by the Healthcare Provider Trust; (iv) ER Physician Channeled Claims will be administered by the ERP Trust; (v) Public School Channeled Claims will be administered by the Public School Trust; (vi) Third-Party Payor Channeled Claims will be administered by the TPP Trust; and (vii) PI Channeled Claims will be administered by the PI Trust.

(i) payments to professionals authorized by the Court's *Omnibus Order Granting Twentieth and Final Fee Applications of Professionals for Allowance and Payment of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses* [ECF No. 9524], (ii) payments of Ordinary Course Professionals' fees and expenses, and (iii) payments of Indemnity Counsel fees and expenses for authorized Indemnitees.

12. Since the Effective Date, the PAT and its advisors have worked diligently to retain the personnel and establish the processes needed to carry out the PAT's duties under the Plan and to advance the reconciliation of the remaining Claims, including but not limited to: (a) retaining legal counsel to review, analyze, and, where necessary, prepare objections to Claims; (b) retaining management consultants to advise on claims review, approval, and payment processing; (c) establishing the systems and protocols to support the review, approval, and payment of Claims; (d) retaining a Distribution Agent; (e) reviewing, approving, distributing Claims, cure payments and payments to various professionals, with over 615 payments made to date representing approximately $76 million disbursed by the PAT; and (f) commencing the filings required to dissolve and deregister the Liquidating Debtors. These efforts have laid the groundwork for the PAT's ongoing review and reconciliation of the remaining Claims.

13. Additionally, the PAT and its advisors have worked diligently to resolve the *Debtors' Fourth Omnibus Claims Objection (No Liability, and/or Misclassified Claims)* [ECF No. 8964] (the "**Fourth Omnibus Claims Objection**") as of the Effective Date. Of the twelve (12) Claims that remained open as of the Effective Date, the PAT and its advisors have achieved resolutions for ten (10), leaving only two remaining Claims. The PAT is engaged in ongoing discussions with claimants' counsel for the two remaining Claims subject to the Fourth Omnibus Claims Objection in an effort to reach a consensual resolution of those Claims. The PAT also has

initiated discussions with claimant counsel regarding the potential consensual resolution of approximately forty (40) additional contingent, unliquidated General Unsecured Claims. Extending the Claim Objection Deadline will allow the PAT the necessary additional time to continue these cooperative efforts, as well as evaluate, reconcile, and either resolve or object to other unresolved, disputed, contingent, or unliquidated Claims.

14. As demonstrated above, the PAT's claim-reconciliation process is ongoing, and the PAT, with its advisors, is actively reviewing, evaluating, and reconciling the remaining Claims, including General Unsecured Claims. The PAT has made material progress to date, resolving numerous complex Claims without the need for litigation and initiating or continuing discussions on numerous other Claims. Given the volume and complexity of the Claims filed in these chapter 11 cases, the PAT requires additional time to: (i) analyze the remaining General Unsecured Claims and determine the factual and legal bases for any necessary objections; (ii) continue efforts to resolve General Unsecured Claims without formal objection, including documenting any resolution of pending General Unsecured Claims; and (iii) prepare, file, and prosecute objections to any General Unsecured Claims as necessary, to the extent not resolved informally.

15. The requested extension of the Claim Objection Deadline is not sought for purposes of delay, nor will it prejudice any claimant's substantive defenses to any objection. Rather, the PAT seeks the extension to ensure that General Unsecured Claims are challenged only after a meaningful review and an opportunity to pursue consensual resolution where appropriate. Without the requested extension, the PAT and its beneficiaries may be unfairly prejudiced because the PAT would either forfeit its ability to contest invalid, misclassified, and/or overstated General

Unsecured Claims, or be compelled to file unnecessary or protective objections without the benefit of a full review and analysis by the PAT and its professionals.

16. Accordingly, the PAT respectfully requests an extension of the Claim Objection Deadline by one hundred eighty (180) days through and including April 26, 2027, to allow the PAT to complete its claim-reconciliation process and preserve the PAT's right to object to General Unsecured Claims not otherwise consensually resolved. The extension sought herein is without prejudice to the PAT's right to request additional extensions of the Claim Objection Deadline as necessary.

**Notice**

17. Notice of this Motion has been provided to (a) the U.S. Trustee, (b) those claimants who hold unresolved General Unsecured Claims being administered by the PAT, and (c) those parties who have filed a renewed request for notice pursuant to Bankruptcy Rule 2002. The PAT submits that, considering the nature of the relief requested, no other notice need be provided.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the PAT respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: October 27, 2026
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: /s/ *Matthew B. Harvey*

1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Robert J. Dehney, Sr.
Matthew B. Harvey
Alexis L. Sullivan
Email: rdehney@morrisnichols.com
mharvey@morrisnichols.com
asullivan@morrisnichols.com

*Co-Counsel to the Plan Administration Trust*