# MOTION FOR DIRECT JUDICIAL ALLOWANCE AND DISTRIBUTION OF REINSTATED CLAIMS NOS. 629870 AND 629871 (DOCKET NO. 9681)

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

In re: PURDUE PHARMA L.P., et al., Debtors.

Chapter 11 Case No. 19-23649 (SHL) (Jointly Administered)

MOTION FOR DIRECT JUDICIAL ALLOWANCE AND DISTRIBUTION OF REINSTATED CLAIMS NOS. 629870 AND 629871 (DOCKET NO. 9681)

TO THE HONORABLE SEAN H. LANE, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Pro se claimant Ryan Love Sallis ("Claimant") respectfully submits this motion for direct judicial allowance and distribution of Claim Nos. 629870 and 629871 in the above-captioned Chapter 11 proceedings, and in support thereof respectfully states as follows:

I. Factual Background & Reinstatement

Following an omnibus objection by the Debtors, Claimant's personal injury claims (Claim Nos. 629870 and 629871) were formally reviewed, and Debtors' counsel (Davis Polk & Wardwell LLP) officially withdrew their objection on June 4, 2026, fully reinstating both claims in these Chapter 11 proceedings. Contemporaneous submission audit records conclusively prove that Claimant's Supplemental Claim Forms were timely submitted.

Despite this court-recorded reinstatement, the Purdue Personal Injury (PI) Trust Administrator and Kroll Restructuring Administration refused to process the claims for distribution, asserting an alleged "Deficient" status based on defective noticing by Kroll.

II. Administrative Exhaustion and Broken Commitments

When Claimant sought resolution, the Purdue PI Trust explicitly confirmed in writing on July 16, 2026, that he would receive mailed correspondence detailing his formal appeal rights within 90 days.

That 90-day window expired months ago. When contacted again on

October 20, 2026, the Trust's administrative office baldly admitted that the required appeal correspondence has still not been mailed.

As demonstrated by these repeated delays and missed deadlines, administrative self-regulation by the PI Trust has completely failed. The Trust has demonstrated an inability or unwillingness to process reinstated claims or adhere to its own binding written commitments, locking Claimant's claims in indefinite administrative limbo and prejudicing his due process rights under the Non-NAS PI TDP.

III. Relief Requested

Because administrative remediation is futile and the claims were already fully reinstated by Debtors' counsel on June 4, 2026, Claimant respectfully requests that this Court exercise its equitable authority under Chapter 11 to prevent manifest injustice.

Claimant respectfully requests the entry of an order directly marking Claim Nos. 629870 and 629871 as fully qualified, allowed, and scheduled for immediate distribution under the Non-NAS PI TDP, without requiring further futile administrative delays or unfulfilled notices.

Dated: Portland, Oregon October 30, 2026

Respectfully submitted,

/s/ Ryan Love Sallis
Ryan Love Sallis Pro Se Claimant (Claim Nos. 629870 and 629871)
Email: ryanlsallis@gmail.com
Telephone: (541) 933-0089

SRF 96642

**Davis Polk**

Davis Polk & Wardwell LLP
212-450-4000

June 4, 2026

Re: Reinstatement of Claim | In re Purdue Pharma L.P., Case No. 19-23649

Dear Claimant:

We write to inform you that you are receiving the attached notice because your claim against the Debtors[1] identified in the version of Exhibit A to the attached notice has been **reinstated**, effective immediately. The disallowance of your claim has been reversed, and no further filings in the Bankruptcy Court are necessary to cause your claim to be reinstated in response to the Debtors' objection to your claim or the Court's order.

Reinstatement of your claim does **not** guarantee payment. The Personal Injury Trust, **not** the Banrkuptcy Court, will determine the eligibility of personal injury claims in the first instance according to the applicable Trust Distribution Procedures. Additional information regarding the Personal Injury Trust and the applicable procedures is available at www.purduepitrust.com. Questions regarding your claim must be directed to the Personal Injury Trust, which can be reached by email at purduepitrust@purduepitrust.com.

Davis Polk & Wardwell LLP does not represent the Personal Injury Trust and cannot respond to inquiries regarding individual claims. Please direct all inquiries regarding individual claims to the Personal Injury Trust at the email address provided above.

Respectfully yours,

Davis Polk & Wardwell LLP
*Counsel to the Debtors*

[1] The Debtors, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

# Claim Status Inquiry - Claims #629870 & #629871 (Ryan Love Sallis)

12 messages

**Ryan Sallis** <ryanlsallis@gmail.com> Tue, Jul 14, 2026 at 20:12
To: purduepitrust@purduepitrust.com

Dear Purdue Personal Injury Trust Administrator,
My name is Ryan Love Sallis, and I am writing to inquire about the status of my personal injury claims, Claim #629870 and Claim #629871.
I recently received a notice from Davis Polk & Wardwell LLP, dated June 4, 2026, informing me that the previous objection to my claims has been withdrawn and that my claims have been officially reinstated, effective immediately.
Now that my claims are reinstated, I would like to verify their status with the Personal Injury Trust. Could you please confirm if these claims are currently being processed as "Qualified and Allowed" for distribution? Additionally, please let me know if there are any further documents, forms, or actions required on my part to finalize this process.
Thank you for your time and assistance. I look forward to your update.
Sincerely,




Ryan Love Sallis

**purduepitrust** <purduepitrust@purduepitrust.com> Wed, Jul 15, 2026 at 06:49
To: Ryan Sallis <ryanlsallis@gmail.com>

Good morning Mr. Sallis,

Please be advised that under the terms of the Non-NAS PI TDP, claimants were required to file their Supplemental Claim Form with the Purdue PI Trust by the July 28, 2025 deadline. Kroll, the Debtor's noticing agent, mailed the notice and Supplemental Claim Form packet for claim submissions to the address on file at the time of mailing during the last week of May 2025.

Please be advised that the Purdue PI Trust did not receive a Supplemental Claim Form for your submission. Although your Proof of Claim has been reinstated in the Chapter 11 proceedings, this does not mean you are entitled to payment from the PI Trust, and your claim will be evaluated by the PI Claim Administrator pursuant to the applicable trust distribution procedures. (PI TDPs on our website, www.purduepitrust.com)

Specifically, under the applicable PI TDPs, any Supplemental Claim Form submitted after August 12, 2025 will be "Deficient" (and therefore not entitled to payment from the PI Trust), subject to certain appeal rights set forth in the "Appeals" section of the applicable PI TDPs.

You will receive mailed correspondence from the Purdue PI Trust within the next 90 days detailing any appeal rights you may have.

**Please see the information below in regard to the notice.**

Please be advised that the correspondence is from the Omni Noticing Agent and we can't speak to that correspondence. Also, please be advised that we recommend that you read thoroughly through the document to know your rights.

Also, please be advised that FAQs were included with the notice, and we recommend that you read those thoroughly.

If you have any questions, please send an email to the email address listed in the notice.

Best,

Purdue PI Trust

---

**From:** Ryan Sallis <ryanlsallis@gmail.com>
**Sent:** Tuesday, July 14, 2026 10:12 PM
**To:** purduepitrust <purduepitrust@purduepitrust.com>
**Subject:** Claim Status Inquiry - Claims #629870 & #629871 (Ryan Love Sallis)

You don't often get email from ryanlsallis@gmail.com. Learn why this is important

[Quoted text hidden]

---

**Ryan Sallis** <ryanlsallis@gmail.com> Wed, Jul 15, 2026 at 19:15
To: purduepitrust <purduepitrust@purduepitrust.com>

I am disappointed by the response regarding the status of my claims (#629870 and #629871).

It is unacceptable that after my claims were reinstated in the Chapter 11 proceedings, I am now being told there is a deficiency regarding a supplemental form from over a year ago. I have consistently provided all requested documentation and followed all necessary procedures.

I am seeking clarification on how a claim that has been officially reinstated by the court can be simultaneously considered "deficient" or ineligible for distribution. This process has caused significant hardship, and I am not satisfied with the suggestion that I simply wait for further correspondence.

Please clearly explain the specific discrepancy preventing these claims from being processed. If this issue cannot be resolved directly and promptly, I need to know if further legal intervention or court action is the only path left to secure a resolution.

I look forward to your immediate and specific response.

Sincerely,

Ryan Love Sallis
(541) 933-0089

If you will kindly go to final page of attachment and see the timestamp that it was submitted. The Supplemental Claim Form was submitted at the exact same time for both cases. I seriously have questions as to the accountability and competency of the individuals responsible for the billions of dollars in the trust. And I question if in the least, the media, if not legal agents, should not be notified to look further into this.
[Quoted text hidden]

---

**Eballot Submission - 2325-2-DTDQZ-716224866_copy.pdf**
1.6 MB

---

**purduepitrust** <purduepitrust@purduepitrust.com> Thu, Jul 16, 2026 at 06:39
To: Ryan Sallis <ryanlsallis@gmail.com>

Good morning Mr. Sallis,

You will receive mailed correspondence from the Purdue PI Trust within the next 90 days detailing any appeal rights you may have.

Best,

Purdue PI Trust

---

**From:** Ryan Sallis <ryanlsallis@gmail.com>
**Sent:** Wednesday, July 15, 2026 9:15 PM
**To:** purduepitrust <purduepitrust@purduepitrust.com>
**Subject:** Re: Claim Status Inquiry - Claims #629870 & #629871 (Ryan Love Sallis)
[Quoted text hidden]

---

**Ryan Sallis** <ryanlsallis@gmail.com> Tue, Sep 8, 2026 at 15:19
To: purduepitrust <purduepitrust@purduepitrust.com>

Subject: Follow-up: Status of Appeal Rights - Claims #629870 & #629871

Dear Purdue PI Trust Administrator,

I am writing to formally follow up on the status of my personal injury claims, Claim #629870 and Claim #629871.

Following my inquiry on July 14, 2026, regarding the reinstatement of these claims by the court, I received your email on July 15, 2026. In that correspondence, you indicated that while my claims had been reinstated in the Chapter 11 proceedings, they were considered "Deficient" due to a missing Supplemental Claim Form, and that I would receive mailed correspondence detailing my appeal rights within 90 days.

As of today, September 8, 2026, more than 90 days have elapsed, and I have not received the promised correspondence.

For context, I have been actively working to rectify the status of these claims throughout this process, including:

- **January 30, 2026:** Received notice of the "Omnibus Claims Objection to Unsubstantiated Claims."
- **February 9, 2026:** Contacted Kroll regarding the dismissal, asserting that I had fulfilled all requirements.
- **April 30, 2026:** Received notice of the Order granting the Omnibus Claims Objection.
- **May 1, 2026:** Filed a formal "Response to Order Disallowing and Expunging Unsubstantiated Claims" with the court, serving both Kroll and Debtors' Counsel (Davis Polk & Wardwell).
- **July 14, 2026:** Contacted the Purdue PI Trust to confirm the status of my claims following their reinstatement.

Given the significant time and effort I have dedicated to substantiating these claims and navigating the bankruptcy proceedings, I am anxious to resolve this matter. Could you please verify if the notice of appeal rights has been issued, if it has been sent to the correct address on file, or if there is any further action required on my part to secure my rights?

I appreciate your prompt attention to this matter and look forward to your immediate update.

Sincerely,

Ryan Love Sallis
(541) 933-0089
[Quoted text hidden]

---

**purduepitrust** <purduepitrust@purduepitrust.com> Wed, Sep 9, 2026 at 06:22
To: Ryan Sallis <ryanlsallis@gmail.com>

Good morning Mr. Sallis,

Please be advised that the correspondence has not gone out at this time.

Best,

Purdue PI Trust

---

**From:** Ryan Sallis <ryanlsallis@gmail.com>
**Sent:** Tuesday, September 8, 2026 5:19 PM
[Quoted text hidden]

[Quoted text hidden]

---

**Ryan Sallis** <ryanlsallis@gmail.com> Wed, Sep 9, 2026 at 09:22
To: purduepitrust <purduepitrust@purduepitrust.com>

Dear Claims Administrator,

I am writing to provide formal verification that my Electronic Proof of Claim submissions were completed and submitted well in advance of the applicable deadline, contrary to your previous indication that a supplemental form was not received.

Attached to this email are the official Adobe Sign Final Audit Reports generated directly by Kroll (purduepharmafiling@ra.kroll.com), confirming completion on January 26, 2024.

For your immediate reference, the submission details are as follows:

- Claimant Name: Ryan L. Sallis
- Email Address: ryanlsallis@gmail.com
- Document 1 ID: Electronic Proof of Claim_*J#NR27463
  - Transaction ID: CBJCHBCAABAA3h4zrek9smST0lwBoU9SklqRx5allMIP
  - Completed: January 26, 2024 at 6:54:03 AM GMT
- Document 2 ID: Electronic Proof of Claim_!VO@N27465
  - Transaction ID: CBJCHBCAABAAkuN4-w0Kjtex7D5kIHv4uXYKMtsXEqRj6
  - Completed: January 26, 2024 at 7:01:58 AM GMT

Both audit trails confirm that the web forms were completed, authenticated via IP address, and marked with the status "Signed / Agreement completed."

Please update my claim file for Claims #629870 and #629871 to reflect this timely submission and confirm receipt of this documentation. If you require any further information to process this update, please let me know immediately.

Thank you for your assistance.

Sincerely,

Ryan L. Sallis
ryanlsallis@gmail.com
(541) 933-0089