**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **PURDUE PHARMA L.P., et al., Plan Administration Trust.**[1] | : | **Case No. 19-23649 (SHL) Jointly Administered** |

**DECLARATION OF FRANK S. VELLUCCI IN SUPPORT OF THE TRUSTEES' MOTION FOR CIVIL CONTEMPT AND TO DIRECT THE RSS PARTIES TO VACATE THE GREENWICH PROPERTY**

I, Frank S. Vellucci, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am one of the Successor Co-Trustees, together with Daniel S. Connolly and Rory Held, of the Crystal Trust and Data Trust, trusts within the B-Side Payment Group 1 (collectively, the "Trustees"). I submit this declaration in support of the *Trustees' Motion for Entry of an Order (I) Holding Richard S. Sackler and Lin Gao in Civil Contempt of the Confirmation Order, (II) Directing Them to Vacate the Greenwich Property, and (III) Granting Related Relief* (the "Motion"). Unless otherwise stated, the statements in this declaration are based on my personal knowledge, my review of relevant records and correspondence, and information provided by the Trustees' various advisors. If called to testify, I could and would testify competently thereto.

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, were as follows: Purdue Pharma L.P. (7484); Purdue Pharma, Inc. (7486); Purdue Transdermal Technologies L.P. (1868); Purdue Pharma Manufacturing L.P. (3821); Purdue Pharmaceuticals L.P. (0034; Imbrium Therapeutics L.P. (8810); Adlon Therapeutics L.P. (6745); Greenfield Bio Ventures L.P. (6150); Seven Seas Hill Corp. (4591); Ophir Green Corp. (4594); Purdue Pharma of Puerto Reco (3925); Purdue Products L.P. (4140); Purdue Pharmaceutical Products L.P. (3902); Purdue Neuroscience Company (4712); Nayatt Cove Lifescience Inc. (7805); Button Land L.P. (7502); Rhodes Associates L.P. (N/A); Paul Land Inc. (7425); Quidnick Land L.P. (7584); Rhodes Pharmaceuticals L.P. (6166); Rhodes Technologies (7143); UDF LP (0495); SVC Pharma LP (5717); and SVC Pharma Inc. (4014). The Debtors' corporate headquarters was located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**The Greenwich Property**

2. The Greenwich Property is owned by ARIT Investment Holdings LLC, which is owned ultimately by the AR Irrevocable Trust (a trust within Side B Payment Group 1), and is pledged as security for that group's payment obligations under the MSA.[2] The trust that owns the Greenwich Property has more than a dozen beneficiaries, one of whom is Dr. Richard S. Sackler ("Dr. Sackler").

3. Certain valuable artwork, 50 percent of which is owned by the 1A Trust (a Trust Pledgor), remains in the Greenwich Property (the "Artwork"). The Trustees do not seek to sell the Artwork or the Trustees' interest in the Artwork at this time, other than to Dr. Sackler for fair market value. They seek only to move the Artwork to secure storage to protect it pending the sale of the Greenwich Property.

**The Sales Process to Date**

4. On April 7, 2026, I sent an email on behalf of the Trustees to all adult beneficiaries of the trusts holding the Greenwich Property, including Dr. Sackler, notifying them that the Trustees intended to market and sell the Greenwich Property and offering any beneficiary the opportunity to buy it at fair market value. A true and correct copy of the April 7, 2026 email is attached hereto as **Exhibit 1**. Dr. Sackler did not express interest in accepting such an offer.

5. The Trustees hired [redacted], the preeminent real estate broker for high-end residences in Greenwich, Connecticut (the "Broker"). After the Plan Effective Date, the Trustees were forced to pause their sale efforts because of the Interference Actions, including the lis pendens and the affidavit recorded against the Greenwich Property.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Court's *Modified Bench Ruling Granting the Side B Trustees' Motion to Enforce the Confirmation Order* [D.I. 9639].

6. On August 25, 2026, following the Court's August 21, 2026 bench ruling, I sent an email on behalf of the Trustees to all adult beneficiaries, including Dr. Sackler, informing them that the Trustees were re-initiating the sales process for the Greenwich Property. A true and correct copy of the August 25, 2026 email is attached hereto as **Exhibit 2**. [redacted] The Trustees again offered all beneficiaries, including Dr. Sackler, the opportunity to purchase the Greenwich Property at market value. Dr. Sackler did not express any interest in doing so.

**Conditions During Showings**

7. Based on the Trustees' own experience and the advice of the Broker, I understand that it is always preferable to market a home for sale vacant and staged, meaning emptied of the personal effects and clutter of its previous occupants. Having lost (at that point in time) four months due to the Interference Actions, the Trustees did not want to wait until the Greenwich Property was vacant to begin showings, especially because the Greenwich housing market is currently hot. Thus, the Trustees arranged to have the Broker show the Greenwich Property while the RSS Parties were still there on a limited and private basis.

8. The Broker informed me of the following conditions encountered during showings of the Greenwich Property:

[redacted]

[redacted]

[redacted]

[redacted]

9. A true and correct copy of the Broker's email to the Trustees dated October 2, 2026, describing these conditions is attached hereto as **Exhibit 3**. The Trustees and I have concluded that these conditions are detrimental to a sale that maximizes the value of the Greenwich Property.

**The RSS Parties' Refusal to Leave Voluntarily**

10. As of the date of this declaration, upon information and belief, the RSS Parties, their guests, and the Artwork remain in the Greenwich Property. The RSS Parties have not consented to the removal of the Artwork to secure storage despite the Trustees' repeated requests over the years, including numerous requests through counsel.

11. I also learned that, [redacted] A true and correct copy of the [redacted] is attached hereto as **Exhibit 4**.

12. On the morning of October 29, 2026, at the Trustees' direction, the Trustees' counsel sent counsel for the RSS Parties an offer to resolve these issues without the need for this Motion, under which the RSS Parties would [redacted]

[redacted] A true and correct copy of the October 29, 2026 email is attached hereto as **Exhibit 5**.

13. While it is possible to sell a typical occupied home, the Greenwich Property is a very unique property with one of the highest land values in Connecticut history. Therefore, the Trustees have concluded, based on the facts described above and additional diligence and experience with high-end real estate, that the RSS Parties' continued occupancy of the Greenwich Property, has made it extremely difficult, if not impossible, to market and sell the Greenwich Property for fair market value, and that the RSS Parties continue to interfere with the Trustees' ability to sell it at fair market value.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 5, 2026, in St. Louis, MO

*/s/ Frank S. Vellucci*

Frank S. Vellucci
*Successor Co-Trustee of the Crystal Trust and Data Trust*