UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

British Moss, as Next of Kin to Gail A. Moss (deceased) Creditors.
vs.

PURDUE PHARMA L.P., et al.,

Debtors.

NOV - 6 2026

Chapter 11
Case No. 19-23649 (SHL)

------------------------------------------------------X

**MOTION OF CLAIMANT/CREDITOR BRITISH D. MOSS FOR EXPEDITED DETERMINATION OF CLAIM STATUS, ENFORCEMENT OF PRIOR RELIEF, ACCOUNTING, AND DISTRIBUTION OF ALL FUNDS PRESENTLY DUE UNDER THE CONFIRMED PLAN AND APPLICABLE TRUST DISTRIBUTION PROCEDURES**

Claimant/Creditor **British D. Moss ("Claimant")**, appearing pro se, respectfully moves this Honorable Court for an order directing the Plan Administration Trust, Purdue Personal Injury Trust, PI Claims Administrator, and/or other entity responsible for administration and payment of Claimant's personal-injury claims to: (1) provide a final written determination and accounting of Claimant's claims; (2) identify whether Claimant's claims are Qualified and Allowed under the applicable Trust Distribution Procedures; and (3) if Qualified and Allowed and presently payable, promptly distribute all funds presently due to Claimant under the confirmed Plan and applicable Trust Distribution Procedures.

Claimant states as follows:

### I. JURISDICTION AND AUTHORITY

1. This Court has jurisdiction over these Chapter 11 proceedings pursuant to **28 U.S.C. §§ 157 and 1334** and retains authority concerning implementation and enforcement of its orders and the confirmed Plan as provided by applicable law and the Plan.

2. Under **11 U.S.C. § 105(a)**, the Court may issue orders necessary or appropriate to carry out provisions of the Bankruptcy Code.

3. Under **11 U.S.C. § 502**, proofs of claim are subject to allowance or disallowance through the bankruptcy claims-administration process.

4. **Federal Rule of Bankruptcy Procedure 3007** governs objections to claims and provides procedural protections when the allowance of a creditor's claim is contested.

5. Claimant seeks enforcement and implementation of rights established through the claims-administration process and the confirmed Plan. Claimant does **not** ask this Court to rewrite or materially modify the confirmed Plan.

### II. BACKGROUND

6. Claimant British D. Moss is a pro se personal-injury claimant and creditor in the above-captioned Purdue Pharma Chapter 11 proceedings.

7. Claimant previously submitted a request seeking permission for his late-filed Purdue Pharma claims to be considered. Claimant's filing appears on this Court's docket at **ECF No. 7643**.

8. The Court subsequently considered pending pro se late-claim motions following effectiveness of the Purdue Pharma Plan.

9. The Plan Administration Trust addressed the pending late-claim requests and objected to only four of the seventeen pending pro se late-claim motions.

10. Claimant Moss was **not among the four claimants whose requests the Plan Administration Trust opposed**.

11. The record reflects that the Plan Administration Trust determined that the remaining claimants, including Claimant Moss, had presented adequate justification concerning their delayed claims.

12. Accordingly, Claimant's request concerning the acceptance of his late-filed claims received favorable treatment and was not opposed by the Plan Administration Trust.

13. Claimant therefore does not seek to relitigate the question of whether extraordinary circumstances justified consideration of his claims.

### III. CLAIMANT'S INCARCERATION AND THE PRISON MAILBOX RULE

14. Claimant has pursued these proceedings while incarcerated and has necessarily depended upon prison authorities for transmission of his legal documents.

15. In **Houston v. Lack, 487 U.S. 266 (1988)**, the United States Supreme Court recognized the unique position of an incarcerated pro se litigant who cannot personally deliver papers to a courthouse and must relinquish control of a filing when it is delivered to prison officials for mailing.

16. The prison-mailbox principle has subsequently been incorporated into federal procedural rules in specific contexts.

17. Claimant possesses documentation reflecting the dates on which relevant documents were delivered to Florida Department of Corrections personnel for mailing and respectfully requests that such evidence be considered to the extent timeliness of any particular submission remains relevant.

18. Claimant recognizes, however, that the principal relief sought in this Motion concerns the **current administration and payment status of claims that were permitted to proceed**, rather than reconsideration of the original late-claim issue.

### IV. THE CLAIMS-ALLOWANCE PROCESS

19. A "claim" under the Bankruptcy Code includes a "right to payment," whether fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. **11 U.S.C. § 101(5).**

20. Under **11 U.S.C. § 501**, a creditor may file a proof of claim.

21. Under **11 U.S.C. § 502(a)**, a properly filed claim is deemed allowed unless a party in interest objects, subject to the other provisions of § 502 and the procedures established in these Chapter 11 cases.

22. The Purdue Personal Injury Trust nevertheless has its own claims-administration requirements under the confirmed Plan and applicable Trust Distribution Procedures for determining whether personal-injury claims are "Qualified and Allowed" and therefore entitled to distributions.

23. Claimant respectfully seeks a definitive determination identifying where each of his claims presently stands within that process.

### V. THE COURT'S AUTHORITY TO ENFORCE THE CONFIRMED PLAN

24. A confirmed Chapter 11 plan generally binds the debtor and creditors pursuant to **11 U.S.C. § 1141(a)**.

25. Section **1142(b)** further provides that the Court may direct the debtor and any other necessary party to perform acts necessary for consummation of the Plan.

26. Claimant therefore requests enforcement of the Plan according to its actual terms—not modification of the Plan to provide Claimant with treatment unavailable to similarly situated creditors.

27. The Supreme Court has cautioned that **11 U.S.C. § 105(a)** does not permit a bankruptcy court to contravene specific provisions of the Bankruptcy Code. See **Law v. Siegel, 571 U.S. 415, 421 (2014)**.

28. Consistent with that authority, Claimant seeks only relief authorized by the Bankruptcy Code, this Court's orders, the confirmed Purdue Pharma Plan, and the applicable Trust Distribution Procedures.

### VI. CLAIMANT SEEKS ENFORCEMENT, NOT MODIFICATION, OF THE PLAN

29. Claimant expressly states that he is **not asking this Court to rewrite the confirmed Purdue Pharma Plan or create a distribution to which the Plan does not entitle him**.

30. Claimant seeks an accounting and prompt distribution of **all amounts that have become presently due and payable to him** under the Plan and applicable Trust Distribution Procedures.

31. If Claimant's claims have already been determined to be Qualified and Allowed, and all conditions precedent to the applicable distribution have been satisfied, Claimant respectfully requests an order directing the responsible Trust, Claims Administrator, Trustee, Plan Administrator, and/or other responsible entity to promptly make the distribution required by the Plan.

f. the gross amount allocated to each Qualified and Allowed claim;

g. every deduction, lien, assessment, reserve, offset, holdback, or other reduction applicable to the distribution;

h. every document or action, if any, still required from Claimant;

i. whether payment has been authorized;

j. the amount presently payable;

k. the anticipated payment date; and

l. if payment is being withheld, the specific provision of the Plan, Trust Distribution Procedures, Court order, claim deficiency, objection, lien, or other legal basis authorizing the continued withholding.

### VII. EXPEDITED RELIEF IS WARRANTED

33. Claimant has diligently pursued his rights while incarcerated and while facing substantial limitations upon his ability to access legal resources, communicate with parties, obtain records, and personally participate in proceedings.

34. Claimant has waited a substantial period for resolution of his claims and has repeatedly attempted to obtain meaningful consideration of those claims.

35. The Purdue Pharma Plan became effective on **May 1, 2026**, and the Purdue Personal Injury Trust has publicly stated that it has been funded and that distributions on Qualified and Allowed claims were expected to begin during the third quarter of 2026.

36. Claimant therefore respectfully submits that it is reasonable and appropriate to require the responsible claims-administration entity to provide a definite determination of his claims and, if payment has become due under the Plan and Trust Distribution Procedures, to make that distribution without unnecessary administrative delay.

### VIII. APPLICABLE BANKRUPTCY PRINCIPLES

37. Bankruptcy courts possess authority to interpret and enforce their own orders. See **Travelers Indemnity Co. v. Bailey, 557 U.S. 137, 151 (2009)**.

38. At the same time, a bankruptcy court's post-confirmation authority must remain connected to the Bankruptcy Code and the confirmed Plan. See **Law v. Siegel, 571 U.S. 415 (2014)**.

39. The relief requested here respects those limitations because Claimant does not ask this Court to manufacture a new recovery or alter the economic terms of the confirmed Plan.

40. Instead, Claimant asks the Court to determine whether the existing Plan and Trust Distribution Procedures presently require payment and, if so, to enforce those obligations.

41. Claimant further recognizes that similarly situated creditors ordinarily must receive treatment consistent with the confirmed Plan. Claimant therefore seeks expedited **administration and payment of the amount legally due to him**, rather than an unauthorized priority over other similarly situated Qualified and Allowed claimants.

### IX. REQUEST FOR RELIEF

WHEREFORE, Claimant/Creditor **British D. Moss**, appearing pro se, respectfully requests that this Honorable Court enter an Order:

A. Recognizing the prior favorable disposition permitting Claimant's late-filed claims to proceed;

B. Directing the Purdue Personal Injury Trust, PI Claims Administrator, Plan Administration Trust, and/or other responsible entity to provide Claimant with a complete written determination and accounting of each claim associated with British D. Moss;

C. Requiring the responsible entity to state whether each claim is **Qualified and Allowed** under the confirmed Plan and applicable Trust Distribution Procedures;

D. Requiring identification of Claimant's applicable personal-injury tier or classification;

E. Requiring disclosure of the gross distribution, applicable deductions, and net amount presently payable for each Qualified and Allowed claim;

F. Requiring identification of any remaining deficiency, lien, hold, objection, documentation requirement, condition precedent, or other legal impediment to payment;

G. If Claimant's claims are Qualified and Allowed and the applicable distribution is presently payable, directing the appropriate Trust, Trustee, Claims Administrator, Plan Administrator, and/or other responsible entity to **promptly distribute all amounts presently due to Claimant under the confirmed Plan and applicable Trust Distribution Procedures**;

H. Requiring the responsible entity to provide a specific payment date or schedule for any remaining distribution that has not yet become payable;

I. To the extent the Court determines a hearing is necessary, setting this Motion for hearing at the earliest practicable date; and

J. Granting Claimant such other and further relief as this Honorable Court determines to be just, appropriate, and authorized under the Bankruptcy Code, confirmed Plan, applicable Trust Distribution Procedures, and prior orders of this Court.

### DECLARATION UNDER PENALTY OF PERJURY

I, **British D. Moss**, declare under penalty of perjury pursuant to **28 U.S.C. § 1746** that the factual statements contained herein concerning my claims, incarceration, submissions, communications, and efforts to obtain determination and payment are true and correct to the best of my knowledge, information, and belief.

Executed on: 10-20-2026

Respectfully submitted,

/s/ Mr. British D. Moss
**BRITISH D. MOSS**
Claimant/Creditor, Pro Se
3142 Thomas Drive
Bonifay, FLA. 32425
DC #184798