# Exhibit A
## (Addendum to November Omnibus Hearing Agenda re Pro Se Filings)

# ADDENDUM TO NOVEMBER 18, 2026 OMNIBUS HEARING AGENDA REGARDING STATUS, RESPONSE DEADLINES, AND PROPOSED HEARING SCHEDULE FOR FILINGS BY *PRO SE* PARTIES

## I. Overview

**Section II. Motions or Requests for Relief for Potential Scheduling at the December Omnibus Hearing.**

Matters 1 to 26 listed in this section may be appropriate to schedule for a hearing. If the Court agrees, they can be scheduled for the December Omnibus Hearing, and objections or responses to the requested relief should be filed on or before December 3, 2026, at 4:00 p.m. (ET).

**Section III. Motions and Other Filings Related to PI Trust Claims Administration and Reconciliation – No Hearing Appropriate at This Time.**

Matters 27 to 87 listed in this section are subject to ongoing claims reconciliation and administration by the PI Trust, and a hearing is not appropriate at this time.

**Section IV. Motions and Other Filings for Which No Relief Is Requested or the Relief Requested Is Now Moot – No Hearing Necessary.**

Matters 88 to 91 listed in this section are not appropriate to schedule for a hearing.

## II. Motions or Requests for Relief for Potential Scheduling at the December Omnibus Hearing

| Name of Filing Party | D.I. | Summary of Relief Requested[1] | Status |
|---|---|---|---|
| Ballesteros, Roy | **(1)** D.I. 9290 | Requests that Claim No. 25745 not be permanently disallowed and any objection to the claim be reconsidered. Claimant also requests that the Court extend the time for Claimant to submit documentation substantiating his claim. | Motion presents a reconsideration request, appropriate to schedule for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to the requested relief should be filed and served on or before December 3, 2026, at 4:00 p.m. (ET). |
| Ciganer, Philip | **(2)** D.I. 9291 | Requests that the Court grant an extension of time to file a response to the claim objection, deem the response timely, and reinstate Claim No. 16074. | Motion presents a reconsideration request, appropriate to schedule for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to the requested relief should be filed and served on or before December 3, 2026, at 4:00 p.m. (ET). |
| | **(3)** D.I. 9374 | Requests that a hearing be scheduled to consider his motion for reinstatement. | See above. |
| Clermont, Marcel | **(4)** D.I. 9380 | Requests that the Court accept the late response to the objection (D.I. 8547) and the documentation supporting the claim (Claim No. 19296) and reconsider the disallowance of the claim. | Motion presents a reconsideration request, appropriate to schedule for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to the requested relief should be filed and served on or before December 3, 2026, at 4:00 p.m. (ET). |

[1] The summaries of relief requested herein are for informational purposes only, are qualified in their entirety by the contents of the respective filings, and are without prejudice to any party's rights or characterizations of the relief requested.

| | | | |
|---|---|---|---|
| Hyder-Dodd, Jeanne | **(5)** D.I. 9192 | Requests that the Court investigate the alleged loss of records and that Claim No. 584 be reinstated. | Motion presents a reconsideration request, appropriate to schedule for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to the requested relief should be filed on or before December 3, 2026, at 4:00 p.m. (ET). |
| Ingle, Martha | **(6)** D.I. 9435 | Requests the entry of an order authorizing Ms. Ingle's late response to the omnibus claims objection (D.I. 8547) and reinstating Claim No. 628356. | Motion presents a reconsideration request, appropriate to schedule for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to the requested relief should be filed on or before December 3, 2026, at 4:00 p.m. (ET). |
| | **(7)** D.I. 9441 | Requests the entry of an order allowing the late filing of Proof of Claim and additional documentation in support of Claim No. 628356, claiming excusable neglect. | Motion presents a late claim request, appropriate to schedule for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to the relief requested will be due December 3, 2026, at 4:00 p.m. (ET). |
| Laliberte, Michael | **(8)** D.I. 9262 | Letter asking for reconsideration of his daughter's claim. He provides updated contact information but does not attach any substantiating documentation in support of Claim No. 40362. | Motion presents a reconsideration request, appropriate to schedule for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to the requested relief should be filed on or before December 3, 2026, at 4:00 p.m. (ET). |
| Liberatore, Robert | **(9)** D.I. 9331 | Requests that the Court enter an order that a late proof of claim as being timely filed due to lack of notice (no proof of claim in Kroll database). | Motion presents a late claim request, appropriate to schedule for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to |

| | | | |
|---|---|---|---|
| | | | the relief requested will be due December 3, 2026, at 4:00 p.m. (ET). |
| Mercedes, Lorajehn | **(10)** D.I. 9371 | Letter asking for reconsideration of claimant's previously unsubstantiated claim. Claimant provides pharmacy information to evidence oxycodone prescriptions. | Motion presents a reconsideration request appropriate to schedule for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to the requested relief should be filed on or before December 3, 2026, at 4:00 p.m. (ET). |
| Morales, Amanda | **(11)** D.I. 9448 | Requests that the Court determine on the record that the Debtors willfully tampered with certain court records, committed fraud through such tampering, and engaged in criminal impersonation as the claimant's notice of appeal was not filed in its entirety on the docket. | If scheduled for the December Omnibus Hearing, then objections or other responses to the requested relief should be filed and served on or before December 3, 2026, at 4:00 p.m. (ET). |
| | **(12)** D.I. 9505 | Motion requests that the Court reconsider its decision to approve the fee applications for Cornerstone and HSF Kramer, arguing that Cornerstone's fees in the amount of $15,577 are excessive and HSF Kramer failed to file the proper disclosures. | If scheduled for the December Omnibus Hearing, then objections or other responses to the requested relief should be filed and served on or before December 3, 2026, at 4:00 p.m. (ET). |
| | **(13)** D.I. 9552 | Requests that the Court enter an order directing that the transcript of the Fee Application Hearing be delivered to the claimant at the government's expense in furtherance of the claimant's appeal of fee applications. | If scheduled for the December Omnibus Hearing, then objections or other responses to the requested relief should be filed and served on or before December 3, 2026, at 4:00 p.m. (ET). |
| Rees, June E. | **(14)** D.I. 9367 | Claimant files on behalf of deceased son and argues that disallowance of the claim (Claim | Motion presents a reconsideration request appropriate to schedule for hearing. If |

| | | | |
|---|---|---|---|
| | | No. 147662) should be reconsidered because she was unaware of the proceedings following son's death in 2023. Claimant does not file supporting documentation other than letter to the Court. | scheduled for the December Omnibus Hearing, then objections or other responses to the requested relief should be filed on or before December 3, 2026, at 4:00 p.m. (ET). |
| Paiva, Richard | **(15)** D.I. 9144 | Requests that the Court enter an order allowing the filing of a late proof of claim due to incarceration. | Motion presents a late claim, appropriate to schedule for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to the relief requested will be due December 3, 2026, at 4:00 p.m. (ET). |
| Peek, Matthew | **(16)** D.I. 9191 | Requests that Claim No. 13001 be reinstated and evaluated on the merits. | Motion presents a reconsideration request, appropriate to schedule for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to the relief requested will be due December 3, 2026, at 4:00 p.m. (ET). |
| Pitts-Tillman, Laurie | **(17)** D.I. 9313 | Requests production of certified copies of all charging instruments and any other documents relating to the claims, authorizations, assignments, liens, and other records establishing authority in connection with the proceeding. Further demands payment in an amount exceeding $11 million dollars as reimbursement for pro se litigant's time spent pursuing claims. | To the extent this motion requests relief that is not related to the PI Trust's ongoing claims reconciliation and administration, the motion can be scheduled for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to the relief requested will be due December 3, 2026, at 4:00 p.m. (ET). |
| | **(18)** D.I. 9433 | Requests production of certified copies of all charging instruments and any other documents relating to the claims, authorizations, assignments, liens, and other records establishing authority in connection | To the extent this motion requests relief that is not related to the PI Trust's ongoing claims reconciliation and administration, the motion can be scheduled for hearing. If scheduled for the December Omnibus Hearing, then |

| | | | |
|---|---|---|---|
| | | with the proceeding. Further requests oaths of office of judicial officers | objections or other responses to the relief requested will be due December 3, 2026, at 4:00 p.m. (ET). |
| | **(19)** D.I. 9583 | Requests a complete accounting, payment, and reimbursement for pro se litigant's time spent pursuing claims, and requests disclosure of any oaths, bonds, insurance, or indemnification. | To the extent this motion requests relief that is not related to the PI Trust's ongoing claims reconciliation and administration, the motion can be scheduled for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to the relief requested will be due December 3, 2026, at 4:00 p.m. (ET). |
| | **(20)** D.I. 9596 | Same as D.I. 9583, summarized above. | To the extent this motion requests relief that is not related to the PI Trust's ongoing claims reconciliation and administration, the motion can be scheduled for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to the relief requested will be due December 3, 2026, at 4:00 p.m. (ET). |
| Reaves, Stephanie | **(21)** D.I. 9589 | Requests the entry of an order allowing late substantiation and reinstatement of Claim Nos 14836 and 16438 for further evaluation. | Motion presents a reconsideration request, appropriate to schedule for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to the relief requested will be due December 3, 2026, at 4:00 p.m. (ET). |

| | | | |
|---|---|---|---|
| Serpico, Michele | **(22)** D.I. 9223 | Requests reconsideration of the disallowance of Claim No. 66139, which Movant filed on behalf of her son, who was incarcerated at the time. | Motion presents a reconsideration request, appropriate to schedule for hearing. If scheduled for the December Omnibus Hearing, then objections or other responses to the requested relief should be filed and served on or before December 3, 2026, at 4:00 p.m. (ET). |
| Smith, John (on behalf of Sally Ann Cates) | **(23)** D.I. 9529 | Requests settlement in the amount of ten million dollars ($10,000,000) as a result of claimant's death related to opioid usage. The filing appears to be seeking the Court's authorization to file late claim. | Motion appears to present a request to file a late claim appropriate to schedule for hearing. If scheduled for the December Omnibus Hearing, then objections or responses to the requested relief should be filed on or before December 3, 2026, at 4:00 p.m. (ET). |
| | **(24)** D.I. 9265 | Requests a hearing regarding the claims and settlement demand, and notice of such hearing if request is granted. | See above. |
| | **(25)** D.I. 9510 | Requests that an omnibus hearing be rescheduled for this matter to be heard. | See above. |
| | **(26)** D.I. 9521 | Requests that late claim be permitted for excusable neglect due to delayed notice because of an error in mail delivery. | Motion presents a request to file a late claim appropriate to schedule for hearing. If scheduled for the December Omnibus Hearing, then objections or responses to the requested relief should be filed on or before December 3, 2026, at 4:00 p.m. (ET). |

## III. Motions and Other Filings Related to PI Trust Claims Administration and Reconciliation – No Hearing Appropriate at This Time

| Name of Filing Party | D.I. | Summary of Relief Requested | Status |
|---|---|---|---|
| Arnett, Timothy | **(27)** D.I. 9434 | Request for claim (Claim No. 15525) to be allowed and seeking permission to submit a Trust Claim Form within a reasonable time. | The objection to Claim No. 15525 has been withdrawn without prejudice. Therefore, the claim is subject to ongoing claims reconciliation and administration by the PI Trust, and a hearing is not appropriate at this time. |
| Bard, Kenneth | **(28)** D.I. 9429 | Responding to omnibus claims objection (D.I. 8547) and requests that his claim not be disallowed and expunged. | The objection to Claim No. 629002 has been withdrawn without prejudice. Therefore, the claim is subject to ongoing claims reconciliation and administration by the PI Trust, and a hearing is not appropriate at this time. |
| Bard, Rhonda | **(29)** D.I. 9397 | Letter regarding distribution of funds in accordance with the Plan (Claim No. 629065) (Document restricted from public view). | The objection to Claim No. 629065 has been withdrawn without prejudice. Therefore, the claim is subject to ongoing claims reconciliation and administration by the PI Trust, and a hearing is not appropriate at this time. |
| | **(30)** D.I. 9398 | Letter regarding distribution of funds in accordance with the Plan (Claim No. 629065) (Document restricted from public view). | The objection to Claim No. 629065 has been withdrawn without prejudice. Therefore, the claim is subject to ongoing claims reconciliation and administration by the PI Trust, and a hearing is not appropriate at this time. |

| | | | |
|---|---|---|---|
| Caddell, Joan Nerlino | **(31)** D.I. 9232 | Filing requests that the Court reconsider her claim (Claim No. 146921) filed on behalf of her deceased son and provides supporting information about her son's opioid use. Ms. Caddell notes that she discovered the name of the doctor who initially prescribed the drug for oral surgery, and attests that she discovered this information on 5/19/2026 and is in the process of obtaining additional substantiating information. | Claim No. 146921 has been reinstated and remains subject to the PI Trust's ongoing claims reconciliation and administration. Therefore, no hearing is appropriate at this time. |
| | **(32)** D.I. 9235 | Same as D.I. 9232 summarized above. | Claim No. 146921 has been reinstated and remains subject to the PI Trust's ongoing claims reconciliation and administration. Therefore, no hearing is appropriate at this time. |
| | **(33)** D.I. 9254 | Same as D.I. 9232 summarized above. | Claim No. 146921 has been reinstated and remains subject to the PI Trust's ongoing claims reconciliation and administration. Therefore, no hearing is appropriate at this time. |
| Calhoun Sr., Orlandus Frank | **(34)** D.I. 9508 | Claimant files handwritten letter to the court asking for reconsideration of his claim. Claimant alleges he submitted timely submissions but has not received any information from debtors or the court regarding his initial submission. Claimant does not attach supporting documentation. | The objection has been withdrawn without prejudice as to Claimant's claim. Therefore, the claim is subject to ongoing claims reconciliation and administration by the PI Trust, and a hearing is not appropriate at this time. |
| Centolella, Ricard D. | **(35)** D.I. 9249 | Claimant requests reconsideration of his claim against Debtors on behalf of his minor child and the overdose death of his wife. | Claim No. 128682 has been reinstated and remains subject to the PI Trust's ongoing claims reconciliation and administration. |

| | | | |
|---|---|---|---|
| | | Claimant attaches pharmacy and prescription records regarding amounts of prescribed opioid medication beginning in 2010. | Therefore, no hearing is appropriate at this time. |
| Damrow, Anthony | **(36)** D.I. 9214 | Requests that the Court reinstate Claim No. 70220 for further evaluation, citing passage of time as good cause for lack of documentation. | The claim has been reinstated and remains subject to the PI Trust's ongoing claims reconciliation and administration. Therefore, no hearing is appropriate at this time. |
| Ecke, Maria | **(37)** D.I. 9573 | Asking the Court to compel the Debtors to confirm, in a binding manner, whether Claim Nos. 16810, 16817, 22855, 23016, and 628554 have been accepted and are being processed. | Because Claim Nos. 16810, 16817, 22855, 23016, and 628554 are subject to ongoing claims reconciliation and administration by the PI Trust, no hearing is appropriate at this time. |
| | **(38)** D.I. 9206[2] | Motion seeking the following:<br>1. disclosure of the Sacklers' overseas trusts;<br>2. copies of Richard Sackler's and Lin Gao's signatures to confirm the bankruptcy of Purdue Pharma L.P., *et al.*;<br>3. confirmation that the bankruptcy payments are bonded by the Sacklers; an order compelling the Sacklers to pay for and send copies of the McKinsey settlement transcripts; | Because Claim Nos. 16810, 16817, 22855, 23016, and 628554 are subject to ongoing claims reconciliation and administration by the PI Trust, no hearing is appropriate at this time. |

[2] While D.I. 9206 is categorized under this Section III, matters for which a hearing is not appropriate at this time, because it raises a request for relief related to certain PI claims, which are subject to the PI Trust's ongoing claims reconciliation and administration, it also raises other issues that may be appropriate to set for hearing. If the Court would prefer to set certain issues for hearing at the December Omnibus Hearing and continue others, the Plan Administration Trust proposes that Items 1 through 3 and 5 could be set for hearing at the December Omnibus Hearing, with responses due on or before December 3, 2026, at 4:00 p.m. (ET). Item 6, however, is moot, and no hearing is appropriate.

| | | | |
|---|---|---|---|
| | | 4. an order directing the PI Trustee to state the claim payout amounts and tiers for Claim Nos. 16810, 16817, 22855, 23016, and 628554;<br>5. a jury trial; and<br>6. to be registered for the May 23, 2026 hearing with a free transcript mailed to movant. | |
| | **(39)** D.I. 9226 | Same as above. | Because Claim Nos. 16810, 16817, 22855, 23016, and 628554 are subject to ongoing claims reconciliation and administration by the PI Trust, no hearing is appropriate at this time. |
| Esposito, Frances | **(40)** D.I. 9263 | Requests reconsideration of his claim and providing information about his social security income report and medical history as substantiating documents. | The Claimant's claim has been reinstated and remains subject to the PI Trust's ongoing claims reconciliation and administration. Therefore, no hearing is appropriate at this time. |
| Foust, Jessica | **(41)** D.I. 9194 | Requests extension of time to provide additional documentation in support of Claim No. 629292 and appointment of counsel as claimant is incarcerated. | The PI Trust is working to reconcile and administer the Claims channeled to it under the Plan. Because Claim No. 629292 is subject to ongoing reconciliation by the PI Trust, no hearing is appropriate at this time. |

| | | | |
|---|---|---|---|
| Fulghum, Jr., Kasper F. | **(42)** D.I. 9234 | Requests reconsideration of claim and arguing that no substantiating documentation could be provided because the institutions possessing such documents have either destroyed them or are no longer in business. Claimant attaches his initial claim as an exhibit. | Claim No. 127674 has been reinstated and remains subject to the PI Trust's ongoing claims reconciliation and administration. Therefore, no hearing is appropriate at this time. |
| Fuller, Ryan | **(43)** D.I. 9251 | Objects to the disallowance of Claim No. 14694 and requests that the claim be reinstated. | Claim No. 14694 has been reinstated and remains subject to the PI Trust's ongoing claims reconciliation and administration. Therefore, no hearing is appropriate at this time. |
| Harris, Donald Oscar | **(44)** D.I. 9450[3] | Requests verification of claims, determination from the Court as to whether there was a breach of fiduciary duties in accordance with the administration of the Non-NAS PI fund, and an accounting of all Non-NAS PI trust expenses including requests for the disclosure of professional fees and clarification as to the payments made to secured creditors. Also requests the trust to recalculate the deduction and distributions based on the number of allowed claims and that the Court direct the disclosure of the methodology used in the TDP Validation. | The PI Trust is working to reconcile and administer the Claims channeled to it under the Plan. Because Claim No. 128700 is subject to ongoing reconciliation by the PI Trust, no hearing is appropriate at this time. |

[3] While D.I. 9450 is categorized under this Section III, matters for which a hearing is not appropriate at this time, because it raises a request for relief related to certain PI claims, which are subject to the PI Trust's ongoing claims reconciliation and administration, it also raises other issues that may be appropriate to set for hearing. If the Court would prefer to set certain issues for hearing at the December Omnibus Hearing and continue others, the Plan Administration Trust proposes that the requested relief related to professional fees and disclosure of the TDP Validation methodology be set for hearing at the December Omnibus Hearing, with responses due on or before December 3, 2026, at 4:00 p.m. (ET). To the extent Mr. Harris is requesting that the Court alter the allocation procedures and mechanics provided by the confirmed and effective Plan, the requested relief is moot, and no hearing is appropriate.

| | | | |
|---|---|---|---|
| | **(45)** D.I. 9460 | Requests that the Court reallocate the distributions to favor Non-NAS PI claimants who were directly harmed by Purdue manufactured opioids rather than claimants who were harmed by the opioid crisis generally. | The PI Trust is working to reconcile and administer the Claims channeled to it under the Plan. Because Claim No. 128700 is subject to reconciliation by the PI Trust, no hearing is appropriate at this time. |
| | **(46)** D.I. 9556 | Requests that the disallowed claims be removed from calculations, that no estimated claims be distributed, distributions be made only to allowed claims, and a recalculation of the distributions. | The PI Trust is working to reconcile and administer the Claims channeled to it under the Plan. Because Claim No. 128700 is subject to reconciliation by the PI Trust, no hearing is appropriate at this time. |
| | **(47)** D.I. 9557 | Requests entry of an order rejecting the PI Trust's distribution methodology, declaring it inconsistent, declaring that no estimated claims be distributed, distributions be made only to allowed claims, and that the Trust publish adjusted burden tables and distribution calculations. | The PI Trust is working to reconcile and administer the Claims channeled to it under the Plan. Because Claim No. 128700 is subject to reconciliation by the PI Trust, no hearing is appropriate at this time. |
| Hughes, Terry L. | **(48)** D.I. 9257 | Letter regarding medical records. | The PI Trust is working to reconcile and administer the Claims channeled to it under the Plan. Because Claim No. 624439 is subject to reconciliation by the PI Trust, no hearing is appropriate at this time. |
| | **(49)** D.I. 9293 | Seeking to add certain exhibits to Claim No. 624439; requests Wexford Health Services provide Medical Center records | The PI Trust is working to reconcile and administer the Claims channeled to it under the Plan. Because Claim No. 624439 is subject to reconciliation by the PI Trust, no hearing is appropriate at this time. |

| | | | |
|---|---|---|---|
| Hulin, Tony Ray | **(50)** D.I. 9253 | Letter from Claimant's ex-wife, on behalf of Claimant, and other relatives requesting the reinstatement of Claim No. 73125. | Claim No. 73125 has been reinstated and remains subject to the PI Trust's ongoing claims reconciliation and administration. Therefore, no hearing is appropriate at this time. |
| Lojko, Janice | **(51)** D.I. 9549 | Claimant objects to denied late claim decision and Order related to Claim No. 634720. Claimant claims she sent a response brief to the Court on May 12, 2026 and received confirmation it was received but contends that it was never entered on the record and not taken into consideration. She provides evidence of why she was unable to file her claim on time, including moving due to the fires in California. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| Lottman, Jacob | **(52)** D.I. 9541 | Requests that Claim Nos. 19543 and 22912 be admitted due to lack of notice as a result of incarceration. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| McDuffie IV, Samuel | **(53)** D.I. 9239 | Requests reconsideration of Movant's claim pursuant to paragraph 3 of the *Order Granting Omnibus Claims Objection of the Debtors and Official Committee of Unsecured Creditors to Unsubstantiated Claims* (D.I. 9092). | Claim No. 5706 has been reinstated and remains subject to the PI Trust's ongoing claims reconciliation and administration. Therefore, no hearing is appropriate at this time. |
| Moore, Charles | **(54)** D.I. 9301 | Moving for a declaratory judgment that his military records constitute reliable evidence of his claim and qualify his claim for Tier 1 status under the applicable trust distribution | The PI Trust is working to reconcile and administer the Claims channeled to it under the Plan. Because Claim No. 11039 is |

| | | | |
|---|---|---|---|
| | | procedures. Movant also asks the Court to override the PI Trust's deficiency findings and direct an out-of-court settlement or set the matter for a jury trial, seeking compensatory and other damages. | subject to reconciliation by the PI Trust, no hearing is appropriate at this time. |
| Moss, British D. | **(55)** D.I. 9525 | Seeking the entry of an order compelling the PI Trust to provide a full accounting of all distributions made, including the recipients, the legal bases for the distributions, and an explanation as to why no distribution in favor of movant has been made. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| | **(56)** D.I. 9546 | Seeking the entry of an order granting access to the claim register, judicial records, and distribution-related information associated with these chapter 11 cases for purposes of determining the status of similarly situated claims and whether movant's claims have been properly processed. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| | **(57)** D.I. 9547 | Seeking the entry of an order compelling the PI Trust to provide a full accounting of all distributions made, including the recipients, the legal bases for the distributions, and an explanation as to why no distribution in favor of movant has been made. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| | **(58)** D.I. 9653 | Requests that the Court enter an order, substantially in the form attached to the Motion, compelling the responsible trust to provide a written accounting and final status determination of Movant's five personal injury claims (Nos. 628493, 628523, 628555, | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |

| | | | |
|---|---|---|---|
| | | 629211, and 629347), identifying for each whether it is Qualified and Allowed, its tier or other applicable classification, the amount payable, and any administrative or procedural obstacles preventing distribution. To the extent any claim is Qualified, Allowed, and presently payable, Movant asks the court to direct the responsible entity to promptly make the distributions required pursuant to the Plan and Trust Distribution Procedures. | |
| | **(59)** D.I. 9680 | Same as D.I. 9653 summarized above. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| | **(60)** D.I. 9685 | Same as D.I. 9653 summarized above. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| | **(61)** D.I. 9704 | Same as D.I. 9653 summarized above. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| Norman, Ted J. | **(62)** D.I. 9379 | Objecting to the disallowance of his claim and seeking reconsideration of his claim and supporting documentation. | The objection to Mr. Norman's claim has been withdrawn without prejudice. Therefore, the claim is subject to ongoing claims reconciliation and administration by |

| | | | |
|---|---|---|---|
| | | | the PI Trust, and a hearing is not appropriate at this time. |
| Pinkusov, Vitaly | **(63)** D.I. 9373 | Claimant files handwritten letter to the Court asking for reconsideration of his claim as well as others. No documentation to support his claim is provided. Rather, Claimant states his opinions on the proceedings. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| Richardson, Michael D. | **(64)** D.I. 9224 | Requests reconsideration of his claim. Claimant alleges that he sent documentation to substantiate his claim. | The objection to Claim No. 102474 has been withdrawn without prejudice. Therefore, the claim is subject to ongoing claims reconciliation and administration by the PI Trust, and a hearing is not appropriate at this time. |
| Robilotto, Michael | **(65)** D.I. 9216 | Letter providing supporting documentation to substantiate claim so that it will not be disallowed and expunged. | The objection to Claimant's claim has been withdrawn without prejudice. Therefore, the claim is subject to ongoing claims reconciliation and administration by the PI Trust, and a hearing is not appropriate at this time. |
| Sallis, Ryan | **(66)** D.I. 9259 | Requests that the Court and the Debtors consider the Claimant's personal history, the expiration of corporate pharmacy records, the destruction of physician files, and the specific naming of medical providers as a valid explanation for the documentation delay. | The PI Trust is working to reconcile and administer the Claims channeled to it under the Plan. Because Claim Nos. 629870 and 629871 are subject to ongoing reconciliation by the PI Trust, no hearing is appropriate at this time. |
| | **(67)** D.I. 9681 | Letter requesting that the court order the PI Trust to directly process the Claim Nos. 629870 and 629871, apply equitable tolling to any deadline affected by the claim | The PI Trust is working to reconcile and administer the Claims channeled to it under the Plan. Because Claim Nos. 629870 and 629871 are subject to ongoing reconciliation |

| | | | |
|---|---|---|---|
| | | reinstatement, and distribution according to the standard Non-NAS PI Tier and the NAS PI baseline distribution parameters. | by the PI Trust, no hearing is appropriate at this time. |
| | **(68)** D.I. 9689 | Motion for the Court to allow Claim Nos. 629870 and 629871. Movant alleges the above-referenced claims are categorized as deficient because no supplemental claim form was filed, though the objection of the Debtors and the Committee to the claims was withdrawn. | The PI Trust is working to reconcile and administer the Claims channeled to it under the Plan. Because Claim Nos. 629870 and 629871 are subject to ongoing reconciliation by the PI Trust, no hearing is appropriate at this time. |
| Schieren, Victoria | **(69)** D.I. 9250 | Letter requesting reconsideration of her claim, arguing that she provided necessary documentation to demonstrate an opioid dependency. Claimant argues that the lack of documentation stems from institutional data retention policies that have destroyed Claimant's information. | Claim No. 4822 has been reinstated and remains subject to the PI Trust's ongoing claims reconciliation and administration. Therefore, no hearing is appropriate at this time. |
| Singleton, Kelvin | **(70)** D.I. 9540 | Requests appointment of counsel, or in the alternative, an order that the trustee distribute the amount listed in Claim Nos. 12712 and 56925. Also requests a Writ of Mandamus directing the issuance of compensation in the highest tier for personal injury and appointing counsel to represent him. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| | **(71)** D.I. 9707 | Requesting for writ of mandamus regarding Claim No. 12712, including declaration of Kelvin Singleton in support of same. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |

| | | | |
|---|---|---|---|
| Supino, Joseph | **(72)** D.I. 9222 | Letter requesting an update as to his claim (Claim No. 17315) and supporting documentation. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, it is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| Szeman, Megan | **(73)** D.I. 9601 | Motion for Leave to File Late Proofs of Claim on Behalf of Minor Children, arguing that: neither minor claimant was born prior to the General Bar Date (July 2020), so it was a physical and legal impossibility to file a proof of claim prior to the Bar Date.<br>Ms. Szeman states that she filed timely approved claims for both for herself and her child born in 2020, establishing good faith and further states that the reason for the delay is that unborn infants cannot assert claims nor can a guardian assert claims for individuals who do not exist. Ms. Szeman supplies two claim forms for each minor and medical records. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| Walker, Michael | **(74)** D.I. 9646 | Requests that the Court or the PI Trust provide the status of payment of his claim. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| | **(75)** D.I. 9647 | Requests status of payment of his claim from the Court or the PI Trustee and claimant requests confirmation of the status of his payments. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |

| | | | |
|---|---|---|---|
| | **(76)** D.I. 9703 | Same as above. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| Ward, Shawn | **(77)** D.I. 9319 | Requests the reinstatement of Claim No. 614545, an emergency status conference, and an order directing the Debtors to produce an affidavit of service that the July 28, 2025 evidence deadline was properly served on the Claimant. | The objection to Claim No. 614545 has been withdrawn without prejudice, and the claim remains subject to ongoing reconciliation by the PI Trust. Therefore, no hearing is appropriate at this time. |
| | **(78)** D.I. 9428 | Requests the reinstatement of Claim No. 614545, an emergency status conference, and an order directing the Debtors to produce an affidavit of service that the July 28, 2025 evidence deadline was properly served on the Claimant. | The objection to Claim No. 614545 has been withdrawn without prejudice, and the claim remains subject to ongoing reconciliation by the PI Trust. Therefore, no hearing is appropriate at this time. |
| | **(79)** D.I. 9504 | Requests the reinstatement of Claim No. 614545, an emergency status conference, and an order directing the Debtors to produce an affidavit of service that the July 28, 2025 evidence deadline was properly served on the Claimant. | The objection to Claim No. 614545 has been withdrawn without prejudice, and the claim remains subject to ongoing reconciliation by the PI Trust. Therefore, no hearing is appropriate at this time. |
| | **(80)** D.I. 9705 | Requests that the Court set a date for a hearing on D.I. 9319 and D.I. 9504 or, in the alternative, ordering the PI Trust to file a written response within 14 days. | The objection to Claim No. 614545 has been withdrawn without prejudice, and the claim remains subject to ongoing reconciliation by the PI Trust. Therefore, no hearing is appropriate at this time. |

| | | | |
|---|---|---|---|
| Wilcher Jr., Harold | **(81)** D.I. 9264 | Claimant is an incarcerated individual and provides an affidavit to affirm he provided the necessary documentation for his claim to be considered. He also provides a disbursement request. | Claim No. 68747 has been reinstated and remains subject to the PI Trust's ongoing claims reconciliation and administration. Therefore, no hearing is appropriate at this time. |
| | **(82)** D.I. 9391 | Requests extension of time to provide supplemental information in support of claims by thirty days due to lack of notice and difficulties arising in communication as a result of incarceration | Claim No. 68747 has been reinstated and remains subject to the PI Trust's ongoing claims reconciliation and administration. Therefore, no hearing is appropriate at this time. |
| Willoughby, Marshall | **(83)** D.I. 9311 | Requests status update regarding review and payment of his claim. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| Wilson-Bey, Cornelius L. | **(84)** D.I. 9470 | Requests that the Court file his handwritten motion and supporting documentation. Claimant alleges that the Sackler family was given notice of his claim and the Sacklers' lack of rebuttal should constitute a tacit admission, entitling Claimant to compensation. | Because Claim Nos. 629016 and 629079 are subject to the PI Trust's ongoing claims reconciliation and administration, the requested relief is not yet ripe for review, and a hearing on this motion is not appropriate at this time. |
| Young, Russell | **(85)** D.I. 9267 | Requests that: (1) the Court enter an order deeming the Claimant's response to the omnibus objection timely, (2) the objection to be withdrawn as to Claim No. 24545, (3) reinstating Claim No. 24545, and (4) given an extension to cure any defects in the claim. | Claim No. 24545 has been reinstated and remains subject to the PI Trust's ongoing claims reconciliation and administration. Therefore, no hearing is appropriate at this time. |

| | | | |
|---|---|---|---|
| | **(86)** D.I. 9274 | Declaration of Russell Young in support of D.I. 9267. | See above. |
| | **(87)** D.I. 9593 | Supplemental Declaration and Physician's Statement regarding Claim No. 24545. | See above. |

## IV. Motions and Other Filings for Which No Relief Is Requested or the Relief Requested Is Now Moot – No Hearing Necessary

| Name of Filing Party | D.I. | Summary of Relief Requested | Status |
|---|---|---|---|
| Ecke, Maria | **(88)** D.I. 9162 | Letter to the Court noting the lack of transparency involved in the McKinsey & Company settlement and asking for the contact information of the Sacklers' counsel. | This is not a filing upon which relief can be granted. No hearing is necessary. |
| | **(89)** D.I. 9459 | Requests mediation with Purdue Pharma L.P., *et al.*, and the Sackler family for settlement of Claim Nos. 16810, 16817, 22855, 23016, and 628554. | All Claims have already been addressed and are to be reconciled and administered pursuant to the terms of the confirmed and effective Plan. Claim Nos. 16810, 16817, 22855, 23016, and 628554 have been channeled to and are subject to reconciliation by the PI Trust. The Reorganized Debtors and the Sackler family have no authority to modify Plan treatment through mediation. Therefore, the relief requested by this Motion is moot, and no hearing is necessary. |
| Funke, Travis | **(90)** D.I. 9221 | Requests order from the Court authorizing the late filing of proof of claim due to lack of | Because the relief requested in D.I. 9221, has already occurred and an order has been |

| | | | |
|---|---|---|---|
| | | notice as a result of incarceration and requests that his change of address be noted. | entered granting the motion, the requested relief is moot. No hearing is required. |
| Long, Cheryl | **(91)** D.I. 9215 | Requests reconsideration of the disallowance of Claim No. 145865. | Because this filing relates to the PI Trust's ongoing reconciliation and administration of PI Claims, the requested relief is not yet ripe for review, and a hearing on this motion is not necessary at this time. |