UNITED STATES BANRUPCY COURT
SOUTHERN DISTRICT OF NEW YORK

Purdue Pharma L.P.,st al. Chapter 11 Case No. 19 -23649.

AMANDA MORALES

*PLANTIFF*

PURDUE PHARMA L.P., P.F. LABORATORIES, INC.,

PURDUE PHARMACEUTICALS L.P.,

PURDUE PHARMA TECHNOLOGIES, INC.,

and RHODES TECHNOLOGIES,

*DEFENDANT*

**PRO SE CREDITOR'S OBJECTION TO PLAN ADMINISTRATION TRUST'S MOTION TO EXTEND THE CLAIMS OBJECTION DEADLINE (DOCKET NO. 9688) FOR DEFECTIVE SERVICE, LACK OF PROOF OF SERVICE, AND LACK OF CAUSE, AND MOTION FOR LEAVE TO FILE INSTANTER**

Amanda Morales, a *pro se* creditor and party in interest in the above-captioned Chapter 11 cases, respectfully requests leave to file this Objection on the morning of the November 18, 2026 hearing because the PAT failed to properly serve Objector with the Motion or Notice of Hearing, and failed to attach a Certificate or Proof of Service to Docket No. 9688 establishing service upon affected *pro se* parties. Under the Fifth Amendment to the United States Constitution and the Federal Rules of Bankruptcy Procedure, a party cannot be held to an objection deadline for a motion of which it was never properly served notice.

In bankruptcy proceedings, any motion seeking to extend a plan-mandated deadline must be served on affected parties with proper notice so they have an opportunity to object.

Debtors' Certificate of Service is defective because I am a non-ECF *pro se* party and was omitted from the attached Service List.

**CONTINUED MATTER:**

Related Documents:

A. Notice of Hearing on the Motion of Certain Third-Party Payors for Allowance of Claims [ECF No. 9651].

B. Notice of Adjournment of the Hearing on the Motion of Certain Third-Party Payors for Allowance of Claims (ECF No. 9700].

Status: This matter has been adjourned to the omnibus hearing date scheduled for December 10, 2026, at 11:00 a.m. (ET)

[DOCKET NO. 9651] is 2 pages long and there's no proof of service.

[DOCKET NO. 9700] Is 5 pages long. The proof of service list 12 parties in interest, 5 of the 12 are pro se litigants.

**UNCONTESTED MATTER:**

2. Motion to Extend Deadline. Motion of the Plan Administration Trust for Entry of an Order Extending the Deadline to Object to Avrio General Unsecured Claims, Adlon General Unsecured Claims, and Other General Unsecured Claims [**ECF No. 9688**].

Objection Deadline: November 10, 2026, at 4:00 p.m. (prevailing Eastern Time)

Responses Received: None.

Related Documents: None.

Status: This matter is going forward on an uncontested basis.

**[Docket No. 9688] page 8**

"Notice
17. Notice of this Motion has been provided to (a) the U.S. Trustee, (b) those claimants who hold unresolved General Unsecured Claims being administered by the PAT, and(c) those parties who have filed a renewed request for notice pursuant

to Bankruptcy Rule 2002. The PAT submits that, considering the nature of the relief requested, no other notice need be provided."

There's no proof of service so *those claimants* are unknown.

Under Federal Rule of Bankruptcy Procedure 2002 and constitutional due process, *pro se* claimants whose rights are directly affected by a motion are not expected to monitor the docket themselves. The PAT must send direct notice—typically by first-class mail to the address listed on the Proof of Claim—along with the Notice of Hearing and objection deadline.

Writing *"Notice has been provided to those claimants who hold unresolved General Unsecured Claims"* inside the motion is merely a **representation**, not proof. Without an attached or separately docketed service list showing names, addresses, and mailing dates, neither the court nor the claimants can verify who actually received notice.

Under 11 U.S.C. § 342(g)(1), notice provided to a creditor by the debtor or the court that does not comply with the statutory notice requirements is not effective until it is actually brought to the creditor's attention. Under Rule 9006(b), the motion should be filed *before* the current claim objection deadline expires. If filed after the deadline passes, the PAT must prove "excusable neglect" rather than simple "cause".

**Objection to extend time to object to claim**

1. **Lack of Cause (Fed. R. Bankr. P. 9006(b)):** The PAT has failed to establish sufficient cause for an additional 180-day extension. The Debtors and the PAT have had ample time prior to and following the November 18, 2025 confirmation order to reconcile the approximately 200 remaining general unsecured claims.
2. **Prejudice and Denial of Finality (11 U.S.C. § 502(a)):** Under Section 502(a), properly filed claims are deemed allowed absent timely objection. Granting a blanket six-month extension prejudices creditors by withholding

finality, delaying distributions, and prolonging administrative expenses that deplete estate funds.

**WHEREFORE**, Objector Amanda Morales respectfully requests that this Court:

1. Grant leave to file and consider this Objection *instanter*;
2. Deny the Plan Administration Trust's Motion (Docket No. 9688) in its entirety for failure to properly serve *pro se* litigants and failure to attach a Proof of Service;
3. In the alternative, adjourn the Motion until the PAT properly serves all affected *pro se* parties and files a compliant Certificate of Service pursuant to SDNY Local Rule 9078-1; and
4. Grant such other and further relief as the Court deems just and proper.

Amanda Morales

Dated: November 18, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11/18/2026,a copy of the document(s) entitled **PRO SE CREDITOR'S OBJECTION TO PLAN ADMINISTRATION TRUST'S MOTION TO EXTEND THE CLAIMS OBJECTION DEADLINE (DOCKET NO. 9688) FOR DEFECTIVE SERVICE, LACK OF PROOF OF SERVICE, AND LACK OF CAUSE, AND MOTION FOR LEAVE TO FILE INSTANTER**

To Defendants was/were emailed to.

**Herbert Smith Freehill Kramer LLC**

Kenneth Eckstein Kenneth.Eckstein@hsfkramer.com
Rachel Ringer Rachael.Ringer@hsfkramer.com
David Blabey David.Blabey@hsfkramer.com
Kenneth H. Eckstein: Serves as the primary attorney filing official motions, statements, and requests for service of papers directly on behalf of the Purdue Master Disbursement Trust.