**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P., et al.,**<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 19-23649 (SHL)**<br><br>(Jointly Administered) |

# PRO SE CLAIMANT RYAN LOVE SALLIS'S LIMITED RESPONSE AND RESERVATION OF RIGHTS TO THE PURDUE PERSONAL INJURY TRUST'S MOTION TO AUTHORIZE ESTABLISHING OF ADDITIONAL PURDUE OPIOID PERSONAL INJURY SUB-QUALIFIED SETTLEMENT FUNDS (DOCKET NO. 9713)

**TO THE HONORABLE SEAN H. LANE, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Ryan Love Sallis ("Claimant"), appearing *pro se*, respectfully submits this Limited Response and Reservation of Rights (the "Limited Response") regarding the *Motion of the Purdue Personal Injury Trust to Authorize Establishing of Additional Purdue Opioid Personal Injury Sub-Qualified Settlement Funds* [Docket No. 9713] (the "Motion"), and respectfully states as follows:

## I. PRELIMINARY STATEMENT

1. Claimant does not oppose the administrative or tax-qualification mechanisms sought in the Motion to facilitate distributions to approved Personal Injury Claimants under Internal Revenue Code Section 468B.

2. However, Claimant files this Limited Response to preserve his rights and to alert the Court that while the Purdue Personal Injury Trust (the "PI Trust") seeks authority to establish additional Sub-Qualified Settlement Funds ("Sub-QSFs") to expand its distribution infrastructure, the PI Trust has failed for more than four months to process Claimant's court-reinstated claims or issue promised appeal documentation, effectively holding Claimant's reinstated claims in administrative limbo.

## II. BACKGROUND

3. Claimant timely filed Personal Injury Proof of Claim Nos. 629870 and 629871 (the "Claims") in these Chapter 11 proceedings.

4. Following an omnibus claim objection, Debtors' counsel (Davis Polk & Wardwell LLP) formally withdrew the objection on June 4, 2026, fully reinstating Claim Nos. 629870 and 629871.

5. Despite that formal reinstatement, the PI Trust declined to advance the Claims for distribution, citing an alleged deficiency based on a Supplemental Claim Form notice that Claimant never received due to defective noticing by Kroll Restructuring Administration.

6. On July 16, 2026, the PI Trust explicitly confirmed to Claimant in writing that mailed correspondence detailing Claimant's formal appeal rights and deficiency breakdown would be issued within ninety (90) days (on or before October 14, 2026).

7. That 90-day deadline expired without delivery. On October 20, 2026, the PI Trust's administrative office confirmed in writing that the required correspondence had still not been mailed. To date—more than 125 days after the PI Trust's July 16, 2026 written commitment—Claimant has still not received the appeal packet or deficiency breakdown.

8. On October 23, 2026, Claimant filed his *Letter to the Court and Motion for Administrative Relief Directing the Purdue Personal Injury Trust to Process Reinstated Claims Nos. 629870 and 629871* [Docket No. 9681], which remains pending before this Court.

## III. LIMITED RESPONSE AND RESERVATION OF RIGHTS

9. Claimant respectfully requests that any order granting the Motion [Docket No. 9713] and authorizing additional Sub-QSFs be entered without prejudice to Claimant's pending Motion [Docket No. 9681] and Claimant's rights under the Non-NAS Personal Injury Trust Distribution Procedures ("PI TDP").

10. Claimant further requests that, at the December 10, 2026 hearing on the Motion, the Court require the PI Trust to address on the record: (a) the status of Claimant's reinstated Claim Nos. 629870 and 629871; (b) why the PI Trust has failed to issue the written appeal and deficiency packet promised on July 16, 2026; and (c) that sufficient reserves remain available in the PI Trust's distribution accounts to satisfy Claim Nos. 629870 and 629871 upon resolution.

11. Claimant expressly reserves all rights, claims, remedies, and arguments with respect to Claim Nos. 629870 and 629871, Docket No. 9681, the PI TDP, and any future distributions from the PI Trust or any Sub-QSF established pursuant to the Motion.

## IV. CONCLUSION

**WHEREFORE**, Pro Se Claimant Ryan Love Sallis respectfully requests that the Court (i) preserve all rights of Claimant as set forth herein, (ii) address Claimant's pending administrative relief request [Docket No. 9681] alongside the Motion at the December 10, 2026 hearing, and (iii) grant such other and further relief as the Court deems just and proper.

Dated: November 20, 2026
Portland, Oregon

Respectfully submitted,

/s/ Ryan Love Sallis
**Ryan Love Sallis**
*Pro Se Claimant*
3440 SW US Veterans Hospital Rd, Apt 305
Portland, OR 97239-2942
Phone: (541) 933-0089
Email: ryanlsallis@gmail.com