HERBERT SMITH FREEHILLS KRAMER (US) LLP
Kenneth H. Eckstein
Rachael Ringer
David E. Blabey Jr.
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100

*Attorneys for the Purdue Master Disbursement Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **PURDUE PHARMA L.P., et al.,** | : | **Case No. 19-23649 (SHL)** |
| | : | **Jointly Administered** |
| **Plan Administration Trust.**[1] | : | |

**THE PURDUE MASTER DISBURSEMENT TRUST'S LIMITED STATEMENT IN SUPPORT OF THE TRUSTEES' MOTION FOR ENTRY OF AN ORDER (I) HOLDING RICHARD S. SACKLER AND LIN GAO IN CIVIL CONTEMPT OF THE CONFIRMATION ORDER, (II) DIRECTING THEM TO VACATE THE GREENWICH PROPERTY, AND (III) GRANTING RELATED RELIEF**

The Purdue Master Disbursement Trust (the "MDT"), which was created in connection with the Debtors' Eighteenth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors [D.I. 8233] (the "Plan") and the related Findings of Fact, Conclusions of Law, and Order Confirming the Eighteenth Joint Chapter 11 Plan of Reorganization

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, were as follows: Purdue Pharma L.P. (7484); Purdue Pharma, Inc. (7486); Purdue Transdermal Technologies L.P. (1868); Purdue Pharma Manufacturing L.P. (3821); Purdue Pharmaceuticals L.P. (0034); Imbrium Therapeutics L.P. (8810); Adlon Therapeutics L.P. (6745); Greenfield Bio Ventures L.P. (6150); Seven Seas Hill Corp. (4591); Ophir Green Corp. (4594); Purdue Pharma of Puerto Rico (3925); Purdue Products L.P. (4140); Purdue Pharmaceutical Products L.P. (3902); Purdue Neuroscience Company (4712); Nayatt Cove Lifescience Inc. (7805); Button Land L.P. (7502); Rhodes Associates L.P. (N/A); Paul Land Inc. (7425); Quidnick Land L.P. (7584); Rhodes Pharmaceuticals L.P. (6166); Rhodes Technologies (7143); UDF LP (0495); SVC Pharma LP (5717); and SVC Pharma Inc. (4014). The Debtors' corporate headquarters was located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

of Purdue Pharma L.P. and its Affiliated Debtors [D.I. 8263] (the "Confirmation Order"), by and through its trustees, hereby files this limited statement in support (the "Statement") of the *Motion for Entry of an Order (I) Holding Richard S. Sackler and Lin Gao in Civil Contempt of the Confirmation Order, (II) Directing Them to Vacate the Greenwich Property, and (III) Granting Related Relief* [D.I. 9695] (the "Contempt Motion"), filed by Frank S. Vellucci, Daniel S. Connolly, and Rory Held, in their capacities as trustees of certain trusts in the B-Side Payment Group 1 (collectively, the "Side B Trustees") on November 5, 2026.[2]

**STATEMENT**

1. Again, the Contempt Motion seeks proper relief. The Plan obligates the Side B Trustees to liquidate pledged assets as appropriate, in the Side B Trustees' discretion, to satisfy payment obligations to the MDT and other entities. Oct. 28 Hr'g Tr. at 53:23-54:1-3. Those assets include the Greenwich Property and the valuable artwork within it. *Id.* As set forth in the Contempt Motion, and as this Court has repeatedly made clear, ongoing attempts to frustrate the Side B Trustees' ability to sell the Greenwich Property and use the proceeds to satisfy payment obligations violates the Plan and Settlement Stipulation, warranting the requested relief. *See, e.g.*, Oct. 28 Hr'g Tr. at 53:2-22; *Weston Cap. Advisors, Inc. v. PT Bank Mutiara, Tbk*, 738 F. App'x 19, 21-22 (2d Cir. 2018) (finding civil contempt warranted where, as here, there is "no evidence" that contemnor has complied with "clear and unambiguous" orders or "made reasonable attempts to do so.") (citation modified).

2. In particular, the MDT agrees that the Court should extend the Litigation Standstill until 14 months after the RSS Parties have vacated the Greenwich Property pursuant to the Court's

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Contempt Motion, the Confirmation Order and/or the Plan, as applicable.

authority under paragraph 33(j) of the Confirmation Order,[3] paragraphs 6[4] and 9[5] of the Settlement Stipulation, and Section 1142(b) of the Bankruptcy Code.[6] *See In re Chateaugay,* 201 B.R. 48, 62 (Bank. S.D.N.Y. 1996) (Bankruptcy courts retain jurisdiction to interpret and enforce their own prior orders and "secure or preserve the fruits and advantages of a judgment or decree rendered therein."), *aff'd in part*, 213 B.R. 633 (S.D.N.Y. 1997). As was discussed with the Court at the prior two hearings on these issues, the Litigation Standstill was a key point of negotiation in connection with the Settlement Stipulation, and is something that the MDT's beneficiaries bargained for—but have received *zero benefit* from, considering that the RSS Parties have forced litigation over these issues for going on seven of the fourteen months of the purported standstill. Given the discussion on the record at the last hearing, an extension of the Litigation Standstill is warranted to allow the Side B Trustees sufficient time to perform their duties without interference from the RSS Parties, as intended by the Plan and Confirmation Order.

3. Finally, the MDT again requests that the Court should direct the RSS Parties to reimburse the MDT's reasonable attorneys' fees and expenses incurred in connection with this Motion and, for the avoidance of doubt, all other ongoing violations since the August 20th Bench Ruling (including the multiple attempts by the RSS Parties to relitigate issues decided in connection with that ruling). Forcing the MDT to continue expending resources to address the

[3] Confirmation Order at ¶ 33(j) (retaining exclusive jurisdiction over "all matters arising under, arising out of, or related to the obligations set forth herein, including to resolve any dispute or failure of performance by Richard S. Sackler or any other party" and to impose "such other relief as the Bankruptcy Court determines appropriate for any failure to negotiate in good faith or otherwise comply with any obligation set forth herein").

[4] Settlement Stipulation at ¶ 6 (A "non-breaching Litigation Party shall be entitled to exercise and seek all remedies available at law and equity with respect to such breach, including specific performance . . .").

[5] *Id.* at ¶ 9 ("The Litigation Parties agree that any proceeding arising under, related to, or in connection with this Stipulation, including any action by any of the Third Party Beneficiaries seeking damages or specific performance of any provision of this Stipulation or declaratory judgment concerning this Stipulation, may be heard and determined by the Purdue Bankruptcy Court.").

[6] 11 U.S.C. §1142(b) (A court may "direct . . . any [] necessary party to . . . perform any [] act, . . . that is necessary for the consummation of the Plan.").

RSS Parties' violations should not consume valuable resources that would otherwise have been remediating the harm suffered by opioid creditors. Oct. 28 Hr'g Tr. at 32:9-15. Consistent with this Court's October 28, 2026 Bench Ruling (Oct. 28 Hr'g Tr. at 52:19-53:1), the MDT will submit to this Court a second fee application for fees incurred because of the RSS Parties' further violations of the Plan after this Court's September 11, 2026 Order [D.I. 9590] granting the *Expedited Motion to Enforce the Confirmation Order* [D.I. 9189] filed by the Side B Trustees, including the request of the MDT made in its *Statement in Response to Expedited Motion to Enforce Confirmation Order* [D.I. 9389] for reimbursement of reasonable legal fees and costs related to the Motion to Enforce from RSS Parties.

## <u>RESERVATION OF RIGHTS</u>

4. By this Statement, the MDT in no way waives any potential additional or alternative relief, including but not limited to those rights previously reserved in the MDT's *Statement In Support of Trustees' Objection to the RSS Parties' Rehearing Motion and Related Sealing Motion* [D.I. 9628], and/or the MDT's *Objection to the RSS Parties' Motion to Enforce Confirmation Order and Settlement Stipulation* [D.I. 9655], whether relating to the Contempt Motion or any other aspect of these proceedings.

## <u>CONCLUSION</u>

5. WHEREFORE, the MDT respectfully requests this Court (i) grant the relief requested in the Contempt Motion; (ii) in accordance with this Court's prior orders, reimburse the MDT for its reasonable legal fees and expenses; and (iii) grant such other and further relief as is just.

Dated: November 23, 2026

Respectfully submitted

/s/ *Rachael Ringer*

Kenneth H. Eckstein
Rachael Ringer
David E. Blabey Jr.
HERBERT SMITH FREEHILLS
KRAMER (US) LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Email: Kenneth.Eckstein@hsfkramer.com
Rachael.Ringer@hsfkramer.com
David.Blabey@hsfkramer.com

*Attorneys for the Purdue Master Disbursement Trust*